POMERANTZ LLP
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
Email: jpafiti@pomlaw.com

*Counsel for Lead Plaintiff Movant*
*and Proposed Lead Counsel for the Class*

*[Additional Counsel on Signature Page]*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| CHRISTOPHER L. SAYCE, Individually and On Behalf of All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>                   v.<br><br>FORESCOUT TECHNOLOGIES, INC., MICHAEL DECESARE, and CHRISTOPHER HARMS,<br><br>                              Defendants. | Case No.: 3:20-cv-00076-SI<br><br>NOTICE OF MOTION AND MOTION OF MEITAV TACHLIT MUTUAL FUNDS LTD. FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT<br><br><u>CLASS ACTION</u><br><br>Date:  April 10, 2020<br>Time:  10:00 a.m.<br>Judge:  Hon. Susan Illston<br>Courtroom:  1 – 17th Floor |

## TABLE OF CONTENTS

NOTICE OF MOTION ................................................................................................................ 1

SUMMARY OF ARGUMENT .................................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................. 2

I.      PRELIMINARY STATEMENT .................................................................................... 2

II.     STATEMENT OF FACTS ............................................................................................. 4

III.    ARGUMENT .................................................................................................................. 5

             A.      MEITAV SHOULD BE APPOINTED LEAD PLAINTIFF ..................... 5

                     1.      Meitav Is Willing to Serve as Class Representative ..................... 6

                     2.      Meitav Is the Most Adequate Plaintiff within the Meaning of
                         the PSLRA ...................................................................................... 7

                           a.      Meitav Has the Largest Financial Interest in the Action ... 7

                           b.      Meitav Otherwise Satisfies the Requirements of
                                Rule 23 .............................................................................. 8

             B.      LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE
                 APPROVED ............................................................................................. 10

IV.     CONCLUSION .............................................................................................................. 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bao v. SolarCity Corp.*, No. 14-cv-01435-BLF,
2014 U.S. Dist. LEXIS 111869 (N.D. Cal. Aug. 11, 2014)......................................................8

*City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, No. 11-CV-04003-LHK,
2012 U.S. Dist. LEXIS 2776 (N.D. Cal. Jan. 9, 2012) .......................................................2, 7

*Feyko v. Yuhe Int'l Inc.*, No. CV 11-05511 DDP,
2012 U.S. Dist. LEXIS 28040 (C.D. Cal. Mar. 2, 2012) ...................................................3, 10

*Hanon v. Dataproducts Corp.*,
976 F.2d 497 (9th Cir. 1992) ...................................................................................................8

*Hessefort v. Super Micro Comput., Inc.*,
317 F. Supp. 3d 1056 (N.D. Cal. 2018) ...................................................................................8

*In re AudioEye, Inc.*, No. CV-15-163-TUC-DCB,
2015 U.S. Dist. LEXIS 193348 (D. Ariz. July 31, 2015) ..................................................3, 10

*In re Regions Morgan Keegan Closed-End Fund Litig.*, No. 07-02830,
U.S. Dist. LEXIS 132902 (W.D. Tenn. Dec. 15, 2010) .....................................................3, 10

*In re SolarCity Corp. Sec. Litig.*, No. 16-CV-04686-LHK,
2017 U.S. Dist. LEXIS 11553 (N.D. Cal. Jan. 25, 2017) .........................................................8

*Knox v. Yingli Green Energy Holding Co.*,
136 F. Supp. 3d 1159 (C.D. Cal. 2015) ...........................................................................2, 7, 8

*Lax v. First Merchants Acceptance Corp.*: No. 97 C 2715,
1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997)...............................................1, 2, 7, 8

*Nicolow v. Hewlett Packard Co.*, Nos. 12-05980 CRB *et al.*,
2013 U.S. Dist. LEXIS 29876 (N.D. Cal. Mar. 4, 2013).........................................................7

*Nicolow v. Hewlett Packard Co.*, Nos. 12-05980 CRB *et al.*,
2013 U.S. Dist. LEXIS 29876 (N.D. Cal. Mar. 4, 2013)......................................................2, 8

