**POMERANTZ LLP**
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
E-mail: jpafiti@pomlaw.com

*Lead Counsel for Lead Plaintiff Meitav Tachlit Mutual Funds Ltd.*

*[Additional Counsel on Signature Page]*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| CHRISTOPHER L. SAYCE, Individually and on Behalf of All Others Similarly Situated,<br><br>         Plaintiff,<br><br> v.<br><br>FORESCOUT TECHNOLOGIES, INC., MICHAEL DECESARE, and CHRISTOPHER HARMS,<br><br>         Defendants. | Case No. 20-cv-00076 (SI)<br><br>**CORRECTED BRIEF IN SUPPORT OF MOTION TO CONSOLIDATE A RELATED ACTION AND VACATE NOTICE AND LEAD PLAINTIFF DEADLINE**<br><br>Date: July 24, 2020<br>Time: 10:00 A.M.<br>Place: Courtroom 1, 17th Floor<br>Judge: Hon. Susan Illston |

Lead Plaintiff Meitav Tachlit Mutual Funds Ltd. ("Lead Plaintiff") respectfully submits this memorandum of law in support of its Motion to Consolidate a Related Action and Vacate the Notice and Lead Plaintiff deadline in the Related Action.

## PRELIMINARY STATEMENT

On May 22, 2020, Lead Plaintiff filed the Amended Complaint in this Action that expanded the Class Period based on facts that came to light during the investigation that Lead Counsel undertook to draft the Amended Complaint. The gravamen of the allegations has been consistent from the filing of the initial complaint through the filing of the Amended Complaint: Forescout omitted to disclose material information about the deterioration in its sales pipeline and financial performance while making affirmative statements about its pipeline of deals that artificially inflated the price of Forescout common stock throughout the Class Period. The risk that the Defendants took in failing to disclose the truth materialized in falling stock prices and the failed acquisition by the affiliates of Advent International Inc. ("Advent") when the market and Advent recognized the true nature of Forescout's operations.

On June 10, 2020, the Arbitrage Fund, Water Island LevArb Fund, LP, Water Island Diversified Event-Driven Fund, Water Island Arbitrage Institutional Comingled Master Fund, LP and Altshares Merger Arbitrage ETF (collectively the "Related Action Plaintiffs") filed claims against the same Defendants as here in an action (hereafter the "Related Action") they deemed "related" to the instant Action. *See The Arbitrage Fund et al v. Forescout Technologies, Inc. et al*, No. 3:20-cv-03819-YGR, ECF No. 1 (N.D. Cal. June 10, 2020). The Related Action Plaintiffs seek to bring claims on behalf of a purported class of persons or entities who purchased Forescout's common stock between February 6, 2020 and May 15, 2020 for violations of Sections 10(b) and 20(a) of the Exchange Act, all of which are claims already raised in the Amended Complaint.

Indeed, the Related Action Plaintiffs allege that the Company made material misrepresentations on the same dates alleged in the Amended Complaint, and the crux of their complaint is that Forescout omitted to disclose facts about "declining sales," *id.* at ¶ 76, "significant and disproportionate financial decline," *id.* at ¶ 81, and "business [that] was

Case No. 20-cv-00076 (SI)
BRIEF IN SUPPORT OF MOTION TO CONSOLIDATE AND VACATE NOTICE

1

significantly and disproportionately impacted," *id.* at ¶ 83. Simply put, while the Related Action Plaintiffs reference a handful of additional statements in the same documents alleged to contain false and misleading statements in this Action, the gravamen of their complaint is substantively indistinguishable from the Amended Complaint.

