**POMERANTZ LLP**
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
E-mail: jpafiti@pomlaw.com

*Lead Counsel for Lead Plaintiff Meitav Tachlit Mutual Funds Ltd.*

*[Additional Counsel on Signature Page]*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| CHRISTOPHER L. SAYCE, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> FORESCOUT TECHNOLOGIES, INC., MICHAEL DECESARE, and CHRISTOPHER HARMS, <br><br> Defendants. | Case No. 20-cv-00076 (SI) <br><br> **REPLY IN SUPPORT OF MOTION TO CONSOLIDATE A RELATED ACTION AND VACATE NOTICE AND LEAD PLAINTIFF DEADLINE** <br><br> Date:     July 24, 2020 <br> Time:     10:00 A.M. <br> Place:    Courtroom 1, 17th Floor <br> Judge:   Hon. Susan Illston |

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ........................................................................................1

ARGUMENT.................................................................................................................5

    I.      THE AMENDED COMPLAINT SHOULD NOT BE STRICKEN ......................5

    II.     CONSOLIDATION OF BOTH ACTIONS IS APPROPRIATE ...........................8

    III.    REPUBLICATION OF THE PSLRA NOTICE IS UNNECESSARY .................12

CONCLUSION.............................................................................................................14

## TABLE OF AUTHORITIES

**Cases**                                                                                      **Page**

*Atlas Air Worldwide Holdings, Inc. Sec. Litig.*, 324 F. Supp. 2d 474
(S.D.N.Y. 2004) ....................................................................................................................8

*Brownlee v. 12745 Moorpark LLC*, No. 2:13-cv-9188-ODW(MANx), 2014 U.S. Dist.
LEXIS 142287 (C.D. Cal. Oct. 3, 2014)...............................................................................7

*Cal. Pub. Emps.' Ret. Sys. v. Chubb Corp.*, 127 F. Supp. 2d 572 (D.N.J. 2001) ....................14

*Chen v. eBay Inc.*, No. 15-cv-05048-HSG, 2016 U.S. Dist. LEXIS 28100
(N.D. Cal. Mar. 4, 2016).......................................................................................................6

*Chun v. Fluor Corp.*, Civil Action No. 3:18-CV-01338-X, 2020 U.S. Dist. LEXIS 91862
(N.D. Tex. May 26, 2020)..................................................................................................4, 12

*Doty v. City of Santa Clara*, No. 14-CV-03739-LHK, 2015 U.S. Dist. LEXIS 169094
(N.D. Cal. Dec. 16, 2015) .....................................................................................................6

*Evellard v. LendingClub Corp.*, No. C 16-02627 WHA, 2016 U.S. Dist. LEXIS 107873
(N.D. Cal. Aug. 15, 2016)......................................................................................................9

*Hemenway v. Bartoletta*, Case No. 8:11-cv-597-T-30AEP, 2012 U.S. Dist. LEXIS 144566
(M.D. Fla. Oct. 5, 2012) ......................................................................................................10

*In re Akorn, Inc. Data Integrity Securities Litigation*, No. 1:18-cv-01713
(N.D. Ill. Mar. 8, 2018),.........................................................................................................6

*In re Akorn, Inc. Data Integrity Securities Litigation*, No. 1:18-cv-01713, ECF No. 88
(N.D. Ill. Mar. 8, 2019)......................................................................................................4, 12

*In re Akorn, Inc. Data Integrity Securities Litigation*, No. 1:18-cv-01713, ECF No. 101
(N.D. Ill. Apr. 22, 2019) ........................................................................................................9

*In re Century Aluminum Co. Sec. Litig.*, No. C 09-1001 SI, 2009 U.S. Dist. LEXIS 81205
(N.D. Cal. Sep. 8, 2009)......................................................................................................2, 9

*In re Cloudera Sec. Litig.*, No. 19-CV-03221-LHK, 2020 U.S. Dist. LEXIS 47102,
(N.D. Cal. Mar. 18, 2020)..................................................................................................2, 13

*In re Facebook, Inc.*, 288 F.R.D. 26 (S.D.N.Y. 2012)...........................................................11

*In re Leapfrog Enters. Sec. Litig.*, No. C-03-05421 RMW, 2005 U.S. Dist. LEXIS 44899
(N.D. Cal. July 5, 2005)........................................................................................................14

Case No. 20-cv-00076  (SI)
REPLY IN SUPPORT OF MOTION TO CONSOLIDATE AND VACATE NOTICE

ii

*In re Netflix, Inc., Sec. Litig.*, Case No. 12-0225 SC, 2012 U.S. Dist. LEXIS 59465
(N.D. Cal. Apr. 27, 2012) ....................................................................................................2

*Kaplan v. S.A.C. Capital Advisors, L.P.*, 947 F. Supp. 2d 366 (S.D.N.Y. 2013) ...................13

*Keith v. Volpe*, 858 F.2d 467 (9th Cir. 1988)...............................................................................8

*Kipling v. Flex Ltd.*, No. 18-CV-02706-LHK, 2019 U.S. Dist. LEXIS 57744
(N.D. Cal. Apr. 3, 2019) ....................................................................................................14

*Max Sound Corp. v. Google LLC*, No. 5:14-cv-04412-EJD, 2018 U.S. Dist. LEXIS 59335
 (N.D. Cal. Apr. 6, 2018) .....................................................................................................5

