IGNACIO E. SALCEDA, State Bar No. 164017
DIANE M. WALTERS, State Bar No. 148136
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone:  (650) 493-9300
Facsimile:  (650) 565-5100
Email:   isalceda@wsgr.com
         dwalters@wsgr.com

Attorneys for Defendants
Forescout Technologies, Inc., Michael
DeCesare, and Christopher Harms

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CHRISTOPHER L. SAYCE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>FORESCOUT TECHNOLOGIES, INC., MICHAEL DECESARE, and CHRISTOPHER HARMS,<br><br>Defendants. | CASE NO.:  3:20-cv-00076-SI<br><br><u>CLASS ACTION</u><br><br>**DEFENDANTS' NOTICE OF INCORPORATION BY REFERENCE AND REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS**<br><br>Date:   October 2, 2020<br>Time:   10:00 a.m.<br>Dept:   Courtroom 1, 17th Floor<br><br>Before:  Hon. Susan Illston |

Defendants Forescout Technologies, Inc. ("Forescout" or the "Company"), Michael DeCesare, and Christopher Harms (the "Individual Defendants," collectively with Forescout, "Defendant(s)") hereby request that the Court consider certain documents incorporated by reference in Plaintiff's Amended Complaint for Violations of the Securities Laws ("Amended Complaint" or "¶ _") and/or take judicial notice of certain documents submitted in support of Defendants' motion to dismiss the Amended Complaint ("Motion to Dismiss"), attached as Exhibits 1 through 22 to the Declaration of Diane M. Walters ("Walters Declaration").

## ARGUMENT

The Supreme Court has held that, in ruling on a motion to dismiss a Section 10(b) claim, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). As set forth below, the Court may consider the Exhibits to the Walters Declaration because all of the exhibits are either incorporated by reference in the Amended Complaint and/or are proper subjects of judicial notice

## I.     THE COURT MAY CONSIDER DOCUMENTS INCORPORATED BY REFERENCE IN THE AMENDED COMPLAINT

Incorporation by reference "is a judicially created doctrine that treats certain documents as though they are part of the complaint itself." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018), *cert. den.*, 139 S. Ct. 2615 (2019). Under this doctrine, the Court may consider a document "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Id.* (citation omitted). The doctrine permits courts to consider the full text of documents that a complaint quotes or references in order to "prevent plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Id.*; *see also In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996). Consideration of the "full text"

DEFENDANTS' NOTICE OF INCORP. BY REFERENCE
& RJN ISO MTD AMENDED COMPLAINT
CASE NO.: 3:20-cv-00076-SI

1

of such documents, "including portions which were not mentioned in the complaint," is appropriate in the context of a motion to dismiss. *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996).

Courts consider documents that are incorporated by reference in evaluating whether a complaint satisfies the stringent pleading requirements of the Private Securities Litigation Reform Act ("PSLRA") and also in analyzing the PSLRA's safe harbor for forward-looking statements. *See supra* at 1; 15 U.S.C. § 78u-5(e) ("the court shall consider . . . any cautionary statement accompanying the forward-looking statement, which [is] not subject to material dispute, cited by the defendant"); *Tellabs*, 551 U.S. at 323-24 ("To determine whether the plaintiff has alleged facts that give rise to the requisite 'strong inference' of scienter, a court must consider plausible, nonculpable explanations for the defendant's conduct, as well as inferences favoring the plaintiff."); *see also McGovney v. Aerohive Networks, Inc.*, 367 F. Supp. 3d 1038, 1051 (N.D. Cal. 2019) (considering earnings call transcripts and SEC filings as incorporated by reference into the complaint); *In re Copper Mountain Sec. Litig.*, 311 F. Supp. 2d 857, 864 (N.D. Cal. 2004) ("Because the transcripts contain safe harbor warnings and because Barton relies on the conference calls in the CC, the transcripts are the proper subject of judicial notice as well.").

Accordingly, Defendants respectfully request that the Court consider the following documents, which form the basis of Plaintiff's claims and/or are referred to extensively in the Amended Complaint:

1.    **Exhibit 1**:  Forescout's press release dated February 7, 2019, filed with the SEC as Exhibit 99.1 to SEC Form 8-K on February 7, 2019.  The February 7, 2019 press release is referenced in the Amended Complaint at ¶¶ 3, 63-64.  The Amended Complaint asserts that the February 7, 2019 press release contained allegedly false and misleading statements and/or omissions that form the basis of Plaintiff's claims.

