1
2
3
4
5
6
7
8
9
10
11
12

United States District Court
Northern District of California

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER L. SAYCE, et al., | Case No. 20-cv-00076-SI |
| Plaintiffs, | |
| v. | **ORDER TO CONSOLIDATE CASES AND REPUBLISH PSLRA NOTICE** |
| FORESCOUT TECHNOLOGIES, INC., et al., | Re: Dkt. Nos. 35, 44 |
| Defendants. | |

Now before the Court is Lead Plaintiff Meitav Tachlit Mutual Funds, Ltd.'s ("Meitav Tachlit") Motion to Consolidate Cases and Vacate Notice and Lead Plaintiff Deadline ("Motion to Consolidate"). Dkt. No. 35.[1]  Pursuant to Civil Local Rule 7-1(b) and General Order No. 72-4, the Court finds this matter appropriate for resolution without oral argument and VACATES the July 24, 2020 hearing.

Having considered the arguments presented in the papers, the Court GRANTS IN PART and DENIES IN PART Meitav Tachlit's motion.  The Court hereby CONSOLIDATES Case Nos. 3:20-cv-00076-SI and 3:20-cv-03819-SI, VACATES its order appointing Meitav Tachlit as lead plaintiff and appointing lead counsel (Dkt. No. 27), and ORDERS that Meitav Tachlit republish notice to potential lead plaintiffs.

**BACKGROUND**

Defendant Forescout Technologies is a San Jose, California-based cybersecurity company "that purports to provide device visibility and control solutions to businesses and government

---

[1] Unless specified otherwise, Docket Numbers refer to Case No. 3:20-cv-00076-SI.

agencies in an attempt to reduce cyber and operational risks." Dkt. No. 31 ¶¶ 2, 38. The company was founded in Israel in 2000 and had its initial public offering in October 2017. *Id.* ¶ 38; Dkt. No. 44 at 9.

On January 2, 2020, plaintiff Christopher Sayce filed a securities class action complaint (the "Sayce Action") against Forescout Technologies, Inc., Michael DeCesare, and Christopher Harms (collectively, "defendants") for violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder. Dkt. No. 1 at 2. The complaint alleged that "[t]hroughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operational and compliance policies. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) Forescout was experiencing significant volatility with respect to large deals and issues related to the timing and execution of deals in the Company's pipeline, especially in Europe, the Middle East, and Africa ('EMEA'); (ii) the foregoing was reasonably likely to have a material negative impact on the Company's financial results; and (iii) as a result, the Company's public statements were materially false and misleading at all relevant times." *Id.* ¶ 4.

Also on January 2, 2020, Pomerantz LLP, counsel for Sayce, published notice of the filing of the lawsuit "on behalf of a class consisting of investors who purchased or otherwise acquired Forescout securities between February 7, 2019, and October 9, 2019, both dates inclusive . . . ." Dkt. No. 18-2, Pafiti Decl., Ex. B; *see also* Dkt. No. 1 ¶¶ 1, 46. The notice informed shareholders that they had until March 2, 2020, to ask the Court to be appointed as lead plaintiff for the class. *Id.* On March 23, 2020, this Court granted Meitav Tachlit's unopposed motion for appointment as lead plaintiff in the Sayce Action and approved Meitav Tachlit's selection of Pomerantz LLP as lead counsel. Dkt. No. 27 at 3.[2]

On February 6, 2020, Forescout announced that it "had entered into a definitive agreement to be acquired by the affiliates of Advent International ("Advent") for $33 per share in an all cash

---

[2] Within the Order Appointing Lead Plaintiff and Approving Selection of Lead Counsel, this Court ordered that "[c]ounsel in any related action that is consolidated with this Action shall be bound by the organization of plaintiffs' counsel set forth herein." Dkt. No. 27 ¶ 5.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    transaction valued at approximately $1.9 billion." Dkt. No. 31 ("Amended Complaint.") ¶ 20. On

2    the day of the announcement, the price of Forescout common stock increased from a closing price

3    of $27.98 on February 5, 2020, to $33.28 on February 6. *Id.* ¶ 21. "On May 18, 2020, Forescout

4    issued a press release which revealed that on May 15, 2019 [sic], Advent notified the Company that

5    it would not proceed with the acquisition as scheduled." *Id.* ¶ 25. Stock prices declined to a closing

6    price of $22.57 per share on May 18, 2020, from $29.52 per share at the close of trading on May

7    15, 2020. *Id.* ¶ 26.

