MARC M. SELTZER (54534)
mseltzer@susmangodfrey.com
KRYSTA KAUBLE PACHMAN (280951)
kpachman@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

P. RYAN BURNINGHAM (*Pro Hac Vice*)
rburningham@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1201 Third Ave., Suite 3800
Seattle, WA 98101
Telephone: (206) 516-3800
Facsimile: (206) 516-3883

ANDREW J. ENTWISTLE (*Pro Hac Vice*)
aentwistle@entwistle-law.com
ENTWISTLE & CAPPUCCI LLP
401 Congress Avenue, Suite 1170
Austin, TX 78701
Telephone: (512) 710-5960
Facsimile: (212) 894-7272

VINCENT R. CAPPUCCI (*Pro Hac Vice*)
vcappucci@entwistle-law.com
BRENDAN J. BRODEUR (*Pro Hac Vice*)
bbrodeur@entwistle-law.com
ANDREW M. SHER (*Pro Hac Vice*)
asher@entwistle-law.com
ENTWISTLE & CAPPUCCI LLP
299 Park Avenue, 20th Floor
New York, NY 10171
Telephone: (212) 894-7200
Facsimile: (212) 894-7272

CHRISTOPHER J. KELLER
(*Pro Hac Vice* forthcoming)
ckeller@labaton.com
FRANCIS P. McCONVILLE
(*Pro Hac Vice* forthcoming)
fmcconville@labaton.com
LABATON SUCHAROW LLP
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477

*Attorneys for the Arbitrage Plaintiffs and Proposed Lead Counsel*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| CHRISTOPHER L. SAYCE, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>FORESCOUT TECHNOLOGIES, INC., MICHAEL DECESARE, AND CHRISTOPHER HARMS,<br><br>Defendants. | Case No. 3:20-CV-00076-SI<br><br>**MOTION FOR APPOINTMENT AS LEAD PLAINTIFFS AND FOR APPROVAL OF SELECTION OF LEAD COUNSEL**<br><br>DATE: Friday, November 6, 2020<br>TIME: 10:00 a.m.<br>Courtroom 1, 17th Floor |

MOTION FOR APPOINTMENT AS LEAD PLAINTIFFS & FOR APPROVAL OF SELECTION OF LEAD COUNSEL

**NOTICE OF MOTION**

Please take notice that The Arbitrage Fund; Water Island LevArb Fund, LP; Water Island Diversified Event-Driven Fund; Water Island Merger Arbitrage Institutional Comingled Master Fund, LP; and AltShares Merger Arbitrage ETF (the "Water Island Funds"); together with S. Muoio & Co. LLC and Amethyst Arbitrage International Master Fund (with the Water Island Funds, the "Arbitrage Plaintiffs") move for appointment as lead plaintiffs and for approval of their choice of lead counsel. This motion will be heard before the Honorable Susan Illston at 10:00 a.m. on Friday, November 6, 2020, or at a time to be determined by the Court.

**STATEMENT OF RELIEF SOUGHT**

Pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3)(B), the Arbitrage Plaintiffs move for appointment as lead plaintiffs for a proposed class consisting of all persons or entities who purchased or otherwise acquired the common stock of defendant Forescout Technologies, Inc. during the period from February 7, 2019, through May 15, 2020, inclusive, and were damaged thereby. Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the Arbitrage Plaintiffs also move for approval of their counsel (Susman Godfrey L.L.P., Entwistle & Cappucci LLP and Labaton Sucharow LLP) to serve as lead counsel to represent the class.

