# EXHIBIT A

**JOINT DECLARATION OF THE WATER ISLAND FUNDS, S. MUOIO & CO. LLC, AND AMETHYST ARBITRAGE INTERNATIONAL MASTER FUND**

We, Jonathon Hickey, Salvatore Muoio and Bryan Nunnelley, pursuant to 28 U.S.C. § 1746, declare as follows:

1.  We respectfully submit this Joint Declaration in support of the Motion of The Arbitrage Fund, Water Island Levarb Fund, LP, Water Island Diversified Event-Driven Fund, Water Island Merger Arbitrage Institutional Comingled Master Fund LP and Altshares Merger Arbitrage ETF (collectively, the "Water Island Funds"), S. Muoio & Co. LLC ("S. Muoio & Co.") and Amethyst Arbitrage International Master Fund ("Amethyst") (collectively, the "Arbitrage Plaintiffs") for Appointment as Lead Plaintiffs in the securities class action (the "Action") against Forescout Technologies, Inc. ("Forescout"), Forescout Chief Executive Officer Michael DeCesare and Forescout Chief Financial Officer Christopher Harms (collectively, "Defendants"), pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"). We each have personal knowledge about the information in this Joint Declaration relating to the institution with which we are individually associated.

2.  I, Jonathon Hickey, am Chief Operating Officer of Water Island Capital, LLC, the investment manager of each of the Water Island Funds, and am authorized to make this Joint Declaration on their behalf. As set forth in the Motion for Appointment as Lead Plaintiffs and the supporting papers filed with the Court, the Water Island Funds suffered substantial losses as a result of their investments in Forescout common stock during the Class Period. Headquartered in New York, New York, the Water Island Funds are institutional investors that understand, appreciate and accept the duties and responsibilities with which a lead plaintiff is charged under the PSLRA. The Water Island Funds have significant familiarity with the PSLRA's requirements as a result of serving in leadership roles in other transaction-related securities class actions, including *In re Pattern Energy Group Inc. Sec. Litig.*, Case No. 20-cv-00275-MN-JLH (D. Del.), *In re Columbia*

*Pipeline Group, Inc. Securities Litigation*, No. 18-cv-03670-GBD (S.D.N.Y.) and *San Antonio Fire and Pension Fund v. Dole Food Company, Inc.*, Case No. 15-cv-1140-SLR (D. Del.).

3.   I, Salvatore Muoio, am the Chief Executive Officer of S. Muoio & Co. LLC and am authorized to make this Joint Declaration on its behalf. As set forth in the Motion for Appointment as Lead Plaintiffs and the supporting papers filed with the Court, S. Muoio & Co. suffered substantial losses as a result of its investments in Forescout common stock during the Class Period. Headquartered in New York, New York, S. Muoio & Co. is an institutional investor that understands, appreciates and accepts the duties and responsibilities with which a lead plaintiff is charged under the PSLRA.

4.   I, Bryan Nunnelley, am the Managing Director of Crystalline Management Inc., investment advisor to Amethyst Arbitrage International Master Fund and am authorized to make this Joint Declaration on its behalf. As set forth in the Motion for Appointment as Lead Plaintiffs and the supporting papers filed with the Court, Amethyst suffered substantial losses as a result of its investments in Forescout common stock during the Class Period. Headquartered in Toronto, Canada, Amethyst is an institutional investor that understands, appreciates and accepts the duties and responsibilities with which a lead plaintiff is charged under the PSLRA.

5.   After analyzing the merits of the claims against Defendants, the respective losses incurred by each fund arising from its investments in Forescout common stock and consulting with our respective counsel, the Water Island Funds, S. Muoio & Co. and Amethyst approved the filing of a joint motion for appointment as Lead Plaintiffs.

6.   The Water Island Funds, S. Muoio & Co. and Amethyst are each highly motivated to recover the substantial losses they incurred as a result of Defendants' alleged violations of the federal securities laws. Accordingly, we believe this case should be prosecuted by sophisticated institutional investors with significant resources, experience leading class action lawsuits under the

PSLRA and a financial interest substantial enough to ensure that the claims are litigated vigorously, efficiently and in the best interests of the Class.

