ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS (213113)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
       – and –
DANIELLE S. MYERS (259916)
MICHAEL ALBERT (301120)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
malbert@rgrdlaw.com

JOHNSON FISTEL, LLP
FRANK J. JOHNSON (174882)
655 West Broadway, Suite 1400
San Diego, CA 92101
Telephone: 619/230-0063
619/255-1856 (fax)
frankj@johnsonfistel.com

[Proposed] Lead Counsel for [Proposed] Lead Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHRISTOPHER L. SAYCE, et al., Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) ) | Case No. 3:20-cv-00076-SI |
| | | CLASS ACTION |
| Plaintiffs, | ) ) | NOTICE OF MOTION AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF |
| vs. | ) ) ) | AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL; |
| FORESCOUT TECHNOLOGIES, INC., et al., | ) ) | MEMORANDUM OF LAW IN SUPPORT THEREOF |
| Defendants. | ) ) | |
| | ) | DATE: November 6, 2020 TIME: 10:00 a.m. CTRM: 1, 17th Floor |

4832-3766-8300.v1

## NOTICE OF MOTION AND MOTION

TO:    ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD

PLEASE TAKE NOTICE that on Friday, November 6, 2020, at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 1 on the 17th Floor of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA, 94102 before the Honorable Susan Illston, Donald R. Levin will and hereby does move this Court pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4(a)(3)(B), for an order appointing him as Lead Plaintiff and approving his selection of Robbins Geller Rudman & Dowd LLP and Johnson Fistel, LLP as Lead Counsel.  This Motion is made on the grounds that Mr. Levin is the "most adequate plaintiff" to serve as lead plaintiff.

## MEMORANDUM OF LAW

### I.    INTRODUCTION

In securities class actions, the PSLRA requires district courts to appoint as lead plaintiff the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  15 U.S.C. §78u-4(a)(3)(B)(i).  Mr. Levin should be appointed as lead plaintiff because he timely filed this Motion, has a large financial interest in the outcome of this litigation, and will typically and adequately represent the class's interests.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  In addition, Mr. Levin's selection of Robbins Geller and Johnson Fistel to serve as lead counsel should be approved because the Firms possess extensive experience prosecuting securities class actions and will adequately represent the interests of all class members.  *See* §III.B. *infra*.

### II.    STATEMENT OF ISSUES TO BE DECIDED

1.    Whether the Court should appoint Mr. Levin as Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B); and

2.    Whether the Court should approve Mr. Levin's selection of Robbins Geller and Johnson Fistel as Lead Counsel pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v).

NOTICE OF MOTION AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF - 3:20-cv-00076-SI
4832-3766-8300.v1

- 1 -

## III.   ARGUMENT[1]

### A.   Mr. Levin Is the "Most Adequate Plaintiff" and Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Securities Exchange Act of 1934] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(1).  First, a notice must be published "in a widely circulated national business-oriented publication or wire service" advising members of the purported plaintiff class "of the pendency of the action, the claims asserted therein, and the purported class period" and that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff."  15 U.S.C. §78u-4(a)(3)(A)(i).  Pursuant to the Court's July 22, 2020 Order (ECF No. 55), notice in this case was published on July 29, 2020, via *PRNewswire*.  *See* Declaration of Danielle S. Myers in Support of Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel ("Myers Decl."), Ex. A.

Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that:

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii); *see also In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002).  Mr. Levin meets each of these requirements and should be appointed as Lead Plaintiff.

### 1.   This Motion Is Timely

The notice published on July 29, 2020, pursuant to the Court's Order advised class members of the pendency of the action, the claims asserted therein, the proposed class and the right to move the Court to be appointed as lead plaintiff by September 28, 2020.  *See* Myers Decl., Ex. A.  Because

---

[1]   The Court's Background from the Order to Consolidate Cases and Republish PSLRA Notice is incorporated herein.  *See* ECF No. 55.

this Motion is being filed on September 28, it is timely and Mr. Levin is entitled to be considered for appointment as lead plaintiff.

