POMERANTZ LLP
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Counsel for Lead Plaintiff Movant
and Proposed Lead Counsel for the Class*

*[Additional Counsel on Signature Page]*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| CHRISTOPHER L. SAYCE, *et al.*,<br><br>                              Plaintiffs,<br><br>                    v.<br><br>FORESCOUT TECHNOLOGIES, INC., *et al.*,<br><br>                              Defendants. | Case No.: 3:20-cv-00076-SI<br><br>NOTICE OF MOTION OF MEITAV TACHLIT MUTUAL FUNDS LTD. FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT<br><br><u>CLASS ACTION</u><br><br>Date:  November 6, 2020<br>Time:  10:00 a.m.<br>Judge:  Hon. Susan Illston<br>Courtroom:  1 – 17th Floor |

# **TABLE OF CONTENTS**

NOTICE OF MOTION..................................................................................................................1

SUMMARY OF ARGUMENT .....................................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ...............................................................3

I.      PRELIMINARY STATEMENT ........................................................................................3

II.     PROCEDURAL HISTORY................................................................................................5

III.    STATEMENT OF FACTS .................................................................................................6

IV.     ARGUMENT......................................................................................................................8

        A.      MEITAV SHOULD BE APPOINTED LEAD PLAINTIFF................................8

                1.      Meitav Is Willing to Serve as Class Representative .................................9

                2.      Meitav Is the Most Adequate Plaintiff within the Meaning of the PSLRA
                        .................................................................................................................9

                        a.      Meitav Has the Largest Financial Interest in the Action .............10

                        b.      Meitav Otherwise Satisfies the Requirements of Rule 23 ...........11

        B.      LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED
                .............................................................................................................................14

V.      CONCLUSION.................................................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re AudioEye, Inc.*,
No. CV-15-163-TUC-DCB, 2015 U.S. Dist. LEXIS 193348 (D. Ariz. July 31, 2015) ...............................................................................................................12

*Bao v. SolarCity Corp.*,
No. 14-cv-01435-BLF, 2014 U.S. Dist. LEXIS 111869 (N.D. Cal. Aug. 11, 2014) ......................................................................................................................11

*City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*,
No. 11-CV-04003-LHK, 2012 U.S. Dist. LEXIS 2776 (N.D. Cal. Jan. 9, 2012) ...................................................................................................................2, 10

*Feyko v. Yuhe Int'l Inc.*,
No. CV 11-05511 DDP, 2012 U.S. Dist. LEXIS 28040 (C.D. Cal. Mar. 2, 2012) .....................................................................................................................12

*Hanon v. Dataproducts Corp.*,
976 F.2d 497 (9th Cir. 1992) ...............................................................................11

*Hessefort v. Super Micro Comput., Inc.*,
317 F. Supp. 3d 1056 (N.D. Cal. 2018) ...............................................................11

*Knox v. Yingli Green Energy Holding Co.*,
136 F. Supp. 3d 1159 (C.D. Cal. 2015) ...........................................................2, 10

*Lax v. First Merchants Acceptance Corp.*,
No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997) .......1, 2, 10

*Nicolow v. Hewlett Packard Co.*,
Nos. 12-05980 CRB *et al.*, 2013 U.S. Dist. LEXIS 29876 (N.D. Cal. Mar. 4, 2013) ...................................................................................................................2, 10

*Osher v. Guess?, Inc.*, No. CV 01-00871 LGB (RNBx), 2001 U.S. Dist. LEXIS 6057 (C.D. Cal. Apr. 26, 2001).......................................................................14

*In re Petrobras Securities Litigation*,
No. 14-cv-09662 (S.D.N.Y.)..................................................................................14

*In re Regions Morgan Keegan Closed-End Fund Litig.*,
No. 07-02830, U.S. Dist. LEXIS 132902 (W.D. Tenn. Dec. 15, 2010) ................12

*Richardson v. TVIA, Inc.*,
    Nos. C-06-06304 RMW et al., 2007 U.S. Dist. LEXIS 28406 (N.D. Cal. Apr.
    16, 2007) ................................................................................................................ 11

*Sayce v. Forescout Technologies, Inc.*,
    3:20-cv-00076 (Dkt. No. 1) ............................................................................ 5, 6, 9

*Shenwick v. Twitter, Inc.*,
    No. 16-cv-05314-JST, 2016 U.S. Dist. LEXIS 177714 (N.D. Cal. Dec. 22,
    2016) ...................................................................................................................... 12

