**ABRAHAM, FRUCHTER**
   **& TWERSKY, LLP**
IAN D. BERG (SBN 263586)
IBerg@aftlaw.com
TAKEO A. KELLAR (SBN 234470)
TKellar@aftlaw.com
11622 El Camino Real, Suite 100
San Diego, CA 92130
Telephone: (858) 764-2580
Facsimile: (858) 764-2582

*Counsel for Movant the Glazer Funds*
*and Proposed Lead Counsel for the Class*

[Additional Counsel on Signature Page]

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| CHRISTOPHER L. SAYCE, on behalf of themselves and all other similarly situated,<br><br>      Plaintiff,<br><br>      v.<br><br>FORESCOUT TECHNOLOGIES, INC., MICHAEL DECESARE and CHRISTOPHER HARMS,<br><br>      Defendants. | Case No. 3:20-cv-00076-SI<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO THE COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF**<br><br>Date: November 6, 2020<br>Time: 10:00 a.m.<br>Judge: Hon. Susan Illston<br>Courtroom: 1, 17th Floor |

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ............................................................................................... ii

I.    PRELIMINARY STATEMENT ................................................................................1

II.   ARGUMENT..............................................................................................................1

    A.    The Glazer Funds Have the Largest Financial
        Interest in the Litigation.................................................................................2

    B.    The Glazer Funds Satisfy the Requirements
        of Rule 23.......................................................................................................4

    C.    The Glazer Funds Have Selected Experienced and Qualified
        Counsel That Should be Approved by This Court...........................................6

III.  CONCLUSION...........................................................................................................6

## TABLE OF AUTHORITIES

**Cases**                                                                                       **Page(s)**

*Bao v. SolarCity Corp.,*
   No. 14-CV-01435-BLF, 2014 WL 3945879 (N.D. Cal. Aug. 11, 2014)..........................3

*Bracamonte v. Eskanos & Adler,*
   No. C 03-01821 SI, 2004 WL 1146624 (N.D. Cal. May 7, 2004)................................ 4-5

*Dura Pharms., Inc. v. Broudo,*
   544 U.S. 336 (2005)....................................................................................................3

*City of Royal Oak Retirement Sys. v. Juniper Networks, Inc.,*
   No. 5:11-CV-04003-LHK, 2012 WL 78780 (N.D. Cal. Jan. 9, 2012) .............................4

*Eichenholtz v. Verifone Holdings, Inc.,*
   No. C07-06140MHP, 2008 WL 3925289 (N.D. Cal. Aug. 22, 2008)..............................3

*Godinez v. Alere, Inc., et al.,*
   No. 1:16-CV-10766 (PBS) (D. Mass.)........................................................................5

*In re Cavanaugh,*
   306 F.3d 726 (9th Cir. 2002) ............................................................................. *passim*

*In re Comverse Tech., Inc. Sec. Litig.,*
   No. 06–CV–1825 (NGG)(RER), 2007 WL 680779 (E.D.N.Y. March 2, 2007) ..............3

*In re Connetics Corp. Sec. Litig.,*
   542 F. Supp. 2d 996 (N.D. Cal. 2008) ...........................................................................3

*In re Diamond Foods, Inc., Sec. Litig.,*
   281 F.R.D. 405 (N.D. Cal. 2012)..............................................................................2, 4

*In re Olsten Corp. Sec. Litig.,*
   3 F. Supp. 2d 286 (E.D.N.Y. 1998) ...............................................................................2

*In re Terraform Global, Inc. Securities Litigation,*
   No. 1:16-CV-07967-PKC (S.D.N.Y.)............................................................................6

*Lax. v. First Merchants Acceptance Corp.,*
   No. 97 Civ. 2715, 1997 WL 461036 (N.D. Ill. Aug. 11, 1997).......................................2

*Robb v. Fitbit Inc.,*
   No. 16-CV-00151-SI, 2016 WL 2654351 (N.D. Cal. May 10, 2016) ................... *passim*

*Schwartz v. Harp,*
   108 F.R.D. 279 (C.D. Cal. 1985)...................................................................................5

*Topping v. Deloitte Touche Tohmatsu CPA*,
        95 F. Supp. 3d 607 (S.D.N.Y. 2015)...............................................................................4

*Vataj v. Johnson*,
        19-CV-06996-HSG, 2020 WL 532981 (N.D. Cal. Feb. 3, 2020)......................................5

**Statutes and Rules**

15 U.S.C. § 78u-4(a)(3)(B)(iii)...............................................................................................2

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)............................................................................................1

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) ...................................................................................6

15 U.S.C. § 78u-4(a)(3)(B)(v) ................................................................................................6

Fed. R. Civ. P. 23........................................................................................... *passim*

