Anne Johnson Palmer (CSB #302235)
ROPES & GRAY LLP
Three Embarcadero Center
San Francisco, CA 94111-4006
Tel: (415) 315-6300
Fax: (415) 315-6350
Anne.JohnsonPalmer@ropesgray.com

Peter L. Welsh (admitted *pro hac vice*)
C. Thomas Brown (admitted *pro hac vice*)
ROPES & GRAY LLP
Prudential Tower, 800 Boylston Street
Boston, MA 02199-3600
Tel: (617) 951-7000
Fax: (617) 951-7050
Peter.Welsh@ropesgray.com
Thomas.Brown@ropesgray.com

Charles D. Zagnoli (admitted *pro hac vice*)
ROPES & GRAY LLP
191 N. Wacker Dr., 32nd Floor
Chicago, IL 60606
Tel: (312) 845-1200
Fax: (312) 845-5522
Charles.Zagnoli@ropesgray.com

*Attorneys for Defendant*
*Forescout Technologies, Inc.*

Ignacio E. Salceda (CSB #164017)
Diane M. Walters (CSB #148136)
Rebecca L. Epstein (CSB #168226)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Tel: (650) 493-9300
Fax: (650) 565-5100
isalceda@wsgr.com
dwalters@wsgr.com
bepstein@wsgr.com

*Attorneys for Defendants*
*Michael DeCesare and Christopher Harms*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| CHRISTOPHER L. SAYCE, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> FORESCOUT TECHNOLOGIES, INC., MICHAEL DECESARE, and CHRISTOPHER HARMS, <br><br> Defendants. | CASE NO.: 3:20-cv-00076-SI <br><br> <u>CLASS ACTION</u> <br><br> **DEFENDANTS' NOTICE OF INCORPORATION BY REFERENCE & REQUEST FOR JUDICIAL NOTICE SUPPORTING MOTIONS TO DISMISS** <br><br> Date:  March 19, 2021 <br> Time: 10:00 A.M. <br> Dept.: Courtroom 1, 17th Floor <br><br> Before: Hon. Susan Illston |

Defendants Forescout Technologies, Inc. ("Forescout" or the "Company"), Michael DeCesare, and Christopher Harms (together with Mr. DeCesare, the "Individual Defendants," and collectively with Forescout, "Defendants") hereby request that the Court consider certain documents incorporated by reference in Plaintiffs' Consolidated Amended Complaint for Violations of the Securities Laws (the "Complaint" or "¶ _") or take judicial notice of certain documents submitted in support of Defendants' motions to dismiss the Complaint ("Motions to Dismiss") and attached as Exhibits 1 through 26 to the Declaration of Charles D. Zagnoli (the "Zagnoli Declaration").

## ARGUMENT

In ruling on a motion to dismiss a Section 10(b) claim, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). As set forth below, the Court may consider the Exhibits to the Zagnoli Declaration because all of the exhibits are either incorporated by reference in the Complaint or are proper subjects of judicial notice.

## I. THE COURT MAY CONSIDER DOCUMENTS INCORPORATED BY REFERENCE IN THE COMPLAINT

Incorporation by reference is a judicially created doctrine that "treats certain documents as though they are part of the complaint itself." *In re Eventbrite, Inc. Sec. Litig.*, No. 18-cv-02019, 2020 WL 2042078, at \*7 (N.D. Cal. Apr. 28, 2020), *citing and applying Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). Under this doctrine, the Court may consider a document "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Eventbrite Inc.*, 2020 WL 2042078, at \*7 (citation omitted); *see also McGovney v. Aerohive Networks, Inc.*, No. 18-cv-00435, 2019 WL 8137143, at \*7–8 (N.D. Cal. Aug. 7, 2019) (citation omitted) (deeming earnings call transcripts and SEC filings incorporated by reference). Consideration of such documents' "full text," "including portions which were not mentioned in the complaint," is appropriate in the context of a motion to dismiss to "prevent[] plaintiffs from selecting only portions of documents that support their claims, while omitting portions

-1-

of those very documents that weaken—or doom—their claims." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996); *McGovney*, 2019 WL 8137143, at *7, *citing Khoja*, 889 F.3d at 1002; *see also Eventbrite, Inc.*, 2020 WL 2042078, at *7 (alleged false and misleading statements must be analyzed in context).

