Anne Johnson Palmer (CSB #302235)
ROPES & GRAY LLP
Three Embarcadero Center
San Francisco, CA 94111-4006
Tel: (415) 315-6300
Fax: (415) 315-6350
Anne.JohnsonPalmer@ropesgray.com

Peter L. Welsh (admitted *pro hac vice*)
C. Thomas Brown (admitted *pro hac vice*)
ROPES & GRAY LLP
Prudential Tower, 800 Boylston Street
Boston, MA 02199-3600
Tel: (617) 951-7000
Fax: (617) 951-7050
Peter.Welsh@ropesgray.com
Thomas.Brown@ropesgray.com

Charles D. Zagnoli (admitted *pro hac vice*)
ROPES & GRAY LLP
191 North Wacker Drive, 32nd Floor
Chicago, IL 60606
Tel: (312) 845-1200
Fax: (312) 845-5522
Charles.Zagnoli@ropesgray.com

*Attorneys for Defendant*
*Forescout Technologies, Inc.*

Ignacio E. Salceda (CSB #164017)
Diane M. Walters (CSB #148136)
Rebecca L. Epstein (CSB #168226)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Tel: (650) 493-9300
Fax: (650) 565-5100
isalceda@wsgr.com
dwalters@wsgr.com
bepstein@wsgr.com

*Attorneys for Defendants*
*Michael DeCesare and Christopher Harms*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

CHRISTOPHER L. SAYCE, Individually and on Behalf of All Others Similarly Situated,

  *Plaintiff*,

  v.

FORESCOUT TECHNOLOGIES, INC., MICHAEL DECESARE, and CHRISTOPHER HARMS,

  *Defendants*.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO.: 3:20-cv-00076-SI

CLASS ACTION [PROPOSED]

**DEFENDANTS' NOTICE OF INCORPORATION BY REFERENCE & REQUEST FOR JUDICIAL NOTICE SUPPORTING MOTIONS TO DISMISS**

Date: August 27, 2021
Time: 10:00 A.M.
Dept.: Courtroom 1, 17th Floor

Before: Hon. Susan Illston

DEFENDANTS' NOTICE OF INCORP. BY REFERENCE
& RJN ISO MTD 2D AM. COMPL.

CASE NO. 3:20-CV-00076-SI

Defendants Forescout Technologies, Inc. ("Forescout"); Michael DeCesare; and Christopher Harms (together with Mr. DeCesare, the "Individual Defendants," and together with Forescout and Mr. DeCesare, "Defendants") hereby request that the Court consider certain documents incorporated by reference in Plaintiffs' Second Consolidated Amended Complaint for Violations of the Securities Laws (the "SAC" or "¶ _"), or take judicial notice of certain documents submitted in support of Defendants' motions to dismiss the SAC ("Motions to Dismiss"). The documents subject to this Request are attached as Exhibits 1 through 30 to the Declaration of Charles D. Zagnoli filed contemporaneously with the Motions to Dismiss (the "Zagnoli Declaration").

## ARGUMENT

In ruling on a motion to dismiss a claim under Section 10(b) of the Exchange Act, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). As set forth below, the Court may consider the Exhibits to the Zagnoli Declaration because all of the exhibits are either incorporated by reference in the SAC or are proper subjects of judicial notice. Indeed, in granting Defendants' prior motions to dismiss, the Court also granted Defendants' accompanying Notice of Incorporation by Reference & Request for Judicial Notice, Dkt. 130, which covered Exhibits 1 through 26 included in this Request.[1] *See* Order Granting Defs.' Mots. to Dismiss [Dkt. 139] at 2–3 n.1 (filed Mar. 25, 2021).

## I.    THE COURT MAY CONSIDER THOSE EXHIBITS INCORPORATED BY REFERENCE IN THE SAC

Incorporation by reference is a judicially created doctrine that "treats certain documents as though they are part of the complaint itself." *In re Eventbrite, Inc. Sec. Litig.*, No. 18-cv-02019, 2020 WL 2042078, at *7 (N.D. Cal. Apr. 28, 2020), *citing and applying Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). Under this doctrine, the Court may consider a document "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Eventbrite*, 2020 WL 2042078, at *7 (citation omitted); *see also McGovney*

---

[1] For the Court's and parties' convenience, Defendants have given the exhibits covered by this Request the same numbers used in Defendants' prior request for judicial notice.

