Amy Jane Longo (CSB #198304)
Anne Johnson Palmer (CSB #302235)
ROPES & GRAY LLP
Three Embarcadero Center
San Francisco, CA 94111-4006
Tel: (415) 315-6300
Fax: (415) 315-6350
Amy.Longo@ropesgray.com
Anne.JohnsonPalmer@ropesgray.com

[Additional counsel on signature page]

*Attorneys for Defendant*
*Forescout Technologies, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| CHRISTOPHER L. SAYCE, Individually and on Behalf of All Others Similarly Situated,<br><br>    *Plaintiff*,<br><br>    v.<br><br>FORESCOUT TECHNOLOGIES, INC., MICHAEL DECESARE, and CHRISTOPHER HARMS,<br><br>    *Defendants*. | CASE NO.: 3:20-cv-00076-SI<br><br>CLASS ACTION<br><br>**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO SECOND CONSOLIDATED AMENDED COMPLAINT**<br><br>Dept.: Courtroom 1, 17th Floor<br><br>Before: Hon. Susan Illston |

Defendants Forescout, Inc. ("Forescout" or the "Company"), Michael DeCesare, and Christopher Harms (together with Mr. DeCesare, the "Individual Defendants," and collectively with Forescout, the "Defendants"), by their attorneys, hereby file this Answer and Affirmative Defenses.

## ANSWER

Defendants file this answer (the "Answer") in response to the Second Consolidated Amended Complaint for Violations of the Federal Securities Laws [Dkt. 142] (the "Complaint") filed on May 10, 2021. This Answer is made without waiving, but instead expressly reserving, all rights that Defendants may have to file dispositive motions or other responses addressing some or all of the allegations and claims asserted in the Complaint. To the extent that the paragraphs of the Complaint are grouped under headings and subheadings, Defendants respond generally that the headings and subheadings do not constitute factual averments, and thus the headings are not included herein. To the extent that a response is deemed necessary, Defendants deny each and every heading and sub-heading in the Complaint. Except as expressly admitted herein, Defendants deny all allegations, including, without limitation, any allegations in the table of contents, preamble, headings, footnotes, and prayer for relief, and incorporate by reference this response in each paragraph below as if fully set forth therein. To the extent Defendants admit the contents of statements written or made orally by others, such admission does not imply any admission of the truth of such statements. Capitalized terms not otherwise defined in this Answer have the meanings ascribed to them in the Complaint. Defendants answer the Complaint's allegations as follows:

1.      Defendants admit that Forescout is a company that specializes in providing device visibility and control solutions that protect organizations' computer networks from cyberattacks. Defendants admit that Forescout became publicly traded through an IPO in October 2017. Defendants respectfully refer the Court to Forescout's public SEC filings related to its 2017 IPO and reporting the Company's revenue results for the 2018 fiscal year for those disclosures' true and complete contents, and Defendants deny any allegations inconsistent therewith. Defendants deny any remaining allegations in this Paragraph.

2.      Defendants respectfully refer the Court to Forescout's public disclosures regarding its fiscal year 2019 revenue guidance for the disclosures' true and complete contents, and Defendants

deny any allegations inconsistent therewith. Defendants deny any remaining allegations in this Paragraph, and specifically deny that Forescout's products were not well-suited to providing security for the increasing trends towards cloud-delivered cybersecurity solutions and remote working.

3. Defendants lack knowledge or information sufficient to form a belief as to the Complaint's descriptions of the anonymous CW referenced in this Paragraph. Defendants deny the allegations this Paragraph purports to attribute to an anonymous CW. Defendants lack knowledge or information sufficient to form a belief as to as to what any CWs knew or did not know or from where or how any CWs purportedly learned any alleged information. Defendants admit that Forescout engaged the consulting firm Force Management. Defendants deny the remaining allegations in this Paragraph.

4. Defendants respectfully refer the Court to Forescout's public disclosures on May 9, 2019, for their true and complete contents, and Defendants deny any allegations inconsistent therewith. The Court has dismissed with prejudice (and the Ninth Circuit has affirmed the dismissal of) Plaintiffs' claims related to the purported misstatements made on May 9, 2019, (a) regarding the expectation that "slipped" deals were still expected to close within 2019, (b) expressing the opinion that Forescout could still meet 2019 revenue guidance irrespective of whether "slipped" deals closed, and (c) related to Forescout's sales force. The allegations in this Paragraph related to such claims thus require no response; to the extent a response is deemed required, Defendants deny those allegations. Defendants deny the remaining allegations in this Paragraph.

5. The Court has dismissed with prejudice (and the Ninth Circuit has affirmed the dismissal of) Plaintiffs' claims related to Forescout's sales force, and the allegations in this Paragraph related to such claims thus require no response; to the extent a response is deemed required, Defendants deny those allegations. Defendants respectfully refer the Court to Forescout's Form 10-K for fiscal year 2019 for its true and complete contents, and Defendants deny any allegations inconsistent therewith. Defendants deny the remaining allegations in this Paragraph.

6. Defendants lack knowledge or information sufficient to form a belief as to the Complaint's descriptions of the anonymous CWs referenced in this Paragraph. Defendants deny the allegations this Paragraph purports to attribute to anonymous CWs. Defendants lack knowledge or

-2-

DEFENDANTS' ANSWER TO SECOND
CONSOLIDATED AMENDED COMPLAINT                                    CASE NO. 3:20-CV-00076-SI

information sufficient to form a belief as to as to what any CWs knew or did not know or from where or how any CWs purportedly learned any alleged information. Defendants deny the remaining allegations in this Paragraph.

7. Defendants lack knowledge or information sufficient to form a belief as to the Complaint's descriptions of the anonymous CWs referenced in this Paragraph. Defendants deny the allegations this Paragraph purports to attribute to anonymous CWs. Defendants lack knowledge or information sufficient to form a belief as to as to what any CWs knew or did not know or from where or how any CWs purportedly learned any alleged information. Defendants admit that Forescout has historically used Clari for various sales-related purposes. Defendants deny the remaining allegations in this Paragraph.

8. Defendants respectfully refer the Court to Forescout's public disclosures of third-quarter 2019 revenue results and guidance for the disclosures' true and complete contents, and Defendants deny any allegations inconsistent therewith. The Court has dismissed (and the Ninth Circuit has affirmed the dismissal of) Plaintiffs' claims related to Forescout's sales force, and the allegations in this Paragraph related to such claims thus require no response; to the extent a response is deemed required, Defendants deny those allegations. Defendants deny the allegations the Complaint purports to attribute to an anonymous CW in this Paragraph. Defendants lack knowledge or information sufficient to form a belief as to as to what any CWs knew or did not know or from where or how any CWs purportedly learned any alleged information. Defendants deny the remaining allegations in this Paragraph.

9. Defendants admit that Forescout engaged Morgan Stanley in 2019 to advise Forescout regarding, among other matters, a review of strategic alternatives available to Forescout. Defendants deny the remaining allegations in this Paragraph.

10. Defendants respectfully refer the Court to Forescout's Proxy Statement dated March 24, 2020, for its true and complete contents, and Defendants deny any allegations inconsistent therewith. Defendants deny the remaining allegations in this Paragraph.

11. The Court has dismissed with prejudice (and Plaintiffs abandoned in this Court or on appeal) Plaintiffs' claims related to Forescout's revenue guidance and alleged channel stuffing, and

-3-

DEFENDANTS' ANSWER TO SECOND
CONSOLIDATED AMENDED COMPLAINT                                    CASE NO. 3:20-CV-00076-SI

the allegations in this Paragraph related to such claims thus require no response; to the extent a response is deemed required, Defendants deny those allegations. Defendants deny the remaining allegations in this Paragraph.

12. Admitted.

13. Defendants respectfully refer the Court to the Preliminary Proxy Statement dated March 3, 2020, and the Proxy Statement dated March 24, 2020, for their true and complete contents, and Defendants deny any allegations inconsistent therewith. The Court has dismissed with prejudice (and the Ninth Circuit has affirmed the dismissal of) Plaintiffs' claims related to Forescout's sales force, and the allegations in this Paragraph related to such claims thus require no response; to the extent a response is deemed required, Defendants deny those allegations. The Court has dismissed with prejudice (and Plaintiffs abandoned in this Court or on appeal) Plaintiffs' claims related to alleged channel stuffing, and the allegations in this Paragraph related to such claims thus require no response; to the extent a response is deemed required, Defendants deny those allegations. Defendants respectfully refer the Court to Forescout's public disclosures of reported revenue results and projections for the disclosures' true and complete contents, and Defendants deny any allegations inconsistent therewith. Defendants deny the remaining allegations in this Paragraph.

14. The Court has dismissed with prejudice (and the Ninth Circuit has affirmed the dismissal of) Plaintiffs' claims related to purported misstatements on April 23, 2020, and April 29, 2020, regarding the Forescout/Advent merger, and the allegations in this Paragraph related to such claims thus require no response; to the extent a response is deemed required, Defendants deny those allegations. Defendants deny the remaining allegations in this Paragraph.

