**ROPES & GRAY LLP**
Amy Jane Longo (CSB #198304)
10250 Constellation Boulevard
Los Angeles, CA 90067
Tel: (310) 975-3300
Fax: (310) 975-3400
Amy.Longo@ropesgray.com

*Attorneys for Defendant*
*Forescout Technologies, Inc.*

*[Additional Counsel on Signature Page]*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| CHRISTOPHER L. SAYCE, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> FORESCOUT TECHNOLOGIES, INC., MICHAEL DECESARE, and CHRISTOPHER HARMS, <br><br> Defendants. | CASE NO.: 3:20-cv-00076-SI <br><br> <u>CLASS ACTION</u> <br><br> **STIPULATED [PROPOSED] PROTECTIVE ORDER** <br><br> Judge: Hon. Susan Illston <br> Trial Date: None set |

WHEREAS, Co-Lead Plaintiffs and Defendants, by and through their undersigned counsel, have stipulated and agreed, subject to the approval of the Court, that the protective order set forth below (the "Stipulated Protective Order" or "Order") shall govern the production and use of documents and information provided during the course of discovery in the above-captioned action (the "Action");

THEREFORE, IT IS HEREBY ORDERED BY THE COURT, that any person subject to this

STIPULATED [PROPOSED] PROTECTIVE ORDER
CASE NO. 3:20-CV-00076-SI

Order, including without limitation, the individuals and entities described herein, shall adhere to the following terms, procedures, and conditions:

1.    PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this Action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this Action may be warranted. The parties agree that documents or information produced or exchanged during this Action shall be used by the party or parties to whom the information is produced solely for the purpose of this Action, in conformity with the terms of this Stipulated Protective Order, and shall not be used for any purpose not related to the prosecution of this Action.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

2.    DEFINITIONS

2.1    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored, or maintained) or tangible things that (a) qualify for protection under Federal Rule of Civil Procedure 26(c), or (b) are required by law or agreement to be kept confidential and are in fact confidential.  Such information includes but is not limited to (1) information prohibited from disclosure by statute;  and (2) research, technical, commercial, strategic, competitive, or financial information that the creating person or entity has maintained as confidential.

2
STIPULATED [PROPOSED] PROTECTIVE ORDER
CASE NO. 3:20-CV-00076-SI

2.3    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: information (regardless of how it is generated, stored, or maintained) that the Producing Party deems in good faith to be especially sensitive, which may include, but is not limited to, one of the following categories of Disclosure or Discovery Material: (1) third-party financial account information; (2) private or confidential personal information such as "personally identifiable information," including social security numbers, financial account numbers, home addresses, medical information concerning any individual, including Protected Health Information as defined by the Health Insurance Portability and Accountability Act of 1996, Pub. Law 10-191, and its implementing regulations, income tax returns (including attached schedules and forms), W-2 forms, 1099 forms, and other individual tax information, and personnel or employment records of a person; (3) a party's current operational or formalized strategic plans regarding its potential mergers, acquisitions, sales of unmarketed products and products under development, or investments that the Designating Party reasonably believes the disclosure of which may cause it competitive harm; and (4)  product specifications or formulations, source code, and other trade secrets or non-public, competitively sensitive product or sales information that the Designating Party reasonably believes the disclosure of which may cause it competitive harm.

2.4    Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.5    Designating Party: a Producing Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.6    Disclosure or Discovery Material: all items or information, regardless of the medium or way it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a

3

STIPULATED [PROPOSED] PROTECTIVE ORDER
CASE NO. 3:20-CV-00076-SI

consultant in this Action.

2.8    House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.10    Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and who have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.11    Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staff).

2.12    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13    Professional Vendors: persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.15    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Stipulated Protective Order cover Protected Material (as defined above) and: (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulated Protective Order do not cover: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or that becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of

4

STIPULATED [PROPOSED] PROTECTIVE ORDER
CASE NO. 3:20-CV-00076-SI

this Order, including becoming part of the public record through trial or otherwise; or (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.    DURATION

Even after final disposition of this Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates Disclosure or Discovery Material for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only that Disclosure or Discovery Material that qualifies as Protected Materials– so that other Disclosure or Discovery Material for which protection is not warranted is not swept unjustifiably within the ambit of this Order.

Mass or indiscriminate designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or hinder the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the Protected Material designation.

