UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Susan Illston, District Judge

SAYCE,                          )
                                )
            Plaintiff,          )
                                )
vs.                             )   No. C. 20-00076-SI
                                )
FORESCOUT TECHNOLOGIES, INC.,   )
et al.,                         )
                                )
            Defendants.         )
_____)

San Francisco, California
Friday, July 7, 2023

TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC SOUND
RECORDING 12:16 - 12:34 = 18 MINUTES

APPEARANCES:

For Plaintiff:
                              Abraham, Fruchter & Twersky,
                                LLP
                              One Penn Plaza, Suite 2805
                              New York, New York 10119
                        BY:   JEFFREY S. ABRAHAM, ESQ.
                        BY:   MICHAEL JASON KLEIN, ESQ.

                              Pomerantz, LLP
                              10 South LaSalle
                              Suite 3505
                              Chicago, Illinois 60603
                        BY:   OMAR JAFRI, ESQ.
                              GENC ARIFI, ESQ.

(APPEARANCES CONTINUED ON NEXT PAGE)

*Echo Reporting, Inc.*

2

APPEARANCES:   (Cont'd.)

For Forescout Technologies,
    Inc.:
                                   Ropes & Gray, LLP
                                   Three Embarcadero Center
                                   San Francisco, California
                                      94111
                              BY:  AMY JANE LONGO, ESQ.

                                   Ropes & Gray, LLP
                                   191 North Wacker Drive
                                   32nd Floor
                                   Chicago, Illinois 60606
                              BY:  CHARLES D. ZAGNOLI, ESQ.

For the individual
    Defendants:                    Wilson Sonsini Goodrich &
                                      Rosati
                                   650 Page Mill Road
                                   Palo Alto, California 94304
                              BY:  IGNACIO EVARISTO SALCEDO, ESQ.
                                   DIANE MARIE WALTERS, ESQ.

Transcribed by:                    Echo Reporting, Inc.
                                   Contracted Court Reporter/
                                   Transcriber
                                   echoreporting@yahoo.com

3

<u>Friday, July 7, 2023</u>                                      <u>12:16 p.m.</u>

P-R-O-C-E-E-D-I-N-G-S

--oOo--

THE CLERK:  Calling civil action 20-76, Sayce versus Forescout Technologies, Inc., et al.

Plaintiff, please state your appearances for the record, beginning with the Plaintiff.

MR. ABRAHAM (via Zoom):  Your Honor, Jeffrey Abraham for the Glazer Funds, and with me is Michael Klein of my office.  Mr. Jafri will introduce himself separately.

THE COURT:  All right.

MR. JAFRI (via Zoom):  Good afternoon, your Honor. Omar Jafri from Pomerantz, for the Plaintiffs, and there's -- I also have my colleague Genc Arifi from the Pomerantz Firm.

THE COURT:  All right.  Good afternoon to both of you.

MR. ARIFI (via Zoom):  Good afternoon, your Honor.

MS. LONGO (via Zoom):  Good afternoon, your Honor. This is Amy Longo on behalf of Defendant Forescout Technologies.

THE COURT:  Good afternoon.  You're kind of cutting in and out.  So, maybe if you spoke closer.

MS. LONGO:  Sorry about that (Zoom glitch).

THE COURT:  That's better.

4

MS. WALTERS (via Zoom):  Good afternoon, your Honor.  Diane Walters with Wilson Sonsini, on behalf of the individual Defendants.

THE COURT:  Good afternoon.

MR. SALCEDA (via Zoom):  Good afternoon, your Honor.  Ignacio Salceda, also on behalf of the individual Defendants.

THE COURT:  Good afternoon.

Well, welcome back.  I think what we need to do now is get a schedule.  I see that you've agreed --

THE CLERK:  Judge, I have one more person.

THE COURT:  Oh, sorry.  Yes.

THE CLERK:  No problem.

(Pause.)

THE CLERK:  Mr. Zagnoli?  Okay.  He should be coming on board.  And there you go.

