# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

CHRISTOPHER L. SAYCE, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

v.

FORESCOUT TECHNOLOGIES, INC., MICHAEL DECESARE, and CHRISTOPHER HARMS,

Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO.: 3:20-cv-00076-SI

CLASS ACTION

**JOINT STATEMENT REGARDING DISCOVERY DISPUTES**

Judge: Hon. Susan Illston
Trial Date: None set

JOINT STATEMENT REGARDING DISCOVERY DISPUTES
Case No. 3:20-cv-00076-SI

**Plaintiffs' Statement**

Plaintiffs in this securities class action served their first set of requests for production of documents on June 23, 2023 (hereafter the "RFP" or the "RFPs").[1]  To date, Defendants have produced 41 documents, almost all of which are unredacted filings from a related litigation after Plaintiffs challenged their confidentiality in the Delaware Chancery Court.  No custodial information has been produced even though Defendants claim to be reviewing documents.  Defendants refuse to produce a meaningful number of documents unless the Parties resolve all their discovery disputes. This is a recipe for indefinite delay, and Plaintiffs respectfully request the Court to impose a substantial completion deadline for the RFPs.

In addition, Defendants refuse to produce documents from within the alleged Class Period, which ran from February 7, 2019 through May 15, 2020 as pled in the SAC.  ¶158.[2]  Plaintiffs did not appeal the forward-looking revenue guidance given on February 7, 2019, ¶80, and the Ninth Circuit affirmed the dismissal of all statements related to the Company's salesforce, including statements made on a conference call held on March 4, 2019.  *See Glazer Capital Mgmt., L.P. v. Forescout Techs., Inc.*, 63 F.4th 747, 781-82 (9th Cir. 2023).  Otherwise, the Ninth Circuit's decision reinstated almost every misstatement related to the Company's sales pipeline that was made in 2019, and a misleading statement about the merger made on May 11, 2020.  *Id.*  As such, the Class Period for the reinstated claims runs from May 9, 2019 through May 15, 2020.  Defendants intend to produce documents up to and including February 6, 2020 for RFPs Nos. 1-29 and between January 1, 2020 and May 20, 2020 for RFPs No. 30-38.

Courts in this Circuit have repeatedly rejected similar attempts to "carve out" the Class Period for the purposes of discovery, ordering production of documents within, as well as before or after, the class period.  *See, e.g.*, *Karinski v. Stamps.com, Inc.*, 2020 U.S. Dist. LEXIS 156299, at *5 (C.D. Cal. July 21, 2020); *In re Mattel, Inc. Sec. Litig.*, 2021 U.S. Dist. LEXIS 264415, at *16-17 (C.D. Cal. Aug. 4, 2021).  Defendants claim that they should be allowed to withhold documents because

---

[1] The Parties attach Plaintiffs' RFPs and Defendants' Responses and Objections to the RFPs as Exhibits A and B, respectively.

[2] All ¶__ and ¶¶__ citations are to the SAC filed at ECF No. 142.

JOINT STATEMENT REGARDING DISCOVERY DISPUTES

Case No. 3:20-cv-00076-SI

the last alleged misrepresentation related to the sales pipeline was made in 2019. Similar attempts to restrict discovery have been repeatedly rejected in this Circuit, with parties ordered to produce documents both before and after a misstatement is made and both before and after the Class Period, because the information sought can provide context or be relevant to any element of a securities fraud claim. *See, e.g.*, *In re Seagate Tech. II Sec. Litig.*, 1993 U.S. Dist. LEXIS 18065, at *2-3 (N.D. Cal. June 10, 1993); *Zelman v. JDS Uniphase Corp.*, 376 F. Supp. 2d 956, 970 (N.D. Cal. 2005); *Zamora v. D'Arrigo Bros. Co. of Cal.*, 2007 U.S. Dist. LEXIS 21418, at *1-4 (N.D. Cal. Mar. 15, 2007); *see also In re Toyota Motor Corp. Sec. Litig.*, 2012 U.S. Dist. LEXIS 124438, at *20-22 n.7 (C.D. Cal. Mar. 9, 2012) (collecting cases). Notably, facts arising after a statement is made are admissible against a defendant at trial, a far higher standard than the liberal rules of discovery in federal court. *See In re Toyota Motor Corp. Sec. Litig.*, 2012 U.S. Dist. LEXIS 124438, at *19-21.

