# Exhibit B

Amy Jane Longo (CSB #198304)
Anne Johnson Palmer (CSB #302235)
ROPES & GRAY LLP
Three Embarcadero Center
San Francisco, CA 94111-4006
Tel: (415) 315-6300
Fax: (415) 315-6350
Amy.Longo@ropesgray.com
Anne.JohnsonPalmer@ropesgray.com

[Additional counsel on signature page]

*Attorneys for Defendant*
*Forescout Technologies, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| CHRISTOPHER L. SAYCE, Individually and on Behalf of All Others Similarly Situated, <br><br> *Plaintiff,* <br><br> v. <br><br> FORESCOUT TECHNOLOGIES, INC., MICHAEL DECESARE, and CHRISTOPHER HARMS, <br><br> *Defendants.* | CASE NO.: 3:20-cv-00076-SI <br><br> <u>CLASS ACTION</u> <br><br> **DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION** |

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendants Forescout Technologies, Inc. ("Forescout" or the "Company"), Michael DeCesare, and Christopher Harms (together with Mr. DeCesare, the "Individual Defendants," and collectively with Forescout, the "Defendants"), by and through their attorneys, submit these responses and objections to Lead Plaintiffs' First Set of Requests for Production of Documents to Each Defendant (the "Requests") dated June 23, 2023.

These responses are made solely for the purpose of this case. Each response is subject to all objections on the grounds of competence, relevance, materiality, propriety, and admissibility, and to any and all other objections on any grounds that would require exclusion of any statements contained herein if such request were asked of, or statements contained herein were made by, a witness present and testifying in court, all of which objections and grounds are expressly reserved and may be interposed at later case phases, including at the time of trial.

The following responses are based upon the current state of this litigation and the information presently available to and located by Defendants and their attorneys through a reasonable search. Defendants have not completed (a) their investigation of the facts relating to this case, (b) discovery in this case, or (c) Defendants' preparation for trial. Defendants provide the responses herein without prejudice to Defendant's right to produce evidence of any additional facts.

## GENERAL RESPONSES & OBJECTIONS

1.      Defendants object to the Requests to the extent they seek to impose requirements or obligations on Defendants in addition to, beyond the scope of, or different from those imposed by the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, or other applicable laws or rules. Defendants will comply with the obligations imposed by those Rules and applicable law (collectively, the "Rules").

2.      Defendants object to the Requests to the extent that they seek information that is confidential to Defendants or to third parties, without a protective order in place. Any production of any such information that Defendants may agree to make is contingent on the Court's entry of a protective order mutually agreed by the parties. Defendants acknowledge that the parties are currently negotiating the terms of a mutually acceptable protective order ("Protective Order") that, if and when entered by the Court, would largely address much of the objection stated in this

paragraph. Defendants reserve the right to withhold any responsive, confidential information that applicable law or contractual obligations prevents Defendants from producing to Plaintiffs in this case. In the event that Defendants are obligated to withhold any such information, Defendants will take reasonable steps to attempt to secure any necessary permissions or approvals to produce the information to Plaintiffs subject to the Protective Order. If Defendants are unable to secure such permissions or approvals, then Defendants will notify Plaintiffs of the withholding (provided that applicable law does not prohibit such notice) and describe the information withheld to the extent allowed by Defendants' confidentiality obligations.

3.     Defendants object to the Requests to the extent they seek information or materials protected by the attorney-client privilege, the work-product doctrine, the joint defense or common interest privilege, or any other privilege or immunity. Defendants will produce no information or materials protected by the attorney-client privilege, the work-product doctrine, the joint defense or common interest privilege, or any other privilege or immunity. In the event Defendants do disclose any privileged or otherwise protected information or materials, they do so inadvertently and do not intend by the disclosure to waive the privilege or immunity.

4.     Defendants object to the Requests to the extent they assume disputed facts or legal conclusions, may be construed as an admission that any fact or circumstances alleged or suggested by Plaintiffs occurred or existed, or purport to characterize Defendants' positions, contentions, claims, defenses, or arguments in this case. By responding to any Request, Defendants do not admit the correctness of, adopt, or acquiesce in any factual or legal conclusion, contention, assertion, or characterization contained in the Requests (including in their definitions and instructions). Defendants' use of any term defined in the Requests does not admit the accuracy of any such term's definition.

5.     Defendants object to the Requests as overly broad and unduly burdensome, and as seeking information irrelevant to the surviving claims and defenses and disproportionate to the case's needs, to the extent Requests seek "All Documents" concerning particular subjects, regardless of whether the document is in the possession, custody, or control of Defendants, regardless of the Documents' relationship to the parties' surviving claims or defenses in this case, and regardless of

-2-

whether the Complaint pleads any claims premised on the subject of the Request. Defendants cannot and need not identify "All Documents" related to a particular subject but rather only those documents that Defendants can locate in their possession, custody, or control through a reasonable search consistent with the Federal Rules of Civil Procedure. In conducting any search for relevant and responsive documents, Defendants will review sources that are known or reasonably available to Defendants and are reasonably likely to have relevant information. To the extent (if any) that Defendants agree to produce documents in response to Requests for "All Documents," Defendants will produce any responsive, non-privileged documents that they locate within their possession, custody, or control through a reasonable search—performed in accordance with the Electronic Discovery Agreement under negotiation by the parties (the "ESI Protocol") and applicable law—of an agreed-upon, reasonable list of custodians' files and of any other known, non-custodial, reasonably available sources that are reasonably likely to have relevant information.

6. Defendants will divulge no information that these Responses expressly indicate Defendants will withhold under an objection. Should Defendants divulge any such information, they do so inadvertently, and the disclosure is not a waiver of the relevant objection(s).

7. Defendants object to the Requests to the extent they purport to require Defendants to produce documents "within thirty (30) days of service." To the extent (if any) that Defendants agree to produce documents in response to the Requests, Defendants will produce responsive, non-privileged documents as set forth in General Objection No. 5 (if any such documents exist) at a mutually convenient time and place agreed to by the parties or ordered by the Court.

**OBJECTIONS TO DEFINITIONS**

Without waiving or otherwise limiting the foregoing General Objections, and expressly reserving and incorporating each such objection, Defendants object to the definitions (each a "Definition," and together, the "Definitions") included in the Requests as follows:

1. Defendants object to the definition of "Advent" as overly broad and unduly burdensome, and as seeking information irrelevant to any parties' surviving claims or defenses, disproportionate to the case's needs, and beyond Defendants' possession, custody, or control, to the extent the definition purports to include "all" of Advent's "present and former" officers, directors,

-3-

committees, employees, partners, corporate parents, predecessors, successors, subsidiaries, affiliates, divisions, branch offices, agents, representatives, and all other persons acting, as well as all persons purporting to act, on behalf of any of the foregoing.  Defendants shall construe "Advent" to mean Advent International Corporation; Ferrari Group Holdings, L.P.; Ferrari Merger Sub, Inc.; and these entities' officers, directors, and employees substantially involved in the subject matter of the Requests.

2.    Defendants object to the definition of "Ferrari Group" as overly broad and unduly burdensome, and as seeking information irrelevant to any parties' surviving claims or defenses, disproportionate to the case's needs, and beyond Defendants' possession, custody, or control, to the extent the definition purports to include "each" of Ferrari Group Holdings, L.P.'s and Ferrari Merger Sub, Inc.'s "present and former" officers, directors, committees, employees, partners, corporate parents, predecessors, successors, subsidiaries, affiliates, divisions, branch offices, agents, representatives, and all other persons acting, as well as all persons purporting to act, on behalf of any of the foregoing.  Defendants shall construe "Ferrari Group" to mean Ferrari Group Holdings, L.P. and Ferrari Merger Sub, Inc., including any employees, officers, and directors substantially involved in the subject matter of the Requests.

3.    Defendants object to the definition of "Force Management" as overly broad and unduly burdensome, and as seeking information irrelevant to any parties' surviving claims or defenses, disproportionate to the case's needs, and beyond Defendants' possession, custody, or control, to the extent the definition purports to include "all" of Force Management, LLC's "present and former" officers, directors, committees, employees, partners, corporate parents, predecessors, successors, subsidiaries, affiliates, divisions, branch offices, agents, representatives, and all other persons acting, as well as all persons purporting to act, on behalf of any of the foregoing.  Defendants shall construe "Force Management" to mean Force Management, LLC, including any employees, officers, directors, or representatives substantially involved in the subject matter of the Requests.

