**POMERANTZ LLP**
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

**ABRAHAM, FRUCHTER**
   **& TWERSKY, LLP**
Patrice L. Bishop (SBN 182256)
9440 Santa Monica Blvd., Suite 301
Beverly Hills, CA 90210
Telephone: (310) 279-5125
pbishop@aftlaw.com

*Co-Lead Counsel for Plaintiffs*
*and the Proposed Class*

[*Additional Counsel on Signature Page*]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| CHRISTOPHER L. SAYCE, Individually and on Behalf of All Others Similarly Situated, | ) CASE NO.: 3:20-cv-00076-SI |
| | ) |
| | ) <u>CLASS ACTION</u> |
| Plaintiff, | ) |
| | ) **JOINT SUPPLEMENTAL STATEMENT** |
| | ) **REGARDING DISCOVERY DISPUTES** |
| v. | ) |
| | ) Trial Date: Not Set |
| FORESCOUT TECHNOLOGIES, INC., | ) Judge: Hon. Susan Illston |
| MICHAEL DECESARE, and | ) Court Room: 1 – 17th Floor |
| CHRISTOPHER HARMS, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| | ) |

The Parties respectfully supplement the joint statements on discovery disputes previously filed at ECF Nos. 197 and 200.

## I.      Plaintiffs' Supplemental Statement

After failing to secure dismissal on loss causation grounds, ECF No. 139 at 11-12, Defendants ask the Court to decide it now while they simultaneously hide documents that could help Plaintiffs prove their case.  Defendants withhold documents about the sales pipeline between February-May 2020, including documents produced to Advent International, but simultaneously argue in their opposition to class certification that statements about the sales pipeline are unrelated to the corrective disclosures in 2020, ECF No. 202 at 10-14. As Plaintiffs' reply brief will explain, this is a recycled argument concerning loss causation, which is a question common to the Class that goes to the merits.  *See Erica P. John Fund, Inc. v. Halliburton Co.*, 563 U.S. 804, 809 (2011). Courts in this Circuit defer adjudication of loss causation to the merits stage.  *See, e.g.*, *Junge v. Geron Corp.*, No. C 20-00547-WHA, 2022 U.S. Dist. LEXIS 61962, at *17 (N.D. Cal. Apr. 2, 2022).  To get around these roadblocks, Defendants disguise arguments concerning loss causation in their opposition as an attack on the standard model used to measure damages in all securities cases.  Dozens of recent decisions have exposed this ruse and granted certification.  *Id.*  However, the merits arguments raised in the opposition only emphasize the relevance of the documents that Defendants want to hide.  As for discovery generally, the Court should not be swayed by Defendants' strategic production of a small number of documents this week.  Defendants took over six months to collect documents and agree to search terms.  That does not bode well for future compliance in the absence of a substantial completion deadline of 30 days from the date of the Court's Order.  Two months ago, Plaintiffs requested the Court to impose a substantial completion deadline.  ECF No. 197 at 1.  Barely any documents have been produced since the initial joint statement was filed, and an additional 30 days from the date of the Court's decision for compliance is perfectly reasonable under the circumstances.  Defendants' request to substitute Court intervention for a meet and confer is an invitation to engage in further delay given the

history of this litigation.  Defendants' request to further delay class certification proceedings should also be rejected because the arguments concerning Glazer's adequacy and typicality are wholly without merit as Plaintiffs will explain in their reply.

## II.     Defendants' Supplemental Statement

**As to the Parties' November 10, 2023 Joint Statement (Dkt. 197)**, nothing in Defendants' Opposition to Plaintiffs' Motion for Class Certification (Dkt. 202) (the "Opposition") impacts the arguments already before the Court.  The Opposition does not argue loss causation.  Instead, it identifies structural flaws in Plaintiffs' damages model and irreconcilable conflicts among the class that will preclude Plaintiffs from establishing predominance, typicality, and adequacy.  *See* Opp. at 1:10-14, 2:17-19, 4:1-8.  Moreover, and in any event, discovery into how Forescout's sales pipeline developed *after* Advent's February 6, 2020 $33 per share offer would not bear on Plaintiffs' theory that Advent had allegedly been misled into making that offer by supposed misstatements about the 2019 sales pipeline that occurred months earlier.  Dkt. 142 at ¶¶ 53-60.  Additionally, Defendants note that, since the November 10 filing, the Parties have agreed on search terms to be applied across a set of agreed-upon custodians for Defendants' document review, which encompasses more than 86,000 potentially responsive documents.  Further, Defendants have produced approximately 3,000 additional documents exceeding 25,000 pages, with additional rolling productions to follow.  Accordingly, Plaintiffs' arguments regarding the purported "indefinite delay" of discovery are moot.  Dkt. 197 at 2:5-9.  In any event, Plaintiffs' proposed 30-day substantial completion deadline, raised for the first time in this filing, is not reasonable.  Instead, if the Court determines that such a deadline should be set, the parties should meet and confer regarding a reasonable date as part of a broader discussion of a proposed schedule for the case following class certification, as the Court has directed.  **As to the Parties' December 13, 2023 Joint Statement (Dkt. 200)**, Defendants believe that the Parties' positions are fully set out in the existing joint submission.  Defendants note, however, that the resolution of this dispute may bear on the schedule for class

