UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER L. SAYCE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> FORESCOUT TECHNOLOGIES, INC., et al., <br><br> Defendants. | Case No. 20-cv-00076-SI <br><br> **ORDER RE: DISCOVERY DISPUTES** <br><br> Re: Dkt. Nos. 197, 200, 208 |

Before the Court are several discovery disputes between the parties, filed on November 10, 2023 and December 13, 2023 in joint discovery letters. Dkt. Nos. 197, 200. The parties filed a joint supplemental statement on January 12, 2024. Dkt. No. 208. The Court has reviewed the relevant briefing and attachments, and rules as follows:

## I.  Plaintiffs' Discovery Requests

These disputes concern plaintiffs' first set of requests for production served on June 23, 2023. Dkt. No. 197 at 1. Plaintiffs request the Court impose a substantial completion deadline for the RFPs. *Id.* The parties also have several specific disputes, discussed below.

### A.  Relevant Time Period

Plaintiffs assert that defendants are attempting to "carve out" the class period for purposes of discovery. *Id.* The class period for claims reinstated by the Ninth Circuit runs from May 9, 2019 through May 15, 2020. Defendants argue that plaintiffs' requests "attempt to collapse two factually and legally distinct claims" that pertain to two separate theories of liability: the 2019 statements and May 11, 2020 statement about the pending transaction with Advent. *Id.* at 3. Defendants assert that

documents concerning Forescout's 2020 sales pipeline, which followed the merger's announcement and onset of the COVID-19 pandemic, are not relevant to whether the remaining 2019 statements about the then-existing sales pipeline were true when made, nor does information about the 2020 sales pipeline bear on whether the merger statement was misleading. *Id.* Defendants assert that it is thus appropriate to define two distinct time periods for discovery with reasonable expansions: September 1, 2018 through February 6, 2020 for requests relating to the 2019 statements (RFP Nos. 1-28) and January 1, 2020 through May 20, 2020 for requests relating to the May 11, 2020 merger statement (RFP Nos. 29-38). *Id.* at 4.

The Court agrees with plaintiffs that some discovery shortly before and after the class is relevant to the parties' claims and defenses and proportional to the needs of the case. *See Zelman v. JDS Uniphase Corp.*, 376 F. Supp. 2d 956, 970 (N.D. Cal. 2005) ("the proposed class period dates function only to define the plaintiff class, not to restrict the universe of relevant or actionable facts"). The Court does not find it appropriate to carve out two separate periods for discovery.

In their first set of requests for production, plaintiffs define the relevant time frame as January 1, 2018 through the present (June 2023) unless otherwise noted. The Court finds the proposed pre-class period reasonable, but plaintiffs have not offered an explanation as to why discovery should run through the present. While the Court acknowledges that post-class period discovery may be relevant, the Court believes the applicable time period should run through December 31, 2020, the year the last alleged misstatement was made. Thus, the relevant time period for these requests shall be January 1, 2018 through December 31, 2020, unless otherwise noted in the RFPs.

### B. Defendants' Objections to Specific RFPs

**1. RFP No. 29.** In this RFP plaintiffs request "All Documents and Communications related to Your decision in 2019 to sell the Company or take it private, including when such decision was considered or made." Dkt. No. 197-1 at 9. Defendants indicate that they agreed to produce materials from the Forescout Board's strategic committee from 2019 through May 20, 2020 and object to plaintiffs now seeking materials from after May 20, 2020. Dkt. No. 197

at 4. The Court finds the language "related to" the 2019 decision to sell the company reasonably specific and ORDERS defendants to produce all responsive, nonprivileged documents from within the time period identified by the Court above.

**2.   RFP No. 30.** In this RFP, plaintiffs request "All Documents You provided to Advent during the negotiations of the Merger that relate to the sales pipeline or any actual or potential deal, discounts or payment terms, a decline in Your earnings or Your financial performance during the Relevant Period." Dkt. No. 197-1 at 10. Defendants indicate they agreed to produce materials that Forescout provided to Advent in connection with Advent's pre-signing diligence and that relate to 2019. Dkt. No. 197 at 5. Defendants maintain that documents relating to the 2020 sales pipeline are not relevant to the only issue remaining with respect to the merger: defendants' May 11, 2020 statement that "we look forward to completing our pending transaction with Advent." *Id.* The Court finds that defendants are unduly narrowing the scope of potentially relevant documents and ORDERS defendants to produce responsive nonprivileged documents for the time period defined above.

**3.   RFP No. 32.** In this RFP, plaintiffs request "All Documents that You produced to Advent, formally or informally, in the Delaware Litigation." Dkt. No. 197-1 at 10. Defendants indicate that they offered to apply agreed-upon search terms to Forescout's productions to Advent in the Delaware litigation and to re-produce to plaintiffs material responsive to the requests here, but that the same time period limits defendants argue should apply for the sales pipeline and merger related requests should apply here. Dkt. No. 197 at 5. The Court ORDERS defendants to apply the agreed-upon search terms for documents from the time period defined above, January 1, 2018 through December 31, 2020. The Court finds the request as written overbroad but understands that the parties have agreed to search terms that narrow the request.

