# Exhibit E

**ABRAHAM, FRUCHTER**
     **& TWERSKY, LLP**
Patrice L. Bishop (SBN 182256)
9440 Santa Monica Blvd., Suite 301
Beverly Hills, CA 90210
Telephone: (310) 279-5125
pbishop@aftlaw.com

*Co-Lead Counsel for Lead Plaintiffs*
*and the Proposed Class*

[*Additional Counsel on Signature Page*]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CHRISTOPHER L. SAYCE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>FORESCOUT TECHNOLOGIES, INC., *et al.*,<br><br>Defendants. | Case No: 3:20-CV-00076-SI<br><br>**DECLARATION OF MARK ORT IN FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>Hearing Date: February 2, 2024<br>Time: 10:00 a.m.<br>Judge: Hon. Susan Illston<br>Court Room: 1 – 17th Floor |

I, Mark Ort, declare as follows:

1. I am a partner of Glazer Capital LLC. I have knowledge of the matters set forth in this declaration and I could and would competently testify thereto if called upon to do so.

2. I am submitting this declaration in further support of the Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (the "Motion") which, among other things, asks the Court to appoint Glazer Capital Management, L.P., Glazer Enhanced Fund, L.P., Glazer Enhanced Offshore Fund, Ltd., Glazer Offshore Fund, Ltd., Highmark Limited, in respect of its Segregated Account Highmark Multi-Strategy 2 (collectively, the "Glazer Funds") as class representatives for a certified class.

3. I am informed that Defendants' opposition to the Motion (the "Opposition") identifies certain "non-public conversations" referenced on pages 028-035/57 of the Glazer Funds' work file and then speculates that those private conversations may have involved the Glazer Funds obtaining Forescout's material non-public information ("MNPI") which Defendants further speculate may have influenced the Glazer Funds' trading decisions. Opposition at 22.

4. The Glazer Funds did not seek to obtain, and in fact did not possess, any MNPI relating to either Forescout Technologies, Inc. ("Forescout") or whether its proposed acquisition by a subsidiary of Advent International Corporation ("Advent") would proceed as previously announced. Indeed, any such assertion is also illogical because, had the Glazer Funds known that Advent was attempting to avoid closing on the acquisition, the Glazer Funds would have refrained from purchasing any additional Forescout stock and, thereby, would have avoided a material amount of the damages that they suffered which are the subject of this litigation.

5. Defendants' speculation concerning the possible misuse of MNPI is mistaken because Glazer Capital LLC, as investment adviser to the Glazer Funds, maintains an internal commitment to avoid the use of MNPI and, to that end, employs strict protocols and procedures designed to avoid the receipt and prevent use of any MNPI. I am informed that Plaintiffs' contemporaneously filed reply brief includes evidence demonstrating how (a) the Glazer Funds required Gordon Boyce to affirm that he would not provide MNPI to the Glazer Funds and (b) the Glazer Funds' conversations with Innisfree were initiated by Innisfree on behalf of Forescout's investor relations team.

6.      In addition, a further review of documents which have been produced to Defendants and the testimony I gave earlier today refreshed my recollection that the Glazer Funds sold call options with a $35.00 per share strike price in February 2020.  Specifically, the Glazer Funds determined to purchase shares of Forescout and simultaneously sell call options with strike prices of $35.00 per share at a net effective price that would enable the Glazer Funds to earn a small profit or at the very worst break even if Forescout were acquired for $33.00 per share, while retaining some upside in the event of a topping bid.  While the Glazer Funds had no specific reason to believe a topping bid would occur, they could not rule out the possibility, in early February 2020, of a topping bid.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on March 11, 2024.

_____
Mark Ort