UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CHRISTOPHER L. SAYCE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>FORESCOUT TECHNOLOGIES, INC., MICHAEL DECESARE, and CHRISTOPHER HARMS,<br><br>Defendants. | CASE NO.: 3:20-cv-00076-SI<br><br><u>CLASS ACTION</u><br><br>**JOINT STATEMENT REGARDING DISCOVERY DISPUTE**<br><br>Judge: Hon. Susan Illston<br>Trial Date: None set |

**Plaintiffs' Statement**

This is a certified securities fraud class action, alleging Defendants made false and misleading statements regarding Forescout Technologies, Inc.'s ("Forescout" or the "Company") sales pipeline for more than a year, and an additional misrepresentation concerning a contemplated merger with Advent International. After six months of Defendants' delay, on January 16, 2024, the Court ordered Defendants to substantially complete production by February 13, 2024. ECF No. 209. More than 50,000 documents have been reviewed, and thus Plaintiffs know with certainty that more than a dozen individuals possess adverse information that corroborates the claims. At least twenty depositions are warranted.

Defendants identified 11 document custodians and represented that Forescout failed to maintain the correspondence of several senior officers identified in the Complaint as having pertinent information when those persons left the Company before this lawsuit was filed. The Parties met and conferred via telephone on May 1 to resolve this dispute, and exchanged further correspondence. Defendants refuse to stipulate to extend the default limit for depositions, necessitating Court intervention.

Additional depositions are needed because the "complexity clearly warrants more" than the number contemplated by the default rule. *See Del Campo v. Am. Corrective Counseling Servs., Inc.*, 2007 U.S. Dist. LEXIS 87150, at *17-18 (N.D. Cal. Nov. 5, 2007). Under Rule 30(a)(2), the Court should grant leave to take more than ten depositions when the information sought is relevant and not cumulative or overly burdensome. *See Couch v. Wan*, 2011 U.S. Dist. LEXIS 110342, at *2 (E.D. Cal. Sep. 26, 2011): *Gamino v. KPC Healthcare Holdings, Inc.*, 2022 U.S. Dist. LEXIS 37199, at *17 (C.D. Cal. Feb. 28, 2022). Further, in a case such as this, with "extensive damages," additional depositions are justified. *See Thykkuttathil v. Keese*, 294 F.R.D. 601, 603 (W.D. Wash. 2013). Plaintiffs are not required to limit themselves to taking ten depositions before seeking leave because it is "prejudicial to require plaintiffs to choose to take ten depositions before they [know] whether they would be granted more." *Couch*, 2011 U.S. Dist. LEXIS 110342 *4 (granting request to take twenty depositions and citing *Del Campo*, 2017 Dist. LEXIS 87150, at *17-18).

Most importantly, Defendants failed to preserve the documents of key executives identified in the Complaint, including Head of Worldwide Sales Brian Gumbel ("Gumbel," *see* SAC ¶¶45.A-B, 82, 88.E, 100.F, 112), Senior VP of the Americas, Niels Jensen ("Jensen," *see* SAC ¶¶45.C, 52.C, 52.G, 112), and SecurityMatters Head of Sales Jim Crowley ("Crowley," *see* SAC ¶52.F). Some of these persons' communications exist in the custodial files of other employees, but as a result of not having complete correspondence, these executives need to be deposed. In addition, at least a dozen other people with damning documents have been identified from Defendants' production, but Plaintiffs still request to take only twenty depositions. The targeted deponents are senior sales personnel with significant managerial responsibility, senior finance personnel, and key individuals involved in the preparation, monitoring and execution of Defendants' sales process or who were otherwise involved in the preparation of the false statements alleged in the Complaint.

To date, Plaintiffs have taken four depositions, and a fifth is scheduled in July 2024. Plaintiffs also seek to depose the following individuals, who Plaintiffs understand maintained the following roles during the Class Period, in addition to the two Individual Defendants: Gumbel, Jensen, Crowley, Chief Revenue Officer Steve Redman, Senior VP of Europe, Middle East and Africa Region Myles Bray, Senior VP of Revenue Operations Aaron Martin, Senior VP of Finance Holly Grey, Senior Director of Sales Operations Jason Anderson, Director of Global Deal Desk Mick Roberts, Advent International Managing Partner Bryan Taylor, Manager, Chief Product and Strategy Officer Pedro Abreu, Senior Director Global Sales Operations Erin O'Leary, and Forescout's reseller, Merlin International.[1] These depositions are necessary because the deponents managed Forescout's entire sales team at varying times during the Class Period, managed key regions blamed for revenue and budget shortfalls, were involved in merger negotiations with Forescout, had key knowledge about changes to guidance relevant to Defendants' false statements, had distinct, non-cumulative knowledge about the sales pipeline and deal conversion rates, knew about Defendants' pressure

---

[1] Plaintiffs are mindful of the Court's requirements under paragraph 3 of its Standing Order that exhibits not be attached absent Court order and the page limits for this joint statement, but would be happy to explain with specific documentary evidence the particularized need for each described deponent.

