UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER L. SAYCE, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>FORESCOUT TECHNOLOGIES, INC., et al.,<br><br>　　　　Defendants. | Case No. 20-cv-00076-SI<br><br>**ORDER RE JUNE 26, 2024 JOINT DISCOVERY DISPUTE**<br><br>Re: Dkt. No. 228 |

On June 26, 2024 the Court received a joint discovery dispute statement regarding the number of depositions plaintiffs are entitled to take. Dkt. No. 228. Plaintiffs request leave to take twenty depositions in this case. To date, plaintiffs have taken four depositions with a fifth scheduled this month. *Id.* at 2.

Plaintiffs contend that after the Court's February 13, 2024 discovery order, plaintiffs received more than 50,000 documents and "know with certainty that more than a dozen individuals possess adverse information that corroborates the claims," warranting twenty depositions. *Id.* at 1. The targeted deponents are "senior sales personnel with significant managerial responsibility, senior finance personnel, and key individuals involved in the preparation, monitoring and execution of Defendants' sales process or who were otherwise involved in the preparation of the false statements alleged in the Complaint." *Id.* at 2. Plaintiffs characterize this case as a "large complex action" with "false statements alleged through multiple quarters, reflecting poor performance in multiple sales regions." *Id.* at 3.

Defendants contend that the scope of this case has "narrowed significantly" following the Ninth Circuit decision and the "handful of challenged statements that remain cover only two narrow topics." *Id.* at 3. Defendants contend there is no reason to deviate from the general rule that leave

to expand the number of depositions will not be granted until plaintiffs have exhausted the ten depositions permitted under the Federal Rules. *Id.* at 3-4.

Rule 30 of the Federal Rules of Civil Procedure requires a party wishing to take more than ten depositions without consent of the other party to obtain leave from the Court to proceed. Fed. R. Civ. P. 30(a)(2). "A party seeking to exceed the presumptive number of depositions must make a particularized showing of the need for the additional discovery." *Authentec, Inc. v. Atrua Techs., Inc.*, No. C 08-1423 PJH, 2008 WL 5120767, at *1 (N.D. Cal. Dec. 4, 2008). "[C]ourts will generally not grant leave to expand the number of depositions until the moving party has exhausted the ten depositions permitted as of right under Rule 30(a)(2)." *Id.* However, courts have departed from this rule where the complexity of the case clearly warranted more than ten depositions. *See, e.g.*, *Del Campo v. American Corrective Counseling Servs., Inc.*, No. C-01-21151 JW (PVT), 2007 WL 3306496 (N.D. Cal. Nov. 6, 2007) (complex case involving five plaintiffs and eleven defendants, court found that it would be prejudicial to require plaintiffs to choose to take ten depositions before they knew whether they would be granted more). "When evaluating a party's request to expand discovery limitations, the court must ensure that the discovery sought is 'relevant to [the] party's claim[s] or defense[s]' and not unreasonably cumulative, duplicative, or burdensome." *Newport v. Burger King Corp.*, No. C-10-04511-WHA (DMR), 2011 WL 3607973, at *1 (N.D. Cal. Aug. 16, 2011) (quoting Fed. R. Civ. P. 26(b)).

The Court finds that plaintiffs have made a sufficient showing of need to exceed the presumptive number of depositions and given the complexity of this certified class action securities case, the Court finds it appropriate to grant plaintiffs leave to take fifteen depositions at this time. If plaintiffs still believe additional depositions are necessary after taking fifteen depositions, they may seek leave from the Court to take more.

**IT IS SO ORDERED**.

Dated: July 10, 2024

_____
SUSAN ILLSTON
United States District Judge