**ABRAHAM, FRUCHTER & TWERSKY, LLP**
Patrice L. Bishop (SBN 182256)
9440 Santa Monica Blvd., Suite 301
Beverly Hills, CA 90210
Telephone: (310) 279-5125
pbishop@aftlaw.com

*Class Counsel*

**ROPES & GRAY LLP**
Amy Jane Longo (CSB #198304)
Three Embarcadero Center
San Francisco, CA 94111-4006
Tel: (415) 315-6300
Fax: (415) 315-6350
Amy.Longo@ropesgray.com

*Attorney for Defendant*
*Forescout Technologies, Inc.*

[Additional Counsel on Signature Page]

| | |
|---|---|
| CHRISTOPHER L. SAYCE, Individually and on Behalf of All Others Similarly Situated, ) <br><br> Plaintiff, ) <br><br> v. ) <br><br> FORESCOUT TECHNOLOGIES, INC., MICHAEL DECESARE, and CHRISTOPHER HARMS, ) <br><br> Defendants. ) | CASE NO.: 3:20-cv-00076-SI <br><br> <u>CLASS ACTION</u> <br><br> **JOINT STATEMENT REGARDING DISCOVERY DISPUTE** <br><br> Judge: Hon. Susan Illston <br> Trial Date: None set |

**Plaintiffs' Statement**: Following six months of delay with barely any documents produced, on January 16, 2024, the Court ordered Defendants to substantially complete document production by February 13, 2024. ECF No. 209. Plaintiffs expeditiously reviewed Defendants' entire production and commenced taking depositions. The total universe of documents Defendants searched and reviewed was fairly modest compared to other cases of similar magnitude and complexity. Six depositions have been taken, two others are scheduled in the near future, and two additional deponents were recently served. On June 29, 2024, Plaintiffs served Defendants with targeted requests for documents concerning: five deponents, Advent International ("Advent") personnel involved in the merger, and for certain emails concerning previously agreed custodians whose files have been destroyed ("Second Set"). On July 10, 2024, Plaintiffs sent another targeted Third Set of Requests for the production of documents ("Third Set") seeking deposition transcripts from the Advent-Forescout merger litigation filed in the Delaware Court of Chancery (the "Delaware Litigation"). The Second and Third Sets and their Objections are attached as Exhibits 1-4. Defendants refuse to comply with these requests.

Defendants' objections to the Second Set are without merit. In negotiating the search terms that the parties agreed to on January 8, 2024 ("Search Protocol"), Plaintiffs never waived their right to serve additional requests. Discovery is not barter. Plaintiffs did not "re-trade" on previous agreements. They served new requests. Unspecified claims of undue burden and expense are insufficient to evade the requests. *See, e.g.*, *Garner v. Amazon.co, Inc.*, 2022 U.S. Dist. LEXIS 197723, at *6-7 (W.D. Wash. Oct. 31, 2022). Defendants have done nothing to demonstrate any undue burden or expense. They did not even identify the volume of documents to be reviewed to respond to the new Requests. Nor could any claim of burden and expense be credible because Defendants used technology assisted review ("TAR") with an active learning workflow trained to identify and automatically prioritize responsive documents within the previously negotiated Search Protocol, which significantly minimizes any burden to review documents within the Search Protocol.

As to the Second Set's Request No. 1, before receiving Defendants' production, Plaintiffs were not in a position to identify custodians. Defendants' initial disclosures did not identify the persons Plaintiffs now identify, whose relevance became apparent after reviewing Defendants'

production. Defendants claim to have already produced nearly 7,000 documents relating to the former employees, yet a meager fraction, less than 20% of that figure, consists of emails sent by them. This small quantity of documents cannot be presumed sufficient when Defendants have not done the work.

Second Set Request No. 2 seeks documents sent to, from or copying five Advent employees with key roles in the merger. Only 85 emails were produced from these former Advent employees, despite their documents being vital to understanding Advent's concerns about Forescout and the merger, which is relevant to the allegedly false statements. Defendants' previous search for documents included the *@adventinternational.com domain name limited by many connectors.

