# Exhibit 1

**ABRAHAM, FRUCHTER**
    **& TWERSKY, LLP**
Patrice L. Bishop (SBN 182256)
9440 Santa Monica Blvd., Suite 301
Beverly Hills, CA 90210
Telephone: (310) 279-5125
Email:  pbishop@aftlaw.com

**POMERANTZ LLP**
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
Email:  jpafiti@pomlaw.com

*Co-Lead Counsel for Lead Plaintiffs and the*
*Proposed Class*

[*Additional Counsel on Signature Page*]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CHRISTOPHER L. SAYCE, individually and on behalf of all others similarly situated, | Case No: 3:20-CV-00076-SI |
| Plaintiff, | **LEAD PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO EACH DEFENDANT** |
| vs. | |
| FORESCOUT TECHNOLOGIES, INC., *et al.*, | |
| Defendants. | Courtroom:  1 – 17th Floor |
| | Judge:      Hon. Susan Illston |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Lead Plaintiffs Glazer Capital Management, L.P., Glazer Enhanced Fund, L.P., Glazer Enhanced Offshore Fund, Ltd., Glazer Offshore Fund, Ltd., Highmark Limited, in respect of its Segregated Account Highmark Multi-Strategy 2 (collectively the "Glazer Funds"), and Meitav Tachlit Mutual Funds Ltd. ("Meitav") (together with the Glazer Funds, the "Plaintiffs"), by and through their undersigned counsel, hereby request that Defendants Forescout Technologies, Inc., Michael DeCesare and Christopher Harms each produce for inspection within 30 days of the date of this request at the offices of Pomerantz LLP, located at 10 South LaSalle Street, Suite 3505, Chicago, Illinois 60603 and to Abraham, Fruchter & Twersky, LLP, located at 450 Seventh Avenue, 38th Floor, New York, NY 10123, all documents described below in accordance with the definitions and instructions that follow.

## DEFINITIONS

1.      These requests incorporate all definitions previously defined in connection with the First Set of Requests for the Production of Documents to Defendants, dated June 23, 2023.

2.      "Relevant Period" refers to January 1, 2018 to December 31, 2020, which is the relevant time period previously ordered by the Court in connection with the First Set of Requests for the Production of Documents to Defendants.  *See* Dkt. No. 209.

3.      "Responsive" refers to all non-privileged Documents in Your possession, custody, or control using the search terms Plaintiffs proposed on December 22, 2023, and Defendants agreed to run on January 8, 2024.

4.      "Search Protocol" refers to the agreement between counsel for the Parties to use search terms Plaintiffs proposed on December 22, 2023, and Defendants agreed to run on January 8, 2024.

## INSTRUCTIONS

1.      For any relevant timeframe pertaining to a specific Request, a Document should be considered to be within that relevant timeframe if it refers or relates to Communications, meetings, or other events or Documents that occurred or were created within that timeframe, regardless of the date of creation of the Responsive Document.

2. If the Documents have already been produced by You pursuant to the Search Protocol, they need not be reproduced pursuant to these Requests herein.

3. In responding to these Requests, You should produce Responsive Documents that are in Your possession, custody or control, or in the possession, custody or control of Your predecessors, successors, parents, subsidiaries, divisions, or affiliates, or any of Your respective partners, directors, officers, managing agents, agents, employees, attorneys, accountants, or other representatives. A Document is within Your control if You have the ability or right to secure the Document or a copy of the Document from another Person having possession or custody of the Document.

4. You are required to produce for inspection and copying original Documents as they are kept in the usual course of business in their original folders, binders, covers, and containers or facsimiles thereof. If the original is not in Your custody, You are required to provide a copy thereof, and all non-identical copies which differ from the original or from the other copies produced for any reason, including, without limitation, the making of notes thereon.

5. Documents shall be produced in an electronic format on a hard drive, thumb drive or for download via FTP. The production format should comply with the ESI Protocol that was executed by the Parties on October 5, 2023.

6. Your response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons. Where You are objecting to a request, You must state whether any Responsive materials are being withheld on the basis of that objection. Where You are objecting to only part of the request, You must state with specificity which part of the request You are objecting to, and produce the rest.

