# Exhibit 3

**ROPES & GRAY LLP**
Amy Jane Longo (CSB #198304)
10250 Constellation Boulevard
Los Angeles, CA 90067
Tel: (310) 975-3300
Fax: (310) 975-3400
Amy.Longo@ropesgray.com

*Attorneys for Defendant*
*Forescout Technologies, Inc.*

*[Additional Counsel on Signature Page]*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| CHRISTOPHER L. SAYCE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>FORESCOUT TECHNOLOGIES, INC., MICHAEL DECESARE, and CHRISTOPHER HARMS,<br><br>Defendants. | CASE NO.: 3:20-cv-00076-SI<br><br>CLASS ACTION<br><br>**DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO EACH DEFENDANT**<br><br>HON. SUSAN ILLSTON |

DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS'
SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO EACH DEFENDANT
Case No. 3:20-cv-00076-SI

CONFIDENTIAL

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants Forescout Technologies, Inc. ("Forescout" or the "Company"), Michael DeCesare, and Christopher Harms (together with Mr. DeCesare, the "Individual Defendants," and collectively with Forescout, the "Defendants"), by and through their attorneys submit these responses and objections to Lead Plaintiffs' Second Set of Requests for Production of Documents to Each Defendant (the "Requests") dated June 27, 2024.

These responses are made solely for the purpose of this case. Each response is subject to all objections on the grounds of competence, relevance, materiality, propriety, and admissibility, and to any and all other objections on any grounds that would require exclusion of any statements contained herein if such request were asked of, or statements contained herein were made by, a witness present and testifying in court, all of which objections and grounds are expressly reserved and may be interposed at later case phases, including at the time of trial.

The following responses are based upon the current state of this litigation and the information presently available to and located by Defendants and their attorneys through a reasonable search. Defendants have not completed (a) their investigation of the facts relating to this case, (b) discovery in this case, or (c) Defendants' preparation for trial. Defendants provide the responses herein without prejudice to Defendant's right to produce evidence of any additional facts.

## GENERAL OBJECTIONS

1. Defendants object to the Requests to the extent they seek to impose requirements or obligations on Defendants in addition to, beyond the scope of, or different from those imposed by the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, or other applicable laws or rules. Defendants will comply with the obligations imposed by those Rules and applicable law (collectively, the "Rules").

CONFIDENTIAL

2.    Defendants object to the Requests to the extent that they seek information confidential to Defendants or to third parties for which the protections and limitations of the Protective Order, ECF No. 186 (the "Protective Order") would be insufficient. Defendants reserve the right to withhold any responsive, confidential information that applicable law or contractual obligations prevents Defendants from producing to Plaintiffs in this case. In the event that Defendants are obligated to withhold any such information, Defendants will take reasonable steps to attempt to secure any necessary permissions or approvals to produce the information to Plaintiffs subject to the Protective Order. If Defendants are unable to secure such permissions or approvals, then Defendants will notify Plaintiffs of the withholding (provided that applicable law does not prohibit such notice) and describe the information withheld to the extent allowed by Defendants' confidentiality obligations.

3.    Defendants object to the Requests to the extent they seek information or materials protected by the attorney-client privilege, the work-product doctrine, the joint defense or common interest privilege, or any other privilege or immunity.  Defendants will produce no information or materials protected by the attorney-client privilege, the work-product doctrine, the joint defense or common interest privilege, or any other privilege or immunity.  In the event Defendants do disclose any privileged or otherwise protected information or materials, they do so inadvertently and do not intend by the disclosure to waive the privilege or immunity.

4.    Defendants object to the Requests to the extent they assume disputed facts or legal conclusions, may be construed as an admission that any fact or circumstances alleged or suggested by Plaintiffs occurred or existed, or purport to characterize Defendants' positions, contentions, claims, defenses, or arguments in this case.  By responding to any Request, Defendants do not admit the correctness of, adopt, or acquiesce in any factual or legal conclusion, contention, assertion, or characterization contained in the Requests (including in their Definitions and

DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS'
SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO EACH DEFENDANT
Case No. 3:20-cv-00076-SI

3

CONFIDENTIAL

Instructions). Defendants' use of any term defined in the Requests does not admit the accuracy of any such term's definition.

5. Defendants object to the Requests to the extent they seek discovery of information that is not relevant to the surviving claims or defenses in this action and/or not proportional to the needs of the case.

