# Exhibit 4

**ROPES & GRAY LLP**
Amy Jane Longo (CSB #198304)
10250 Constellation Boulevard
Los Angeles, CA 90067
Tel: (310) 975-3300
Fax: (310) 975-3400
Amy.Longo@ropesgray.com

*Attorneys for Defendant*
*Forescout Technologies, Inc.*

*[Additional Counsel on Signature Page]*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| CHRISTOPHER L. SAYCE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>FORESCOUT TECHNOLOGIES, INC., MICHAEL DECESARE, and CHRISTOPHER HARMS,<br><br>Defendants. | CASE NO.: 3:20-cv-00076-SI<br><br><u>CLASS ACTION</u><br><br>**DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO EACH DEFENDANT**<br><br>HON. SUSAN ILLSTON |

CONFIDENTIAL

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants Forescout Technologies, Inc. ("Forescout" or the "Company"), Michael DeCesare, and Christopher Harms (together with Mr. DeCesare, the "Individual Defendants," and collectively with Forescout, the "Defendants"), by and through their attorneys submit these responses and objections to Lead Plaintiffs' Third Set of Requests for Production of Documents to Each Defendant (the "Requests") dated July 10, 2024.

These responses are made solely for the purpose of this case. Each response is subject to all objections on the grounds of competence, relevance, materiality, propriety, and admissibility, and to any and all other objections on any grounds that would require exclusion of any statements contained herein if such request were asked of, or statements contained herein were made by, a witness present and testifying in court, all of which objections and grounds are expressly reserved and may be interposed at later case phases, including at the time of trial.

The following responses are based upon the current state of this litigation and the information presently available to and located by Defendants and their attorneys through a reasonable search. Defendants have not completed (a) their investigation of the facts relating to this case, (b) discovery in this case, or (c) Defendants' preparation for trial. Defendants provide the responses herein without prejudice to Defendant's right to produce evidence of any additional facts.

**GENERAL OBJECTIONS**

1.       Defendants object to the Requests to the extent they seek to impose requirements or obligations on Defendants in addition to, beyond the scope of, or different from those imposed by the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, or other applicable laws or rules. Defendants will comply with the obligations imposed by those Rules and applicable law (collectively, the "Rules").

CONFIDENTIAL

2. Defendants object to the Requests to the extent that they seek information confidential to Defendants or to third parties for which the protections and limitations of the Protective Order, ECF No. 186 (the "Protective Order") would be insufficient. Defendants reserve the right to withhold any responsive, confidential information that applicable law or contractual obligations prevents Defendants from producing to Plaintiffs in this case. In the event that Defendants are obligated to withhold any such information, Defendants will take reasonable steps to attempt to secure any necessary permissions or approvals to produce the information to Plaintiffs subject to the Protective Order. If Defendants are unable to secure such permissions or approvals, then Defendants will notify Plaintiffs of the withholding (provided that applicable law does not prohibit such notice) and describe the information withheld to the extent allowed by Defendants' confidentiality obligations.

3. Defendants object to the Requests to the extent they seek information or materials protected by the attorney-client privilege, the work-product doctrine, the joint defense or common interest privilege, or any other privilege or immunity. Defendants will produce no information or materials protected by the attorney-client privilege, the work-product doctrine, the joint defense or common interest privilege, or any other privilege or immunity. In the event Defendants do disclose any privileged or otherwise protected information or materials, they do so inadvertently and do not intend by the disclosure to waive the privilege or immunity.

4. Defendants object to the Requests to the extent they assume disputed facts or legal conclusions, may be construed as an admission that any fact or circumstances alleged or suggested by Plaintiffs occurred or existed, or purport to characterize Defendants' positions, contentions, claims, defenses, or arguments in this case. By responding to any Request, Defendants do not admit the correctness of, adopt, or acquiesce in any factual or legal conclusion, contention, assertion, or characterization contained in the Requests (including in their Definitions and

CONFIDENTIAL

Instructions).  Defendants' use of any term defined in the Requests does not admit the accuracy of any such term's definition.

