UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER L. SAYCE, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>FORESCOUT TECHNOLOGIES, INC., et al.,<br><br>　　　　Defendants. | Case No. 20-cv-00076-SI<br><br>**ORDER RE: AUGUST 14, 2024 JOINT DISCOVERY DISPUTE**<br><br>Re: Dkt. No. 234 |

Before the Court are several discovery disputes between the parties filed on August 14, 2024 in a joint discovery letter. Dkt. No. 234. These disputes all involve lead plaintiffs' second set of requests for production served on defendants on June 27, 2024 and plaintiffs' third set of requests for production served on defendants on July 10, 2024. Dkt. Nos. 234-1, 234-2. The non-expert discovery cutoff date in this case is February 28, 2025. Dkt. No. 236. The Court has reviewed the relevant briefing and attachments, and rules as follows:

**1.    Plaintiffs' Second Set of RFPs**

　　**A.    RFP No. 1**

RFP No. 1 requests: "All responsive Documents pursuant to the Search Protocol from the custodial files of [five named individuals] from the Relevant Period." Dkt. No. 234-1 at 3. According to plaintiffs, these five named individuals are five of plaintiffs' deponents. Dkt. No. 234 at 1. Defendants contend that they have "already produced over 12,000 documents to, from, or copying these individuals in the top email" and "nearly 15,000 documents . . . with these individuals anywhere on the chain." Dkt. No. 234 at 4. According to defendants, these five individuals reported to someone who is already a custodian and three were in sales "like the majority of existing

1  custodians, making their information in their files largely cumulative." *Id.* Plaintiffs contend that
2  before receiving defendants' production they were not in a position to identify custodians and
3  defendants' initial disclosures did not identify the persons plaintiffs now identify, "whose relevance
4  became apparent after reviewing Defendants' production." *Id.* at 1-2.[1]

5  The Court finds this request relevant and proportional to the needs of the case and ORDERS
6  defendants to produce all non-privileged, responsive documents. Defendants need not produce
7  documents that would be duplicative of documents already produced.

### B. RFP No. 2

RFP No. 2 requests: "All Responsive Documents pursuant to the Search Protocol sent to, or from, or copying any Advent employees, including but not limited to [five named individuals] during the Relevant Period." Dkt. No. 234-1 at 3. According to plaintiffs, these five named individuals are Advent International ("Advent") employees "with key roles in the merger." Dkt. No. 234 at 1-2. The Court finds this request overbroad to the extent it seeks documents "including, but not limited to" the five named individuals. The Court finds the requested production as to the five named individuals relevant and proportional to the needs of the case, and ORDERS defendants to produce all responsive, non-privileged documents as to the five named individuals.

### C. RFP No. 3

RFP No. 3 requests: "All Responsive Documents pursuant to the Search Protocol sent to, or from, or copying [three named individuals] during the Relevant Period." Dkt. No. 234-1 at 4. Plaintiffs contend these three named individuals are former Forescout employees who were "three of the most senior people at the Company." Dkt. No. 234 at 2. Plaintiffs assert that "barely 200 documents sent from these individuals have been produced thus far" and these individuals "should have been custodians in the first place, but Defendants destroyed their emails." Dkt. No. 234 at 2. Defendants assert that these three individuals "departed Forescout before or around the time that the

---

[1] On January 16, 2024, the Court issued a discovery order and set a substantial completion deadline of February 13, 2024 for the ordered discovery. Dkt. No. 209.

initial complaint was filed." Dkt. No. 234 at 4. Defendants further contend they have already produced over 2,300 documents "to, from, or copying these individuals on the top email" and "more than 5,000 documents with these individuals anywhere on the chain." *Id.*

The Court finds this request relevant and proportional to the needs of the case and ORDERS defendants to produce all non-privileged, responsive documents to the extent they have not already done so. Defendants need not produce documents that would be duplicative of documents already produced.

### 2. Plaintiffs' Third Set of RFPs, RFP No. 1

RFP No. 1 requests: "All Documents Concerning any deposition, including but not limited to certified transcripts and/or audio recordings of deposition testimony, taken in the Delaware Litigation." Dkt. No. 234-2 at 4. In their joint discovery letter, plaintiffs assert that this RFP "seeks deposition transcripts (and exhibits marked)" from the "Advent-Forescout merger litigation" filed in the Delaware Court of Chancery (the "Delaware Litigation"). Dkt. No. 234 at 1-2. Plaintiffs contend that "[s]everal of the deponents in this case were deposed in the Delaware Litigation, and their prior testimony on the same topics is relevant." *Id.* at 2. Defendants contend that this request is an "improper end-run around the Court's July 11, 2024 Order limiting the number of depositions that Plaintiffs may take at this time to 15." Dkt. No. 234 at 5. Defendants assert there were approximately 38 depositions taken in the Delaware Litigation, which involved different claims (breach of contract and specific performance pertaining to the February 2020 merger agreement between Advent and Forescout) and different parties. *Id.*

The parties also raise a dispute concerning the Protective Order in the Delaware Litigation. Defendants contend documents relating to the Delaware depositions are subject to this Protective Order, "which authorizes distribution of confidential discovery materials only to certain persons 'for use in connection with the [Delaware] Litigation,' and states that 'Discovery Material shall be used solely for purposes of this Litigation and shall not be used for any other purpose, including . . . any other litigation.'" Dkt. No. 234 at 5. Defendants further contend that "Chancery Rule 5.1(h), which Plaintiffs appear to cite, is inapplicable where the deposition materials were not filed on the docket."

*Id.* Plaintiffs contend that "Defendants' reliance on the confidentiality order in the Delaware Litigation is frivolous" because "[t]hat order has no effect upon a producing party's use or disclosure of its own discovery material; documents from the Delaware Litigation have already been produced, and under Delaware law, the confidentiality order has already expired and the parties there took no steps to have it extended." Dkt. No. 234 at 3. If defendants continue to believe the production as ordered by the Court below violates the Protective Order, the parties are directed to file a joint discovery letter regarding this Protective Order with the Protective Order attached.

With respect to the RFP, the Court agrees with plaintiffs that deposition transcripts and exhibits marked from the Delaware Litigation could be relevant to this case and finds plaintiffs' RFP sufficiently specific to the extent it seeks deposition transcripts and exhibits marked because this identifies the specific categories of documents sought. Defendants are thus ORDERED to produce deposition transcripts and exhibits marked for depositions taken in the Delaware Litigation.

**IT IS SO ORDERED**.

Dated: September 3, 2024

_____
SUSAN ILLSTON
United States District Judge