UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Susan Illston, District Judge

SAYCE,                         )
                               )
          Plaintiff,           )
                               )
vs.                            )   No. C 20-00076-SI
                               )
FORESCOUT TECHNOLOGIES,        )
INC., et al.,                  )
                               )
          Defendants.          )
_____)

                                   San Francisco, California
                                   Friday, August 16, 2024

TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC SOUND
          RECORDING 3:05 - 3:16 = 11 MINUTES

APPEARANCES:

For Plaintiff:
                              Pomerantz LLP
                              10 South LaSalle
                              Suite 3505
                              Chicago Illinois 60603
                         BY:  OMAR JAFRI, ESQ.
                              BRIAN O'CONNELL, ESQ.

                              Abraham, Fruchter and Twersky
                                LLP
                              One Penn Plaza
                              Suite 2805
                              New York, New York 10119
                         BY:  JEFFREY S. ABRAHAM, ESQ.
                              MICHAEL J. KLEIN, ESQ.


          (APPEARANCES CONTINUED ON NEXT PAGE)

*Echo Reporting, Inc.*

2

For Defendants:
                              Ropes and Gray LLP
                              800 Boylston Street
                              Boston, Massachusetts 02199
                         BY:  CHRISTOPHER T. BROWN, ESQ.

                              Ropes and Gray LLP
                              10250 Constellation Boulevard
                              Los Angeles, California 90067
                         BY:  MARK S. GAIONI, ESQ.

                              Wilson Sonsini Goodrich &
                                Rosati
                              650 Page Mill Road
                              Palo Alto, California 94304
                         BY:  IGNACIO E. SALCEDA, ESQ.
                              DIANE M. WALTERS, ESQ.

Transcribed by:               Echo Reporting, Inc.
                              Contracted Court Reporter/
                              Transcriber
                              echoreporting@yahoo.com

*Echo Reporting, Inc.*

3

<u>Friday, August 16, 2024</u>                              <u>3:05 p.m.</u>

P-R-O-C-E-E-D-I-N-G-S

--oOo--

THE CLERK:  Now calling civil matter 20-CV-76, Sayce versus Forescout Technologies Incorporated, et al.

Counsel, please state your appearances for the record, starting with Plaintiff.

MR. JAFRI (via Zoom):  Good morning, your Honor. Omar Jafri for the Plaintiffs.  Sorry, good afternoon.

THE COURT:  Good afternoon.

MR. ABRAHAM (via Zoom):  Good afternoon, your Honor.  Jeffrey Abraham of Abraham, Fruchter and Twersky, also for Plaintiffs.  And with me is Michael Klein.

THE COURT:  Good afternoon.

MR. O'CONNELL (via Zoom):  Brian O'Connell.  Good afternoon, your Honor.  Brian O'Connell, also for the Plaintiffs.

THE COURT:  Good afternoon.

MR. BROWN (via Zoom):  Good afternoon, your Honor. C. Thomas Brown of Ropes and Gray on behalf of the Defendant ForeScout, and my colleague Mark Gaioni, who will also be -- who also entered an appearance, should be in the waiting room.

And if you, Ms. Chung, would be able to promote him, we would appreciate it because he's going to speak some.

4

THE COURT:  Okay.  How do you spell his name?

MR. BROWN:  G-A-I-O-N-I.  Mark Gaioni.

THE COURT:  Thank you.

MR. BROWN:  There he is.  Thank you.

MR. SALCEDA (via Zoom):  Good afternoon, your Honor.  Ignacio Salceda, Wilson Sonsini Goodrich and Rosati, on behalf of the Individual Defendants.

THE COURT:  Good afternoon.

MS. WALTERS (via Zoom):  Good afternoon, your Honor.  Diane Walters with Wilson Sonsini Goodrich and Rosati, also on behalf of the Individual Defendants.

THE COURT:  Good afternoon.  That's everybody?

MR. GAIONI (via Zoom):  Yes, your Honor, including Mark Gaioni, who Mr. Brown kindly got out into the room.  Also Ropes and Gray, on behalf of Defendant Forescout.

