**ABRAHAM, FRUCHTER & TWERSKY, LLP**
Patrice L. Bishop (SBN 182256)
9440 Santa Monica Blvd., Suite 301
Beverly Hills, CA 90210
Telephone: (310) 279-5125
pbishop@aftlaw.com

*Class Counsel*

**ROPES & GRAY LLP**
Amy Jane Longo (CSB #198304)
Three Embarcadero Center
San Francisco, CA 94111-4006
Tel: (415) 315-6300
Fax: (415) 315-6350
Amy.Longo@ropesgray.com

*Attorney for Defendant*
*Forescout Technologies, Inc.*

[Additional Counsel on Signature Page]

| | |
|---|---|
| CHRISTOPHER L. SAYCE, Individually and on Behalf of All Others Similarly Situated, ) | CASE NO.: 3:20-cv-00076-SI |
| ) | |
| Plaintiff, ) | CLASS ACTION |
| ) | |
| v. ) | **JOINT STATEMENT REGARDING DISCOVERY DISPUTE** |
| ) | |
| FORESCOUT TECHNOLOGIES, INC., ) MICHAEL DECESARE, and ) CHRISTOPHER HARMS, ) | Judge: Hon. Susan Illston Trial Date: None set |
| ) | |
| Defendants. ) | |
| ) | |

**Plaintiffs' Statement**: On June 26, 2024, Plaintiffs requested permission to take twenty depositions in this action. On July 10, 2024, the Court entered an Order, finding that Plaintiffs had demonstrated the need to exceed the presumptive limit of ten depositions because of the complexity of this certified securities class action. ECF No. 231 at 2. The Court at that time gave Plaintiffs leave to take fifteen depositions and stated that "if plaintiffs believe additional depositions are necessary after taking fifteen depositions, they may seek leave from the Court to take more." *Id.* Eight depositions have been taken, two are scheduled for October 2024, two others are noticed and one additional witness has been served – making for a total of thirteen depositions.

This leaves Plaintiffs with only two additional depositions permitted by the Court's July 10, 2024 Order, which are reserved for the individual defendants. Plaintiffs intend to depose the individual defendants after discovery is fully developed, and after senior executives who directly reported to the individual defendants are deposed. Plaintiffs also intend to depose Advent International, as well as potentially Merlin International to corroborate allegations that Forescout frontloaded large, unprofitable deals through Merlin at quarter-end to meet bookings targets thereby masking the weaknesses in the pipeline and rendering Defendants' positive statements about the pipeline materially false and misleading when made.[1]

On August 9, 2024, the parties submitted a joint case management statement. ECF No. 233. Plaintiffs requested a fact discovery cut-off of March 21, 2025, to provide sufficient time to serve three important witnesses who reside in England and Australia.[2] *Id.* at 13-15, 19. Defendants opposed this request, and asked the Court to end fact discovery on December 6, 2024. *Id.* at 16-18, 19. On August 21, 2024, a Pretrial Preparation Order was entered that ends fact discovery on February 28, 2025. ECF No. 236 at 1. Plaintiffs believe that the schedule provides sufficient time to serve and depose the witnesses who reside abroad. All three witnesses are represented by Forescout's counsel but refuse to voluntarily appear for depositions. At their own expense, Plaintiffs

---

[1] Defendants misconstrue this as a "channel stuffing claim," but it is additional evidence to show the reinstated statements are false that can be considered at the next stage of litigation.

[2] Defendants have known about Plaintiffs' intention to depose witnesses abroad since at least the beginning of this year.

retained counsel in England and Australia to serve and depose the witnesses. As the Court is aware, service abroad takes longer and is dependent on how quickly a foreign court acts. It is also complicated including, for example, because depositions in Australia need to be taken by counsel licensed to practice in Australia and be in person before a judicial officer. Plaintiffs intend to ask the Court to issue Letters Rogatory with respect to the depositions of the foreign witnesses. Additional time to serve and depose foreign witnesses was the sole reason why Plaintiffs requested and received more time to complete discovery. ECF No. 233 at p. 15. The Class will pay for the expense of service. Should Plaintiffs not be allowed to take more than fifteen depositions, the expense will be a waste borne by the Class. And if Plaintiffs wait until all fifteen depositions are taken before expending time and resources to serve the recalcitrant witnesses, Plaintiffs may not have enough time to serve and depose them.

