**POMERANTZ LLP**
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

**ABRAHAM, FRUCHTER
    & TWERSKY, LLP**
Patrice L. Bishop (SBN 182256)
9440 Santa Monica Blvd., Suite 301
Beverly Hills, CA 90210
Telephone: (310) 279-5125
pbishop@aftlaw.com

*Co-Lead Counsel for Lead Plaintiffs
and the Class*

[*Additional Counsel on Signature Page*]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CHRISTOPHER L. SAYCE, individually and on behalf of all others similarly situated, | CASE NO.: 3:20-cv-00076-SI |
| | CLASS ACTION |
| Plaintiff, | **CLASS PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR ISSUANCE OF LETTER ROGATORY; MEMORANDUM OF POINTS AND AUTHORITIES** |
| vs. | |
| FORESCOUT TECHNOLOGIES, INC., *et al*., Defendants. | Hearing Date: November 22, 2024 Time: 10:00 a.m. Judge: Hon. Susan Illston Court Room: 1 – 17th Floor |

CLASS PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION
FOR ISSUANCE OF LETTER ROGATORY
Case No. 3:20-cv-00076-SI

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on November 22, 2024, at 10:00 a.m., before the Honorable Susan Ilston, United States District Judge, at Courtroom 1, 17th Floor, of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, in San Francisco, California, or at such other time as this Court may Order, Lead Plaintiffs and Class Representatives the Glazer Funds[1] and Meitav Mutual Funds Ltd. (collectively "Plaintiffs"), by and through their undersigned counsel, will and do move the Court, pursuant to 28 U.S.C. § 1781 and the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Convention"), to issue a Letter Rogatory to Myles Bray ("Bray"), who led Forescout Technologies Inc.'s ("Forescout" or the "Company") Europe, Middle East, and Africa ("EMEA") region during the certified Class Period of May 10, 2019, through May 15, 2020 (the "Class Period"). *See* Dkt. No. 227 at 38. Plaintiffs bring this Motion to obtain relevant non-duplicative evidence unavailable to them by any other means, because Mr. Bray, who is represented by the same attorneys at Ropes & Gray LLP representing Forescout, is not subject to the Court's subpoena power or willing to voluntarily testify.

Plaintiffs respectfully request that this Court issue a Letter Rogatory directed toward Mr. Bray to the appropriate judicial authority of the United Kingdom because, upon information and belief, Mr. Bray is located in the United Kingdom, a country that is a party to the Hague Convention. Accompanying this Notice of Motion and Motion for Letter Rogatory (the "Motion") is a supporting Memorandum of Points and Authorities; the Declaration of Omar Jafri in Support of Class Plaintiffs' Motion for Issuance of Letter Rogatory (the "Jafri Decl."), court-appointed co-lead counsel for the Class and partner in the law firm of Pomerantz LLP; a proposed order granting the relief sought by Plaintiffs; certain supporting exhibits, including without limitation. the Letter Rogatory directed toward Mr. Bray that Plaintiffs request the Court issue to the appropriate judicial authority of the United Kingdom.

---

[1] The Glazer Funds refers to Glazer Capital Management, L.P., Glazer Enhanced Fund, L.P., Glazer Enhanced Offshore Fund, Ltd., Glazer Offshore Fund, Ltd., and Highmark Limited, in respect of its Segregated Account Highmark Multi-Strategy 2. *See* Dkt. No. 196-1.

## STATEMENT OF ISSUES TO BE DECIDED

Whether a Letter Rogatory should be issued with respect to the deposition of Mr. Bray.

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Plaintiffs bring this Motion, pursuant to 28 U.S.C. § 1781 and the Hague Convention, to seek documents and testimony from Mr. Bray.

Discovery has revealed that Mr. Bray was the head of Forescout's EMEA region during the Class Period. Plaintiffs are further advised that Mr. Bray has retained Ropes & Gray LLP, counsel to Forescout, to represent him and that Mr. Bray is located in the United Kingdom, outside of the Court's subpoena power. Mr. Bray declined Plaintiffs' request to voluntarily testify in this matter, which request was based on Plaintiffs' belief that documents produced in this litigation support Plaintiffs' allegations and that, to complete the picture with respect to Defendants' statements about Forescout's EMEA region, Mr. Bray's testimony is required. Plaintiffs believe that fairness also supports this request because Mr. Bray is represented by Forescout's counsel and can submit declarations in support of Defendants on, for example, summary judgment.

Defendants have stated that they take no position on the Motion and do not intend to oppose it; but that they otherwise reserve all rights, as does Mr. Bray.

### BACKGROUND

Plaintiffs believe that Mr. Bray, who is domiciled in England, has evidence relevant to the claims in the Second Amended Complaint (Dkt. No. 142, the "SAC"). Plaintiffs, therefore seek, to obtain this highly relevant evidence via the Hague Convention, to which both the United States and the United Kingdom are parties.[2]

As alleged in the SAC, Defendants attributed a decline in Forescout's sales growth during Q3 2019 to deteriorating macroeconomic conditions and extended sales cycles in the EMEA region. Dkt.

