**POMERANTZ LLP**
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

**ABRAHAM, FRUCHTER**
**   & TWERSKY, LLP**
Patrice L. Bishop (SBN 182256)
9440 Santa Monica Blvd., Suite 301
Beverly Hills, CA 90210
Telephone: (310) 279-5125
pbishop@aftlaw.com

*Co-Lead Counsel for Lead Plaintiffs*
*and the Class*

[*Additional Counsel on Signature Page*]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CHRISTOPHER L. SAYCE, individually and on behalf of all others similarly situated, | CASE NO.: 3:20-cv-00076-SI |
| | <u>CLASS ACTION</u> |
| Plaintiff, | **CLASS PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR ISSUANCE OF LETTER ROGATORY; MEMORANDUM OF POINTS AND AUTHORITIES** |
| vs. | |
| FORESCOUT TECHNOLOGIES, INC., *et al.*, Defendants. | Hearing Date: January 3, 2025 Time: 10:00 a.m. Judge: Hon. Susan Illston Court Room: 1 – 17th Floor |

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on January 3, 2025, at 10:00 a.m., before the Honorable Susan Illston, United States District Judge, at Courtroom 1, 17th Floor, of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, in San Francisco, California, or at such other time as this Court may Order, Lead Plaintiffs and Class Representatives the Glazer Funds[1] and Meitav Mutual Funds Ltd. (collectively "Plaintiffs"), by and through their undersigned counsel, will and do move the Court, pursuant to 28 U.S.C. § 1781 and the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Convention"), to issue a Letter Rogatory to Stephen Redman ("Redman") and Aaron Martin ("Martin").  Mr. Redman served as Forescout Technologies Inc.'s ("Forescout" or the "Company") Chief Revenue Officer and previously led the Company's Asia Pacific and Japan ("APJ") region, and Mr. Martin served as the Vice President of Business Operations and Enablement during the certified Class Period of May 10, 2019, through May 15, 2020 (the "Class Period").  *See* Dkt. No. 227 at 38.  Mr. Redman and Mr. Martin both reported directly to Chief Executive Officer ("CEO") Michael DeCesare ("DeCesare"), an Individual Defendant in this Action.  Plaintiffs bring this Motion to obtain relevant non-duplicative evidence unavailable to them by any other means, because Mr. Redman and Mr. Martin, who are represented by the same attorneys at Ropes & Gray LLP representing Forescout, are not subject to the Court's subpoena power or willing to voluntarily testify.

Plaintiffs respectfully request that this Court issue a Letter Rogatory directed toward Mr. Redman and Mr. Martin to the appropriate judicial authority of Australia because, upon information and belief, Mr. Redman and Mr. Martin are located in Australia, a country that is a party to the Hague Convention.  Accompanying this Notice of Motion and Motion for Letter Rogatory (the "Motion") is a supporting Memorandum of Points and Authorities; the Declaration of Omar Jafri in Support of Class Plaintiffs' Motion for Issuance of Letter Rogatory (the "Jafri Decl."), court-appointed co-lead counsel for the Class and partner in the law firm of Pomerantz LLP; a proposed order granting the

---

[1]    The Glazer Funds refers to Glazer Capital Management, L.P., Glazer Enhanced Fund, L.P., Glazer Enhanced Offshore Fund, Ltd., Glazer Offshore Fund, Ltd., and Highmark Limited, in respect of its Segregated Account Highmark Multi-Strategy 2.  *See* Dkt. No. 196-1.

relief sought by Plaintiffs; and certain supporting exhibits, including without limitation the Letter Rogatory directed toward Mr. Redman and Mr. Martin that Plaintiffs request the Court issue to the appropriate judicial authority of Australia.

## STATEMENT OF ISSUES TO BE DECIDED

Whether a Letter Rogatory should be issued with respect to the depositions of Mr. Redman and Mr. Martin.

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Plaintiffs bring this Motion, pursuant to 28 U.S.C. § 1781 and the Hague Convention, to seek documents and testimony from Mr. Redman and Mr. Martin.

