**POMERANTZ LLP**
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Co-Lead Counsel for Lead Plaintiffs*
*and the Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CHRISTOPHER L. SAYCE, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> FORESCOUT TECHNOLOGIES, INC., *et al.*, <br> Defendants. | CASE NO.: 3:20-cv-00076-SI <br><br> <u>CLASS ACTION</u> <br><br> **DECLARATION OF OMAR JAFRI IN SUPPORT OF CLASS PLAINTIFFS' UNOPPOSED MOTION FOR ISSUANCE OF LETTER ROGATORY** <br><br> Hearing Date: January 3, 2025 <br> Time: 10:00 a.m. <br> Judge: Hon. Susan Illston <br> Court Room: 1 – 17th Floor |

I, Omar Jafri, pursuant to 28 U.S.C. § 1746, declare as follows:

1.     I am a Partner with the law firm of Pomerantz LLP, Class Counsel in the above-captioned litigation. I have been admitted *pro hac vice* to appear in this Action. I submit this declaration in support of Class Plaintiffs' Motion for Issuance of Letter Rogatory to Stephen Redman ("Redman") and Aaron Martin ("Martin"). Mr. Redman was the Chief Revenue Officer of Defendant Forescout Technologies Inc. ("Forescout" or the "Company") and head of Forescout's Asia, Pacific, and Japan ("APJ") region during the certified Class Period. Mr. Martin served as Senior Vice President of Revenue Operations at Forescout during the certified Class Period.

2.     Attached hereto as Exhibit 1 is a true and correct copy of Mr. Redman's LinkedIn profile as of October 15, 2024.

3.     Attached hereto as Exhibit 2 is a true and correct copy of Mr. Martin's LinkedIn profile as of October 15, 2024.

4.     Attached hereto as Exhibit 3 is a true and correct copy of email correspondence among counsel concerning the potential depositions of Mr. Redman and Mr. Martin.

5.     Plaintiffs' proposed letter rogatory is attached hereto as Exhibit 4. My understanding is that it conforms with all necessary formalities and requirements of Article 3 of the Hague Convention because the proposed letter rogatory specifies: (a) the authority requesting its execution and the authority requested to execute it; (b) the names and addresses of the parties to the proceedings and their representatives; (c) the nature of the proceedings for which the evidence is required; and (d) the evidence to be obtained or other judicial act to be performed. *See* Hague Convention, Art. 3(a)–(d). Pursuant to Article 3(e) of the Hague Convention, Mr. Martin's and Mr. Redman's addresses are provided in the letter rogatory. *See* Hague Convention, Art. 3(e). As described in the request, Plaintiffs intend to ask Mr. Martin and Mr. Redman questions about their respective experiences as senior leaders in the sales organization at Forescout, the issues that arose during Forescout's merger with Advent International concerning Forescout's sales operations, and their respective interactions with the Individual Defendants named in this Action (CEO Michael DeCesare and CFO Christopher Harms). Plaintiffs also intend to inquire about documents produced by Defendants in this matter,

DECLARATION OF OMAR JAFRI IN SUPPORT OF CLASS PLAINTIFFS' UNOPPOSED MOTION FOR ISSUANCE OF LETTER ROGATORY
Case No. 3:20-cv-00076-SI

1

including emails sent and received by Mr. Redman and Mr. Martin. *See* Hague Convention, Art. 3(f). Plaintiffs do not seek any production of documents directly from Mr. Redman or Mr. Martin in connection with these examinations at this time. *See* Hague Convention, Art. 3(g). The depositions will be taken on oath and affirmation in compliance with Australian laws. *See* Hague Convention, Art. 3(h). Plaintiffs request that the Competent Authority in Australia use the most expeditious methods and procedures to execute the letter rogatory pursuant to Article 3(i) and 9 of the Hague Convention. *See* Hague Convention, Art. 3(i), 9.

6.    I am informed and I believe it to be the case, that: (a) the Australian Securities and Investments Commission ("ASIC") maintains a register of information relating to companies incorporated or registered in Australia. This information includes the addresses of directors or shareholders of companies as provided by those companies in annual returns and other forms; and (b) The New South Wales ("NSW") Land Registry Services maintains a register of real property ownership information in New South Wales, Australia. This information includes details of owners, title references and addresses of real property. On November 12, 2024, I caused a search to be undertaken of the records of ASIC and NSW Land Registry Services by Walter MacCallum of Russell Kennedy Lawyers in Sydney in respect of Mr. Martin and Mr. Redman. Attached hereto as Exhibit 5 are true and correct copies of extracts of the register maintained by ASIC and NSW title (real property) searches from NSW Land Registry Services provided to me by Mr. MacCallum in respect of those searches.

I declare under penalty of perjury that the foregoing is true and correct. Executed on November 20, 2024.

_/s/ Omar Jafri_
Omar Jafri

DECLARATION OF OMAR JAFRI IN SUPPORT OF CLASS PLAINTIFFS' UNOPPOSED MOTION FOR ISSUANCE OF LETTER ROGATORY
Case No. 3:20-cv-00076-SI