**ABRAHAM, FRUCHTER & TWERSKY, LLP**
Patrice L. Bishop (SBN 182256)
9440 Santa Monica Blvd., Suite 301
Beverly Hills, CA 90210
Telephone: (310) 279-5125
pbishop@aftlaw.com

*Class Counsel*

**ROPES & GRAY LLP**
Amy Jane Longo (CSB #198304)
Three Embarcadero Center
San Francisco, CA 94111-4006
Tel: (415) 315-6300
Fax: (415) 315-6350
Amy.Longo@ropesgray.com

*Attorney for Defendant*
*Forescout Technologies, Inc.*

[Additional Counsel on Signature Page]

| | |
|---|---|
| CHRISTOPHER L. SAYCE, Individually and on Behalf of All Others Similarly Situated, ) | CASE NO.: 3:20-cv-00076-SI |
| ) | |
| Plaintiff, ) | CLASS ACTION |
| ) | |
| v. ) | **JOINT STATEMENT REGARDING DISCOVERY DISPUTE** |
| ) | |
| FORESCOUT TECHNOLOGIES, INC., MICHAEL DECESARE, and CHRISTOPHER HARMS, ) | Judge: Hon. Susan Illston<br>Trial Date: November 10, 2025 |
| ) | |
| Defendants. ) | |

JOINT STATEMENT REGARDING DISCOVERY DISPUTE
Case No. 3:20-cv-00076-SI

## I.     Plaintiffs' Statement

On July 3, 2024, Plaintiffs served their Second Set of Interrogatories on each Defendant. The set consisted of a single interrogatory ("Interrogatory"), which stated in full:

> **INTERROGATORY NO. 5:**
> Identify all Deals that Defendants contended constituted business awards as referenced and described by [Michael DeCesare ("DeCesare")] during Forescout's May 9, 2019 earnings call, and quoted in Paragraph 97 of the Complaint. *See* ECF No. 142 at ¶97 ("As you know we had one very large account – *by the way, it's also worth pointing out, in every one of those deals, we have the technology win already. We've already been awarded the business.*") (emphasis added).

On August 2, 2024, Defendants, after two pages of objections, attempted to spin DeCesare's statements in a manner departing from their plain meaning before finally stating that "[g]iven the passage of time, [they] do not currently have a precise recollection of the exact deals referenced in the *remaining challenged May 9, 2019 public statements*, but the referenced *potential deals* likely would have included *potential deals* with the U.S. Marine Corps (expansion); Apple; John Deere; First Horizon; and Rowan (expansion)." (emphasis added).[1] Defendants' response is deficient.

*First*, the response addresses "the *remaining challenged* May 9, 2019 public statements" despite the Interrogatory specifically asking which deals DeCesare was referring to when telling investors that "we've already been awarded the business." (as quoted in ¶97 of the Second Amended Complaint (the "SAC")).  The SAC also pleads many other pipeline related statements, and almost all were reinstated on appeal.  Interrogatory No. 5 specifically addressed ¶97, in which DeCesare stated that "*in every one of those deals, we have the technology win already. We've already been awarded the business.*"

*Second*, Defendants' reference to "potential deals" that undisputedly had not been "awarded [as] business" at the time of DeCesare's statement is non-responsive.  Speculation about what business could have been awarded is an insufficient response.  "[A]n evasive statement to avoid answer is no answer."  *Franklin v. Smalls*, No. 09CV1067 MMA RBB, 2012 U.S. Dist. LEXIS 150312, at *81 (S.D. Cal. Oct. 18, 2012).  Defendants should identify all deals they contended

---

[1] The Interrogatory, and Defendants' response thereto, are Exhibits A and B hereto, respectively.

constituted business awards in response to the Interrogatory or state that none of the deals referenced in ¶97 of the SAC were "awarded" as "business" to Forescout.  *See Satchell v. FedEx Express*, Nos. C 03-02659 SI, C 03-2878 SI, 2006 U.S. Dist. LEXIS 76246, at *16 (N.D. Cal. Oct. 6, 2006) (ordering supplementation where party failed to respond as to whether certain documents existed); *Excelligence Learning Corp. v. Oriental Trading Co.,* No. 5:03-cv-4947 JF (RS), 2004 U.S. Dist. LEXIS 28125, at *17 (N.D. Cal. June 14, 2004) (ordering the disclosure of specific customers); *Hatamian v. Advanced Micro Devices, Inc.*, No. 14-cv-00226-YGR (JSC), 2015 U.S. Dist. LEXIS 155433, at *14 (N.D. Cal. Nov. 16, 2015) (same).

