# Exhibit B

**ROPES & GRAY LLP**
Amy Jane Longo (CSB #198304)
10250 Constellation Boulevard
Los Angeles, CA 90067
Tel: (310) 975-3300
Fax: (310) 975-3400
Amy.Longo@ropesgray.com

*Attorneys for Defendant*
*Forescout Technologies, Inc.*

*[Additional Counsel on Signature Page]*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| CHRISTOPHER L. SAYCE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>FORESCOUT TECHNOLOGIES, INC., MICHAEL DECESARE, and CHRISTOPHER HARMS,<br><br>Defendants. | CASE NO.: 3:20-cv-00076-SI<br><br>CLASS ACTION<br><br>**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF MEITAV MUTUAL FUNDS LTD.'S (F/K/A MEITAV TACHLIT MUTUAL FUNDS LTD.) SECOND SET OF INTERROGATORIES TO EACH DEFENDANT**<br><br>HON. SUSAN ILLSTON |

CONFIDENTIAL

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendants Forescout Technologies, Inc. ("Forescout" or the "Company"), Michael DeCesare, and Christopher Harms (together with Mr. DeCesare, the "Individual Defendants," and collectively with Forescout, the "Defendants") by and through their attorneys hereby respond and object to Plaintiff Meitav Mutual Funds Ltd.'s (f/k/a Meitav Tachlit Mutual Funds Ltd.) Second Set of Interrogatories to Each Defendant, served on July 3, 2024 (the "Interrogatories," and each individually numbered interrogatory, an "Interrogatory"), by Co-Lead Plaintiff Meitav Mutual Funds Ltd. (f/k/a Meitav Tachlit Mutual Funds Ltd.) (the "Plaintiff"), including the Definitions, Instructions, Relevant Time Period, and Interrogatory contained therein, (the "Responses and Objections").

Defendants reserve the right to supplement these Responses and Objections with subsequently discovered information.

## GENERAL OBJECTIONS

Defendants make the following general objections ("General Objections") to the Interrogatory and incorporate them into Defendants' response to the Interrogatory (the "Response"). While certain of the General Objections are reiterated for emphasis in the individual Response below, the failure to restate a General Objection specifically in response to an Interrogatory should not be construed as a waiver of any such General Objection either generally or with respect to such Interrogatory.

1.      Defendants object to the Interrogatories, and to each Instruction, Definition, Relevant Time Period, and Interrogatory contained therein, to the extent they seek to impose requirements or obligations on Defendants in addition to, beyond the scope of, or different from those imposed by the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, or other applicable laws or rules (collectively, the "Rules"). Defendants will comply with the obligations imposed by those Rules and applicable law.

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF MEITAV MUTUAL FUNDS LTD.'S (F/K/A MEITAV TACHLIT MUTUAL FUNDS LTD.) SECOND SET OF INTERROGATORIES TO EACH DEFENDANT
Case No. 3:20-cv-00076-SI

2

CONFIDENTIAL

2.    Defendants object to the Interrogatories, and to each Instruction, Definition, Relevant Time Period, and Interrogatory contained therein, to the extent they seek information or materials protected by the attorney-client privilege, the work-product doctrine, the joint defense or common interest privilege, or any other privilege or immunity.  Defendants will not agree to produce information or materials protected by the attorney-client privilege, the work-product doctrine, the joint defense or common interest privilege, or any other privilege or immunity.  In the event Defendants do disclose any privileged or otherwise protected information or materials, they will have done so inadvertently and without any intention to waive the privilege or immunity.

3.    Defendants object to the Interrogatories, and to each Instruction, Definition, Relevant Time Period, and Interrogatory contained therein, to the extent they assume disputed facts or legal conclusions, may be construed as an admission that any fact or circumstances alleged or suggested by Plaintiffs occurred or existed, or purport to characterize Defendants' positions, contentions, claims, defenses, or arguments in this case.  By responding to the Interrogatories, Defendants do not admit the correctness of, adopt, or acquiesce in any factual or legal conclusion, contention, assertion, or characterization contained in the Interrogatories (including in the Definitions and Instructions thereto).  Defendants' use of any term defined in the Interrogatories does not admit the accuracy of any such term's definition.