*Osher v. Guess?, Inc.*,
2001 U.S. Dist. LEXIS 6057 (C.D. Cal. Apr. 26, 2001) .......................................................10

*Shenwick v. Twitter, Inc.*, No. 16-cv-05314-JST,
2016 U.S. Dist. LEXIS 177714 (N.D. Cal. Dec. 22, 2016)..............................................3, 10

*Staton v. Boeing Co.*,
    327 F.3d 938 (9th Cir. 2003) ............................................................................................................ 9

**Statutes**

15 U.S.C. § 77z-1(a) ................................................................................................*passim*

15 U.S.C. § 78u-4(a) ........................................................................................................ 2, 10

**Rules**

Federal Rule of Civil Procedure 23 .....................................................................................*passim*

NOTICE OF MOTION AND MOTION OF MEITAV TACHLIT MUTUAL FUNDS LTD. FOR APPOINTMENT AS LEAD
PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT -
3:20-cv-00076-SI

**NOTICE OF MOTION**

TO:   ALL PARTIES AND THEIR COUNSEL OF RECORD

PLEASE TAKE NOTICE that on Friday, April 10, 2020, at 10:00 a.m., before the Honorable Susan Illston, at the San Francisco Federal District Courthouse, in Courtroom 1, 17th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, Meitav Tachlit Mutual Funds Ltd. ("Meitav" or "Movant") will and hereby does respectfully move this Court pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for the entry of an Order: (1) appointing Meitav as Lead Plaintiff in the above-captioned action ("Action") on behalf of a class consisting of all persons and entities, other than the above-captioned defendants ("Defendants"), who purchased or otherwise acquired Forescout Technologies, Inc. ("Forescout" or the "Company") securities between February 7, 2019, and October 9, 2019, both dates inclusive (the "Class Period") (the "Class"); and (2) approving Meitav's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel.

**SUMMARY OF ARGUMENT**

To the extent that this motion seeks appointment of Meitav as Lead Plaintiff, this motion is made on the grounds that Meitav is the "most adequate plaintiff" to lead the Class within the meaning of the PSLRA and that the PSLRA therefore mandates Meitav's appointment as Lead Plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i). Meitav is entitled to a rebuttable presumption favoring its appointment because it has the "largest financial interest" in the relief sought by the Class in the Action by virtue of, *inter alia*, its losses of approximately $102,176, which were suffered as a result of Defendants' wrongful conduct as alleged in the Action. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii); *see also Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *17-*18 (N.D. Ill. Aug. 6, 1997) (determining financial interest by (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and

NOTICE OF MOTION AND MOTION OF MEITAV TACHLIT MUTUAL FUNDS LTD. FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT - 3:20-cv-00076-SI

(4) the approximate losses suffered); *Nicolow v. Hewlett Packard Co.*, Nos. 12-05980 CRB *et al.*, 2013 U.S. Dist. LEXIS 29876, at \*18 (N.D. Cal. Mar. 4, 2013) ("District courts commonly refer to the four-factor [*Lax*] test, which considers (1) total shares purchased, (2) net shares purchased, (3) net funds expended, and (4) approximate losses suffered."); *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, No. 11-CV-04003-LHK, 2012 U.S. Dist. LEXIS 2776, at \*10-\*11 (N.D. Cal. Jan. 9, 2012) (same); *Knox v. Yingli Green Energy Holding Co.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015) (same).  Of the *Lax* factors, courts in this Circuit tend to emphasize approximate loss in assessing a lead plaintiff movant's financial interest within the meaning of the PSLRA.  *See, e.g.*, *Nicolow*, 2013 U.S. Dist. LEXIS, at \*18-\*19; *Knox*, 135 F. Supp. 3d. at 1163.  Thus, as the movant with the largest known financial interest in the Action, Meitav believes it is presumptively the most adequate lead plaintiff within the meaning of the PSLRA.