The Amended Complaint incorporates related facts that came to light after the initial complaint was filed, and the new facts constitute a "clear continuation of the conduct" alleged in the initial complaint that do not support reopening the lead plaintiff process. *See Chun v. Fluor Corp.*, Civil Action No. 3:18-CV-01338-X, 2020 U.S. Dist. LEXIS 91862, at *14-15 (N.D. Tex. May 26, 2020) (refusing to reopen the lead plaintiff process when a subsequent complaint expanded the class period to include allegations based on new events that constituted a "clear continuation of the conduct" alleged in the initial complaint) (quoting *Ontario Teachers' Pension Plan Bd. v. Teva Pharm. Indus. Ltd.*, No. 3:17-cv-558 (SRU), 2020 U.S. Dist. LEXIS 42686, at *33-34 (D. Conn. Mar. 10, 2020)).

On March 23, 2020, the Court appointed the Lead Plaintiff to prosecute claims raised under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 in this Action. ECF No. 27. The Court's appointment Order explicitly stated that: "***Counsel in any related action that is consolidated with this Action shall be bound by the organization of plaintiff's counsel set forth herein.***" *Id.* at ¶ 5 (emphasis added). Accordingly, the Related Action should be consolidated with this Action under the Court-appointed Lead Plaintiff's authority to control this Action because the belated tag-along complaint in the Related Action raises claims against the same Defendants for a subset of the facts and circumstances already subsumed in the Amended Complaint. Lead Plaintiff thus respectfully urges the Court to correct the landscape by consolidating the Related Action with this Action and vacating the notice and lead plaintiff deadline issued by the Related Action Plaintiffs.

## STATEMENT OF FACTS

On January 2, 2020, an initial complaint was filed in this Action on behalf of a purported Class that purchased Forescout's common stock between February 7, 2019 and October 9, 2019. The gravamen of the initial complaint was that Forescout misled investors regarding the timing and execution of deals in the Company's sales pipeline. ECF No. 1 at ¶ 38.

On February 6, 2020, after the initial complaint was filed, Forescout announced that it had entered into a definitive agreement to be acquired by the affiliates of Advent for $33 per share in an all cash transaction valued at approximately $1.9 billion. *See* Amended Complaint at ECF No. 31 at ¶ 20. The Amended Complaint expands the Class Period by alleging that, consistent with the misleading statements made earlier in the Class Period, Forescout continued to mislead investors about its revenue guidance and the rapid deterioration of the Company's sales pipeline between February 6, 2020 and May 15, 2020. In other words, the Amended Complaint constitutes a "clear continuation of the conduct" alleged in the initial complaint. *See Fluor Corp.*, 2020 U.S. Dist. LEXIS 91862, at *14-15; *Teva Pharm. Indus. Ltd.*, 2020 U.S. Dist. LEXIS 42686, at *33-34.

Consistent with the allegations of the confidential witnesses in the Amended Complaint, on May 15, 2020, Advent informed Forescout that it could not close the deal to acquire Forescout because of a dramatic decline in earnings potential and financial performance from Q1 2019 to Q1 2020 that was projected to get worse in the future. ECF No. 31 at ¶ 113. On May 18, 2020, Forescout announced that Advent would not proceed with the acquisition. *Id.* at ¶ 110. On this final partial disclosure or the materialization of the risks thereof alleged in the Amended Complaint, the price of Forescout's common stock plunged by 24%. Forescout and Advent subsequently filed claims against each other in the Delaware Court of Chancery. The Related Action Plaintiffs plucked facts from various filings in that merger-related litigation, a significant amount of which were revealed after the Amended Complaint was filed in this Action, in an attempt to superficially differentiate their complaint from the Amended Complaint, but the gravamen of their complaint is that Forescout omitted to disclose the deterioration in its sales pipeline and financial performance, and these omissions caused Advent to renege on the deal.