*Ont. Teachers' Pension Plan Bd. v. Teva Pharm. Indus., Ltd.*, No. 3-17-cv-558 (SRU),
2020 U.S. Dist. LEXIS 42686 (D. Conn. Mar. 10, 2020)......................................1, 5, 6, 9, 13

*Pure Country Weavers v. Bristar, Inc.*, 410 F. Supp. 2d 439
(W.D.N.C. 2006).................................................................................................................7

*Sgarlata v. PayPal Holdings, Inc. et al.*, No. 3:17-cv-06956-EMC, ECF No. 26
(N.D. Cal. Mar. 15, 2018).................................................................................................13

*Sudunagunta v. NantKwest, Inc., et al.*, CV 16-01947-MWF-JEM, ECF No. 73
(C.D. Cal. Oct. 7, 2016) .....................................................................................................6

*Sudunagunta v. NantKwest, Inc.*, CV 16-01947-MWF-JEM, 2017 U.S. Dist. LEXIS 228533
(C.D. Cal. Feb. 6, 2017).....................................................................................................9

*Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc.*, 05 Civ. 1898 (SAS),
2005 U.S. Dist. LEXIS 10780 (S.D.N.Y. June 1, 2005)........................................................13

*Techota LLC v. CP Home Care Vance LLC*, No. 7:18-cv-00317-RDP, 2018 U.S. Dist.
LEXIS 72779 (N.D. Ala. Apr. 30, 2018)................................................................................7

*Thorpe v. Walter Inv. Mgmt., Corp.*, No. 1:14-cv-20880-UU, 2016 U.S. Dist. LEXIS
33637 (S.D. Fla. Mar. 16, 2016) .........................................................................................8

*United States v. Vorachek*, 563 F.2d 884 (8th Cir. 1977) ..........................................................1

*Vanleeuwen v. Keyuan Petrochemicals, Inc.*, No. CV 11-9495 PSG (JCG), 2013 U.S.
 Dist. LEXIS 72683 (C.D. Cal. May 9, 2013) .......................................................................13

*Waldman v. Wachovia Corp.*, 08 Civ 2913 (SAS), 2009 U.S. Dist. LEXIS 83597
(S.D.N.Y. Sep. 14, 2009) ..................................................................................................13

*Wickstrom v. Akorn, Inc. et al.*, No. 1:19-cv-01299, ECF No. 22

Case No. 20-cv-00076  (SI)
REPLY IN SUPPORT OF MOTION TO CONSOLIDATE AND VACATE NOTICE

(N.D. Ill. May. 9, 2019) ..................................................................................................3, 9

*Wilson v. Airborne, Inc.*, No. EDCV07-770VAP(OPX), 2007 U.S. Dist. LEXIS 96870
(C.D. Cal. Oct. 22, 2007) ..................................................................................................6

**Rules**

Local Rule 7-1(a) ....................................................................................................3, 5, 6

Fed. R. Civ. P. 15..............................................................................................1, 3, 6, 7

Fed. R. Civ. P. 42 ..................................................................................................9

Case No. 20-cv-00076  (SI)
REPLY IN SUPPORT OF MOTION TO CONSOLIDATE AND VACATE NOTICE

Lead Plaintiff Meitav Tachlit Mutual Funds Ltd. ("Lead Plaintiff") respectfully submits this Reply in support of its Motion to Consolidate a Related Action and Vacate the Notice and Lead Plaintiff deadline in the Related Action.

## PRELIMINARY STATEMENT

Contrary to the Related Action Plaintiffs' current position on reasons to usurp the Lead Plaintiff's position in this Action, (i) the Amended Complaint is not an impermissible pleading; (ii) the Related Action complaint allegations support consolidation with the instant Action; and (iii) the facts here do no support republication.[1]  Accordingly, Lead Plaintiff's motion to Consolidate A Related Action and Vacate the Notice and Lead Plaintiff deadline should be granted.

(i) The Amended Complaint, here, was filed pursuant to a stipulation between the parties and with the Court's leave under Rule 15(a)(2) of the Federal Rules of Civil Procedure.  *See* ECF No. 30.  The mere fact that the Amended Complaint contains some additional facts directly related to the underlying claims that came to light after the initial complaint was filed does not transform it into an impermissible supplemental pleading.  *See Ont. Teachers' Pension Plan Bd. v. Teva Pharm. Indus., Ltd.*, No. 3-17-cv-558 (SRU), 2020 U.S. Dist. LEXIS 42686, at *31-32 (D. Conn. Mar. 10, 2020) (ruling that an amended complaint that incorporated new facts that came to light after the initial complaint was filed, pursuant to a stipulation, was a proper pleading under Rule 15(a)(2)); *see also United States v. Vorachek*, 563 F.2d 884, 886 (8th Cir. 1977) ("While the tax assessments in the government's proposed 'supplement to the complaint' occurred subsequent to the complaint to be amended, their significance lies in tax events which allegedly occurred prior to the complaint but of which the government was not cognizant at the time. Therefore, Rule 15(a) was applicable.").