2.    **Exhibit 2**:  S&P Global's transcript of Forescout's FQ4 2018 Earnings Call dated February 7, 2019.  The February 7, 2019 conference call is referenced in the Amended

DEFENDANTS' NOTICE OF INCORP. BY REFERENCE
& RJN ISO MTD AMENDED COMPLAINT
CASE NO.: 3:20-cv-00076-SI

Complaint at ¶¶ 3, 65-66.  The Amended Complaint asserts that the February 7, 2019 conference call discussion included allegedly false and misleading statements and/or omissions that form the basis of Plaintiff's claims.

3.      **Exhibit 4**:  S&P Global's transcript of Forescout's Analyst/Investor Day dated March 4, 2019.  The March 4, 2019 Investor Day is referenced in the Amended Complaint at ¶¶ 67-70.  The Amended Complaint asserts that the March 4, 2019 Investor Day discussion included allegedly false and misleading statements and/or omissions that form the basis of Plaintiff's claims.

4.      **Exhibit 7**:  Forescout's press release dated May 9, 2019, filed with the SEC as Exhibit 99.1 to SEC Form 8-K on May 9, 2019.  The May 9, 2019 press release is referenced in the Amended Complaint at ¶¶ 8, 10, 71, 73-74.  The Amended Complaint asserts that the May 9, 2019 press release contained allegedly false and misleading statements and/or omissions that form the basis of Plaintiff's claims.

5.      **Exhibit 8**:  S&P Global's transcript of Forescout's FQ1 2019 Earnings Call dated May 9, 2019.  The May 9, 2019 conference call is referenced in the Amended Complaint at ¶¶ 11, 52, 75-86, 118.  The Amended Complaint asserts that the May 9, 2019 conference call discussion included allegedly false and misleading statements and/or omissions that form the basis of Plaintiff's claims.

6.      **Exhibit 9**:  Forescout's press release dated August 7, 2019, filed with the SEC as Exhibit 99.1 to SEC Form 8-K on August 7, 2019.  The August 7, 2019 press release is referenced in the Amended Complaint at ¶¶ 12, 87-89.  The Amended Complaint asserts that the August 7, 2019 press release contained allegedly false and misleading statements and/or omissions that form the basis of Plaintiff's claims.

7.      **Exhibit 10**:  S&P Global's transcript of Forescout's FQ2 2019 Earnings Conference Call dated August 7, 2019.  The August 7, 2019 Earnings Conference Call is referenced in the Amended Complaint at ¶¶ 87, 90-91, 118.  The Amended Complaint asserts

that the August 7, 2019 conference call discussion included allegedly false and misleading statements and/or omissions that form the basis of Plaintiff's claims.

8.      **Exhibit 11**:  Bloomberg's transcript of the KeyBanc Capital Markets Technology Leadership Forum dated August 13, 2019.  The August 13, 2019 KeyBanc conference is referenced in the Amended Complaint at ¶¶ 92-93.  The Amended Complaint asserts that the August 13, 2019 KeyBanc conference discussion included allegedly false and misleading statements and/or omissions that form the basis of Plaintiff's claims.

9.      **Exhibit 12**:  Forescout's press release dated October 10, 2019, filed with the SEC as Exhibit 99.1 to SEC Form 8-K on October 10, 2019.  The October 10, 2019 press release is referenced in the Amended Complaint at ¶¶ 17, 95, 97.  The Amended Complaint asserts that the October 10, 2019 press release contained allegedly false and misleading statements and/or omissions that form the basis of Plaintiff's claims.

10.      **Exhibit 13**:  Forescout's press release dated November 6, 2019, filed with the SEC as Exhibit 99.1 to SEC Form 8-K on November 6, 2019.  The November 6, 2019 press release is referenced in the Amended Complaint at ¶¶ 98-100.  The Amended Complaint asserts that the November 6, 2019 press release contained allegedly false and misleading statements and/or omissions that form the basis of Plaintiff's claims.

11.      **Exhibit 14**:  Forescout's press release dated February 6, 2020, filed with the SEC as Exhibit 99.1 to SEC Form 8-K on February 6, 2020.  The February 6, 2020 press release is referenced in the Amended Complaint at ¶¶ 101-102.  The Amended Complaint asserts that the February 6, 2020 press release contained allegedly false and misleading statements and/or omissions that form the basis of Plaintiff's claims.