8         On May 22, 2020, Meitav Tachlit filed an Amended Complaint in the Sayce Action that

9    expanded the class to include "persons or entities, who purchased or otherwise acquired the common

10   stock of Forescout between February 7, 2019 and May 15, 2020, both dates inclusive[,]" thereby

11   encompassing the period just before Forescout's announcement that it would not be acquired by

12   Advent. *See id.* ¶ 1.

13        On June 10, 2020, the Arbitrage Fund, Water Island LevArb Fund, LP, Water Island

14   Diversified Event-Driven Fund, Water Island Merger Arbitrage Institutional Comingled Master

15   Fund LP, and Altshares Merger Arbitrage ETF (together, "the Arbitrage Fund Plaintiffs") filed a

16   securities class action complaint (the "Arbitrage Action") against the same defendants identified in

17   the Sayce Action for violations of Sections 10(b) and 20(a) of the Exchange Act. *See The Arbitrage*

18   *Fund v. Forescout Techs., Inc.*, Case No. 3:20-cv-03819-SI, Dkt. No. 1 at 3. The complaint in the

19   Arbitrage Action alleges that Forescout made misstatements and omissions about the prospects of

20   the failed Advent acquisition and defines the proposed class as those "persons or entities who

21   purchased or otherwise acquired the common stock of defendant Forescout Technologies, Inc. . . .

22   during the period from February 6, 2020 through May 15, 2020, inclusive . . and were damaged

23   thereby . . . ." *Id.* On June 11, 2020, Entwistle & Cappucci LLP, counsel for the Arbitrage Fund

24   Plaintiffs, published notice of the filing of the lawsuit, with an August 10, 2020 deadline for potential

25   lead plaintiffs to file a motion with the Court. Dkt. No. 42, Seltzer Decl., Ex. C. The Arbitrage

26   Action was initially assigned to Judge Gonzalez Rogers and was then reassigned to this Court upon

27   a finding that it was related to the Sayce Action. Case No. 3:20-cv-03819, Dkt. Nos. 15, 22.

28        Now before the Court is Meitav Tachlit's motion requesting that the Arbitrage Action be

3

consolidated with the Sayce Action and that notice to the investors of the lead plaintiff deadline in the Arbitrage Action be vacated.  Dkt. No. 37 at 3.

The Arbitrage Fund Plaintiffs request that the Court deny Meitav Tachlit's motion and issue an order striking Meitav Tachlit's Amended Complaint.  Dkt. No. 41 at 5.  Alternatively, if the Court grants Meitav Tachlit's request to consolidate the cases, the Arbitrage Fund Plaintiffs assert that "the Court should order publication of a new PSLRA notice and a new lead plaintiff selection process for the entire class period alleged in Meitav Tachlit's amended complaint."  *Id*. at 8.

Defendants support consolidation of the two related cases in the interest of judicial economy but take no position on the notice or lead plaintiff issues.  Dkt. No. 40 at 2.  On July 6, 2020, defendants filed a motion to dismiss Meitav Tachlit's Amended Complaint.  Dkt. No. 44. Defendants argue, among other things, that the amended allegations, particularly those concerning the COVID-19 pandemic and Advent's decision not to close its deal with Forescout, are unrelated to the deficient forecasting allegations of the original complaint.  *Id.*  The hearing on the motion to dismiss is set for October 2, 2020.

## DISCUSSION

### I.    Whether the Court Should Consolidate the Cases

Meitav Tachlit argues that the Arbitrage Action raises claims against the same defendants for a subset of facts and circumstances already encompassed by the Amended Complaint in the Sayce Action, and the Arbitrage Action therefore should be consolidated with the Sayce Action. Dkt. No. 37 at 3.  The Arbitrage Fund Plaintiffs argue Meitav Tachlit's amended complaint is an impermissible supplemental complaint, and therefore the original Sayce Complaint should be compared with the Arbitrage Complaint in considering consolidation.  Dkt. No. 41 at 15.  The Arbitrage Fund Plaintiffs assert that since none of the conduct described in the Arbitrage Complaint had yet occurred at the time the original Sayce Complaint was filed, the two actions are completely different, and consolidation is inappropriate.  *Id.*  The Arbitrage Fund Plaintiffs further argue that the gravamen of the Arbitrage Complaint is whether Forescout failed to disclose material risks that the Advent merger would not close, which presents a different question than whether Forescout