# TABLE OF CONTENTS

I. LEGAL STANDARD ................................................................................................. 1

II. PROCEDURAL BACKGROUND .............................................................................. 2

III. MOTION TO BE APPOINTED LEAD PLAINTIFFS ............................................... 3

    A. This motion is timely ....................................................................................... 3

    B. The Arbitrage Plaintiffs have the largest financial interest in the relief sought ................................................................................................................ 3

    C. The Arbitrage Plaintiffs satisfy Rule 23 ........................................................... 4

        1. The Arbitrage Plaintiffs' claims are typical of the Class ...................... 4

        2. The Arbitrage Plaintiffs will fairly and adequately represent the interests of the Class ............................................................................. 5

    D. The Court should approve the Arbitrage Plaintiffs' choice of counsel ............ 7

IV. CONCLUSION ............................................................................................................ 8

# TABLE OF AUTHORITIES

**Cases**

*Curry v. Hansen Med., Inc.*,
  No. 5:09-cv-05094-JF (HRL), 2010 WL 702432 (N.D. Cal. Feb. 25, 2010) ...................... 5

*Erikson v. Cornerstone Propane Partners LP*,
  No. C 03-2522 MHP, 2003 WL 22232387 (N.D. Cal. Sept. 15, 2003) ........................... 4, 5

*Ferrari v. Gisch*,
  225 F.R.D. 599 (C.D. Cal. 2004) ................................................................ 5

*Hanon v. Dataproducts Corp.*,
  976 F.2d 497 (9th Cir. 1992) .................................................................. 4

*In re Cavanaugh*,
  306 F.3d 726 (9th Cir. 2002) .................................................................. 3

*In re Cendant Corp. Litig.*,
  264 F.3d 201 (3d Cir. 2001) ................................................................... 6

*Knox v. Yingli Green Energy Holding Co. Ltd.*,
  136 F. Supp. 3d 1159 (C.D. Cal. 2015) ......................................................... 3

*Schriver v. Impac Mort. Holdings, Inc.*,
  No. SACV 06-31 CJC(RNBx), 2006 WL 6886020 (C.D. Cal. May 2, 2006) ..................... 4

*Takara Trust v. Molex Inc.*,
  229 F.R.D. 577 (N.D. Ill. 2005) ............................................................... 3

*Tanne v. Autobytel, Inc.*,
  226 F.R.D. 659 (C.D. Cal. 2005) ............................................................... 5

**Statutes**

15 U.S.C. § 78u-4(a)(1) ........................................................................... 1

15 U.S.C. § 78u-4(a)(3)(A)(i) ..................................................................... 1

15 U.S.C. § 78u-4(a)(3)(B) ........................................................................ 4

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ................................................................ 1

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa) ............................................................ 3

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) ............................................................... 1

15 U.S.C. § 78u-4(a)(3)(B)(v) ..................................................................... 7

15 U.S.C. §§ 78u-4(a)(3)(B) ................................................................................................................ 1

**Rules**

Fed. R. Civ. P. 23(a)(3) ..................................................................................................................... 4

Fed. R. Civ. P. 23(a)(4) ..................................................................................................................... 5

**Other Authorities**

H.R. Conf. Rep. No. 104-369 (1995),
    *reprinted in* 1995 U.S.C.C.A.N. 730 (1995) ....................................................................... 6

## MEMORANDUM OF POINTS AND AUTHORITIES

In securities class actions, courts must appoint the most adequate plaintiffs to serve as lead plaintiffs for the class. By law, a person or group of persons is presumed to be the most adequate plaintiff if it meets three conditions: (1) files a timely motion for appointment as lead plaintiff; (2) has the largest financial interest in the relief sought by the class; and (3) satisfies the requirements of Rule 23. The Arbitrage Plaintiffs meet these conditions and should be appointed as lead plaintiffs. In addition, their selected counsel should be approved to represent the class.

### I.   LEGAL STANDARD

The Private Securities Litigation Reform Act ("PSLRA") governs the appointment of lead plaintiffs in this action. *See* 15 U.S.C. §§ 78u-4(a)(1) and (a)(3)(B). Under the PSLRA, plaintiffs have twenty days from filing the complaint to publish a notice advising members of the putative class concerning the pending action. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). In response, any member or members of the putative class may move to serve as lead plaintiffs, provided they do so within sixty days after the notice is published. *See id*.