7. In this regard, the Water Island Funds, S. Muoio & Co. and Amethyst each independently determined to jointly seek appointment as Lead Plaintiffs. As noted above, the Water Island Funds have significant experience serving in leadership roles in securities class action cases separate and apart from this case and recognize the inherent benefits to the class that result from having sophisticated institutional investors lead the prosecution of complex securities actions. Indeed, the Water Island Funds filed a class action complaint in this matter and, in opposing a motion to consolidate, successfully requested that the Court allow new lead plaintiff movants in light of the significantly expanded Class Period.

8. The Water Island Funds, S. Muoio & Co. and Amethyst are institutional investment firms that employ similar merger arbitrage and event-driven strategies. We each share similar organizational and leadership structures and have experience working with counsel to litigate shareholder appraisal/dissenter rights matters with respect to mergers and other corporate transactions. These experiences provide us with a view of both the responsibilities of a lead plaintiff and how best to manage counsel in connection with securities cases. Accordingly, we each determined that serving as Lead Plaintiffs with one another would allow us to maximize the recovery for all Class members, and would allow for the sharing of experiences and resources as well as collaboration on litigation strategy. The Water Island Funds, S. Muoio & Co. and Amethyst believe working together to prosecute this case will benefit all investors during the Class Period that purchased Forescout common stock and provide the Class with the best possible representation.

9. The Water Island Funds, S. Muoio & Co. and Amethyst agree that their partnership is well-suited for this litigation because a small, cohesive group of sophisticated fiduciaries with diverse perspectives will have a beneficial effect on the quality of representation. The Water Island

Funds, S. Muoio & Co. and Amethyst are aware the PSLRA and courts in this Circuit permit groups to serve as lead plaintiffs when they are able to oversee counsel effectively in an independent manner and demonstrate they will vigorously prosecute the action in the best interests of the class. The Water Island Funds, S. Muoio & Co. and Amethyst intend to litigate this Action in an independent and vigorous manner.

10.     As part of our efforts to explore working together, on September 16, 2020, we participated in a joint conference call, during which we discussed various aspects of the Action pending against Defendants, including:  the history of the litigation and the Court's order that a new lead plaintiff process be held in light of the expanded Class Period; the allegations in the litigation and the merits of the claims against Defendants; the PSLRA's lead plaintiff appointment process and our obligations in connection therewith; the benefits of working together jointly to prosecute the litigation in a collaborative and cohesive manner; the advantages of sharing resources and having experienced law firms serve as lead counsel; and procedures and mechanisms for communication and decision-making that will ensure the proposed Class will benefit from our supervision of counsel.  In particular, we discussed our shared views that the prosecution of this litigation will benefit from the leadership of investors that have the financial interest and desire to ensure active oversight of this litigation and maximize the proposed Class' potential recovery.

11.     We have discussed the requirements and responsibilities of being a lead plaintiff in a securities class action governed by the PSLRA with one another and with our counsel.  We understand it is our responsibility to keep informed regarding the status and progress of this Action, the strengths and weaknesses of the case, and any prospects for resolution of this matter.  We will function as a cohesive group, and will use all our strengths and talents in representing the Class.  We further understand that as lead plaintiffs we will have the responsibility to make important litigation decisions and direct counsel with respect to this litigation.

12. During the September 16, 2020 call, we agreed that, in order to ensure the Action is prosecuted according to the best interests of the Class, we will exercise joint decision making and work together in this litigation to actively monitor the activities of counsel.  In particular, and in order to fulfill our obligation to supervise counsel and ensure the effective prosecution of the Action, we have established procedures for overseeing the progress of the litigation and communicating with each other and with counsel as needed.

13. To fulfill our duties as lead plaintiffs, we will, among other things, review pleadings and motion papers received from counsel, obtain periodic status reports on the progress of the litigation and, to the extent necessary, produce documents, answer interrogatories and/or testify at deposition or trial.  We will also provide input into litigation decisions and strategies and be involved in the final approval of any major litigation decisions, including whether to settle the litigation and, if so, for what amount.