### 2. Mr. Levin Has the Largest Financial Interest in the Relief Sought by the Class

As evidenced by the PSLRA Certification, more than $5.2 million was expended purchasing 150,000 shares of Forescout stock, resulting in approximately $1.8 million in losses a result of defendants' alleged misconduct.  *See* Myers Decl., Exs. B, C.  This loss is greater than either Meitav Tachlit Mutual Funds, Ltd.'s loss or the Arbitrage Fund, Water Island LevArb Fund, LP, Water Island Diversified Event-Driven Fund, Water Island Merger Arbitrage Institutional Comingled Master Fund LP, and Altshares Merger Arbitrage ETF's (together, "the Arbitrage Fund Plaintiffs") loss.  As such, Mr. Levin possesses the greatest financial interest in the relief sought by the putative class.

### 3. Mr. Levin Is Typical and Adequate of the Putative Class

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(3)-(4); *Cavanaugh*, 306 F.3d at 730 (focusing "in particular" on typicality and adequacy at the lead plaintiff stage).  "Typicality asks whether 'the claims or defenses of the representative parties are typical of the claims or defenses of the class.'"  *Bodri v. GoPro, Inc.*, 2016 WL 1718217, at *5 (N.D. Cal. Apr. 28, 2016) (quoting Fed. R. Civ. P. 23(a)(3)).  The adequacy requirement "inquires whether 'the representative parties will fairly and adequately protect the interests of the class.'"  *Id.* (quoting Fed. R. Civ. P. 23(a)(4)).

Here, as to typicality, in light of the Forescout stock purchased during the Class Period, Mr. Levin's claim for damages is for the same injury that absent class members suffered when defendants' alleged misconduct was revealed.  *See* Myers Decl., Exs. B, C.  As to adequacy, Mr. Levin's substantial stake in the outcome of the case indicates he has the requisite incentive to vigorously represent the class's claims.  Moreover, Mr. Levin is not aware of any conflicts between

NOTICE OF MOTION AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND
APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL; MEMORANDUM OF LAW
IN SUPPORT THEREOF - 3:20-cv-00076-SI                                            - 3 -
4832-3766-8300.v1

his claims and those asserted on behalf of the putative class and is not subject to any unique defenses. Finally, Mr. Levin has also submitted a declaration further demonstrating his adequacy to represent the class in this case. *See* Myers Decl., Ex. D.

As such, the Court should find that Mr. Levin has made the requisite showing of typicality and adequacy to trigger the most adequate plaintiff presumption.

### B.    The Court Should Approve Mr. Levin's Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). The Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to protect the interests of the class. *See In re Cohen*, 586 F.3d 703, 711-12 (9th Cir. 2009) ("if the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice"); *Cavanaugh*, 306 F.3d at 732-35. Mr. Levin has selected Johnson Fistel and Robbins Geller as lead counsel in this case.

Robbins Geller, a 200-attorney nationwide law firm with offices in San Francisco, regularly practices complex securities litigation. The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues.[2] Courts throughout the country have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases. *See, e.g.*, *In re Am. Realty Capital Props., Inc. Litig.*, No. 1:15-mc-00040-AKH, ECF No. 1316 at 55 (S.D.N.Y. Jan. 21, 2020) (concerning Robbins Geller's role as sole lead counsel in recovering $1.025 billion for the class in a securities case, stating "the role of lead counsel was fulfilled in an extremely fine fashion by [Robbins Geller]. At every juncture, the representations made to me were reliable, the arguments were cogent, and the representation of their client was zealous.").

Notably, in the first half of 2020 alone, Robbins Geller has recovered more than $2.5 billion on behalf of investors in securities class action cases, including $1.02 billion in *Am. Realty*, $1.21

---

[2]    For a detailed description of Robbins Geller's track record, resources, and attorneys, please *see* https://www.rgrdlaw.com. A paper copy of the Firm's resume is available upon the Court's request, if preferred.

billion in *In re Valeant Pharm. Int'l, Inc. Sec. Litig.*, No. 3:15-cv-07658-MAS-LHG (D.N.J.) (pending final approval), and $350 million in *Smilovits v. First Solar, Inc.*, No. 2:12-cv-00555-DGC (D. Ariz.).  Robbins Geller has also obtained the largest securities fraud class action recoveries in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits, as well as a 2019 PSLRA class action trial victory in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865- AG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.[3]

Likewise, Johnson Fistel is a leading class action law firm and has earned a reputation for excellence and innovation in shareholder rights litigation.  Johnson Fistel has been appointed as lead or co-lead counsel in shareholder litigation numerous times in federal and state courts throughout the country, and has successfully litigated numerous such cases on behalf of injured investors.  *See* https://www.johnsonfistel.com/.