*In re SolarCity Corp. Sec. Litig.*,
    No. 16-CV-04686-LHK, 2017 U.S. Dist. LEXIS 11553 (N.D. Cal. Jan. 25,
    2017) ...................................................................................................................... 11

*Staton v. Boeing Co.*,
    327 F.3d 938 (9th Cir. 2003) ................................................................................ 12

*The Arbitrage Fund, et al. v. Forescout Technologies, Inc., et al.*,
    3:20-cv-03819 ........................................................................................................ 6

*In re Yahoo! Inc. Securities Litigation*,
    No. 17-cv-00373 (N.D. Cal.) ................................................................................ 14

**Statutes**

15 U.S.C. § 78u-4(a)(3) ..........................................................................................*passim*

Private Securities Litigation Reform Act of 1995 ................................................*passim*

Securities Exchange Act of 1934 ........................................................................... 1, 11

**Rules**

Fed. R. Civ. P. 23 ...................................................................................................*passim*

**Other Authorities**

H.R. Conf. Rep. No. 104-369 (1995)......................................................................... 12

NOTICE OF MOTION OF MEITAV TACHLIT MUTUAL FUNDS LTD. FOR APPOINTMENT AS LEAD PLAINTIFF
AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT – 3:20-cv-
00076-SI

**NOTICE OF MOTION**

TO:    ALL PARTIES AND THEIR COUNSEL OF RECORD

PLEASE TAKE NOTICE that on November 6, 2020 at 10:00 a.m., before the Honorable Susan Illston, at the San Francisco Courthouse, in Courtroom 1, 17th Floor, 450 Golden Gate Avenue, San Francisco, California 94102, Meitav Tachlit Mutual Funds Ltd. ("Meitav") will and hereby does respectfully move this Court pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for the entry of an Order: (1) appointing Meitav as Lead Plaintiff in the above-captioned consolidated action (the "Consolidated Action") on behalf of a class consisting of all persons and entities, other than the defendants ("Defendants"), who purchased or otherwise acquired Forescout Technologies, Inc. ("Forescout" or the "Company") securities between February 7, 2019 through May 15, 2020, both dates inclusive (the "Class Period") (the "Class"); and (2) approving Meitav's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel.

**SUMMARY OF ARGUMENT**

This motion is made on the grounds that Meitav is the "most adequate plaintiff" to lead the Class within the meaning of the PSLRA and that the PSLRA therefore mandates Meitav's appointment as Lead Plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i). Meitav is entitled to a rebuttable presumption favoring its appointment because it has the "largest financial interest" in the relief sought by the Class in the Consolidated Action by virtue of, *inter alia*, its losses of approximately $285,312 calculated on a first-in, first-out ("FIFO") basis or $196,787 calculated on a last-in, first-out ("LIFO") basis, which were suffered as a result of Defendants' wrongful conduct as alleged in the Consolidated Action. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii); *see also Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *17-*18 (N.D. Ill. Aug. 6, 1997) (determining financial interest by (1) the number of shares purchased

NOTICE OF MOTION OF MEITAV TACHLIT MUTUAL FUNDS LTD. FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT – 3:20-cv-00076-SI

during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered); *Nicolow v. Hewlett Packard Co.*, Nos. 12-05980 CRB *et al.*, 2013 U.S. Dist. LEXIS 29876, at *18 (N.D. Cal. Mar. 4, 2013) ("District courts commonly refer to the four-factor [*Lax*] test, which considers (1) total shares purchased, (2) net shares purchased, (3) net funds expended, and (4) approximate losses suffered."); *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, No. 11-CV-04003-LHK, 2012 U.S. Dist. LEXIS 2776, at *10-*11 (N.D. Cal. Jan. 9, 2012) (same); *Knox v. Yingli Green Energy Holding Co.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015) (same).  Of the *Lax* factors, courts in this Circuit tend to emphasize approximate loss in assessing a lead plaintiff movant's financial interest within the meaning of the PSLRA.  *See, e.g.*, *Nicolow*, 2013 U.S. Dist. LEXIS, at *18-*19; *Knox*, 135 F. Supp. 3d. at 1163.  Thus, as the movant with the largest known financial interest in the Consolidated Action, Meitav believes that it is presumptively the most adequate lead plaintiff within the meaning of the PSLRA.