Glazer Capital Management, L.P., Glazer Enhanced Fund L.P., Glazer Enhanced Offshore Fund, Ltd., Glazer Offshore Fund, Ltd. and Highmark Multi-Strategy 2 (collectively referred to herein as the "Glazer Funds") respectfully submit this memorandum of points and authorities in opposition to the competing motions for appointment as lead plaintiff made by: (1) The Arbitrage Fund ("ARB"), Water Island LevArb Fund, LP, Water Island Diversified Event-Driven Fund ("AED"), Water Island Merger Arbitrage Institutional Comingled Master Fund, LP ("MACO"), AltShares Merger Arbitrage ETF, S. Muoio & Co. LLC and Amethyst Arbitrage International Master Fund (collectively referred to as the "Arbitrage Plaintiffs") [Dkt. No. 64]; (2) Donald R. Levin ("Levin") [Dkt. No. 76]; and (3) Meitav Tachlit Mutual Funds Ltd. ("Meitav") [Dkt. No. 81].[1]

## I.    PRELIMINARY STATEMENT

The Glazer Funds suffered $5,273,199 in losses as a result of their purchases of shares of Forescout Technologies, Inc. ("Forescout" or the "Company") common stock, which is significantly more than the losses claimed by any competing movant, and otherwise satisfy the requirements of Federal Rule of Civil Procedure 23.  Therefore, and as discussed in greater detail below, the competing motions for appointment as lead plaintiff should be denied and, instead, the Glazer Funds should be appointed as the lead plaintiff and their selection of Abraham, Fruchter & Twersky, LLP ("Abraham, Fruchter & Twersky" or "AF&T") as lead counsel to represent their interests and those of the Class in this action should also be approved by this Court.

## II.    ARGUMENT

Once competing motions to serve as lead plaintiff are filed, the Court "must consider the losses allegedly suffered by the various plaintiffs before selecting the movant who 'has the largest financial interest in the relief sought by the class' and 'otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure'" as the "presumptively most adequate plaintiff." *In re Cavanaugh*, 306 F.3d 726, 729-730 (9th Cir. 2002) (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)).  The process is not a "round robin" but, instead, "*Cavanaugh* made clear that district courts are not to consider all movants simultaneously but are to follow a sequential

---

[1] All references to "Dkt. No. ___" are to docket entries in the above-captioned action.

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO THE
COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF
Case No. 3:20-cv-00076-SI

process." *Robb v. Fitbit Inc.*, No. 16-CV-00151-SI, 2016 WL 2654351, at *4 (N.D. Cal. May 10, 2016). "The court must examine potential lead plaintiffs one at a time, starting with the one who has the greatest financial interest, and continuing in descending order if and only if the presumptive lead plaintiff is found inadequate or atypical." *Id.* (quoting *Cavanaugh*, 300 F.3d at 731 n.8).

### A.   The Glazer Funds Have the Largest Financial Interest in the Litigation

This Court has previously observed that "[t]he Ninth Circuit has not prescribed a particular method for calculating a plaintiff's financial interest but has directed that courts 'may select accounting methods that are both rational and consistently applied.'" *Robb,* 2016 WL 2654351 at *3 (quoting *Cavanaugh*, 306 F.3d at 730 n.4). Courts often look to four factors, generally referred to as the *Olsten-Lax* factors, in determining which lead plaintiff movant has the largest financial interest in the relief sought by the class: "(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered." *Id.* (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii) and citing *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *Lax. v. First Merchants Acceptance Corp.*, No. 97 Civ. 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997)). "The fourth factor, 'approximate loss,' is generally considered the most important factor." *In re Diamond Foods, Inc., Sec. Litig.*, 281 F.R.D. 405, 408 (N.D. Cal. 2012); *see also Robb,* 2016 WL 2654351 at *5 (focusing on the "largest loss" suffered by any proposed lead plaintiff movant).

Here, as demonstrated in the following chart, it is beyond dispute that the Glazer Funds have the largest financial interest in the relief sought by the class:

| Dkt. No. | Movant | Total Shares Purchased | Net Shares Purchased | Net Funds Expended | Losses Suffered |
|---|---|---|---|---|---|
| 66-4 | Glazer Funds | *643,697* | *548,700* | *$17,530,760* | *$5,273,199* |
| 65-2 | Arbitrage Plaintiffs | 2,508,595 | 403,781 | $13,466,354 | $3,394,626 |
| 78-3 | Levin | 150,000 | 150,000 | $5,286,291 | $1,850,931 |
| 86-1 | Meitav | 44,305 | 40,534 | $1,603,877 | $285,312 |

Indeed, the Glazer Funds' losses of $5,273,199 exceed the losses suffered by the Arbitrage Plaintiffs, the next closest applicant, by almost $2 million. *See, e.g.*, *Bao v. SolarCity Corp.*, No. 14-cv-01435-BLF, 2014 WL 3945879, at *2-3 (N.D. Cal. Aug. 11, 2014) (financial interest of lead plaintiff determined by claimed loss). The $17,530,760 in net funds expended by the Glazer Funds is thirty percent larger than the net expenditures of the Arbitrage Plaintiffs, more than triple those of Levin, and in excess of an order of magnitude greater than that of Meitav. The 548,700 net shares purchased by the Glazer Funds exceed the 403,781 net shares purchased by the Arbitrage Plaintiffs, the movant with second highest net shares purchased, by almost fifty percent.