When ruling on a motion to dismiss a Section 10(b) claim, courts may consider documents incorporated by reference in evaluating whether a complaint satisfies the stringent pleading requirements of the Private Securities Litigation Reform Act ("PSLRA") and also in analyzing the PSLRA's safe harbor provided for forward-looking statements. *See* 15 U.S.C. § 78u–5(e) ("the court shall consider . . . any cautionary statement accompanying the forward-looking statement, which [is] not subject to material dispute, cited by the defendant"); *Tellabs*, 551 U.S. at 322 ("courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference . . . "); *see id.* at 323–24 ("To determine whether the plaintiff has alleged facts that give rise to the requisite 'strong inference' of scienter, a court must consider plausible, nonculpable explanations for the defendant's conduct, as well as inferences favoring the plaintiff."); *In re Copper Mountain Sec. Lit.*, 311 F. Supp. 2d 857, 864 (N.D. Cal. 2004) ("Because the transcripts contain safe harbor warnings and because [plaintiff] relies on the conference calls in the [complaint], the transcripts are the proper subject of judicial notice as well.").

Accordingly, Defendants respectfully request that the Court consider the following documents, which form the basis of Plaintiffs' claims or are referred to extensively in the Complaint:

1.    **Exhibit 1**: Forescout's press release dated February 7, 2019, filed with the SEC as Exhibit 99.1 to SEC Form 8-K on February 7, 2019. This press release is referenced in the Complaint at ¶¶ 3, 103–04. The Complaint asserts that the February 7, 2019 press release contained allegedly false and misleading statements or omissions that form the basis of Plaintiffs' claims.

2.    **Exhibit 2**: S&P Global's transcript of Forescout's FQ4 2018 Earnings Call dated February 7, 2019. This conference call is referenced in the Complaint at ¶¶ 3, 105–06. The Complaint asserts that the February 7, 2019 conference call discussion included allegedly false and misleading statements or omissions that form the basis of Plaintiffs' claims.

-2-

3.    **Exhibit 4**: S&P Global's transcript of Forescout's Analyst/Investor Day dated March 4, 2019.  The Investor Day is referenced in the Complaint at ¶¶ 107–10.  The Complaint asserts that the March 4, 2019 Investor Day discussion included allegedly false and misleading statements or omissions that form the basis of Plaintiffs' claims.

4.    **Exhibit 7**: Forescout's press release dated May 9, 2019, filed with the SEC as Exhibit 99.1 to SEC Form 8-K on May 9, 2019.  This press release is referenced in the Complaint at ¶¶ 8, 10, 111, 113–14.  The Complaint asserts that the May 9, 2019 press release contained allegedly false and misleading statements or omissions that form the basis of Plaintiffs' claims.

5.    **Exhibit 8**: S&P Global's transcript of Forescout's FQ1 2019 Earnings Call dated May 9, 2019.  This conference call is referenced in the Complaint at ¶¶ 11, 13, 60, 115–26, 164.  The Complaint asserts that the May 9, 2019 conference call discussion included allegedly false and misleading statements or omissions that form the basis of Plaintiffs' claims.

6.    **Exhibit 9**: Forescout's press release dated August 7, 2019, filed with the SEC as Exhibit 99.1 to SEC Form 8-K on August 7, 2019.  This press release is referenced in the Complaint at ¶¶ 127–29.  The Complaint asserts that the August 7, 2019 press release contained allegedly false and misleading statements or omissions that form the basis of Plaintiffs' claims.

7.    **Exhibit 10**: S&P Global's transcript of Forescout's FQ2 2019 Earnings Conference Call dated August 7, 2019.  This earnings conference call is referenced in the Complaint at ¶¶ 12–13, 127, 129–31, 164.  The Complaint asserts that the August 7, 2019 conference call discussion included allegedly false and misleading statements or omissions that form the basis of Plaintiffs' claims.

8.    **Exhibit 11**: Bloomberg's transcript of the KeyBanc Capital Markets Technology Leadership Forum dated August 13, 2019.  This KeyBanc conference is referenced in the Complaint at ¶¶ 12–13, 132–33.[1]  The Complaint asserts that the KeyBanc conference discussion included allegedly false and misleading statements or omissions that form the basis of Plaintiffs' claims.

9.    **Exhibit 12**: Forescout's press release dated October 10, 2019, filed with the SEC as Exhibit 99.1 to SEC Form 8-K on October 10, 2019.  This press release is referenced in the Complaint

---

[1] The Complaint dates this event on August 12, 2019, but the transcript is dated August 13, 2019.

-3-

at ¶¶ 16, 135, 137. The Complaint asserts that the October 10, 2019 press release contained allegedly false and misleading statements or omissions that form the basis of Plaintiffs' claims.

10.    **Exhibit 13**: Forescout's press release dated November 6, 2019, filed with the SEC as Exhibit 99.1 to SEC Form 8-K on November 6, 2019. This press release is referenced in the Complaint at ¶¶ 138–40. The Complaint asserts that the November 6, 2019 press release contained allegedly false and misleading statements or omissions that form the basis of Plaintiffs' claims.

11.    **Exhibit 14**: Forescout's press release dated February 6, 2020, filed with the SEC as Exhibit 99.1 to SEC Form 8-K on February 6, 2020. This press release is referenced in the Complaint at ¶¶ 20, 22, 141–44. The Complaint asserts that the February 6, 2020 press release contained allegedly false and misleading statements or omissions that form the basis of Plaintiffs' claims.