-1-

*v. Aerohive Networks, Inc.*, No. 18-cv-00435, 2019 WL 8137143, at *7–8 (N.D. Cal. Aug. 7, 2019) (deeming earnings call transcripts and SEC filings incorporated by reference). Consideration of such documents' full text, "including portions which were not mentioned in the complaint," is appropriate in the context of a motion to dismiss to "prevent[] plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken— or doom—their claims." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996); *see also McGovney*, 2019 WL 8137143, at *7, *citing Khoja*, 889 F.3d at 1002; *Eventbrite*, 2020 WL 2042078, at *7 (alleged misstatements must be analyzed in context).

When ruling on a motion to dismiss a Section 10(b) claim, courts may consider documents incorporated by reference in evaluating whether a complaint satisfies the stringent pleading requirements of the Private Securities Litigation Reform Act ("PSLRA") and also in analyzing the PSLRA's safe harbor for forward-looking statements. *See* 15 U.S.C. § 78u–5(e) ("the court shall consider . . . any cautionary statement accompanying the forward-looking statement, which [is] not subject to material dispute, cited by the defendant"); *Tellabs*, 551 U.S. at 322 ("[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference . . . ."); *see id.* at 323–24 ("To determine whether the plaintiff has alleged facts that give rise to the requisite 'strong inference' of scienter, a court must consider plausible, nonculpable explanations for the defendant's conduct, as well as inferences favoring the plaintiff."); *In re Copper Mountain Sec. Lit.*, 311 F. Supp. 2d 857, 864 (N.D. Cal. 2004) ("Because the transcripts contain safe harbor warnings and because [plaintiff] relies on the conference calls in the [complaint], the transcripts are the proper subject of judicial notice as well.").

Accordingly, Defendants respectfully request that the Court consider the following documents, which form the basis of Plaintiffs' claims or are referred to extensively in the SAC:

1. **Exhibit 1**: Forescout's press release dated February 7, 2019, filed with the SEC as Exhibit 99.1 to SEC Form 8-K on February 7, 2019. This press release is referenced in the SAC at ¶¶ 46, 80–86. The SAC asserts that the February 7, 2019 press release contained allegedly false and misleading statements or omissions that form the basis of Plaintiffs' claims.

-2-

2.    **Exhibit 4**: S&P Global's transcript of Forescout's Analyst/Investor Day dated March 4, 2019. The Investor Day is referenced in the SAC at ¶¶ 87–88. The SAC asserts that the March 4, 2019 Investor Day discussion included allegedly false and misleading statements or omissions that form the basis of Plaintiffs' claims.

3.    **Exhibit 7**: Forescout's press release dated May 9, 2019, filed with the SEC as Exhibit 99.1 to SEC Form 8-K on May 9, 2019. This press release is referenced in the SAC at ¶¶ 4, 89–92. The SAC asserts that the May 9, 2019 press release contained allegedly false and misleading statements or omissions that form the basis of Plaintiffs' claims.

4.    **Exhibit 8**: S&P Global's transcript of Forescout's FQ1 2019 Earnings Call dated May 9, 2019. This conference call is referenced in the SAC at ¶¶ 4, 44, 93–109. The SAC asserts that the May 9, 2019 conference call discussion included allegedly false and misleading statements or omissions that form the basis of Plaintiffs' claims.

5.    **Exhibit 9**: Forescout's press release dated August 7, 2019, filed with the SEC as Exhibit 99.1 to SEC Form 8-K on August 7, 2019. This press release is referenced in the SAC at ¶¶ 110–12. The SAC asserts that the August 7, 2019 press release contained allegedly false and misleading statements or omissions that form the basis of Plaintiffs' claims.

6.    **Exhibit 10**: S&P Global's transcript of Forescout's FQ2 2019 Earnings Conference Call dated August 7, 2019. This earnings conference call is referenced in the SAC at ¶¶ 44, 100(H), 110–14, 123(B). The SAC asserts that the August 7, 2019 conference call discussion included allegedly false and misleading statements or omissions that form the basis of Plaintiffs' claims.

7.    **Exhibit 11**: Bloomberg's transcript of the KeyBanc Capital Markets Technology Leadership Forum dated August 13, 2019. This KeyBanc conference is referenced in the SAC at ¶¶ 115–16.[2] The SAC asserts that the KeyBanc conference discussion included allegedly false and misleading statements or omissions that form the basis of Plaintiffs' claims.