15. Defendants admit that Advent provided notice to Forescout on May 15, 2020 that it would not be proceeding with its acquisition of Forescout. Defendants respectfully refer the Court to publicly available information about Forescout's closing stock price for its true and complete contents, and Defendants deny any allegations inconsistent therewith. Defendants deny the remaining allegations in this Paragraph.

16. Defendants admit that Forescout filed a complaint in the Delaware Court of Chancery on May 19, 2020. Defendants admit that Advent answered the Delaware Complaint and asserted a

-4-

counterclaim.    Defendants admit that Forescout filed an answer to Advent's counterclaim. Defendants admit that the Delaware Litigation settled approximately two months after the complaint was filed.  Defendants deny any remaining allegations in this Paragraph.

17.    Defendants admit that Forescout and Advent settled their Delaware merger lawsuit on or about July 15, 2020.  Defendants respectfully refer the Court to the Amended Merger Agreement and Forescout's merger-related filings with the U.S. Securities and Exchange Commission for those materials' true and complete contents, and Defendants deny any allegations inconsistent therewith.

18.    This Paragraph calls for a legal conclusion to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this Paragraph.

19.    This Paragraph calls for a legal conclusion to which no response is required.  To the extent a response is deemed required, Defendants admit that this Court has jurisdiction over this action pursuant to the cited statutory provisions.

20.    Defendants admit that Forescout is a corporation with its principal place of business in San Jose.  Defendants admit that the Individual Defendants reside in or around the San Francisco Bay Area.  This Paragraph otherwise calls for a legal conclusion to which no response is required. To the extent a response is deemed required, Defendants admit that venue is proper in the United States District Court for the Northern District of California.

21.    This Paragraph calls for a legal conclusion to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this Paragraph.

22.    Defendants lack knowledge or information sufficient to form a belief as to Lead Plaintiffs' purported stock holdings during the Class Period.  Defendants deny the remaining allegations in this Paragraph.

23.    Defendants admit that at the time of the Complaint's filing, Forescout's principal executive offices were located at 190 West Tasman Drive, San Jose, CA 95134.

24.    Defendants admit that Mr. DeCesare served as Forescout's President and CEO from March 2015 to October 2020 and that he served as a member of the Company's Board of Directors from March 2015 to October 2021.  Defendants respectfully refer the Court to Forescout's SEC

-5-

filings, including the 2019 Form 10K/A, DEFM14A filed March 23, 2020, annual proxy statements, and Mr. DeCesare's Form 4 filings, for their true and complete contents, and Defendants deny any allegations inconsistent therewith. Defendants deny any remaining allegations in this Paragraph.

25. Defendants admit that Mr. Harms served as Forescout's CFO from March 2013 to September 2020. Defendants respectfully refer the Court to Forescout's SEC filings, including the 2019 Form 10K/A, DEFM14A filed March 23, 2020, annual proxy statements, and Mr. Harms' Form 4 filings, for their true and complete contents, and Defendants deny any allegations inconsistent therewith. Defendants deny any remaining allegations in this Paragraph.

26. The allegations contained in this Paragraph require no response. To the extent a response is deemed required, Defendants deny the allegations.

27. Defendants admit that Forescout has developed technology for monitoring network cybersecurity. Defendants respectfully refer the Court to Forescout's public disclosures and statements regarding Forescout's product offerings for their true and complete contents, and Defendants deny any allegations inconsistent therewith. Defendants deny any remaining allegations in this Paragraph.

28. Defendants admit that Forescout has historically offered CounterACT and Enterprise Manager software. Defendants admit that, for a historical period of time, Forescout offered perpetual software licenses. Defendants respectfully refer the Court to Forescout's public disclosures and statements regarding Forescout's product offerings for their true and complete contents, and Defendants deny any allegations inconsistent therewith. Defendants deny any remaining allegations in this Paragraph.

29. Defendants admit that they had made their products available for many years preceding 2017. Defendants deny the remaining allegations in this Paragraph.

30. Defendants deny the allegations in this Paragraph.

31. Defendants respectfully refer the Court to Forescout's public disclosures of revenue results and SEC filings for the disclosures' true and complete contents, and Defendants deny any allegations inconsistent therewith. Defendants admit that Forescout became publicly traded in October 2017. Defendants deny any remaining allegations in this Paragraph.

32.    Defendants lack knowledge or information sufficient to form a belief as to the Complaint's descriptions of Mr. Linthicum or as to the Complaint's allegation that Plaintiffs consulted with Mr. Linthicum.  The Complaint's characterization of Mr. Linthicum as an expert is a legal conclusion to which no response is required; to the extent a response is deemed required, Defendants deny the allegations in this Paragraph.  Defendants deny any remaining allegations in this Paragraph.

33.    Defendants lack knowledge or information sufficient to form a belief as to the Complaint's description of Mr. Linthicum's opinions.  To the extent a further response to this Paragraph is deemed required, Defendants deny the allegations in this Paragraph.

34.    Defendants lack knowledge or information sufficient to form a belief as to the Complaint's description of Mr. Linthicum's opinions.  To the extent a further response to this Paragraph is deemed required, Defendants deny the allegations in this Paragraph.

35.    Defendants admit that eyeSegment was introduced on or about November 6, 2019. Defendants respectfully refer the Court to Mr. DeCesare's public statements on November 6, 2019, and to Forescout's publicly reported financial statements and revenue information for those materials' true and complete contents, and Defendants deny any allegations inconsistent therewith. Defendants deny any remaining allegations in this Paragraph.

36.    Defendants lack knowledge or information sufficient to form a belief as to the Complaint's description of Mr. Linthicum's opinions; to the extent a response to those allegations is deemed required, Defendants deny the allegations.  Defendants lack knowledge or information sufficient to form a belief as to the Complaint's descriptions of the anonymous CWs referenced in this Paragraph.  Defendants deny the allegations the Complaint purports to attribute to anonymous CWs in this Paragraph.  Defendants lack knowledge or information sufficient to form a belief as to as to what any CWs knew or did not know or from where or how any CWs purportedly learned any alleged information.  The Court has dismissed with prejudice (and the Ninth Circuit has affirmed the dismissal of) Plaintiffs' claims related to Forescout's sales force, and the allegations in this Paragraph related to such claims thus require no response; to the extent a response is deemed required, Defendants deny those allegations.  Defendants deny any remaining allegations in this Paragraph.

-7-

37. The Court has dismissed with prejudice (and the Ninth Circuit has affirmed the dismissal of) Plaintiffs' claims related to Forescout's sales force, and the allegations in this Paragraph related to such claims thus require no response; to the extent a response is deemed required, Defendants deny those allegations. Defendants respectfully refer the Court to Forescout's public disclosures and filings with the SEC for those materials' true and complete contents, and Defendants deny any allegations inconsistent therewith. Defendants deny the remaining allegations in this Paragraph.

38. The Court has dismissed with prejudice (and the Ninth Circuit has affirmed the dismissal of) Plaintiffs' claims related to Forescout's sales force, and the allegations in this Paragraph related to such claims thus require no response; to the extent a response is deemed required, Defendants deny those allegations. Defendants lack knowledge or information sufficient to form a belief as to the Complaint's descriptions of the anonymous CWs referenced in this Paragraph. Defendants deny the allegations the Complaint purports to attribute to anonymous CWs in this Paragraph. Defendants lack knowledge or information sufficient to form a belief as to as to what any CWs knew or did not know or from where or how any CWs purportedly learned any alleged information. Defendants deny any remaining allegations in this Paragraph.

39. The Court has dismissed with prejudice (and the Ninth Circuit has affirmed the dismissal of) Plaintiffs' claims related to Forescout's sales force, and the allegations in this Paragraph related to such claims thus require no response; to the extent a response is deemed required, Defendants (a) respectfully refer the Court to Forescout's 2018 Form 10-K for its true and complete contents, and Defendants deny any allegations inconsistent therewith, and (b) Defendants otherwise deny the allegations in this Paragraph.

40. The Court has dismissed with prejudice (and the Ninth Circuit has affirmed the dismissal of) Plaintiffs' claims related to Forescout's sales force, and the allegations in this Paragraph related to such claims thus require no response; to the extent a response is deemed required, Defendants deny those allegations. Defendants lack knowledge or information sufficient to form a belief as to the Complaint's descriptions of the anonymous CWs referenced in this Paragraph. Defendants deny the allegations the Complaint purports to attribute to anonymous CWs in this

-8-

DEFENDANTS' ANSWER TO SECOND
CONSOLIDATED AMENDED COMPLAINT                                    CASE NO. 3:20-CV-00076-SI

Paragraph. Defendants lack knowledge or information sufficient to form a belief as to as to what any CWs knew or did not know or from where or how any CWs purportedly learned any alleged information. Defendants deny the remaining allegations in this Paragraph.

41.     The Court has dismissed with prejudice (and the Ninth Circuit has affirmed the dismissal of) Plaintiffs' claims related to Forescout's sales force, and the allegations in this Paragraph related to such claims thus require no response; to the extent a response is deemed required, Defendants (a) respectfully refer the Court to Forescout's 2018 Form 10-K and the audio recordings and transcripts of the May 2019 earnings call for their true and complete contents, and Defendants deny any allegations inconsistent therewith, and (b) Defendants otherwise deny the allegations in this Paragraph.