5.2    Manner and Timing of Designations. Except as otherwise provided in this Order (*see,*

STIPULATED [PROPOSED] PROTECTIVE ORDER
CASE NO. 3:20-CV-00076-SI

*e.g.*, the second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) For information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains Protected Material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate such materials for protection until after the inspecting Party has indicated which material it would like copied and produced, although the Producing Party retains the option to designate the materials before inspection if the Party or Non-Party seeking Disclosure or Discovery Material so desires. During the inspection and before any designation, all of the material made available for inspection that has not been previously designated shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the Disclosure or Discovery Material it wants copied and produced, the Producing Party must determine which documents or items, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" legend to each page that contains Protected Material.

(b) for testimony given in pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the hearing or other proceeding, all protected testimony.

(c) for testimony given in depositions, that a Party either (1) identify on the record, before the close of the deposition, all protected testimony or (2) designate in writing to the other Parties and to the court reporter, within thirty (30) days after receipt of the final deposition transcript, whether the entire transcript or a portion of it is to be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  During the thirty-day period provided for in the preceding sentence, the deposition transcript must be treated as "HIGHLY CONFIDENTIAL –

6

STIPULATED [PROPOSED] PROTECTIVE ORDER
CASE NO. 3:20-CV-00076-SI

ATTORNEYS' EYES ONLY."

(d) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

5.3     Inadvertent Failures to Designate. If timely corrected once discovered, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Stipulated Protective Order. The Producing Party and the Challenging Party shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to judicial

7
STIPULATED [PROPOSED] PROTECTIVE ORDER
CASE NO. 3:20-CV-00076-SI

intervention only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 28 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 28 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the

8

STIPULATED [PROPOSED] PROTECTIVE ORDER
CASE NO. 3:20-CV-00076-SI

categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) a Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) during their depositions—and, to the extent necessary, in preparation for depositions or testimony in this Action—witnesses in the Action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective

9

STIPULATED [PROPOSED] PROTECTIVE ORDER
CASE NO. 3:20-CV-00076-SI

Order;

(h) insurers of any Party and insurers' counsel;

(i) mediators or arbitrators that the Parties engage or that the Court appoints in this Action, and such mediators' or arbitrators' employees; and

(j) the author or recipient of a document containing the information or a custodian to whom disclosure is reasonably necessary for this Action.

7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the Court or agreed in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL" only to (a) the persons identified in Section 7.2(a), (d) through (j); and (b) House Counsel of the Receiving Party.

If Highly Confidential Information or Items are disclosed to a deposition witness pursuant this Section 7.3, then only the following persons may be present during the disclosure or discussion of the Highly Confidential Information or Items:  the reporter, the witness, the witness's counsel, the counsel taking the deposition, the presiding judge, and persons to whom disclosure may be made pursuant to this Section 7.3 and who are bound by this Order.  In addition, unless the witness to whom disclosure is made under this paragraph otherwise is permitted to receive the Highly Confidential Information or Items under this Order, such witness shall not be permitted to retain a copy of the document.  Disclosure of material pursuant to this paragraph does not constitute a waiver of the confidential status of the material so disclose. Unless otherwise ordered by the Court or agreed in writing by the Designating Party, a Party that seeks to disclose to an Expert any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to Section 7.2(c) first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current

STIPULATED [PROPOSED] PROTECTIVE ORDER
CASE NO. 3:20-CV-00076-SI

employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[1] and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures that the Designating Party whose Protected Material may be affected seeks to pursue in order to protect the Protected Material in the litigation in which the subpoena or order was issued.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has first obtained the Designating Party's

---

[1] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

11
STIPULATED [PROPOSED] PROTECTIVE ORDER
CASE NO. 3:20-CV-00076-SI

permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material.  Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS ACTION

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this Action is protected by the terms, remedies, and relief provided by this Order. Nothing in this Order should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Non-Party and the Party issuing the discovery request for the Non-Party's confidential information (the "Requesting Party") that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party if requested by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Party responding to the discovery request for the Non-Party's confidential information (the "Responding Party") may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Responding Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by

STIPULATED [PROPOSED] PROTECTIVE ORDER
CASE NO. 3:20-CV-00076-SI

the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.    FEDERAL RULE OF EVIDENCE 502(b) GOVERNS THE PRODUCTION OF
       PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

11.1    Fed. R. Evid. 502(b).  The Parties agree that Fed. R. Evid. 502(b) shall apply to the mistaken or inadvertent production of a privileged or work-product-protected document, unless the Parties agree to enter into a stipulation that provides greater protection than Fed. R. Evid. 502(b) or if upon motion by a Party, the Court enters an order that Fed. R. Evid. 502(d) shall apply.