Please turn on your video, Mr. Zagnoli.  Perfect.  Thank you.

MR. ZAGNOLI (via Zoom):  Good morning, your Honor.  This is Charles Zagnoli of Ropes and Gray for Defendant Forescout.

THE COURT:  Good afternoon.

Okay.  What I would like to do is get a plan which will culminate in hearing the class motion.  I don't think we should set a schedule past that at this point.  So, I'd like

5

to set a schedule up to the hearing on the class motion.

I was going to ask you, though, on page four you said:

"The parties agree that amended pleadings may be filed with leave of Court on or before February 23rd, 2024."

Do the Plaintiffs have an operative complaint now on?

MR. ABRAHAM:  Yes, your Honor.

THE COURT:  Okay.  Okay.  So, we don't need -- the amendment would be if something else happens, but right now there is a complaint in the case?

MR. ABRAHAM:  I believe there's an operative complaint, your Honor, as well as I think answers have been filed too.

THE COURT:  Oh, okay.  Good.  All right.

MS. STEELE:  Your Honor, and we don't understand Plaintiffs to anticipate any amendments at this point.

THE COURT:  Okay.  Good.

MR. ABRAHAM:  I -- well, there might be an amendment.  We'll see.  That's why we've provided for it, your Honor.

THE COURT:  Okay.  But we are good to go, and we are going with the pleadings at this time.

Discovery is open.  With respect to the hearing on the class motion, you -- you have competing schedules -- competing schedules, both of which have, in my view, the

6

same flaw.  Seems to me that you ought to get the pleadings done before the -- the holiday.

Plaintiff, you said you can't -- you can't file til October 27th.  Is that a realistic date for you, Plaintiff?

MR. JAFRI:  Your Honor, this is Omar Jafri.

THE COURT:  Yeah.

MR. JAFRI:  Yes, your Honor.  And the reason why is because we have a foreign client, Meitav Mutual Funds, which has been appointed as the lead Plaintiff.  And, since it's a mutual fund based in Israel, they have certain closing procedures and religious holidays and things of that, sort.  So, I proposed to the Defendants that if they want to take a deposition, that Meitav would be available in early December.  And, so, the schedule is really focused on that.

And I also told the Defendants that if they don't depose Meitav, we can have a different schedule.  But, you know, they -- they have not made up their mind about what it is that they're going to do.  If you look at page two of the schedule, this is language that the Defendants inserted themselves, which is that once they see the motion for certification, they will make a decision about whether they will oppose it.

So, your Honor, that's just the background of what we're dealing with here.  We tried to work out a schedule,

7

and we were unable to do so even through we were really close. I mean, it was a difference really between a week, but I think by the time we reached the stage where they felt that they just weren't going to give in completely, even though I think there was a recognition that whatever we had said was reasonable, they wanted to stick to a date of filing an opposition on December 15th, when we had said that December 22nd would be better so that if you want to take the deposition, we'll definitely make the client available before that date, and we won't have to go back to the Court to get any extensions. But that was not accepted by them, and that's why we have different proposals.

MS. LONGO: May I speak to that briefly, your Honor? So, I do think the background was helpful here. We had initially proposed that the class cert briefing wrap up by the end of the calendar year, and Plaintiffs had initially proposed that the class cert briefing wrap up in March. And we did meet and confer about that schedule, and we emphasized that in our view, this is an early practicable time under the Rule to commence the briefing.

We did receive information about the religious holidays and work schedules that presented issues for the Plaintiffs, and what we then attempted to compromise around was to have the opposition briefing filed by mid December. But in our last communication from Plaintiffs, we came to understand

8

that a representative from Meitav couldn't commit to being available other than in the range of December 4th to December 24th, and within that range could only commit to being available in New York.