Defendants' opinion that documents related to the sales pipeline from 2020 are irrelevant to the challenged statements made in the previous year is not a basis to withhold documents. On November 6, 2019, Defendants blamed a third quarter revenue miss on Forescout's business outside the United States, ¶¶120, 122, and the only corrective disclosures alleged that relate to this reinstated statement are the poor financial results announced on May 11, 2020, ¶154, and Forescout's announcement that the merger with Advent International fell apart on May 18, 2020. ¶15. Between February 2020 and May 2020, Advent stated that Forescout's financial performance "dropped off a cliff" both year-over-year and compared to its peers, ¶58, undermining Defendants' misrepresentations that Forescout's poor performance was due to external factors. Plaintiffs respectfully request that the Court order Defendants to produce all documents related to Forescout's sales pipeline from the Class Period because they are relevant to elements of Plaintiffs' claims, including falsity, scienter and loss causation. Defendants seek to impose similar restrictions on discovery concerning Requests No. 30 and 32 (both requesting relevant documents given to Advent). Plaintiffs respectfully request the Court to order Defendants to produce all Class Period documents that are responsive to these Requests. With respect to Requests No. 29-38, Defendants refuse to produce any documents from after the Class Period. The overwhelming weight of authority in this

JOINT STATEMENT REGARDING DISCOVERY DISPUTES

Case No. 3:20-cv-00076-SI

2

Circuit holds that post-Class Period documents are discoverable, and should not be withheld if relevant. *See supra* at 2. Here, Forescout renegotiated its merger with Advent, accepting a materially lower price in July 2020, and Plaintiffs are entitled to learn why that occurred and whether it was because of internal problems at Forescout. ¶17.

Finally, Defendants' reference to two separate lawsuits earlier in the litigation is of no moment because the Court consolidated them. ECF No. 55. The attempt to relitigate whether loss causation is pled should be ignored—the Court declined to dismiss the SAC on similarly meritless grounds *twice*. ECF Nos. 139, 158. The same goes for the attempt to shift blame. On August 11, 2023, immediately after the Responses were served, Plaintiffs sent a letter identifying deficiencies, and Defendants took nearly a month to respond. Their own average response time is several weeks. Regardless, ongoing disputes about discovery cannot excuse a total abandonment of discovery obligations.

**DEFENDANTS' POSITION**

**The Relevant Time Period**: This case is not a wholesale reckoning of Forescout's sales function from 2018 through 2020. The remaining challenged statements in this case following remand pertain to two separate theories of liability, originally pled in two separate complaints with different plaintiffs and different counsel: (1) statements between May and November 2019 relating to the sales pipeline, including "slipped" deals, "tech wins," the strength of the sales pipeline, and economic conditions in the EMEA; and (2) the lone May 11, 2020 statement that Forescout "look[ed] forward to completing [the] pending transaction with Advent." Plaintiffs attempt to collapse these two factually and logically distinct claims in service of their demand for overbroad and disproportionate discovery. Documents concerning Forescout's 2020 sales pipeline, following the merger's announcement and the onset of the COVID-19 pandemic, are simply not relevant to whether the remaining 2019 statements about the then-existing sales pipeline conditions were true when made. Nor does information about the 2020 sales pipeline bear on whether the one remaining merger statement allegedly was knowingly or deliberately misleading.