4.    Defendants object to the definition of "Forescout" or "the Company" as overly broad and unduly burdensome, and as seeking information irrelevant to any parties' surviving claims or defenses, disproportionate to the case's needs, and beyond Defendants' possession, custody, or

-4-

control, to the extent the definition purports to include "all" of Forescout Technologies, Inc.'s "present and former" officers, directors, committees, employees, partners, corporate parents, predecessors, successors, subsidiaries, affiliates, divisions, branch offices, agents, representatives, and all other persons acting, as well as all persons purporting to act, on behalf of any of the foregoing. Defendants shall construe "Forescout" or the "Company" to mean Forescout Technologies, Inc., including any employees, officers, and directors substantially involved in the subject matter of the Requests.

5. Defendants object to the definition of "SecurityMatters" as overly broad and unduly burdensome, and as seeking information irrelevant to any parties' surviving claims or defenses, disproportionate to the case's needs, and beyond Defendants' possession, custody, or control, to the extent the definition purports to include "all" of SecurityMatters B.V.'s "present and former" officers, directors, committees, employees, partners, corporate parents, predecessors, successors, subsidiaries, affiliates, divisions, branch offices, agents, representatives, and all other persons acting, as well as all persons purporting to act, on behalf of any of the foregoing. Defendants shall construe "SecurityMatters" to mean SecurityMatters B.V., including any employees, officers, directors, or representatives substantially involved in the subject matter of the Requests.

6. Defendants object to the definition of "Strategic Committee" on the grounds that it is incorrect. Defendants shall construe "Strategic Committee" to mean the Strategic Committee described in Forescout's public SEC filings, including, but not limited to, the preliminary proxy statement filed with the SEC on March 3, 2020, the definitive proxy statement filed on March 24, 2020, and the Schedule 14D-9 filed on July 20, 2020.

## OBJECTIONS TO INSTRUCTIONS

Without waiving or otherwise limiting the foregoing General Objections, and expressly reserving and incorporating each such objection, Defendants object to the instructions (each an "Instruction," and together, the "Instructions") included in the Requests as follows:

1. Defendants object to Instruction No. 1 as overly broad, unduly burdensome, and disproportionate to the case's needs, and because the Instruction conflicts with, or purports to impose duties or requirements that exceed those required by the Rules. The approach requested by

-5-

Instruction No. 1 would require Defendants to review every document in their possession, custody, or control that hit on the parties' agreed search terms, regardless of the document's creation date, to determine whether the document refers to a responsive topic. Such an approach is untenable and grossly disproportionate to the case's needs. Defendants will only review and produce documents that were created within the relevant time period agreed to by the parties, consistent with the Rules and as set forth herein.

2.      Defendants object to Instruction No. 2 as overly broad, unduly burdensome, and disproportionate to the case's needs to the extent the Instruction conflicts with, or purports to impose duties or requirements that exceed those imposed by, the Rules and applicable case law. The approach requested by Instruction No. 2 would require Defendants to collect documents from a vast, unknown number of individuals who may or may not have been Forescout employees. Such an approach is untenable and grossly disproportionate to the case's needs. Defendants will respond to the Requests in accordance with the Rules and applicable case law and will collect, review, and produce documents only from custodians eventually agreed to by the Parties.

3.      Defendants object to Instruction No. 3 as overly broad, unduly burdensome, and disproportionate to the case's needs to the extent the Instruction conflicts with, or purports to impose duties or requirements that exceed those imposed by, the Rules or the parties' ESI Protocol. The burden of identifying and producing documents as they may have been kept in hard copy is untenable and grossly disproportionate to the case's needs. Defendants will respond to the Requests in accordance with the Rules and the ESI Protocol.

4.      Defendants object to Instruction No. 4 as overly broad, unduly burdensome, and disproportionate to the case's needs to the extent the Instruction conflicts with, or purports to impose duties or requirements that exceed those imposed by, the ESI Protocol. The parties are negotiating the terms of a mutually acceptable ESI Protocol, and Defendants will comply with that ESI Protocol's final, agreed terms. In the unlikely event that Defendants are prepared to produce documents in response to these Requests before the parties have finalized the ESI Protocol, then Defendants will take into account the production specifications requested by Plaintiffs in this Instruction, but Defendants reserve the right to deviate from those specifications when Defendants believe such

-6-

deviations promote efficiency, accuracy, or clarity in the production or comply with widely recognized industry standards.

5.      Defendants object to Instruction No. 6 as overly broad, unduly burdensome, and disproportional to the case's needs to the extent the Instruction conflicts with, or purports to impose duties or requirements that exceed those imposed by, the ESI Protocol or the Rules.  Defendants will produce or log material withheld under a claim of privilege (either in full or in part) pursuant to the terms of the ESI Protocol or any subsequent agreement reached by the parties.

6.      Defendants object to Instruction No. 7 as overly broad, unduly burdensome, and disproportionate to the case's needs the extent the Instruction conflicts with, or purports to impose duties or requirements that exceed those imposed by, the ESI Protocol.  To the extent Defendants agree to produce material in response to these Requests, Defendants will produce the material pursuant to the ESI Protocol's terms.

7.      Defendants object to Instruction No. 8 as overly broad, unduly burdensome, and disproportionate to the case's needs, and because the Instruction conflicts with, or purports to impose duties or requirements that exceed those imposed by, the Rules and the ESI Protocol.  Defendants cannot reasonably identify or locate documents that mention, discuss, refer to, or explain Documents responsive to the Request, at least without incurring undue expense grossly disproportionate to the case's needs.  Defendants will produce family members of electronic documents and documents related to hardcopy documents consistent with and to the extent required by the Rules.

8.      Defendants object to Instruction No. 9 as overly broad, unduly burdensome, and disproportionate to the case's needs, including to the extent the Instruction conflicts with, or purports to impose duties or requirements that exceed those imposed by, the ESI Protocol or the Rules. Defendants will produce the non-privileged portions of material partly withheld under a privilege claim or other claim pursuant to the terms of the ESI Protocol or any subsequent agreement reached by the parties.

9.      Defendants object to the Requests to the extent they purport to require Defendants to produce documents "within thirty (30) days of service."  To the extent (if any) that Defendants agree to produce documents in response to the Requests, Defendants will produce responsive, non-

-7-

privileged documents as set forth in General Objection No. 5 (if any such documents exist) at a mutually convenient time and place and in a manner agreed to by the parties or ordered by the Court.

<strong><u>OBJECTIONS TO THE RELEVANT PERIOD</u></strong>

Defendants object to the "Relevant Period" of January 1, 2018, through the present as overly broad and unduly burdensome, and as seeking information irrelevant to any Party's surviving claims and defenses and disproportionate to the case's needs, to the extent the Requests purport to seek information predating or postdating by years both the Class Period (May 9, 2019, through May 15, 2020) and the public statements challenged by Plaintiffs in this case, which were made exclusively in 2019 and May 2020 about events occurring in 2019 and 2020.  It would be unduly burdensome and disproportionate to the case's needs, and bear no connection to matters relevant to the parties' surviving claims and defenses, to require Defendants to review tens or hundreds of thousands of documents from other time periods, when those documents are highly unlikely to yield any meaningful amount of relevant information.  For many of the same reasons, Plaintiffs have no basis to seek documents created after the Class Period in a litigation predicated on the alleged falsity of certain public statements at the time they were made in 2019 and May 2020.

Defendants further object to the Relevant Period to the extent it applies uniformly to all Requests regardless of their subject matter.  Plaintiffs' surviving claims implicate public statements addressing two discrete topics arising in two discrete time periods:  namely, Forescout's sales pipeline in 2019 and Mr. DeCesare's statement in a May 11, 2020, press release that "we look forward to closing our pending transaction with Advent"—a transaction signed in February 2020 and ultimately closed in August 2020.  By applying one time period to all requests, regardless of subject matter, Plaintiffs purport to require Defendants to search for documents about a topic over a time period that has no relevance to Plaintiffs' claims about that topic.  For example, Plaintiffs purport to require Defendants to search for documents related to Forescout's sales function in 2020, even though Plaintiffs' claims related to the sales function are entirely premised on allegations and events in 2019:  Plaintiffs challenge statements about sales and pipeline made exclusively in 2019, allege corrective disclosures corresponding to those statements in 2019, and allege that the corrective disclosures caused stock drops in 2019.  Inversely, Plaintiffs' claims about the Merger depend on

-8-

factual allegations exclusively from 2020.