certification.  Specifically, Defendants have requested (i) the production of relevant documents, and (ii) leave to re-depose Glazer's corporate designee and file a sur-reply, in each case if warranted after Defendants receive the further production Defendants seek from Glazer.  Dkt. 200 at 3:8-9.  Defendants respectfully request that, if the Court is inclined to grant Defendants' request, it order the parties to meet and confer regarding an appropriate schedule for the foregoing and to jointly propose a date to re-set the hearing on Plaintiffs' Motion, currently set for February 2, 2024.

Dated: January 12, 2023

| | |
|---|---|
| **ABRAHAM, FRUCHTER & TWERSKY, LLP** | **ROPES & GRAY LLP** |

 /s/ Jeffrey S. Abraham
Jeffrey S. Abraham (admitted *pro hac vice*)
Michael Jason Klein (admitted *pro hac vice*)
450 Seventh Avenue, 38th Floor
New York, NY 10123
Tel: (212) 279-5050
JAbraham@aftlaw.com
mklein@aftlaw.com

Patrice L. Bishop
9440 Santa Monica Blvd., Suite 301
Beverly Hills, CA 90210
(310) 279-5125
pbishop@aftlaw.com

            -and-

**POMERANTZ LLP**

 /s/Omar Jafri
Omar Jafri (admitted *pro hac vice*)
Patrick Dahlstrom (admitted *pro hac vice*)
Brian O'Connell (SBN 314318)
Genc Arifi (admitted *pro hac vice*)
Ten South La Salle Street, Suite 3505
Chicago, Illinois 60603
Tel: (312) 377-1181
ojafri@pomlaw.com
pdahlstrom@pomlaw.com
boconnell@pomlaw.com
garifi@pomlaw.com

Jeremy A. Lieberman (admitted *pro hac vice*)
J. Alexander Hood II (admitted *pro hac vice*)
600 Third Avenue, 20th Floor
New York, NY  10016
(212) 661-1100
jalieberman@pomlaw.com
ahood@pomlaw.com

**Attorneys for Co-Lead Plaintiffs**

 /s/ Amy Jane Longo
Amy Jane Longo
Mark S. Gaioni
10250 Constellation Boulevard
Los Angeles, CA 90067
Tel: (310) 975-3300
amy.longo@ropesgray.com
mark.gaioni@ropesgray.com

Anne Johnson Palmer
Three Embarcadero Center
San Francisco, CA 94111-4006
Tel: (415) 315-6300
anne.johnsonpalmer@ropesgray.com

Peter L. Welsh (admitted *pro hac vice*)
C. Thomas Brown (admitted *pro hac vice*)
Prudential Tower
800 Boylston Street
Boston, MA 02199
Tel: (617) 951-7000
peter.welsh@ropesgray.com
thomas.brown@ropesgray.com

Charles D. Zagnoli (admitted *pro hac vice*)
191 North Wacker Drive, 32nd Floor
Chicago, IL  60606
Tel: (312) 845-1200
charles.zagnoli@ropesgray.com

**Attorneys for Defendant Forescout Technologies, Inc.**

**WILSON SONSINI GOODRICH & ROSATI, Professional Corporation**

 /s/Diane M. Walters
Ignacio E. Salceda
Diane M. Walters
Rebecca L. Epstein
650 Page Mill Road

Palo Alto, CA 94304
Tel: (650) 493-9300
isalceda@wsgr.com
dwalters@wsgr.com
bepstein@wsgr.com

**Attorneys for Defendants Michael DeCesare
and Christopher Harms**

## CERTIFICATE OF SERVICE

I hereby certify that, on January 12, 2024, I served a copy of the foregoing to all attorneys of record for Defendants via email.

Executed on January 12, 2024 in Chicago, Illinois.

*/s/ Omar Jafri*

Omar Jafri