## II.   Defendant's Discovery Requests

Defendants request the Court enter an order compelling the Glazer plaintiffs ("Glazer") to

1  produce three categories of documents responsive to defendants' first set of requests for production:
2  "(i) emails and Bloomberg messages hitting on the terms "Forescout" or "FSCT" from January 1,
3  2020 through May 20, 2020 in the custodial files of the five members of the investment team
4  identified by Glazer's corporate designee, Mark Ort, at his deposition; (ii) notes or other electronic
5  or hard copy files of Mr. Ort, Paul Glazer, or Anthony Baumann that relate to Forescout; and (iii)
6  centrally maintained investor communications and materials reviewed by Glazer's investment team
7  that relate to Glazer's Forescout investment." Dkt. No. 200 at 1.  Defendants also request leave to
8  file a sur-reply in support of their opposition to plaintiffs' motion for class certification (their
9  opposition was filed on December 22, 2023) and re-depose Mr. Ort if warranted after defendants
10 receive Glazer's production. *Id.* at 3.

11 Defendants indicate that most of Glazer's production consists of publicly available Glazer
12 and Forescout SEC filings, case pleadings, and Glazer's written discovery responses. *Id.* at 1. At a
13 November 22, 2023 meet and confer, Glazer informed defendants that it had identified 1,928
14 Bloomberg messages and 5,091 emails from February 6, 2020 through May 16, 2020 using the terms
15 "FCST" and "Forescout" without any custodian limitations, but refused to identify the custodians
16 of these message and emails other than Mr. Ort. *Id.* at 2. Defendants reserved their right to hold
17 Glazer's Rule 30(b)(6) deposition open and proceeded with the deposition on November 30, 2023.
18 *Id.* According to defendants, at the deposition Mr. Ort testified that he corresponded with other
19 Glazer investment team members by email and through Bloomberg message and stated that Glazer's
20 communications to its investors might discuss its Forescout investment. *Id.* He also testified about
21 a "Work File" used to compile information related to Glazer's Forescout investment. Defendants
22 assert that this Work File and Mr. Ort's deposition "raise more questions than they answer." *Id.*
23 Defendants argue that contemporaneous electronic communications could provide missing details,
24 "which are highly relevant to Glazer's claim that it is an adequate and typical class representative." 
25 *Id.*

26 Plaintiffs contend that they have produced documents describing their investment policies
27 and the information they considered in connection with their investment in Forescout, the
28 centerpiece of which is a "Work File" that consists of an Excel worksheet with many dozens of

4

individual entries. *Id.* In addition to the Work File, plaintiffs indicate they have produced nearly 2,000 pages of documents responsive to defendants' document requests that include information about the investment goals and strategy of Glazer and that identify hundreds of securities which Glazer has purchased through its merger arbitrage strategy. *Id.* Plaintiffs contend that in his deposition, Mr. Ort, partner at Glazer Capital and the portfolio manager responsible for making decisions with respect to Glazer's Forescout investments, "repeatedly explained that the Work File contains the facts and analytical process considered by Glazer Funds in making investment decisions with respect to purchasing and selling Forescout securities." *Id.* at 3-4. Plaintiffs indicate that Glazer Funds have repeatedly represented that all information they relied upon in connection with their Forescout investment is summarized in the Work File and all documents referenced in the Work File that Glazer Funds relied on have been produced to defendants or were publicly available and sufficiently described in the Work File. *Id.* at 4. Glazer Funds testified that "any conversations that added materially to their understanding of the facts in connection with their Forescout investment would be reflected in the 'Conversations' tab of their Work File." Id. Plaintiffs argue that the additional information defendants are seeking is unreasonably duplicative of the information already produced "through, among other things, the Work File and Mr. Ort's testimony." *Id.* at 5.

Plaintiffs indicate they have offered to review a more limited subset of emails and electronic messages based on more specific search terms, an invitation defendants declined "even though plaintiffs have undertaken the same process of identifying specific search terms to be used in searching defendants' files." *Id.*

The Court finds the requested documents relevant and the requests reasonably specific, and thus ORDERS the Glazer plaintiffs to produce all responsive non-privileged documents falling within defendants' three production requests listed above, to the extent they have not already been produced. Plaintiffs need not produce documents that are publicly available.

Defendants request that if the Court is inclined to grant their discovery request, it order the parties to meet and confer regarding an appropriate schedule for the discovery substantial completion deadline and to jointly propose a date to re-set the hearing on plaintiffs' motion for class certification. Dkt. No. 208 at 3.

The Court GRANTS defendants the opportunity to re-depose Mr. Ort and file a sur-reply if warranted after plaintiffs comply with the above ordered production. Case scheduling is addressed below.

### III. Case Scheduling

The Court finds it appropriate to set a 30 day substantial completion deadline for the above ordered discovery of **February 13, 2024**. The Court believes it is in the best interests of the parties and the Court to re-set the class certification hearing and the date by which plaintiffs' must file their reply to after this substantial completion deadline. The Court ORDERS the parties to meet and confer regarding the following dates: the deadline for plaintiffs' reply to their motion for class certification, a date for defendants' sur-reply, and a new date for the class certification hearing. The Court agrees with plaintiffs that the class certification hearing should not be unduly delayed and urges the parties to set the deadlines as soon as practicable. If the parties are unable to agree upon dates after meeting and conferring, they may notify the Court and a status conference will be scheduled.

**IT IS SO ORDERED**.

Dated: January 16, 2024

SUSAN ILLSTON
United States District Judge