campaign to identify illusory deals as "committed," or helped Defendants resell products and services at the end of quarters to artificially boost revenues.[2]

Defendants' continued mischaracterization of the case as "narrow" is just sour grapes. The relevant period and damages sustained by the Class are almost the same after the claims were reinstated, and the sales pipeline was always at the heart of the litigation. Nor is Plaintiffs' request premature or duplicative. Plaintiffs have reviewed over 50,000 documents, and are well positioned to determine who to depose. Evidence adverse to Defendants exists in each of the deponents' correspondence. Defendants' representations about the depositions taken are also inaccurate. To date, two of the four witnesses deposed have already provided testimony that directly contradicts Defendants' false statements. A third witness, Forescout's 30(b)(6) representative, was a wash because he was grossly unprepared, and did not bother to talk to the Individual Defendants to prepare for his deposition. Because of the large, complex action, as well as the false statements alleged through multiple quarters, reflecting poor performance in multiple sales regions, Plaintiffs respectfully request that the Court grant Plaintiffs' request to take twenty depositions in this case.

**DEFENDANTS' POSITION**

Plaintiffs cannot meet their burden to "make a particularized showing of the need" for doubling the presumptive ten depositions per side under the Federal Rules. *See O'Connell v. Celonis, Inc.*, No. 22-cv-02320, 2023 WL 5022273, at *1 (N.D. Cal. July 21, 2023) (citing *Authentec, Inc. v. Atrua Techs., Inc.*, No. 08-1423, 2008 WL 5120767, at *1 (N.D. Cal. Dec. 4, 2008)) ("A party seeking to exceed the presumptive number of depositions must make a particularized showing of the need for the additional discovery."). The scope of this case has narrowed significantly following the Ninth Circuit decision, and the handful of challenged statements that remain cover only two narrow topics: Forescout's sales pipeline; and a lone statement about the status of its pending transaction with Advent. To date, Plaintiffs have only taken four fact depositions, and there is no reason to deviate

---

[2] Documents produced in discovery prove that sales were, indeed, frontloaded, further supporting that the reinstated sales pipeline related statements were false. Defendants' claims concerning duplicative discovery are baseless and false. For example, Plaintiffs know that Grey sent and received documents critical to the claims even though Defendants failed to identify her as a custodian.

from the general rule that leave to expand the number of depositions will not be granted until the moving party has exhausted the ten depositions they are permitted under the Federal Rules. *See id.* ("[C]ourts will generally not grant leave to expand the number of depositions until the moving party has exhausted the ten depositions permitted as of right under Rule 30(a)(2)."). Nor is expansion justified where Plaintiffs cannot show that the discovery they seek is relevant and not unreasonably cumulative, duplicative, or burdensome. *See id.* (citing *Newport v. Burger King Corp.*, No. 10-04511, 2011 WL 3607973, at *1 (N.D. Cal. Aug. 16, 2011)) ("When evaluating a party's request to expand discovery limitations, the court must ensure that the discovery sought is 'relevant to [the] party's claim[s] or defense[s]' and not unreasonably cumulative, duplicative, or burdensome.").[3]

*First*, given that Plaintiffs have only taken four depositions, Plaintiffs' preemptive request to expand the deposition limits is unsupported and premature. Specifically, Plaintiffs have deposed Forescout's 30(b)(6) witness, Forescout's former Chief Communications Officer, one former Forescout employee with knowledge about the sales pipeline, and a third-party consulting firm. At this stage, Plaintiffs cannot possibly know what information they need but would be unable to obtain from their remaining permitted six depositions. Denying Plaintiffs' request at this juncture—consistent with the requirement to make a particularized showing of need, *see id.*—would encourage the parties to think carefully before noticing depositions, as they should to avoid the significant burden and expense that accompanies depositions.

*Second*, Plaintiffs' proposed list of twenty deponents confirms that expanding the deposition limits is unwarranted. Plaintiffs are, of course, free to pursue their case in whatever manner they choose. They should not be permitted, however, to strategically increase the cost and burden of discovery by expanding the default limits to depose a lengthy list of irrelevant, unreasonably cumulative, and/or duplicative witnesses.

**Third Parties:** Plaintiffs have identified three third parties that they have deposed or plan to

---

[3] To avoid burdening the Court with this issue, Defendants told Plaintiffs during the course of meet and confer discussions that, although they believe the presumptive limit of ten is appropriate, they would agree to fifteen depositions per side as a compromise. Plaintiffs rejected this good faith offer. For the reasons described herein, Defendants continue to believe that the presumptive limit of ten depositions per side is appropriate.

depose.  Plaintiffs recently deposed Force Management, a consulting firm whose testimony confirms that it has no knowledge bearing on any of the remaining statements.  Plaintiffs also seek to depose Merlin International, Inc. ("Merlin"), one of Forescout's partners—even though none of Plaintiffs' surviving claims relate whatsoever to Merlin.  The SCAC originally contained allegations that Forescout had front-loaded sales into Q4 2019 results through sales to Merlin, rendering statements made in a February 2020 press release about Q4 2019 revenue results false or misleading.  But those claims were dismissed by this Court and Plaintiffs abandoned them on appeal.