Second Set Request No. 3 seeks all documents pursuant to the agreed Search Protocol sent to, from, or copying, Head of Worldwide Sales Brian Gumbel, Senior VP of the Americas, Niels Jensen, and SecurityMatters Head of Sales Jim Crowley. Defendants point to a *de minimis* number of documents mentioning these former employees. That is not enough; these were three of the most senior people at the Company, yet barely 200 documents sent from these individuals have been produced thus far.[1] This Request is not "untethered" to custodians. These important individuals should have been custodians in the first place, but Defendants destroyed their emails.

Set Three Request No. 1 seeks deposition transcripts (and exhibits marked) from the Delaware Litigation. Courts compel production from related litigation when it is relevant to the claims and proportional to the needs of the case. *See, e.g.*, *Garner v. Amazon.com, Inc.*, 2023 U.S. Dist. LEXIS 164569, at *12 (W.D. Wash. Sep. 15, 2023); *see also Rumble, Inc. v. Google LLC*, 2023 U.S. Dist. LEXIS 95164, at *31-32 (N.D. Cal. May 31, 2023). Several of the deponents in this case were deposed in the Delaware Litigation, and their prior testimony on the same topics is relevant. These deponents included sales personnel with no role in the merger, undercutting Defendants' contention that the sales pipeline was irrelevant to the Delaware Litigation. At any rate, the Court is aware of the double standard Defendants seek to impose: the merger to them is relevant to the case in opposing class certification and limiting damages, but not relevant to discovery that could be inconsistent with

---

[1] For context, Defendants' first production includes over 1,100 documents from Steve Redman, who took over as the Chief Revenue Officer at the end of 2019 and largely assumed Brian Gumbel's role after he left the Company, and nearly 3,000 documents combined from the Individual Defendants.

those positions. Defendants' reliance on the confidentiality order in the Delaware Litigation is frivolous. That order has no effect upon a producing party's use or disclosure of its own discovery material; documents from the Delaware Litigation have already been produced, and under Delaware law, the confidentiality order has already expired and the parties there took no steps to have it extended.[2]  Nothing prevents Defendants from producing documents like they did before. Similarly, Defendants' unsupported suggestion that this request would put Plaintiffs over the presumptive deposition limit is unsupported, and ignores the request is pursuant to Rule 34, not Rule 30.

Plaintiffs respectfully request the Court to compel production of the disputed requests.

**DEFENDANTS' POSITION**: Plaintiffs' Second RFPs: In the fall and winter of 2023, the Parties engaged in extensive, protracted, and costly negotiations regarding search terms and custodians in response to Plaintiffs' (extremely broad) First RFPs. On January 8, 2024, the Parties agreed that Defendants would use 47 different search terms to search the mailboxes of an agreed-upon set of 11 custodians. The Parties' agreement was grounded in and premised on the substantial volume of documents generated across the agreed-upon custodians' mailboxes—a volume which subsequently increased following the Court's January 16, 2024 Order on the relevant time period, and then again following Defendants' agreement to review texts and Teams messages. Now, six months after Defendants substantially completed their productions, producing more than 54,000 documents (~235,000 pages) as of February 14, 2024, Plaintiffs seek to re-trade on the Parties' agreement through a Second Set of RFPs served in late June. Plaintiffs' new requests are overly broad, unduly burdensome, not proportional to the needs of the case, cumulative and duplicative, and inconsistent with the Parties' negotiations concerning the scope of discovery.[3]

---

[2] Plaintiffs note that these transcripts should have been produced over a year ago because they were already covered by previous requests. RFP Set One, Request No. 31 sought "[a]ll Documents that You utilized in prosecuting the Delaware Litigation." Similarly, Request No. 29 of Set One sought "All Documents and Communications related to Your decision in 2019 to sell the Company or take it private, including when such decision was considered or made."  The Court compelled production of Request No. 29.  ECF No. 209 at 2.