7. If a portion of any Document Responsive to these requests is withheld under any claim of privilege, any non-privileged portion of such Document must be produced with the portion claimed to be privileged redacted.

8. You are to produce each Document requested herein in its entirety, with attachments and enclosures without deletion or excision (except as qualified herein) regardless of whether You consider the entire Document to be relevant or Responsive to the requests. All pages now stapled or

fastened together should be produced, stapled or fastened together, and each Document that You cannot legibly copy should be produced in its original form.

9.    Documents not otherwise Responsive to any of the discovery requests herein must be produced if such Documents mention, discuss, refer to, or explain the Documents which are called for by these requests, or if such Documents are attached to Documents called for by these requests and constitute routing slips, transmittal memoranda, or letters, comments, evaluations or similar materials.  Whenever a Document or group of Documents is removed from a file folder, binder, file drawer, file box, notebook, or other cover or container, a copy of the label of such cover or other container must be attached to the Document or group of Documents.

10.    Whenever a Document is not produced in full or is produced in redacted form, so indicate on the Document and state with particularity the reason or reasons it is not being produced in full, and describe to the best of Your knowledge, information and belief, and with as much particularity as possible, those portions of the Document which are not being produced.  All Documents redacted or withheld shall be logged in sufficient detail to understand the nature, timing, authors, and recipients of the Document and to substantiate the claim of privilege (including, with respect to Documents for which a claim of attorney-client privilege or attorney work-product protection is asserted, sufficient information to assess whether the Document served primarily a business or legal function).

11.    If You require additional clarification to respond to any of these Requests, please contact us as soon as possible, and at any rate before the response date, so that we may clear up any confusion You may have and You may produce documents as required on the response date.

## DOCUMENT REQUESTS

1.    All Responsive Documents pursuant to the Search Protocol from the custodial files of Holly Grey, Erin O'Leary, Jason Anderson, Myles Bray, and Pedro Abreu from the Relevant Period.

2.    All Responsive Documents pursuant to the Search Protocol sent to, or from, or copying any Advent employees, including but not limited to, Bryan Taylor, Alok Basani, Alek Ferro, Lauren Young, or Jay Mehta during the Relevant Period.

3.     All Responsive Documents pursuant to the Search Protocol sent to, or from, or copying Brian Gumbel, Niels Jensen or SecurityMatters Head of Sales Jim Crowley during the Relevant Period.

Dated: June 27, 2024

By:     */s/ Brian P. O'Connell*

**POMERANTZ LLP**
Omar Jafri (admitted *pro hac vice*)
Patrick Dahlstrom (admitted *pro hac vice*)
Brian O'Connell (SBN 314318)
Genc Arifi (admitted *pro hac vice*)
Ten South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile:  (312) 377-1184
Email:   ojafri@pomlaw.com
            pdahlstrom@pomlaw.com
            boconnell@pomlaw.com
            garifi@pomlaw.com

Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
Email:   jpafiti@pomlaw.com

Jeremy A. Lieberman (admitted *pro hac vice*)
J. Alexander Hood II (admitted *pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email:   jalieberman@pomlaw.com
            ahood@pomlaw.com

*-and-*

**ABRAHAM, FRUCHTER
& TWERSKY, LLP**
Jeffrey S. Abraham (admitted *pro hac vice*)
Michael Jason Klein (admitted *pro hac vice*)
450 Seventh Avenue, 38th Floor
New York, NY 10123
Telephone:  (212) 279-5050
Facsimile:   (212) 279-3655
Email:  jabraham@aftlaw.com
            mklein@aftlaw.com

Patrice L. Bishop (SBN 182256)
9440 Santa Monica Blvd., Suite 301
Beverly Hills, CA 90210
Telephone:  (310) 279-5125
Email:  pbishop@aftlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that, on June 27, 2024, I served a copy of the foregoing to counsel of record for Defendants via email delivery.

Executed on June 27, 2024, in Chicago, Illinois.

/s/ Brian P. O'Connell
Brian P. O'Connell