6. Defendants object to the Requests as overly broad and unduly burdensome, and as seeking information irrelevant to the surviving claims and defenses and disproportionate to the case's needs, to the extent the Requests seek "All Responsive Documents" concerning particular subjects, regardless of whether the document is in the possession, custody, or control of Defendants, regardless of the Documents' relationship to the parties' surviving claims or defenses in this case, and regardless of whether the Complaint pleads any claims premised on the subject of the Request. Defendants cannot and need not identify "All Responsive Documents" related to a particular subject but rather only those documents that Defendants can locate in their possession, custody, or control through a reasonable search consistent with the Federal Rules of Civil Procedure. In conducting any search for relevant and responsive documents, Defendants will review sources that are known or reasonably available to Defendants and are reasonably likely to have relevant information. To the extent (if any) that Defendants agree to produce documents in response to Requests for "All Responsive Documents," Defendants will produce any responsive, non-privileged documents that they locate within their possession, custody, or control through a reasonable search—performed in accordance with the agreed-upon E-Discovery Protocol (the "ESI Protocol") and applicable law—of an agreed-upon, reasonable list of custodians' files and of any other known, non-custodial, reasonably available sources that are reasonably likely to have relevant information.

7. Defendants object to the Requests as overly broad and unduly burdensome to the extent they seek information that is already in the possession, custody, or control of Plaintiffs or

DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS'
SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO EACH DEFENDANT
Case No. 3:20-cv-00076-SI

4

CONFIDENTIAL

that is equally available or accessible to Plaintiffs and can thus be obtained from a more convenient and less burdensome source.

8.    Defendants will divulge no information that these Responses expressly indicate Defendants will withhold under an objection.  Should Defendants divulge any such information, they do so inadvertently, and the disclosure is not a waiver of the relevant objection(s).

9.    Defendants object to the Requests to the extent they purport to require Defendants to produce documents "within thirty 30 days" of the date the Requests were served.  To the extent (if any) that Defendants agree to produce documents in response to the Requests, Defendants will produce responsive, non-privileged documents as set forth in these General Objections (if any such documents exist) at a mutually convenient time and place agreed to by the parties or ordered by the Court.

## OBJECTIONS TO DEFINITIONS

Without waiving or otherwise limiting the foregoing General Objections, and expressly reserving and incorporating each such objection, Defendants object to the definitions (each a "Definition," and together, the "Definitions") included in the Requests as follows:

1.    Defendants incorporate by reference all objections to the definitions set forth in Defendants' July 24, 2023 Objections and Responses to Plaintiffs' June 23, 2023 First Set of Requests for Production.

2.    Defendants object to the definition of "Responsive" as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all non-privileged Documents" hitting on certain search terms and does not incorporate Defendants' Objections and Responses to Plaintiffs' First Set of Requests for Production or the subsequent negotiations between the parties concerning Defendants' document review and production in response to Plaintiffs' First Set of Requests for Production and the scope of discovery in this matter. Defendants also object to this definition as vague and ambiguous.  For the purposes of these

DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS'
SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO EACH DEFENDANT
Case No. 3:20-cv-00076-SI

5

CONFIDENTIAL

Responses and Objections, Defendants shall interpret "Responsive" to incorporate Defendants' Objections and Responses to Plaintiffs' First Set of Requests for Production and the subsequent negotiations between the parties concerning Defendants' document review and production in response to Plaintiffs' First Set of Requests for Production and the scope of discovery in this matter.

3.    Defendants object to the definition of "Search Protocol" as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it does not incorporate the parties' agreed-upon set of custodians, which was inextricably linked to Defendants' January 8, 2024 agreement to use certain search terms, and to the extent it does not incorporate Defendants' Objections and Responses to Plaintiffs' First Set of Requests for Production or the subsequent negotiations between the parties concerning Defendants' document review and production in response to Plaintiffs' First Set of Requests for Production and the scope of discovery in this matter.  Defendants also object to this definition as vague and ambiguous.