5.    Defendants object to the Requests to the extent they seek discovery of information that is not relevant to the surviving claims or defenses in this action and/or not proportional to the needs of the case.

6.    Defendants object to the Requests as overly broad and unduly burdensome, and as seeking information irrelevant to the surviving claims and defenses and disproportionate to the case's needs, to the extent the Requests seek "All Documents" concerning particular subjects, regardless of whether the document is in the possession, custody, or control of Defendants, regardless of the Documents' relationship to the parties' surviving claims or defenses in this case, and regardless of whether the Complaint pleads any claims premised on the subject of the Request. Defendants cannot and need not identify "All Documents" related to a particular subject but rather only those documents that Defendants can locate in their possession, custody, or control through a reasonable search consistent with the Federal Rules of Civil Procedure.  In conducting any search for relevant and responsive documents, Defendants will review sources that are known or reasonably available to Defendants and are reasonably likely to have relevant information.  To the extent (if any) that Defendants agree to produce documents in response to Requests for "All Documents," Defendants will produce any responsive, non-privileged documents that they locate within their possession, custody, or control through a reasonable search—performed in accordance with the agreed-upon E-Discovery Protocol (the "ESI Protocol") and applicable law—of an agreed-upon, reasonable list of custodians' files and of any other known, non-custodial, reasonably available sources that are reasonably likely to have relevant information.

7.    Defendants object to the Requests as overly broad and unduly burdensome to the extent they seek information that is already in the possession, custody, or control of Plaintiffs or

CONFIDENTIAL

that is equally available or accessible to Plaintiffs and can thus be obtained from a more convenient and less burdensome source.

8.    Defendants object to the Requests as overly broad and unduly burdensome to the extent they seek to compel Defendants to generate or create information and/or documents that do not already exist.

9.    Defendants will divulge no information that these Responses expressly indicate Defendants will withhold under an objection.  Should Defendants divulge any such information, they do so inadvertently, and the disclosure is not a waiver of the relevant objection(s).

10.    Defendants object to the Requests to the extent they purport to require Defendants to produce documents "within thirty 30 days" of the date the Requests were served.  To the extent (if any) that Defendants agree to produce documents in response to the Requests, Defendants will produce responsive, non-privileged documents as set forth in these General Objections (if any such documents exist) at a mutually convenient time and place agreed to by the parties or ordered by the Court.

## OBJECTIONS TO DEFINITIONS

Without waiving or otherwise limiting the foregoing General Objections, and expressly reserving and incorporating each such objection, Defendants object to the definitions (each a "Definition," and together, the "Definitions") included in the Requests as follows:

1.    Defendants object to the definition of "Forescout" or "the Company" as overly broad and unduly burdensome, and as seeking information irrelevant to any parties' surviving claims or defenses, disproportionate to the case's needs, and beyond Defendants' possession, custody, or control, to the extent the definition purports to include "all" of Forescout Technologies, Inc.'s "present and former" officers, directors, committees, employees, partners, corporate parents, predecessors, successors, subsidiaries, affiliates, divisions, branch offices, agents, representatives, and all other persons acting, as well as all persons purporting to act, on behalf of any of the

CONFIDENTIAL

foregoing.    Defendants shall construe "Forescout" or the "Company" to mean Forescout Technologies, Inc., including any employees, officers, and directors substantially involved in the subject matter of the Requests.

## OBJECTIONS TO INSTRUCTIONS

Without waiving or otherwise limiting the foregoing General Objections, and expressly reserving and incorporating each such objection, Defendants object to the instructions (each an "Instruction," and together, the "Instructions") included in the Requests as follows:

1.    Defendants object to Instruction No. 1 as overly broad, unduly burdensome, and disproportionate to the case's needs, and because the Instruction conflicts with, or purports to impose duties or requirements that exceed those required by the Rules. The approach requested by Instruction No. 1 would require Defendants to review every document in their possession, custody, or control that hit on the parties' agreed search terms, regardless of the document's creation date, to determine whether the document refers to a responsive topic. Such an approach is untenable and grossly disproportionate to the case's needs. Defendants will only review and produce documents that were created within the relevant time period agreed to by the parties, consistent with the Rules and as set forth herein.