THE COURT:  Good afternoon.

Okay.  My overall purpose in having this status conference is to set a schedule for the rest of the case.  Prior to arriving at the competing proposals for the schedule, there was quite a bit of invective that you've tossed at one another concerning discovery.  I will deal with the discovery disputes that are submitted to me.  I just got your statement regarding a discovery dispute that was filed, I guess, this week, and I shall -- I haven't studied it yet, but I shall and get back to you.

5

I would suggest that if you were to lower the pitch of the acrimony, you would be better off.  Ill humor begets ill humor on both sides and then possibly even on the part of the neutral fact finder.  So just keep it down.  This is all going to work out in the end, so calm down.  But as I say, I will resolve the issue that's before me.  And if there are other issues that come up, just let me know.  But hurling names at one another won't solve the problem.

Now, looking at the schedule for the balance of the case, Esther, at pages 19 and 20, the parties have competing schedules.  First, let's talk about the deadline to amend the pleadings.  I'm just not going to fill that in.  Given the status of this case and the way it has developed, I don't think there are any more free passes on amending the complaint.  However, as the Plaintiff says, there's no time limit built in on a plain old motion to amend.  There's some things you have to show, but there isn't a specific time limit.  Certainly, if it gets close to trial time, it would be less likely to be granted.  But other than that, if you find out something that makes you think you really need to amend it, go ahead and make the motion and I will take a look at it.

The parties have competing ideas about when discovery should be completed.  I'm inclined to -- and so I'll just give you the dates that I've come up with.  And at the end

6

of the day, you can talk to me about whether that won't work for you.  Fact discovery cutoff, February 28th, 2025.  Opening expert reports, March 14th, 2025.  Rebuttal expert reports, April 11th, 2025.  Replies to expert rebuttal reports due April 30th, 2025.  Expert discovery cutoff, May 16th, 2025.  And then summary judgment motions, June 20th, 2025.  Summary judgment oppos, August 8th, 2025.  Summary judgment replies, September 20 -- September 12th, 2025.  We'll set the hearing for Friday, September 26th, 2025.  I can set the trial for November 10th, 2025.  Does that date work?

Plaintiffs, does that work for Plaintiffs?

MR. JAFRI:  Yes, your Honor.  It does.

THE COURT:  Defendants, does that work for Defendants?

MR. BROWN:  It works for Defendant Forescout, your Honor.

THE COURT:  Okay.  How about the Individual Defendants?

MR. SALCEDA:  Yes, your Honor.  Although I -- November 10, is that a federal holiday for the Veterans Day holiday?

THE COURT:  If it is, then that's my bad.

THE CLERK:  November 10th, 2025, is not the Veterans Day holiday.  It would be November 11th.

MR. SALCEDA:  Okay.

THE COURT:  Okay.  So it wouldn't be a holiday. The 11th would, of course, since the federal court takes all holidays very seriously.  But what we might want to do is pick the jury on the 10th, and that would give the jury a day to recalibrate everything before it had to come back and start serving.  So we can work that out.  But we'll just -- we'll set it down for the 10th.  That means that the pre-trial conference would be -- hang on -- October 28th.  And that means that your pre-trial conference statement would be due October 14th.  So those are the dates that I would suggest.  Will those work?

MR. JAFRI:  Yes, your Honor.  They work for the Plaintiffs.

MR. BROWN:  Yes, for Defendant Forescout.

THE COURT:  Okay.  Now, you said you had an ADR session with Bob Meyer, I believe.  Was that left -- well, when and under -- in what way would you like to readdress ADR?  And given that this is our schedule, when do you think it might be appropriate?

MR. BROWN:  Your Honor, from the perspective of Defendant Forescout --

THE COURT:  Uh-huh.

MR. BROWN:  -- Meyer is -- you know, remains involved and available to us.  Principal lawyers on both

sides are also continuing in contact on the subject of --

THE COURT:  Okay.

MR. BROWN:  -- of a -- of potential settlement. And so, at least from our perspective, it might be better to leave that question open -- a mandated, I mean, additional hearing because we -- whatever progress we may or not be making, we are talking directly and through Mr. Meyer.