The July 10, 2024 Order did not bar Plaintiffs from seeking permission to take more depositions irrespective of the circumstances, and Defendants' interpretation of that Order would force Plaintiffs to depose the individual defendants before five additional depositions are taken or risk foregoing the depositions altogether. Plaintiffs do not believe the July 10, 2024 Order was meant to prejudice their case in this way. Plaintiffs want to depose the individual defendants last regardless of whether the Court allows fifteen depositions or twenty depositions. For this reason, Defendants' arguments concerning ripeness and the prioritization of depositions are irrelevant. They also ignore that Plaintiffs can easily reprioritize the depositions before the close of discovery once there is certainty about the number of depositions allowed. The issue here is whether the Class should bear the expense of serving recalcitrant witnesses abroad without knowing whether five additional depositions will be permitted. Defendants' desire to avoid even a ruling on this issue at this time harms the Class and may subject it to unnecessary expense.

Plaintiffs further note that they could have taken all fifteen depositions by now but for Defendants' delays. Defendants take weeks and sometimes months to agree on dates. Recently, Defendants' counsel accepted service on behalf of Ms. Erin O'Leary on September 3, 2024. No proposed dates have been provided since then despite Plaintiffs' outreach. Simply put, Defendants prevented Plaintiffs from exhausting the allotted depositions in an attempt to delay discovery.

Defendants' understanding of the July 10, 2024 Order is also inaccurate because, contrary to Defendants' claims, the Court found that Plaintiffs made a particularized need for expanding the number of depositions. ECF No. 231 at 2. As such, the Court has already rejected many of the arguments Defendants continue to assert. *Id.* Defendants' recitation of the facts is also inaccurate because Plaintiffs did not prioritize "less important witnesses," or elicit duplicative testimony at depositions. This is apparent from scrutinizing Defendants' own example. Plaintiffs believe Rodney Toy's custodial files contain enough emails to defeat any attempt to avoid a trial in this action, and both Jason Anderson and Jonathan Alford possess unique information. Toy also unwittingly undermined Defendants' chief defense at his deposition. If anything, Plaintiffs waived their right to depose important witnesses, including foregoing the deposition of a key employee mentioned in the Complaint because he has a serious medical condition.

For all of these reasons, Plaintiffs respectfully request the Court to allow for an additional five depositions now.

**DEFENDANTS' POSITION**: On June 26, 2024, Plaintiffs first sought this Court's leave to take twenty depositions. ECF No. 228. The Court denied that request, instead granting Plaintiffs leave to take fifteen depositions and clearly stating, "If Plaintiffs still believe additional depositions are necessary *after taking fifteen depositions*, they may seek leave from the Court to take more." ECF No. 231, "Order" at 2:22–23 (emphasis added). At this point Plaintiffs have taken only eight depositions.[3] Their request is therefore premature, akin to a motion to reconsider rather than a new motion for expansion of the deposition limit.[4] The request should be denied on that basis alone.

---

[3] Plaintiffs have to date taken depositions of (i) Rob Gillespie (April 26, 2024), (ii) Michelle Spolver (May 24, 2024), (iii) Rodney Toy (June 11, 2024), (iv) Grant Wilson (third-party Force Management) (June 18, 2024), (v) Matt Hartley (July 10, 2024), (vi) Mick Roberts (July 24, 2024), (vii) Niels Jensen (September 10, 2024), and (viii) Jason Anderson (September 12, 2024). Plaintiffs have also noticed (i) Pedro Abreu, (ii) Holly Grey, (iii) Jonathan Alford, and (iv) Brian Gumbel. Plaintiffs' complaints about the pace of scheduling ignore that all but two of the witnesses they have requested are former employees and third parties, including Ms. O'Leary, who, as Plaintiffs were advised, was traveling internationally during the first half of September.

[4] Plaintiffs' position is even at odds with their own statement little more than a month ago in the Parties' joint case management statement that they "anticipate requesting the Court to allow an additional five depositions . . . *after at least ten depositions are taken*." ECF No. 233, at 13:11–13 (emphasis added).