---

[2] HCCH, *Status Table*, https://www.hcch.net/en/instruments/conventions/status-table/?cid=82 (last visited August 2, 2024).

No. 142, ¶47.  As the Ninth Circuit summarized these allegations, "in October 2019, Forescout preannounced poor financial results for the third quarter of 2019.  Nonetheless, the company again assured investors that the sales pipeline was continuing to grow.  It blamed the missed revenue on deals having slipped because of extended approval cycles due to poor economic conditions in [the EMEA region]." *Glazer Cap. Mgmt., L.P. v. Forescout Techs., Inc.*, 63 F.4th 747, 757, 760 (9th Cir. 2023).  Plaintiffs believe that statement is actionable under federal securities laws (*id.* at 781-82) and are taking discovery with respect to the same.

During the Class Period, Mr. Bray was a Vice President of Forescout's EMEA region.  *See* Jafri Decl., Ex. 1 (LinkedIn profile).  On September 3, 2024, Plaintiffs' counsel sent an email to counsel at Ropes & Gray LLP, which represents both Forescout and Mr. Bray stating, in relevant part, that Plaintiffs wish to depose Mr. Bray because of his "key involvement with key aspects of this case, not least of which being that he was the head of [Forescout]'s EMEA region during the relevant period for this ongoing dispute" and asking whether Mr. Bray, despite residing in England, will voluntarily sit for deposition.  *See Id.*, Ex. 2 (email chain).  Ropes & Gray LLP responded on September 10 that "as [Ropes & Gray] noted in May, Mr. Bray is not subject to subpoena power in connection with this action" and "will not agree to sit for a voluntary deposition." *Id.*  Defendants later confirmed that they do not dispute that the testimony sought from Mr. Bray is arguably relevant with respect to certain alleged misstatements.  Based on these facts and others uncovered in discovery, Plaintiffs seek deposition testimony from Mr. Bray.

## LEGAL STANDARD

"A letter rogatory is a formal written request sent by a court to a foreign court asking that the testimony of a witness residing within that foreign court's jurisdiction be taken pursuant to the direction of that foreign court and transmitted to the requesting court for use in a pending action." *Asis Internet Servs. v. Optin Global, Inc.*, No. C-05-05124 JCS, 2007 WL 1880369, at *3 (N.D. Cal. June 29, 2007) (citation omitted); *see also Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 n.1 (2004) (defining "letter rogatory" as "the request by a domestic court to a foreign court to take evidence from a certain witness").  The Federal Rules of Civil Procedure provide for the taking of

depositions within foreign countries through a letter rogatory. *See* Fed. R. Civ. P. 28(b)(1)(B) ("A deposition may be taken in a foreign country ... under a letter of request, whether or not captioned a 'letter rogatory[.]'"). The Hague Convention, to which both the United Kingdom and the United States are signatories, serves as the means for the taking of evidence abroad in civil matters. *See S.E.C. v. Leslie*, No. C 07–03444 JF (PVT), 2009 WL 688836, at *3 (N.D. Cal. Mar. 16, 2009).

Courts have "inherent power to issue Letters Rogatory," *United States v. Staples*, 256 F.2d 290, 292 (9th Cir. 1958), and "[w]hether to issue such a letter is a matter of discretion for the court." *Barnes & Noble, Inc. v. LSI Corp.*, No. C 11–02709 EMC (LB), 2012 WL 1808849, at *2 (N.D. Cal. May 17, 2012). "Judges in this district have held that motions requesting issuance of a letter of request or a letter rogatory should generally be granted and that the opposing party must show good reason for a court to deny an application for a letter rogatory." *Zoho Corp. Pvt. Ltd. v. Freshworks, Inc.*, No. 20-cv-01869-VC (TSH), 2021 WL 2769009, at *2 (N.D. Cal. July 2, 2021) (cleaned up).

"When determining whether to exercise its discretion, a court will generally not weigh the evidence sought from the discovery request nor will it attempt to predict whether that evidence will actually be obtained." *Asis Internet Servs.*, 2007 WL 1880369, at *3. A court must instead apply "Rule 28(b) in light of the scope of discovery provided for by the Federal Rules of Civil Procedure." *Id.* (collecting cases). Under Rule 26(b), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). As this Court has recognized, "broad discovery is favored because 'wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for truth.'" *Vondersaar v. Starbucks Corp.*, No. C 13-80061 SI, 2013 WL 1915746, at *4 (N.D. Cal. May 8, 2013) (quoiting *Epstein v. MCA, Inc.*, 54 F.3d 1422, 1423 (9th Cir.1995)).