Both Mr. Redman and Mr. Martin were named in the Second Amended Complaint ("SAC") as individuals at the Company who possess unique knowledge relevant to the claims asserted in this Action. ECF No. 142. Mr. Redman's name appears 25 times in the SAC (in paragraphs 6, 7, 43, 45.A, 45.C, 45.E, 45.G, 45.L, 52.G, 82, 88.E.iii, 99.E, 100.C, 100.F, 100.G, 112, 122.C). Mr. Martin's name appears 11 times in the SAC (in paragraphs 45.H, 45.I, 45.J, 100.D, 123.C).

Mr. Redman was Forescout's Chief Revenue Officer with oversight over the Company's sales and marketing organization, and previously served as the head of Forescout's APJ region during the Class Period. Mr. Martin served as the Vice President of Business Operations and Enablement. Discovery has also indicated that both Mr. Redman and Mr. Martin reported directly to CEO DeCesare during the Class Period. Plaintiffs are further advised that Mr. Redman and Mr. Martin have retained Ropes & Gray LLP, counsel to Forescout, to represent them and that both Mr. Redman and Mr. Martin are located in Australia, outside of the Court's subpoena power. Both Mr. Redman and Mr. Martin declined Plaintiffs' request to voluntarily testify in this matter, which request was based on Plaintiffs' belief that documents produced in this litigation support Plaintiffs' allegations and that, to complete the picture with respect to Defendants' statements about Forescout's sales pipeline and sales practices, Mr. Redman's and Mr. Martin's testimony is required. Plaintiffs believe that fairness also supports

this request because Mr. Redman and Mr. Martin are represented by Forescout's counsel and can submit declarations in support of Defendants at, for example, summary judgment.

Defendants have stated that they take no position on the Motion and do not intend to oppose it; but that they otherwise reserve all rights, as do Mr. Redman and Mr. Martin.

**BACKGROUND**

Plaintiffs believe that Mr. Redman and Mr. Martin, who are domiciled in Australia, have evidence relevant to the claims in the SAC. Plaintiffs, therefore seek, to obtain this highly relevant evidence via the Hague Convention, to which both the United States and Australia are parties.[2]

As alleged in the SAC, Defendants attributed a decline in Forescout's sales growth during the Class Period to a series of non-recurring delays (i.e., one-offs, such as bureaucratic delays in customers finalizing orders), a shift to a subscription revenue model, and deteriorating macroeconomic conditions and extended sales cycles in the EMEA region. Dkt. No. 142, ¶47. Mr. Redman was ultimately responsible for the Company's sales organization for a portion of the Class Period, and Plaintiffs believe he is in a unique position to provide testimony that is relevant to all of Plaintiffs' claims. Mr. Martin had oversight of, among other things, the Company's Deal Desk and Plaintiffs believe he has specific knowledge of the alleged deterioration of the Company's sales pipelines during the Class Period.

Mr. Redman's and Mr. Martin's LinkedIn profiles are attached here to the Jafri Declaration as Exhibits 1 and 2.

On June 14, 2024, Plaintiffs' counsel sent an email to counsel at Ropes & Gray LLP, which represents Forescout, that listed potential deponents in this matter. *See id.*, Ex. 3 (email chain). In the email, Plaintiffs' counsel requested that Ropes & Gray LLP identify whether they represented any of the potential deponents listed and, if it did, whether any internationally-based deponents that it represented would make themselves available for a deposition without going through international service of process. *Id.* In response, on June 20, 2024, counsel from Ropes & Gray LLP noted that it

---

[2] HCCH, *Status Table*, https://www.hcch.net/en/instruments/conventions/status-table/?cid=82 (last visited November 19, 2024).

represented Mr. Redman and Mr. Martin, both of them were located in Australia, and that both of them would not agree to sit for a remote deposition. *Id.* When Plaintiffs' counsel asked Ropes & Gray LLP to clarify whether Mr. Redman or Mr. Martin was willing to sit for an in-person deposition, Ropes & Gray LLP responded that "Mr. Martin and Mr. Redman are not subject to subpoena power in connection with this action. They will not make themselves available for depositions without Plaintiffs going through international service of process." *Id.* Defendants later confirmed that they do not dispute that the testimony sought from Mr. Redman and Mr. Martin is arguably relevant with respect to certain alleged misstatements. Based on these facts and others uncovered in discovery, Plaintiffs seek deposition testimony from Mr. Redman and Mr. Martin.