*Third*, discovery has revealed that Defendants prepared multiple drafts of earnings scripts, including Q/A, closely tracked each deal in their sales pipeline and that the final guidance was determined by Christopher Harms and DeCesare, as Defendants confirmed in response to Plaintiffs' First Set of Interrogatories on December 19, 2024.  The identity of these deals, if real, was and remains readily available to Defendants.  More importantly, discovery confirms that deals involving the U.S. Marine Corps, Apple, John Deere, First Horizon and Rowan were not "awarded" as "business" by May 9, 2019.  Nor could most of them be misrepresented as "tech wins" based on how: (1) the Individual Defendants misled investors about the meaning of that term, and (2) Forescout's SVP of Worldwide Sales defined that term in his sworn deposition last week.

The Parties conferred telephonically regarding the Interrogatory on September 6, 2024, but Defendants refused to amend their answer.  After exchanging multiple emails, Plaintiffs bring this dispute to the Court's attention, requesting that Defendants be compelled to respond directly to the Interrogatory by (1) Identifying, as defined in the Interrogatory, all deals "awarded" as "business" as stated by DeCesare during Forescout's May 9, 2019 earnings call, and quoted in ¶97 of the SAC; or (2) confirm that no such deals existed.

Plaintiffs raise this issue now after giving Defendants over six months to rectify deficiencies in multiple interrogatories.  While the deficiencies with respect to other interrogatories persist, Plaintiffs choose only one of the most egregious examples to avoid burdening the Court.  Defendants accuse Plaintiffs **and** the Ninth Circuit of mischaracterization, but both properly understood

JOINT STATEMENT REGARDING DISCOVERY DISPUTE

Case No. 3:20-cv-00076-SI

2

Defendants to assert that "the 'slipped' deals were 'tech wins,' ***meaning the business had been awarded to Forescout***." *See Glazer Capital Mgmt., L.P. v. Forescout Techs., Inc.*, 63 F.4th 747, 760 (9th Cir. 2023) (emphasis added); *id.* at 767-68. Nevertheless, the attempt to relitigate lost ground fails. The unidentified example in Defendants' block quote is an instance of DeCesare misleading investors to believe a deal slipped because Forescout anticipated even more business later in the year, and he did not identify or expound on any other "tech win" or "award" though he alluded to many. The expected deflection to other statements in the conference call also fails. For example, DeCesare falsely described a "business win" as receiving the money and a commitment on timing after winning the deal, ¶97, but sworn deposition testimony of Forescout's VP of Worldwide Sales Planning and Operations confirms that a "business win is ***when we've been awarded the business and won the deal and counted it as a booking***." Toy Dep. 143:1-3 (emphasis added). Defendants cannot chalk up the deficient response to a memory lapse. Defendants know that four of the five deals identified in their response were never awarded and never materialized, but refuse to correct this misstatement.

## II.     <u>DEFENDANTS' POSITION</u>

Plaintiffs fail to carry their "burden of showing why" Defendants' Response is "inadequate." *See Ramirez v. Bank of America, N.A.*, 2024 WL 388123, at *1 (N.D. Cal. Feb. 1, 2024). Over five months after Defendants fully responded to Plaintiffs' fifth interrogatory (the "Interrogatory"), Plaintiffs now improperly ask the Court to compel a different response that is more to their liking. *See, e.g.*, *Kilroy v. L.A. Unified Sch. Dist. Bd. of Educ.*, 2018 WL 6071079, at *3 (C.D. Cal. May 29, 2018) ("Although Plaintiff may disagree with the [interrogatory] responses, disagreement with a response is not a basis to compel further responses."). Plaintiffs have demanded that Defendants either "identify[] . . . all deals 'awarded' as 'business'" or "swear that no such deals existed." Plaintiffs' position mischaracterizes the transcript from which their Interrogatory selectively quotes, and it ignores the substance of Defendants' Response.[2] Defendants directly answered the Interrogatory as definitively as they were able by (a) identifying deals they believe were referenced