4.    Defendants object to the Interrogatories, and to each Instruction, Definition, Relevant Time Period, and Interrogatory contained therein, to the extent they seek discovery of information that is neither relevant to the surviving claims in this action nor proportional to the needs of the case.  Defendants also object to the Interrogatories, and to each Instruction, Definition, Relevant Time Period, and Interrogatory contained therein, as exceeding the scope of discovery permitted by Rule 26(b)(1) of the Federal Rules of Civil Procedure to the extent that the burden or expense imposed by any Interrogatory outweighs the likely benefit.

5.    Defendants will not knowingly or intentionally divulge any information that these

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF MEITAV MUTUAL FUNDS LTD.'S (F/K/A MEITAV TACHLIT MUTUAL FUNDS LTD.) SECOND SET OF INTERROGATORIES TO EACH DEFENDANT
Case No. 3:20-cv-00076-SI

3

CONFIDENTIAL

Responses expressly indicate Defendants will withhold under an objection. Should Defendants divulge any such information, they will have done so inadvertently and without any intent to waive the relevant objection(s).

6.      Defendants object to the Interrogatories, and to each Instruction, Definition, Relevant Time Period, and Interrogatory contained therein, to the extent they seek to impose a duty on Defendants to seek out information that is not in their possession, custody, or control or that is outside the knowledge of and not reasonably available to Defendants or Forescout's officers, directors, or employees.

7.      Defendants object to the Interrogatories, and to each Instruction, Definition, Relevant Time Period, and Interrogatory contained therein, as unduly burdensome to the extent they seek information that is already in the possession, custody, or control of Plaintiffs or that is equally available or accessible to Plaintiffs and can thus be obtained from a more convenient and less burdensome source. Defendants also object to providing responses to the Interrogatories where the information can be derived from documents that have been or will be produced.

8.      Defendants object to the Interrogatories, and to each Instruction, Definition, Relevant Time Period, and Interrogatory contained therein, as overly broad and unduly burdensome to the extent they seek to compel Defendants to generate or create information and/or documents that do not already exist.

9.      Defendants object to the Interrogatories, and to each Instruction, Definition, Relevant Time Period, and Interrogatory contained therein, to the extent they lack "reasonable particularity" as required by Fed. R. Civ. P. Rule 33 or are otherwise vague, ambiguous, or unclear as to the precise categories of information sought, thereby preventing Defendants from providing information in a reasonable manner. Defendants will assume an ordinary and reasonable meaning for each vague, ambiguous, or otherwise unclear term.

10.      Defendants object to the Interrogatories, and to each Instruction, Definition,

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF MEITAV MUTUAL FUNDS LTD.'S (F/K/A MEITAV TACHLIT MUTUAL FUNDS LTD.) SECOND SET OF INTERROGATORIES TO EACH DEFENDANT
Case No. 3:20-cv-00076-SI

4

CONFIDENTIAL

Relevant Time Period, and Interrogatory contained therein, to the extent they seek "all" or "any" facts, circumstances, or information that relate to a particular subject, on the grounds that identifying "all" or "any" facts, circumstances, or information would be unduly burdensome, impractical, and oppressive and would seek information not relevant to the subject matter of this litigation, proportional to the needs of the case, or otherwise discoverable under the Rules.

11.    Defendants object to the Interrogatories, and to each Instruction, Definition, Relevant Time Period, and Interrogatory contained therein, to the extent that any specific Interrogatory is cumulative, redundant, or duplicative of any other Interrogatory on the grounds that such an Interrogatory is overbroad and unduly burdensome.