Meitav also satisfies the requirements of Fed. R. Civ. P. 23 ("Rule 23") because its claims are typical of the claims of other putative Class members and because it will fairly and adequately represent their interests.

In addition, the PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court.  Meitav's choice of counsel, Pomerantz, has the skill, knowledge, expertise, resources, and experience that will enable the firm to prosecute the Action effectively and expeditiously under Meitav's direction.

This motion is supported by the memorandum of points and authorities submitted herewith, the Declaration of Jennifer Pafiti, Esq. ("Pafiti Decl."), and all exhibits thereto.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    PRELIMINARY STATEMENT

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant that is shown to be the "most adequate plaintiff."  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The PSLRA creates a rebuttable presumption that the "most adequate plaintiff" is the one that possesses the

"largest financial interest" in the outcome of the litigation and that satisfies the requirements of Fed. R. Civ. P. 23. *Id.* Meitav believes that it should benefit from a rebuttable presumption arising from its having the largest financial interest in this litigation. Meitav is an institutional investor that purchased 28,532 shares of Forescout securities during the Class Period, expended $1,090,352 on its purchases, retained 16,317 of its Forescout shares, and, as a result of the disclosures revealing the misrepresentations and/or omissions during the Class Period, incurred losses of approximately $102,176 in connection with its purchases of Forescout securities. *See* Pafiti Decl., Ex. A.

Beyond its significant financial interest, Meitav also meets the applicable requirements of Rule 23 because its claims are typical of absent class members and because it will fairly and adequately represent the interests of the Class. As a sophisticated institutional investor with a significant financial interest in the litigation, Meitav is a paradigmatic lead plaintiff under the PSLRA, and its appointment would thus advance the legislative purpose of "increasing the role of institutional investors in class actions" in order to "benefit shareholders and assist courts by improving the quality of representation in securities class actions." H.R. Conf. Rep. No. 104-369, at *34 (1995), *as reprinted in* 1995 U.S.C.C.A.N. 730, 733. For this reason, courts in this Circuit strongly prefer appointment of institutional investors to lead complex securities class actions. *See*, *e.g.*, *Shenwick v. Twitter, Inc.*, No. 16-cv-05314-JST, 2016 U.S. Dist. LEXIS 177714, at *7 (N.D. Cal. Dec. 22, 2016) ("as an institutional investor, [movant] is likely to be an effective lead plaintiff"); *Feyko v. Yuhe Int'l Inc.*, No. CV 11-05511 DDP (PJWx), 2012 U.S. Dist. LEXIS 28040, at *8 (C.D. Cal. Mar. 2, 2012) (appointing institutional investor as lead plaintiff, finding it to be "'exactly the type of sophisticated market participant[] Congress intended to take on the role of lead plaintiff following the PSLRA's reforms.'") (quoting *In re Regions Morgan Keegan Closed-End Fund Litig.*, No. 07-02830, U.S. Dist. LEXIS 132902, at *8 (W.D. Tenn. Dec. 15, 2010)); *In re AudioEye, Inc.*, No. CV-15-163-TUC-DCB, 2015 U.S. Dist. LEXIS 193348, at *13 (D. Ariz. July 31, 2015) (appointing as lead plaintiff "an

institutional investor, which is precisely the kind of investor that Congress sought to encourage to assume a more prominent role in securities litigation with the enactment of the PSLRA's lead plaintiff provisions").

To fulfill its responsibilities as Lead Plaintiff and vigorously prosecute the Action on behalf of the Class, Meitav has selected Pomerantz as Lead Counsel for the Class. Pomerantz is a nationally-recognized securities class action firm that has recovered billions of dollars on behalf of defrauded investors. In 2018 alone, Pomerantz secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the fifth largest class action settlement ever achieved in the United States, as well as an $80 million recovery on behalf of investors in Yahoo! securities. Based in New York, Pomerantz has offices in Chicago, Los Angeles, and Paris, France.