Case No. 20-cv-00076  (SI)
BRIEF IN SUPPORT OF MOTION TO CONSOLIDATE AND VACATE NOTICE

3

## ARGUMENT

### I.  THE RELATED ACTION SHOULD BE CONSOLIDATED WITH THIS ACTION

This Action and the Related Action are putative class actions that allege violations of the federal securities laws by the same Defendants and arise from the same alleged fraudulent misconduct.  As such, the Related Action involves common questions of both law and fact, and its consolidation with this Action pursuant to Rule 42(a) is appropriate and warranted.  *See* Fed. R. Civ. P. 42(a); *see also Richardson v. TVIA, Inc.*, No. C-06-06304 RMW, 2007 U.S. Dist. LEXIS 28406, at *6 (N.D. Cal. Apr. 16, 2007); *Mulligan v. Impax Labs., Inc.*, No. C-13-1037 EMC, 2013 U.S. Dist. LEXIS 93119, at *10 (N.D. Cal. July 2, 2013); *Woburn Ret. Sys. v. Omnivision Techs., Inc.*, No. 5:11-CV-05235-RMW, 2012 U.S. Dist. LEXIS 21590, at *9 (N.D. Cal. Feb. 21, 2012).

When actions involving a common question of law or fact are pending before a district court, it may order a joint hearing or trial of any or all of the matters at issue in the actions, order all the actions consolidated, and make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.  Fed. R. Civ. P. 42(a); *see also Richardson*, 2007 U.S. Dist. LEXIS 28406, at *6; *Mulligan*, 2013 U.S. Dist. LEXIS 93119, at *10; *Woburn Ret. Sys.*, 2012 U.S. Dist. LEXIS 21590, at *9.

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this title is filed."  *See* 15 U.S.C. 78u-4(a)(3)(A)(ii).  As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).  Furthermore, "[d]ifferences in class periods, parties, or damages among the suits do not necessarily defeat consolidation, so long as the essential claims and facts alleged in each case are similar."  *In re Royal Ahold N.V. Sec. & ERISA Litig.*, 219 F.R.D. 343, 348 (D. Md. 2003) (consolidating related securities cases).

Here, the Related Action involves overlapping factual questions, overlapping Defendants, an overlapping class period, and asserts identical legal claims as this Action.  Thus, the Related

Case No. 20-cv-00076  (SI)
BRIEF IN SUPPORT OF MOTION TO CONSOLIDATE AND VACATE NOTICE

Action should be consolidated with this Action. The Related Action and this Action are perfectly suited for consolidation as both allege the same violations of law (Sections 10(b) and 20(a) of the Exchange Act) by the same Defendants (Forescout, the CEO, and the CFO) during overlapping time periods involving the same alleged wrongdoing. In fact, the Amended Complaint in this Action names *all* of the Defendants named in the Related Action complaint.

Additionally, the Amended Complaint's Class Period (February 7, 2019 to May 15, 2020) encompasses completely – and is more inclusive – than the Related Action's shorter putative class period (February 6, 2020 to May 15, 2020). Notably, the Related Action's complaint alleges false statements on February 6, 2020, March 23, 2020, and May 11, 2020 – dates on which the Amended Complaint also alleges false statements were made, albeit in greater detail than in the Related Action's complaint. *Compare* Amended Complaint at ¶¶ 101-102, 104-105, 106-109 *with* Related Action, ECF No. 1, ¶¶ 73-76, 82-83, 84-87. The Related Action complaint does not allege a distinct or unique type of false statement to differentiate it from this Action, as all of the statements in the Related Action complaint are bare statements of an undisclosed decline in sales revenue and a deterioration in Forescout's sales pipeline – the gravamen of the Amended Complaint in this Action.

Moreover, this Action includes substantially more alleged misstatements, detailed allegations from multiple confidential witnesses, additional theories of liability, and more alleged corrective disclosures that correlate to a greater number of alleged recoverable stock drops and greater class-wide damages. Accordingly, consolidation is appropriate here because it will avoid the risk of inconsistent judgments on common legal and factual issues, lessen the burden on the parties and witnesses, conserve judicial resources, and expedite the resolution of this Action.

Furthermore, where, as here, the cases are subject to the PSLRA:

[A] lead plaintiff is empowered to control the management of the litigation as a whole. Permitting other plaintiffs to bring additional class actions now, with

Case No. 20-cv-00076 (SI)
BRIEF IN SUPPORT OF MOTION TO CONSOLIDATE AND VACATE NOTICE

additional lead plaintiffs and additional lead counsel, would interfere with Lead Plaintiffs' ability and authority to manage the [Action].