(ii) The Related Action and the instant Action both allege the same violations of law (Sections 10(b) and 20(a) of the Exchange Act) by the same Defendants (Forescout, the CEO, and

---

[1] All capitalized terms have the same meaning as those defined in Lead Plaintiff's Brief in support of its Motion to Consolidate Cases and Vacate Notice and Lead Plaintiff Deadline, filed at ECF No. 37.

the CFO) during overlapping time periods involving the same alleged wrongdoing. The Amended Complaint's Class Period (February 7, 2019 to May 15, 2020) encompasses the Related Action's shorter putative class period (February 6, 2020 to May 15, 2020). This Action and the Related Action both allege that false statements were made on February 6, 2020, March 23, 2020, and May 11, 2020. *Compare* ECF No. 31 at ¶¶ 101-102, 104-105, 106-109 *with* Related Action, ECF No. 1 at ¶¶ 73-76, 82-83, 84-87; *see also In re Netflix, Inc., Sec. Litig.*, Case No. 12-0225 SC, 2012 U.S. Dist. LEXIS 59465, at *13 (N.D. Cal. April 27, 2012) (consolidating cases where both complaints were based on the same public documents and reports). These similarities are sufficient to consolidate the Related Action with this Action "to help expedite pretrial proceedings, reduce case duplication, avoid the involvement of parties and witnesses in multiple proceedings, and minimize the expenditure of time and money by everyone involved." *In re Century Aluminum Co. Sec. Litig.*, No. C 09-1001 SI, 2009 U.S. Dist. LEXIS 81205, at *7 (N.D. Cal. Sep. 8, 2009).

(iii) "In general, republication is not required where a complaint expands the class period or includes an additional defendant or a closely related new claim." *Thomas v. Magnachip Semiconductor Corp.*, No. 14-cv-01160-JST, 2015 U.S. Dist. LEXIS 77288, at *12 (N.D. Cal. June 15, 2015) (declining to require a new notice even though plaintiffs "supplemented their allegations as additional information has come to light" because the amended complaint "center[ed] on the same factual scenario" regarding the Company's financial statements); *see also In re Cloudera Sec. Litig.*, No. 19-CV-03221-LHK, 2020 U.S. Dist. LEXIS 47102, at *8 (N.D. Cal. Mar. 18, 2020) (agreeing that republication is not required if both complaints revolve around the same subject matter). Here, the Amended Complaint expands the Class Period to include facts about a failed merger with Advent International ("Advent") where Advent declined to consummate the merger because of Forescout's deteriorating financial condition *from Q1 2019 to Q1 2020*, which was expected to get worse in the future—the same facts alleged and substantiated by multiple confidential witnesses throughout the Class Period. Accordingly, republication is not required.

The Related Action Plaintiffs trot out a host of frivolous arguments in an attempt to strike the Amended Complaint and fashion a way out of consolidation.  As an initial matter, their request to strike the Amended Complaint is procedurally improper and violates Rule 7-1(a) of the Court's Local Rules because the Related Action Plaintiffs did not file a duly noticed motion, an authorized *ex parte* motion or otherwise seek the consent of the parties to this Action.  *See* Local Rule 7-1(a). Indeed, as nonparties to this Action, the Related Action Plaintiffs have no right to seek any relief from the Court unless and until the Court grants a motion to intervene or consolidates the cases.

The request is also without merit.  The Amended Complaint is a proper pleading because it was filed pursuant to the Order entered by the Court on April 2, 2020.  *See* ECF No. 30.  Even if the Amended Complaint were construed as a supplemental pleading under Rule 15(d) of the Federal Rules of Civil Procedure, the Ninth Circuit encourages the filing of supplemental pleadings and courts do not strike supplemental pleadings unless there is actual prejudice to a defendant.  There is no prejudice to the Defendants in this Action.  In fact, Defendants agree that the Related Action should be consolidated with this Action.  *See* ECF No. 40.

The Related Action Plaintiffs' arguments against consolidation similarly lack merit. Complaints that expand class periods and incorporate new facts that come to light after the initial complaint is filed are routinely consolidated in securities actions.  In fact, that point was made clear to Lead Counsel when counsel for the Related Action Plaintiffs made the argument to another court that affirmed the Related Action Plaintiffs' counsel's request to consolidate a related action and, counsel for the Related Action Plaintiffs subsequently filed an amended complaint based on new facts that did not exist when the initial complaint was filed in their own action.  *See Wickstrom v. Akorn, Inc. et al.*, No. 1:19-cv-01299, ECF No. 22 (N.D. Ill. May 9, 2019) (consolidating cases and dismissing related action without prejudice based on consolidation).

The common questions of fact between this Action and the Related Action are numerous. The only difference between this Action and the Related Action is that the Related Action Plaintiffs construct a superficially different theme of the case based on the same core operative facts in an attempt to evade the PSLRA lead plaintiff process.  But, as counsel for the Related Action Plaintiffs

Case No. 20-cv-00076  (SI)
REPLY IN SUPPORT OF MOTION TO CONSOLIDATE AND VACATE NOTICE

have vociferously argued themselves when the tables were turned: "[i]t is well settled that Lead Plaintiff[] ha[s] the authority to control the Action, including the determination not to assert claims" subsequently brought by a different party in a tag-along action. *See In re Akorn, Inc. Data Integrity Securities Litigation*, No. 1:18-cv-01713, ECF No. 88 at 2-3 (N.D. Ill. Mar. 8, 2019).