12.      **Exhibit 15**:  Excerpts from Forescout's Form 10-K for the fiscal year, filed with the SEC on February 28, 2020.  The 2019 Form 10-K is referenced in the Amended Complaint at ¶¶ 6, 42.  The Amended Complaint asserts that the Form 10-K purportedly "corroborates the accounts of the Confidential Witnesses" and thus the allegations concerning the Form 10-K also form the basis of Plaintiff's claims.

DEFENDANTS' NOTICE OF INCORP. BY REFERENCE
& RJN ISO MTD AMENDED COMPLAINT
CASE NO.: 3:20-cv-00076-SI

13.    **Exhibit 16**: Excerpts from Forescout's Form DEFM 14A dated March 24, 2020, filed with the SEC on March 24, 2020.  The March 24, 2020 DEFM 14A is referenced in the Amended Complaint at ¶¶ 22, 104-105.  The Amended Complaint asserts that the Definitive Proxy Statement contained allegedly false and misleading statements and/or omissions that form the basis of Plaintiff's claims.

14.    **Exhibit 18**: Excerpts from Forescout's Form 10-Q for the first quarter of fiscal year 2020, filed with the SEC on May 11, 2020.  The Form 10-Q is referenced in the Amended Complaint at ¶¶ 23, 24, 106, 107, 108, 109.  The May 11, 2020 Form 10-Q is referenced extensively in the Amended Complaint.

## II.    THE COURT MAY TAKE JUDICIAL NOTICE OF THE CITED EXHIBITS

Courts may take judicial notice of information "not subject to reasonable dispute because it:  (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b); *see also Khoja*, 899 F.3d at 999.

### A.    SEC Filings

Judicial notice of Forescout's SEC filings is appropriate because they are matters of public record and "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(2).  Courts routinely take judicial notice of documents filed with the SEC in evaluating motions to dismiss pursuant to the PSLRA.  *See Metzler Inv. GMBH v. Corinthian Colls. Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (holding that the district court properly took judicial notice of SEC filings); *In re Intrexon Corp. Sec. Litig.*, No. 16-cv-02398-RS, 2017 WL 732952, at *3 n.2 (N.D. Cal. Feb. 24, 2017) (taking judicial notice of SEC filings; "[j]udicial notice of such public records is proper"); *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, 880 F. Supp. 2d 1045, 1059 (N.D. Cal. 2012) ("Plaintiffs' scienter and insider trading allegations do rely expressly on [defendants'] stock sales, which is information disclosed to the public through . . . Forms 4 filed with the SEC."); *In re Rackable Sys., Inc. Sec. Litig.*, No. C 09-0222 CW, 2010 WL

DEFENDANTS' NOTICE OF INCORP. BY REFERENCE
& RJN ISO MTD AMENDED COMPLAINT
CASE NO.: 3:20-cv-00076-SI

199703, at *3 (N.D. Cal. Jan. 13, 2010) (taking judicial notice of SEC filings); *Copper Mountain*, 311 F. Supp. 2d at 864 (courts may take judicial notice of "information that was publicly available to reasonable investors at the time the defendant made the allegedly false statements").

Defendants request that the Court take judicial notice of the following documents, which were publicly filed with the SEC:

1. **Exhibit 1**: Forescout's Form 8-K filed with the SEC on February 7, 2019.

2. **Exhibit 3**: Excerpts from Forescout's Form 10-K for fiscal year 2018, filed with the SEC on March 1, 2019.

3. **Exhibit 6**: Excerpts from Forescout's Form DEF 14A, filed with the SEC on April 16, 2019.

4. **Exhibit 7**: Forescout's Form 8-K filed with the SEC on May 9, 2019.

5. **Exhibit 9**: Forescout's Form 8-K filed with the SEC on August 7, 2019.

6. **Exhibit 12**: Forescout's Form 8-K filed with the SEC on October 10, 2019.

7. **Exhibit 13**: Forescout's Form 8-K filed with the SEC on November 6, 2019.

8. **Exhibit 14**: Forescout's Form 8-K filed with the SEC on February 6, 2020.

9. **Exhibit 15**: Excerpts from Forescout's Form 10-K for fiscal year 2019, filed with the SEC on February 28, 2020.