United States District Court
Northern District of California

failed to disclose improper revenue recognition practices.  *Id.*

Federal Rule of Civil Procedure 42 allows a court to consolidate actions that "involve a common question of law or fact," and district courts are granted broad discretion in deciding whether to consolidate cases pending in the same district.  Fed. R. Civ. P. 42(a); *Investors Research Co. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989).  "In deciding whether to consolidate cases, 'the Court should weigh the interest of judicial convenience against the potential for delay, confusion, and prejudice.'"  *Thomas v. Magnachip Semiconductor Corp.*, No. 14-CV-01160-JST, 2015 WL 3749784, at *2 (N.D. Cal. June 15, 2015) (quoting *Zhu v. UCBH Holdings, Inc.*, 682 F. Supp. 2d 1049, 1052 (N.D. Cal. 2010)).  "Courts have recognized that securities class actions are particularly suited to consolidation to help expedite pretrial proceedings, reduce case duplication, avoid the involvement of parties and witnesses in multiple proceedings, and minimize the expenditure of time and money by everyone involved."  *In re Century Aluminum Co. Sec. Litig.*, Nos. 09-cv-1001-SI, 09-1205-SI, 09-cv-1103-SI, 09-cv-1162–SI, 2009 WL 2905962, at *2 (N.D. Cal. Sept. 8, 2009).  Consolidation of related securities actions is appropriate "where the complaints are based on the same 'public statements and reports.'"  *In re Netflix, Inc. Sec. Litig.* No 12-0225 SC, 2012 WL 1496171 at *3 (N.D. Cal. April 27, 2012) (citing *Wenderhold v. Cylink Corp.*, 188 F.R.D. 577, 583 (N.D. Cal. 1999)).  "Differences in class periods, parties, or damages among the suits do not necessarily defeat consolidation, so long as the essential claims and facts alleged in each case are similar."  *In re Royal Ahold N.V. Sec. & ERISA Litig.*, 219 F.R.D. 343, 348 (D. Md. 2003).  Consolidation may be appropriate even where complaints allege different misrepresentations.  *See Ont. Teachers' Pension Plan. Bd. v. Teva Pharm. Indus., Ltd.*,  No. 3-17-cv-558 (SRU), 2020 U.S. Dist. LEXIS 42686, at *25-26 (D. Conn. Mar. 10, 2020) (consolidating an action narrowly focused on misstatements regarding anticompetitive activity with a more broad reaching action alleging misrepresentations regarding strong financial results, because the misstatements regarding anticompetitive activity represented a "clear continuation of the conduct" alleged in the broader complaint).  Since the question of consolidation turns on commonality of law and fact, it is relevant to examine the specific allegations presented in the operative complaints.

As a threshold matter, the Court declines to strike Meitav Tachlit's Amended Complaint.

United States District Court
Northern District of California

5

The Arbitrage Fund Plaintiffs cite no authority for this request, which they raise in their opposition brief rather than through a properly noticed motion.  Moreover, any harm to the Arbitrage Fund Plaintiffs by the filing of Meitav Tachlit's Amended Complaint is mitigated by the Court's reopening of the lead plaintiff selection process, explained *infra*.  The Court will therefore focus its analysis here on a comparison of the allegations of Meitav Tachlit's Amended Complaint and those of the Arbitrage Complaint.

The allegations set forth in the Arbitrage Complaint are focused on the failed merger agreement with Advent.  The Arbitrage Fund Plaintiffs assert that Forescout failed to disclose to investors and Advent that "its fourth quarter 2019 revenues were inflated through an abnormal transaction with one of its largest resale customers, Merlin International Inc., which a whistleblower has alleged to Advent was the result of a 'channel stuffing scheme,'" and that "its business had begun to suffer a dramatic and undisclosed downturn, including it [sic] its fast-growing Asia Pacific and Japan ('APJ') region that was impacted by COVID-19 starting in January."  Case 3:20-cv-03819-SI, Dkt. No. 1 ¶ 3.  The Arbitrage Fund Plaintiffs also allege that, unbeknownst to investors, Forescout was failing to meet its obligations under the "ordinary course" provisions of the merger agreement, and that Advent expressed concerns regarding Forescout's recent financial performance and was considering terminating the merger agreement.  *Id.* ¶¶ 7-9.  The Arbitrage Fund Plaintiffs argue that because of these factors, Forescout knew that closing the merger transaction was exceptionally risky at the time it announced the merger agreement.  *Id.* ¶ 3.