In appointing lead plaintiffs, the Court is tasked with identifying the class member or members "most capable of adequately representing the interests of class members." *Id.* Under the PSLRA, the most adequate plaintiff is presumed to be the "person or groups of persons" that:

(a)   has either filed the complaint or made a motion in response to a notice . . . ;

(b)   in the determination of the court, has the largest financial interest in the relief sought by the class; and

(c)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption is rebuttable, but only by proof from a class member that the presumptive most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

## II.     PROCEDURAL BACKGROUND

On January 2, 2020, plaintiff Christopher Sayce filed a complaint against Forescout Technologies, Inc., Michael DeCesare and Christopher Harms for violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"). *See* ECF No. 1. Sayce's complaint was brought on behalf of a class consisting of investors who acquired Forescout securities between February 7, 2019 and October 9, 2019, both dates inclusive. *Id.* The same day, Sayce's counsel published notice of the lawsuit pursuant to the PSLRA. On March 23, 2020, this Court granted Meitav Tachlit's unopposed motion for appointment as lead plaintiff. *See* ECF No. 27. Two months after that appointment – on May 22, 2020 – Meitav Tachlit filed an amended complaint that expanded the proposed class (the "Class") to include persons or entities who purchased or otherwise acquired the common stock of Forescout between February 7, 2019 and May 15, 2020, both dates inclusive (the "Class Period"). *See* ECF No. 31.

On June 10, 2020, the Water Island Funds filed a separate complaint against the same defendants, also for violations of the Exchange Act. *See Arbitrage Fund v. Forescout Techs., Inc.* ("*Water Island Action*"), No. 3:20-cv-03819-SI, ECF No. 1. However, that complaint was brought on behalf of a narrower group of investors: those who purchased or otherwise acquired the common stock of Forescout during the period from February 6, 2020 through May 15, 2020, inclusive, and were damaged thereby. *Id.* The next day, counsel for the Water Island Funds published notice of that lawsuit.

Thereafter, on July 22, 2020, this Court consolidated the two cases. *See* ECF No. 55 at 10; *Water Island Action*, ECF No. 25 at 10. Because many members of the now-expanded Class did not receive notice of the subject claims and did not have an opportunity to seek appointment as lead plaintiffs, the Court vacated its order appointing Meitav Tachlit as lead plaintiff and ordered Meitav Tachlit to republish notice of the consolidated Class no later than July 31, 2020. *See id.* Meitav Tachlit's counsel, Pomerantz LLP, published notice on July 29, 2020, setting a September 28, 2020 deadline for Class members to move for appointment as lead plaintiffs. *See* Decl. of Marc M. Seltzer, Ex. C.

### III. MOTION TO BE APPOINTED LEAD PLAINTIFFS

The Arbitrage Plaintiffs are presumptively the most adequate class members to serve as lead plaintiffs. They have filed a timely motion, have the largest financial interest and satisfy Rule 23's typicality and adequacy requirements, as discussed more fully below.

#### A. This motion is timely

The PSLRA's first requirement is simple: file a complaint or a timely motion. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa). Here, notice was published on July 29, 2020. Accordingly, the deadline to file a motion to be appointed lead plaintiffs is September 28, 2020. The Arbitrage Plaintiffs are filing this motion on September 28, 2020, so the motion is timely, and the PSLRA's first requirement is satisfied.

#### B. The Arbitrage Plaintiffs have the largest financial interest in the relief sought

The PSLRA's second requirement concerns the relative financial interests of those seeking appointment as lead plaintiffs. The most adequate plaintiff is the person or group of persons with the most at stake. Consequently, the Court must "compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit." *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002).

Comparing potential lead plaintiffs' financial interest in the litigation requires first calculating those interests. To this end, the Ninth Circuit recommends that the Court "select accounting methods that are both rational and consistently applied." *Id*. at n.4. Where, as here, potential lead plaintiffs' financial stakes depend on transactions of common stock, courts in this circuit typically consider the *Olsten-Lax* factors. *See Knox v. Yingli Green Energy Holding Co. Ltd.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015). Those factors are: "(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered." *Id.* Of the four factors, the last is most determinative. *Id.* Indeed, "most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Takara Trust v. Molex Inc.*, 229 F.R.D. 577, 579 (N.D. Ill. 2005).