14. We are aware that lead plaintiffs have a fiduciary duty to the entire Class, which we each intend to represent fully and faithfully.  We understand that to fulfill our fiduciary duties and obligations as Lead Plaintiffs, we must fairly and adequately represent the Class by vigorously prosecuting this case on behalf of the Class.  Each of us will do our best to maximize the recovery for the Class.  We will take an active role in the prosecution of the case, including supervising counsel and ensuring that the case is handled in an efficient manner.

15. We will also continue to communicate regularly with counsel and each other regarding major litigation events, such as case strategy, important motions, settlement discussions, trial preparation and trial, and shall have the authority and responsibility to direct counsel with respect to each of these events after receiving the benefit of counsel's advice.  We intend to communicate with our counsel — and with each other separately from our attorneys — as often as necessary to ensure the vigorous and efficient prosecution of this case and to discuss the progress

of the litigation and the litigation strategies recommended by our counsel. We understand that litigation of this nature has periods of greater and lesser activity, and we will remain available to counsel and ourselves as needed to fulfill our role as lead plaintiffs.

16. We are also prepared to personally attend proceedings in the litigation, including Court hearings, depositions, trial and settlement mediations when our presence will benefit the proposed Class.

17. We are also committed to ensuring the Class' claims will be efficiently and zealously prosecuted through our oversight of our proposed Lead Counsel, Entwistle & Cappucci LLP, Labaton Sucharow LLP and Susman Godfrey L.L.P. We are familiar with the firms, have each worked with at least one of the firms in the past and are confident each of the firms is highly skilled in the prosecution of class action securities cases and will vigorously and diligently prosecute this Action at our direction. Moreover, we understand that our counsel have previously worked together to prosecute securities class actions, including actions brought in this District. We believe the proven track record of our selected counsel demonstrates our Lead Plaintiff group's ability to obtain the best possible recovery for the Class.

18. We have directed counsel to advise us on a regular basis regarding the progress of the litigation, including all developments during the lead plaintiff motion process. We will continue to direct counsel and actively oversee the prosecution of this Action for the benefit of the proposed Class by, among other things, reviewing pleadings and regularly communicating amongst ourselves and with counsel as needed. We have communicated our directive that the Action be prosecuted efficiently and in a cost-effective manner and are confident that our counsel understand our instructions.

19. Based on our communications to date, we do not anticipate any disagreements between us will arise. We have agreed to make all efforts to reach consensus with respect to all litigation decisions.

20. The Water Island Funds, S. Muoio & Co. and Amethyst hereby reaffirm our commitment to satisfying the fiduciary obligations that the Water Island Funds, S. Muoio & Co. and Amethyst will assume if appointed Lead Plaintiffs, including by overseeing counsel regarding litigation strategy, attending court proceedings, depositions, settlement mediations and hearings as needed, and reviewing and authorizing the filing of important pleadings and other litigation documents. Through these and other measures, the Water Island Funds, S. Muoio & Co. and Amethyst will ensure that the Action will be vigorously prosecuted consistent with the lead plaintiff's obligations under the PSLRA and in the best interests of the Class.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing statements relating to the Arbitrage Fund, Water Island Levarb Fund, LP, Water Island Diversified Event-Driven Fund, Water Island Merger Arbitrage Institutional Comingled Master Fund LP, and Altshares Merger Arbitrage ETF are true to the best of my knowledge. Executed this 24 day of September, 2020.

Jonathon Hickey
Chief Operating Officer of Water Island Capital LLC, investment advisor to the Arbitrage Fund, Water Island Levarb Fund, LP, Water Island Diversified Event-Driven Fund, Water Island Merger Arbitrage Institutional Comingled Master Fund LP, and Altshares Merger Arbitrage ETF

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing statements relating to S. Muoio & Co. LLC are true to the best of my knowledge. Executed this 23 day of September, 2020.

*/s/ Salvatore Muoio*
Salvatore Muoio
Chief Executive Officer
S. Muoio & Co. LLC

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing statements relating to Amethyst Arbitrage International Master Fund are true to the best of my knowledge. Executed this 24 day of September, 2020.

DocuSigned by:

*Bryan Nunnelley*

Bryan Nunnelley
Managing Director of Crystalline Management Inc., investment advisor to Amethyst Arbitrage International Master Fund