Robbins Geller and Johnson Fistel also have experience serving as lead counsel together and understand the importance of providing comprehensive representation to the class without performing duplicative work.  *See, e.g.*, *Gerneth v. Chiasma, Inc.*, No. 1:16-cv-11082-DJC (D. Mass.) (Robbins Geller and Johnson Fistel, as lead counsel in securities case, secured an $18.75 million class-wide settlement).

Mr. Levin's counsel is competent, experienced, and qualified to represent the putative class.  Accordingly, Robbins Geller and Johnson Fistel should be appointed as Lead Counsel.

---

[3]     *See In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery ever following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Group Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

NOTICE OF MOTION AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND
APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL; MEMORANDUM OF LAW
IN SUPPORT THEREOF - 3:20-cv-00076-SI                                                          - 5 -
4832-3766-8300.v1

**IV.    CONCLUSION**

Mr. Levin has satisfied each of the PSLRA's requirements for appointment as lead plaintiff. As such, Mr. Levin respectfully requests that the Court appoint him as Lead Plaintiff and approve his selection of Robbins Geller as Lead Counsel.

DATED:  September 28, 2020

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
MICHAEL ALBERT


                    s/ Danielle S. Myers
                  DANIELLE S. MYERS

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
malbert@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com

JOHNSON FISTEL, LLP
FRANK J. JOHNSON
655 West Broadway, Suite 1400
San Diego, CA  92101
Telephone:  619/230-0063
619/255-1856 (fax)
frankj@johnsonfistel.com

[Proposed] Lead Counsel for [Proposed] Lead Plaintiff

NOTICE OF MOTION AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND
APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL; MEMORANDUM OF LAW
IN SUPPORT THEREOF - 3:20-cv-00076-SI                                          - 6 -
4832-3766-8300.v1

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on September 28, 2020, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

         s/ Danielle S. Myers
         DANIELLE S. MYERS

         ROBBINS GELLER RUDMAN
            & DOWD LLP
         655 West Broadway, Suite 1900
         San Diego, CA  92101-8498
         Telephone:  619/231-1058
         619/231-7423 (fax)

         E-mail:  dmyers@rgrdlaw.com

4832-3766-8300.v1

# Mailing Information for a Case 3:20-cv-00076-SI Sayce v. Forescout Technologies, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Ian David Berg**
  iberg@aftlaw.com,tkellar@aftlaw.com

- **Brendan J. Brodeur**
  bbrodeur@entwistle-law.com

- **Paul Ryan Burningham**
  rburningham@susmangodfrey.com,ryan-burningham-9802@ecf.pacerpro.com,jgrounds@susmangodfrey.com,ecf-009165bc539e@ecf.pacerpro.com

- **Vincent Roger Cappucci**
  vcappucci@entwistle-law.com

- **Patrick V. Dahlstrom**
  pdahlstrom@pomlaw.com

- **Andrew J. Entwistle**
  aentwistle@entwistle-law.com

- **J Alexander Hood , II**
  ahood@pomlaw.com,tcrockett@pomlaw.com,abarbosa@pomlaw.com

- **Omar Jafri**
  ojafri@pomlaw.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com,tcrockett@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com,lpvega@pomlaw.com

- **Jennifer Pafiti**
  jpafiti@pomlaw.com,jalieberman@pomlaw.com,ahood@pomlaw.com,egoodman@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,abarbosa@pomla

- **Ignacio Evaristo Salceda**
  isalceda@wsgr.com,rlustan@wsgr.com

- **Marc M. Seltzer**
  mseltzer@susmangodfrey.com,ecf-4d2b1f772250@ecf.pacerpro.com,hdanielson@susmangodfrey.com,ecf-67366a65900c@ecf.pacerpro.com

- **Andrew Mitchell Sher**
  asher@entwistle-law.com

- **Diane Marie Walters**
  dwalters@wsgr.com,vshreve@wsgr.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)