Meitav also satisfies the requirements of Fed. R. Civ. P. 23 ("Rule 23") because its claims are typical of the claims of other putative Class members and because it will fairly and adequately represent their interests.  Indeed, Meitav has already demonstrated its adequacy via its vigorous prosecution of the claims of Forescout investors as the original Court-appointed Lead Plaintiff in the first-filed action against the Defendants.

In addition, the PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court.  Meitav's choice of counsel, Pomerantz, has the skill, knowledge, expertise, resources, and experience that will enable the firm to prosecute the Action effectively and expeditiously under Meitav's direction.  Pomerantz has likewise demonstrated its qualifications via its prosecution of fraud claims on behalf of Forescout investors as the original Court-appointed Lead Counsel in this Consolidated Action.

This motion is supported by the memorandum of points and authorities submitted herewith, the Declaration of Jennifer Pafiti, Esq. ("Pafiti Decl."), and all exhibits thereto.

NOTICE OF MOTION OF MEITAV TACHLIT MUTUAL FUNDS LTD. FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT – 3:20-cv-00076-SI

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    PRELIMINARY STATEMENT

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant that is shown to be the "most adequate plaintiff." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The PSLRA creates a rebuttable presumption that the "most adequate plaintiff" is the one that possesses the "largest financial interest" in the outcome of the litigation and that satisfies the requirements of Fed. R. Civ. P. 23. *Id.*  Meitav believes that it should benefit from a rebuttable presumption arising from having the largest financial interest in this litigation.   Meitav purchased 44,305 shares of Forescout securities during the Class Period, expended $1,603,877 on its purchases, retained 40,534 of its Forescout shares, and, as a result of the disclosures revealing the misrepresentations and/or omissions during the Class Period, incurred losses of approximately $285,312 on a FIFO basis or $196,787 on a LIFO basis in connection with its purchases of Forescout securities. *See* Pafiti Decl., Ex. A.

Beyond its significant financial interest, Meitav also meets the applicable requirements of Rule 23 because its claims are typical of absent class members and because it will fairly and adequately represent the interests of the Class.  Meitav's adequacy in this respect is not merely speculative.  Rather, Meitav has already demonstrated its adequacy, having served as the original Court-appointed Lead Plaintiff in the first-filed action alleging securities fraud claims against the Defendants since March 23, 2020 (s*ee* Dkt. No. 27).  Upon being appointed, Meitav and its counsel conducted an in-depth investigation into Forescout's operations, including, but not limited to, the composition of the Company's actual sales force, the productivity of sales representatives, the number and dollar amounts of committed deals in the sales pipeline, and the fact that the pipeline had been deteriorating since the beginning of 2019.  As part of its investigation, Meitav and its counsel located and interviewed over a dozen confidential witnesses who corroborated the allegations alleged in the Amended Complaint, as well as established a basis to demonstrate that the Individual Defendants knew, or recklessly disregarded, the true nature of

the Company's operations and misleading sales reporting and the misrepresentations and omissions cited in the Amended Complaint.

Moreover, in their investigation, Meitav and its counsel thoroughly reviewed all of Forescout's public statements, wire and press releases, United States Securities and Exchange Commission filings and analyst reports regarding the Company's acquisition by Advent International ("Advent"). The investigation did not simply consider statements in 2020, but investigated the statements beginning in October 2019 when the Company informed the market that it was beginning to explore strategic options, including a possible sale. These early statements were not divorced from the Company's attempt to hide its manipulation of sales during the interim periods of the Class Period. Instead, the statements were part of the scheme to buffer the poor results vis-à-vis earlier revenue guidance. While Defendants attempted to blame the revenue misses solely on foreign sales as the reason from the shortfall, it was concluded that Defendants were trying to prop up the price of the common stock to maximize their return on the planned sale of the Company.

The investigation also entailed an extensive analysis of the Individual Defendants' insider sales during the Class Period, which resulted in finding that DeCesare and Harms took advantage of the Company's artificially-inflated stock price to reap nearly $12 million in stock sales, with all of DeCesare's sales and all but a fraction of Harms's sales conducted in 2019 before the Advent acquisition was announced. The investigation found that the stock sales were over four and a half times the dollar amount that Defendant DeCesare reaped from open market sales before the Class Period, and nearly two and a half times the dollar amount that Defendant Harms reaped from open market sales before the Class Period.