The Arbitrage Plaintiffs claim the most shares purchased. However, on closer examination that reported number is inflated because the Supreme Court of the United States has unequivocally held that if a "purchaser sells … shares … before the relevant truth begins to leak out, the misrepresentation will not have led to any loss" for purposes of federal securities laws. *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 342 (2005). Since *Dura*, which was decided after both the *Lax* and *Olsten* decisions, "[m]any courts have not hesitated 'to consider loss causation on the pleadings when faced with a pre-discovery motion.' Indeed, 'failure to demonstrate loss causation constitutes a fatal flaw that necessitates removing those losses from the financial interest calculation.'" *Eichenholtz v. Verifone Holdings, Inc.*, No. C07-06140MHP, 2008 WL 3925289, at *2 (N.D. Cal. Aug. 22, 2008) (quoting *In re Comverse Tech., Inc. Sec. Litig.*, No. 06–CV–1825 (NGG)(RER), 2007 WL 680779, at *5 & n.6 (E.D.N.Y. March 2, 2007)). This Court has similarly recognized, citing *Dura*, that "[a] shareholder who sells stocks before a disclosure of truthful information will not have suffered any loss based on a misrepresentation related to that information." *In re Connetics Corp. Sec. Litig.*, 542 F. Supp. 2d 996, 1003 (N.D. Cal. 2008).

Here, the Arbitrage Plaintiffs submitted charts in their lead plaintiff motion papers ***disclaiming any Dura*** losses with respect to three of the group's members – AED, ARB, and MACO. *See* Dkt. No. 65-2 at 2 (identifying those funds' *Dura* losses as being ***zero***). Doing so is fatal to the Arbitrage Plaintiffs' application or, at least, to including AED, ARB, and MACO's

transactions for purposes of the *Olsten-Lax* factors. *See In re Cavanaugh*, 306 F.3d at 730 ("the presumptive lead plaintiff – the one who 'has the largest financial interest in the relief sought by the class'"); *see* also *Topping v. Deloitte Touche Tohmatsu CPA*, 95 F. Supp. 3d 607, 617 (S.D.N.Y. 2015) (finding that a movant with over twenty times more purchases than a competing movant could not be appointed lead plaintiff because it "suffered *no* actual losses attributable to the [company]'s fraud and ha[d] no financial interest in this litigation."). Excluding the shares purchased by AED, ARB, and MACO results in the Arbitrage Plaintiffs having purchases of 448,023 shares of Forescout stock that can be linked to any financial interest in this litigation, which is materially less than the 643,697 shares purchased by the Glazer Funds.[2]

However, even assuming, *arguendo*, that the Arbitrage Plaintiffs were credited with the purchase of 2.5 million shares, it would not change the outcome of the Glazer Funds being the presumptively most adequate plaintiff. The Glazer Funds' dominance with respect to the other three *Olsten-Lax* factors, including the financial loss suffered, which "carries the most weight" among the factors, necessarily trumps the Arbitrage Plaintiffs' shares purchased. *See, e.g., Robb*, WL 2654351, at *5 (analyzing the lead plaintiff based upon "the largest loss"); *see also City of Royal Oak Retirement Sys. v. Juniper Networks, Inc.*, No. 5:11-CV-04003-LHK, 2012 WL 78780, at *4 (N.D. Cal. Jan. 9, 2012) (same); *In re Diamond Foods, Inc*., Sec. Litig., 281 F.R.D. at 408 (same). When combined with net funds expended and net shares purchased, the outsized financial interest of the Glazer Funds is indisputable and necessitates a finding that the Glazer Funds have largest financial interest in the relief sought by the Class.

**B.    The Glazer Funds Satisfy the Requirements of Rule 23**

The Glazer Funds' claims are typical of the other Class members' claims because the Glazer Funds purchased Forescout common stock during the Class Period based on publicly available information and were similarly damaged by Defendants' materially false and misleading statements and omissions. *See, e.g., Bracamonte v. Eskanos & Adler*, No. C 03-

---

[2] The other claimed losses of the Arbitrage Plaintiffs are also inflated by the inclusion of data relating to the purchases of AED, ARB, and MACO, but those claimed losses are irrelevant to the movants' relative standings with respect to any of the *Olsten-Lax* factors.