12.    **Exhibit 15**: Excerpts from Forescout's Form 10-K for the fiscal year, filed with the SEC on February 28, 2020. This Form 10-K is referenced in the Complaint at ¶¶ 6, 23, 50, 146. The Complaint alleges that the Form 10-K purportedly "corroborated the accounts of the [Confidential Witnesses]," and thus the allegations about the Form 10-K form the basis of Plaintiffs' claims.

13.    **Exhibit 16**: Excerpts from Forescout's Form DEFM 14A dated March 23, 2020, filed with the SEC on March 24, 2020. This Form DEFM 14A is referenced in the Complaint at ¶¶ 24, 147–49. The Complaint asserts that this Form DEFM 14A (or proxy statement) contained allegedly false and misleading statements or omissions that form the basis of Plaintiffs' claims.

14.    **Exhibit 18**: Excerpts from Forescout's Form 10-Q for the first quarter of fiscal year 2020, filed with the SEC on May 11, 2020. This Form 10-Q is referenced in the Complaint at ¶¶ 27, 29, 152, 154–57. The May 11, 2020 Form 10-Q is referenced extensively in the Complaint.

15.    **Exhibit 23**: Forescout's Form 10-K Amendment, filed with the SEC on April 29, 2020. This Form 10-K Amendment is referenced in the Complaint at ¶¶ 150–51. The Complaint asserts that the Form 10-K Amendment contained allegedly false and misleading statements or omissions that form the basis of Plaintiffs' claims.

16.    **Exhibit 24**: Forescout's press release dated May 18, 2020, filed with the SEC as Exhibit 99.1 to SEC Form 8-K on May 18, 2020. This press release is referenced in the Complaint at ¶¶ 31, 158. The Complaint alleges that Forescout's stock price dropped "[i]n reaction to this

-4-

disclosure," making this alleged corrective disclosure part of the basis for Plaintiffs' claims. ¶ 158.

## II.    THE COURT MAY TAKE JUDICIAL NOTICE OF THE CITED EXHIBITS

Courts may take judicial notice of information "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also Khoja*, 899 F.3d at 999. Forescout's SEC filings and conference call transcripts and presentations meet these standards.

### A.    SEC Filings

Judicial notice of Forescout's SEC filings is appropriate because they are matters of public record and "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Courts routinely take judicial notice of documents filed with the SEC in evaluating motions to dismiss under the PSLRA. *See Metzler Inv. GMBH v. Corinthian Colls. Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (holding that district court properly took judicial notice of SEC filings); *In re Intrexon Corp. Sec. Lit.*, No. 16-cv-02398, 2017 WL 732952, at *3 n.2 (N.D. Cal. Feb. 24, 2017) (taking judicial notice of SEC filings as "public records"); *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, 880 F. Supp. 2d 1045, 1059 (N.D. Cal. 2012) ("Plaintiffs' scienter and insider trading allegations do rely expressly on [defendants'] stock sales, which is information disclosed to the public through . . . Forms 4 filed with the SEC."); *In re Rackable Sys., Inc. Sec. Lit.*, No. C 09-0222, 2010 WL 199703, at *3 (N.D. Cal. Jan. 13, 2010) (taking judicial notice of SEC filings); *Kelly v. Elec. Arts, Inc.*, 71 F. Supp. 3d 1061, 1063 n.4 (N.D. Cal. Oct. 20, 2014) (Illston, J.) (same).

Defendants specifically request that the Court take judicial notice of the following documents publicly filed with the SEC:

1.    **Exhibit 1**: Forescout's Form 8-K filed with the SEC on February 7, 2019.

2.    **Exhibit 3**: Excerpts from Forescout's Form 10-K for fiscal year 2018, filed with the SEC on March 1, 2019.

3.    **Exhibit 6**: Excerpts from Forescout's Form DEF 14A, filed with the SEC on April 16, 2019.

-5-

4.    **Exhibit 7**:  Forescout's Form 8-K filed with the SEC on May 9, 2019.

5.    **Exhibit 9**:  Forescout's Form 8-K filed with the SEC on August 7, 2019.

6.    **Exhibit 12**:  Forescout's Form 8-K filed with the SEC on October 10, 2019.

7.    **Exhibit 13**:  Forescout's Form 8-K filed with the SEC on November 6, 2019.

8.    **Exhibit 14**:  Forescout's Form 8-K filed with the SEC on February 6, 2020.

9.    **Exhibit 15**:  Excerpts from Forescout's Form 10-K for fiscal year 2019, filed with the SEC on February 28, 2020.

10.    **Exhibit 16**:  Excerpts from Forescout's Form DEFM 14A, filed with the SEC on March 24, 2020.