8.    **Exhibit 12**: Forescout's press release dated October 10, 2019, filed with the SEC as Exhibit 99.1 to SEC Form 8-K on October 10, 2019. This press release is referenced in the SAC at ¶¶ 8, 117–19. The SAC asserts that the October 10, 2019 press release contained allegedly false and

---

[2] The SAC alleges this event occurred on August 12, 2019, but the transcript is dated August 13.

DEFENDANTS' NOTICE OF INCORP. BY REFERENCE
& RJN ISO MTD 2D AM. COMPL                                    CASE NO. 3:20-CV-00076-SI

misleading statements or omissions that form the basis of Plaintiffs' claims.

9. **Exhibit 13**: Forescout's press release dated November 6, 2019, filed with the SEC as Exhibit 99.1 to SEC Form 8-K on November 6, 2019. This press release is referenced in the SAC at ¶¶ 35, 120–23. The SAC asserts that the November 6, 2019 press release contained allegedly false and misleading statements or omissions that form the basis of Plaintiffs' claims.

10. **Exhibit 14**: Forescout's press release dated February 6, 2020, filed with the SEC as Exhibit 99.1 to SEC Form 8-K on February 6, 2020. This press release is referenced in the SAC at ¶¶ 12, 124–27. The SAC asserts that the February 6, 2020 press release contained allegedly false and misleading statements or omissions that form the basis of Plaintiffs' claims.

11. **Exhibit 15**: Excerpts from Forescout's Form 10-K for the fiscal year 2019, filed with the SEC on February 28, 2020. This Form 10-K is referenced in the SAC at ¶¶ 42, 47, 78(A)–(B), 126(E), 127(C), 128–32, 135, 148–150, 153. The SAC asserts that the Form 10-K contained allegedly false and misleading statements or omissions that form the basis of Plaintiffs' claims.

12. **Exhibit 16**: Forescout's Form DEFM 14A dated March 23, 2020, and filed with the SEC on March 24, 2020. This Form DEFM 14A is referenced in the SAC at ¶¶ 13, 56, 61–63, 77(G), 126(D), 127(D), 133–41. The SAC asserts that this Form DEFM 14A (or proxy statement) contained allegedly false and misleading statements or omissions that form the basis of Plaintiffs' claims.

13. **Exhibit 17**: Forescout's press release dated May 11, 2020, filed with the SEC as Exhibit 99.1 to SEC Form 8-K on May 11, 2020. This press release is referenced in the SAC at ¶¶ 69, 72, 153–57. The SAC alleges that the May 11, 2020 press release contained allegedly false and misleading statements or omissions that form the basis of Plaintiffs' claims.

14. **Exhibit 18**: Excerpts from Forescout's Form 10-Q for the first quarter of fiscal year 2020, filed with the SEC on May 11, 2020. This Form 10-Q is referenced in the SAC at ¶¶ 72, 78(C), 126(C)–(D). The May 11, 2020 Form 10-Q is referenced extensively in the SAC.

15. **Exhibit 23**: Forescout's Form 10-K Amendment, filed with the SEC on April 29, 2020. This Form 10-K Amendment is referenced in the SAC at ¶¶ 24, 61, 149–52. The SAC asserts that the Form 10-K Amendment contained allegedly false and misleading statements or omissions that form the basis of Plaintiffs' claims.

16.     **Exhibit 24**: Forescout's press release dated May 18, 2020, filed with the SEC as Exhibit 99.1 to SEC Form 8-K on May 18, 2020.  This press release is referenced in the SAC at ¶¶ 15, 70–71.  The SAC alleges that Forescout's stock price dropped "[i]n reaction to [this] disclosure," making this alleged corrective disclosure part of the basis for Plaintiffs' claims.  ¶ 71.

17.     **Exhibit 28**: S&P Global's transcript of Forescout's special meeting of stockholders dated April 23, 2020.[3]  This meeting is referenced in the SAC at ¶¶ 142–45.  The SAC asserts that statements made at the April 23, 2020 meeting included allegedly false and misleading statements or omissions that form the basis of Plaintiffs' claims.