42.     The Court has dismissed with prejudice (and the Ninth Circuit has affirmed the dismissal of) Plaintiffs' claims related to Forescout's sales force, and the allegations in this Paragraph related to such claims thus require no response; to the extent a response is deemed required, Defendants (a) respectfully refer the Court to Forescout's 2019 Form 10-K for its true and complete contents, and Defendants deny any allegations inconsistent therewith, and (b) Defendants otherwise deny the allegations in this Paragraph.

43.     Defendants admit that Forescout has historically used Clari for various sales-related purposes. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning language on a third party's web site, and, on that basis, deny the allegations. Defendants deny any remaining allegations in this Paragraph.

44.     The Court has dismissed with prejudice (and the Ninth Circuit has affirmed the dismissal of) Plaintiffs' claims related to Forescout's sales force, and the allegations in this Paragraph related to such claims thus require no response; to the extent a response is deemed required, Defendants deny those allegations. Defendants respectfully refer the Court to the audio recordings and transcripts of the May 9, 2019, and August 7, 2019, conference calls for their true and complete contents, and Defendants deny any allegations inconsistent therewith. Defendants deny any remaining allegations in this Paragraph.

DEFENDANTS' ANSWER TO SECOND
CONSOLIDATED AMENDED COMPLAINT                                      CASE NO. 3:20-CV-00076-SI

45.    The Court has dismissed with prejudice (and the Ninth Circuit has affirmed the dismissal of) Plaintiffs' claims related to Forescout's sales force, and the allegations in this Paragraph related to such claims thus require no response; to the extent a response is deemed required, Defendants deny those allegations.  Defendants lack knowledge or information sufficient to form a belief as to the Complaint's descriptions of the anonymous CWs referenced in this Paragraph.  Defendants lack knowledge or information sufficient to form a belief as to the accuracy of any purportedly quoted statements that this Paragraph attributes to anonymous CWs and as to what any CWs knew or did not know or from where or how any CWs purportedly learned any alleged information.  Defendants deny the allegations the Complaint purports to attribute to anonymous CWs in this Paragraph.  Defendants deny the remaining allegations in this Paragraph.

46.    Defendants respectfully refer the Court to Forescout's public disclosures of revenue results and SEC filings for their true and complete contents, and Defendants deny any allegations inconsistent therewith.  Defendants deny any remaining allegations in this Paragraph.

47.    Defendants respectfully refer the Court to Forescout's public disclosures of revenue results and SEC filings for their true and complete contents, and Defendants deny any allegations inconsistent therewith.  Defendants deny the remaining allegations in this Paragraph.

48.    Defendants repeat, incorporate, and reallege their answers to the allegations in the preceding referenced Paragraphs as if fully set forth herein.  Defendants deny the remaining allegations in this Paragraph.

49.    Defendants deny the allegations the Complaint purports to attribute to anonymous CWs in this Paragraph.  Defendants lack knowledge or information sufficient to form a belief as to as to what any CWs knew or did not know or from where or how any CWs purportedly learned any alleged information.  Defendants deny the remaining allegations in this Paragraph.

50.    Defendants admit that Forescout engaged the consulting firm Force Management. Defendants lack knowledge or information sufficient to form a belief as to the Complaint's descriptions of the anonymous CWs referenced in this Paragraph.  Defendants deny the allegations the Complaint purports to attribute to an anonymous CW in this Paragraph.  Defendants lack knowledge or information sufficient to form a belief as to as to what any CWs knew or did not know

DEFENDANTS' ANSWER TO SECOND
CONSOLIDATED AMENDED COMPLAINT                                      CASE NO. 3:20-CV-00076-SI

or from where or how any CWs purportedly learned any alleged information.  Defendants deny the remaining allegations in this Paragraph.

51.    Defendants deny the allegations in this Paragraph.

52.    Defendants lack knowledge or information sufficient to form a belief as to the Complaint's descriptions of the anonymous CWs referenced in this Paragraph.  Defendants deny the allegations the Complaint purports to attribute to anonymous CWs in this Paragraph.  Defendants lack knowledge or information sufficient to form a belief as to as to what any CWs knew or did not know or from where or how any CWs purportedly learned any alleged information.  Defendants deny the remaining allegations contained in this Paragraph.

53.    Defendants admit that the Forescout board of directors began a strategic review process in 2019.  Defendants deny the remaining allegations in this Paragraph.

54.    Defendants deny the allegations in this Paragraph.

55.    Defendants respectfully refer the Court to Forescout's public disclosures of reported revenue results and projections for the disclosures' true and complete contents, and Defendants deny any allegations inconsistent therewith.  Defendants deny the remaining allegations in this Paragraph.

56.    Defendants repeat, incorporate, and reallege their answers to the allegations in the preceding referenced Paragraphs as if fully set forth herein.  Defendants respectfully refer the Court to the Preliminary Proxy Statement dated March 3, 2020 and the Proxy Statement dated March 24, 2020 for their true and complete contents, and Defendants deny any allegations inconsistent therewith.  The Court has dismissed with prejudice (and Plaintiffs abandoned in this Court or on appeal) Plaintiffs' claims related to Forescout's revenue guidance, and the allegations in this Paragraph related to such claims thus require no response; to the extent a response is deemed required, Defendants deny those allegations.  Defendants deny the remaining allegations in this Paragraph.

57.    Defendants lack knowledge or information sufficient to form a belief as to the Complaint's descriptions of the anonymous CW referenced in this Paragraph.  Defendants deny the allegations the Complaint purports to attribute to an anonymous CW in this Paragraph.  Defendants lack knowledge or information sufficient to form a belief as to as to what any CWs knew or did not

know or from where or how any CWs purportedly learned any alleged information.  The Court has dismissed with prejudice (and Plaintiffs abandoned in this Court or on appeal) Plaintiffs' claims related to Forescout's revenue guidance, and the allegations in this Paragraph related to such claims thus require no response; to the extent a response is deemed required, Defendants deny those allegations.  Defendants deny the remaining allegations in this Paragraph.

58.     The Court has dismissed with prejudice (and Plaintiffs abandoned in this Court or on appeal) Plaintiffs' claims related to Forescout's revenue guidance, and the allegations in this Paragraph related to such claims thus require no response; to the extent a response is deemed required, Defendants deny those allegations.  Defendants respectfully refer the Court to Forescout's public disclosures of reported revenue results and projections for the disclosures' true and complete contents, and Defendants deny any allegations inconsistent therewith.  Defendants deny the remaining allegations in this Paragraph.

59.     Defendants respectfully refer the Court to Forescout's disclosures of its revenue results and projections for their true and complete contents, and Defendants deny any allegations inconsistent therewith.  The Court has dismissed with prejudice (and Plaintiffs abandoned in this Court or on appeal) Plaintiffs' claims related to Forescout's revenue guidance, and the allegations in this Paragraph related to such claims thus require no response; to the extent a response is deemed required, Defendants deny those allegations.  Defendants deny the remaining allegations in this Paragraph.

60.     Defendants admit that on February 6, 2020, affiliates of Advent executed an agreement to purchase Forescout's outstanding stock for $33.00 per share.  Defendants deny the remaining allegations in this Paragraph.

61.     Defendants respectfully refer the Court to the referenced SEC filings for their true and complete contents, and Defendants deny any allegations inconsistent therewith.  Defendants deny the remaining allegations in this Paragraph.

62.     Defendants respectfully refer the Court to the referenced proxy statements and other SEC filings for their true and complete contents, and Defendants deny any allegations inconsistent therewith.  Defendants deny any remaining allegations in this Paragraph.

-12-

DEFENDANTS' ANSWER TO SECOND
CONSOLIDATED AMENDED COMPLAINT                                              CASE NO. 3:20-CV-00076-SI

63.    Defendants respectfully refer the Court to the March 3, 2020, Preliminary Proxy Statement and the March 24, 2020, Proxy Statement for their true and complete contents, and Defendants deny any allegations inconsistent therewith. Defendants deny the remaining allegations in this Paragraph.

64.    Defendants admit that, in March and April 2020, Forescout shared with Advent certain information and analysis related to Forescout's business. Defendants deny the remaining allegations in this Paragraph.

65.    Defendants respectfully refer the Court to the Tender Offer Recommendation for its true and complete contents, and Defendants deny any allegations inconsistent therewith. Defendants deny the remaining allegations in this Paragraph.

66.    Defendants respectfully refer the Court to the Original Merger Agreement for its true and complete contents, and Defendants deny any allegations inconsistent therewith. Defendants deny the remaining allegations in this Paragraph.

67.    The Court has dismissed with prejudice (and Plaintiffs abandoned in this Court or on appeal) Plaintiffs' claims related to alleged channel stuffing, and the allegations in this Paragraph thus require no response; to the extent a response is deemed required, Defendants deny the allegations in this Paragraph.

68.    Defendants admit that, on May 8, 2020, a representative of Advent contacted Mr. DeCesare and said, among other things, that Advent could not "make the numbers work" and that their position was "100% COVID-related." Defendants deny the remaining allegations in this Paragraph.

69.    Defendants admit that Forescout reported its financial results for Q1 2020 on May 11, 2020. Defendants admit that the price of Forescout stock closed at $32.09 on May 11, 2020, and the price of Forescout stock closed at $30.50 on May 12, 2020. Defendants deny the remaining allegations in the Paragraph.