Privacy rights protected by the General Data Protection Regulation 2016/679 ("GDPR") or any other rule or requirement are not waived by the production of protected information, including personal data.

11.2    Claw-Back Procedures.  A Party or Non-Party that discovers it has inadvertently disclosed or produced a document protected by a privilege or the work-product doctrine must promptly notify the Receiving Party and describe the basis of the claim of privilege or protection. The parties agree that inadvertent is synonymous with accidental for the purposes of interpreting whether a disclosure was inadvertent.

(a) The Producing Party shall request in writing that the Receiving Party return or destroy the inadvertently produced document. Upon receipt of such a request, the Receiving Party must return or destroy the document (and all copies thereof) within ten (10) business days,

13
STIPULATED [PROPOSED] PROTECTIVE ORDER
CASE NO. 3:20-CV-00076-SI

provided that if the Receiving Party chooses to challenge the claimed privilege or protection pursuant to Section 11.2(b), then the Receiving Party may sequester and retain one copy of the challenged document until the Court rules on the Receiving Party's challenge. All images of protected or privileged information covered by the inadvertent-disclosure notice and any notes or communications reflecting the content of any documents covered by such notice shall be destroyed at the same time as the documents are returned or destroyed.

(b) The Receiving Party has the right to seek, within ten (10) business days of the return or destruction of the document, an order from the Court directing the production of the document on the ground that the claimed privilege or protection is invalid or inapplicable. Failure of the Receiving Party to file such a motion or other request to the Court within the period prescribed above shall be deemed a withdrawal and waiver of any objection to the Producing Party's assertion of privilege or protection. The parties shall seek the Court's leave to file under seal all copies of the document, and all quotations or other substantive descriptions of the document's contents contained in any other filing. If the Court denies the motion or request seeking the document's production, then the Receiving Party will destroy any remaining copies of the document within ten (10) days of the Court's order.

(c) If a Producing Party claims during a deposition that privileged or protected information was inadvertently produced in a document, then upon request of that Party, questioning about the information in the document for which privilege or protection is claimed shall immediately cease. The Receiving Party shall have the right to continue the deposition until after the resolution of any dispute concerning the document's privileged or protected nature, solely so that the Receiving Party may question the witness about the privileged or protected document in the event that the document is ruled to be non-privileged or not protected from discovery.

11.3    Notice Obligation.  A Party that discovers it received what it reasonably believes to be a privileged or protected document that was inadvertently disclosed or produced must promptly notify the Producing Party.

12.    MISCELLANEOUS

14

STIPULATED [PROPOSED] PROTECTIVE ORDER
CASE NO. 3:20-CV-00076-SI

12.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2    Right to Assert Other Objections. By stipulating to the entry of this Stipulated Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

12.3    Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this Action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by the Court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5 unless otherwise instructed by the Court.

13.    NO PREJUDICE

13.1    Signing or agreeing to the entry of this Order, producing or receiving Protected Material, or otherwise complying with the terms of this Order will not (a) operate as an admission by any Party that any particular Protected Material contains or reflects trade secrets or any other type of confidential or proprietary Disclosure or Discovery Material; (b) prejudice the rights of a Party to object to the production of Disclosure or Discovery Material or material that the Party does not consider to be within the scope of discovery; (c) prejudice the rights of a Party to seek a determination by the presiding judge that particular materials be produced; (d) prejudice the rights of a Party to apply to the presiding judge for further protective orders; or (e) prevent the Parties from agreeing in writing to alter or waive the provisions or protections provided for in this Order with

15
STIPULATED [PROPOSED] PROTECTIVE ORDER
CASE NO. 3:20-CV-00076-SI

respect to any particular Disclosure or Discovery Material; (f) constitute or be construed as (1) an agreement by any person to produce any documents or to supply any Disclosure or Discovery Material, (2) a waiver or forfeiture of any trade secret, intellectual-property, or proprietary right to, in, or with respect to any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Information or Items, or (3) a modification, discharge, or abandonment of any pre-existing legal obligation that any Designating Party may have to keep any Disclosure or Discovery Material confidential or secret.

13.2    Nothing contained in this Order shall preclude any Party from using or disclosing its own "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Information or Items in any manner, without prior consent of any Party or the Court.