So, I -- I will say that from our perspective, there's sort of a fundamental disagreement here of what it means to volunteer to be the lead Plaintiff, to volunteer to be a proposed representative. In our view, the schedule shouldn't be driven by the availability of one representative. And we inquired if there were more information available, you know, the actual travel plans. We inquired about the possibility of exploring a remote deposition that could happen earlier without waiving our ability to insist, as we still may, that we believe the appropriate place for this deposition is in this forum where this is the lead Plaintiff in this action. We don't waive any rights with respect to that. We did attempt to reach a compromise but still -- and we had suggested that that representative could at least be available in the first week of December, allowing us to take a deposition before our opposition would be due December 15th. But we're told that there could be no commitment either than from the 4th to the 21st. The 21st is the day before our brief would be due under their proposal.

And, so, we did revert back to a December 8th

9

opposition, understanding that it seemed to us this could become something that we are required to bring before the Court if we're not able to work out some kind of agreement about the timing and location of the deposition because I will say, you know, while we have not said today 100 percent we intent to depose all the proposed class representatives, I can say it's very likely that we will want to depose them. You know, we'll certainly review the motion, but we're certainly not (Zoom glitch) any ability to take their depositions and to oppose the motion.

THE COURT:  Mr. Jafri, why can't they be ready earlier?

MR. JAFRI:  So, your Honor, the reason why is, so, we had -- we had proposed the fact that they can take an in-person deposition.  So, they would fly to the United States from Israel.  In September and October, there are certain Jewish religious holidays, and those are national holidays over there.  So, you know, the offices are closed and so on. And it doesn't -- it's -- and it's not just that.  The main reason that I told them I think twice was that they have year end closing procedures to get basically all the statements in order, and it's a very busy time for them in the fall.  And given that there was no dispute amongst us -- I understand, your Honor, that you only want to basically take this step by step.  But before -- before we -- we

appeared here, there was no -- there was no disagreement about when dispositive motions would be filed or when we would have a pretrial conference or a trial date.

So, I think, in light of that, what we had proposed was that we would definitely make the client available by December.  Briefing would be completed in early January, more than a year before the dispositive motions were due.

And, as I mentioned to you, your Honor, we came very close.  That -- it was the difference between a week.  Their initial proposal to us was that they would file an opposition on the 15th of December.  And -- and, so, if it such an urgency, then why did they give up on all of that, because -- the reason why is because we had a reasonable proposal.

But, your Honor, it's mostly work-related issues, and we obviously need some time to prepare the client for the deposition as well.  It's possible that the representative may only speak in Hebrew.  So, there would be a -- a translation issue.  And, given the schedule itself that we didn't disagree with -- we thought it was a reasonable proposal -- and the time frame that we offered was a definitive time frame for them to be deposed, with obviously the other thing that we told the Defendants that if they want additional time to file an opposition, they can have that too.  But they wouldn't have any of it because we

11

didn't agree to their chosen date of December 15th.

THE COURT:  Okay.  Well, I'm -- I'm disappointed that we are having this discussion.  It bodes ill for the balance of the case.  And to say that you've all agreed on what's going to happen in 2025 is interesting but not dispositive.  We need to figure what's going to happen coming soon.

So, the first thing we need to get figured out is if this is going to be a class case or not.  One of the things I did hear Ms. Longo say in passing was that they're thinking about whether they're going to oppose.  And I'm glad to hear that because sometimes the opposition itself isn't -- isn't necessary at this stage, and maybe at a later stage you've got other things to say about the case.

But my concern previously had been that both of these proposals would require Plaintiffs to be working over the holidays, but I have changed my mind and figured that's really what you're asking for.  So, that's okay with me.

Tell me who the representative Plaintiffs in this case are.  Who was -- who was appointed lead?

MR. JAFRI:  So, your Honor, there are two co-lead Plaintiffs.  One of them is Meitav, the client that I mentioned to you.  That's a mutual fund based in Israel.  And the other Plaintiffs, which were also appointed as co-lead Plaintiffs are the Glazer Funds.  The Glazer Funds are

12

based in the United States.  So, we had two co-lead Plaintiffs, and you appointed Pomerantz and Abraham, Fruchter and Twersky as co-lead counsel.