Accordingly, it is appropriate to define two distinct Relevant Time Periods for discovery. While Defendants have agreed to reasonable time period expansions for certain requests, the Relevant Time Period for purposes of responding to Request Nos. 1-28 (relating to the 2019 statements) should be at most September 1, 2018 (well before the alleged Class Period) through February 6, 2020 (the date that Q4 2019 and FY2019 results were announced). Plaintiffs allege that October 10, 2019 was a partial corrective disclosure with respect to the 2019 statements. Nowhere in the Complaint, however, do they make clear when fulsome disclosure of those statements supposedly occurred, and nothing in the Complaint suggests that any misimpression could have remained in the market after October 10, 2019. At the absolute most, and even setting aside the fatal absence of such allegations in the Complaint, the remaining statements about the 2019 sales pipeline could not have had any effect on the stock price after FY2019 results—which fell short of projections—were announced on February 6, 2020. The Relevant Time Period for purposes of responding to Request Nos. 29-38 (relating to the May 11, 2020 statement) should be January 1, 2020 through May 20, 2020 (after the end date of the alleged Class Period). Plaintiffs offer no allegations or reasonable argument that can somehow bridge the obvious logical and factual gaps between the statements. The cases cited by Plaintiffs do not articulate a blanket rule that discovery must extend well before and after the class period or alleged misstatements. *See Karinski*, 2020 U.S. Dist. LEXIS 156299, at *5 ("*[s]ome* discovery *shortly* before and after the class period" is appropriate) (emphasis added). Instead, these cases tether the time period to relevance and proportionality—which Plaintiffs cannot do given the two distinct sets of remaining statements. *See Seagate*, 1993 U.S. Dist. LEXIS 18065, at *1 (granting discovery beyond class period where pertinent to "core issues" and "narrowly crafted").

**Request No. 29**: Defendants agreed to produce materials from the strategic committee established by the Forescout Board ("Strategic Committee") from 2019 through May 20, 2020. Plaintiffs now seek materials for Strategic Committee meetings after May 20, 2020. Plaintiffs' position is inconsistent with the Request, which calls for "All Documents and Communications related to Your decision *in 2019* to sell the Company or take it private." (emphasis added).

Plaintiffs' assertion now that they are entitled to explore why Forescout and Advent ultimately closed the merger at a lower price is a fishing expedition untethered to the remaining claims.

**Request No. 30**: In response to this Request for sales pipeline and related documents "provided to Advent during the negotiation of the Merger," Defendants agreed to produce relevant, non-privileged materials that Forescout provided to Advent in connection with Advent's pre-signing diligence and that related to 2019. The only issue remaining with respect to the merger relates to Defendants' statement on May 11, 2020 that "we look forward to completing our pending transaction with Advent." Documents relating to the 2020 sales pipeline are not relevant to that statement.

**Request No. 32**: Defendants offered to apply agreed-upon search terms to Forescout's productions to Advent in the Delaware litigation, and to re-produce to Plaintiffs material that is responsive to the Requests here. Defendants believe, however, that the same time period limits for sales pipeline and merger-related Requests above should apply, for the reasons outlined herein.

**Defendants' Productions**: Plaintiffs' critique ignores the Parties' protracted efforts to reach agreement on Plaintiffs' overbroad Requests. These discussions include fundamental disagreements over relevance, proportionality, and time periods, and the negotiation of appropriate document custodians and search terms per the Parties' agreed ESI protocol signed in October, which pose threshold barriers to Defendants' ability begin full document review efforts in earnest. It would be inefficient and unduly burdensome to require Defendants to commence custodial document review while those matters remain in dispute, since resolution of the Parties' differences could require Defendants to engage in a duplicative re-review. At the same time, Plaintiffs have impeded Defendants' efforts to come to ground on the Parties' open disputes, taking weeks at a time to respond to Defendants' correspondence and compromise proposals, including waiting three weeks to respond to Defendants' custodian proposal. Nevertheless, Defendants have made good faith efforts to move forward with collection and review of centralized documents, resulting in productions of more than 800 pages to date. Once the open issues are resolved by the Court, Defendants will move expeditiously to review and produce custodial documents.