Except where Defendants' specific responses expressly indicate otherwise, Defendants will construe the Relevant Time Period to run from (a) January 1, 2019, through December 31, 2019, for Requests No. 1–28—starting more than four months before the first allegedly false and misleading statement was made (on May 9, 2019) through the end of the calendar year in which the challenged statements related to those Requests were made; and (b) January 1, 2020, through May 20, 2020, for Requests No. 29–38—starting four and a half months before the challenged statement was made and one month before the Original Merger Agreement was signed, and ending on the date Forescout filed the Delaware Litigation to enforce the Merger and two days after Forescout had announced Advent's intentions to terminate the deal.

**SPECIFIC RESPONSES AND OBJECTIONS**

The following Specific Responses & Objections each incorporate by reference the General Objections, the Objections to Definitions, the Objections to Instructions, and the Objections to the Relevant Period (together, the "Preliminary Objections"), whether or not the Preliminary Objections are specifically reiterated or referenced in the Specific Responses & Objections. Defendants' Responses are made subject to and without waiving the Preliminary Objections and any specific objections raised in a particular Response.

**REQUEST FOR PRODUCTION NO. 1.**

Documents sufficient to show Forescout's organizational structure, including organizational charts showing reporting lines to DeCesare and Harms and for all personnel with responsibilities or roles that relate to Forescout's sales and/or forecasting.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1.**

Subject to their objections, Defendants will produce responsive, non-privileged Documents sufficient to show Forescout's organizational structure during the Relevant Period as construed by Defendants.

**REQUEST FOR PRODUCTION NO. 2.**

All Documents and Communications Concerning Forescout's revenue guidance for Fiscal Year 2019 or revenue guidance for any quarter of Fiscal Year 2019, including but not limited to any

-9-

assumptions, goals, plans, models, or projections that supported the revenue guidance or Concern Your decision to adjust, increase, decrease, revise, or withdraw the revenue guidance.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2.**

Defendants object to this Request as seeking information irrelevant to the parties' surviving claims and defenses and disproportionate to the case's needs, and as overly broad and unduly burdensome. The Court dismissed with prejudice Plaintiffs' claims that Forescout's revenue guidance constituted actionable misstatements. Plaintiffs' only remaining guidance-related claim turns on whether Defendants materially misstated the reasons that Forescout missed its revenue guidance in the third quarter of fiscal year 2019—a matter already addressed by Request No. 4. This Request, in contrast, calls for Forescout to produce every document related to its annual and quarterly revenue guidance in 2019, regardless of whether the document has any bearing on the reasons for the discrete guidance miss in the third quarter of fiscal year 2019. Such a scope vastly exceeds the parties' surviving claims and defenses and is not proportionate to the case's needs.

Pursuant to their objections, Defendants will not search for or produce Documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 3.**

All Documents and Communications Concerning the reasons that the Company's revenue guidance or growth rates in Fiscal Year 2019 missed the original guidance range of $363.1 million to $373.1 million.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3.**

Defendants object to this Request as seeking information irrelevant to the parties' surviving claims and defenses and disproportionate to the case's needs, and as overly broad and unduly burdensome. The Court dismissed with prejudice Plaintiffs' claims that Forescout's annual revenue guidance constituted actionable misstatements. Plaintiffs' only remaining guidance-related claim turns on whether Defendants materially misstated the reasons that Forescout missed its revenue guidance in the third quarter of fiscal year 2019—a matter already addressed by Request No. 4. Defendants object to this Request as vague and ambiguous to the extent the Request seeks information about the reasons that Forescout's "revenue guidance" missed original guidance.

-10-

Revenue guidance cannot miss itself. Defendants further object to this Request as vague and ambiguous and lacking foundation to the extent the Request seeks information about the reasons that the Company's "growth rates in Fiscal Year 2019" missed a guidance range stated in absolute dollars. Defendants cannot identify the documents sought by this part of the Request and will not respond to it. Defendants further object to this Request as seeking information irrelevant to the parties' surviving claims and defenses and disproportionate to the case's needs, to the extent the Request seeks information about growth rates. Plaintiffs challenge statements in which Defendants described the reasons that the Company's actual revenue, in absolute dollars, missed the absolute-dollar guidance ranges projected by Defendants; none of these statements addressed growth rates. Defendants will not produce documents about growth rates. Defendants further object to this Request as duplicative of Request No. 2.

Subject to their objections, Defendants will produce responsive, non-privileged Documents as set forth in General Objection No. 5 that are identified in response to Request for Production No. 4 below.

**REQUEST FOR PRODUCTION NO. 4.**

All Documents and Communications Concerning the reasons that the Company's preliminary financial results for the third quarter of 2019 differed from prior revenue guidance of $98.8 million and $101.8 million for the third quarter of 2019.

**RESPONSE TO REQUEST FOR PRODUCT NO. 4.**

Defendants object to this Request as duplicative of Request No. 2.

Subject to their objections, Defendants will produce responsive, non-privileged Documents as set forth in General Objection No. 5 that discuss or refer to the reasons that the Company's preliminary financial results for the third quarter of 2019 differed from prior revenue guidance of $98.8 million and $101.8 million for the third quarter of 2019.

**REQUEST FOR PRODUCTION NO. 5.**

All Documents and Communications Concerning the reasons that the Company's financial results for the first quarter of 2020 differed from the illustrative guidance of $62 million for the first quarter of 2020.

-11-

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5.**

Defendants object to this Request as seeking information irrelevant to the parties' surviving claims and defenses and disproportionate to the case's needs, and as overly broad and unduly burdensome. The Court has dismissed Plaintiffs' claims that Forescout's revenue guidance constituted actionable misstatements. Moreover, Plaintiffs have challenged no other statement about the illustrative guidance for the first quarter of 2020 or Forescout's performance that quarter that would justify the discovery sought by this Request. Documents related to such guidance are thus irrelevant to this litigation and an improper target of discovery, and the costs of searching for and reviewing thousands of documents regarding such an irrelevant topic outweigh any minimal or nonexistent benefits.

Pursuant to their objections, Defendants will not search for or produce Documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 6.**

All Documents and Communications with any outside auditor Concerning Forescout's revenue recognition practices.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6.**

Defendants object to this Request as seeking information irrelevant to the parties' surviving claims and defenses and disproportionate to the case's needs, and as overly broad and unduly burdensome. The Court has dismissed Plaintiffs' claims that Forescout engaged in a channel-stuffing scheme or otherwise improperly recognized any revenue. Plaintiffs have challenged no other statement about or aspect of Forescout's revenue recognition practices that would justify the discovery sought by this Request. Documents related to such practices are thus irrelevant to this litigation and an improper target of discovery, and the costs of searching for and reviewing thousands of documents regarding such an irrelevant topic outweigh any minimal or nonexistent benefits.

Pursuant to their objections, Defendants will not search for or produce Documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 7.**

All Documents and Communications between You, on the one hand, and Force Management,

-12-

on the other hand, including but not limited to: (1) why Force Management was retained; (2) any work Force Management performed for You; (3) any advice, suggestions or feedback You received from Force Management Concerning sales or the pipeline for Forescout's products and services; and (4) any decision You made to adopt or reject Force Management's advice, suggestions, or feedback.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7.**

Defendants object to this Request as overly broad and unduly burdensome, and as seeking information irrelevant to the parties' surviving claims and defenses and disproportionate to the case's needs, to the extent the Request seeks "All Documents and Communications" between Defendants and Force Management regardless of the nature of the documents or communications or their relationship to the parties' surviving claims and defenses. For example, this Request purports to seek communications about billing or any projects on subjects entirely unrelated to the specific claims and defenses still surviving in this case. Defendants will not produce all documents and communications between Forescout and Force Management. Defendants further object to this Request as vague and ambiguous to the extent the Request seeks "[a]ll Documents . . . between" Forescout and Force Management. Defendants will construe this Request to seek Documents exchanged between Forescout and Force Management.