**Current and Former Employees:** In addition to the two Individual Defendants, Mr. DeCesare and Mr. Harms, and three of the depositions taken to date, Plaintiffs seek to depose twelve current or former Forescout employees.  These include Pedro Abreu (whose knowledge as Chief Product & Strategy Officer is at best tangentially related to the remaining alleged sales pipeline misstatements) and Holly Grey (a Senior Vice President in the finance department whose testimony would be largely cumulative of Chief Financial Officer Mr. Harms', to whom she reported).  Plaintiffs also have deposed or seek to depose ten former or current Forescout employees who worked in the Company's sales organization during the relevant period.  Those individuals held similar and overlapping roles, and there is no reason to believe that deposing all of them is necessary in light of the narrow set of statements about the sales pipeline that remain at issue.[4]  As Plaintiffs would have it, they should be entitled to depose all individuals that they believe may have relevant information.  The Federal Rules are not so broad, and for good reason.  The Court should not expand the deposition limits so that Plaintiffs can drive up costs and undertake a fishing expedition by taking needlessly cumulative and duplicative testimony from all of these individuals.

---

[4] To distract from the weakness of their arguments, Plaintiffs attempt to justify their demand based on the claim that Defendants failed to preserve the documents of Brian Gumbel, Niels Jensen, and Jim Crowley.  As Defendants have explained to Plaintiffs previously, these individuals departed Forescout before or around the time that the initial complaint (which did not reference any of them) was filed.  To the extent Plaintiffs intend to suggest that the status of those documents somehow warrants additional depositions, that claim lacks any factual or legal basis.

Dated: June 26, 2024

**POMERANTZ LLP[5]**

  */s/ Omar Jafri*
Omar Jafri (admitted *pro hac vice*)
Patrick Dahlstrom (admitted *pro hac vice*)
Brian O'Connell (SBN 314318)
Genc Arifi (admitted *pro hac vice*)
Ten South La Salle Street, Suite 3505
Chicago, Illinois 60603
Tel: (312) 377-1181
ojafri@pomlaw.com
pdahlstrom@pomlaw.com


Jeremy A. Lieberman (admitted *pro hac vice*)
J. Alexander Hood II (admitted *pro hac vice*)
600 Third Avenue, 20th Floor
New York, NY 10016
(212) 661-1100
jalieberman@pomlaw.com
ahood@pomlaw.com

*-and-*

**ABRAHAM, FRUCHTER & TWERSKY, LLP**

  */s/ Jeffrey S. Abraham*
Jeffrey S. Abraham (admitted *pro hac vice*)
Michael Jason Klein (admitted *pro hac vice*)
450 Seventh Avenue, 38th Floor
New York, NY 10123
Tel: (212) 279-5050
JAbraham@aftlaw.com
mklein@aftlaw.com


Patrice L. Bishop
9440 Santa Monica Blvd., Suite 301
Beverly Hills, CA 90210
(310) 279-5125
pbishop@aftlaw.com


***Attorneys for the Class Representatives and the Class***

**ROPES & GRAY LLP**

  */s/ Amy Jane Longo*
Amy Jane Longo
Mark S. Gaioni
10250 Constellation Boulevard
Los Angeles, CA 90067
Tel: (310) 975-3300
amy.longo@ropesgray.com
mark.gaioni@ropesgray.com


Anne Johnson Palmer
Three Embarcadero Center
San Francisco, CA 94111-4006
Tel: (415) 315-6300
anne.johnsonpalmer@ropesgray.com


Peter L. Welsh (admitted *pro hac vice*)
C. Thomas Brown (admitted *pro hac vice*)
Prudential Tower
800 Boylston Street
Boston, MA 02199
Tel: (617) 951-7000
peter.welsh@ropesgray.com
thomas.brown@ropesgray.com


Charles D. Zagnoli (admitted *pro hac vice*)
191 North Wacker Drive, 32nd Floor
Chicago, IL 60606
Tel: (312) 845-1200
charles.zagnoli@ropesgray.com


***Attorneys for Defendant Forescout Technologies, Inc.***

**WILSON SONSINI GOODRICH & ROSATI, Professional Corporation**


  */s/ Diane M. Walters*
Ignacio E. Salceda
Diane M. Walters
Rebecca L. Epstein
650 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 493-9300

isalceda@wsgr.com
dwalters@wsgr.com
bepstein@wsgr.com

**_Attorneys for Defendants Michael DeCesare
and Christopher Harms_**

## Certificate of Service

I certify that, on the date stamped above, I caused this document to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of filing by email to counsel of record for all parties.

_/s/ Omar Jafri_
Omar Jafri

## SIGNATURE ATTESTATION

Pursuant to Civil Local Rule 5-1(i)(3), the filer attests that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content, and have authorized the filing.

Dated: June 26, 2024                    _/s/ Omar Jafri_
                                        Omar Jafri

---

[5] Orly Guy and Eitan Lavie, who are Of Counsel to Pomerantz LLP and admitted to practice in Israel, also provide advice to Meitav Mutual Funds Ltd. in connection with this matter.