[3] Plaintiffs mischaracterize the relevant requests in their Second and Third RFPs, in an attempt to portray them as narrow and reasonable. The requests (attached hereto) speak for themselves.

In RFP 1, Plaintiffs seek to add five custodians, and would have Defendants apply the Parties' search terms over their files, regardless of volume. Defendants have already produced over 12,000 documents to, from, or copying these individuals in the top email, including families (~57,000 pages); and nearly 15,000 documents (~80,000 pages) with these individuals anywhere on the chain. All reported to someone who is already a custodian, and three were in the sales function like the majority of the existing custodians, making the information in their files largely cumulative. Additional voluminous and duplicative review of these files, when depositions are well underway, is not proportional.[4]

In RFP 2, Plaintiffs demand "[a]ll Responsive Documents" hitting on the previously agreed-upon search terms sent to, from, or copying "*any* Advent employees." (emphasis added). Plaintiffs ignore that one of the previously agreed-upon search terms included the email domain *@adventinternational.com and was designed to capture relevant communications involving any Advent employees. Plaintiffs have not particularized this request to a defined set of Advent employees or to any particular set of Forescout custodians whose files are to be searched. Plaintiffs and Advent have also agreed on search terms and custodians for a subsequent email production from Advent, rendering this request duplicative and unduly burdensome.

In RFP 3, Plaintiffs request "[a]ll Responsive Documents" hitting on the previously agreed-upon search terms sent to, from, or copying three Forescout employees who departed Forescout before or around the time that the initial complaint was filed. *See* ECF No. 233 at 10.  Yet again, this request is untethered to any set of Forescout custodians whose files are to be reviewed. Defendants have already produced over 2,300 documents to, from, or copying these individuals on the top email, including families (~11,000 pages); and more than 5,000 documents with these individuals anywhere on the chain (~36,000 pages).

<u>Plaintiffs' Third RFPs</u>: Plaintiffs seek "[a]ll Documents Concerning any deposition . . . taken in the Delaware Litigation"—the request is not limited to transcripts alone, as Plaintiffs suggest. This

---

[4] Plaintiffs' claim that Defendants' use of TAR—as per the parties' ESI Protocol—would somehow minimize the burden of expanding the custodian count by 50% has no grounding in fact.

request is an improper end-run around the Court's July 11, 2024 Order limiting the number of depositions that Plaintiffs may take at this time to 15. The approximately 38 depositions taken in the Delaware Litigation far exceeds the 15-deposition limit here.[5]

Plaintiffs seek production of "[a]ll" materials related to the Delaware Litigation depositions regardless of subject matter, relevance, or deponent. That litigation involved different claims and different parties. The claims there were brought under Delaware law and pertained to the February 2020 merger agreement between Forescout and Advent. Those claims—for breach of contract and specific performance—have *no* relevance to Plaintiffs' federal securities claims about pipeline statements made in 2019 and, at best, tangential relevance to the sole remaining merger-related statement, which was not at issue in the Delaware Litigation. The depositions included third parties and experts that have no relevance here. Given the significant differences in issues and parties, this request for deposition transcripts—and all related documents—necessarily seeks documents that have limited to no relevance and are not proportional to the needs of this case. *See In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, 2017 WL 4680242, at *1 (N.D. Cal. Oct. 18, 2017) (denying access to prior productions, noting that plaintiffs "have not explained how the entire MDL Production is relevant to a claim or defense in their case"); *King Cty. v. Merrill Lynch & Co.*, 2011 WL 3438491, at *2 (W.D. Wash. Aug. 5, 2011) ("[D]iscovery requests that seek duplicates of discovery produced in other litigation is [sic] improper as failing to make the requisite showing of relevance"). This request will significantly increase the costs and burdens of litigating the remaining claims. Documents relating to the Delaware depositions are also subject to the Protective Order ("PO") in that case, which authorizes distribution of confidential discovery materials only to certain persons "for use in connection with the [Delaware] Litigation," and states that "Discovery Material shall be used solely for purposes of this Litigation and shall not be used for any other purpose, including, . . . any other litigation." PO ¶¶ 4, 8. Chancery Rule 5.1(h), which Plaintiffs appear to cite, is inapplicable where the deposition materials were not filed on the docket.