## OBJECTIONS TO INSTRUCTIONS

Without waiving or otherwise limiting the foregoing General Objections, and expressly reserving and incorporating each such objection, Defendants object to the instructions (each an "Instruction," and together, the "Instructions") included in the Requests as follows:

1.    Defendants object to Instruction No. 1 as overly broad, unduly burdensome, and disproportionate to the case's needs, and because the Instruction conflicts with, or purports to impose duties or requirements that exceed those required by the Rules. The approach requested by Instruction No. 1 would require Defendants to review every document in their possession, custody, or control that hit on the parties' agreed search terms, regardless of the document's creation date, to determine whether the document refers to a responsive topic. Such an approach is untenable and grossly disproportionate to the case's needs. Defendants will only review and produce documents

CONFIDENTIAL

that were created within the relevant time period agreed to by the parties, consistent with the Rules and as set forth herein.

2.    Defendants object to Instruction No. 3 as overly broad, unduly burdensome, and disproportionate to the case's needs to the extent the Instruction conflicts with, or purports to impose duties or requirements that exceed those imposed by, the Rules and applicable case law. The approach requested by Instruction No. 3 would require Defendants to collect documents from a vast, unknown number of individuals who may or may not have been Forescout employees. Such an approach is untenable and grossly disproportionate to the case's needs. Defendants will respond to the Requests in accordance with the Rules and applicable case law and will collect, review, and produce documents only from custodians eventually agreed to by the Parties.

3.    Defendants object to Instruction No. 4 as overly broad, unduly burdensome, and disproportionate to the case's needs to the extent the Instruction conflicts with, or purports to impose duties or requirements that exceed those imposed by, the Rules or the parties' ESI Protocol. The burden of identifying and producing documents as they may have been kept in hard copy is untenable and grossly disproportionate to the case's needs. Defendants will respond to the Requests in accordance with the Rules and the ESI Protocol.

4.    Defendants object to Instruction No. 7 as overly broad, unduly burdensome, and disproportionate to the case's needs to the extent the Instruction conflicts with, or purports to impose duties or requirements that exceed those imposed by, the ESI Protocol or the Rules, or that are inconsistent with the obligations under the parties' April 3, 2024 agreement on privilege logs. Defendants will produce or log material withheld under a claim of privilege (either in full or in part) consistent with the Rules and pursuant to the terms of the parties' agreement.

5.    Defendants object to Instruction No. 8 as overly broad, unduly burdensome, and disproportionate to the case's needs to the extent the Instruction conflicts with, or purports to impose duties or requirements that exceed those imposed by, the ESI Protocol. To the extent

CONFIDENTIAL

Defendants agree to produce material in response to these Requests, Defendants will produce the material pursuant to the ESI Protocol's terms.

6. Defendants object to Instruction No. 9 as overly broad, unduly burdensome, and disproportionate to the case's needs, and because the Instruction conflicts with, or purports to impose duties or requirements that exceed those imposed by, the Rules and the ESI Protocol. Defendants cannot reasonably identify or locate documents that mention, discuss, refer to, or explain Documents responsive to the Request, at least without incurring undue expense grossly disproportionate to the case's needs. Defendants will produce family members of electronic documents and documents related to hardcopy documents consistent with and to the extent required by the Rules.

7. Defendants object to Instruction No. 10 as overly broad, unduly burdensome, and disproportionate to the case's needs, including to the extent the Instruction conflicts with, or purports to impose duties or requirements that exceed those imposed by, the ESI Protocol or the Rules, or that are inconsistent with the obligations under the parties' April 3, 2024 agreement on privilege logs. Defendants will produce or log material withheld under a claim of privilege (either in full or in part) consistent with the Rules and pursuant to the terms of the parties' agreement.

## SPECIFIC RESPONSES AND OBJECTIONS

The following Specific Responses and Objections each incorporate by reference the General Objections, Objections to Definitions, and Objections to Instructions (together, the "Preliminary Objections"), whether or not the Preliminary Objections are specifically reiterated or referenced in the Specific Responses and Objections. Defendants' responses are made subject to and without waiving the Preliminary Objections and any specific objections raised in a particular response.