2.    Defendants object to Instruction No. 2 as overly broad, unduly burdensome, and disproportionate to the case's needs to the extent the Instruction conflicts with, or purports to impose duties or requirements that exceed those imposed by, the Rules and applicable case law. The approach requested by Instruction No. 2 would require Defendants to collect documents from a vast, unknown number of individuals who may or may not have been Forescout employees. Such an approach is untenable and grossly disproportionate to the case's needs. Defendants will respond to the Requests in accordance with the Rules and applicable case law and will collect, review, and produce documents only from custodians eventually agreed to by the Parties.

CONFIDENTIAL

3.    Defendants object to Instruction No. 3 as overly broad, unduly burdensome, and disproportionate to the case's needs to the extent the Instruction conflicts with, or purports to impose duties or requirements that exceed those imposed by, the Rules or the parties' ESI Protocol. The burden of identifying and producing documents as they may have been kept in hard copy is untenable and grossly disproportionate to the case's needs. Defendants will respond to the Requests in accordance with the Rules and the ESI Protocol.

4.    Defendants object to Instruction No. 6 as overly broad, unduly burdensome, and disproportionate to the case's needs to the extent the Instruction conflicts with, or purports to impose duties or requirements that exceed those imposed by, the ESI Protocol or the Rules, or that are inconsistent with the obligations under the parties' April 3, 2024 agreement on privilege logs. Defendants will produce or log material withheld under a claim of privilege (either in full or in part) consistent with the Rules and pursuant to the terms of the parties' agreement.

5.    Defendants object to Instruction No. 7 as overly broad, unduly burdensome, and disproportionate to the case's needs the extent the Instruction conflicts with, or purports to impose duties or requirements that exceed those imposed by, the ESI Protocol. To the extent Defendants agree to produce material in response to these Requests, Defendants will produce the material pursuant to the ESI Protocol's terms.

6.    Defendants object to Instruction No. 8 as overly broad, unduly burdensome, and disproportionate to the case's needs, and because the Instruction conflicts with, or purports to impose duties or requirements that exceed those imposed by, the Rules and the ESI Protocol. Defendants cannot reasonably identify or locate documents that mention, discuss, refer to, or explain Documents responsive to the Request, at least without incurring undue expense grossly disproportionate to the case's needs. Defendants will produce family members of electronic documents and documents related to hardcopy documents consistent with and to the extent required by the Rules.

DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS'
THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO EACH DEFENDANT
Case No. 3:20-cv-00076-SI

7

CONFIDENTIAL

7.      Defendants object to Instruction No. 9 as overly broad, unduly burdensome, and disproportionate to the case's needs, including to the extent the Instruction conflicts with, or purports to impose duties or requirements that exceed those imposed by, the ESI Protocol or the Rules, or that are inconsistent with the obligations under the parties' April 3, 2024 agreement on privilege logs. Defendants will produce or log material withheld under a claim of privilege (either in full or in part) consistent with the Rules and pursuant to the terms of the parties' agreement. Defendants will produce the non-privileged portions of material partly withheld under a privilege claim or other claim pursuant to the terms of the ESI Protocol or any subsequent agreement reached by the parties.

<u>**SPECIFIC RESPONSES AND OBJECTIONS**</u>

The following Specific Responses and Objections each incorporate by reference the General Objections, Objections to Definitions, and Objections to Instructions (together, the "Preliminary Objections"), whether or not the Preliminary Objections are specifically reiterated or referenced in the Specific Responses and Objections. Defendants' responses are made subject to and without waiving the Preliminary Objections and any specific objections raised in a particular response.