THE COURT:  Okay.  And fair warning, the next time we get together, I'll ask you the same question.  So if it seems like it would be useful to schedule something, then we might do it then.

And does the -- do the Plaintiffs agree?

MR. JAFRI:  Yes, your Honor.  We don't --

MR. ABRAHAM:  Yes, your Honor.

MR. JAFRI:  We've had one mediation session.  And while it didn't seem like we reached an agreement, I don't disagree with what Mr. Brown has said.

THE COURT:  Okay.  That's good.

So I would recommend then that we have a further status, let's say in December.

Esther, what would be a good day in December?

THE CLERK:  December 20th.

THE COURT:  December 20th.  Is that a -- this would be a -- this would be a Zoom conference.  Is that a good date?

9

MR. JAFRI:  Yes, your Honor.  It works for the Plaintiffs.

THE COURT:  Defense?

MR. BROWN:  Yes, your Honor.

THE COURT:  It's okay.  All right.  So we'll have a further status on December 20th.  That's a Friday.  We will set it for 3:00 o'clock in the afternoon.  In the event we can, we'll move it up earlier, but we would let you know that a day or two in advance.  And your settlement -- your status conference statement would be due December 13th, a week earlier.

THE CLERK:  Your Honor?

THE COURT:  Yes.

THE CLERK:  Counsel, you had put on your case management conference statement that you -- the parties expect the trial to take three to four weeks.  Is that 15 to 20 days, or is that 21 to 28 days that you guys are requesting?

THE COURT:  Bear in mind that we try cases four days a week.  If you ask for, like, four weeks, that's a really long time, and criminal matters get setting priorities, so you are far more likely to be ousted from your date if it's a long period of time than if it's a short period of time.

MR. JAFRI:  Your Honor, I think for the

10

Plaintiffs, the lighter schedule will work, the first one that Ms. Esther mentioned.

THE CLERK:  15 days total?

MR. JAFRI:  Yes.

THE COURT:  What about Defense?

MR. BROWN:  At this stage, I have no reason to disagree with Mr. Jafri's assessment.

THE COURT:  Okay.  We'll put it down for 15 days, but that's negotiable over time as we kind of see how things fall out.

MR. ABRAHAM:  Your Honor with respect to the December 20th date, I don't want to be the fly in the ointment, but given the time difference between the West and the East Coast and when sundown takes place, if the Court is able to do it early in the day, I would be most appreciative.  If the Court can't, others would attend in my place.

THE COURT:  Esther, what -- can you tell what's on for that day yet?  Probably not.

THE CLERK:  Just for the December 20th date?

THE COURT:  Yeah.

THE CLERK:  We have nothing.

THE COURT:  If we set -- if we set you for 12:30, Mr. Abraham, would that work?  12:30 our time.

MR. ABRAHAM:  That would be -- your Honor, that

11

would be -- that's very nice, your Honor.  Thank you.  I would be able to make it.

THE COURT:  Okay.  Well, we'll do that then.

MR. ABRAHAM:  Thank you.

THE COURT:  Anything else?

MR. JAFRI:  Nothing from the Plaintiffs, your Honor?

MR. BROWN:  Nothing, your Honor.

THE COURT:  Okay.  Thank you all very much.

MR. BROWN:  Thank you.

MS. WALTERS:  Thank you, your Honor.

MR. ABRAHAM:  Have a good day, your Honor.

THE COURT:  Thank you.

(Proceedings adjourned at 3:16 p.m.)

12

CERTIFICATE OF TRANSCRIBER

I certify that the foregoing is a true and correct transcript, to the best of my ability, of the above pages of the official electronic sound recording provided to me by the U.S. District Court, Northern District of California, of the proceedings taken on the date and time previously stated in the above matter.

I further certify that I am neither counsel for, related to, nor employed by any of the parties to the action in which this hearing was taken; and, further, that I am not financially nor otherwise interested in the outcome of the action.

Echo Reporting, Inc., Transcriber

Tuesday, September 3, 2024