There is also no prejudice to Plaintiffs in requiring that they complete fifteen depositions before seeking leave for more. Plaintiffs claim that this would leave them with only two remaining depositions beyond those they have taken or noticed, but they have been fully aware of the Order's expanded limit of fifteen and have had the ability to prioritize depositions based on their perceived importance. Consistent with the Order, Plaintiffs should be required to prioritize the fifteen depositions they think most important, and then come back—with the full record of those fifteen in hand—and explain why additional expansion is needed. Likewise, Defendants are entitled to a full record on which to argue about any expansion request. Plaintiffs' attempt to move for additional expansion at this stage boils down to requesting that they need not operate within the limits the Court previously set. But Plaintiffs are not entitled to unlimited discovery under the Federal Rules, and rejecting their request under these circumstances would be consistent with the Order as well as case law indicating that "courts will generally not grant leave to expand the number of depositions until the moving party has exhausted [their allotted depositions]." *See O'Connell v. Celonis, Inc.*, No. 22-cv-02320, 2023 WL 5022273, at *1 (N.D. Cal. July 21, 2023) (citing *Authentec, Inc. v. Atrua Techs., Inc.*, No. 08-1423, 2008 WL 5120767, at *1 (N.D. Cal. Dec. 4, 2008)).[5]

Beyond the premature nature of the request, the same reasoning that applied in the Court's prior Order limiting Plaintiffs to fifteen depositions applies now. Plaintiffs cannot meet their burden to "make a particularized showing of the need" for doubling the presumptive ten depositions per side under the Federal Rules. *See O'Connell v. Celonis*, 2023 WL 5022273, at *1 ("A party seeking to exceed the presumptive number of depositions must make a particularized showing of the need for the additional discovery."). Simply asserting that there are more than ten (or here, fifteen) witnesses with relevant testimony is insufficient to meet this burden. *See Finazzo v. Hawaiian Airlines*, No. 05-00524 JMS-LEK, 2007 WL 1425241, at *3–4 (D. Haw. May 10, 2007). Rather, Plaintiffs must show why each additional witness they seek is specifically justified beyond the original limit. *See id.*

---

[5] In an effort to avoid a needless dispute and despite the Court's clear directive, on September 19, 2024, Defendants offered to stipulate to expand the permitted number of depositions in this case from fifteen to seventeen. This compromise position would allow for all noticed depositions to be taken as well as those of the Individual Defendants. Plaintiffs rejected this offer outright and stated that they would not accept fewer than twenty depositions.

at *3 (rejecting "very generalized bases" for expanding deposition limit). Plaintiffs have certainly not done so here; they base their request for additional depositions in part on their desire to take the testimony of Merlin International, yet none of Plaintiffs' surviving claims relate to this non-party. *See* Order Granting Defendants' Motions to Dismiss, ECF No. 158 11:22–12:20 (dismissing allegations of channel stuffing, which were not maintained on appeal).

Plaintiffs' request is at bottom driven by their own strategic choice to prioritize depositions of less-important witnesses. Plaintiffs cannot now claim that they need additional slots to take depositions of the Individual Defendants (obviously key witnesses), critical third parties such as Advent, and three "important witnesses" who reside internationally when the need for those depositions was evident from the start and yet they chose to take and/or notice additional depositions of other witnesses that would total more than fifteen.[6] Plaintiffs have also made the strategic choice to depose witnesses with overlapping areas of responsibility. For example, Plaintiffs noticed the deposition of Jason Anderson, Senior Director - Sales Operations, for September 12, 2024. On September 10, 2024, before even taking Mr. Anderson's deposition, Plaintiffs noticed the deposition of Jonathan Alford, who was a Senior Director in the same department during the same time period. Rodney Toy, whom Plaintiffs deposed on June 11, 2024, was a VP in the very same department.[7] This approach has resulted in Plaintiffs' using up deposition slots on witnesses that are "unreasonably cumulative, duplicative, [and] burdensome." Order at 2:14–17, *citing Newport v. Burger King Corp.*, No. C-10-04511-WHA (DMR), 2011 WL 3607973, at *1 (N.D. Cal. Aug. 16, 2011). Such cumulative and duplicative discovery is disproportionate to the needs of the case and does not warrant additional expansion of the deposition limits.