## ARGUMENT

**A.    Issuance of a Letter Rogatory Is an Appropriate Means to Seek Discovery and Gather Evidence from Mr. Bray**

Plaintiffs' proposed Letter Rogatory conforms with all necessary formalities and requirements of Article 3 of the Hague Convention. Jafri Decl. ¶4 & Ex. 3. The Letter Rogatory specifies: (a) the

authority requesting its execution and the authority requested to execute it; (b) the names and addresses of the parties to the proceedings and their representatives; (c) the nature of the proceedings for which the evidence is required; and (d) the evidence to be obtained or other judicial act to be performed. *See* Hague Convention, Art. 3(a)–(d). Accordingly, the Hague Convention is an appropriate means to seek discovery from Mr. Bray.

**B.     Mr. Bray Possesses Relevant Evidence to Which Plaintiffs Are Entitled**

Plaintiffs request the issuance of a letter rogatory to depose Mr. Bray regarding his unique knowledge of Forescout's EMEA region during the certified Class Period. *See, e.g.*, Dkt. No. 227. The testimony of Forescout's then-head of the EMEA region is clearly relevant to Plaintiffs' claim that Defendants falsely blamed macroeconomic conditions in that region for revenue shortfalls when the real reason was an unreliable sales pipeline and illusory deals. Mr. Bray had, and presumably has, personal knowledge of information relevant to that specific issue, and taking his deposition is important to prosecuting this Action. Documents produced in this Action demonstrate these facts conclusively, and fully support Plaintiffs' motion for this Court to issue a Letter of Request for Mr. Bray's deposition – Defendants' and Mr. Bray's counsel does not contest that testimony from Mr. Bray is arguably relevant with respect to certain challenged statements in the SAC, but Defendants otherwise deny Plaintiffs' claims in the SAC and as characterized herein.

Because Mr. Bray is not subject to this Court's subpoena power as a resident of the United Kingdom (*see* Jafri Decl., Ex. 2), and because Mr. Bray declines to give testimony without being compelled to do so, Plaintiffs' only remaining option is to obtain Mr. Bray's testimony through the provisions of the Hague Convention. The attached Letter Rogatory is narrowly tailored to allow the Plaintiffs to obtain crucial information from a person who is highly likely to have direct knowledge regarding Forescout's EMEA region during the Class Period.

Counsel representing Forescout and Mr. Bray has not disputed Mr. Bray having "key involvement with key aspects of this case, not least of which being that he was the head of [Forescout]'s EMEA region during the relevant period for this ongoing dispute[.]" Jafri Decl. Ex. 2. Instead, counsel has indicated that he will not sit for deposition voluntarily without formal process.

*Id.*  Defendants do not dispute that the testimony sought from Mr. Bray is arguably relevant with respect to certain alleged misstatements.  Plaintiffs believe that, alone, justifies issuing the Letter Rogatory sought by this Motion.

Any attempt to argue that Mr. Bray does not possess relevant evidence that is not otherwise available would be doomed to fail, as conceded by his and Defendants' shared counsel.

### CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' Motion and issue a Letter Rogatory with respect to the deposition of Mr. Bray.

Dated: October 15, 2024

Respectfully submitted,

**POMERANTZ LLP**

*/s/ Omar Jafri*
Omar Jafri (admitted *pro hac vice*)
Patrick Dahlstrom (admitted *pro hac vice*)
Brian P. O'Connell (SBN 314318)
Genc Arifi (admitted *pro hac vice*)
Ten South La Salle Street, Suite 3505
Chicago, Illinois 60603
Tel: (312) 377-1181
ojafri@pomlaw.com
pdahlstrom@pomlaw.com
boconnell@pomlaw.com
garifi@pomlaw.com

Jeremy A. Lieberman (admitted *pro hac vice*)
J. Alexander Hood II (admitted *pro hac vice*)
600 Third Avenue, 20th Floor
New York, NY 10016
Tel: (212) 661-1100
jalieberman@pomlaw.com
ahood@pomlaw.com

Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Tel: (310) 405-7190
jpafiti@pomlaw.com

*-and-*

**ABRAHAM, FRUCHTER & TWERSKY, LLP**

*/s/Jeffrey S. Abraham*
Jeffrey S. Abraham (admitted *pro hac vice*)
Michael Jason Klein (admitted *pro hac vice*)
450 Seventh Avenue, 38th Floor
New York, NY 10123
Tel: (212) 279-5050
jabraham@aftlaw.com
mklein@aftlaw.com

Patrice L. Bishop (SBN 182256)
9440 Santa Monica Blvd., Suite 301
Beverly Hills, CA 90210
Tel: (310) 279-5125
pbishop@aftlaw.com

*Class Counsel*


## ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)

Pursuant to Civil L.R. 5-1(i)(3), I, Omar Jafri, attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated:  October 15, 2024                    *s/ Omar Jafri*