## LEGAL STANDARD

"A letter rogatory is a formal written request sent by a court to a foreign court asking that the testimony of a witness residing within that foreign court's jurisdiction be taken pursuant to the direction of that foreign court and transmitted to the requesting court for use in a pending action." *Asis Internet Servs. v. Optin Global, Inc.*, No. C-05-05124 JCS, 2007 WL 1880369, at *3 (N.D. Cal. June 29, 2007) (citation omitted); *see also Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 n.1 (2004) (defining "letter rogatory" as "the request by a domestic court to a foreign court to take evidence from a certain witness"). The Federal Rules of Civil Procedure provide for the taking of depositions within foreign countries through a letter rogatory. *See* Fed. R. Civ. P. 28(b)(1)(B) ("A deposition may be taken in a foreign country ... under a letter of request, whether or not captioned a 'letter rogatory[.]'"). The Hague Convention, to which both Australia and the United States are signatories, serves as the means for the taking of evidence abroad in civil matters. *See S.E.C. v. Leslie*, No. C 07–03444 JF (PVT), 2009 WL 688836, at *3 (N.D. Cal. Mar. 16, 2009).

Courts have "inherent power to issue Letters Rogatory," *United States v. Staples*, 256 F.2d 290, 292 (9th Cir. 1958), and "[w]hether to issue such a letter is a matter of discretion for the court." *Barnes & Noble, Inc. v. LSI Corp.*, No. C 11–02709 EMC (LB), 2012 WL 1808849, at *2 (N.D. Cal. May 17, 2012). "Judges in this district have held that motions requesting issuance of a letter of request or a letter rogatory should generally be granted and that the opposing party must show good reason

for a court to deny an application for a letter rogatory." *Zoho Corp. Pvt. Ltd. v. Freshworks, Inc.*, No. 20-cv-01869-VC (TSH), 2021 WL 2769009, at *2 (N.D. Cal. July 2, 2021) (cleaned up).

"When determining whether to exercise its discretion, a court will generally not weigh the evidence sought from the discovery request nor will it attempt to predict whether that evidence will actually be obtained." *Asis Internet Servs.*, 2007 WL 1880369, at *3. A court must instead apply "Rule 28(b) in light of the scope of discovery provided for by the Federal Rules of Civil Procedure." *Id.* (collecting cases). Under Rule 26(b), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). As this Court has recognized, "broad discovery is favored because 'wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for truth.'" *Vondersaar v. Starbucks Corp.*, No. C 13-80061 SI, 2013 WL 1915746, at *4 (N.D. Cal. May 8, 2013) (quoting *Epstein v. MCA, Inc.*, 54 F.3d 1422, 1423 (9th Cir.1995)).

**ARGUMENT**

**A.    Issuance of a Letter Rogatory Is an Appropriate Means to Seek Discovery and Gather Evidence from Mr. Redman and Mr. Martin**

Plaintiffs' proposed Letter Rogatory conforms with all necessary formalities and requirements of Article 3 of the Hague Convention. Jafri Decl. ¶4 & Ex. 4. The Letter Rogatory specifies: (a) the authority requesting its execution and the authority requested to execute it; (b) the names and addresses of the parties to the proceedings and their representatives; (c) the nature of the proceedings for which the evidence is required; and (d) the evidence to be obtained or other judicial act to be performed. *See* Hague Convention, Art. 3(a)–(d). Accordingly, the Hague Convention is an appropriate means to seek discovery from Mr. Redman and Mr. Martin.

**B.    Mr. Redman and Mr. Martin Possess Relevant Evidence to Which Plaintiffs Are Entitled**

Plaintiffs request the issuance of a letter rogatory to depose Mr. Redman and Mr. Martin regarding their unique knowledge of Forescout's sales process and sales operations during the certified Class Period. *See, e.g.*, Dkt. No. 227. The testimony of Forescout's Chief Revenue Officer and then-head of the APJ region (Mr. Redman) and the Company's Vice President of Business Enablement (Mr. Martin) is clearly relevant to Plaintiffs' claim that Defendants made false statements about the