---

[2] Defendants also disagree with Plaintiffs' characterizations of Defendants' other interrogatory responses and dispute that there are any "deficiencies" with respect to any of the other interrogatory responses, none of which is before the Court.

in the statement to the best of their recollections and understanding after thorough investigation; and (b) confirming none of those deals had closed by May 9. Plaintiffs are free to disagree about the meaning of the statement in question, or to question Mr. DeCesare about what they believe other record evidence shows. But Rule 33 does not permit Plaintiffs to treat their interrogatories as a multiple-choice exercise, in which Defendants must select from a menu of options that they have framed. Plaintiffs' request should be denied.

The Interrogatory requested that Defendants "[i]dentify all Deals that Defendants contended constituted business awards as referenced and described by DeCesare during Forescout's May 9, 2019 earnings call, and quoted in Paragraph 97 of the Complaint. *See* ECF No. 142 at ¶97 ('As you know we had one very large account – by the way, it's also worth pointing out, in every one of those deals, we have the technology win already. ***We've already been awarded the business.***') (emphasis added)." As Defendants stated in their Responses and Objections (the "Response"), the Interrogatory excerpts only a small portion of Mr. DeCesare's comments from the May 9, 2019 conference call, mischaracterizing the statement in question. For context, the relevant exchange began with the following questions from Sterling Auty, an analyst from JP Morgan Chase:

> "So I'm sure a bunch of us are going to pile on the deals moving later in the year idea. You mentioned just not materializing until later. Well, can you just give us a little bit more insight, choose one or two of them and just kind of walk through why. Is it they need more signatures, the project time line has shifted, there's other technology priorities? Why do you think they're materializing later in the year?"

> Mr. DeCesare responded: "Sure. So first, understand that every one of those deals is still in pipeline. It's just our -- we had an expectation that a couple of them would have been far enough along to be in guidance by this point, that's the major issue for us, right? We have a high degree of confidence they close for the year. We had originally thought they would be more naturally suited for Q2 and they just slipped a little bit. So I said earlier kind of there's not really a single flavor to them in the sense that they span different industries and different theaters for us and things like that. There's not really anything there that could be drilled into. I guess the one that I would share with you, Sterling, is I'll just give you one example. As you know we had one very large account -- by the way, it's also worth pointing out, in every one of those deals, we have the technology win already. We've already been awarded the business. The question now is what I would call the business win, which is when we actually get the money and the commitment towards timing. So that's why we have a fairly high degree of confidence that they will materialize in the back half of the year. But I'll give you color on one as an example. They were evaluating us for the IT side of their network. We still feel very well positioned to win that deal. But in the middle of the evaluation, they chose to make the deal larger and evaluate the OT in parallel. . . ."

As these comments reflect—and as Defendants have explained to Plaintiffs—***none of the deals in question had "materialize[d]" or "close[d]" as of May 9, 2019***.  Although Forescout had the "technology win[s]," it still needed to secure "the business win[s]."  This is clear from, among other things, Mr. DeCesare's further comments in that same response:  "[t]he *question* now is what I would call the *business win*"; "[w]e have a high degree of confidence they *close* for the year"; "we have a fairly high degree of confidence that they *will materialize* in the back half the year;" "[w]e still feel very well positioned *to win that deal*." (emphasis added).  In concluding the Response, Defendants stated that they do not precisely recall the exact deals referenced in the challenged May 9, 2019 public statements, but they nonetheless identified five deals that were likely among those referenced, none of which had closed by May 9.

Unlike the cases Plaintiffs cite, Defendants' Response plainly answers the Interrogatory.[3]  A party cannot be compelled to provide facts or recollections that do not exist or are outside its current knowledge based on information that is reasonably available to it.  *See Hardy v. Davis*, 2017 WL 445723, at *1 (E.D. Cal. Feb. 2, 2017) (responses that defendants "could not remember . . . are completely appropriate if defendants lack knowledge.").  Instead, all Rule 33 requires is that the responding party undertake "a reasonable effort, not extensive research" to identify the information requested.  *United States v. $209,815 in United States Currency*, No. 14-0780, 2015 WL 1927431, at *4 (N.D. Cal. Apr. 28, 2015) (response sufficient where it "makes clear that [the party does] not have further documents to identify").  Defendants conducted a more than reasonable investigation, including reviewing potentially relevant documents.  Defendants disagree, however, that those materials show what Plaintiffs claim, or that they somehow render Defendants' Response inadequate.  Mr. DeCesare is set to be deposed next month, on February 12, 2025.  If Plaintiffs have further questions about what Mr. DeCesare meant, or if they would like to try to refresh his recollection, they are welcome to do so at his deposition.  What Plaintiffs cannot do is dictate what Defendants' answers must be.