12.    Defendants object to the Interrogatories, and to each Instruction, Definition, Relevant Time Period, and Interrogatory contained therein, to the extent that they require unreasonably costly and/or time-consuming measures to identify and provide responsive information. Defendants will construe each Interrogatory to require only a reasonable search of the reasonably accessible files of Defendants in which Defendants would reasonably expect to find information responsive to such Interrogatory, and the Defendants object to any Interrogatory as unduly burdensome to the extent that it requires anything else.

13.    Defendants' Responses and Objections do not serve as an admission by Defendants that responsive information exists or is relevant, responsive, non-privileged, or admissible as evidence. Nothing in Defendants' Responses and Objections should be construed as an admission that any statement or characterization in the Interrogatories is accurate or complete.

14.    Defendants' Responses and Objections are given without prejudice to Defendants' right at trial to testify to other or additional evidence, including any subsequently discovered facts. By objecting and/or responding to the Interrogatories, Defendants do not intend to waive, and rather expressly preserve, all objections to the competence, relevance, materiality, and admissibility of any information provided in response to the Interrogatories.

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF MEITAV MUTUAL FUNDS LTD.'S (F/K/A MEITAV TACHLIT MUTUAL FUNDS LTD.) SECOND SET OF INTERROGATORIES TO EACH DEFENDANT
Case No. 3:20-cv-00076-SI

5

CONFIDENTIAL

15. Any provision of information in response to the Interrogatories shall be without waiver of any of the objections set forth herein and shall not be construed as an agreement that the Defendants will agree to a similar or analogous approach in response to other requests for similar information.

16. These Responses and Objections reflect Defendants' present knowledge, information, and belief based on their reasonable investigations to date, and they may be subject to modification based on facts and circumstances that may come to Defendants' attention, further discovery, or subsequent case developments. Defendants reserve the right to alter, supplement, amend, or otherwise modify their Responses and Objections to the Interrogatories.

## OBJECTIONS TO DEFINITIONS

Without waiving or otherwise limiting the foregoing General Objections, and expressly reserving and incorporating each such objection, Defendants make the following objections to the Interrogatories' Definitions (the "Objections to Definitions"). The Objections to Definitions apply to the Interrogatory and shall have the same force and effect as if set forth in full in response to the Interrogatory.

1. Defendants object to the definition of "Forescout" or "the Company" as overly broad and unduly burdensome, and as seeking information irrelevant to any parties' surviving claims or defenses, disproportionate to the case's needs, and beyond Defendants' possession, custody, or control, to the extent the definition purports to include "all" of Forescout Technologies, Inc.'s "present and former" officers, directors, committees, Employees, partners, corporate parents, predecessors, successors, subsidiaries, affiliates, divisions, branch offices, agents, representatives, and all other persons acting, as well as all persons purporting to act, on behalf of any of the foregoing. Defendants shall construe "Forescout" or the "Company" to mean, with respect to the Interrogatory, Forescout Technologies, Inc., including any employees, officers, and directors substantially involved in the subject matter of such Interrogatory.

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF MEITAV MUTUAL FUNDS LTD.'S (F/K/A MEITAV TACHLIT MUTUAL FUNDS LTD.) SECOND SET OF INTERROGATORIES TO EACH DEFENDANT
Case No. 3:20-cv-00076-SI

6

CONFIDENTIAL

2. Defendants object to the definition of "Identify" as overly broad, unduly burdensome, vague, ambiguous, and lacking reasonable particularity to the extent the definition purports to require Defendants to provide "a description of the subject to be identified and a specification of the Documents or Communications in which the subject is or was recorded, described, or referred and All other information necessary to fully identify the subject."

## **OBJECTIONS TO INSTRUCTIONS**

Without waiving or otherwise limiting the foregoing General Objections, and expressly reserving and incorporating each such objection, Defendants make the following objections to the Interrogatories' Instructions (the "Objections to Instructions"). The Objections to Instructions apply to the Interrogatory and shall have the same force and effect as if set forth in full in response to the Interrogatory.