As a sophisticated institutional investor with a significant financial interest in this litigation, and having satisfied the Rule 23 requirements of adequacy and typicality, Meitav respectfully requests that the Court enter an order appointing it as Lead Plaintiff and approving Pomerantz as Lead Counsel.

## II.     STATEMENT OF FACTS

As alleged in the Complaint of the Action ("Complaint"), Forescout was founded in 2000 and is headquartered in San Jose, California. *See* Complaint ¶ 2. The Company provides network security products in the Americas, Europe, the Middle East, Africa, the Asia Pacific, and Japan, selling its products and services through distributors and resellers. *Id.*

Forescout's profitability depends on, *inter alia*, the number of deals and licenses the Company can secure within a given fiscal period, as well as the relative size and geographic location of those deals. *Id.* ¶ 3.

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operational and compliance policies. *Id.* ¶ 4. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that:

NOTICE OF MOTION AND MOTION OF MEITAV TACHLIT MUTUAL FUNDS LTD. FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT - 3:20-cv-00076-SI

(i) Forescout was experiencing significant volatility with respect to large deals and issues related to the timing and execution of deals in the Company's pipeline, especially in Europe, the Middle East, and Africa ("EMEA"); (ii) the foregoing was reasonably likely to have a material negative impact on the Company's financial results; and (iii) as a result, the Company's public statements were materially false and misleading at all relevant times. *Id.*

On October 10, 2019, during pre-market hours, Forescout issued a press release announcing preliminary third quarter 2019 ("3Q19") financial results. *Id.* ¶ 5. That press release lowered 3Q19 revenue guidance to $90.6 million to $91.6 million, compared to prior revenue guidance of $98.8 million to $101.8 million, and market consensus of $100.52 million. *Id.* In explaining these results, Defendants cited "extended approval cycles which pushed several deals out of the third quarter," which "was most pronounced in EMEA." *Id.*

On this news, Forescout's stock price fell $14.63 per share, or 37.32%, to close at $24.57 per share on October 10, 2019. *Id.* ¶ 6.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Meitav and other Class members have suffered significant losses and damages. *See id.* ¶ 7.

## III.     ARGUMENT

### A.     MEITAV SHOULD BE APPOINTED LEAD PLAINTIFF

Motions by proposed lead plaintiffs must be filed within 60 days of the publication of notice of the action, which in this case was published on January 2, 2020 (*see* Pafiti Decl., Ex. B). *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). The PSLRA directs courts to consider any such motion by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) & (ii). Meitav's instant motion is thus timely and must be considered.

When faced with competing lead plaintiff motions, under 15 U.S.C. § 78u-4(a)(3)(B), the Court "shall appoint as lead plaintiff the member or members of the purported class that the

NOTICE OF MOTION AND MOTION OF MEITAV TACHLIT MUTUAL FUNDS LTD. FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT - 3:20-cv-00076-SI

court determines to be the most capable of adequately representing the interests of class members (hereinafter … the 'most adequate plaintiff')." *See* 15 U.S.C. § 78u-4(a)(3)(B)(i). Meitav is the "most adequate plaintiff" within the meaning of the PSLRA and should therefore be appointed as Lead Plaintiff.

To guide this determination, the PSLRA creates a rebuttable presumption that the "most adequate plaintiff" "is the person or group of persons that" (i) either filed the complaint or made a lead plaintiff motion; (ii) "in the determination of the court, has the largest financial interest in the relief sought by the class"; and (iii) otherwise satisfies the requirements of Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa)-(cc). As set forth below, Meitav satisfies all three of these criteria and thus believes that it is entitled to the rebuttable presumption that it is the most adequate plaintiff within the meaning of the PSLRA. Specifically, Meitav is a sophisticated institutional investor, is willing to serve as Lead Plaintiff, has the largest financial interest in the Action to its knowledge and otherwise strongly satisfies the requirements of Rule 23.

For all these reasons, as set forth in greater detail below, Meitav respectfully urges the Court to appoint it to serve as Lead Plaintiff overseeing the Action.