*In re Bank of Am. Corp. Sec., Derivative, & ERISA Litig.*, No. 09 MDL 2058 (DC), 2010 U.S. Dist. LEXIS 37799, at *6-7 (S.D.N.Y. Apr. 9, 2010); *In re Century Link Sales Practices & Sec. Litig.*, No. 17-2795 (MJD/KMM), 2018 U.S. Dist. LEXIS 66926, at *12 (D. Minn. Apr. 20, 2018) ("The PLSRA intended to centralize decision-making into the hands of one lead plaintiff or plaintiffs' group in order to avoid waste and empower investors.").

Late-to-the-show "[p]laintiffs cannot displace Lead Plaintiff[] from [its] leadership role by laying claim to representation of a supposedly more inclusive class." *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, No. MDL 12-2389, 2013 U.S. Dist. LEXIS 115647, at *16 (S.D.N.Y. Aug. 13, 2013). To rule otherwise would allow lawyer-driven litigation that the PSLRA seeks to avoid, and would encourage the filing of tag-along actions each time a new fact emerges (as occurred here), and interfere with a Court-appointed Lead Plaintiff's ability to effectively manage the existing litigation in an efficient manner, which is not in the best interests of the putative Class.

Further, the Defendants would necessarily be pursued by a Lead Plaintiff, an institutional investor, that purchased and held shares through the expanded Class Period, and the Related Action Plaintiffs are free to file their own individual actions. *See Bank of Am.*, 2010 U.S. Dist. LEXIS 37799, at *7 (consolidating newly filed securities case with existing case, denying new lead plaintiff motions, and holding that "the plaintiffs in [the newly filed cases] are free to pursue their claims as individual cases-but not as class actions."); *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 2013 U.S. Dist. LEXIS 115647, at *16-17 (denying motion to sever later-filed securities case from consolidated action because "[p]laintiffs remain free to pursue their claims through an individual action . . . "); *Okla. Law Enf't Ret. Sys. v. Adeptus Health Inc.*, Civil Action No. 4:17-CV-00449, 2017 U.S. Dist. LEXIS 140268, at *13-14 (E.D. Tex. Aug. 31, 2017) (to hold otherwise "'would clearly thwart the intent of the PSLRA'"). Accordingly, Lead Plaintiff respectfully requests the Court to consolidate the Related Action with this Action.

Case No. 20-cv-00076 (SI)
BRIEF IN SUPPORT OF MOTION TO CONSOLIDATE AND VACATE NOTICE

## II. THE PSLRA NOTICE IN THE RELATED ACTION SHOULD BE VACATED

The Court's March 23, 2020 Order explicitly states that ***"Counsel in any related action that is consolidated with this Action shall be bound by the organization of plaintiff's counsel set forth herein."*** ECF No. 27 at ¶ 5. (Emphasis added). Accordingly, the press release issued in the Related Action is not required as the Court has already appointed Lead Plaintiff. *See* Ex. A to Jafri Declaration.