Accordingly, Lead Plaintiff respectfully requests the Court to consolidate the Related Action with this Action. Once both actions are consolidated, the Related Action Plaintiffs' remaining arguments regarding the PSLRA notice are moot because the Court's March 23, 2020 Order binds them *"by the organization of plaintiffs' counsel"* in this Action. *See* ECF No. 27 at ¶ 5 (emphasis added); *see also In re Akorn, Inc. Data Integrity Securities Litigation*, No. 1:18-cv-01713, ECF No. 88 at 1-2 (N.D. Ill. Mar. 8, 2019) (insisting that any related action is automatically consolidated pursuant to the district court's consolidation order).

The Related Action Plaintiffs' substantive arguments regarding the need for republication are based on a mischaracterization of the complaints filed in this Action. The initial complaint in this Action alleged that Defendants repeatedly made false statements about the Company's sales pipeline, ECF No. 1 at ¶¶ 24-32, the productivity of Forescout's sales force, *id.* at ¶ 30, described large deals in the pipeline as "tech wins," *id.* at ¶¶ 29-30, and issued a false revenue guidance for the third quarter of 2019, *id.* at ¶¶ 33, 35. The Amended Complaint expands the Class Period and alleges that Defendants again misled investors regarding the Company's quarterly revenue guidance on November 6, 2019, ECF No. 31 at ¶ 98, and March 23, 2020, *id.* at ¶ 104. The Amended Complaint also alleges that Defendants made statements on February 6, 2020 that were misleading for the same reasons that the statements made earlier in the Class Period were misleading. *Id.* at ¶ 102. The allegations in the expanded Class Period are thus a "clear continuation of the conduct" alleged in the initial complaint that do not support reopening the lead plaintiff process. *See Chun v. Fluor Corp.*, Civil Action No. 3:18-CV-01338-X, 2020 U.S. Dist. LEXIS 91862, at *14-15 (N.D. Tex. May 26, 2020) (refusing to reopen the lead plaintiff process when a subsequent complaint expanded the class period to include allegations based on new events

Case No. 20-cv-00076 (SI)
REPLY IN SUPPORT OF MOTION TO CONSOLIDATE AND VACATE NOTICE

4

that constituted a "clear continuation of the conduct" alleged in the initial complaint) (quoting *Teva Pharm. Indus. Ltd.*, 2020 U.S. Dist. LEXIS 42686, at *33-34).

The dramatic drop in Forescout's stock price on May 18, 2020 following the breakup of the deal with Advent was the result of a risk that materialized because Defendants failed to disclose the actual problems with the Company's sales pipeline and the productivity of its sales force throughout the Class Period.  Advent informed Forescout that it would back out of the deal due to its poor financial performance from ***Q1 2019 to Q1 2020*** that was expected to get even worse in the future.  ECF No. 31 at ¶ 113.  That reasoning is consistent with and corroborates the accounts of multiple confidential witnesses identified in the Amended Complaint, who describe the deteriorating state of affairs at the company throughout 2019, and strengthens Lead Plaintiff's claims for securities fraud.

Republication of a PSLRA notice that will prolong this litigation is not required under these circumstances.  For these reasons, Lead Plaintiff respectfully requests the Court to consolidate the actions and vacate the notice and lead plaintiff deadline issued by the Related Action Plaintiffs.

<u>**ARGUMENT**</u>

**I.  THE AMENDED COMPLAINT SHOULD NOT BE STRICKEN**

Under Local Rule 7-1(a), "[a]ny request to the Court for an order must be presented by" a duly noticed motion, an authorized *ex parte* motion or a stipulation of the affected parties.  *See* Local Rule 7-1(a)(1)-(5).  The Related Action Plaintiffs' attempt to request an order to strike the Amended Complaint under the cover of an opposition brief does not comply with the Local Rules, which require a party to file a duly noticed motion, an authorized *ex parte* motion, or seek the parties' consent.  Accordingly, the Court should disregard the Related Action Plaintiffs' request to strike the Amended Complaint.  *See Max Sound Corp. v. Google LLC*, No. 5:14-cv-04412-EJD, 2018 U.S. Dist. LEXIS 59335, at *7-8 (N.D. Cal. Apr. 6, 2018) (declining to consider request made in an opposition brief for failure to comply with Local Rule 7-1(a) because "a moving party cannot be expected to both respond to opposing arguments and oppose a

completely new motion in a reply."); *Chen v. eBay Inc.*, No. 15-cv-05048-HSG, 2016 U.S. Dist. LEXIS 28100, at *11-12 (N.D. Cal. Mar. 4, 2016) (granting motion to disregard request for attorneys' fees because plaintiffs failed to request attorneys' fees in a motion or stipulation pursuant to Local Rule 7-1); *Doty v. City of Santa Clara*, No. 14-CV-03739-LHK, 2015 U.S. Dist. LEXIS 169094, at *32 (N.D. Cal. Dec. 16, 2015) (denying request made in an opposition as "procedurally improper" because plaintiff did not file a separate motion pursuant to Local Rule 7-1).