10. **Exhibit 16**: Excerpts from Forescout's Form DEFM 14A, filed with the SEC on March 24, 2020.

11. **Exhibit 18**: Excerpts from Forescout's Form 10-Q for the first quarter of fiscal year 2020, filed with the SEC on May 11, 2020.

12. **Exhibit 19**: Forescout's Form 8-K filed with the SEC on May 20, 2020.

13. **Exhibit 20**: Forms 4 for Michael DeCesare filed with the SEC in the time period between February 20, 2019 and December 17, 2019.

14. **Exhibit 21**: Christopher Harms' Forms 4 filed with the SEC in the time period between February 20, 2019 and April 15, 2020.

DEFENDANTS' NOTICE OF INCORP. BY REFERENCE
& RJN ISO MTD AMENDED COMPLAINT
CASE NO.: 3:20-cv-00076-SI

15.     **Exhibit 22**:  Excerpts from Forescout's Form S-1/A, filed with the SEC on March 19, 2018.[1]

### B.     Conference Call Transcripts and Presentations

Courts also take judicial notice of transcripts of company conference calls and transcripts of analyst and investor conferences.  *See, e.g.*, *Rackable Sys.*, 2010 WL 199703, at *3 (taking judicial notice of conference call transcripts); *Brodsky v. Yahoo! Inc.*, 630 F. Supp. 2d 1104, 1111 (N.D. Cal. 2009) (same); *In re Pixar Sec. Litig.*, 450 F. Supp. 2d 1096, 1100 (N.D. Cal. 2006) (transcripts of investor conference calls "are the types of documents of which this Court properly may take judicial notice").  Similarly, it is appropriate to take judicial notice of publicly-available presentations that accompanied the conference call or conference.  *See In re Century Aluminum Co. Sec. Litig.*, 749 F. Supp. 2d 964, 980 (N.D. Cal. 2010) (taking judicial notice of "transcripts of conference calls with analysts" and "PowerPoint presentations to analysts").

Accordingly, judicial notice of the following documents attached as exhibits to the Walters Declaration is appropriate:

1.     **Exhibit 1**:  S&P Global's transcript of Forescout's FQ4 2018 Earnings Call dated February 7, 2019.

2.     **Exhibit 4**:  S&P Global's transcript of Forescout's Analyst/Investor Day  dated March 4, 2019.

3.     **Exhibit 5**:  Forescout's March 4, 2019 Investor Day presentation.

4.     **Exhibit 8**:  S&P Global's transcript of Forescout's FQ1 2019 Earnings Call dated May 9, 2019.

5.     **Exhibit 10**:  S&P Global's transcript of Forescout's FQ2 2019 Earnings Call dated August 7, 2019.

---

[1] As discussed in Section I, *supra*, Exhibits 1, 7, 9, 12, 13, 14, 15, 16, and 18 to the Walters Declaration also are properly considered by the Court as they are incorporated by reference in the Amended Complaint.

DEFENDANTS' NOTICE OF INCORP. BY REFERENCE
& RJN ISO MTD AMENDED COMPLAINT
CASE NO.: 3:20-cv-00076-SI

6.    **Exhibit 11**: Bloomberg's transcript of KeyBanc Capital Markets Technology Leadership Forum, dated August 13, 2019.[2]

* * *

WHEREFORE, Defendants respectfully request that the Court consider and take judicial notice of the above-referenced documents in connection with Defendants' Motion to Dismiss the Amended Complaint.

DATED:  July 6, 2020                    WILSON SONSINI GOODRICH & ROSATI
                                        Professional Corporation


By:  /s/  Diane M. Walters
          Diane M. Walters

*Attorneys for Defendants*

---

[2] As discussed in Section I, *supra*, Exhibits 1, 4, 8, 10, and 11 to the Walters Declaration also are properly considered by the Court as they are incorporated by reference in the Amended Complaint.

DEFENDANTS' NOTICE OF INCORP. BY REFERENCE
& RJN ISO MTD AMENDED COMPLAINT
CASE NO.: 3:20-cv-00076-SI

8

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, Ignacio E. Salceda, am the ECF User whose identification and password are being used to file this document.  In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that all signatories have concurred in this filing.


Dated: July 6, 2020                                    /s/ Ignacio E. Salceda
                                                            Ignacio E. Salceda