Meitav Tachlit's Amended Complaint also includes allegations relating to the failed merger agreement but encompasses a broader period and scheme of alleged misconduct.  *See generally* Dkt. No. 31.  In addition to the conduct alleged in the original Sayce Complaint, the Amended Complaint alleges that on February 6, 2020, when Forescout announced it had entered into a definitive agreement to be acquired by Advent, stock prices rose despite the announcement of poor financial results for the fourth quarter of 2019 on this same day.  *See id.* ¶ 20.  Meitav Tachlit alleges that upon Forescout's announcement on May 18, 2020 that Advent would not proceed with the acquisition, stock prices "plunged."  *Id.* ¶¶ 25-27.  Meitav Tachlit further alleges, among other things, that: Forescout touted overinflated projected 2019 revenues while company representatives

6

knew or recklessly disregarded the deterioration of productivity of sales representatives and the value of deals in the sales pipeline; defendants made false and/or misleading statements in order to support its unrealistic projections, while failing to disclose lowered sales and productivity and dismissing unmet revenue projections; Forescout failed to disclose "a mass exodus of experienced sales representatives[;]" and Forescout encouraged Named Account Managers to manufacture "committed" deals that it knew were illusory in order to pad its pipeline and bolster its revenue projections. *Id.* ¶¶ 3, 7, 13, 53. The Amended Complaint, as does the Arbitrage Complaint, alleges violations of Section 10(b) of the Exchange Act, and Rule 10b-5 promulgated thereunder, and of Section 20(a) of the Exchange Act.

Since both actions share common issues of law and fact, the Court will consolidate the two actions in the interest of judicial economy. The Amended Complaint subsumes the class period of the Arbitrage Complaint, and both actions name the same defendants and federal securities law claims. Both the Arbitrage Complaint and the Amended Complaint cite to the same Forescout disclosures and press release concerning the failed Advent acquisition. Although the Arbitrage Complaint focuses solely on the alleged misrepresentations regarding the failed acquisition, while the Amended Complaint alleges additional false and/or misleading statements, there is enough overlap between the two that *not* consolidating these cases would needlessly waste the resources of the parties and of the Court.

Accordingly, the Court CONSOLIDATES Case Nos. 3:20-cv-00076-SI and 3:20-cv-03819-SI.

## II.     Whether the Court Should Reopen the Lead Plaintiff Selection Process

The Court will next consider whether to reopen the lead plaintiff selection process by ordering that Meitav Tachlit republish notice of the suit in accordance with the Private Securities Litigation Reform Act of 1995 ("PSLRA").

Meitav Tachlit asserts that republication is not needed, and that the Court should vacate the pending lead plaintiff selection process in the Arbitrage Action, because the allegations in the Amended Complaint are a "clear continuation of the conduct" alleged in the initial complaint. Dkt.

43 at 9 (citing *Chun v. Fluor Corp.*, No. 3:18-CV-01338-X, 2020 U.S. Dist. LEXIS 91862, at *14-15 (N.D. Tex. May 26, 2020)).

The Arbitrage Fund Plaintiffs assert that, if the Court consolidates the actions, the Amended Complaint's expansion of the class period and claims warrants reopening the lead plaintiff selection process, since qualified plaintiffs like themselves could not have applied to be lead plaintiff in the Sayce Action because their claims did not yet exist when the deadline to become lead plaintiff in that action expired.  The Arbitrage Fund Plaintiffs argue that allowing Meitav Tachlit to serve as lead plaintiff for the expanded class period would undermine the PSLRA's goal of providing potential lead plaintiffs with "a reasonable opportunity to identify themselves and present themselves for the Court's consideration." Dkt. No. 41 at 18 (quoting *Waldman v. Wachovia Corp.*, No. 08 Civ. 2913(SAS), 2009 WL 2950362, at *1 (S.D.N.Y. Sept. 14, 2009) (requiring re-publication of notice when the amended pleading brought claims on behalf of a new class and the claims extended "far beyond the class and claims proposed in the original complaint")).  The Arbitrage Fund Plaintiffs further argue that the amendments relating to whether Forescout disclosed to investors the material risk that the Advent merger would not close do not represent a "clear continuation" of conduct alleged in the original complaint in the Sayce Action, distinguishing it from *Chun v. Fluor Corporation*, cited by Meitav Tachlit.  *See Chun v. Fluor Corp.*, No. 3:18-CV-01338-X, 2020 U.S. Dist. LEXIS 91862, at *14-15 (N.D. Tex. May 26, 2020) (finding that the expansion of the class period and addition of claims regarding "alleged conduct that was thought at first to be reserved to four gas-fired fixed price projects but was later discovered to perhaps be pervasive to projects throughout defendant Fluor's business units" to the amended consolidated complaint did not warrant republication, since it represented "a clear continuation of conduct" alleged in the initial consolidated complaint).