Here, the Arbitrage Plaintiffs believe they have the largest financial interest in the relief sought by the Class. Together, they purchased 2,508,595 shares (and 403,781 net shares) of Forescout common stock during the Class Period. Their funds expended during the Class Period total $80,363,407.69, and their net funds expended total $13,466,354.21. Their actual losses total approximately $3.4 million. And their *Dura* losses total approximately $2.75 million. *See* Decl. of Marc M. Seltzer, Ex. B. The Arbitrage Plaintiffs are presently unaware of any other Class member with a larger financial interest in the outcome of this litigation that has sought to be appointed lead plaintiff. Consequently, the Arbitrage Plaintiffs are presumptively the most adequate to serve as lead plaintiffs.

### C. The Arbitrage Plaintiffs satisfy Rule 23

The PSLRA's third requirement is that the potential lead plaintiff "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B). In turn, Rule 23(a) lists four requirements for certifying a class: numerosity, commonality, typicality and adequacy. Of those, only two (typicality and adequacy) are relevant to selecting a lead plaintiff, and the prospective lead plaintiff need only make a preliminary showing. *See Erikson v. Cornerstone Propane Partners LP*, No. C 03-2522 MHP, 2003 WL 22232387, at *3 (N.D. Cal. Sept. 15, 2003) ("All that is required at this stage of litigation is a preliminary showing of typicality and adequacy."); *Schriver v. Impac Mort. Holdings, Inc.*, No. SACV 06-31 CJC(RNBx), 2006 WL 6886020, at *5 (C.D. Cal. May 2, 2006) ("At the lead plaintiff appointment stage, the Rule 23 inquiry is not as searching as it would be on a motion for class certification; the prospective lead plaintiff need only make a prima facie showing that it meets the typicality and adequacy factors.").

As set forth below, the Arbitrage Plaintiffs satisfy Rule 23's typicality and adequacy requirements.

#### 1. The Arbitrage Plaintiffs' claims are typical of the Class

A class representative's claims or defenses must be "typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs,

and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (quotation omitted).

Typicality is straightforward in securities class actions, and this case is no exception. Just like other Class members, the Arbitrage Plaintiffs (1) acquired Forescout common stock during the Class Period, (2) at prices artificially inflated by defendants' false and misleading statements and omissions and (3) suffered damage as a result. This action is based on defendants' conduct – none of which is alleged to be unique as to any plaintiff, including the Arbitrage Plaintiffs. Moreover, though the extent of injury will differ from Class member to Class member, all damages suffered by the Class members arose out of the same course of conduct by the defendants. Courts find typicality in similar circumstances, requiring only that potential lead plaintiffs have traded in defendants' securities and suffered losses during the class period. *See, e.g.*, *Erikson*, 2003 WL 22232387, at *3; *Tanne v. Autobytel, Inc.*, 226 F.R.D. 659, 667 (C.D. Cal. 2005). The same conclusion applies here: The Arbitrage Plaintiffs are typical of the Class.

### 2. The Arbitrage Plaintiffs will fairly and adequately represent the interests of the Class

Representative parties must also "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). A class representative is adequate when the representatives interests are not antagonistic to the interests of absent class members, it is unlikely that the action is collusive and counsel for the class is qualified and competent. *Curry v. Hansen Med., Inc.*, No. 5:09-cv-05094-JF (HRL), 2010 WL 702432, at *2 (N.D. Cal. Feb. 25, 2010). "In addition, the class representative must have a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Ferrari v. Gisch*, 225 F.R.D. 599, 607 (C.D. Cal. 2004).

The Arbitrage Plaintiffs meet these requirements. *First*, the Arbitrage Plaintiffs suffered substantial losses from defendants' wrongdoing during the Class Period. Such substantial losses ensure that the Arbitrage Plaintiffs are highly invested in the case's outcome and that their interests are aligned with the interests of other Class members. *See Ferrari*, 225 F.R.D. at 607 (suffering the greatest financial loss provides an incentive to prosecute the case vigorously). *Second*, there is no evidence of collusive action. *Third*, the Arbitrage Plaintiffs' counsel are qualified and competent.