In all, Meitav and its drafted a comprehensive 38-page Amended Complaint on behalf of all persons or entities who purchased or otherwise acquired the common stock of Forescout between February 7, 2019 and May 15, 2020—a class period that is a year longer than the complaint consolidated with the Meitav Amended Complaint, which only includes investors who

NOTICE OF MOTION OF MEITAV TACHLIT MUTUAL FUNDS LTD. FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT – 3:20-cv-00076-SI

purchased during the last four months of the Meitav Class Period. The investigation and resulting Amended Complaint demonstrates that Meitav and its counsel have added value to all investors who purchased during the period from February 7, 2019 through May 15, 2020, which supports finding (1) that Meitav is *typical of all investors* who purchased during any time—pre-Advent acquisition statements related as well as post-Advent acquisition statements related; and (2) that Meitav and its counsel has more than shown that they have, and will continue to, adequately represent the interests of all investors during the Class Period, and that Meitav does not have any conflicts with investors that purchased at any time during the Class Period. .

To fulfill its responsibilities as Lead Plaintiff and vigorously prosecute the Action on behalf of the Class, Meitav has selected its counsel, Pomerantz, as Lead Counsel for the Class. Pomerantz is a nationally-recognized securities class action firm that has recovered billions of dollars on behalf of defrauded investors. In 2018 alone, Pomerantz secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the fifth largest class action settlement ever achieved in the United States, as well as an $80 million recovery on behalf of investors in Yahoo! securities. Based in New York, Pomerantz has offices in Chicago, Los Angeles, and Paris, France.

Based on its being the "most adequate plaintiff," its significant financial interest, and its satisfaction of the Rule 23 requirements of adequacy and typicality, Meitav respectfully requests that the Court enter an order appointing it as Lead Plaintiff and approving Pomerantz as Lead Counsel.

## II.   PROCEDURAL HISTORY

On January 2, 2020, a putative securities class action complaint was filed in this Judicial District on behalf of Forescout investors who purchased or otherwise acquired Forescout securities between February 7, 2019 and October 9, 2019, both dates inclusive, under style of *Sayce v. Forescout Technologies, Inc.*, 3:20-cv-00076 ("*Sayce*") (Dkt. No. 1). On March 23, 2020, the Court appointed Meitav as Lead Plaintiff in the *Sayce* action. *See* Dkt. No. 27. On May

22, 2020, as Lead Plaintiff, Meitav filed an amended complaint against the Defendants on behalf of investors who purchased or otherwise acquired Forescout securities between February 7, 2019 and May 15, 2020 (Dkt. No. 31).

On June 10, 2020, another putative securities class action complaint was filed in this Judicial District on behalf of Forescout investors who purchased or otherwise acquired Forescout securities between February 6, 2020 and May 15, 2020, both dates inclusive, under style of *The Arbitrage Fund, et al. v. Forescout Technologies, Inc., et al.*, 3:20-cv-03819 ("*Arbitrage Fund*") (*Arbitrage Fund* Dkt. No. 1).

On July 22, 2020, the Court entered an Order consolidating the *Sayce* and *Arbitrage Fund* actions and directing Meitav to publish a new notice, pursuant to the PSLRA, advising investors who purchased or otherwise acquired Forescout securities between February 7, 2019 and May 15, 2020—*i.e.*, a consolidated Class Period encompassing the class periods alleged in both the *Sayce* and *Arbitrage Fund* actions—of their right to seek appointment as Lead Plaintiff in the Consolidated Action.  Dkt. No. 55.  Meitav duly published such notice on July 29, 2020, advising investors of their right to seek appointment as Lead Plaintiff in the Consolidated Action on or before September 28, 2020.  *See* Pafiti Decl. Ex. B.

## III.    STATEMENT OF FACTS

As alleged in the *Sayce* and *Arbitrage Fund* complaints, Forescout is a cybersecurity company, based in San Jose, California, that purports to assist businesses and government agencies in monitoring devices that seek to connect to their networks in an effort to prevent a cyber-attack, limit access and control to the networks or otherwise mitigate the risks of a security breach.  *See generally* Dkt. No. 1; *Arbitrage Fund* Dkt. No. 1.

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's sales pipeline and the productivity of its sales force and repeatedly issued a false or misleading revenue guidance.  Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) dramatic cuts to the number of employees

began in early 2019 throughout the Company, particularly within the sales department; (ii) a significant number of sales employees left the Company due to declining sales throughout 2019; and (iii) the productivity of the Company's sales representatives seriously declined throughout 2019.