01821 SI, 2004 WL 1146624, at *4 (N.D. Cal. May 7, 2004) ("[t]he test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.") (quoting *Schwartz v. Harp*, 108 F.R.D. 279, 282 (C.D. Cal. 1985)). These shared claims, based on the same legal theory of Defendants' public statements having been materially false or misleading, arise from the same events and course of conduct as the Class claims and satisfy the typicality requirement of Rule 23. *Vataj v. Johnson*, 19-CV-06996-HSG, 2020 WL 532981, at *3 (N.D. Cal. Feb. 3, 2020).

In addition, the Glazer Funds will adequately represent the Class because (1) they and their counsel do not have any conflicts of interest with other class members; and (2) they and their counsel will prosecute the action vigorously on behalf of the Class. *See* Dkt. No. 66-3 (the Glazer Funds' PSLRA Certification). The Glazer Funds have no conflicts with other Class members and plainly have an incentive to represent the Class vigorously, having suffered by far the largest losses of all the competing movants. *See Robb*, 2016 WL 2654351, at *7 ("At the end of the day, the lead plaintiff must have sufficient interest in the case's outcome to ensure vigorous advocacy."). The Glazer Funds were also previously appointed as class representative in a settled securities class action. *See Godinez v. Alere, Inc., et al.*, No. 1:16-CV-10766 (PBS) (D. Mass.).

Once the statutory presumption has attached, it cannot be rebutted through relative comparison as to adequacy or typicality. *In re Cavanaugh*, 306 F.3d at 732 ("That the district court believes another plaintiff may be 'more typical' or 'more adequate' is of no consequence. So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirement, he is entitled to lead plaintiff status, even if the district court is convinced that some plaintiff would do a better job."); *see also Robb,* 2016 WL 2654351, at *7 (appointing the presumptive lead plaintiff because of a lack of proof that movant did not satisfy Rule 23). Here, there is no proof that the Glazer Funds are atypical or inadequate.

**C.      The Glazer Funds Have Selected Experienced and Qualified Counsel That Should be Approved by This Court**

The Glazer Funds have also selected experienced and qualified counsel to serve as lead counsel. The PSLRA vests authority in the lead plaintiff to select and retain counsel to represent the Class, subject to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Courts will generally not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the Class[.]" 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *Robb,* 2016 WL 2654351, at *7.

The Glazer Funds' selection of Abraham, Fruchter & Twersky as lead counsel should be approved. Abraham, Fruchter & Twersky has successfully prosecuted complex securities fraud actions, and also successfully prosecuted many other complex actions. *See* Dkt. No. 66-5 (the firm resume of AF&T). This includes *In re Terraform Global, Inc. Securities Litigation*, No. 1:16-CV-07967-PKC (S.D.N.Y.), in which earlier this year AF&T recovered $48 million for the class while acting as sole lead counsel for the class.

**III.      CONCLUSION**

For the reasons stated above, as well in their moving papers, the Glazer Funds' motion for appointment as lead plaintiff in this action and the approval of their selection of Abraham, Fruchter & Twersky as lead counsel should be granted and the competing motions should be denied.

Dated: October 13, 2020                    Respectfully Submitted,

                                           **ABRAHAM, FRUCHTER**
                                           **& TWERSKY, LLP**

                                           /s/          *Ian D. Berg*
                                           IAN D. BERG (SBN 263586)
                                           IBerg@aftlaw.com
                                           TAKEO A. KELLAR (SBN 234470)
                                           TKellar@aftlaw.com
                                           11622 El Camino Real, Suite 100
                                           San Diego, CA 92130
                                           Telephone: (858) 764-2580
                                           Facsimile: (858) 764-2582

- And -

JEFFREY S. ABRAHAM
(*Pro Hac Vice* Forthcoming)
JAbraham@aftlaw.com
MICHAEL J. KLEIN
(*Pro Hac Vice* Forthcoming)
MKlein@aftlaw.com
One Penn Plaza, Suite 2805
New York, NY 10119
Telephone: (212) 279-5050
Facsimile: (212) 279-3655

*Counsel for Movant the Glazer Funds
and Proposed Lead Counsel for the Class*

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO THE
COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF
Case No. 3:20-cv-00076-SI

- 7 -

**CERTIFICATE OF SERVICE**

I hereby certify that on October 13, 2020, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses of registered CM/ECF users that have appeared in this action.

/s/      *Ian D. Berg*
IAN D. BERG (SBN 263586)
IBerg@aftlaw.com
11622 El Camino Real, Suite 100
San Diego, CA 92130
Telephone: (858) 764-2580
Facsimile: (858) 764-2582