11.    **Exhibit 18**:  Excerpts from Forescout's Form 10-Q for the first quarter of fiscal year 2020, filed with the SEC on May 11, 2020.

12.    **Exhibit 19**:  Forescout's Form 8-K filed with the SEC on May 20, 2020.

13.    **Exhibit 20**:  Forms 4 for Michael DeCesare filed with the SEC in the time period between February 20, 2019 and December 17, 2019.

14.    **Exhibit 21**:  Christopher Harms' Forms 4 filed with the SEC in the time period between February 20, 2019 and April 15, 2020.

15.    **Exhibit 22**:  Excerpts from Forescout's Form S-1/A, filed with the SEC on March 19, 2018.[2]

16.    **Exhibit 23**:  Forescout's Form 10-K Amendment, filed with the SEC on April 29, 2020.

17.    **Exhibit 24**:  Forescout's Form 8-K filed with the SEC on May 18, 2020.

18.    **Exhibit 25**:  Forescout's Schedule to Tender Offer Statement filed with the SEC on July 15, 2020.

19.    **Exhibit 26**:  Forescout's Schedule to Tender Offer Statement filed with the SEC on August 17, 2020.

---

[2] As discussed in Section I, *supra,* the Court may also properly consider Exhibits 1, 7, 9, 12, 13, 14, 15, 16, 18, 23, and 24 to the Zagnoli Declaration because the Complaint incorporates these documents by reference.

DEFENDANTS' NOTICE OF INCORP. BY REFERENCE
& RJN ISO MTD CONSOLIDATED AM. COMPL.                    CASE NO. 3:20-CV-00076-SI

### B.    Conference Call Transcripts & Presentations

Courts also take judicial notice of transcripts of company conference calls and analyst and investor conferences. *See, e.g., Wong v. Arlo Tech., Inc.*, No. 19-cv-00372, 2019 WL 7834762, at \*4 (N.D. Cal. Dec. 19, 2019) (taking judicial notice of conference call transcript); *Rackable Sys.*, 2010 WL 199703, at \*3 (judicially noticing conference call transcripts); *Brodsky v. Yahoo! Inc.*, 630 F. Supp. 2d 1104, 1111 (N.D. Cal. 2009) (same).  Similarly, it is appropriate to take judicial notice of publicly available presentations that accompanied the conference call or conference. *See In re Century Aluminum Co. Sec. Lit.*, 749 F. Supp. 2d 964, 980 (N.D. Cal. 2010) (Illston, J.) (taking judicial notice of "transcripts of conference calls with analysts" and "PowerPoint presentations to analysts").

Accordingly, judicial notice of the following documents attached as exhibits to the Zagnoli Declaration is appropriate:

1.    **Exhibit 1**:  S&P Global's transcript of Forescout's FQ4 2018 Earnings Call dated February 7, 2019.

2.    **Exhibit 4**:  S&P Global's transcript of Forescout's Analyst/Investor Day dated March 4, 2019.

3.    **Exhibit 5**:  Forescout's March 4, 2019 Investor Day presentation.

4.    **Exhibit 8**:  S&P Global's transcript of Forescout's FQ1 2019 Earnings Call dated May 9, 2019.

5.    **Exhibit 10**:  S&P Global's transcript of Forescout's FQ2 2019 Earnings Call dated August 7, 2019.

6.    **Exhibit 11**:  Bloomberg's transcript of KeyBanc Capital Markets Technology Leadership Forum, dated August 13, 2019.[3]

\*        \*        \*

---

[3] As discussed in Section I, *supra*, the Court may also properly consider Exhibits 1, 4, 8, 10, and 11 to the Zagnoli Declaration because the Complaint incorporates these documents by reference.

-7-

WHEREFORE, Defendants respectfully request that the Court consider incorporated into the Complaint, and take judicial notice of, the above-referenced documents in connection with Defendants Motions to Dismiss.

Date:  January 29, 2021                              Respectfully submitted,

                                                      **ROPES & GRAY LLP**

                                                      By: */s/ Anne Johnson Palmer*
                                                            Anne Johnson Palmer

                                                      *Attorneys for Defendant*
                                                      *Forescout Technologies, Inc.*

DEFENDANTS' NOTICE OF INCORP. BY REFERENCE
& RJN ISO MTD CONSOLIDATED AM. COMPL.                      CASE NO. 3:20-CV-00076-SI

## ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)

I, Anne Johnson Palmer, am the ECF User whose identification and password are being used to file this document.  In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that all signatories have concurred in this filing.


Date:  January 29, 2021                    _/s/ Anne Johnson Palmer_

                                                    Anne Johnson Palmer

-9-

DEFENDANTS' NOTICE OF INCORP. BY REFERENCE
& RJN ISO MTD CONSOLIDATED AM. COMPL.                    CASE NO. 3:20-CV-00076-SI