18.     **Exhibit 29**: Forescout's press release dated April 23, 2020, filed with the SEC as Exhibit 99.1 to SEC Form 8-K on April 24, 2020.  This press release is referenced in the SAC at ¶¶ 146–48.  The SAC alleges that the April 23, 2020 press release contained allegedly false and misleading statements or omissions that form the basis of Plaintiffs' claims.

19.     **Exhibit 30**: Forescout's Schedule 14D-9 Solicitation / Recommendation Statement filed with the SEC on July 20, 2020.  This filing is referenced in the SAC at ¶¶ 17, 65, 75, 77, 139, 143, 144(C), 156.  This July 20, 2020 Schedule 14D-9 is referenced extensively in the SAC.

## II.     THE COURT MAY TAKE JUDICIAL NOTICE OF THE EXHIBITS

Courts may take judicial notice of information "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b); *see Khoja*, 899 F.3d at 999; *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) ("On a motion to dismiss, [court] may consider . . . matters of public record.").  Forescout's SEC filings, and its investor and analyst conference call transcripts and presentations, meet these standards.

---

[3] The SAC explicitly incorporates this transcript by reference, even providing a purported hyperlink to the document. *See* ¶ 145.  The link provided by Plaintiffs no longer functions, likely because the website appears to archive materials for only one year.  Defendants thus provide a copy of the transcript contained in another reliable public source.

-5-

### A.     SEC Filings

Judicial notice of Forescout's SEC filings is appropriate because they are matters of public record and "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(2).  Courts routinely take judicial notice of documents filed with the SEC in evaluating motions to dismiss under the PSLRA.  *See Metzler Inv. GMBH v. Corinthian Colls. Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (district court properly took judicial notice of SEC filings); *Dreiling v. Am. Exp. Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) (court may take judicial notice of SEC filings); *In re Intrexon Corp. Sec. Lit.*, No. 16-cv-02398, 2017 WL 732952, at *3 n.2 (N.D. Cal. Feb. 24, 2017) (same); *In re Rackable Sys., Inc. Sec. Lit.*, No. C 09-0222, 2010 WL 199703, at *3 (N.D. Cal. Jan. 13, 2010) (same); *Kelly v. Elec. Arts, Inc.*, 71 F. Supp. 3d 1061, 1063 n.4 (N.D. Cal. Oct. 20, 2014) (Illston, J.) (same); *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, 880 F. Supp. 2d 1045, 1059 (N.D. Cal. 2012) ("Plaintiffs' scienter and insider trading allegations do rely expressly on [defendants'] stock sales, which is information disclosed to the public through . . . Forms 4 filed with the SEC.").

Defendants specifically request that the Court take judicial notice of the following documents publicly filed with the SEC:

1.      **Exhibit 1**:  Forescout's Form 8-K filed with the SEC on February 7, 2019.

2.      **Exhibit 3**:  Excerpts from Forescout's Form 10-K for fiscal year 2018, filed with the SEC on March 1, 2019.

3.      **Exhibit 6**:  Excerpts from Forescout's Form DEF 14A, filed with the SEC on April 16, 2019.

4.      **Exhibit 7**:  Forescout's Form 8-K filed with the SEC on May 9, 2019.

5.      **Exhibit 9**:  Forescout's Form 8-K filed with the SEC on August 7, 2019.

6.      **Exhibit 12**:  Forescout's Form 8-K filed with the SEC on October 10, 2019.

7.      **Exhibit 13**:  Forescout's Form 8-K filed with the SEC on November 6, 2019.

8.      **Exhibit 14**:  Forescout's Form 8-K filed with the SEC on February 6, 2020.

9.      **Exhibit 15**:  Excerpts from Forescout's Form 10-K for fiscal year 2019, filed with the SEC on February 28, 2020.

-6-

10. **Exhibit 16**: Forescout's Form DEFM 14A, filed with the SEC on March 24, 2020.

11. **Exhibit 17**: Forescout's Form 8-K filed with the SEC on May 11, 2020.

12. **Exhibit 18**: Excerpts from Forescout's Form 10-Q for the first quarter of fiscal year 2020, filed with the SEC on May 11, 2020.

13. **Exhibit 19**: Forescout's Form 8-K filed with the SEC on May 20, 2020.

14. **Exhibit 20**: Forms 4 for Michael DeCesare filed with the SEC in the time period between February 20, 2019 and December 17, 2019.

15. **Exhibit 21**: Forms 4 for Christopher Harms filed with the SEC in the time period between February 20, 2019 and April 15, 2020.