70.    Defendants admit that Forescout issued a press release on Monday, May 18, 2020, announcing that Advent had informed Forescout by letter on Friday, May 15, 2020, that it would not be proceeding with consummation of the merger. Defendants respectfully refer the Court to the May

-13-

18, 2020, press release filed as Exhibit 99.1 to Forescout's May 18, 2020, SEC Form 8-K for its true and complete contents, and Defendants deny any allegations inconsistent therewith. Defendants admit that the Paragraph purports to quote excerpts from Advent's May 15, 2020, termination letter, but deny the excerpted portions. Defendants deny the remaining allegations in this Paragraph.

71. Defendants admit that the price of Forescout stock closed at $22.57 per share on May 18, 2020, $20.93 on May 19, 2020, and $19.84 on May 20, 2020. Defendants deny the remaining allegations in this Paragraph.

72. Defendants respectfully refer the Court to Forescout's Q1 2020 Form 10-Q and to Forescout's public disclosures about Forescout's reported financial results for those materials' true and complete contents, and Defendants deny any allegations inconsistent therewith. Defendants deny the remaining allegations in this Paragraph.

73. Admitted.

74. Defendants admit that Advent and Forescout settled the Delaware Litigation on July 15, 2020, and entered into a revised merger agreement. Defendants respectfully refer the Court to the revised merger agreement and Original Merger Agreement for their true and complete contents, and Defendants deny any allegations inconsistent therewith. Defendants deny the remaining allegations in this Paragraph.

75. Admitted.

76. Admitted.

77. With the exception of the challenged statement on May 11, 2020, the Court has dismissed with prejudice (and the Ninth Circuit has affirmed the dismissal of) Plaintiffs' claims related to purported misstatements regarding Forescout's merger with Advent affiliates, and the allegations related to the dismissed statements in this Paragraph thus require no response; to the extent a response is deemed required, Defendants deny those allegations. Defendants respectfully refer the Court to the SEC filings referenced in this Paragraph for the documents' true and complete contents, and Defendants deny any allegations inconsistent therewith. Defendants deny the remaining allegations in this Paragraph.

-14-

DEFENDANTS' ANSWER TO SECOND
CONSOLIDATED AMENDED COMPLAINT

CASE NO. 3:20-CV-00076-SI

78.    The Court has dismissed with prejudice (and the Ninth Circuit has affirmed the dismissal of) Plaintiffs' claims related to Forescout's sales force, and the allegations in this Paragraph thus require no response; to the extent a response is deemed required, Defendants deny those allegations.  Defendants respectfully refer the Court to the Forescout SEC filings referenced in this Paragraph for the filings' true and complete contents, and Defendants deny any allegations inconsistent therewith.  Defendants deny the remaining allegations in this Paragraph.

79.    The Court has dismissed with prejudice (and Plaintiffs abandoned in this Court or on appeal) Plaintiffs' claims related to purported misstatements made between February 7, 2019, and March 4, 2019, and the allegations in this Paragraph related to such claims thus require no response; to the extent a response is deemed required, Defendants deny those allegations.  The Court has dismissed with prejudice (and Plaintiffs abandoned in this Court or on appeal) Plaintiffs' claims related to alleged channel stuffing and Forescout's revenue guidance, and the allegations in this Paragraph related to such claims thus require no response; to the extent a response is deemed required, Defendants deny those allegations.  The Court has dismissed with prejudice (and the Ninth Circuit has affirmed the dismissal of) Plaintiffs' claims related to Forescout's channel partners; to purported misstatements made on May 9, 2019, regarding the expectation that "slipped" deals were still expected to close within 2019 and expressing the opinion that Forescout could still meet 2019 revenue guidance irrespective of whether "slipped" deals closed; to Forescout's sales force; and to purported misstatements on April 23, 2020 and April 29, 2020, regarding the Forescout/Advent merger.  Following the district court and Ninth Circuit opinions, Defendants deny that any allegedly misleading statements during the period between November 6, 2019 and May 11, 2020 remain.  The allegations in this Paragraph related to such dismissed claims thus require no response; to the extent a response is deemed required, Defendants deny those allegations.  Defendants deny the remaining allegations in this Paragraph.

80.    The Court has dismissed with prejudice (and Plaintiffs abandoned in this Court or on appeal) Plaintiffs' claims related to Forescout's revenue guidance and to purported misstatements made on February 7, 2019, and the allegations in this Paragraph thus require no response; to the extent a response is deemed required, Defendants deny the allegations in this Paragraph.  Defendants

-15-

respectfully refer the Court to the referenced press release for its true and complete contents, and Defendants deny any allegations inconsistent therewith.

81. The Court has dismissed with prejudice (and Plaintiffs abandoned in this Court or on appeal) Plaintiffs' claims related to Forescout's revenue guidance and to purported misstatements made on February 7, 2019, and the allegations in this Paragraph thus require no response; to the extent a response is deemed required, Defendants deny the allegations in this Paragraph. Defendants repeat, incorporate, and reallege their answers to the allegations in the preceding referenced Paragraphs as if fully set forth herein. Defendants deny the remaining allegations in this Paragraph.

82. The Court has dismissed with prejudice (and Plaintiffs abandoned in this Court or on appeal) Plaintiffs' claims related to Forescout's revenue guidance and to purported misstatements made on February 7, 2019, and the allegations in this Paragraph thus require no response; to the extent a response is deemed required, Defendants deny the allegations in this Paragraph. Defendants lack knowledge or information sufficient to form a belief as to the Complaint's descriptions of the anonymous CW referenced in this Paragraph. Defendants deny the allegations the Complaint purports to attribute to an anonymous CW in this Paragraph. Defendants lack knowledge or information sufficient to form a belief as to as to what any CWs knew or did not know or from where or how any CWs purportedly learned any alleged information. Defendants deny the remaining allegations in this Paragraph.

83. The Court has dismissed with prejudice (and Plaintiffs abandoned in this Court or on appeal) Plaintiffs' claims related to Forescout's revenue guidance and to purported misstatements made on February 7, 2019, and the allegations in this Paragraph thus require no response; to the extent a response is deemed required, Defendants deny the allegations in this Paragraph. Defendants deny the allegations the Complaint purports to attribute to an anonymous CW in this Paragraph. Defendants lack knowledge or information sufficient to form a belief as to as to what any CWs knew or did not know or from where or how any CWs purportedly learned any alleged information. Defendants deny any remaining allegations in this Paragraph.

84. Defendants lack knowledge or information sufficient to form a belief as to the Complaint's descriptions of the anonymous CW referenced in this Paragraph. Defendants deny the

-16-

allegations the Complaint purports to attribute to an anonymous CW in this Paragraph. Defendants lack knowledge or information sufficient to form a belief as to as to what any CWs knew or did not know or from where or how any CWs purportedly learned any alleged information. Defendants deny the remaining allegations in this Paragraph.

85.    Defendants lack knowledge or information sufficient to form a belief as to the Complaint's descriptions of the anonymous CW referenced in this Paragraph. Defendants deny the allegations the Complaint purports to attribute to an anonymous CW in this Paragraph. Defendants lack knowledge or information sufficient to form a belief as to as to what any CWs knew or did not know or from where or how any CWs purportedly learned any alleged information.

86.    The Court has dismissed with prejudice (and Plaintiffs abandoned in this Court or on appeal) Plaintiffs' claims related to Forescout's revenue guidance, and the allegations in this Paragraph related to such claims thus require no response; to the extent a response is deemed required, Defendants deny those allegations. Defendants lack knowledge or information sufficient to form a belief as to the Complaint's descriptions of the anonymous CW referenced in this Paragraph. Defendants deny the allegations the Complaint purports to attribute to an anonymous CW in this Paragraph. Defendants lack knowledge or information sufficient to form a belief as to as to what any CWs knew or did not know or from where or how any CWs purportedly learned any alleged information. Defendants deny the remaining allegations in this Paragraph.

87.    The Court has dismissed with prejudice (and the Ninth Circuit has affirmed the dismissal of) Plaintiffs' claims related to Forescout's sales force, and the allegations in this Paragraph thus require no response; to the extent a response is deemed required, Defendants respectfully refer the Court to the audio recordings and transcripts of Mr. DeCesare's public statements for their true and complete contents, and Defendants deny any allegations inconsistent therewith, and Defendants deny any remaining allegations in this Paragraph.

88.    The Court has dismissed with prejudice (and the Ninth Circuit has affirmed the dismissal of) Plaintiffs' claims related to Forescout's sales force, and the allegations in this Paragraph thus require no response; to the extent a response is deemed required, Defendants deny the allegations in this Paragraph. Defendants deny the allegations the Complaint purports to attribute to anonymous

-17-

CWs in this Paragraph. Defendants lack knowledge or information sufficient to form a belief as to as to what any CWs knew or did not know or from where or how any CWs purportedly learned any alleged information. Defendants deny the remaining allegations in this Paragraph.