14.    FINAL DISPOSITION

Within 60 days after the final disposition of this Action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit to the Producing Party (and, if not the same person or entity, to the Designating Party), by the 60-day deadline, a written certification that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other medium reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings; motion papers; trial, deposition, and hearing transcripts and exhibits; legal memoranda; correspondence; expert reports; attorney work product; and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

15.    PERSONS BOUND.

This Order shall be binding upon all Outside Counsel of Record and their law firms, the

16
STIPULATED [PROPOSED] PROTECTIVE ORDER
CASE NO. 3:20-CV-00076-SI

Parties, and persons made subject to this Order by its terms.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: October 5, 2023

17
STIPULATED [PROPOSED] PROTECTIVE ORDER
CASE NO. 3:20-CV-00076-SI

**ABRAHAM, FRUCHTER & TWERSKY, LLP**

    /s/ Jeffrey S. Abraham
Jeffrey S. Abraham (admitted *pro hac vice*)
Michael Jason Klein (admitted *pro hac vice*)
450 Seventh Avenue, 38th Floor
New York, NY 10123
Tel: (212) 279-5050
JAbraham@aftlaw.com
mklein@aftlaw.com

Patrice L. Bishop
9440 Santa Monica Blvd., Suite 301
Beverly Hills, CA 90210
(310) 279-5125
pbishop@aftlaw.com


        -and-


**POMERANTZ LLP**

    /s/ Omar Jafri
Omar Jafri (admitted *pro hac vice*)
Patrick Dahlstrom (admitted *pro hac vice*)
Ten South La Salle Street, Suite 3505
Chicago, Illinois 60603
Tel: (312) 377-1181
ojafri@pomlaw.com
pdahlstrom@pomlaw.com


Jeremy A. Lieberman (admitted *pro hac vice*)
J. Alexander Hood II (admitted *pro hac vice*)
600 Third Avenue, 20th Floor
New York, NY 10016
(212) 661-1100
jalieberman@pomlaw.com
ahood@pomlaw.com


***Attorneys for Co-Lead Plaintiffs***

**ROPES & GRAY LLP**

    /s/ Amy Jane Longo
Amy Jane Longo
10250 Constellation Boulevard
Los Angeles, CA 90067
Tel: (310) 975-3300
amy.longo@ropesgray.com

Anne Johnson Palmer
Three Embarcadero Center
San Francisco, CA 94111-4006
Tel: (415) 315-6300
anne.johnsonpalmer@ropesgray.com

Peter L. Welsh (admitted *pro hac vice*)
C. Thomas Brown (admitted *pro hac vice*)
Prudential Tower
800 Boylston Street
Boston, MA 02199
Tel: (617) 951-7000
peter.welsh@ropesgray.com
thomas.brown@ropesgray.com

Charles D. Zagnoli (admitted *pro hac vice*)
191 North Wacker Drive, 32nd Floor
Chicago, IL 60606
Tel: (312) 845-1200
charles.zagnoli@ropesgray.com

***Attorneys for Defendant Forescout Technologies, Inc.***

**WILSON SONSINI GOODRICH & ROSATI, Professional Corporation**

    /s/ Diane M. Walters
Diane M. Walters
Ignacio E. Salceda
Rebecca L. Epstein
650 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 493-9300
dwalters@wsgr.com

18
STIPULATED [PROPOSED] PROTECTIVE ORDER
CASE NO. 3:20-CV-00076-SI

isalceda@wsgr.com
bepstein@wsrg.com

***Attorneys for Defendants Michael DeCesare
and Christopher Harms***

PURSUANT TO STIPULATION, IT IS SO ORDERED.


DATED:

THE HONORABLE SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE

STIPULATED [PROPOSED] PROTECTIVE ORDER
CASE NO. 3:20-CV-00076-SI

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ [date] in the case of *Sayce v. Forescout Technologies, Inc., et al.*, Case No. 3:20-cv-00076-SI. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this Action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this Action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

20
STIPULATED [PROPOSED] PROTECTIVE ORDER
CASE NO. 3:20-CV-00076-SI

## ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)

I, Amy Jane Longo, am the ECF User whose identification and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that all signatories have concurred in this filing.

Dated: October 5, 2023                    _/s/ Amy Jane Longo_
                                          Amy Jane Longo

STIPULATED [PROPOSED] PROTECTIVE ORDER
CASE NO. 3:20-CV-00076-SI