THE COURT:  Okay.  So, Pomerantz has the Israeli fund and --

MR. ABRAHAM:  I represent the U.S. based fund, your Honor.

THE COURT:  So, are you able to make the Glazer Fund representatives available for depo?

MR. ABRAHAM:  I am.  We have the same concern about the Jewish holidays.  I personally have a bar mitzvah coming up in October.  But I -- I think it could all be worked around, and they can be made available certainly in New York for a deposition.

THE COURT:  All right.

MS. LONGO:  May I speak to that briefly, your Honor?

THE COURT:  Yes.

MS. LONGO:  I will just say I had a (Zoom glitch) discussion.  We did understand that November could be a potential time when the Glazer Fund representative could be available and --

MR. ABRAHAM:  Yes.

MS. LONGO:  And, again, we -- we don't agree necessarily today that New York would be the appropriate

13

place, but I'm sure we could, you know, discuss that further and see if we can find a location.

THE COURT:  Well, and early days.  It could be that you can agree on a remote depo for the -- the first go around.

All right.  Let's -- let's do this.  I'll go -- I'll -- I'll say that the -- the class cert motion will be due on October 27th.  Defendants' opposition will be due December 22nd.  Plaintiff's response will be due January 19th.  And, with that leeway, I'm anticipating that all the depositions that need to be taken will get taken, holidays or no holidays.  And then have the hearing on February 2nd.

Is February 2nd an okay date -- of 2024 -- for the hearing?

MS. LONGO:  Yes, your Honor.

MR. JAFRI:  Yes, your Honor.

THE COURT:  Okay.  And then at that hearing, we'll discuss the class certification motion.  If there's time, we can talk about a future schedule.  Otherwise, we'll kick it over for a week to have a -- we'll just have a further status conference and talk about a schedule.  But I -- I see no point in crafting a schedule until we know whether it's a class action or not, since that will make a difference.

All right.  So, we'll do that.  Discovery is open.  I urge you to work with your clients to make them available.

14

Having stepped forward as representative Plaintiffs for the class and as lead Plaintiffs, they have obligations, as you know.  And they didn't have to volunteer, but they did.  So, they need to step up and get -- get with the program.  So, I understand that holidays are complicated.  I understand that families have bar mitzvahs.  But we just need to get going on this case.  It's -- time has already gone by quite a lot.  So, let's -- let's get going with it.

I'll also set a further status with me for, say, October 27th.  Is that a convenient date, of this year?

MS. LONGO:  That's fine for Forescout, your Honor.  Thank you.

MR. JAFRI:  Yes, your Honor, as well for the Plaintiffs.

THE COURT:  Okay.  So, we'll have a further status just to check in and see how things are going on October 27th, a joint statement a week before that just tells me what you've done and how things are going and if there are issues.  And we'll just make sure that we're on track to get the class hearing heard.

Anything else for today?

MR. ABRAHAM:  No, your Honor.  Thank you.

MS. LONGO:  Nothing further from Forescout.

THE COURT:  All right.  Okay.  Well, thank you all.

15

MS. LONGO:  Thank you.

MR. JAFRI:  Thank you very much.

MR. ABRAHAM:  Thank you, your Honor.

(Proceedings adjourned at 12:34 p.m.)

16

CERTIFICATE OF TRANSCRIBER

I certify that the foregoing is a true and correct transcript, to the best of my ability, of the above pages of the official electronic sound recording provided to me by the U.S. District Court, Northern District of California, of the proceedings taken on the date and time previously stated in the above matter.

I further certify that I am neither counsel for, related to, nor employed by any of the parties to the action in which this hearing was taken; and, further, that I am not financially nor otherwise interested in the outcome of the action.

Echo Reporting, Inc., Transcriber

Tuesday, October 10, 2023

*Echo Reporting, Inc.*