Dated: November 10, 2023

**POMERANTZ LLP[3]**

  */s/ Brian P. O'Connell*
Omar Jafri (admitted *pro hac vice*)
Patrick Dahlstrom (admitted *pro hac vice*)
Brian O'Connell (SBN 314318)
Genc Arifi (admitted *pro hac vice*)
Ten South La Salle Street, Suite 3505
Chicago, Illinois 60603
Tel: (312) 377-1181
ojafri@pomlaw.com
pdahlstrom@pomlaw.com


Jeremy A. Lieberman (admitted *pro hac vice*)
J. Alexander Hood II (admitted *pro hac vice*)
600 Third Avenue, 20th Floor
New York, NY  10016
(212) 661-1100
jalieberman@pomlaw.com
ahood@pomlaw.com

**ABRAHAM, FRUCHTER & TWERSKY, LLP**

  */s/ Jeffrey S. Abraham*
Jeffrey S. Abraham (admitted *pro hac vice*)
Michael Jason Klein (admitted *pro hac vice*)
450 Seventh Avenue, 38th Floor
New York, NY 10123
Tel: (212) 279-5050
JAbraham@aftlaw.com
mklein@aftlaw.com

Patrice L. Bishop
9440 Santa Monica Blvd., Suite 301
Beverly Hills, CA 90210
(310) 279-5125
pbishop@aftlaw.com


        *-and-*


***Attorneys for Co-Lead Plaintiffs***

**ROPES & GRAY LLP**

  */s/ Amy Jane Longo*
Amy Jane Longo
Mark S. Gaioni
10250 Constellation Boulevard
Los Angeles, CA 90067
Tel: (310) 975-3300
amy.longo@ropesgray.com
mark.gaioni@ropesgray.com


Anne Johnson Palmer
Three Embarcadero Center
San Francisco, CA 94111-4006
Tel: (415) 315-6300
anne.johnsonpalmer@ropesgray.com


Peter L. Welsh (admitted *pro hac vice*)
C. Thomas Brown (admitted *pro hac vice*)
Prudential Tower
800 Boylston Street
Boston, MA 02199
Tel: (617) 951-7000
peter.welsh@ropesgray.com
thomas.brown@ropesgray.com


Charles D. Zagnoli (admitted *pro hac vice*)
191 North Wacker Drive, 32nd Floor
Chicago, IL  60606
Tel: (312) 845-1200
charles.zagnoli@ropesgray.com

***Attorneys for Defendant Forescout Technologies, Inc.***

**WILSON SONSINI GOODRICH & ROSATI, Professional Corporation**


  */s/ Diane M. Walters*
Ignacio E. Salceda
Diane M. Walters
Rebecca L. Epstein
650 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 493-9300

JOINT STATEMENT REGARDING DISCOVERY DISPUTES

Case No. 3:20-cv-00076-SI

6

isalceda@wsgr.com
dwalters@wsgr.com
bepstein@wsgr.com

**Attorneys for Defendants Michael DeCesare and Christopher Harms**

## Certificate of Service

I certify that, on the date stamped above, I caused this document to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of filing by email to counsel of record for all parties.

/s/ Brian P. O'Connell
Brian P. O'Connell

## SIGNATURE ATTESTATION

Pursuant to Civil Local Rule 5-1(i)(3), the filer attests that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content, and have authorized the filing.

Dated: November 10, 2023

/s/ Brian P. O'Connell
Brian P. O'Connell

---

[3] Orly Guy and Eitan Lavie, who are Of Counsel to Pomerantz LLP and admitted to practice in Israel, also provide advice to Meitav Mutual Funds Ltd. in connection with this matter.

JOINT STATEMENT REGARDING DISCOVERY DISPUTES
Case No. 3:20-cv-00076-SI

7