Subject to their objections, Defendants will produce responsive, non-privileged documents sufficient to show the reasons for and scope of Force Management's engagement related to sales-lead tracking processes or sales pipeline. Additionally, subject to their objections, Defendants will produce responsive, non-privileged documents as set forth in General Objection No. 5 that discuss or refer to (i) any work that Force Management performed for Forescout related to Forescout's sales-lead tracking processes or sales pipeline, (ii) any advice, suggestions, or feedback that Force Management provided to Forescout concerning Forescout's sales-lead tracking processes or sales pipeline, (iii) any decision that Forescout made to adopt or reject any such advice, suggestions, or feedback from Force Management described in (ii) above. Defendants will apply a time period of May 1, 2018, through December 31, 2018, for this Request.

**REQUEST FOR PRODUCTION NO. 8.**

Documents sufficient to show the definition or meaning of a "committed" deal or transaction

-13-

or otherwise considered a "technology win" by You as described and referred to in DeCesare's and Harms's public statements to investors in the earnings call held on May 9, 2019, and identified in ¶¶97, 101, 105, and 108 of the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8.**

Defendants object to this Request as vague and ambiguous to the extent the Request seeks Documents sufficient to show the definition or meaning of "a 'committed' deal or transaction or otherwise considered a 'technology win' by You." Defendants further object to this Request as lacking foundation to the extent the Request assumes, without foundation or factual support, that a "committed" deal and a "tech win" are synonymous.

Defendants will construe this Request to seek Documents sufficient to show the definition or meaning of a "committed" deal or of a "technology win," as those terms were used by Messrs. DeCesare and Harms during the earnings call held on May 9, 2019, and identified in ¶¶97, 101, 105, and 108 of the Complaint.

Subject to their objections, Defendants will produce responsive, non-privileged Documents (if they exist) sufficient to show the definition or meaning of a "committed" deal or of a "technology win," as those terms were used by Messrs. DeCesare and Harms during the earnings call held on May 9, 2019, and identified in ¶¶97, 101, 105, and 108 of the Complaint.

**REQUEST FOR PRODUCTION NO. 9.**

All Documents and Communications Concerning any actual or potential sale or deal that You anticipated would close before the end of each quarter in 2019, and which You incorporated into the Fiscal Year 2019 revenue guidance or any quarterly guidance given in 2019.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9.**

Defendants object to this Request as overly broad and unduly burdensome, and as seeking information irrelevant to the parties' surviving claims and defenses and disproportionate to the case's needs, to the extent the Request seeks "All Documents and Communications" related to "any" of the hundreds of "actual or potential sale[s] or deal[s]" that Forescout anticipated closing (and did close) in 2019 and incorporated into revenue guidance. The Court dismissed with prejudice Plaintiffs' claims that Forescout's revenue guidance constituted actionable misstatements. Plaintiffs' only

-14-

remaining guidance-related claim turns on whether Defendants materially misstated the reasons that Forescout missed its revenue guidance in the third quarter of fiscal year 2019—a matter already addressed by Request No. 4. The scope of this Request would necessarily include a vast number of documents that are entirely irrelevant to the parties' claims and defenses—including, for example, administrative forms or routine scheduling emails. Such documents reveal nothing about the reasons that the Company missed its revenue guidance in the third quarter of 2019, or about the Individual Defendants' scienter or lack of scienter regarding statements about those reasons—the only issues in the case to which this Request could be relevant. Defendants will not produce all Documents concerning all deals anticipated to close in 2019 and included in revenue guidance.

Pursuant to their objections, Defendants will not search for or produce Documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 10.**

Documents sufficient to reflect any sale or deal You considered to be "committed," including but not limited to its quality, certainty, significance, size, or otherwise considered by You to constitute a "technology win" during the Relevant Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10.**

Defendants object to this Request as vague and ambiguous to the extent the Request purports to seek information related to the undefined terms "quality" and "significance." Defendants cannot identify the information sought by these parts of the Request and will not respond to those parts. Defendants further object to this Request as vague and ambiguous to the extent the Request purports to seek information related to the undefined term "certainty." Defendants will construe the word "certainty" to mean Forescout's degree of confidence that the given deal would close. Defendants further object to this Request as vague and ambiguous to the extent the Request purports to seek information related to the undefined term "size." Defendants will construe the word "size" to refer to the expected or estimated dollar value of the prospective sale. Defendants further object to this Request as lacking foundation to the extent the Request assumes, without foundation or factual support, that a "committed" deal and a "tech win" are synonymous.

Subject to their objections, Defendants will produce responsive, non-privileged Documents

-15-

sufficient to show the sales or deals that Forescout had classified as committed from January 1, 2019, through December 31, 2019, inclusive, including (to the extent such documents exist) the deals' estimated closing likelihood and expected dollar value.

**REQUEST FOR PRODUCTION NO. 11.**

All Communications Concerning any sale or deal You considered to be "committed," or concluded was a "technology win," including but not limited to all Communications between sales personnel, Salesforce reports, email alerts, or any information accumulated by any sales pipeline predictor tool that You used during the Relevant Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11.**

Defendants object to this Request as overly broad and unduly burdensome, and as seeking information irrelevant to the parties' surviving claims and defenses and disproportionate to the case's needs, to the extent the Request seeks "All Communications" concerning potentially hundreds of deals.  Such a Request would include communications regarding such irrelevant subjects as administrative and logistical issues, among other irrelevant topics.  Plaintiffs claim in this case that certain deals allegedly categorized as "committed" or described as "tech wins" were not, in fact, committed or tech wins.  Those claims do not entitle Plaintiffs to the sweeping discovery that this Request seeks.

Subject to their objections, Defendants will produce responsive, non-privileged Documents sufficient to show the categorization of any deal as committed during the 2019 fiscal year.

**REQUEST FOR PRODUCTION NO. 12.**

All Documents and Communications Concerning any "slipped" deal that You stated was "still in pipeline," as described and referred to in the earnings call held on May 9, 2019, and specifically identified in ¶¶97, 101, 105, and 108 in the Complaint, including but not limited to: (1) an identification of each "slipped" deal; (2) the reasons why You concluded the deal "slipped"; (3) the specific status of negotiations with the customer for any "slipped deal"; and (4) all information Concerning Your claim that the "slipped" deal still remained a "technology win."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12.**

Defendants object to this Request as overly broad and unduly burdensome, and as seeking

-16-

information irrelevant to the parties' surviving claims and defenses and disproportionate to the case's needs, to the extent the Request seeks "All Documents and Communications" concerning an unknown quantity of deals. Such a Request would include communications regarding such irrelevant subjects as administrative and logistical issues, among other irrelevant topics. Plaintiffs claim in this case that certain deals allegedly categorized as "committed" or described as "tech wins" were not, in fact, committed or tech wins. Those claims do not entitle Plaintiffs to the sweeping discovery that this Request seeks.

Subject to their objections, Defendants will produce responsive, non-privileged Documents as set forth in General Objection No. 5 that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 13.**

All Documents and Communications between You and any actual or potential customer Concerning any "committed" or "slipped" deal or any "technology win."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13**

Defendants object to this Request as overly broad and unduly burdensome, and as seeking information irrelevant to the parties' surviving claims and defenses and disproportionate to the case's needs, to the extent the Request seeks "All Documents and Communications" between Defendants and any actual or potential customer Concerning any "committed" or "slipped" deal or any "technology win," which would necessarily include documents entirely unrelated to the parties' claims and defenses, including those related to issues other than the status of a deal. Defendants further object to this Request as duplicative of Request No. 11.

Subject to these objections, Defendants are willing to meet and confer with Plaintiffs to discuss a narrowed scope for the possible production of documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 14.**

All Documents and Communications Concerning Your decision to upgrade any deal to the "committed" category during the Relevant Period, including but not limited to any actual or potential deal with the University of Wisconsin at Madison.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14.**

Defendants object to this Request as overly broad and unduly burdensome, and as seeking

-17-

information irrelevant to the parties' surviving claims and defenses and disproportionate to the case's needs, to the extent the Request seeks "All Documents and Communications" Concerning Defendants' decision to upgrade "any deal," which would necessarily include deals that closed as expected and are therefore not the subject of this case.

Subject to their objections, Defendants will produce responsive, non-privileged Documents sufficient to show the categorization of any deal as "committed" during the Relevant Period as construed by Defendants to the extent such deal did not close as expected.