---

[5] Defendants objected to Plaintiffs' First RFP No. 31. The last Defendants heard, Plaintiffs said last fall that they would "defer further discussion of Request No. 31 for now." Plaintiffs' First RFP No. 29 does not call for the Delaware Litigation deposition materials Plaintiffs now seek.

Dated: August 14, 2024

| | |
|---|---|
| **POMERANTZ LLP[6]** | **ROPES & GRAY LLP** |

   */s/ Omar Jafri*
Omar Jafri (admitted *pro hac vice*)
Patrick Dahlstrom (admitted *pro hac vice*)
Brian O'Connell (SBN 314318)
Genc Arifi (admitted *pro hac vice*)
Ten South La Salle Street, Suite 3505
Chicago, Illinois 60603
Tel: (312) 377-1181
ojafri@pomlaw.com
pdahlstrom@pomlaw.com

Jeremy A. Lieberman (admitted *pro hac vice*)
J. Alexander Hood II (admitted *pro hac vice*)
600 Third Avenue, 20th Floor
New York, NY  10016
(212) 661-1100
jalieberman@pomlaw.com
ahood@pomlaw.com

*-and-*

**ABRAHAM, FRUCHTER & TWERSKY, LLP**

   */s/ Jeffrey S. Abraham*
Jeffrey S. Abraham (admitted *pro hac vice*)
Michael Jason Klein (admitted *pro hac vice*)
450 Seventh Avenue, 38th Floor
New York, NY 10123
Tel: (212) 279-5050
JAbraham@aftlaw.com
mklein@aftlaw.com

Patrice L. Bishop
9440 Santa Monica Blvd., Suite 301
Beverly Hills, CA 90210
(310) 279-5125
pbishop@aftlaw.com

*Attorneys for the Class Representatives and the Class*

   */s/ Amy Jane Longo*
Amy Jane Longo
Mark S. Gaioni
10250 Constellation Boulevard
Los Angeles, CA 90067
Tel: (310) 975-3300
amy.longo@ropesgray.com
mark.gaioni@ropesgray.com

Anne Johnson Palmer
Three Embarcadero Center
San Francisco, CA 94111-4006
Tel: (415) 315-6300
anne.johnsonpalmer@ropesgray.com

Peter L. Welsh (admitted *pro hac vice*)
C. Thomas Brown (admitted *pro hac vice*)
Prudential Tower
800 Boylston Street
Boston, MA 02199
Tel: (617) 951-7000
peter.welsh@ropesgray.com
thomas.brown@ropesgray.com

Charles D. Zagnoli (admitted *pro hac vice*)
191 North Wacker Drive, 32nd Floor
Chicago, IL  60606
Tel: (312) 845-1200
charles.zagnoli@ropesgray.com

*Attorneys for Defendant Forescout Technologies, Inc.*

**WILSON SONSINI GOODRICH & ROSATI, Professional Corporation**

   */s/ Diane M. Walters*
Ignacio E. Salceda
Diane M. Walters
Rebecca L. Epstein
650 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 493-9300
isalceda@wsgr.com

dwalters@wsgr.com
bepstein@wsgr.com

**Attorneys for Defendants Michael DeCesare and Christopher Harms**

## Certificate of Service

I certify that, on the date stamped above, I caused this document to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of filing by email to counsel of record for all parties.

/s/ Omar Jafri
Omar Jafri

## SIGNATURE ATTESTATION

Pursuant to Civil Local Rule 5-1(i)(3), the filer attests that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content, and have authorized the filing.

Dated: August 14, 2024                    /s/ Omar Jafri
                                          Omar Jafri

---

[6] Orly Guy and Eitan Lavie, who are Of Counsel to Pomerantz LLP and admitted to practice in Israel, also provide advice to Meitav Mutual Funds Ltd. in connection with this matter.