CONFIDENTIAL

**REQUEST FOR PRODUCTION NO. 1.**

All Responsive Documents pursuant to the Search Protocol from the custodial files of Holly Grey, Erin O'Leary, Jason Anderson, Myles Bray, and Pedro Abreu from the Relevant Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Defendants object to this Request, which purports to add five individuals as custodians nearly five months after Defendants substantially completed their document productions, as overly broad, unduly burdensome, not proportional to the needs of the case, cumulative and duplicative of prior requests for information and production of documents, and inconsistent with the parties' negotiations concerning the scope of discovery in this matter. After extensive negotiations through the fall of 2023 (including search term proposals exchanged on November 17, 2023, December 5, 2023, December 20, 2023, and December 22, 2023), the parties agreed on January 8, 2024, that Defendants would use certain search terms to search the custodial mailboxes of an agreed-upon set of 11 custodians, not including the five individuals identified in Request No. 1. The parties' agreement on those 11 custodians was also subject to protracted negotiations, with Defendants having first proposed 9 custodians on October 2, 2023, and later agreeing to two additional custodians on November 17, 2023 and December 14, 2023. The parties' agreement on both search terms and custodians was grounded in and premised on the substantial volume of documents generated across the agreed-upon custodians' custodial mailboxes—a review volume which subsequently increased even further as a result of the expanded relevant time period defined in the Court's January 16, 2024 Order, and then again following Defendants' further March 7, 2024 agreement to review texts and Microsoft Teams messages for the agreed-upon custodians. To date, Defendants have produced more than 56,000 documents, including nearly 7,000 documents to, from, or copying the five individuals identified in Request No. 1 on the top line of the email, with more than 12,000 documents including families. Defendants reject Plaintiffs' attempt to re-

CONFIDENTIAL

trade on the parties' extensive, protracted, and costly negotiations on custodians and search terms at this late stage.

Pursuant to their objections, Defendants will not search for or produce Documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 2:**

All Responsive Documents pursuant to the Search Protocol sent to, or from, or copying any Advent employees, including but not limited to, Bryan Taylor, Alok Basani, Alek Ferro, Lauren Young, or Jay Mehta during the Relevant Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Defendants object to this Request, served nearly five months after Defendants substantially completed their document productions, as overly broad, unduly burdensome, not proportional to the needs of the case, cumulative and duplicative of prior requests for information and production of documents, and inconsistent with the parties' negotiations concerning the scope of discovery in this matter. After extensive negotiations through the fall of 2023 (including search term proposals exchanged on November 17, 2023, December 5, 2023, December 20, 2023, and December 22, 2023), the parties agreed on January 8, 2024, that Defendants would use certain search terms to search the custodial mailboxes of an agreed-upon set of 11 custodians. One of the agreed-upon search terms included the e-mail domain *@adventinternational.com (the "Advent Search Term") and was designed to capture relevant communications involving any Advent employees. The Advent Search Term, as negotiated by the parties, also included the following search string: AND (terminat* OR decline OR solvent OR clos* OR timing OR condition* OR COVID OR COVID-19 OR pandemic OR corona* OR numbers). The parties' agreement on both search terms and custodians was grounded in and premised on the substantial volume of documents generated across the agreed-upon custodians' custodial mailboxes—a review volume which subsequently increased even further as a result of the expanded relevant time period defined in the Court's January 16,

DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS'
SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO EACH DEFENDANT
Case No. 3:20-cv-00076-SI

10

CONFIDENTIAL

2024 Order, and then again following Defendants' further March 7, 2024 agreement to review texts and Microsoft Teams messages for the agreed-upon custodians. To date, Defendants have produced more than 56,000 documents, including more than 600 documents including an *@adventinternational.com email address, with more than 1,500 documents including families. Defendants reject Plaintiffs' attempt to re-trade on the parties' extensive, protracted, and costly negotiations on custodians and search terms at this late stage. Defendants further object to this Request to the extent it seeks "All Responsive Documents" "sent to, or from, or copying any Advent employees" in the custodial files of any individual and therefore is untethered to the parties' agreed-upon custodians.

Pursuant to their objections, Defendants will not search for or produce Documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 3.**

All Responsive Documents pursuant to the Search Protocol sent to, or from, or copying Brian Gumbel, Niels Jensen or SecurityMatters Head of Sales Jim Crowley during the Relevant Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Defendants object to this Request, served nearly five months after Defendants substantially completed their document productions, as overly broad, unduly burdensome, not proportional to the needs of the case, cumulative and duplicative of prior requests for information and production of documents, and inconsistent with the parties' negotiations concerning the scope of discovery in this matter. After extensive negotiations through the fall of 2023 (including search term proposals exchanged on November 17, 2023, December 5, 2023, December 20, 2023, and December 22, 2023), the parties agreed on January 8, 2024, that Defendants would use certain search terms to search the custodial mailboxes of an agreed-upon set of 11 custodians. The parties' agreement on both search terms and custodians was grounded in and premised on the substantial volume of

DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS'
SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO EACH DEFENDANT
Case No. 3:20-cv-00076-SI

11

CONFIDENTIAL

documents generated across the agreed-upon custodians' custodial mailboxes—a review volume which subsequently increased even further as a result of the expanded relevant time period defined in the Court's January 16, 2024 Order, and then again following Defendants' further March 7, 2024 agreement to review texts and Microsoft Teams messages for the agreed-upon custodians. To date, Defendants have produced more than 56,000 documents, including nearly 1,500 documents sent to, from, or copying the three individuals identified in Request No. 3 on the top line of the email, with more than 2,300 documents including families. Defendants reject Plaintiffs' attempt to re-trade on the parties' extensive, protracted, and costly negotiations on custodians and search terms at this late stage. Defendants further object to this Request to the extent it seeks "All Responsive Documents" "sent to, or from, or copying" Messrs. Gumbel, Jensen, or Crowley in the custodial files of any individual and therefore is untethered to the parties' agreed-upon custodians.

Pursuant to their objections, Defendants will not search for or produce Documents in response to this Request.

Dated:  July 29, 2024

**ROPES & GRAY LLP**

/s/ *Amy Jane Longo*
Amy Jane Longo
Mark S. Gaioni
10250 Constellation Boulevard
Los Angeles, CA 90067
Tel: (310) 975-3300
amy.longo@ropesgray.com
mark.gaioni@ropesgray.com

Anne Johnson Palmer
Three Embarcadero Center
San Francisco, CA 94111
Tel: (415) 315-6300
anne.johnsonpalmer@ropesgray.com

Peter L. Welsh (admitted *pro hac vice*)

**WILSON SONSINI GOODRICH &
ROSATI, Professional Corporation**

/s/ *Diane M. Walters*
Ignacio E. Salceda
Diane M. Walters
Rebecca L. Epstein
650 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 493-9300
isaceda@wsgr.com
dwalters@wsgr.com
bepstein@wsgr.com

***Attorneys for Defendants Michael DeCesare
and Christopher Harms***

CONFIDENTIAL

C. Thomas Brown (admitted *pro hac vice*)
Prudential Tower
800 Boylston Street
Boston, MA 02199
Tel: (617) 951-7000
peter.welsh@ropesgray.com
thomas.brown@ropesgray.com

Charles D. Zagnoli (admitted *pro hac vice*)
191 North Wacker Drive, 32nd Floor
Chicago, IL 60606
Tel: (312) 845-1200
charles.zagnoli@ropesgray.com

***Attorneys for Defendant Forescout
Technologies, Inc.***

DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS'
SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO EACH DEFENDANT
Case No. 3:20-cv-00076-SI

13

CONFIDENTIAL

**CERTIFICATE OF SERVICE**

I am employed in the City of Boston, in the state of Massachusetts.  I am over the age of 18 years and not a party to this action.  My business address is Ropes & Gray LLP, Prudential Tower, 800 Boylston Street, Boston, MA 02199.

On July 29, 2024, I served the following document(s):

**DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO EACH DEFENDANT**

☒     **BY E-MAIL:**  I caused the document(s) to be served electronically on the persons at the electronic notification addresses listed below.

| | |
|---|---|
| Jeffrey S. Abraham (*admitted pro hac vice*)<br>ABRAHAM, FRUCHTER & TWERSKY<br>450 Seventh Avenue, 38th Floor<br>New York, NY 10123<br>Telephone: (212) 279-5050<br>*JAbraham@aftlaw.com*<br><br>Attorneys for Co-Lead Plaintiffs | Omar Jafri (*admitted pro hac vice*)<br>POMERANTZ LLP<br>Ten South La Salle Street, Suite 3505<br>Chicago, IL 60603<br>Telephone: (312) 377-1181<br>*ojafri@pomlaw.com*<br><br>Attorneys for Co-Lead Plaintiffs |

I declare under penalty of perjury under the laws of the State of Massachusetts that the foregoing is true and correct.

Executed on July 29, 2024, at Boston, Massachusetts.

*/s/ Stephanie D. Porges*
Stephanie D. Porges

DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS'
SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO EACH DEFENDANT
Case No. 3:20-cv-00076-SI

14

CONFIDENTIAL