**REQUEST FOR PRODUCTION NO. 1.**

All Documents Concerning any deposition, including but not limited to certified transcripts and audio and/or video recordings of deposition testimony, taken in the Delaware Litigation. *See e.g.*, June 11, 2024 Deposition Transcript of Rodney Toy at 7:24-8:4, 77:24-78:2.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Defendants object to this Request on the grounds that it constitutes an improper end run around the Court's July 11, 2024 Order (ECF No. 231) limiting the number of depositions that Plaintiffs may take at this time to 15 depositions. The approximately 38 depositions taken in the Delaware Litigation significantly exceed the 15-deposition limit in this action. Defendants further

DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS'
THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO EACH DEFENDANT
Case No. 3:20-cv-00076-SI

8

CONFIDENTIAL

object to this Request, as explained below, on the grounds that: the documents and information from the Delaware Litigation are of limited to no relevance in this action; the wholesale production of cloned discovery from a separate action will result in increased and unnecessary burden to the parties in this case; the Request seeks materials subject to third party and/or other confidentiality restrictions; the Request seeks materials protected by attorney-client privilege, the work product doctrine, and/or other privileges and immunities; and the Request is overly broad and unduly burdensome.

Defendants object to this Request on the ground that the request for "[a]ll Documents Concerning any deposition, including but not limited to certified transcripts and audio and/or video recordings of deposition testimony, taken in the Delaware Litigation"—regardless of subject matter, relevance, or deponent—is not proportional to the needs of the case or relevant to the surviving claims or defenses in this action.  The Delaware Litigation involved different claims and different parties.  The claims in the Delaware Litigation were brought under Delaware law and pertained to the Merger Agreement that Forescout and Advent entered into in February 2020.  The merger-related claims in the Delaware Litigation—for breach of contract and specific performance—have *no* relevance to the federal securities claims in this action concerning pipeline statements made in 2019 and have only limited relevance as to the sole remaining merger-related challenged statement.  Moreover, the lone merger-related statement remaining in this action was not at issue in the Delaware Litigation.  Given the significant differences in issues and parties in this action and the Delaware Litigation, this Request for all deposition-related discovery—and all documents related to such deposition discovery—in the Delaware Litigation necessarily seeks documents and information that have limited to no relevance in this action and are not proportional to the needs of the case.  *See, e.g.*, *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, 2017 WL 4680242, at *1 (N.D. Cal. Oct. 18, 2017) (denying complete access to prior productions, noting that plaintiffs "have not explained how the entire MDL Production is relevant

CONFIDENTIAL

to a claim or defense in their case"); *King County v. Merrill Lynch & Co.*, 2011 WL 3438491, at *2 (W.D. Wash. Aug. 5, 2011) (holding that "discovery requests that seek duplicates of discovery produced in other litigation is [sic] improper as failing to make the requisite showing of relevance").

Defendants further object to Plaintiffs' Request seeking cloned discovery from the Delaware Litigation on the grounds that such discovery will significantly increase the costs and burdens of litigating the remaining claims and thus is not proportional to the needs of the case.

Defendants further object to this Request on the ground that it seeks information subject to third party and/or other confidentiality restrictions. Among other confidentiality protections and restrictions, documents relating to the depositions in the Delaware Litigation are subject to a June 2, 2020 Protective Order (the "Delaware Protective Order") entered in the Delaware Litigation. The Delaware Protective Order limits use of confidential discovery materials only to certain persons "*for use in connection with the [Delaware] Litigation,*" *id.* ¶ 4 (emphasis added), and states that "Discovery Material shall be used solely for purposes of this Litigation and shall not be used for any other purpose, including, . . . *any other litigation or proceeding,*" *id.* ¶ 8 (emphasis added). Defendants are bound by the Delaware Protective Order to object to the production of confidential discovery material produced or designated by other parties to the Delaware Protective Order. *See id.* ¶ 25 (providing that if a person in possession of confidential discovery material receives a subpoena or other compulsory process seeking the production of confidential discovery material produced or designated by a party to the Delaware Protective Order other than the receiver of the compulsory process, the receiver "*must object to the production of the Confidential Discovery Material on the grounds of the existence of [the Delaware Protective Order]*") (emphasis added).