Accordingly, and for all the foregoing reasons, Plaintiffs' request should be denied.

---

[6] Plaintiffs' statement that the "sole reason" the Court extended the fact discovery deadline into February 2025 was to allow them "[a]dditional time to serve and depose foreign witnesses" is not supported by the record. In any case, Plaintiffs only this month noticed their intent to seek issuance of a Letter Rogatory for a foreign deponent.

[7] Defendants strongly disagree with Plaintiffs' assertions about what the custodial files and deposition testimony of Mr. Toy purportedly show. That disagreement, however, has no bearing on whether Mr. Anderson or Mr. Alford have non-duplicative testimony that would justify expanding the limits so that Plaintiffs can depose all three of them plus all of the other witnesses they claim they need.

Dated: September 27, 2024

**POMERANTZ LLP**[8]

   */s/ Omar Jafri*
Omar Jafri (admitted *pro hac vice*)
Patrick Dahlstrom (admitted *pro hac vice*)
Brian O'Connell (SBN 314318)
Genc Arifi (admitted *pro hac vice*)
Ten South La Salle Street, Suite 3505
Chicago, Illinois 60603
Tel: (312) 377-1181
ojafri@pomlaw.com
pdahlstrom@pomlaw.com


Jeremy A. Lieberman (admitted *pro hac vice*)
J. Alexander Hood II (admitted *pro hac vice*)
600 Third Avenue, 20th Floor
New York, NY 10016
(212) 661-1100
jalieberman@pomlaw.com
ahood@pomlaw.com

*-and-*

**ABRAHAM, FRUCHTER & TWERSKY, LLP**

   */s/ Jeffrey S. Abraham*
Jeffrey S. Abraham (admitted *pro hac vice*)
Michael Jason Klein (admitted *pro hac vice*)
450 Seventh Avenue, 38th Floor
New York, NY 10123
Tel: (212) 279-5050
JAbraham@aftlaw.com
mklein@aftlaw.com


Patrice L. Bishop
9440 Santa Monica Blvd., Suite 301
Beverly Hills, CA 90210
(310) 279-5125
pbishop@aftlaw.com

***Attorneys for the Class Representatives and the Class***

**ROPES & GRAY LLP**

   */s/ Amy Jane Longo*
Amy Jane Longo
Mark S. Gaioni
10250 Constellation Boulevard
Los Angeles, CA 90067
Tel: (310) 975-3300
amy.longo@ropesgray.com
mark.gaioni@ropesgray.com


Anne Johnson Palmer
Three Embarcadero Center
San Francisco, CA 94111-4006
Tel: (415) 315-6300
anne.johnsonpalmer@ropesgray.com


Peter L. Welsh (admitted *pro hac vice*)
C. Thomas Brown (admitted *pro hac vice*)
Prudential Tower
800 Boylston Street
Boston, MA 02199
Tel: (617) 951-7000
peter.welsh@ropesgray.com
thomas.brown@ropesgray.com


Charles D. Zagnoli (admitted *pro hac vice*)
191 North Wacker Drive, 32nd Floor
Chicago, IL 60606
Tel: (312) 845-1200
charles.zagnoli@ropesgray.com

***Attorneys for Defendant Forescout Technologies, Inc.***

**WILSON SONSINI GOODRICH & ROSATI, Professional Corporation**

   */s/ Diane M. Walters*
Ignacio E. Salceda
Diane M. Walters
Rebecca L. Epstein
650 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 493-9300
isalceda@wsgr.com

dwalters@wsgr.com
bepstein@wsgr.com

***Attorneys for Defendants Michael DeCesare
and Christopher Harms***

<u>**Certificate of Service**</u>

I certify that, on the date stamped above, I caused this document to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of filing by email to counsel of record for all parties.

*/s/ Omar Jafri*
Omar Jafri

<u>**SIGNATURE ATTESTATION**</u>

Pursuant to Civil Local Rule 5-1(i)(3), the filer attests that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content, and have authorized the filing.

Dated: September 27, 2024                    */s/ Omar Jafri*
                                             Omar Jafri

---

[8] Orly Guy and Eitan Lavie, who are Of Counsel to Pomerantz LLP and admitted to practice in Israel, also provide advice to Meitav Mutual Funds Ltd. in connection with this matter.