sales pipeline and withheld from investors that the real reason for revenue shortfalls was an unreliable sales organization and illusory deals. Both Mr. Redman and Mr. Martin also reported directly to CEO DeCesare and may therefore provide testimony on the information he received during the Class Period. Mr. Redman and Mr. Martin had, and presumably still have, personal knowledge of information relevant to these specific issues, and taking their depositions is important to prosecuting this Action. Documents produced in this Action demonstrate these facts conclusively, and fully support Plaintiffs' motion for this Court to issue a Letter Rogatory for Mr. Redman's and Mr. Martin's deposition – Defendants,' Mr. Redman's, and Mr. Martin's counsel does not contest that testimony from Mr. Redman and Mr. Martin is arguably relevant with respect to certain challenged statements in the SAC, but Defendants otherwise deny Plaintiffs' claims in the SAC and as characterized herein.

Because Mr. Redman and Mr. Martin are not subject to this Court's subpoena power as residents of Australia (*see* Jafri Decl., Ex. 4), and because Mr. Redman and Mr. Martin declined to give testimony without being compelled to do so, Plaintiffs' only remaining option is to obtain Mr. Redman's and Mr. Martin's testimony through the provisions of the Hague Convention. The attached Letter Rogatory is narrowly tailored to allow the Plaintiffs to obtain crucial information from persons who are highly likely to have direct knowledge regarding Forescout's sales operations and sales practices during the Class Period.

Counsel representing Forescout and Mr. Redman and Mr. Martin has not disputed that Mr. Redman and Mr. Martin possess information relevant to Plaintiffs' claims and instead has indicated that Mr. Redman and Mr. Martin will not sit for depositions voluntarily without formal process. *See* Jafri Decl., Ex. 3. Defendants do not dispute that the testimony sought from Mr. Redman or Mr. Martin is arguably relevant with respect to certain alleged misstatements. Plaintiffs believe that, alone, justifies issuing the Letter Rogatory sought by this Motion.

Any attempt to argue that Mr. Redman or Mr. Martin do not possess relevant evidence that is not otherwise available would be doomed to fail, as conceded by their and Defendants' shared counsel.

**CONCLUSION**

For the foregoing reasons, the Court should grant Plaintiffs' Motion and issue a Letter Rogatory with respect to the deposition of Mr. Redman and Mr. Martin.

Dated: November 20, 2024                     Respectfully submitted,

                                             **POMERANTZ LLP**

                                             */s/ Omar Jafri*
                                             Omar Jafri (admitted *pro hac vice*)
                                             Patrick Dahlstrom (admitted *pro hac vice*)
                                             Brian P. O'Connell (SBN 314318)
                                             Genc Arifi (admitted *pro hac vice*)
                                             Ten South La Salle Street, Suite 3505
                                             Chicago, Illinois 60603
                                             Tel: (312) 377-1181
                                             ojafri@pomlaw.com
                                             pdahlstrom@pomlaw.com
                                             boconnell@pomlaw.com
                                             garifi@pomlaw.com

                                             Jeremy A. Lieberman (admitted *pro hac vice*)
                                             J. Alexander Hood II (admitted *pro hac vice*)
                                             600 Third Avenue, 20th Floor
                                             New York, NY 10016
                                             Tel: (212) 661-1100
                                             jalieberman@pomlaw.com
                                             ahood@pomlaw.com

                                             Jennifer Pafiti (SBN 282790)
                                             1100 Glendon Avenue, 15th Floor
                                             Los Angeles, CA 90024
                                             Tel: (310) 405-7190
                                             jpafiti@pomlaw.com


                                                     *-and-*

                                             **ABRAHAM, FRUCHTER & TWERSKY, LLP**

                                             */s/Jeffrey S. Abraham*
                                             Jeffrey S. Abraham (admitted *pro hac vice*)
                                             Michael Jason Klein (admitted *pro hac vice*)
                                             450 Seventh Avenue, 38th Floor
                                             New York, NY 10123
                                             Tel: (212) 279-5050
                                             jabraham@aftlaw.com
                                             mklein@aftlaw.com

Patrice L. Bishop (SBN 182256)
9440 Santa Monica Blvd., Suite 301
Beverly Hills, CA 90210
Tel: (310) 279-5125
pbishop@aftlaw.com

***Class Counsel***

## ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)

Pursuant to Civil L.R. 5-1(i)(3), I, Omar Jafri, attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated:  November 20, 2024                    *s/ Omar Jafri*