---

[3] *See, e.g.*, *Excelligence*, 2004 U.S. Dist. LEXIS 28125, at *17 (responses deficient where defendants stated they had not yet looked into the issue in question).

JOINT STATEMENT REGARDING DISCOVERY DISPUTE

Case No. 3:20-cv-00076-SI

Dated: January 15, 2025

**POMERANTZ LLP**[4]

*/s/ Omar Jafri*
Omar Jafri (admitted *pro hac vice*)
Patrick Dahlstrom (admitted *pro hac vice*)
Brian O'Connell (SBN 314318)
Genc Arifi (admitted *pro hac vice*)
Ten South La Salle Street, Suite 3505
Chicago, Illinois 60603
Tel: (312) 377-1181
ojafri@pomlaw.com
pdahlstrom@pomlaw.com


Jeremy A. Lieberman (admitted *pro hac vice*)
J. Alexander Hood II (admitted *pro hac vice*)
600 Third Avenue, 20th Floor
New York, NY 10016
(212) 661-1100
jalieberman@pomlaw.com
ahood@pomlaw.com

*-and-*

**ABRAHAM, FRUCHTER & TWERSKY, LLP**

*/s/ Jeffrey S. Abraham*
Jeffrey S. Abraham (admitted *pro hac vice*)
Michael Jason Klein (admitted *pro hac vice*)
450 Seventh Avenue, 38th Floor
New York, NY 10123
Tel: (212) 279-5050
JAbraham@aftlaw.com
mklein@aftlaw.com

Patrice L. Bishop
9440 Santa Monica Blvd., Suite 301
Beverly Hills, CA 90210
(310) 279-5125
pbishop@aftlaw.com

***Attorneys for the Class Representatives and the Class***

**ROPES & GRAY LLP**

*/s/ Amy Jane Longo*
Amy Jane Longo
Mark S. Gaioni
10250 Constellation Boulevard
Los Angeles, CA 90067
Tel: (310) 975-3300
amy.longo@ropesgray.com
mark.gaioni@ropesgray.com

Anne Johnson Palmer
Three Embarcadero Center
San Francisco, CA 94111-4006
Tel: (415) 315-6300
anne.johnsonpalmer@ropesgray.com

Peter L. Welsh (admitted *pro hac vice*)
C. Thomas Brown (admitted *pro hac vice*)
Prudential Tower
800 Boylston Street
Boston, MA 02199
Tel: (617) 951-7000
peter.welsh@ropesgray.com
thomas.brown@ropesgray.com

Charles D. Zagnoli (admitted *pro hac vice*)
191 North Wacker Drive, 32nd Floor
Chicago, IL 60606
Tel: (312) 845-1200
charles.zagnoli@ropesgray.com

***Attorneys for Defendant Forescout Technologies, Inc.***

**WILSON SONSINI GOODRICH & ROSATI, Professional Corporation**

*/s/ Diane M. Walters*
Ignacio E. Salceda
Diane M. Walters
Rebecca L. Epstein
650 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 493-9300

isalceda@wsgr.com
dwalters@wsgr.com
bepstein@wsgr.com

**Attorneys for Defendants Michael DeCesare and Christopher Harms**

## Certificate of Service

I certify that, on the date stamped above, I caused this document to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of filing by email to counsel of record for all parties.

*/s/ Omar Jafri*
Omar Jafri

## SIGNATURE ATTESTATION

Pursuant to Civil Local Rule 5-1(i)(3), the filer attests that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content, and have authorized the filing.

Dated: January 15, 2025                    */s/ Omar Jafri*
                                           Omar Jafri

---

[4] Orly Guy and Eitan Lavie, who are Of Counsel to Pomerantz LLP and admitted to practice in Israel, also provide advice to Meitav Mutual Funds Ltd. in connection with this matter.