1. Defendants object to Instruction No. 5 as overly broad and unduly burdensome, disproportionate to the case's needs, and seeking information that is equally available or accessible to Plaintiffs and can thus be obtained from a more convenient and less burdensome source, to the extent it purports to require Defendants to "include in [Defendants'] answer information which, while not within [Defendants'] own knowledge, is nonetheless within the custody and control of or reasonably available to [Defendants], or Any other source from which it may be reasonably secured."

2. Defendants object to Instruction No. 8 as overly broad and unduly burdensome, and as calling for the creation of documents or information not already in existence or maintained in the ordinary course to the extent it purports to require Defendants to give "[w]henever a date, amount, computation, or figure is requested, the exact date, amount, computation, or figure, and the basis for such figure . . . unless the figure is unknown" and to give "[i]f the figure is unknown, the approximate or best estimate." Where Defendants respond to an Interrogatory, they will respond with the information actually within their possession, custody, or control, if any.

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF MEITAV MUTUAL FUNDS LTD.'S (F/K/A MEITAV TACHLIT MUTUAL FUNDS LTD.) SECOND SET OF INTERROGATORIES TO EACH DEFENDANT
Case No. 3:20-cv-00076-SI

7

CONFIDENTIAL

3.    Defendants object to Instruction No. 10 as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is inconsistent with the obligations under the parties' April 3, 2024 agreement on privilege logs.

4.    Defendants object to Instruction No. 11 as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Defendants to "set forth as part of [Defendants'] response to [an ambiguous] Interrogatory the language deemed to be ambiguous and the interpretation chosen to be used in responding to the Interrogatory." Defendants shall, where practicable, construe terms according to their ordinary meaning and will not provide the interpretation chosen for ambiguous language.  Where an Interrogatory nonetheless remains vague or ambiguous, Defendants will so state.

5.    Defendants object to Instruction No. 12 as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Defendants to "specify and identify the source of information and the grounds for the belief" if "an answer to an Interrogatory is based on information and belief."

6.    Defendants object to Instruction No. 13 as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Defendants to deviate from ordinary rules of grammar when construing language in the Interrogatories.  Defendants shall apply ordinary rules of grammar and construe terms according to their ordinary meaning.

### OBJECTIONS TO RELEVANT TIME PERIOD

Without waiving or otherwise limiting the foregoing General Objections, and expressly reserving and incorporating each such objection, Defendants make the following objections to the Interrogatories' Relevant Time Period (the "Objections to Relevant Time Period").   The Objections to Relevant Time Period apply to the Interrogatory and shall have the same force and effect as if set forth in full in response to the Interrogatory.

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF MEITAV MUTUAL FUNDS LTD.'S (F/K/A MEITAV TACHLIT MUTUAL FUNDS LTD.) SECOND SET OF INTERROGATORIES TO EACH DEFENDANT
Case No. 3:20-cv-00076-SI

8

CONFIDENTIAL

1.      Defendants object to the definition of "Relevant Period," and to each Interrogatory that incorporates that definition, as overly broad and unduly burdensome, and as seeking information irrelevant to any parties' surviving claims or defenses and disproportionate to the case's needs, to the extent the definition purports to include "[a]ll information that relates in whole or in part to such period [January 1, 2019 to December 31, 2020], or to events or circumstances which occurred during such period, even though dated, prepared, generated or received prior to or subsequent to the Relevant Period"; to the extent it purports to require Defendants to provide "information prepared prior to [that time period if] necessary for a correct or complete understanding of Any information responsive to these Interrogatories"; and to the extent it purports to require Defendants to provide information for which the date "is unknown or cannot be determined."  For the purpose of these Interrogatories, Defendants will interpret the Relevant Period to be January 1, 2019 to December 31, 2020.