### 1.    Meitav Is Willing to Serve as Class Representative

On January 2, 2020, Pomerantz, counsel for the plaintiff in the Action, caused a notice (the "Notice") to be published over *Globe Newswire* pursuant to § 21D(a)(3)(A)(i) of the PSLRA, which announced that a securities class action had been filed against Defendants and which advised investors in Forescout securities that they had until March 2, 2020—*i.e.*, 60 days from the date of the Notice—to file a motion to be appointed as lead plaintiff. *See* Pafiti Decl., Ex. B. Meitav has filed the instant motion pursuant to that Notice, and has attached a Certification attesting that Meitav is willing to serve as a representative for the Class and to provide testimony at deposition and trial, if necessary. *See* Pafiti Decl., Ex. C. Under the PSLRA, Meitav's actions were timely and legally sufficient. Accordingly, Meitav readily satisfies the first requirement to serve as Lead Plaintiff of the Class.

Additionally, Meitav is, in every respect, exactly the sort of well-managed, sophisticated institutional investor that Congress intended to fulfill the lead plaintiff role created by the PSLRA.

### 2. Meitav Is the Most Adequate Plaintiff within the Meaning of the PSLRA

When faced with competing lead plaintiff motions, under 15 U.S.C. § 78u-4(a)(3)(B), the Court "shall appoint as lead plaintiff the member or members of the purported class that the court determines to be the most capable of adequately representing the interests of class members (hereinafter . . . the 'most adequate plaintiff')." *See* 15 U.S.C. § 78u-4(a)(3)(B)(i). Meitav is the "most adequate plaintiff" within the meaning of the PSLRA and should therefore be appointed as Lead Plaintiff.

### a. Meitav Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . in the determination of the court, has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). To the best of its knowledge, Meitav has the largest financial interest of any Forescout investor seeking to serve as Lead Plaintiff based on the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased; (2) the number of net shares purchased (also referred to as "retained shares"); (3) the total net funds expended; and (4) the approximate losses suffered. 1997 U.S. Dist. LEXIS, at *17-*18. In accord with courts nationwide, these so-called *Lax* factors have been adopted by courts in the Ninth Circuit, including in this District. *See, e.g.*, *Nicolow*, 2013 U.S. Dist. LEXIS, at *18 ("District courts commonly refer to the four-factor [*Lax*] test, which considers (1) total shares purchased, (2) net shares purchased, (3) net funds expended, and (4) approximate losses suffered."); *City of Royal Oak Ret. Sys.*, 2012 U.S. Dist. LEXIS, at *10-*11 (same); *Knox*, 136 F. Supp. 3d at 1163 (same). Of the *Lax* factors, courts in this Circuit tend to emphasize approximate loss in

assessing a lead plaintiff movant's financial interest within the meaning of the PSLRA. *See, e.g.*, *Nicolow*, 2013 U.S. Dist. LEXIS, at \*18-\*19; *Knox*, 135 F. Supp. 3d. at 1163.

During the Class Period, Meitav (1) purchased 28,532 shares of Forescout securities; (2) expended $1,090,352 on its purchases of Forescout securities; (3) retained 16,317 of its Forescout shares; and (4) as a result of the disclosures revealing the misrepresentations and/or omissions during the Class Period, incurred losses of approximately $102,176 in connection with its purchases of Forescout securities. *See* Pafiti Decl., Ex. A. Thus, under the *Lax* factors, Meitav believes it has the largest financial interest among any potential lead plaintiff movants in the Action, thereby entitling Meitav to a rebuttable presumption that it is the "most adequate plaintiff" within the PSLRA's meaning (15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb)), given that it also satisfies the requirements of Fed. R. Civ. P. 23.