The PSLRA expressly provides that "if more than one action on behalf of a class asserting substantially the same claim or claims arising under this title [15 U.S.C. §§ 78a et seq.] is filed, only the plaintiff . . . in the first filed action shall be required to cause notice to be published." 15 U.S.C. §78u-4(a)(3)(A)(ii). The claims in both of these lawsuits—violations of the Exchange Act in connection with the undisclosed deterioration in Forescout's sales pipeline throughout the Class Period are substantially the same. Importantly, courts throughout the federal bar recognize that a later-filed complaint that "simply chang[es] the class period" or includes "an additional defendant or a closely related new claim" does not necessitate that a new notice be sent out. *See Sudunagunta v. NantKwest, Inc.*, No. 16-01947-MWF-JEM, 2017 WL 8811608, at *4 (C.D. Cal. Feb. 6, 2017) (finding no republication of notice required even where "newly filed complaints expanded the class period (by about sixteen months)" and "added a Securities Act claim to the previously alleged Exchange Act claims."); *Adeptus Health Inc.*, 2017 U.S. Dist. LEXIS 140268, at *15 ("[S]imply changing the class period does not necessitate a new notice be sent out."); *Thomas v. Magnachip Semiconductor Corp.*, No. 14-cv-01160-JST, 2015 U.S. Dist. LEXIS 77288, at *12 (N.D. Cal. June 15, 2015) ("In general, republication is not required where a complaint expands the class period or includes an additional defendant or a closely related new claim."); *see also Horowitz v. SunEdison, Inc.*, No. 4:15CV1769 RWS, 2016 U.S. Dist. LEXIS 38435, at *7 (E.D. Mo. Mar. 24, 2016) (finding that the "PSLRA does not require republication of notice" where original case and subsequent case assert "'substantially the same claim or claims'"); *Hom v. Vale, S.A.*, No. 1:15-cv-9539-GHW, 2016 U.S. Dist. LEXIS 28863, at *4-5 (S.D.N.Y. Mar. 7, 2016) (same); *In re Houston Am. Energy Corp. Sec. Litig.*, 970 F. Supp. 2d

Case No. 20-cv-00076 (SI)
BRIEF IN SUPPORT OF MOTION TO CONSOLIDATE AND VACATE NOTICE

7

613, 646 (S.D. Tex. 2013) (finding that "cost of republication would outweigh any marginal gains from notifying class members of the extension of the Class Period."), *rev'd on other grounds by*, 758 F.3d 676 (5th Cir. 2014); *In re Thornburg Mortg., Inc., Sec. Litig.*, 629 F. Supp. 2d 1233, 1241-42 (D.N.M. 2009) (republication not required where "[t]he new claims are closely related to the initial claims expressly covered in the notice, and requiring further notice for the amendments here would serve only to delay the progress of this case and would contravene the PSLRA notice provisions' goal of securing lead plaintiffs 'as soon as practicable'"); *Greenberg v. Bear Stearns & Co.*, 80 F. Supp. 2d 65, 69 (E.D.N.Y. 2000) (" . . . [N]either case law nor the provisions of the PSLRA require a second notice to be published when the complaint was amended to add the . . . additional defendant.").

Courts have allowed republication of the lead plaintiff notice only in the rare case – not present here – where the new complaint raises "an entirely different factual scenario." *See Vanleeuwen v. Keyuan Petrochemicals, Inc.*, No. CV 11-9495 PSG (JCG), 2013 U.S. Dist. LEXIS 72683, at *15-16 (C.D. Cal. May 9, 2013) (requiring republication where amended pleading added allegations based on "an ***entirely different factual scenario . . .***") (emphasis added). As noted above, the gravamen of both complaints is fundamentally indistinguishable, and this Action wholly encompasses the allegations in the Related Action. Consequently, the notice in the Related Action is not required.

Moreover, "because no new notice was required, the deadline to file a request to be Lead Plaintiff expired, and [any new motions would be] time-barred." *CenturyLink*, 2018 U.S. Dist. LEXIS 66926, at *15 (recognizing that the "PSLRA has a strict deadline for filing lead plaintiff motions, stemming from Congress's intent 'to have lead plaintiffs appointed as soon as practicable'"); *see also Adeptus Health Inc.*, 2017 U.S. Dist. LEXIS 140268, at *3 (holding that because "all potential plaintiffs in the [newly filed expanded class period cases] had adequate notice to file a motion for appointment as lead plaintiff [when the original case was filed]," the "appropriate time to respond was sixty days from the notice being published in the [original]

Case No. 20-cv-00076  (SI)
BRIEF IN SUPPORT OF MOTION TO CONSOLIDATE AND VACATE NOTICE

action, and the Adeptus Investor Group motion was late."); *In re Telxon Corp. Sec. Litig.*, 67 F. Supp. 2d 803, 818 (N.D. Ohio 1999) ("The PSLRA is unequivocal and allows for no exceptions. All motions for lead plaintiff must be filed within sixty (60) days of the published notice for the first-filed action."). Absent this well-established principle, every PSLRA case with a subsequent development would be usurped by follow-on class action complaints carefully designed to evade earlier complaints and lead plaintiff orders. Here, the deadline for lead plaintiff motions expired before the Related Action was filed. No new motions can be considered, by statutory mandate, after that date.