As non-parties, the Related Action Plaintiffs cannot seek any relief from the Court in the absence of a motion being granted to intervene and subsequent consolidation of this Action and the Related Action. *See Sudunagunta v. NantKwest, Inc., et al.*, CV 16-01947-MWF-JEM, ECF No. 73 at 1 (C.D. Cal. Oct. 7, 2016) (ruling that a non-party did not have standing to seek relief from the court in a securities fraud action when the non-party did not seek to intervene and the court had not consolidated the cases); *Wilson v. Airborne, Inc.*, No. EDCV07-770VAP(OPX), 2007 U.S. Dist. LEXIS 96870, at *7 (C.D. Cal. Oct. 22, 2007) (noting that non-parties cannot seek relief until they are parties to the action). The Related Action Plaintiffs do not seek to intervene in this case, and they oppose consolidation. Given these facts, the Related Action Plaintiffs do not have standing to request that the Court strike the Amended Complaint. *Id.*

Even if the Court should consider the Related Action Plaintiffs' request to strike the Amended Complaint, their arguments are without merit. The Amended Complaint was filed pursuant to a stipulation between the parties and with the Court's leave under Rule 15(a)(2) of the Federal Rules of Civil Procedure. *See* ECF No. 30; *see also Teva Pharm. Indus., Ltd.*, 2020 U.S. Dist. LEXIS 42686, at *31-32 (construing amended complaint that incorporated new facts and was filed pursuant to a stipulation as a proper pleading under Rule 15(a)(2)).

Counsel for the Related Action Plaintiffs cannot seriously argue otherwise. In *In re Akorn, Inc. Data Integrity Securities Litigation*, No. 1:18-cv-01713 (N.D. Ill. Mar. 8, 2018), counsel for the Related Action Plaintiffs filed a second amended complaint that incorporated new facts that came to light after the initial complaint was filed, and repeatedly represented to the

Case No. 20-cv-00076 (SI)
REPLY IN SUPPORT OF MOTION TO CONSOLIDATE AND VACATE NOTICE

6

district court that the amendment was permissible based on a stipulation pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure. *Id.* at ECF No. 88 at 2, ECF No. 97 at 1. Lead Counsel here was on the other side of those arguments, and learned that, regardless of new facts, the amended complaint was permissible. *Id.* at ECF No. 96.

Furthermore, the Related Action Plaintiffs do not provide a basis to strike the Amended Complaint even assuming *arguendo* that the Amended Complaint constitutes a "supplemental pleading" under Rule 15(d) of the Federal Rules of Civil Procedure. The difference between a supplemental pleading and an amended pleading "is of little practical significance . . . because the standards used by a district court in ruling on a motion to amend or on a motion to supplement are nearly identical. In either situation, leave should be freely granted, and should be denied only where good reason exists . . . such as prejudice to the defendants." *See Pure Country Weavers v. Bristar, Inc.*, 410 F. Supp. 2d 439, 445-46 (W.D.N.C. 2006) (internal quotation marks and citations omitted); *see also Brownlee v. 12745 Moorpark LLC*, No. 2:13-cv-9188-ODW(MANx), 2014 U.S. Dist. LEXIS 142287, at \*4-5 (C.D. Cal. Oct. 3, 2014) ("The standard for deciding a motion to supplement under Rule 15(d) is the same as deciding a motion to amend under Rule 15(a).").

Courts do not strike a supplemental pleading unless there is demonstrable prejudice to a defendant. *See Techota LLC v. CP Home Care Vance LLC*, No. 7:18-cv-00317-RDP, 2018 U.S. Dist. LEXIS 72779, at \*10 (N.D. Ala. Apr. 30, 2018) (denying motion to strike the complaint as a supplemental pleading filed without the court's leave, and observing that "it is doubtful that any prejudice would accrue to the opposing party because the time during which amendments as of right may be filed is relatively short and comes early in the action so that prejudice to any other party is unlikely . . . [[T]he concern is the actual prejudice to the *adverse party* in allowing the supplemental pleading.") (internal quotation marks and citations omitted) (emphasis added).

The Amended Complaint was filed on May 22, 2020. Defendants requested forty-five days to respond to the Amended Complaint. There can be no prejudice to them under these circumstances, and Defendants, in fact, do not oppose Lead Plaintiff's motion to consolidate the

Case No. 20-cv-00076 (SI)
REPLY IN SUPPORT OF MOTION TO CONSOLIDATE AND VACATE NOTICE

Related Action with this Action. Moreover, "[t]he clear weight of authority . . . permits the bringing of new claims in a supplemental complaint to promote the economical and speedy disposition of the controversy." *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988). The Related Action Plaintiffs' request to strike the Amended Complaint flouts these concerns.

Without citation to any authority, the Related Action Plaintiffs also seek to strike the Amended Complaint because it was not accompanied by another signed certification pursuant to the PSLRA. Lead Plaintiff's motion for appointment as lead plaintiff included a signed certification. *See* ECF No. 18-3. That is all the law requires. *See Thorpe v. Walter Inv. Mgmt., Corp.*, No. 1:14-cv-20880-UU, 2016 U.S. Dist. LEXIS 33637, at *31-32 (S.D. Fla. Mar. 16, 2016) (ruling that the PSLRA does not require a plaintiff to attach a certification each time he or she amends the complaint); *In re Atlas Air Worldwide Holdings, Inc. Sec. Litig.*, 324 F. Supp. 2d 474, 500 (S.D.N.Y. 2004) (noting that "the PSLRA does not require a class representative to file a new certification each time an amended complaint is filed in his case" because "such a requirement would be a useless burden.").