Pursuant to the PLSRA, the first plaintiff to file suit for a securities class action must provide early notice to the class by publicizing the action.  The PSLRA provides:

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class—

(I) of the pendency of the action, the claims asserted therein, and the purported class period; and

(II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u–4(a)(3)(A). "This provision is 'intended to encourage the most capable representatives of the plaintiff class to participate in class action litigation[,] parties with significant holdings in issuers, whose interests are more strongly aligned with the class of shareholders.'" *In re Cyberonics Inc. Sec. Litig.*, 468 F. Supp. 2d 936, 938 (S.D. Tex. 2006) (quoting *H.R. Conf. Rep*. No. 104–369, at 32 (1995)).

"Although courts typically disfavor republication when a complaint is amended, courts have required new notice where the amended complaint substantially alters the claims or class members." *Kaplan v. S.A.C. Capital Advisors*, L.P., 947 F. Supp. 2d 366, 367 (S.D.N.Y. 2013) (quoting *Waldman*, 2009 WL 2950362, at *1). Where changes to a securities class action complaint "make it likely that individuals who could now be considered potential lead plaintiffs would have disregarded the earlier notice," courts have ordered lead plaintiffs to republish notice under the PSLRA. *Id.*; *see also Kipling v. Flex Ltd.,* No. 18-CV-02706-LHK, 2019 WL 1472358, at *2 (N.D. Cal. Apr. 3, 2019) (ordering PSLRA notice republication where the amended complaint presented new facts and alleged misrepresentations relating to the defendant's partnership with Nike that arose after the original complaint was filed); *In re Leapfrog Enterprises, Inc. Sec. Litig.*, No. C 03 05421 RMW, 2005 WL 5327775, at *3 & n.1 (N.D. Cal. July 5, 2005) (ordering republication where the original complaint "alleged that defendants made rosy statements about Leap Frog's financial outlook," and the amended complaint expanded the class period and added new factual allegations about the defendant's distribution and supply chain that "dramatically alter[ed] the contours of the lawsuit").

Here, it is entirely possible that individuals who could now be considered potential lead plaintiffs in the Sayce Action would have disregarded the earlier notice, since the Amended Complaint presents new facts and misrepresentations relating to the period of the failed Advent acquisition that arose only after the original complaint was filed. There is no way that investors who acquired stock from the time of the announcement of the acquisition agreement to the time of

the announcement of its failure could have been on notice to move to be lead plaintiff in the Sayce Action, because the losses and misrepresentations related to the merger had not even occurred at the time the Sayce Action was filed or when motions for lead plaintiff were due. Thus, the Amended Complaint changes the contours of the lawsuit sufficiently to warrant republication of the PSLRA notice.

## CONCLUSION

For the reasons set forth above, the Court hereby CONSOLIDATES Case Nos. 3:20-cv-00076-SI and 3:20-cv-03819-SI and VACATES its order appointing Meitav Tachlit as lead plaintiff and appointing lead counsel (Dkt. No. 27). The Court ORDERS Meitav Tachlit to republish notice of the consolidated class action complaint in compliance with the PSLRA **no later than July 31, 2020**. Pursuant to 15 U.S.C. § 78u–4(a)(3)(A)(i), any member of the purported class seeking appointment as lead plaintiff shall have 60 days thereafter to file a motion with the Court seeking appointment as lead plaintiff.

The Court DENIES AS MOOT defendants' pending Motion to Dismiss (Dkt. No. 44), without prejudice to re-filing following the conclusion of the new lead plaintiff selection process.

**IT IS SO ORDERED**.

Dated: July 22, 2020

_____
SUSAN ILLSTON
United States District Judge