1   The firms (Susman Godfrey, Entwistle & Cappucci and Labaton Sucharow) are highly experienced
2   in prosecuting securities class actions and highly successful in those prosecutions. *See infra* § IID.
3   For these reasons, the Arbitrage Plaintiffs are adequate class representatives.

4   The Arbitrage Plaintiffs are also adequate representatives because they have experience
5   working with legal counsel to litigate shareholder appraisal/dissenter rights matters, giving them a
6   view of the responsibilities attendant with the lead plaintiff role and experience in managing
7   counsel in securities cases. *See* Decl. of Marc M. Seltzer, Ex. A. ¶ 8. Before filing this motion, the
8   Arbitrage Plaintiffs discussed the obligations of lead plaintiffs and procedures and mechanisms for
9   communications and decision-making. *See id.* ¶¶ 11–12. They also agreed to function cohesively
10  and established procedures for communication and overseeing the litigation. *See id*. The Class will
11  benefit from representation by this small, cohesive group of sophisticated fiduciaries with diverse
12  perspectives – a group committed to vigorously prosecuting the action in the best interests of the
13  Class. *See id.* ¶¶ 9–10.

14  Not only are the Arbitrage Plaintiffs adequate representatives, they are ideal representatives
15  according to Congress. One of the PSLRA's goals is to encourage institutional investors to take the
16  reins in securities class actions. *See* H.R. Conf. Rep. No. 104-369, at *34 (1995), *reprinted in* 1995
17  U.S.C.C.A.N. 730, 755 (1995) ("increasing the role of institutional investors in class actions will
18  ultimately benefit shareholders and assist courts by improving the quality of representations in
19  securities class actions"). Federal courts have noted this Congressional preference for institutional
20  investors like the Arbitrage Plaintiffs. *See, e.g.*, *In re Cendant Corp. Litig.*, 264 F.3d 201, 243–44
21  (3d Cir. 2001) ("The plaintiff with the largest stake in a given securities class action will almost
22  invariably be a large institutional investor, and the PSLRA's legislative history expressly states that
23  Congress anticipated and intended that such investors would serve as lead plaintiffs.").

24  Finally, certain of the Arbitrage Plaintiffs (the Water Island Funds) have demonstrated their
25  adequacy by filing a detailed complaint against defendants. Moreover, in opposing the former lead
26  plaintiff's motion to consolidate, the Water Island Funds successfully requested that the Court order
27  a new lead plaintiff selection process to allow qualified movants in the expanded Class Period to
28  move for appointment as lead plaintiffs.

### D. The Court should approve the Arbitrage Plaintiffs' choice of counsel

The Arbitrage Plaintiffs have selected the law firms of Susman Godfrey, Entwistle & Cappucci and Labaton Sucharow to serve as their counsel. Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), that choice should be approved. Each firm possesses extensive experience successfully litigating securities class actions.

Susman Godfrey has served as lead counsel in hundreds of class actions and other complex commercial disputes in courts throughout the country. Susman Godfrey's practice is dedicated exclusively to litigating and trying lawsuits. The firm has represented clients in some of the largest and most complex cases ever litigated, and it has demonstrated that it has the ability and resources to handle those cases effectively and efficiently. Susman Godfrey's experience, track record of success and staying power are reflected in its wide recognition as one of the nation's leading trial firms, including by *The American Lawyer* in its first-ever "Litigation Boutique of the Year" competition. More recently, Susman Godfrey was named in 2017 as Law360's "Class Action Group of the Year" and has been listed as one of the "top 20 Trial Firms" by Benchmark Litigation. Every year from 2010 to 2020, Vault has ranked Susman Godfrey the "No. 1 Litigation Boutique." The firm's lawyers (over 90% of whom served as federal judicial law clerks) are also consistently recognized as "Super Lawyers" and "Rising Stars" in the states where they practice. Susman Godfrey has handled numerous private and class action cases resulting in significant recoveries for defrauded investors. For example, in *Schulein v. Petroleum Development Corp.*, No. 11-1891 (C.D. Cal.), Susman Godfrey obtained $37.5 million for a class of limited partners who invested in oil and gas limited partnerships. Other significant cases in which Susman Godfrey served in a leadership capacity and obtained significant recoveries on behalf of the respective classes are set forth in the attached firm resume. *See* Decl. of Marc M. Seltzer, Ex. D.