The truth about Forescout's operations and financial outlook came to light through a series of disclosures in 2019 and 2020. On May 9, 2019, Forescout announced that revenues for the second quarter of 2019 would be lower due to "slipped deals." On this news, Forescout's share price declined by $7.02 or over 16% from its previous day closing price of $43.30 per share, to close at $36.28 per share on May 10, 2019.

On October 10, 2019, Forescout announced that total revenue for the third quarter was expected to be within the range of $90.6 million to $91.6 million compared to the Company's prior guidance of $98.8 million to $101.8 million. On this news, Forescout's share price declined from its previous day closing price of $39.20 to close at $24.565 per share on October 10, 2019.

On May 11, 2020, reported the Company's revenues in the Company's Form 10-Q for the first quarter of 2020 filed with the SEC. Reported revenues for the first quarter of 2020 were $57 million, or $5 million less than the figures disseminated to the shareholders and the market in the definitive proxy statement filed in March 2020. On this news, the price of Forescout's common stock fell by nearly 5% from its closing price of $32.09 on the previous day, to close at $30.50 per share on May 12, 2020, on heavy trading volume

On May 15, 2020, Advent notified Forescout that it would not proceed with its acquisition of Forescout as scheduled, in part, because the Company had already suffered from a dramatic decline in earnings potential and financial performance from Q1 2019 to Q1 2020 that was known to get worse in the future. On May 18, 2020, Forescout advised investors of Advent's decision not to acquire the Company. On this news, the price of Forescout's common stock declined from its closing price of $29.52 on the previous trading day to close at $22.57 on May 18, 2020. The

price of Forescout common stock declined again to close at $20.93 on May 19, 2020 and $19.84 on May 20, 2020.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities upon the disclosure thereof or materialization of previously undisclosed risks, Meitav and other Class members suffered significant losses and damages.

## IV.    ARGUMENT

### A.    MEITAV SHOULD BE APPOINTED LEAD PLAINTIFF

Motions by proposed lead plaintiffs must be filed within 60 days of the publication of notice of the action, which in this case was published on July 29, 2020 (*see* Pafiti Decl., Ex. B). *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II).  The PSLRA directs courts to consider any such motion by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) & (ii).  Meitav's instant motion is thus timely and must be considered.

When faced with competing lead plaintiff motions, under 15 U.S.C. § 78u-4(a)(3)(B), the Court "shall appoint as lead plaintiff the member or members of the purported class that the court determines to be the most capable of adequately representing the interests of class members (hereinafter … the 'most adequate plaintiff')."  *See* 15 U.S.C. § 78u-4(a)(3)(B)(i).  Meitav is the "most adequate plaintiff" within the meaning of the PSLRA and should therefore be appointed as Lead Plaintiff.

To guide this determination, the PSLRA creates a rebuttable presumption that the "most adequate plaintiff" "is the person or group of persons that" (i) either filed the complaint or made a lead plaintiff motion; (ii) "in the determination of the court, has the largest financial interest in the relief sought by the class"; and (iii)  otherwise satisfies the requirements of Rule 23.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa)-(cc).  As set forth below, Meitav satisfies all three of these criteria and thus believes that it is entitled to the rebuttable presumption that it is the most adequate

NOTICE OF MOTION OF MEITAV TACHLIT MUTUAL FUNDS LTD. FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT – 3:20-cv-00076-SI

plaintiff within the meaning of the PSLRA. Specifically, Meitav is willing to serve as Lead Plaintiff, has the largest financial interest in the Action to its knowledge and otherwise strongly satisfies the requirements of Rule 23.

For all these reasons, as set forth in greater detail below, Meitav respectfully urges the Court to appoint it to serve as Lead Plaintiff overseeing the Consolidated Action.

### 1.    Meitav Is Willing to Serve as Class Representative

On July 29, 2020, pursuant to the Court's Order (Dkt. No. 55), Pomerantz, as counsel for Meitav and Lead Counsel for the Class, caused a notice (the "Notice") to be published over *PR Newswire*, which announced the consolidation of the *Sayce* and *Arbitrage Fund* actions and advised investors in Forescout securities that they had until September 28, 2020—*i.e.*, 60 days from the date of the Notice—to file a motion to be appointed as lead plaintiff. *See* Pafiti Decl., Ex. B. Meitav has filed the instant motion pursuant to that Notice and has attached a Certification attesting that Meitav is willing to serve as a representative for the Class and to provide testimony at deposition and trial, if necessary. *See* Pafiti Decl., Ex. C. Under the PSLRA, Meitav's actions were timely and legally sufficient. Accordingly, Meitav readily satisfies the first requirement to serve as Lead Plaintiff of the Class.