16. **Exhibit 22**: Excerpts from Forescout's Form S-1/A, filed with the SEC on March 19, 2018.

17. **Exhibit 23**: Forescout's Form 10-K Amendment, filed with the SEC on April 29, 2020.

18. **Exhibit 24**: Forescout's Form 8-K filed with the SEC on May 18, 2020.

19. **Exhibit 25**: Forescout's Schedule to Tender Offer Statement filed with the SEC on July 15, 2020.

20. **Exhibit 26**: Forescout's Schedule to Tender Offer Statement filed with the SEC on August 17, 2020.

21. **Exhibit 27**: Excerpts from Forescout's Schedule 14A Preliminary Proxy Statement filed with the SEC on March 3, 2020.  This SAC references this filing at ¶¶ 56, 62–63.

22. **Exhibit 29**: Forescout's Form 8-K filed with the SEC on April 24, 2020.

23. **Exhibit 30**: Forescout's Schedule 14D-9 Solicitation / Recommendation Statement filed with the SEC on July 20, 2020.[4]

### B.    Conference Call Transcripts & Presentations

Courts also take judicial notice of transcripts of analyst and investor conference calls and conferences. *See, e.g., Wong v. Arlo Tech., Inc.*, No. 19-cv-00372, 2019 WL 7834762, at \*4 (N.D. Cal. Dec. 19, 2019) (taking judicial notice of conference call transcript); *Rackable Sys.*, 2010 WL

---

[4] As discussed in Part I, *supra,* the Court may also properly consider Exhibits 1, 7, 9, 12–18, 23–24, and 29–30 to the Zagnoli Declaration because the SAC incorporates these documents by reference.

DEFENDANTS' NOTICE OF INCORP. BY REFERENCE
& RJN ISO MTD 2D AM. COMPL                                    CASE NO. 3:20-CV-00076-SI

199703, at *3 (same); *Brodsky v. Yahoo! Inc.*, 630 F. Supp. 2d 1104, 1111 (N.D. Cal. 2009) (same). Similarly, it is appropriate to take judicial notice of publicly available presentations that accompanied the conference call or conference. *See In re Century Aluminum Co. Sec. Lit.*, 749 F. Supp. 2d 964, 980 (N.D. Cal. 2010) (Illston, J.) (taking judicial notice of analyst conference call transcripts and "PowerPoint presentations to analysts").

Accordingly, judicial notice of the following documents attached as exhibits to the Zagnoli Declaration is appropriate:

1.     **Exhibit 2**:  S&P Global's transcript of Forescout's FQ4 2018 Earnings Call dated February 7, 2019.

2.     **Exhibit 4**:  S&P Global's transcript of Forescout's Analyst / Investor Day dated March 4, 2019.

3.     **Exhibit 5**:  Forescout's Analyst / Investor Day presentation dated March 4, 2019.

4.     **Exhibit 8**:  S&P Global's transcript of Forescout's FQ1 2019 Earnings Call dated May 9, 2019.

5.     **Exhibit 10**:  S&P Global's transcript of Forescout's FQ2 2019 Earnings Call dated August 7, 2019.

6.     **Exhibit 11**:  Bloomberg's transcript of the KeyBanc Capital Markets Technology Leadership Forum, dated August 13, 2019.

7.     **Exhibit 28**: S&P Global's transcript of Forescout's special meeting of stockholders dated April 23, 2020.[5]

*        *        *

WHEREFORE, Defendants respectfully request that the Court consider incorporated into the SAC, and take judicial notice of, the above-referenced documents in connection with Defendants' Motions to Dismiss.

---

[5] As discussed in Part I, *supra*, the Court may also properly consider Exhibits 4, 8, 10–11, and 28 to the Zagnoli Declaration because the SAC incorporates these documents by reference.

Date:  June 24, 2021                    Respectfully submitted,

                                        **ROPES & GRAY LLP**

                                        By: */s/ Anne Johnson Palmer*
                                                Anne Johnson Palmer

                                        *Attorneys for Defendant*
                                        *Forescout Technologies, Inc.*

-9-

## ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)

I, Anne Johnson Palmer, am the ECF User whose identification and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that all signatories have concurred in this filing.

Date:  June 24, 2021                              /s/ Anne Johnson Palmer
                                                        Anne Johnson Palmer

-10-