89. The Court has dismissed with prejudice (and Plaintiffs abandoned in this Court or on appeal) Plaintiffs' claims related to Forescout's revenue guidance, and the allegations in this Paragraph thus require no response; to the extent a response is deemed required, Defendants deny the allegations in this Paragraph. Defendants respectfully refer the Court to the referenced press release for its true and complete contents, and Defendants deny any allegations inconsistent therewith.

90. Defendants admit that the price of Forescout stock closed at $43.30 on May 9, 2019, and the price of Forescout stock closed at $36.28 on May 10, 2019. Defendants deny the remaining allegations in this Paragraph.

91. The Court has dismissed with prejudice (and the Ninth Circuit has affirmed the dismissal of and/or Plaintiffs have abandoned in this Court or on appeal) Plaintiffs' claims related to Forescout's sales force and revenue guidance, and the allegations in this Paragraph related to such claims thus require no response; to the extent a response is deemed required, Defendants deny those allegations. Defendants respectfully refer the Court to the press release implicitly referenced in this Paragraph for its true and complete contents, and Defendants deny any allegations inconsistent therewith. Defendants deny the remaining allegations in this Paragraph.

92. The Court has dismissed with prejudice (and Plaintiffs abandoned in this Court or on appeal) Plaintiffs' claims related to Forescout's revenue guidance, and the allegations in this Paragraph thus require no response; to the extent a response is deemed required, Defendants deny the allegations in this Paragraph. Defendants repeat, incorporate, and reallege their answers to the allegations in the preceding referenced Paragraphs as if fully set forth herein.

93. The Court has dismissed with prejudice (and the Ninth Circuit has affirmed the dismissal of) Plaintiffs' claims related to Forescout's sales force, and the allegations in this Paragraph thus require no response; to the extent a response is deemed required, Defendants respectfully refer the Court to the audio recordings and transcripts of the May 9, 2019, earnings call for their true and

-18-

complete contents, and Defendants deny any allegations inconsistent therewith.  Defendants deny the remaining allegations in this Paragraph.

94.    The Court has dismissed with prejudice (and the Ninth Circuit has affirmed the dismissal of) Plaintiffs' claims related to Forescout's sales force, and the allegations in this Paragraph thus require no response; to the extent a response is deemed required, Defendants deny the allegations in this Paragraph.

95.    The Court has dismissed with prejudice (and the Ninth Circuit has affirmed the dismissal of) Plaintiffs' claims related to Forescout's sales force, and the allegations in this Paragraph thus require no response; to the extent a response is deemed required, Defendants deny the allegations in this Paragraph.

96.    The Court has dismissed with prejudice (and the Ninth Circuit has affirmed the dismissal of) Plaintiffs' claims related to Forescout's sales force, and the allegations in this Paragraph thus require no response; to the extent a response is deemed required, Defendants respectfully refer the Court to the audio recordings and transcripts of the May 9, 2019, earnings call for their true and complete contents, and Defendants deny any allegations inconsistent therewith.  Defendants deny the remaining allegations in this Paragraph.

97.    Defendants respectfully refer the Court to the audio recordings and transcripts of the May 9, 2019, earnings call for their true and complete contents, and Defendants deny any allegations inconsistent therewith.  The Court has dismissed with prejudice (and the Ninth Circuit has affirmed the dismissal of) Plaintiffs' claims related to the purported misstatements made on May 9, 2019, regarding the expectation that "slipped" deals were still expected to close within 2019, and the allegations in this Paragraph related to such claims thus require no response; to the extent a response is deemed required, Defendants deny those allegations.  Defendants deny any remaining allegations in this Paragraph.

98.    Defendants deny the allegations the Complaint purports to attribute to anonymous CWs in this Paragraph.  Defendants lack knowledge or information sufficient to form a belief as to as to what any CWs knew or did not know or from where or how any CWs purportedly learned any alleged information.  The Court has dismissed with prejudice (and the Ninth Circuit has affirmed the

-19-

dismissal of) Plaintiffs' claims related to the purported misstatements made on May 9, 2019, regarding the expectation that "slipped" deals were still expected to close within 2019, and the allegations in this Paragraph related to such claims thus require no response; to the extent a response is deemed required, Defendants deny those allegations. This Paragraph's allegations that statements were material call for a legal conclusion to which no response is required; to the extent a response is deemed required, Defendants deny the allegations. Defendants deny the remaining allegations in this Paragraph.

99.     Defendants lack knowledge or information sufficient to form a belief as to the Complaint's descriptions of the anonymous CWs referenced in this Paragraph. Defendants deny the allegations the Complaint purports to attribute to anonymous CWs in this Paragraph. Defendants lack knowledge or information sufficient to form a belief as to as to what any CWs knew or did not know or from where or how any CWs purportedly learned any alleged information. The Court has dismissed with prejudice (and the Ninth Circuit has affirmed the dismissal of) Plaintiffs' claims related to the purported misstatements made on May 9, 2019, regarding the expectation that "slipped" deals were still expected to close within 2019, and the allegations in this Paragraph related to such claims thus require no response; to the extent a response is deemed required, Defendants deny those allegations. Defendants deny the remaining allegations in this Paragraph.

100.    Defendants respectfully refer the Court to Forescout's public disclosures and statements for their true and complete contents, and Defendants deny any allegations inconsistent therewith. Defendants lack knowledge or information sufficient to form a belief as to the Complaint's descriptions of the anonymous CWs referenced in this Paragraph. Defendants deny the allegations the Complaint purports to attribute to anonymous CWs in this Paragraph. Defendants lack knowledge or information sufficient to form a belief as to as to what any CWs knew or did not know or from where or how any CWs purportedly learned any alleged information. The Court has dismissed with prejudice (and the Ninth Circuit has affirmed the dismissal of) Plaintiffs' claims related to the purported misstatements made on May 9, 2019, regarding the expectation that "slipped" deals were still expected to close within 2019, and the allegations in this Paragraph related to such

-20-

claims thus require no response; to the extent a response is deemed required, Defendants deny those allegations. Defendants deny the remaining allegations in this Paragraph.

101. Defendants respectfully refer the Court to the audio recordings and transcripts of the referenced earnings call for their true and complete contents, and Defendants deny any allegations inconsistent therewith. The Court has dismissed with prejudice (and the Ninth Circuit has affirmed the dismissal of) Plaintiffs' claims related to the purported misstatements made on May 9, 2019, expressing the opinion that Forescout could still meet 2019 revenue guidance irrespective of whether "slipped" deals closed, and the allegations in this Paragraph related to such claims thus require no response; to the extent a response is deemed required, Defendants deny those allegations. Defendants deny any remaining allegations in this Paragraph.

102. The Court has dismissed with prejudice (and the Ninth Circuit has affirmed the dismissal of) Plaintiffs' claims related to the purported misstatements made on May 9, 2019, expressing the opinion that Forescout could still meet 2019 revenue guidance irrespective of whether "slipped" deals closed, and the allegations in this Paragraph related to such claims thus require no response; to the extent a response is deemed required, Defendants deny those allegations. Defendants deny the remaining allegations in this Paragraph.

103. Defendants deny the allegations in this Paragraph and repeat, incorporate, and reallege their answers to the allegations in the preceding referenced Paragraphs as if fully set forth herein.

104. Defendants respectfully refer the Court to the audio recordings and transcripts of the referenced earnings call for their true and complete contents, and Defendants deny any allegations inconsistent therewith. Defendants deny the remaining allegations in this Paragraph.

105. Defendants respectfully refer the Court to the audio recordings and transcripts of the referenced earnings call for their true and complete contents, and Defendants deny any allegations inconsistent therewith. The Court has dismissed with prejudice (and the Ninth Circuit has affirmed the dismissal of) Plaintiffs' claims related Forescout's sales force and to the purported misstatements made on May 9, 2019, expressing the opinion that Forescout could still meet 2019 revenue guidance irrespective of whether "slipped" deals closed, and the allegations in this Paragraph related to such

claims thus require no response; to the extent a response is deemed required, Defendants deny those allegations. Defendants deny any remaining allegations in this Paragraph.

106. Defendants repeat, incorporate, and reallege their answers to the allegations in the preceding referenced Paragraphs as if fully set forth herein. Defendants deny the allegations the Complaint purports to attribute to anonymous CWs in this Paragraph. Defendants lack knowledge or information sufficient to form a belief as to as to what any CWs knew or did not know or from where or how any CWs purportedly learned any alleged information. Defendants deny the remaining allegations in this Paragraph.

107. Defendants repeat, incorporate, and reallege their answers to the allegations in the preceding referenced Paragraphs as if fully set forth herein. Defendants deny the allegations in this Paragraph.

108. The Court has dismissed with prejudice (and the Ninth Circuit has affirmed the dismissal of) Plaintiffs' claims related to Forescout's sales force and the purported misstatements made on May 9, 2019, expressing the opinion that Forescout could still meet 2019 revenue guidance irrespective of whether "slipped" deals closed, and the allegations in this Paragraph thus require no response; to the extent a response is deemed required, Defendants respectfully refer the Court to the audio recordings and transcripts of the earnings call for their true and complete contents, and Defendants deny any allegations inconsistent therewith. Defendants deny the remaining allegations in this Paragraph.