**REQUEST FOR PRODUCTION NO. 15.**

All documents and Communications Concerning the sales quota or target of any sales personnel at Forescout, including but not limited to whether the quota or target was met during the Relevant Period, and the rate at which deals closed or did not close during the Relevant Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15.**

Defendants object to this Request as seeking information irrelevant to the parties' surviving claims and defenses and disproportionate to the case's needs, and as overly broad and unduly burdensome. The Court has dismissed Plaintiffs' claims related to Forescout's sales force. Absent any claim based on a challenged statement about Forescout's sales force, documents related to Forescout's sales force or sales employee hiring are irrelevant to this litigation and an improper target of discovery. Furthermore, by seeking all documents related to sales quotas or targets of every sales employee and to the rate at which deals closed or did not close during the Relevant Period, Plaintiffs purport to require Defendants to review and produce a large set of documents with little or no relevance to the parties' surviving claims or defenses about the sales pipeline.

Pursuant to their objections, Defendants will not search for or produce Documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 16.**

All Documents and Communications Concerning any agreements, business prospects, or contracts with Booz Hamilton during the Relevant Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16.**

Defendants object to this Request as overly broad and unduly burdensome, and as seeking

information irrelevant to the parties' surviving claims and defenses and disproportionate to the case's needs, to the extent the Request seeks "All Documents and Communications" concerning any agreements, business prospects, or contracts with Booz Hamilton during the Relevant Period, which would include documents entirely unrelated to the deals at issue in this case.

Subject to their objections, Defendants will produce responsive, non-privileged Documents as set forth in General Objection No. 5 that discuss or refer to any actual or potential slipped deal with Booz Hamilton during the Relevant Period as construed by Defendants.

**REQUEST FOR PRODUCTION NO. 17.**

All Documents and Communications Concerning any agreements, business prospects, or contracts with any customer located in the State of Texas during the Class Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17.**

Defendants object to this Request as overly broad and unduly burdensome, and as seeking information irrelevant to the parties' surviving claims and defenses and disproportionate to the case's needs, to the extent the Request seeks "All Documents and Communications" concerning any agreements, business prospects, or contracts with any customer located in Texas, regardless of the nature of the documents or communications or their relationship to the parties' surviving claims and defenses. Only documents related to a delay in a deal's closing timeline or to a prospective deal's cancellation would be relevant to Plaintiffs' remaining claims. Those claims allege that Defendants knowingly or recklessly misled the market when they attributed Forescout's revenue guidance misses to deals slipping into later quarters or EMEA issues, or when they described deals as "tech wins," because (Plaintiffs say) the Company was in reality losing high volumes of deals. Not all deals with Texas customers are relevant to this claim, and not all documents about a given deal are relevant to this claim. Requiring Defendants to search for and produce all documents about all deals with customers in Texas would impose burdens disproportionate to the case's needs and the documents' benefit to the litigation. Indeed, the Complaint alleges only that one sales person lost their customers in Southern Texas and that Forescout lost Texas customer AMD. *See* Compl. ¶99C. These allegations do not justify sweeping discovery into all Texas customers.

Subject to their objections, Defendants will produce any responsive, non-privileged

-19-

Documents as set forth in General Objection No. 5 that discuss or refer to (a) any prospective deal with or sale to any customers located in Southern Texas or (b) the termination or cancellation of any existing or prospective sales to or contracts with AMD during the Relevant Period as construed by Defendants.

**REQUEST FOR PRODUCTION NO. 18.**

All Documents and Communications Concerning any meeting to discuss the sales pipeline, including but not limited to weekly or monthly conference calls, internal business review calls, sales forecasting calls, or all-hands quarterly conference calls.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18.**

Defendants object to this Request as overly broad and unduly burdensome, and as seeking information irrelevant to the parties' surviving claims and defenses and disproportionate to the case's needs, to the extent the Request seeks "All Documents and Communications Concerning any meeting to discuss the sales pipeline," regardless of the meeting's subject matter. Plaintiffs' remaining claims turn only on whether Defendants accurately and completely described the reasons that Forescout missed its revenue guidance in certain quarters of fiscal year 2019. This Request would necessarily include a vast number of documents that are entirely irrelevant to those claims—including, for example, routine scheduling emails. Such documents reveal nothing about the characterization of potential or actual deals as "committed," "tech wins," or "slipped," such as is the focus of Plaintiffs' claims. Defendants will not produce all Documents concerning any meeting to discuss the sales pipeline.

Subject to their objections, Defendants will produce responsive, non-privileged Documents as set forth in General Objection No. 5 that relate to weekly or monthly conference calls, internal business review calls, sales forecasting calls, or all-hands quarterly conference calls to discuss the sales pipeline during the Relevant Period as construed by Defendants.

**REQUEST FOR PRODUCTION NO. 19.**

All Documents and Communications Concerning Harms's representation described in ¶44 of the Complaint that he and DeCesare "probed" the sales pipeline, spent time in the field "asking the additional questions as it related to customers['] buying preferences," and "all of that is baked into

-20-

how we are guiding for the full year."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19.**

Defendants object to this Request to the extent that it misquotes and/or mischaracterizes Mr. Harms's statements during the August 7, 2019 Forescout earnings call.

Subject to their objections, Defendants will produce responsive, non-privileged Documents as set forth in General Objection No. 5 that discuss or refer to Mr. Harms's statements during the August 7, 2019 earnings call that are referenced in ¶44 of the Complaint.

**REQUEST FOR PRODUCTION NO. 20.**

All Documents and Communications between Harms or DeCesare and any actual or potential customer during the Relevant Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20.**

Defendants object to this Request as overly broad, and as seeking information irrelevant to the parties claims and defenses and disproportionate to the case's needs, to the extent the Request seeks "All Documents and Communications" between Mr. Harms or Mr. DeCesare and any" actual or potential customer, regardless of the subject of the exchanges. For example, the Request would call for Defendants to produce communications between the Individual Defendants and customers regarding personal matters, or regarding other topics entirely unrelated to Plaintiffs' remaining claims. Defendants will not produce such irrelevant documents. Defendants further object to this Request as vague and ambiguous to the extent the Request seeks "[a]ll Documents . . . between" Messrs. Harms or DeCesare and any actual or potential customer. Defendants will construe this Request to seek Documents exchanged between Messrs. Harms or DeCesare and any actual or potential customer.

Subject to their objections, Defendants will produce responsive, non-privileged Documents as set forth in General Objection No. 5 that constitute communications between an Individual Defendant and a prospective or current Forescout customer to the extent the Documents or Communications relate to new or renewed contracts under consideration by the prospective or current customer during the Relevant Period as construed by Defendants.

-21-

**REQUEST FOR PRODUCTION NO. 21.**

All Documents and Communications with any Person at the company previously known as SecurityMatters, including but not limited to James Crowley, Concerning any deals or sales during the Class Period, including but not limited to the quality, certainty, significance, size, and details of any actual, expected, forecasted or projected sales or customer accounts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21.**

Defendants object to this Request as overly broad and unduly burdensome, and as seeking information irrelevant to any parties' surviving claims or defenses and disproportionate to the case's needs, to the extent the Request seeks "All Documents and Communications" with any Person at SecurityMatters Concerning any deals or sales during the Class Period," regardless of the nature of the documents or communications or their relationship to the parties' surviving claims and defenses. If limited to deals relevant to this case—such as "committed" deals, deals with "technology wins," or "slipped" deals—this Request is duplicative of Requests No. 11 and 13. Defendants further object to this Request as vague and ambiguous, overly broad, and unduly burdensome to the extent the Request purports to seek information related to the undefined terms "quality," "significance," and "details." Defendants cannot identify the information sought by these parts of the Request and will not respond to those parts. Defendants further object to this Request as vague and ambiguous to the extent the Request purports to seek information related to the undefined term "certainty." Defendants will construe the word "certainty" to mean Forescout's degree of confidence that the given deal would close. Defendants further object to this Request as vague and ambiguous to the extent the Request purports to seek information related to the undefined term "size." Defendants will construe the word "size" to refer to the expected or estimated dollar value of the prospective sale. Defendants further object to this Request as vague and ambiguous to the extent the Request seeks "[a]ll Documents . . . with" any Person at the company previously known as SecurityMatters, including but not limited to James Crowley. Defendants will construe this Request to seek Documents exchanged between Forescout and SecurityMatters.