Defendants further object to this Request to the extent it seeks "All Documents" concerning any deposition taken in the Delaware Litigation, which necessarily includes information or

DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS'
THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO EACH DEFENDANT
Case No. 3:20-cv-00076-SI

10

CONFIDENTIAL

materials protected by the attorney-client privilege, the work-product doctrine, the joint defense or common interest privilege, and/or other privileges or immunities. Defendants further object to this Request as overly broad and unduly burdensome.

Pursuant to their objections, Defendants will not search for or produce Documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents sufficient to identify each of Forescout's stockholders of record, the address and number of shares registered in the name of each such stockholder, and all issuances and transfers of Forescout Common Stock between May 10, 2019 and May 15, 2020, both dates inclusive.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Defendants object to this Request to the extent that it seeks documents that are outside of the Defendants' possession, custody, or control. Defendants also object to this Request to the extent that it seeks to compel Defendants to generate or create information and/or documents that do not already exist.

Subject to their objections, Defendants will request that Forescout's former transfer agent provide Lead Plaintiffs with a list of stockholders who purchased or otherwise acquired Forescout Common Stock between May 10, 2019 and May 15, 2020, both dates inclusive, and their addresses.

Dated: August 9, 2024

**ROPES & GRAY LLP**

*/s/ Amy Jane Longo*
Amy Jane Longo
Mark S. Gaioni
10250 Constellation Boulevard

**WILSON SONSINI GOODRICH & ROSATI, Professional Corporation**

*/s/ Diane M. Walters*
Ignacio E. Salceda
Diane M. Walters
Rebecca L. Epstein

CONFIDENTIAL

Los Angeles, CA 90067
Tel: (310) 975-3300
amy.longo@ropesgray.com
mark.gaioni@ropesgray.com

Anne Johnson Palmer
Three Embarcadero Center
San Francisco, CA 94111
Tel: (415) 315-6300
anne.johnsonpalmer@ropesgray.com

Peter L. Welsh (admitted *pro hac vice*)
C. Thomas Brown (admitted *pro hac vice*)
Prudential Tower
800 Boylston Street
Boston, MA 02199
Tel: (617) 951-7000
peter.welsh@ropesgray.com
thomas.brown@ropesgray.com

Charles D. Zagnoli (admitted *pro hac vice*)
191 North Wacker Drive, 32nd Floor
Chicago, IL 60606
Tel: (312) 845-1200
charles.zagnoli@ropesgray.com

**Attorneys for Defendant Forescout
Technologies, Inc.**

650 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 493-9300
isaceda@wsgr.com
dwalters@wsgr.com
bepstein@wsgr.com

**Attorneys for Defendants Michael DeCesare
and Christopher Harms**

DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS'
THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO EACH DEFENDANT
Case No. 3:20-cv-00076-SI

12

CONFIDENTIAL

## CERTIFICATE OF SERVICE

I am employed in the City of Boston, in the state of Massachusetts. I am over the age of 18 years and not a party to this action. My business address is Ropes & Gray LLP, Prudential Tower, 800 Boylston Street, Boston, MA 02199.

On August 9, 2024, I served the following document(s):

**DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO EACH DEFENDANT**

☒      **BY E-MAIL:** I caused the document(s) to be served electronically on the persons at the electronic notification addresses listed below.

| | |
|---|---|
| Jeffrey S. Abraham (*admitted pro hac vice*) ABRAHAM, FRUCHTER & TWERSKY 450 Seventh Avenue, 38th Floor New York, NY 10123 Telephone: (212) 279-5050 *JAbraham@aftlaw.com* <br><br> Attorneys for Co-Lead Plaintiffs | Omar Jafri (*admitted pro hac vice*) POMERANTZ LLP Ten South La Salle Street, Suite 3505 Chicago, IL 60603 Telephone: (312) 377-1181 *ojafri@pomlaw.com* <br><br> Attorneys for Co-Lead Plaintiffs |

I declare under penalty of perjury under the laws of the State of Massachusetts that the foregoing is true and correct.

Executed on August 9, 2024, at Boston, Massachusetts.

*/s/ Stephanie D. Porges*
Stephanie D. Porges

CONFIDENTIAL