## SPECIFIC RESPONSES AND OBJECTIONS TO INTERROGATORIES

**INTERROGATORY NO. 5:**

Identify all Deals that Defendants contended constituted business awards as referenced and described by DeCesare during Forescout's May 9, 2019 earnings call, and quoted in Paragraph 97 of the Complaint. *See* ECF No. 142 at ¶97 ("As you know we had one very large account – by the way, it's also worth pointing out, in every one of those deals, we have the technology win already. *We've already been awarded the business.*") (emphasis added).

**RESPONSE TO INTERROGATORY NO. 5:**

Defendants object to this Interrogatory to the extent it seeks information that can be derived from documents that have been produced and is therefore already in the possession, custody, or control of Plaintiffs.  Defendants further object to this Interrogatory as overly broad and unduly burdensome to the extent it seeks to compel Defendants to generate or create information and/or documents that do not already exist.  Defendants further object to this Interrogatory to the extent

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF MEITAV MUTUAL FUNDS LTD.'S (F/K/A MEITAV TACHLIT MUTUAL FUNDS LTD.) SECOND SET OF INTERROGATORIES TO EACH DEFENDANT
Case No. 3:20-cv-00076-SI

9

CONFIDENTIAL

it suggests, incorrectly, that Mr. DeCesare used the term "business awards" in the public statements identified and quoted in paragraph 97 of the Complaint.

Subject to and without waiving their stated objections, and based upon a reasonable search, Defendants respond to this Interrogatory as follows.

Interrogatory No. 5 contains only a partial excerpt of Mr. DeCesare's statements during the May 9, 2019 earnings conference call and appears to mischaracterize Mr. DeCesare's statements. During the May 9, 2019 earnings call, Sterling Auty, an analyst from JP Morgan Chase, asked the following question:

So I'm sure a bunch of us are going to pile on the deals moving later in the year idea. You mentioned just not materializing until later. Well, can you just give us a little bit more insight, choose one or two of them and just kind of walk through why. Is it they need more signatures, the project time line has shifted, there's other technology priorities? Why do you think they're materializing later in the year?

Mr. DeCesare responded as follows:

Sure. So first, understand that every one of those deals is still in pipeline. It's just our -- we had an expectation that a couple of them would have been far enough along to be in guidance by this point, that's the major issue for us, right? We have a high degree of confidence they close for the year. We had originally thought they would be more naturally suited for Q2 and they just slipped a little bit. So I said earlier kind of there's not really a single flavor to them in the sense that they span different industries and different theaters for us and things like that. There's not really anything there that could be drilled into. I guess the one that I would share with you, Sterling, is I'll just give you one example. As you know we had one very large account -- by the way, it's also worth pointing out, in every one of those deals, we have the technology win already. We've already been awarded the business. The question now is what I would call the business win, which is when we actually get the money and the commitment towards timing. So that's why we have a fairly high degree of confidence that they will materialize in the back half of the year. But I'll give you color on one as an example. They were evaluating us for the IT side of their network. We still feel very well positioned to win that deal. But in the middle of the evaluation, they chose to make the deal larger and evaluate the OT in parallel. There are now new players in the customer that have to evaluate the technology and the IT side needs to stand still a bit until the other part of the business can catch up. So it's very positive for us because it could be a larger initial deal and a larger customer over time, but it has impacted timing. Each of them has their own little nuance to them, but that's probably the one that would be kind of the most descriptive.[1]

---

[1] Forescout Technologies, Inc. FQ1 2019 Earnings Call - May 9, 2019 (CapIQ, MP3 file).