### b.      Meitav Otherwise Satisfies the Requirements of Rule 23

For a lead plaintiff movant to secure the PSLRA's rebuttable presumption that the movant is the "most adequate plaintiff," the movant must also demonstrate that the movant "otherwise satisfies the requirements of Rule 23." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). A *prima facie* showing suffices for this determination. *Hessefort v. Super Micro Comput., Inc.*, 317 F. Supp. 3d 1056, 1060-01 (N.D. Cal. 2018); *Bao v. SolarCity Corp.*, No. 14-cv-01435-BLF, 2014 U.S. Dist. LEXIS 111869, at \*9 (N.D. Cal. Aug. 11, 2014). "This showing need not be as thorough as what would be required on a class certification motion and only needs to satisfy typicality and adequacy." *In re SolarCity Corp. Sec. Litig.*, No. 16-CV-04686-LHK, 2017 U.S. Dist. LEXIS 11553, at \*13 (N.D. Cal. Jan. 25, 2017). Meitav readily passes muster.

Meitav satisfies the threshold for Rule 23(a)(3) typicality. "The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Richardson*, 2007 U.S. Dist. LEXIS, at \*16 (N.D. Cal. Apr. 16, 2007) (quoting *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)). Meitav's

claims are typical of those of the Class members.  Like all Class members, Meitav alleges that: (1) Defendants violated the Exchange Act by making false or misleading statements of material facts and/or omitting to disclose material facts concerning Forescout; (2) Meitav and the Class members purchased Forescout securities during the Class Period at prices artificially inflated by Defendants' misrepresentations or omissions and were damaged upon the disclosure of those misrepresentations and/or omissions; and (3) Meitav and the Class members were damaged upon the revelation of Defendants' alleged misrepresentations or omissions through corrective disclosures that drove Forescout's share price downward.  These shared claims, which are based on the same legal theories and arise from the same underlying facts and course of conduct, demonstrate Meitav's typicality under Rule 23(a)(3).

Meitav also satisfies the Rule 23(a)(4) adequacy requirement.  In determining whether that requirement is met, courts in the Ninth Circuit consider whether "the representative plaintiffs and their counsel have any conflicts of interest with other class members" and ask "will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003) (citations omitted).  Here, Meitav has submitted a Certification executed by Rafi Niv, with authority to bind Meitav and enter into litigation on its behalf, declaring Meitav's commitment to protect the interests of the Class.  *See* Pafiti Decl., Ex. C.  Meitav has no conflicts of interest or antagonism with the Class of Forescout investors it seeks to represent.  Meitav's significant losses from its purchases of Forescout securities during the Class Period demonstrate that it has a sufficient interest in the outcome of this litigation that aligns with the interests of Class members.

Moreover, as noted above, Meitav is a sophisticated institutional investor with significant assets under management.  As such, its service as Lead Plaintiff would be consistent with the PSLRA's preference for appointment of institutional investors as class representatives in securities class actions.  *See* H.R. Conf. Rep. No. 104-369, at 34 ("increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by

NOTICE OF MOTION AND MOTION OF MEITAV TACHLIT MUTUAL FUNDS LTD. FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT - 3:20-cv-00076-SI

improving the quality of representation in securities class actions"). Indeed, courts in this Circuit strongly prefer appointment of institutional investors to lead complex securities class actions such as this one. *See, e.g.*, *Shenwick*, 2016 U.S. Dist. LEXIS 177714, at *7 ("as an institutional investor, [movant] is likely to be an effective lead plaintiff"); *Feyko*, 2012 U.S. Dist. LEXIS 28040, at *8 (appointing institutional investor as lead plaintiff, finding it to be "'exactly the type of sophisticated market participant[] Congress intended to take on the role of lead plaintiff following the PSLRA's reforms.'") (quoting *In re Regions Morgan Keegan*, U.S. Dist. LEXIS 132902, at *8); *In re AudioEye,* 2015 U.S. Dist. LEXIS 193348, at *13 (appointing as lead plaintiff "an institutional investor, which is precisely the kind of investor that Congress sought to encourage to assume a more prominent role in securities litigation with the enactment of the PSLRA's lead plaintiff provisions").

Indeed, Meitav has already demonstrated its ability to pursue securities claims through its choice of counsel, Pomerantz. Pomerantz is one of the nation's leading plaintiff-side securities litigation firms, as discussed in greater detail in § III.B., *infra*. Meitav's and Pomerantz's willingness and ability to zealously litigate the claims in this Action on behalf of the Class cannot reasonably be questioned.