Indeed, once a lead plaintiff is appointed, it is vested with the authority to prosecute all related claims – a responsibility that necessarily includes the "***authority to decide what claims to assert on behalf of the class***." *Bank of Am.*, 2010 U.S. Dist. LEXIS 37799, at *6 (emphasis added). To permit the Related Action's counsel to initiate a second lead plaintiff process for a putative class action that is already represented by the Lead Plaintiff runs directly counter to the PSLRA and would lead to significant inefficiency and needless expenditure of judicial resources. Lead Plaintiff here "ha[s] every incentive to pursue all of their losses – including the losses suffered in the later period of the proposed [Related Action] class period[] if those claims are likely to be meritorious." *See McMullen v. Hamilton (In re Synergy Pharm. Inc.)*, 18 Civ. 873(AMD) (VMS), 2019 U.S. Dist. LEXIS 201363, at *17-18 (E.D.N.Y. Nov. 20, 2019). Hence, "the interests of the class are fully protected and there is no need to appoint separate leadership to assert the claims that [Lead Plaintiff] has already been appointed to pursue." *See CenturyLink*, 2018 U.S. Dist. LEXIS 66926, at *14.

Because a new notice is not required, Lead Plaintiff respectfully requests the Court to vacate the August 10, 2020 lead plaintiff deadline in the Related Action, and require that a corrected notice be published informing investors that the actions have been consolidated and that the deadline to file motions for lead plaintiff has passed. *See Cal. Pub. Emps.' Ret. Sys. v. Chubb Corp.*, 127 F. Supp. 2d 572, 581 (D.N.J. 2001) (requiring plaintiff to redraft misleading

Case No. 20-cv-00076 (SI)
BRIEF IN SUPPORT OF MOTION TO CONSOLIDATE AND VACATE NOTICE

PSLRA notice).  Thereafter, Lead Plaintiff will continue to efficiently and zealously litigate the claims at issue within this flagship Action.

## CONCLUSION

Lead Plaintiff respectfully submits that the Related Action is substantially similar to this Action and should be consolidated.  In addition, because Lead Plaintiff is already serving as the Court-appointed Lead Plaintiff in this Action, Lead Plaintiff respectfully requests that the notice issued to investors in the Related Action be vacated.

Dated: June 15, 2020

**POMERANTZ LLP**

By: */s/ Omar Jafri*

Patrick V. Dahlstrom
Omar Jafri
Ten South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile:  (312) 377-1184
E-mail: pdahlstrom@pomlaw.com
            ojafri@pomlaw.com

Jennifer Pafiti (SBN 282790)
468 North Camden Drive
Beverly Hills, CA 90210
Telephone:  (818) 532-6499
E-mail: jpafiti@pomlaw.com

Jeremy A. Lieberman
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile:  (212) 661-8665
Email: jalieberman@pomlaw.com
Email: mcarino@pomlaw.com

*Attorneys for Lead Plaintiff*

Case No. 20-cv-00076  (SI)
BRIEF IN SUPPORT OF MOTION TO CONSOLIDATE AND VACATE NOTICE

10

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 15, 2020, a copy of the foregoing was filed electronically via the Court's CM/ECF system.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's CM/ECF System.

Dated:  June 15, 2020

**POMERANTZ LLP**


By:  /s/ *Omar Jafri*
Omar Jafri

*Lead Counsel for Lead Plaintiff*

Case No. 20-cv-00076  (SI)
BRIEF IN SUPPORT OF MOTION TO CONSOLIDATE AND VACATE NOTICE