While without merit, the Related Action Plaintiffs' arguments reveal their inadequacy to represent any kind of class in this Action. Representative plaintiffs must protect the putative class rather than raise arguments antagonistic to its interests. The Related Action Plaintiffs fail to meet this test given their attempt to strike an entire complaint and have the Court order republication "for the entire class period alleged," Opp. at 4, even though the Related Action Plaintiffs admittedly did not purchase any Forescout stock between February 6, 2019 and October 7, 2019, Opp. at 10. For all of these reasons, the Court should disregard or deny the Related Action Plaintiffs' request to strike the Amended Complaint.

## II. CONSOLIDATION OF BOTH ACTIONS IS APPROPRIATE

The Related Action Plaintiffs seek to strike the Amended Complaint principally to avoid a comparison of the Amended Complaint with their complaint, and then concoct a comparison between the initial complaint in this Action and the complaint filed in the Related Action to evade

consolidation. Opp. at 11-14. As explained above, the request to strike the Amended Complaint is without merit, and the Amended Complaint remains the operative complaint in this Action. Furthermore, courts routinely consolidate actions when an amended complaint filed in a flagship action expands the class period and adds new facts that relate to an initial complaint. *See Sudunagunta v. NantKwest, Inc.*, CV 16-01947-MWF-JEM, 2017 U.S. Dist. LEXIS 228533, at *7 (C.D. Cal. Feb. 6, 2017) (noting that certain removed actions were previously consolidated with an action where the operative complaint expanded the class period).

Indeed, in *Akorn*, the court granted the Related Action Plaintiffs' request to consolidate a later filed action with their own action even though the new action relied on a Warning Letter issued by the FDA that was not even in existence at the time the initial complaint was filed. *See Wickstrom v. Akorn, Inc. et al.*, No. 1:19-cv-01299, ECF No. 22 (N.D. Ill. May. 9, 2019). In *Akorn*, counsel for the Related Action Plaintiffs filed a second amended complaint that expanded the class period and included new allegations regarding the Warning Letter that was issued months after the initial complaint was filed. *See In re Akorn, Inc. Data Integrity Securities Litigation*, No. 1:18-cv-01713, ECF No. 101 at ¶¶ 19-20 (N.D. Ill. Apr. 22, 2019).

The touchstone for consolidation is common questions of fact or law. *See In re Century Aluminum Co. Sec. Litig.*, 2009 U.S. Dist. LEXIS 81205, at *7-8 (granting opposed motion for consolidation because all four actions involved common questions of fact regarding the company's deteriorating financial condition even though there were differences between the Securities Act and Exchange Act claims). Rule 42 of the Federal Rules of Civil Procedure "does not require the complaints to be identical for purposes of consolidation." *See Evellard v. LendingClub Corp.*, No. C 16-02627 WHA, 2016 U.S. Dist. LEXIS 107873, at *6-7 (N.D. Cal. Aug. 15, 2016). Nor is consolidation dependent on whether both complaints allege the exact same misrepresentations. *See Teva Pharm. Indus., Ltd.*, 2020 U.S. Dist. LEXIS 42686, at *25-26 (consolidating actions where complaints relied on different misrepresentations because the

conduct alleged in the related action's complaint was a "clear continuation of the conduct" alleged in the flagship action's complaint).

The Related Action and this Action both allege the same violations of law by the same Defendants during overlapping time periods involving the same alleged wrongdoing. The Amended Complaint's Class Period encompasses the Related Action's shorter putative class period. This Action and the Related Action both allege that false statements were made on February 6, 2020, March 23, 2020, and May 11, 2020. *Compare* ECF No. 31 at ¶¶ 101-102, 104-105, 106-109 *with* Related Action, ECF No. 1, ¶¶ 73-76, 82-83, 84-87. These similarities are sufficient to consolidate the Related Action with this Action.[2]

Critically, the Related Action Plaintiffs mischaracterize the complaints filed in this Action as well as their own complaint. While the Related Action Plaintiffs repeatedly claim that the initial complaint in this action alleged "improper revenue recognition practices," that phrase does not appear anywhere in the initial complaint. Opp. at 11, 14. In the misleading statements section of the initial complaint, plaintiff alleged that Defendants repeatedly made false statements about the Company's sales pipeline, ECF No. 1 at ¶¶ 24-32, the productivity of Forescout's sales force, *id.* at ¶ 30, described large deals in the pipeline as "tech wins," *id.* at ¶¶ 29-30,—a representations exposed as false by multiple confidential witnesses in the Amended Complaint—and issued a false revenue guidance for the third quarter of 2019, *id.* at ¶¶ 33, 35. The Amended

---

[2] *Hemenway v. Bartoletta*, Case No. 8:11-cv-597-T-30AEP, 2012 U.S. Dist. LEXIS 144566 (M.D. Fla. Oct. 5, 2012) does not help the Related Action Plaintiffs. In *Hemenway*, the district court refused to consolidate the cases because "the alleged misrepresentations and omissions were made by different defendants at different times," the procedural posture of each case was different, and the plaintiffs had varying levels of sophistication—a fact that mattered *because the alleged misrepresentations were made in person by each defendant*. *Id.* at *3-4. All of the named defendants in this Action and the Related Action are the same. All of the plaintiffs are institutional investors. The procedural posture of both cases is also the same since the Court has not ruled on any motion to dismiss and discovery has not commenced. Moreover, the decision in *Hemenway* contradicts numerous decisions in this Circuit, which hold that differences in named defendants does not preclude consolidation. *See e.g.*, *Miller v. Ventro Corp.*, No. C 01-01287 SBA, 2001 U.S. Dist. LEXIS 26027, at *17-18 (N.D. Cal. Nov. 28, 2001) (consolidating cases even though there were different defendants named in each case).