Likewise, Entwistle & Cappucci has successfully prosecuted some of the largest and highest-profile securities class actions in history, distinguishing itself as one of the nation's premier complex litigation firms. It currently serves as lead counsel in many noteworthy securities class actions pending throughout the country. Entwistle & Cappucci's recent successes include *In re Cobalt International Energy, Inc. Sec. Litig.*, No. 14-cv-3428 (S.D. Tex.). In *Cobalt*, Entwistle &

1  Cappucci, as court-appointed co-lead counsel for the class, achieved settlements totaling $173.8
2  million in cash, plus up to $161.5 million payable from the proceeds of management liability
3  policies which are subject to ongoing litigation led by the firm. Other significant cases in which
4  Entwistle & Cappucci served in a leadership capacity and obtained significant recoveries on behalf
5  of the respective classes are set forth in the attached firm resume. *See* Decl. of Marc M. Seltzer, Ex.
6  E.

7  Similarly, Labaton Sucharow has demonstrated tremendous success in prosecuting
8  securities class actions. For example, as co-lead counsel on behalf of purchasers of Massey Energy
9  Company, Labaton Sucharow achieved a $265 million all-cash settlement to resolve claims under
10 Sections 10(b) and 20(a) of the Exchange Act. *See In re Massey Energy Co. Sec. Litig.*, No. 10-cv-
11 00689-ICB (S.D. W. Va.). And in *In re Schering-Plough Corp./Enhance Sec. Litig.*, No. 08-397
12 (D.N.J.), after five years of litigation, the firm secured a $473 million settlement for the defendant's
13 failure to disclose material information to investors. Other significant cases in which Labaton
14 Sucharow served in a leadership capacity and obtained significant recoveries on behalf of the
15 respective classes are set forth in the attached firm resume. *See* Decl. of Marc M. Seltzer, Ex. F.

16 Susman Godfrey, Entwistle & Cappucci and Labaton Sucharow have also worked
17 cooperatively together on a number of cases. Most recently, Susman Godfrey and Entwistle &
18 Cappucci secured a $40 million settlement for a class of derivatives traders in *Timber Hill v.*
19 *Pershing Square Capital Mgmt. L.P., et al.*, No. 17-cv-4776. (C.D. Cal.). Labaton Sucharow and
20 Entwistle & Cappucci are also currently working together to prosecute securities class actions on
21 behalf of former shareholders of Alta Mesa Resources, Inc. *(see In re Alta Mesa Sec. Litig.*, Case
22 No. 19-cv-00957 (S.D. Tex.)) and shareholders of Resideo Technologies, Inc. (*see In re Resideo*
23 *Technologies, Inc. Sec. Litig.*, No. 19-cv-02863 (D. Minn.)).

24 **IV.   CONCLUSION**

25 Under the PSLRA, the Arbitrage Plaintiffs are presumptively the most adequate lead
26 plaintiffs. They respectfully request that the Court grant this motion, appoint them to serve as lead
27 plaintiffs and approve their selection of lead counsel for the Class.

28

| | | |
|---|---|---|
| 1 | Dated: September 28, 2020 | Respectfully submitted, |

Marc M. Seltzer
Krysta Kauble Pachman
P. Ryan Burningham
SUSMAN GODFREY L.L.P.

Andrew J. Entwistle
Vincent R. Cappucci
Brendan J. Brodeur
Andrew M. Sher
ENTWISTLE & CAPPUCCI LLP

Christopher J. Keller
Francis P. Mcconville
LABATON SUCHAROW LLP

By:   */s/ Marc M. Seltzer*
         Marc M. Seltzer

*Attorneys for the Arbitrage Plaintiffs and Proposed Lead Counsel*