### 2.    Meitav Is the Most Adequate Plaintiff within the Meaning of the PSLRA

When faced with competing lead plaintiff motions, under 15 U.S.C. § 78u-4(a)(3)(B), the Court "shall appoint as lead plaintiff the member or members of the purported class that the court determines to be the most capable of adequately representing the interests of class members (hereinafter . . . the 'most adequate plaintiff')." *See* 15 U.S.C. § 78u-4(a)(3)(B)(i). Meitav is the "most adequate plaintiff" within the meaning of the PSLRA and should therefore be appointed as Lead Plaintiff.

### a.    Meitav Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . in the determination of the court, has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii).  To the best of his knowledge, Meitav has the largest financial interest of any Forescout investor seeking to serve as Lead Plaintiff based on the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased; (2) the number of net shares purchased (also referred to as "retained shares"); (3) the total net funds expended; and (4) the approximate losses suffered.  1997 U.S. Dist. LEXIS, at *17-*18.  In accord with courts nationwide, these so-called *Lax* factors have been adopted by courts in the Ninth Circuit, including in this District.   *See, e.g.*, *Nicolow*, 2013 U.S. Dist. LEXIS, at *18 ("District courts commonly refer to the four-factor [*Lax*] test, which considers (1) total shares purchased, (2) net shares purchased, (3) net funds expended, and (4) approximate losses suffered."); *City of Royal Oak Ret. Sys.*, 2012 U.S. Dist. LEXIS, at *10-*11 (same); *Knox*, 136 F. Supp. 3d at 1163 (same).  Of the *Lax* factors, courts in this Circuit tend to emphasize approximate loss in assessing a lead plaintiff movant's financial interest within the meaning of the PSLRA.  *See, e.g.*, *Nicolow*, 2013 U.S. Dist. LEXIS, at *18-*19; *Knox*, 135 F. Supp. 3d. at 1163.

During the Class Period, Meitav (1) purchased 44,305 shares of Forescout stock; (2) expended $1,603,877 on its purchases of Forescout securities; (3) retained 40,534 of its Forescout shares; and (4) as a result of the disclosures revealing the misrepresentations and/or omissions during the Class Period, incurred losses of approximately $285,312 on a FIFO basis or $196,787 on a LIFO basis in connection with its purchases of Forescout securities.  *See* Pafiti Decl., Ex. A. Thus, under the *Lax* factors, Meitav believes that it has the largest financial interest among any potential lead plaintiff movants in the Action, thereby entitling Meitav to a rebuttable presumption that it is the "most adequate plaintiff" within the PSLRA's meaning (15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb)), given that he also satisfies the requirements of Fed. R. Civ. P. 23.

NOTICE OF MOTION OF MEITAV TACHLIT MUTUAL FUNDS LTD. FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT – 3:20-cv-00076-SI

**b.       Meitav Otherwise Satisfies the Requirements of Rule 23**

For a lead plaintiff movant to secure the PSLRA's rebuttable presumption that the movant is the "most adequate plaintiff," the movant must also demonstrate that the movant "otherwise satisfies the requirements of Rule 23." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). A *prima facie* showing suffices for this determination. *Hessefort v. Super Micro Comput., Inc.*, 317 F. Supp. 3d 1056, 1060-01 (N.D. Cal. 2018); *Bao v. SolarCity Corp.*, No. 14-cv-01435-BLF, 2014 U.S. Dist. LEXIS 111869, at *9 (N.D. Cal. Aug. 11, 2014). "This showing need not be as thorough as what would be required on a class certification motion and only needs to satisfy typicality and adequacy." *In re SolarCity Corp. Sec. Litig.*, No. 16-CV-04686-LHK, 2017 U.S. Dist. LEXIS 11553, at *13 (N.D. Cal. Jan. 25, 2017). Meitav readily passes muster.