109. The Court has dismissed with prejudice (and the Ninth Circuit has affirmed the dismissal of) Plaintiffs' claims related to Forescout's sales force and the purported misstatements made on May 9, 2019, expressing the opinion that Forescout could still meet 2019 revenue guidance irrespective of whether "slipped" deals closed, and the allegations in this Paragraph thus require no response; to the extent a response is deemed required, Defendants repeat, incorporate, and reallege their answers to the allegations in the preceding referenced Paragraphs as if fully set forth herein, and Defendants deny those allegations. Defendants deny the remaining allegations in this Paragraph.

110. Defendants respectfully refer the Court to the referenced press release and the audio recordings and transcripts of the August 7, 2019, conference call for their true and complete contents,

DEFENDANTS' ANSWER TO SECOND
CONSOLIDATED AMENDED COMPLAINT                                    CASE NO. 3:20-CV-00076-SI

and Defendants deny any allegations inconsistent therewith. The Court has dismissed with prejudice (and Plaintiffs abandoned in this Court or on appeal) Plaintiffs' claims related to Forescout's revenue guidance, and the allegations in this Paragraph related to such claims thus require no response; to the extent a response is deemed required, Defendants deny those allegations. Defendants deny the remaining allegations in this Paragraph.

111. Defendants repeat, incorporate, and reallege their answers to the allegations in the preceding referenced Paragraphs as if fully set forth herein. The Court has dismissed with prejudice (and Plaintiffs abandoned in this Court or on appeal) Plaintiffs' claims related to Forescout's revenue guidance, and the allegations in this Paragraph related to such claims thus require no response; to the extent a response is deemed required, Defendants deny those allegations.

112. Defendants repeat, incorporate, and reallege their answers to the allegations in the preceding referenced Paragraphs as if fully set forth herein. Defendants deny the allegations the Complaint purports to attribute to anonymous CWs in this Paragraph. Defendants lack knowledge or information sufficient to form a belief as to as to what any CWs knew or did not know or from where or how any CWs purportedly learned any alleged information. The Court has dismissed with prejudice (and Plaintiffs abandoned in this Court or on appeal) Plaintiffs' claims related to Forescout's revenue guidance, and the allegations in this Paragraph related to such claims thus require no response; to the extent a response is deemed required, Defendants deny those allegations. Defendants deny the remaining allegations in this Paragraph.

113. The Court has dismissed with prejudice (and the Ninth Circuit has affirmed the dismissal of) Plaintiffs' claims related to Forescout's sales force, and the allegations in this Paragraph related to such claims thus require no response; to the extent a response is deemed required, Defendants respectfully refer the Court to the audio recordings and transcripts of Mr. DeCesare's public statements for their true and complete contents, and Defendants deny any allegations inconsistent therewith, and Defendants deny the remaining allegations in this Paragraph.

114. Defendants deny the allegations in this Paragraph and repeat, incorporate, and reallege their answers to the allegations in the preceding referenced Paragraphs as if fully set forth herein.

-23-

115.    Defendants admit that Mr. Harms participated in the KeyBanc Capital Markets Technology Leadership Forum in our around August 2019.  Defendants respectfully refer the Court to the transcript of the referenced forum for its complete contents, and Defendants deny any allegations inconsistent therewith.

116.    Defendants deny the allegations in this Paragraph and repeat, incorporate, and reallege their answers to the allegations in the preceding referenced Paragraphs as if fully set forth herein.

117.    Defendants respectfully refer the Court to the referenced press release for its true and complete contents, and Defendants deny any allegations inconsistent therewith.  Defendants deny the remaining allegations in this Paragraph.

118.    Defendants admit that the price of Forescout stock closed at $39.20 on October 9, 2019, and the price of Forescout stock closed at $24.57 on October 10, 2019.  Defendants deny the remaining allegations in this Paragraph.

119.    Defendants deny the allegations in this Paragraph and repeat, incorporate, and reallege their answers to the allegations in the preceding referenced Paragraphs as if fully set forth herein.

120.    Defendants respectfully refer the Court to the referenced press release for its true and complete contents, and Defendants deny any allegations inconsistent therewith.  Defendants deny the remaining allegations in this Paragraph.

121.    Defendants repeat, incorporate, and reallege their answers to the allegations in the preceding referenced Paragraphs as if fully set forth herein.  The Court has dismissed with prejudice (and Plaintiffs abandoned in this Court or on appeal) Plaintiffs' claims related to Forescout's revenue guidance, and the allegations in this Paragraph related to such claims thus require no response; to the extent a response is deemed required, Defendants deny the allegations in this Paragraph.

122.    The Court has dismissed with prejudice (and the Ninth Circuit has affirmed the dismissal of) Plaintiffs' claims related to Forescout's sales force, and the allegations in this Paragraph related to such claims thus require no response; to the extent a response is deemed required, Defendants deny those allegations.  Defendants lack knowledge or information sufficient to form a

-24-

belief as to the Complaint's descriptions of the anonymous CW referenced in this Paragraph. Defendants deny the allegations the Complaint purports to attribute to anonymous CWs in this Paragraph. Defendants lack knowledge or information sufficient to form a belief as to as to what any CWs knew or did not know or from where or how any CWs purportedly learned any alleged information. Defendants deny the remaining allegations in this Paragraph.

123. The Court has dismissed with prejudice (and the Ninth Circuit has affirmed the dismissal of) Plaintiffs' claims related to Forescout's sales force, and the allegations in this Paragraph related to such claims thus require no response; to the extent a response is deemed required, Defendants deny those allegations. Defendants deny the allegations the Complaint purports to attribute to anonymous CWs in this Paragraph. Defendants lack knowledge or information sufficient to form a belief as to as to what any CWs knew or did not know or from where or how any CWs purportedly learned any alleged information. Defendants deny the remaining allegations in this Paragraph.

124. Defendants respectfully refer the Court to the referenced press release and SEC filing for their true and complete contents, and Defendants deny any allegations inconsistent therewith.

125. The Court has dismissed with prejudice (and Plaintiffs abandoned in this Court or on appeal) Plaintiffs' claims related to alleged channel stuffing, and the allegations in this Paragraph thus require no response; to the extent a response is deemed required, Defendants deny the allegations in this Paragraph.

126. The Court has dismissed with prejudice (and Plaintiffs abandoned in this Court or on appeal) Plaintiffs' claims related to alleged channel stuffing, and the allegations in this Paragraph thus require no response; to the extent a response is deemed required, Defendants deny the allegations in this Paragraph.

127. Defendants repeat, incorporate, and reallege their answers to the allegations in the preceding referenced Paragraphs as if fully set forth herein. The Court has dismissed with prejudice (and Plaintiffs abandoned in this Court or on appeal) Plaintiffs' claims related to alleged channel stuffing, and the allegations in this Paragraph thus require no response; to the extent a response is

-25-

deemed required, Defendants deny the allegations in this Paragraph.  Defendants deny the remaining allegations in this Paragraph.

128.    The Court has dismissed with prejudice (and the Ninth Circuit has affirmed the dismissal of) Plaintiffs' claims related to Forescout's channel partners, and the allegations in this Paragraph thus require no response; to the extent a response is deemed required, Defendants respectfully refer the Court to Forescout's 2019 Form 10-K for its true and complete contents, and Defendants deny any allegations inconsistent therewith.

129.    The Court has dismissed with prejudice (and the Ninth Circuit has affirmed the dismissal of) Plaintiffs' claims related to Forescout's channel partners, and the allegations in this Paragraph thus require no response; to the extent a response is deemed required, Defendants respectfully refer the Court to Forescout's 2019 Form 10-K for its true and complete contents, and Defendants deny any allegations inconsistent therewith.

130.    The Court has dismissed with prejudice (and the Ninth Circuit has affirmed the dismissal of) Plaintiffs' claims related to Forescout's channel partners, and the allegations in this Paragraph thus require no response; to the extent a response is deemed required, Defendants respectfully refer the Court to the Complaint in the Delaware Litigation for its true and complete contents, deny any allegations inconsistent therewith, and deny the remaining allegations in this Paragraph.

131.    The Court has dismissed with prejudice (and the Ninth Circuit has affirmed the dismissal of) Plaintiffs' claims related to Forescout's channel partners, and the allegations in this Paragraph thus require no response; to the extent a response is deemed required, Defendants respectfully refer the Court to the Complaint and Counterclaim Answer in the Delaware Litigation for their true and complete contents, deny any allegations inconsistent therewith, and deny the remaining allegations in this Paragraph.

132.    The Court has dismissed with prejudice (and the Ninth Circuit has affirmed the dismissal of) Plaintiffs' claims related to Forescout's channel partners, and the allegations in this Paragraph thus require no response; to the extent a response is deemed required, Defendants deny the allegations in this Paragraph.

133.    Defendants respectfully refer the Court to Forescout's Proxy Statement for its true and complete contents, and Defendants deny any allegations inconsistent therewith.

134.    The Court has dismissed with prejudice (and the Ninth Circuit has affirmed the dismissal of) Plaintiffs' claims related to Forescout's channel partner losses, and the allegations in this Paragraph related to such claims thus require no response; to the extent a response is deemed required, Defendants respectfully refer the Court to the Complaint in the Delaware litigation for its true and complete contents, deny any allegations inconsistent therewith, and deny the remaining allegations in this Paragraph.