Pursuant to their objections, Defendants will not search for or produce Documents in response to this Request.

-22-

**REQUEST FOR PRODUCTION NO. 22.**

All Documents and Communications Concerning the sales kickoff meeting held in January 2020.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22.**

Defendants object to this Request as vague, ambiguous, overly broad, and unduly burdensome to the extent it does not define the "sales kickoff" meeting to which it refers. Defendants further object to this Request on the ground that the unspecified meeting described by Plaintiffs post-dates the surviving statements concerning the 2019 pipeline, and the Request thus seeks documents that are neither relevant to the surviving claims nor proportional to the needs of the case.

Pursuant to their objections, Defendants will not search for or produce Documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 23.**

Documents and Communications sufficient to show the information You viewed or analyzed on Clari or Smartsheet or any other tool You utilized to monitor or track sales during the Class Period, including but not limited to pipeline reports, sales performance reports, forecast reports, lead conversion reports, territory reports, product and price book reports, sales funnel reports, win/loss analysis reports, activity reports, campaign reports, and any custom reports.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23.**

Defendants object to this Request as seeking information irrelevant to the parties' surviving claims and defenses and disproportionate to the case's needs, and as overly broad and unduly burdensome, to the extent it seeks documents sufficient to show "the information" from "any other tool" related to a wide array of reports, regardless of their degree of relevance or irrelevance to the parties' surviving claims and defenses in this case. Defendants further object to this Request as seeking information irrelevant to the parties' surviving claims and defenses and disproportionate to the case's needs, and as overly broad and unduly burdensome, to the extent it seeks Documents sufficient to show any tool that Forescout used to monitor or track sales. Defendants cannot reasonably identify and produce Documents sufficient to demonstrate every sales-tracking method used by every employee, group, or division in the global Company. Nor are such Documents relevant

-23-

to the scienter of the two employees who made the challenged statements in this case: Mr. DeCesare and Mr. Harms. Defendants will not produce such overbroad and irrelevant information.

Subject to their objections, Defendants will produce responsive, non-privileged Documents sufficient to show the tools that the Individual Defendants used to monitor or track sales during the Relevant Period as construed by Defendants.

**REQUEST FOR PRODUCTION NO. 24.**

All Documents and Communications between You and any Forescout employee, including but not limited to Aaron Martin, Steven Redman or Brian Gumbel Concerning any actual or potential deal or the sales pipeline during the Relevant Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24.**

Defendants object to this Request as seeking information irrelevant to the parties' surviving claims and defenses and disproportionate to the case's needs, and as overly broad and unduly burdensome, because it seeks "All Documents and Communications" between You and any Forescout employee concerning any deal or the sales pipeline. Because "You" is defined to include Forescout, this Request would call for all communications among all sales employees about any deal or the pipeline. Defendants will not search for or produce such a plainly overbroad, unduly burdensome set of documents. Defendants further object to this Request as vague and ambiguous to the extent the Request seeks "[a]ll Documents . . . between" Defendants and any Forescout employee. Defendants will construe this Request to seek Documents exchanged within Forescout. Defendants also object to this Request as duplicative of other Requests, including Request No. 18.

Subject to their objections, Defendants will produce responsive, non-privileged Documents as set forth in General Objection No. 5 that constitute Communications between, an Individual Defendant and any Forescout employee (including but not limited to Aaron Martin, Steven Redman or Brian Gumbel) during the Relevant Period as construed by Defendants, to the extent the Documents or Communications concern any actual or potential deal that was expected to close in 2019 or the sales pipeline.

**REQUEST FOR PRODUCTION NO. 25.**

All Documents that any Forescout employee, including but not limited to Aaron Martin,

-24-

Steven Redman or Brian Gumbel, reviewed or analyzed to prepare for any meeting with DeCesare or Harms during the Relevant Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25.**

Defendants object to this Request as seeking information irrelevant to the parties' surviving claims and defenses and disproportionate to the case's needs, and as overly broad and unduly burdensome, to the extent the Request calls for the production of "All Documents" reviewed or analyzed by "any Forescout employee" to prepare for "any meeting" with Messrs. DeCesare or Harms, regardless of the meeting's or even the Document's subject matter. Such a plainly overbroad, unduly burdensome request purports to require Forescout to not only search for but produce documents related to such irrelevant, potentially highly sensitive subjects as human resources matters, employee compensation, disciplinary issues, tax matters, and countless other irrelevant subjects. Defendants will not incur the significant burden and expense to search for or produce such plainly irrelevant, overbroad information. Moreover, documents reviewed by employees other than the Individual Defendants to prepare for meetings with the Individual Defendants have little or no relevance to the only disputed issue that such documents could relate to: namely, the Individual Defendants' scienter. The information other employees reviewed before these meetings says nothing about the information known to either Individual Defendant.

Pursuant to their objections, Defendants will not search for or produce Documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 26.**

All Documents and Communications Concerning DeCesare's or Harms's compensation during the Class Period, including all stock sales, SEC Rule 10b-5 trading plans, or any financial benefit associated with the Merger.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26.**

Defendants object to this Request as seeking information irrelevant to the parties' surviving claims and defenses and disproportionate to the case's needs, and as overly broad and unduly burdensome, to the extent the Request calls for the production of "All Documents and Communications" concerning Messrs. DeCesare's or Harms's compensation during the Class

-25-

Period.  Such a plainly overbroad request would call for the production of such irrelevant, highly sensitive documents as the Individual Defendants W-2s, Documents related to benefit elections or claims, or administrative payment forms.  Even information about salary or cash compensation received by the Individual Defendants has no relevance to Plaintiffs' surviving claims and defenses, since the amount of such compensation is unaffected by changes in Forescout's stock price and thus could provide no motive to commit the alleged fraud.  Plaintiffs do not require such a sweeping set of documents related to the Individual Defendants' compensation to try to establish Plaintiffs' scienter allegations.  Defendants thus will not produce documents related to the Individual Defendants non-equity compensation during the Class Period.

Subject to their objections, Defendants will produce responsive, non-privileged documents as set forth in General Objection No. 5 (a) that are sufficient to show any financial benefit received by Messrs. DeCesare or Harms in connection with the Merger; or (b) that discuss or refer to (i) any stock sales by the Individual Defendants during the period July 2018 through April 2020or (ii) any Rule 10b5-1 trading plans for the Individual Defendants in effect during the period July 2018 through April 2020 during the Relevant Period as construed by Defendants.

**REQUEST FOR PRODUCTION NO. 27.**

All Documents and Communications Concerning Your expectation to launch any cybersecurity products or services with cloud-enabled features during the Relevant Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27.**

Defendants object to this Request as seeking information irrelevant to the parties' surviving claims and defenses and disproportionate to the case's needs, and as overly broad and unduly burdensome.  Plaintiffs have challenged no statement related to Defendants' expectation to launch any cybersecurity products or services with cloud-enabled features during the Relevant Period, nor would such expectations bear on the truth or falsity of the statements that Plaintiffs do challenge.  Absent any claim based on this expectation, Documents related to such expectation are irrelevant to this litigation and an improper target of discovery, and the costs of searching for and reviewing thousands of documents regarding such an irrelevant topic outweigh any minimal or nonexistent benefits.

-26-

Pursuant to their objections, Defendants will not search for or produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 28.**

All Documents and Communications sufficient to show the average length of Your sales cycles for new or existing customers during the Relevant Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28.**

Defendants object to this Request as vague, ambiguous, overly broad, and unduly burdensome to the extent it seeks "All Documents and Communications sufficient to show" the requested topic—a formulation that appears to contradict itself. Defendants further object to this Request as vague and ambiguous to the extent it seeks information about "Your" sales cycles—a term that Plaintiffs define to include the Individual Defendants. Defendants will construe this Request to seek Documents sufficient to show the average length of Forescout's sales cycle for new or existing customers.

Subject to their objections, Defendants will produce responsive, non-privileged Documents sufficient to show the average length of Forescout's sales cycles for new or existing customers during the Relevant Period as construed by Defendants.