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF MEITAV MUTUAL FUNDS LTD.'S (F/K/A MEITAV TACHLIT MUTUAL FUNDS LTD.) SECOND SET OF INTERROGATORIES TO EACH DEFENDANT
Case No. 3:20-cv-00076-SI

10

CONFIDENTIAL

As the full content and context of Mr. DeCesare's response reflects, the referenced deals had not yet "materialize[d]" or "close[d]."  Although Forescout had "technology win[s]," Forescout still needed to secure "the *business win*":

> "[t]he *question* now is what I would call the *business win*";

> "[w]e have a high degree of confidence they *close* for the year";

> "we have a fairly high degree of confidence that they *will materialize* in the back half of the year";

> "[w]e still feel very well positioned *to win that deal.*"

(emphasis added).  Later in the call, Mr. DeCesare further explained that the referenced deals included "new customers" who "*haven't bought our products yet*." (emphasis added).  Mr. DeCesare also noted that Forescout was not "dependent on those deals in the second half for us to be able to be successful."

Given the passage of time, Defendants do not currently have a precise recollection of the exact deals referenced in the remaining challenged May 9, 2019 public statements, but the referenced potential deals likely would have included potential deals with the U.S. Marine Corps (expansion); Apple; John Deere; First Horizon; and Rowan (expansion).

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF MEITAV MUTUAL FUNDS LTD.'S (F/K/A MEITAV TACHLIT MUTUAL FUNDS LTD.) SECOND SET OF INTERROGATORIES TO EACH DEFENDANT
Case No. 3:20-cv-00076-SI

11

CONFIDENTIAL

Dated:  August 2, 2024

**ROPES & GRAY LLP**                          **WILSON SONSINI GOODRICH &**
                                               **ROSATI, Professional Corporation**

  */s/ Amy Jane Longo*                            */s/ Diane M. Walters*

Amy Jane Longo                                 Ignacio E. Salceda
Mark S. Gaioni                                 Diane M. Walters
10250 Constellation Boulevard                  Rebecca L. Epstein
Los Angeles, CA 90067                          650 Page Mill Road
Tel: (310) 975-3300                            Palo Alto, CA 94304
amy.longo@ropesgray.com                        Tel: (650) 493-9300
mark.gaioni@ropesgray.com                      isaceda@wsgr.com
                                               dwalters@wsgr.com
Anne Johnson Palmer                            bepstein@wsgr.com
Three Embarcadero Center
San Francisco, CA 94111                        **Attorneys for Defendants Michael DeCesare**
Tel: (415) 315-6300                            **and Christopher Harms**
anne.johnsonpalmer@ropesgray.com

Peter L. Welsh (admitted *pro hac vice*)
C. Thomas Brown (admitted *pro hac vice*)
Prudential Tower
800 Boylston Street
Boston, MA 02199
Tel: (617) 951-7000
peter.welsh@ropesgray.com
thomas.brown@ropesgray.com

Charles D. Zagnoli (admitted *pro hac vice*)
191 North Wacker Drive, 32nd Floor
Chicago, IL 60606
Tel: (312) 845-1200
charles.zagnoli@ropesgray.com

**Attorneys for Defendant Forescout**
**Technologies, Inc.**

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF MEITAV MUTUAL FUNDS LTD.'S
(F/K/A MEITAV TACHLIT MUTUAL FUNDS LTD.) SECOND SET OF INTERROGATORIES TO EACH
DEFENDANT
Case No. 3:20-cv-00076-SI

12

CONFIDENTIAL

## VERIFICATION OF INTERROGATORY RESPONSE

I, Ed Brown, Chief Legal Officer of Forescout Technologies, Inc., affirm that I have reviewed *DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF MEITAV MUTUAL FUNDS LTD.'S (F/K/A MEITAV TACHLIT MUTUAL FUNDS LTD.) SECOND SET OF INTERROGATORIES TO EACH DEFENDANT*, and believe, based on reasonable inquiry and information available to Defendants, that the foregoing response to Interrogatory No. 5 is true and correct to the best of my knowledge.

Executed on August _2_, 2024



DocuSigned by:

Ed Brown
Chief Legal Officer of Forescout Technologies, Inc.