## B.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in a lead plaintiff to select and retain lead counsel, subject to the approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Osher v. Guess?, Inc*., No. CV 01-00871 LGB (RNBx), 2001 U.S. Dist. LEXIS 6057, at *15 (C.D. Cal. Apr. 26, 2001). The Court should not interfere with Lead Plaintiff's selection unless it is necessary to do so in order "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Meitav has selected Pomerantz to serve as Lead Counsel for the Class. Pomerantz is a premier firm, highly experienced in the areas of securities litigation and class action lawsuits, which has successfully prosecuted numerous such actions on behalf of investors over its 80+

year history, as detailed in its firm resume. *See* Pafiti Decl., Ex. D. Pomerantz is based in New York, with offices in Chicago, Los Angeles, and Paris, France. As lead counsel in *In re Petrobras Securities Litigation*, No. 14-cv-09662 (S.D.N.Y.), Pomerantz recently secured a recovery of $3 billion on behalf of Petrobras investors, the largest settlement ever in a class action involving a foreign issuer and the fifth largest class action settlement ever achieved in the United States. As co-lead counsel in *In re Yahoo! Inc. Securities Litigation*, No. 17-cv-00373 (N.D. Cal.), Pomerantz recently secured a recovery of $80 million on behalf of Yahoo! investors, the first substantial shareholder recovery in a securities fraud class action related to a cybersecurity breach. Courts in the Ninth Circuit and throughout the country have recognized Pomerantz's qualifications to serve as class counsel, and Pomerantz has been appointed lead counsel in many actions pending within the Ninth Circuit, including *Staublein v. ACADIA Pharmaceuticals, Inc.*, No. 18-cv-01657 (C.D. Cal.); *Barnes v. Edison International*, No. 18-cv-09690 (C.D. Cal.); and *Ferris v. Wynn Resorts Ltd.*, No. 18-cv-00479 (D. Nev.).

As a result of their extensive experience in similar litigation, Meitav's choice of counsel, Pomerantz, have the skill, knowledge, expertise, resources, and experience that will enable them to prosecute the Action effectively and expeditiously. The Court may be assured that by approving Meitav's selection of Pomerantz as Lead Counsel, the Class members will receive the best legal representation available. Thus, Meitav respectfully urges the Court to appoint Pomerantz to serve as Lead Counsel.

## IV.    CONCLUSION

For the foregoing reasons, Meitav respectfully requests that the Court issue an Order: (1) appointing Meitav as Lead Plaintiff for the Class; and (2) approving Meitav's selection of Pomerantz as Lead Counsel for the Class.

Dated:  March 2, 2020

Respectfully submitted,
POMERANTZ LLP

*/s/ Jennifer Pafiti*
Jennifer Pafiti (SBN 282790)

11

1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
Email: jpafiti@pomlaw.com

POMERANTZ LLP
Jeremy A. Lieberman
(*pro hac vice application forthcoming*)
J. Alexander Hood II
(*pro hac vice application forthcoming*)
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email: jalieberman@pomlaw.com
Email: ahood@pomlaw.com

POMERANTZ LLP
Patrick V. Dahlstrom
(*pro hac vice application forthcoming*)
Ten South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
Email: pdahlstrom@pomlaw.com

*Counsel for Lead Plaintiff Movant
and Proposed Lead Counsel for the Class*

12

NOTICE OF MOTION AND MOTION OF MEITAV TACHLIT MUTUAL FUNDS LTD. FOR APPOINTMENT AS LEAD
PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT -
3:20-cv-00076-SI

**PROOF OF SERVICE**

I hereby certify that on March 2, 2020, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Jennifer Pafiti*
Jennifer Pafiti

NOTICE OF MOTION AND MOTION OF MEITAV TACHLIT MUTUAL FUNDS LTD. FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT - 3:20-cv-00076-SI