Complaint expands the Class Period and alleges that Defendants again misled investors regarding the Company's quarterly revenue guidance on November 6, 2019, ECF No. 31 at ¶ 98, and March 23, 2020, *id.* at ¶ 104. The Amended Complaint also alleges that Defendants made statements on February 6, 2020 that were misleading for the same reasons that the statements made earlier in the Class Period were misleading. *Id.* at ¶ 102. These are not just substantially similar or closely related claims to those raised in the initial complaint. They are identical claims. On May 15, 2020, Advent backed out of the merger because of Forescout's poor financial performance from *Q1 2019 to Q1 2020* that was expected to get even worse in the future. *Id.* at ¶ 113. Upon this final partial disclosure or the materialization of the risks thereof, the price of Forescout's common stock collapsed again on May 18, 2020. Advent's reasons for refusing to consummate the deal corroborate the accounts of the CWs in the Amended Complaint, and they are an essential part of this Action.

As for the complaint filed in the Related Action, the Related Action Plaintiffs assert that the merger failed because Forescout's revenues "significantly and disproportionately declined," Related Action Complaint at ¶¶ 74-83, throughout their purported class period. The Amended Complaint alleged that fact. Furthermore, only one statement in the Related Action is alleged to be false because Forescout failed to disclose declining revenues in Asia due to the global pandemic. *Id.* at ¶ 74. The Related Action Plaintiffs do not limit the basis of falsity to declining sales in Asia or the global pandemic for any other statement that failed to disclose Forescout's revenue related problems. *Id.* at ¶ 76, ¶ 79, ¶ 81, ¶ 83. Hence, the common questions of fact between this Action and the Related Action are extensive.

The Related Action Plaintiffs' desire to usurp a slice of this case based on plucking different statements from the same public documents alleged to contain false statements identified in the Amended Complaint filed in this Action is insufficient to evade consolidation. Indeed, once a case is consolidated, "the determination of which claims to assert in the consolidated complaint will be determined by the Court-appointed lead plaintiff, who is charged with acting in the best interest of all class members." *In re Facebook, Inc.*, 288 F.R.D. 26, 35-

36 (S.D.N.Y. 2012). Counsel for the Related Action Plaintiffs understand this principle very well, and have touted it when the shoe is on the other foot. *See In re Akorn, Inc. Data Integrity Securities Litigation*, No. 1:18-cv-01713, ECF No. 88 at 2-3 (N.D. Ill. Mar. 8, 2019) (confidently arguing that "[i]t is well settled that Lead Plaintiffs have the authority to control the Action, including the determination not to assert claims based on investors' post-October 1, 2018 purchases.").

Accordingly, Lead Plaintiff respectfully requests the Court to consolidate the Related Action with this Action.

## III.   REPUBLICATION OF THE PSLRA NOTICE IS UNNECESSARY

The Related Action Plaintiffs do not, and cannot, dispute that, pursuant to the Court's March 23, 2020 Order, once the cases are consolidated, their counsel are ***"bound by the organization of plaintiffs' counsel set forth herein."*** ECF No. 27 at ¶ 5. (Emphasis added); *see also* Opp. at 14 (conceding that this is the precise impact of the Court's March 23, 2020 Order). Therefore, republication of the PSLRA notice does not serve the Related Action Plaintiffs' purpose because their counsel cannot be appointed lead for even a subset of the facts already subsumed by the Amended Complaint.

Both the initial complaint and the Amended Complaint in this Action alleged that Forescout failed to disclose the deterioration in its sales pipeline and the decline in productivity of its sales force. The initial complaint alleged that Forescout's revenue guidance for Q3 2019 was false and misleading. ECF No. 1 at ¶¶ 33, 35. The Amended Complaint expands the Class Period and alleges that Defendants again misled investors regarding the Company's quarterly revenue guidance on November 6, 2019, ECF No. 31 at ¶ 98, and March 23, 2020, *id.* at ¶ 104. These new facts constitute a "clear continuation of the conduct" alleged in the initial complaint that do not support reopening the lead plaintiff process. *See Chun*, 2020 U.S. Dist. LEXIS 91862, at *14-15 (refusing to reopen the lead plaintiff process when a subsequent complaint expanded the class period to include allegations based on new events that constituted a "clear continuation

of the conduct" alleged in the initial complaint) (quoting *Teva Pharm. Indus. Ltd.*, 2020 U.S. Dist. LEXIS 42686, at \*33-34).[3]