Meitav strongly satisfies the threshold for Rule 23(a)(3) typicality. "The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Richardson*, 2007 U.S. Dist. LEXIS, at *16 (N.D. Cal. Apr. 16, 2007) (quoting *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)). Meitav's claims are typical of those of the Class members. Like all Class members, Meitav alleges that: (1) Defendants violated the Exchange Act by making false or misleading statements of material facts and/or omitting to disclose material facts concerning Forescout; (2) Meitav and the Class members purchased Forescout securities during the Class Period at prices artificially inflated by Defendants' misrepresentations or omissions and were damaged upon the disclosure/materialization of the risk of those misrepresentations and/or omissions; and (3) Meitav and the Class members were damaged upon the revelation of Defendants' alleged misrepresentations or omissions through disclosures/materializations of the risk that drove Forescout's share price downward. These shared claims, which are based on the same legal theories and arise from the same underlying facts and course of conduct, for the entire Class

NOTICE OF MOTION OF MEITAV TACHLIT MUTUAL FUNDS LTD. FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT – 3:20-cv-00076-SI

Period of February 7, 2019 through May 15, 2020, demonstrate Meitav's typicality under Rule 23(a)(3).

Meitav also satisfies the Rule 23(a)(4) adequacy requirement. In determining whether that requirement is met, courts in the Ninth Circuit consider whether "the representative plaintiffs and their counsel have any conflicts of interest with other class members" and ask "will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003) (citations omitted). Here, Meitav has submitted a Certification declaring Meitav's commitment to protect the interests of the Class. *See* Pafiti Decl., Ex. C. Meitav has no conflicts of interest or antagonism with the Class of Forescout investors it seeks to represent. Meitav's significant losses from its purchases of Forescout securities during the Class Period as well as the extensive investigation described above demonstrate that it has a sufficient interest in the outcome of this litigation that aligns with the interests of all Class members regardless of when they purchased their shares.

Moreover, Meitav is a sophisticated institutional investor with significant assets under management. As such, its service as Lead Plaintiff would be consistent with the PSLRA's preference for appointment of institutional investors as class representatives in securities class actions. *See* H.R. Conf. Rep. No. 104-369, at *34 (1995), *as reprinted in* 1995 U.S.C.C.A.N. 730, 733; *Shenwick v. Twitter, Inc.*, No. 16-cv-05314-JST, 2016 U.S. Dist. LEXIS 177714, at *7 (N.D. Cal. Dec. 22, 2016) ("as an institutional investor, [movant] is likely to be an effective lead plaintiff"); *Feyko v. Yuhe Int'l Inc.*, No. CV 11-05511 DDP (PJWx), 2012 U.S. Dist. LEXIS 28040, at *8 (C.D. Cal. Mar. 2, 2012) (appointing institutional investor as lead plaintiff, finding it to be "'exactly the type of sophisticated market participant[] Congress intended to take on the role of lead plaintiff following the PSLRA's reforms.'") (quoting *In re Regions Morgan Keegan Closed-End Fund Litig.*, No. 07-02830, U.S. Dist. LEXIS 132902, at *8 (W.D. Tenn. Dec. 15, 2010)); *In re AudioEye, Inc.*, No. CV-15-163-TUC-DCB, 2015 U.S. Dist. LEXIS 193348, at *13 (D. Ariz. July 31, 2015) (appointing as lead plaintiff "an institutional investor, which is precisely

the kind of investor that Congress sought to encourage to assume a more prominent role in securities litigation with the enactment of the PSLRA's lead plaintiff provisions").

Nor is Meitav's adequacy merely speculative.  Rather, Meitav has already demonstrated its commitment to representing the interests of Forescout investors by promptly seeking appointment as Lead Plaintiff in the first-filed of the subsequently consolidated actions nearly seven months ago, on March 2, 2020.  *See* Dkt. No. 17.  Since its appointment as the original Lead Plaintiff in that action on March 23, 2020 (*see* Dkt. No. 27), Meitav has vigorously prosecuted the securities fraud claims against the Defendants by, *inter alia*, locating and interviewing over a dozen confidential witnesses, thoroughly researching the Company's business and reviewing all of its public statements, wire and press releases, United States Securities and Exchange Commission filings and analyst reports and advisories about the Company throughout the Class Period alleged in the operative Amended Complaint, conducting an extensive analysis of the Individual Defendants' insider sales during the Class Period, and drafting a comprehensive 38-page Amended Complaint on behalf of all persons or entities who purchased or otherwise acquired the common stock of Forescout between February 7, 2019 and May 15, 2020.  Meitav's appointment as Lead Plaintiff in the Consolidated Action would ensure continuity of class leadership, to the obvious benefit of the Class.  No other putative member of the Class can say the same.