135.    Defendants repeat, incorporate, and reallege their answers to the allegations in the preceding referenced Paragraphs as if fully set forth herein.  Defendants respectfully refer the Court to the Proxy Statement, Form 10-K, and Form 8-K referenced above for their true and complete contents, and Defendants deny any allegations inconsistent therewith.  Defendants deny the remaining allegations in this Paragraph.

136.    The Court has dismissed with prejudice (and Plaintiffs abandoned in this Court or on appeal) Plaintiffs' claims related to Forescout's revenue guidance, and the allegations in this Paragraph related to such claims thus require no response; to the extent a response is deemed required, Defendants deny those allegations.  Defendants respectfully refer the Court to Forescout's Proxy Statement for its true and complete contents, and Defendants deny any allegations inconsistent therewith.  Defendants deny any remaining allegations in this Paragraph.

137.    Defendants repeat, incorporate, and reallege their answers to the allegations in the preceding referenced Paragraphs as if fully set forth herein. The Court has dismissed with prejudice (and Plaintiffs abandoned in this Court or on appeal) Plaintiffs' claims related to Forescout's revenue guidance, and the allegations in this Paragraph related to such claims thus require no response; to the extent a response is deemed required, Defendants deny those allegations.  Defendants respectfully refer the Court to Forescout's Proxy Statement for its true and complete contents, and Defendants deny any allegations inconsistent therewith.  Defendants deny the remaining allegations in this Paragraph.

DEFENDANTS' ANSWER TO SECOND
CONSOLIDATED AMENDED COMPLAINT                                    CASE NO. 3:20-CV-00076-SI

138. Defendants repeat, incorporate, and reallege their answers to the allegations in the preceding referenced Paragraphs as if fully set forth herein. Defendants deny the allegations the Complaint purports to attribute to an anonymous CW in this Paragraph. Defendants lack knowledge or information sufficient to form a belief as to as to what any CWs knew or did not know or from where or how any CWs purportedly learned any alleged information. Defendants deny the remaining allegations in this Paragraph.

139. Defendants respectfully refer the Court to the Tender Offer Recommendation for its true and complete contents, and Defendants deny any allegations inconsistent therewith. Defendants deny the remaining allegations in this Paragraph.

140. Defendants respectfully refer the Court to the Proxy Statement for its true and complete contents, and Defendants deny any allegations inconsistent therewith.

141. Defendants deny the allegations in this Paragraph.

142. The Court has dismissed with prejudice (and the Ninth Circuit has affirmed the dismissal of) Plaintiffs' claims related to purported misstatements on April 23, 2020, regarding Forescout's merger with Advent affiliates, and the allegations in this Paragraph thus require no response; to the extent a response is deemed required, Defendants respectfully refer the Court to the audio recording and transcript of the special shareholders meeting for their true and complete contents, deny any allegations inconsistent therewith, and deny the remaining allegations in this Paragraph.

143. The Court has dismissed with prejudice (and the Ninth Circuit has affirmed the dismissal of) Plaintiffs' claims related to purported misstatements on April 23, 2020, regarding Forescout's merger with Advent affiliates, and the allegations in this Paragraph thus require no response; to the extent a response is deemed required, Defendants respectfully refer the Court to the Tender Offer Recommendation for its true and complete contents, deny any allegations inconsistent therewith, and deny the remaining allegations in this Paragraph.

144. The Court has dismissed with prejudice (and the Ninth Circuit has affirmed the dismissal of) Plaintiffs' claims related to purported misstatements on April 23, 2020, regarding Forescout's merger with Advent affiliates, and the allegations in this Paragraph thus require no

DEFENDANTS' ANSWER TO SECOND
CONSOLIDATED AMENDED COMPLAINT                                CASE NO. 3:20-CV-00076-SI

response; to the extent a response is deemed required, Defendants respectfully refer the Court to the referenced Tender Offer Recommendation for its true and complete contents, deny any allegations inconsistent therewith, and deny the remaining allegations in this Paragraph.

145.    The Court has dismissed with prejudice (and the Ninth Circuit has affirmed the dismissal of) Plaintiffs' claims related to purported misstatements on April 23, 2020, regarding Forescout's merger with Advent affiliates, and the allegations in this Paragraph thus require no response; to the extent a response is deemed required, Defendants specifically deny that the link included in this Paragraph connects to the transcript of an April 23, 2020, extraordinary shareholders meeting; respectfully refer the Court to the audio recording and transcript of the extraordinary shareholders meeting for their true and complete contents; and deny any allegations inconsistent therewith.

146.    The Court has dismissed with prejudice (and the Ninth Circuit has affirmed the dismissal of) Plaintiffs' claims related to purported misstatements on April 23, 2020, regarding Forescout's merger with Advent affiliates, and the allegations in this Paragraph thus require no response; to the extent a response is deemed required, Defendants respectfully refer the Court to the Form 8-K and related press release for their true and complete contents, and Defendants deny any allegations inconsistent therewith.

147.    The Court has dismissed with prejudice (and the Ninth Circuit has affirmed the dismissal of) Plaintiffs' claims related to purported misstatements on April 23, 2020, regarding Forescout's merger with Advent affiliates, and the allegations in this Paragraph thus require no response; to the extent a response is deemed required, Defendants deny the allegations in this Paragraph.

148.    The Court has dismissed with prejudice (and the Ninth Circuit has affirmed the dismissal of) Plaintiffs' claims related to purported misstatements on April 23, 2020, regarding Forescout's merger with Advent affiliates, and the allegations in this Paragraph thus require no response; to the extent a response is deemed required, Defendants respectfully refer the Court to the referenced SEC filings for their true and complete contents, deny any allegations inconsistent with those filings, and deny the remaining allegations in this Paragraph.

149. The Court has dismissed with prejudice (and the Ninth Circuit has affirmed the dismissal of) Plaintiffs' claims related to purported misstatements on April 29, 2020, regarding Forescout's merger with Advent affiliates, and the allegations in this Paragraph thus require no response; to the extent a response is deemed required, Defendants respectfully refer the Court to the referenced Form 10K/A for its true and complete contents, and Defendants deny any allegations inconsistent with that filing.

150. Defendants repeat, incorporate, and reallege their answers to the allegations in the preceding referenced Paragraphs as if fully set forth herein. The Court has dismissed with prejudice (and the Ninth Circuit has affirmed the dismissal of) Plaintiffs' claims related to purported misstatements on April 29, 2020, regarding Forescout's merger with Advent affiliates, and the allegations in this Paragraph thus require no response; to the extent a response is deemed required, Defendants deny the allegations in this Paragraph.

151. The Court has dismissed with prejudice (and the Ninth Circuit has affirmed the dismissal of) Plaintiffs' claims related to purported misstatements on April 23, 2020, and April 29, 2020, regarding Forescout's merger with Advent affiliates, and the allegations in this Paragraph thus require no response; to the extent a response is deemed required, Defendants deny the allegations in this Paragraph.

152. The Court has dismissed with prejudice (and the Ninth Circuit has affirmed the dismissal of) Plaintiffs' claims related to purported misstatements on April 29, 2020, regarding Forescout's merger with Advent affiliates, and the allegations in this Paragraph thus require no response; to the extent a response is deemed required, Defendants deny the allegations in this Paragraph.

153. The Court has dismissed with prejudice (and the Ninth Circuit has affirmed the dismissal of) Plaintiffs' claims related to purported misstatements on April 23, 2020, and April 29, 2020, regarding Forescout's merger with Advent affiliates, and the allegations in this Paragraph thus require no response; to the extent a response is deemed required, Defendants deny the allegations in this Paragraph. Defendants respectfully refer the Court to the referenced press release for its true

-30-

and complete contents, and Defendants deny any allegations inconsistent therewith. Defendants deny the remaining allegations in this Paragraph.

154. Defendants respectfully refer the Court to the referenced public disclosures regarding revenue and the referenced press release for their true and complete contents, and Defendants deny any allegations inconsistent therewith. Defendants deny the remaining allegations in this Paragraph.

155. Defendants deny the allegations in this Paragraph.

156. Defendants respectfully refer the Court to the Tender Offer Recommendation for its true and complete contents, and Defendants deny any allegations inconsistent therewith. Defendants deny the remaining allegations in this Paragraph.

157. Defendants admit that the Paragraph purports to quote excerpts from Advent's May 15, 2020, termination letter, but deny the excerpted portions. Defendants deny the remaining allegations in this Paragraph.

158. Defendants admit that Lead Plaintiffs purport to bring this action as a putative class action on behalf of the shareholders described in this Paragraph, but Defendants deny that Lead Plaintiffs are entitled to have the above-described class certified or to serve as representatives of that class. This Paragraph's remaining allegations call for legal conclusions to which no response is required; to the extent a response is deemed required, Defendants deny those allegations.

159. Defendants admit that Forescout's common stock traded on the NASDAQ Global Select Market under the symbol "FSCT." The first sentence of this Paragraph calls for legal conclusions to which no response is required; to the extent a response is deemed required, Defendants deny the allegations in this Paragraph's first sentence. Defendants deny the remaining allegations in this Paragraph.

160. This Paragraph calls for a legal conclusion to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this Paragraph. Defendants specifically deny that they engaged in any wrongful conduct or violated any federal law identified in the Complaint.