**REQUEST FOR PRODUCTION NO. 29.**

All Documents and Communications related to Your decision in 2019 to sell the Company or take it private, including when such decision was considered or made.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29.**

Defendants object to this Request as seeking information irrelevant to the parties' surviving claims and defenses and disproportionate to the case's needs, and as overly broad and unduly burdensome, to the extent it seeks "All Documents and Communications" related to the decision to sell the Company or take it private. Plaintiffs have challenged no statement related to the decision to sell the Company or take it private that would justify discovery into this topic. Indeed, Plaintiffs' only surviving claim related to the Merger turns on what Advent communicated to Forescout about Advent's intentions to close the deal, when Advent made those communications, and whether the sole remaining Merger-related May 11, 2020 statement was misleading and/or made with scienter.

-27-

The Documents sought by this Request are irrelevant to such matters, and yet complying with the Request would require Defendants to incur significant expenses and burdens to review and produce a very large set of irrelevant documents.

Pursuant to their objections, Defendants will not search for or produce Documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 30.**

All Documents You provided to Advent during the negotiations of the Merger that relate to the sales pipeline or any actual or potential deal, discounts or payment terms, a decline in Your earnings or Your financial performance during the Relevant Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30.**

Defendants object to this Request as seeking information irrelevant to the parties' surviving claims and defenses and disproportionate to the case's needs, and as overly broad and unduly burdensome, to the extent that "Your" is defined to include the Individual Defendants. Documents related to "a decline in" the Individual Defendants' earnings or financial performance is both entirely irrelevant to the claims and defenses in this case and invasive of these individuals' privacy. To the extent Defendants produce documents responsive to this Request, Defendants will produce only documents regarding a decline in Forescout's earnings or financial performance. Defendants further object to this Request as seeking information irrelevant to the parties' surviving claims and defenses and disproportionate to the case's needs, and as overly broad and unduly burdensome, to the extent it seeks documents related to "discounts or payment terms." Plaintiffs' only allegations related to discounts or payment terms assert that Forescout extended those concessions in fiscal year 2020 to close deals in that quarter, and yet Plaintiffs have no surviving claims that depend on Forescout's Q1 2020 financial performance; the Illustrative Guidance claim was dismissed with prejudice, and they allege no false or misleading statements, corrective disclosures, or stock drops related to Q1 2020 financial performance. Defendants further object to this Request as seeking information irrelevant to the parties' surviving claims and defenses and disproportionate to the case's needs, and as overly broad and unduly burdensome, to the extent the Request seeks documents related to a decline in Forescout's earnings or financial performance at any time. To the extent (if any) that Defendants

-28-

agree to produce documents in response to this Request, Defendants will only search for and produce responsive documents related to fiscal year 2019, the time period when Plaintiffs claim Defendants made misleading statements related to guidance misses. Plaintiffs have asserted no claims premised on allegedly false or misleading statements, corrective disclosures, or stock drops occurring in other years or time periods.

Pursuant to their objections, Defendants will not search for or produce Documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 31.**

All Documents that You utilized in prosecuting the Delaware Litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31.**

Defendants object to this Request as seeking information irrelevant to the parties' surviving claims and defenses and disproportionate to the case's needs, and as overly broad and unduly burdensome. "All Documents" that Defendants utilized in prosecuting the Delaware Litigation have no relevance to the parties' surviving claims or defenses. Only one, narrow Merger-related claim survived the pleadings stage: Plaintiffs' claim that Mr. DeCesare purportedly misled the market when he said, in a May 11, 2020, press release, that Forescout looked forward to closing its transaction with Advent; according to Plaintiffs, this statement misleadingly omitted that Advent had allegedly already disclosed to Forescout that Advent would not consummate the deal. The Documents that Forescout used to prosecute the Delaware Litigation—a lawsuit involving claims and issues entirely different from those disputed in this Action—have little or no relevance to Plaintiffs' surviving claim. The burden of searching for and producing such irrelevant documents outweighs any minimal or non-existent benefit.

Defendants object to this Request as seeking information about the Delaware Litigation that lies beyond Defendants' possession, custody, or control or is equally available to Plaintiffs with the same effort as it is available to Defendants. Defendants further object to this Request because it requests documents that are protected from disclosure under the attorney-client privilege or work product doctrine, among other privileges and immunities. Defendants will not produce documents protected by such privileges or immunities. Moreover, the significant burdens of searching for and

-29-

parsing out any potentially non-privileged or non-immune documents outweighs any minimal benefits of such a search.

Defendants further object to this Request as vague and ambiguous to the extent it seeks documents "utilized" to prosecute the Delaware Litigation. Defendants cannot identify the precise scope of this Request or determine whether a particular Document related to the lawsuit was "utilized" to prosecute it. Defendants thus cannot effectively respond to this Request.

Pursuant to their objections, Defendants will not search for or produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 32.**

All Documents that You produced to Advent, formally or informally, in the Delaware Litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32.**

Defendants object to this Request as overly broad, and as seeking information irrelevant to the parties' surviving claims and defenses and disproportional to the case's needs, to the extent the Request seeks discovery from another, separate litigation (that is, "cloned discovery"). This Request seeks documents created, sent, received, or produced for a separate proceeding involving absent third parties asserting entirely distinct claims concerning whether certain closing conditions in the Original Merger Agreement had been met. Complaint Ex. 2 ¶¶65-81. The discovery produced in that litigation is irrelevant and immaterial to this Action. To produce discovery from another, entirely separate litigation is disproportional to the Action's needs and improper.

Pursuant to their objections, Defendants will not search for or produce Documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 33.**

All unredacted copies of any pleading or other filing maintained under seal in the Delaware Litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33.**

Defendants object to this Request as overly broad and unduly burdensome, and as seeking information irrelevant to the parties' surviving claims and defenses and disproportionate to the case's

-30-

needs, to the extent the Request seeks "all" unredacted copies of pleadings when only one is needed, and to the extent the Request seeks unredacted copies of "any pleading or other filing." Only one, narrow Merger-related claim survived the pleadings stage: Plaintiffs' claim that Mr. DeCesare purportedly misled the market when he said, in a May 11, 2020, press release, that Forescout looked forward to closing its transaction with Advent; according to Plaintiffs, this statement misleadingly omitted that Advent had allegedly already disclosed to Forescout that Advent would not consummate the deal. Most pleadings or other filings maintained under seal in the Delaware Litigation—a lawsuit involving claims and issues entirely different from those disputed in this Action—have little or no relevance to Plaintiffs' surviving claim. Defendants will incur significant burden in securing unredacted copies of pleadings and filings that are still subject to sealings orders entered by the Delaware Court of Chancery. That burden of searching for and producing such irrelevant documents outweighs any minimal or non-existent benefit. Defendants will produce only one copy of any unredacted pleadings they agree to provide, and Defendants will not produce unredacted copies of every sealed pleading or filing.

Defendants further object to this Request to the extent it seeks filings that are subject to confidentiality obligations or court orders that may prevent the filings' re-production in this case. Subject to their objections, Defendants will make reasonable efforts to obtain any necessary consents and approvals to produce in this case any responsive filings that Defendants agree to produce in response to this Request. Absent an order of the Court, Defendants will not produce any filings in this Action to the extent binding confidentiality orders, laws, rules, contractual provisions, or other requirements prohibit Defendants from making such a production. Defendants will notify Plaintiffs if they are unable to secure any necessary consents, approvals, or permissions to produce any responsive Documents that Defendants may agree to produce in response to this Request.

Subject to their objections, Defendants will make reasonable efforts to secure any necessary consents, approvals, or permissions to produce one unredacted copy of each pleading or filing docketed in the Delaware Litigation that was attached by Plaintiffs to the Complaint.

**REQUEST FOR PRODUCTION NO. 34.**

All Documents and Communications relating to the impact which COVID-19 was having on

-31-

DEFENDANTS' OBJECTIONS AND RESPONSES TO
PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION                    CASE NO. 3:20-CV-00076-SI

the Merger, including but not limited to Advent's ability to fund the Merger.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34.**

Defendants object to this Request as seeking information that exceeds the parties' surviving claims and defenses and is disproportionate to the case's needs, and as overly broad and unduly burdensome. Only one, narrow Merger-related claim survived the pleadings stage: Plaintiffs' claim that Mr. DeCesare purportedly misled the market when he said, in a May 11, 2020, press release, that Forescout looked forward to closing its transaction with Advent.