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF MEITAV MUTUAL FUNDS LTD.'S (F/K/A MEITAV TACHLIT MUTUAL FUNDS LTD.) SECOND SET OF INTERROGATORIES TO EACH DEFENDANT
Case No. 3:20-cv-00076-SI

13

CONFIDENTIAL

## <u>VERIFICATION OF INTERROGATORY RESPONSE</u>

I, Michael DeCesare, former CEO of Forescout Technologies, Inc., affirm that I have reviewed *DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF MEITAV MUTUAL FUNDS LTD.'S (F/K/A MEITAV TACHLIT MUTUAL FUNDS LTD.) SECOND SET OF INTERROGATORIES TO EACH DEFENDANT*, and believe, based on reasonable inquiry and information available to Defendants, that the foregoing response to Interrogatory No. 5 is true and correct to the best of my knowledge.

Executed on August 2, 2024



DocuSigned by:

—99D6E0B98D124BE...

Michael DeCesare

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF MEITAV MUTUAL FUNDS LTD.'S (F/K/A MEITAV TACHLIT MUTUAL FUNDS LTD.) SECOND SET OF INTERROGATORIES TO EACH DEFENDANT
Case No. 3:20-cv-00076-SI

14

CONFIDENTIAL

## **CERTIFICATE OF SERVICE**

I am employed in the City of Boston, in the state of Massachusetts.  I am over the age of 18 years and not a party to this action.  My business address is Ropes & Gray LLP, Prudential Tower, 800 Boylston Street, Boston, MA 02199.

On August 2, 2024, I served the following document(s):

**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF MEITAV MUTUAL FUNDS LTD.'S (F/K/A MEITAV TACHLIT MUTUAL FUNDS LTD.) SECOND SET OF INTERROGATORIES TO EACH DEFENDANT**

☒ **BY E-MAIL:**  I caused the document(s) to be served electronically on the persons at the electronic notification addresses listed below.

| | |
|---|---|
| Jeffrey S. Abraham (*admitted pro hac vice*) ABRAHAM, FRUCHTER & TWERSKY 450 Seventh Avenue, 38th Floor New York, NY 10123 Telephone: (212) 279-5050 *JAbraham@aftlaw.com* Attorneys for Co-Lead Plaintiffs | Omar Jafri (*admitted pro hac vice*) POMERANTZ LLP Ten South La Salle Street, Suite 3505 Chicago, IL 60603 Telephone: (312) 377-1181 *ojafri@pomlaw.com* Attorneys for Co-Lead Plaintiffs |

I declare under penalty of perjury under the laws of the State of Massachusetts that the foregoing is true and correct.

Executed on August 2, 2024, at Boston, Massachusetts.

*/s/ Stephanie D. Porges*
Stephanie D. Porges

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF MEITAV MUTUAL FUNDS LTD.'S (F/K/A MEITAV TACHLIT MUTUAL FUNDS LTD.) SECOND SET OF INTERROGATORIES TO EACH DEFENDANT
Case No. 3:20-cv-00076-SI

16

CONFIDENTIAL

## VERIFICATION OF INTERROGATORY RESPONSE

I, Christopher Harms, former CFO of Forescout Technologies, Inc., affirm that I have reviewed *DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF MEITAV MUTUAL FUNDS LTD.'S (F/K/A MEITAV TACHLIT MUTUAL FUNDS LTD.) SECOND SET OF INTERROGATORIES TO EACH DEFENDANT*, and believe, based on reasonable inquiry and information available to Defendants, that the foregoing response to Interrogatory No. 5 is true and correct to the best of my knowledge.

Executed on August 2, 2024

DocuSigned by:

8D6C3FEC8ABE493...
Christopher Harms

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF MEITAV MUTUAL FUNDS LTD.'S (F/K/A MEITAV TACHLIT MUTUAL FUNDS LTD.) SECOND SET OF INTERROGATORIES TO EACH DEFENDANT
Case No. 3:20-cv-00076-SI

15

CONFIDENTIAL