None of the authorities cited by the Related Action Plaintiffs support republication of the PSLRA notice or reopening the lead plaintiff process here.  Six of those decisions required republication because the initial complaint was brought on behalf of a class of plaintiffs who purchased completely different kinds of securities.  In *Sgarlata v. PayPal Holdings, Inc. et al.*, No. 3:17-cv-06956-EMC, ECF No. 26 at 1 (N.D. Cal. March 15, 2018), republication was required because the initial plaintiff purchased only options, but the claims were brought on behalf of holders of the company's common stock.  The district court subsequently approved an amended notice with a defined class that included both purchasers of options and common stock. *Id.* at ECF No. 39-1; *see also In re Cloudera Sec. Litig.*, 2020 U.S. Dist. LEXIS 47102, at \*11 (new class definition included members who did not previously purchase the company's stock, but acquired it in exchange for another company's stock due to a merger);  *Kaplan v. S.A.C. Capital Advisors, L.P.*, 947 F. Supp. 2d 366, 367 (S.D.N.Y. 2013) (class was redefined to include "investors who traded contemporaneously with and opposite to" the defendants); *Vanleeuwen v. Keyuan Petrochemicals, Inc*., No. CV 11-9495 PSG (JCG), 2013 U.S. Dist. LEXIS 72683, at \*15-16 (C.D. Cal. May 9, 2013) (class was changed to include those who purchased pursuant to a private placement when the initial complaint was brought on behalf of public stockholders); *Waldman v. Wachovia Corp.*, 08 Civ. 2913 (SAS), 2009 U.S. Dist. LEXIS 83597, at \*3-5 (S.D.N.Y. Sep. 14, 2009) (class was changed from those who purchased auction rate securities directly from Wachovia to those who purchased auction rate securities in any auction where Wachovia served as an auction dealer); *Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc.*, 05 Civ. 1898 (SAS), 2005 U.S. Dist. LEXIS 10780, at \*7-9 (S.D.N.Y. June 1,

---

[3] The Related Action Plaintiffs fixate on the fact that the formal merger agreement had not even been announced until February 6, 2020, but they ignore that Forescout began to explore strategic options, including a possible sale of the Company no later than October 2019.  ECF No. 31 at ¶ 16.  One of the motives to commit fraud and profit from a potential sale of the Company thus emerged eight months before the Related Action Plaintiffs began to interfere with this Action.

Case No. 20-cv-00076  (SI)
REPLY IN SUPPORT OF MOTION TO CONSOLIDATE AND VACATE NOTICE

13

2005) (same).  Here, there is no dispute that both the initial complaint and the Amended Complaint are brought on behalf of only those who purchased Forescout's common stock.

Nor is this a case where an amended complaint dramatically altered the scope of the lawsuit.  *See e.g.*, *Kipling v. Flex Ltd.*, No. 18-CV-02706-LHK, 2019 U.S. Dist. LEXIS 57744, at *5-6 (N.D. Cal. Apr. 3, 2019) (requiring republication when the initial complaint alleged that the company improperly accounted for its obligations in a customer contract and certain related reserves, but the amended complaint added allegations about the strength of the defendants' relationship with a different company); *In re Leapfrog Enters. Sec. Litig.*, No. C-03-05421 RMW, 2005 U.S. Dist. LEXIS 44899, at *9 (N.D. Cal. July 5, 2005) (ordering republication when the initial complaint centered on misstatements about the company's financial outlook, but an amended complaint focused on the company's distribution and supply chain).  Unlike *Flex* and *Leapfrog*, Lead Plaintiff has consistently alleged that the Defendants made misrepresentations regarding the Company's sales pipeline and the productivity of its sales force, and continued to issue a materially false and misleading revenue guidance through the expanded Class Period.  A new notice is thus not required.

Accordingly, the August 10, 2020 lead plaintiff deadline in the Related Action should be vacated, and the Related Action Plaintiffs should be required to publish a corrected notice informing investors that the actions have been consolidated and that the deadline to file motions for lead plaintiff has passed.  *See Cal. Pub. Emps.' Ret. Sys. v. Chubb Corp*., 127 F. Supp. 2d 572, 581 (D.N.J. 2001) (requiring plaintiff to redraft misleading PSLRA notice).

## CONCLUSION

For the foregoing reasons, Lead Plaintiff respectfully requests that the Related Action should be consolidated with this Action, and that the notice issued to investors in the Related Action should be vacated.

Dated: July 6, 2020

**POMERANTZ LLP**

By: */s/ Omar Jafri*

Patrick V. Dahlstrom
Omar Jafri
Ten South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile:  (312) 377-1184
E-mail: pdahlstrom@pomlaw.com
          ojafri@pomlaw.com

Jennifer Pafiti (SBN 282790)
468 North Camden Drive
Beverly Hills, CA 90210
Telephone:  (818) 532-6499
E-mail: jpafiti@pomlaw.com

Jeremy A. Lieberman
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile:  (212) 661-8665
Email: jalieberman@pomlaw.com

*Attorneys for Lead Plaintiff*

Case No. 20-cv-00076  (SI)
REPLY IN SUPPORT OF MOTION TO CONSOLIDATE AND VACATE NOTICE

## CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2020, a copy of the foregoing was filed electronically via the Court's CM/ECF system.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's CM/ECF System.

Dated:  July 6, 2020

**POMERANTZ LLP**


By:  */s/ Omar Jafri*
Omar Jafri

*Lead Counsel for Lead Plaintiff*