Indeed, Meitav has further demonstrated its ability to pursue securities claims through its choice of counsel, Pomerantz.  Pomerantz is one of the nation's leading plaintiff-side securities litigation firms, as discussed in greater detail in § IV.B., *infra*.  Meitav's and Pomerantz's willingness and ability to zealously litigate the claims in this Action on behalf of the Class cannot reasonably be questioned.

## B.   LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in a lead plaintiff to select and retain lead counsel, subject to the approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Osher v. Guess?, Inc.*, No. CV 01-00871 LGB (RNBx), 2001 U.S. Dist. LEXIS 6057, at *15 (C.D. Cal. Apr. 26, 2001). The Court should not interfere with Lead Plaintiff's selection unless it is necessary to do so in order "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Meitav has selected Pomerantz to serve as Lead Counsel for the Class. Pomerantz is a premier firm, highly experienced in the areas of securities litigation and class action lawsuits, which has successfully prosecuted numerous such actions on behalf of investors over its 80+ year history, as detailed in its firm resume. *See* Pafiti Decl., Ex. D. Pomerantz is based in New York, with offices in Chicago, Los Angeles, and Paris, France. As lead counsel in *In re Petrobras Securities Litigation*, No. 14-cv-09662 (S.D.N.Y.), Pomerantz recently secured a recovery of $3 billion on behalf of Petrobras investors, the largest settlement ever in a class action involving a foreign issuer and the fifth largest class action settlement ever achieved in the United States. As co-lead counsel in *In re Yahoo! Inc. Securities Litigation*, No. 17-cv-00373 (N.D. Cal.), Pomerantz recently secured a recovery of $80 million on behalf of Yahoo! investors, the first substantial shareholder recovery in a securities fraud class action related to a cybersecurity breach.

Like Meitav, Pomerantz by now possesses significant institutional knowledge of this litigation and has extensive familiarity with the Class's claims, having served as the original Lead Counsel in the first-filed action against Forescout since March 23, 2020. *See* Dkt. No. 27. Affirming Meitav's selection of Pomerantz as Lead Counsel would likewise yield obvious benefits to the Class by ensuring continuity of representation.

As a result of their extensive experience in similar litigation, Meitav's choice of counsel, Pomerantz, have the skill, knowledge, expertise, resources, and experience that will enable them to prosecute the Action effectively and expeditiously. The Court may be assured that by approving Meitav's selection of Pomerantz as Lead Counsel, the Class members will receive the

best legal representation available.   Thus, Meitav respectfully urges the Court to appoint Pomerantz to serve as Lead Counsel.

## V.      CONCLUSION

For the foregoing reasons, Meitav respectfully requests that the Court issue an Order: (1) appointing Meitav as Lead Plaintiff for the Class; and (2) approving Meitav's selection of Pomerantz as Lead Counsel for the Class.

Dated:  September 28, 2020              Respectfully submitted,

POMERANTZ LLP

*/s/ Jennifer Pafiti*
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

POMERANTZ LLP
Patrick V. Dahlstrom
(admitted *pro hac vice*)
Omar Jafri
(admitted *pro hac vice*)
Ten South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
pdahlstrom@pomlaw.com
ojafri@pomlaw.com

POMERANTZ LLP
Jeremy A. Lieberman
(admitted *pro hac vice*)
J. Alexander Hood II
(admitted *pro hac vice*)
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
ahood@pomlaw.com

NOTICE OF MOTION OF MEITAV TACHLIT MUTUAL FUNDS LTD. FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT – 3:20-cv-00076-SI

*Counsel for Lead Plaintiff Movant*
*and Proposed Lead Counsel for the Class*

NOTICE OF MOTION OF MEITAV TACHLIT MUTUAL FUNDS LTD. FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT – 3:20-cv-00076-SI

### <u>PROOF OF SERVICE</u>

I hereby certify that on September 28, 2020, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

<u>/s/ Jennifer Pafiti</u>
Jennifer Pafiti

NOTICE OF MOTION OF MEITAV TACHLIT MUTUAL FUNDS LTD. FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT – 3:20-cv-00076-SI