161. This Paragraph calls for a legal conclusion to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this Paragraph.

-31-

162. This Paragraph calls for a legal conclusion to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this Paragraph.

163. This Paragraph calls for a legal conclusion to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this Paragraph. Defendants specifically deny that any "wrongs" were committed or that putative class members suffered any damages.

164. Defendants admit that Forescout's common stock traded on the NASDAQ Global Select Market under the symbol "FSCT." Defendants admit that stock market analysts covered Forescout. Defendants lack knowledge or information sufficient to form a belief as to the doctrines, arguments, claims, or positions upon which Lead Plaintiffs will purport to rely in any motion to certify a class. Defendants also lack knowledge or information sufficient to form a belief as to the stock purchasing, acquisition, or ownership histories of Lead Plaintiffs. Defendants deny the remaining allegations in this Paragraph.

165. This Paragraph calls for a legal conclusion to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this Paragraph.

166. This Paragraph calls for a legal conclusion to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this Paragraph.

167. Defendants repeat, incorporate, and reallege their answers to the allegations in the preceding referenced Paragraphs as if fully set forth herein.

168. Defendants admit that the Complaint purports to assert this Count I against Forescout and the two Individual Defendants. This Paragraph otherwise calls for a legal conclusion to which no response is required. To the extent a response is deemed required, Defendants deny the remaining allegations in this Paragraph.

169. Defendants deny the allegations in this Paragraph.

170. Defendants repeat, incorporate, and reallege their answers to the allegations in the preceding referenced Paragraphs as if fully set forth herein. Defendants deny the allegations in this Paragraph.

171. Defendants deny the allegations in this Paragraph.

DEFENDANTS' ANSWER TO SECOND
CONSOLIDATED AMENDED COMPLAINT                                    CASE NO. 3:20-CV-00076-SI

172.    The allegations in this Paragraph regarding the duties of officers and directors of publicly held companies call for a legal conclusion to which no response is required.  To the extent a response is deemed required, Defendants deny such allegations.  Defendants deny the remaining allegations in this Paragraph.

173.    Defendants deny the allegations in this Paragraph.

174.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations that Forescout common stock traded in an efficient market throughout the putative class period, which requires expert analysis, and on that basis, deny the allegations.  Defendants lack knowledge or information sufficient to form a belief as to Lead Plaintiffs' stock purchasing, acquisition, or ownership histories.  Defendants deny that Forescout's stock price was "inflated" or that the price's supposedly "true" value was lower than the market value.  Defendants deny the remaining allegations in this Paragraph.

175.    Defendants deny the allegations in this Paragraph.

176.    Defendants deny the allegations in this Paragraph.

177.    Defendants repeat, incorporate, and reallege their answers to the allegations in the preceding referenced Paragraphs as if fully set forth herein.

178.    Defendants deny the allegations in this Paragraph.

179.    This Paragraph calls for a legal conclusion to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this Paragraph.

180.    Defendants deny the allegations in this Paragraph.

181.    Defendants deny the allegations in this Paragraph.

182.    Defendants deny the allegations in this Paragraph.

## AFFIRMATIVE DEFENSES

Defendants hereby assert the following affirmative defenses to Plaintiffs' claims and allegations in the Complaint.  Each affirmative defense is to be considered in the alternative. Defendants undertake the burden of proof as to only those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated by Defendants.  Defendants do not assume

DEFENDANTS' ANSWER TO SECOND
CONSOLIDATED AMENDED COMPLAINT                                    CASE NO. 3:20-CV-00076-SI

the burden of proof on any defenses whose proof burden would otherwise rest on Plaintiffs. Defendants reserve the right to add additional affirmative defenses as they may become available.

## First Defense

The Complaint fails to state a claim upon which relief can be granted.

## Second Defense

Plaintiffs have not suffered any loss, damage, or injury as a result of any act or omission of Defendants.

## Third Defense

Plaintiffs did not rely on any alleged misstatement or omission by Defendants in connection with any purchase or sale of any security.

## Fourth Defense

Plaintiffs did not justifiably rely on any alleged misstatement or omission by Defendants in connection with any purchase or sale of any security.

## Fifth Defense

Any loss in the value of any Forescout stock owned by Plaintiffs was not caused by any alleged misstatement or omission by Defendants.

## Sixth Defense

Plaintiffs' recovery, if any, is barred in whole or in part to the extent they lack standing to assert their claims.

## Seventh Defense

Plaintiffs' alleged loss, if any, is the result of intervening and/or superseding causes for which Defendants were not and are not responsible.

## Eighth Defense

Plaintiffs' claims are barred because Plaintiffs are not entitled to class action certification as provided by Federal Rule of Civil Procedure 23 and governing case law.

## Ninth Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

-34-

**Tenth Defense**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

**Eleventh Defense**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

**Twelfth Defense**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of *in pari delicto*.

**Thirteenth Defense**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel.

**Fourteenth Defense**

Plaintiffs' claims are barred to the extent that they allege that Individual Defendants made trades on the basis of material nonpublic information where such trades were made pursuant to a Rule 10b5-1 plan adopted in accordance with SEC regulations.

**Fifteenth Defense**

Plaintiff's claims are barred, in whole or in part, because each and every Individual Defendant alleged to be a control person under Section 20(a) of the Exchange Act acted in good faith and did not directly or indirectly induce the act or acts constituting the alleged violations and causes of action.

**Sixteenth Defense**

Plaintiffs' claims are barred, in whole or in part, because Defendants acted in good faith and in conformity with all applicable federal statutes, including without limitation the Exchange Act, as amended, and all applicable rules and regulations promulgated thereunder and, therefore, pursuant to Section 23(a) of the Exchange Act, there is no liability for any act or omission alleged.

Defendants hereby plead any and all defenses available to them, now or which may hereinafter be applicable.

Defendants reserve the right to amend their answer as discovery progresses to plead additional defenses, and to assert additional cross-claims, counterclaims or third-party claims.

**PLAINTIFFS' JURY DEMAND**

Defendants deny that Plaintiffs are entitled to a trial by jury on their claims.

-35-

DEFENDANTS' ANSWER TO SECOND
CONSOLIDATED AMENDED COMPLAINT                                      CASE NO. 3:20-CV-00076-SI

## **REQUEST FOR RELIEF**

WHEREFORE, Defendants respectfully request that judgment be entered in their favor against Plaintiffs, and that Defendants be awarded their costs, including reasonable attorneys' fees, and all other relief that the Court deems just and proper.

-36-

DEFENDANTS' ANSWER TO SECOND
CONSOLIDATED AMENDED COMPLAINT                                      CASE NO. 3:20-CV-00076-SI

Date:  June 16, 2023

Respectfully submitted,

**ROPES & GRAY LLP**

 /s/ Amy Jane Longo
Amy Jane Longo (CSB #198304)

Amy Jane Longo (CSB #198304)
Anne Johnson Palmer (CSB #302235)
ROPES & GRAY LLP
Three Embarcadero Center
San Francisco, CA 94111-4006
Tel: (415) 315-6300
Fax: (415) 315-6350
Amy.Longo@ropesgray.com
Anne.JohnsonPalmer@ropesgray.com

Peter L. Welsh (admitted *pro hac vice*)
C. Thomas Brown (admitted *pro hac vice*)
ROPES & GRAY LLP
Prudential Tower
800 Boylston Street
Boston, MA 02199-3600
Tel: (617) 951-7000
Fax: (617) 951-7050
Peter.Welsh@ropesgray.com
Thomas.Brown@ropesgray.com

Charles D. Zagnoli (admitted *pro hac vice*)
ROPES & GRAY LLP
191 N. Wacker Dr., 32nd Floor
Chicago, IL 60606
Tel: (312) 845-1200
Fax: (312) 845-5522
Charles.Zagnoli@ropesgray.com

*Attorneys for Defendant*
*Forescout Technologies, Inc.*

-37-

DEFENDANTS' ANSWER TO SECOND
CONSOLIDATED AMENDED COMPLAINT

CASE NO. 3:20-CV-00076-SI

Date:  June 16, 2023

Respectfully submitted,

**WILSON SONSINI GOODRICH & ROSATI**
Professional Corporation

 /s/ Diane M. Walters
Diane M. Walters

Ignacio E. Salceda
Diane M. Walters
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Tel: (650) 493-9300
Fax: (650) 493-6811
isalceda@wsgr.com
dwalters@wsgr.com

*Attorneys for Defendants*
*Michael DeCesare; Christopher Harms*

-38-

DEFENDANTS' ANSWER TO SECOND
CONSOLIDATED AMENDED COMPLAINT

CASE NO. 3:20-CV-00076-SI

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(H)(3)**

I, Amy Jane Longo, am the ECF User whose identification and password are being used to file this document.  In compliance with Civil Local Rule 5-1(h)(3), I hereby attest that all signatories have concurred in this filing.

Dated: June 16, 2023                           */s/ Amy Jane Longo*
                                                  Amy Jane Longo

-39-

DEFENDANTS' ANSWER TO SECOND
CONSOLIDATED AMENDED COMPLAINT                                      CASE NO. 3:20-CV-00076-SI