Pursuant to their objections, Defendants will produce responsive, non-privileged documents as set forth in General Objection No. 5 that constitute or refer to communications between Advent and Forescout regarding the impact of COVID-19 on Forescout's business and/or the Merger.

**REQUEST FOR PRODUCTION NO. 35.**

All Documents and Communications between You and Advent Concerning the: (a) Original Merger Agreement; (b) Termination Letter; (c) Delaware Litigation; (d) Amended and Restated Merger Agreement, (e) the satisfaction of or failure to meet any conditions to the Original Merger Agreement, or (f) Concerning the impact of COVID-19 on the Company's operations or future business prospects.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35.**

Defendants object to this Request as seeking information irrelevant to the parties' surviving claims and defenses and disproportionate to the case's needs, and as overly broad and unduly burdensome, to the extent the Request seeks "All Documents and Communications" relating to the very broad subjects enumerated in subparts (a), (c), (d), (e), and (f) of the Request. Plaintiffs' only surviving claim related to the Merger turns on what Advent communicated to Forescout about Advent's intentions to close the deal, when Advent made those communications, and whether the sole remaining Merger-related May 11, 2020 statement challenged by Plaintiffs was misleading and/or made with scienter. "All Documents and Communications" about a $2 billion Original Merger Agreement will include an endless array of topics completely unrelated to the narrow Merger issue in dispute here, and no communications about the other enumerated subjects would bear on those issues either. The burden of searching for and producing such irrelevant documents outweighs

-32-

any minimal or non-existent benefit. Defendants further object to this Request as vague and ambiguous to the extent the Request seeks "[a]ll Documents . . . between You and Advent." Defendants will construe this Request to seek Documents exchanged between Forescout and Advent.

Subject to their objections, Defendants will produce responsive, non-privileged Documents as set forth in General Objection No. 5 that constitute Communications between Advent and Forescout to the extent those Documents or Communications discuss or refer to (a) the Termination Letter, (b) the timing of, the feasibility of, the failure of the conditions to, or Advent's intentions regarding the Merger's closing pursuant to the Original Merger Agreement, or (c) the impact of COVID-19 on the Company's business and/or the Merger.

**REQUEST FOR PRODUCTION NO. 36.**

All Documents and Communications Concerning whether the Merger may or may not close, including but not limited to any Communications between DeCesare and any Advent representative on May 8, 2020, and Your representation in the Delaware Litigation that "Advent signaled its intention to renege on the deal."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36.**

Subject to their objections, Defendants will produce responsive, non-privileged Documents as set forth in General Objection No. 5 responsive to this Request.

**REQUEST FOR PRODUCTION NO. 37.**

All Documents and Communications Concerning the Strategic Committee's discussions related to the Merger or the Original Merger Agreement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37.**

Defendants object to this Request as seeking information irrelevant to the parties' surviving claims and defenses and disproportionate to the case's needs, and as overly broad and unduly burdensome, to the extent it seeks "All Documents and Communications" related to the Strategic Committee's discussion of the Merger, including those related to the Amended and Restated Merger Agreement or related to other aspects of the Merger unrelated to its closing pursuant to the Original Merger Agreement. Plaintiffs' only surviving claim related to the Merger turns on what Advent communicated to Forescout about Advent's intentions to close the deal, when Advent made those

-33-

communications, and whether the sole remaining Merger-related May 11, 2020, statement challenged by Plaintiffs was misleading and/or made with scienter. Only those discussions among the Strategic Committee related to these narrow factual topics are relevant to the parties' surviving claims and defenses and proper subjects of discovery. Requiring Defendants to search for and produce all discussions among a Board committee about a $2 billion Merger would be unduly burdensome and disproportionate to the case's needs.

Subject to their objections, Defendants will produce any responsive, non-privileged board minutes and pre-meeting materials as set forth in General Objection No. 5 that are related to the timing of, the feasibility of, the satisfaction of the conditions to, or Advent's intentions of closing the Merger pursuant to the Original Merger Agreement.

**REQUEST FOR PRODUCTION NO. 38.**

All Documents and Communications Concerning Your: (a) May 9, 2019 Press Release and Earnings Call; (b) August 7, 2019 Press Release and Earnings Call and August 12, 2019 Investor Conference; (c) October 10, 2019 Press Release; (d) November 6, 2019 Press Release and Earnings Conference; and (e) the May 11, 2020 Press Release.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38.**

Defendants object to this Request as seeking information irrelevant to the parties' surviving claims and defenses and disproportionate to the case's needs, and as overly broad and unduly burdensome, to the extent it seeks "All Documents and Communications" concerning the enumerated disclosures, which cover topics and subject matters that are irrelevant to the parties' surviving claims and defenses, in addition to challenged statements.

Subject to their objections, Defendants will produce responsive, non-privileged Documents as set forth in General Objection No. 5 that discuss or refer to (a) May 9, 2019 Press Release and Earnings Call; (b) August 7, 2019 Press Release and Earnings Call and August 12, 2019 Investor Conference; (c) October 10, 2019 Press Release; (d) November 6, 2019 Press Release and Earnings Conference; or (e) the May 11, 2020 Press Release.

-34-

Date:  July 24, 2023                    **ROPES & GRAY LLP**

                                         */s/ Amy Jane Longo*
                                        Amy Jane Longo (CSB #198304)
                                        Anne Johnson Palmer (CSB #302235)
                                        Three Embarcadero Center
                                        San Francisco, CA 94111-4006
                                        Tel: (415) 315-6300
                                        Fax: (415) 315-6350
                                        Amy.Longo@ropesgray.com
                                        Anne.JohnsonPalmer@ropesgray.com

                                        Peter L. Welsh (admitted *pro hac vice*)
                                        C. Thomas Brown (admitted *pro hac vice*)
                                        ROPES & GRAY LLP
                                        Prudential Tower
                                        800 Boylston Street
                                        Boston, MA 02199-3600
                                        Tel: (617) 951-7000
                                        Fax: (617) 951-7050
                                        Peter.Welsh@ropesgray.com
                                        Thomas.Brown@ropesgray.com

                                        Charles D. Zagnoli (admitted *pro hac vice*)
                                        ROPES & GRAY LLP
                                        191 N. Wacker Dr., 32nd Floor
                                        Chicago, IL 60606
                                        Tel: (312) 845-1200
                                        Fax: (312) 845-5522
                                        Charles.Zagnoli@ropesgray.com

                                        *Attorneys for Defendant*
                                        *Forescout Technologies, Inc.*

-35-

Date:  July 24, 2023

**WILSON SONSINI GOODRICH & ROSATI**
Professional Corporation

 */s/ Diane M. Walters*
Diane M. Walters
Ignacio E. Salceda
Rebecca L. Epstein
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Tel: (650) 493-9300
Fax: (650) 493-6811
isalceda@wsgr.com
dwalters@wsgr.com
bepstein@wsgr.com

*Attorneys for Defendants*
*Michael DeCesare & Christopher Harms*

-36-

DEFENDANTS' OBJECTIONS AND RESPONSES TO
PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION          CASE NO. 3:20-CV-00076-SI

## CERTIFICATE OF SERVICE

I am employed in the City of San Francisco, in the state of California.  I am over the age of 18 years and not a party to this action.  My business address is Ropes & Gray LLP, Three Embarcadero Center, San Francisco, CA 94111.

On July 24, 2023, I served the following document(s):

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION**

☒       **BY E-MAIL:**  I caused the document(s) to be served electronically on the persons at the electronic notification addresses listed below.

| | |
|---|---|
| Jeffrey S. Abraham (*admitted pro hac vice*)<br>ABRAHAM, FRUCHTER & TWERSKY<br>450 Seventh Avenue, 38th Floor<br>New York,  NY 10123<br>Telephone: (212) 279-5050<br>*JAbraham@aftlaw.com* | Omar Jafri (*admitted pro hac vice*)<br>POMERANTZ. LLP<br>Ten South La Salle Street, Suite 3505<br>Chicago. IL  60603<br>Telephone: (312) 377-1181<br>*ojafri@pomlaw.com* |
| Attorneys for Co-Lead Plaintiffs | Attorneys for Co-Lead Plaintiffs |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 24, 2023, at San Francisco, California.

_____
        Matthew Haut

DEFENDANTS' OBJECTIONS AND RESPONSES TO
PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION                    CASE NO. 3:20-CV-00076-SI