**ABRAHAM, FRUCHTER & TWERSKY, LLP**
Patrice L. Bishop (SBN 182256)
9440 Santa Monica Blvd., Suite 301
Beverly Hills, CA 90210
Telephone: (310) 279-5125
pbishop@aftlaw.com

*Class Counsel*

**ROPES & GRAY LLP**
Amy Jane Longo (CSB #198304)
Three Embarcadero Center
San Francisco, CA 94111-4006
Tel: (415) 315-6300
Fax: (415) 315-6350
Amy.Longo@ropesgray.com

*Attorney for Defendant*
*Forescout Technologies, Inc.*

[Additional Counsel on Signature Page]

| | |
|---|---|
| CHRISTOPHER L. SAYCE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>FORESCOUT TECHNOLOGIES, INC., MICHAEL DECESARE, and CHRISTOPHER HARMS,<br><br>Defendants. | CASE NO.: 3:20-cv-00076-SI<br><br>CLASS ACTION<br><br>**JOINT STATEMENT REGARDING DISCOVERY DISPUTE**<br><br>Judge: Hon. Susan Illston<br>Trial Date: November 10, 2025 |

JOINT STATEMENT REGARDING DISCOVERY DISPUTE
Case No. 3:20-cv-00076-SI

## I.     Plaintiffs' Statement

Plaintiffs have served 19 interrogatories to date, 6 under the federal limit. *See* Fed. R. Civ. P. 33. On January 21, 2025, Plaintiffs served their Third Set of Interrogatories (Nos. 6-11). *See* Ex. A ("Third Set"). On January 29, 2025, Plaintiffs served their Fourth Set of Interrogatories (Nos. 12-19). *See* Ex. B ("Fourth Set"). Plaintiffs extended the courtesy of an extension, and Defendants responded to the Third and Fourth Sets on February 28, 2025, refusing to answer Nos. 13-19 in their entirety, and principally refusing to answer No. 12. Nos. 13-19 go to the heart of this dispute—they ask why Defendants believe that they did not commit fraud. *Compare e.g.*, Nos. 13-17 *with* ECF No. 142 (the "Complaint") at ¶¶110, 115, and 117; *compare also* No. 18 *with* Complaint at ¶¶49-51, 99.B (directed at false contention that the Customer Engagement Process was implemented consistently), and No. 19 *with* Defs.' Opp'n to Pls.' Mot. for Class Cert. (ECF No. 202) at 13:9-13 (directed at false contention that the merger failed exclusively or primarily because of COVID-19). After an unsuccessful meet and confer, Plaintiffs bring this dispute to the Court's attention, and respectfully ask the Court to compel Defendants to answer Nos. 12-19 within 14 days of any Order.

Nos. 6, 7, and 12 seek information concerning "slipped deals" Defendants have pointed to in the record as the alleged "slipped deals" Defendants made misrepresentations about. Complaint at ¶¶97, 101, and 105. No. 6 seeks the names of persons at Forescout who communicated with the customers on these deals (Ex. A at 5); No. 7 seeks the names of the customers' employees who communicated about these deals (Ex. A at 5); No. 8 seeks the status of deals that can easily be confirmed by the Individual Defendants; and No. 12 seeks evidence substantiating Defendants' misrepresentation that these deals were "tech wins," meaning that Forescout had been chosen by customers over competitors and awarded the business (Ex. B at 5).

Defendants incorrectly argue that Nos. 6, 7, 8 and 12 should be counted as separate interrogatories because they have subparts. *See* Ex. C at 10-15; Ex. D at 10-11. Defendants also refused to answer the alleged subparts of No. 12.2-7 and Nos. 13-19, stating that they exceed the allowed limit. *See* Ex. D at 10-17. Defendants' actions bely their stated position to the Court. Defendants believed that they were entitled to serve 75 Interrogatories, and retracted many over the limit after Plaintiffs pointed out that the limit is per side, not per party. They also served

JOINT STATEMENT REGARDING DISCOVERY DISPUTE          Case No. 3:20-cv-00076-SI

Interrogatories with subparts that, unlike Plaintiffs', also covered different subjects, but Plaintiffs answered them anyway. *See* Ex. E at 5-8 (Defs.' Interrogatories Nos. 2 through 16). Plaintiffs also answered Defendants' Interrogatory No. 1, seeking information about 20 confidential witnesses referenced in the Complaint, without mischaracterizing that as 160 separate interrogatories had Plaintiffs applied Defendants' standard. *See* Ex. F. at 3.

"[S]ubparts are to be counted as one interrogatory *if they are logically or factually subsumed within and necessarily related to the primary question*." *Synopsys, Inc. v. ATopTech, Inc*, 319 F.R.D. 293, 294 (N.D. Cal. 2016) (citation omitted) (emphasis added). One primary question relates to one area of inquiry. *See AML Grp. Ltd. v. McCrane Inc*, 2014 WL 2735019, at *1 (N.D. Cal. June 15, 2014) (asking for the ship dates of 25 different purchase orders were not 25 distinct interrogatories when the primary question related to one area of inquiry). Defendants' response to No. 5 and emails produced in this action identify the names of the "slipped deals" at issue. *See, e.g.*, Ex. G at 9-11. Nos. 6, 7, 8 and 12 each introduced only one area of inquiry, as simple as the contact persons and evidence showing that the slipped deals were in fact "tech wins," as Defendants claimed falsely. Complaint at ¶97. Therefore, the subparts in Interrogatory Nos. 6, 7, 8 and 12 are "logically or factually subsumed within and necessarily related to the primary question" and should be counted as 4, not 23, interrogatories. *See S. ex rel. Englund v. Los Angeles Cnty.*, 235 F.R.D. 675, 679 (E.D. Cal. 2006) (seeking amount of payments for 7 different programs did not constitute 7 separate interrogatories when the primary question concerned the funding source for a state's healthcare service).

No cited case supports Defendants. *See Safeco of Am. v. Rawston,* F.R.D. 441, 446-47 (C.D. Cal. 1998) (analyzing whether each request for admission addresses a separate interrogatory as opposed to related subparts here); *Bankers Ins. Co. of Florida v. Nat'l Fire Ins. Co. of Hartford*, 2020 WL 8996760, at *1 (N.D. Cal. July 9, 2020) (departing from majority rule to find that a question is distinct if it can be addressed without answering the other subparts, rendering Defs.' Interrogatory No. 1 extremely over the limit); *Rambus Inc. v. Nvidia*, No. C-08-03343 (SI), ECF No. 252 (N.D. Cal. Sept. 21, 2011) (noting that subparts concerned different subjects).[1]

No prejudice can result given the centrality of Nos. 12-19 to Defendants' defense.[2] *See, e.g.*,

---

JOINT STATEMENT REGARDING DISCOVERY DISPUTE                    Case No. 3:20-cv-00076-SI

*In Re Nat'l Football Leagues Sunday Ticket Antitrust Litig.*, 2022 WL 1766929, at \*2 (C.D. Cal. May 11, 2022) (ordering response when no prejudice was shown despite claim that the interrogatories were compound and hence exceeded the limit); Order Re: Discovery, *Jones v. St. Paul Travelers*, No. 3:06-cv-00717-SI, ECF No. 133 (N.D. Cal. June 19, 2017) (similar). Defendants' assertions concerning discovery in this case defy the record. Defendants have routinely failed to comply with their discovery obligations, and the Court has ruled in favor of Plaintiffs on nearly every dispute.

## II.    DEFENDANTS' POSITION:

This is a simple dispute.  Twenty-five interrogatories are the maximum allowed, *including* discrete subparts.  Fed. R. Civ. P. 33(a) ("a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts.").[3]  Plaintiffs have attempted to circumvent these limits by serving four compound interrogatories that group multiple independent and distinct questions together, bringing their total number of interrogatories served to 38.  Defendants complied with their obligations under Rule 33(a) by answering only Plaintiffs' first 25 interrogatories. Plaintiffs' request that the Court, in effect, grant them an expanded number of interrogatories should be denied.

Interrogatory No. 6 requests the identity of "[a]ll persons at Forescout who Communicated with the U.S. Marine Corps, Apple, Inc., Deere & Company, First Horizon National Corporation, Rowan Companies, United Airlines Holdings, Inc., or Indiana University Health" regarding

---

[1] *Jacobsen v. Katzer* is irrelevant because the party asked for additional interrogatories without showing their relevance. 2009 WL 10697750, at \*2 (N.D. Cal. June 12, 2009); Mot. For Discovery Plan, No. 3:06-cv-01905, ECF No. 305 (N.D. Cal. May 13, 2006). Here, Plaintiffs have shown Nos. 12-19 are central to this matter.

[2] Defendants served similar Interrogatories on January 29, 2025 seeking evidence supporting the falsity and scienter of the alleged false statements, and Plaintiffs answered them thoroughly on March 7, 2025.

[3] Plaintiffs misstate the discovery record. Plaintiffs have themselves refused to answer 18 of Defendants' contention interrogatories based on their assertion that Defendants exceeded "per side" limits despite the plain language of Rule 33(a). While Defendants compromised by withdrawing interrogatories to avoid the need for Court intervention, Plaintiffs have refused to compromise at all to avoid this dispute. Plaintiffs cannot have it both ways—the 25-interrogatory limit should apply equally to both sides.

---

JOINT STATEMENT REGARDING DISCOVERY DISPUTE                    Case No. 3:20-cv-00076-SI

potential deals to purchase Forescout products and services.  Interrogatory No. 7 asks Defendants to identify "[a]ll Persons at the U.S. Marine Corps, Apple, Inc., Deere & Company, First Horizon National Corporation, Rowan Companies, United Airlines, or Indiana University Health, Inc. who Communicated with Forescout" regarding potential transactions. These requests are plainly compound, as they require Defendants to supply answers about seven distinct entities.  *See Am. Bankers Ins. Co. of Florida v. Nat'l Fire Ins. Co. of Hartford*, 2020 WL 8996760, at *1 (N.D. Cal. July 9, 2020) (finding that an interrogatory asking to identify distinct information about four separate insurance policies was compound because "each subpart seeks information regarding a different insurance policy and can be fully answered without addressing the other subparts.").  Courts find that "subparts are to be counted as part of but one interrogatory" … "if they are logically or factually subsumed within and necessarily related to the primary question." *Safeco of Am. v. Rawston*, 181 F.R.D. 441, 444 (C.D. Cal. 1998) (citation omitted). That stands in contrast to the questions here, which call for independent investigations into entirely separate deals—not related, readily identifiable details about one deal, or contact information for Plaintiffs' CWs.

The list of individuals at Forescout who communicated with Apple, for example, does not depend on or relate to the list of individuals who communicated with the U.S. Marine Corps.  Thus, responding to each subpart therefore requires a separate and distinct inquiry and can be fully answered without addressing other subparts, rendering the interrogatories compound.  *See Rambus Inc. v. Nvidia Corp.,* No. C-08-03343 (SI), 2011 U.S. Dist. LEXIS 156378, *48 (N.D. Cal. Aug. 24, 2011) (special master ruling stating that "An interrogatory that seeks information (even a single piece of information) about 300 separate products is asking 300 separate questions."); *Diversified Lenders, LLC v. Amazon Logistics, Inc.*, 2017 WL 11562026, *2 (W.D. Wash. June 20, 2017) (finding that an interrogatory requiring "separate document review, analysis, and response" for 73 invoices counted as separate interrogatories).[4]

---

[4] Plaintiffs' cases are not persuasive. In *AML Grp. Ltd. v. McCrane Inc*, 2014 WL 2735019, *1, the plaintiff, a glove manufacturer, did not explain the basis for its objection, perhaps because the requested information involving POs with the defendant seller did not truly amount to any separate analysis (in contrast to the separate inquiries caused here by Plaintiffs' requests concerning 7 entirely different non-party entities on whom they also served discovery requests). In *U.S. ex rel. Englund v. Los Angeles Cnty.*, 235 F.R.D. 675, 679, the interrogatory subparts only listed specific payments

Interrogatory No. 8 asks for "[a]ll Transactions in Forescout's Central United States or Europe, Middle East & Africa regions that were qualified as 'committed' or 'upside' at Any time during the second, third, or fourth quarters of 2019." Plaintiffs again request distinct subsets of facts under the guise of one request. Each region had its own sales team and list of potential deals.

Finally, Interrogatory No. 12 seeks "all evidence supporting" the contention that "potential deals with U.S. Marine Corps, Apple, Inc., Deere & Company, First Horizon National Corporation, Rowan Companies, United Airlines Holdings, Inc., or Indiana Health University Health, Inc. were Tech Wins on or before the May 9, 2019 earnings call." Again, this request seeks entirely separate answers, based on independent sources of information, that relate to seven different contentions. The evidence supporting the proposition that the U.S. Marine Corps deal had obtained a tech win is distinct from the evidence supporting the proposition that the Apple deal had obtained a tech win. The answer to neither question depends in any way on the other; the mere fact that Plaintiffs have put them both under one heading does not change that fact.

Contrary to Plaintiffs' false accusations of discovery evasion, Defendants have served well over 100 pages of written discovery responses and have thrice agreed to supplement their interrogatory responses to avoid burdening the Court with Plaintiffs' unfounded objections. Defendants have abstained from technical objections they could have raised to prior interrogatories, including one that sought details of how 30 different employees each used three separate databases. But these interrogatories are different in kind. Plaintiffs effectively seek additional interrogatories without providing any basis as to why an extension on the limits is needed. *See e.g.*, *Jacobsen v. Katzer*, 2009 WL 10697750, at *2 (N.D. Cal. June 12, 2009) ("Plaintiff must make a particularized showing of why . . . additional interrogatories are necessary . . ."). Fact discovery has ended, expert discovery is well underway, and summary judgment motions are due in June. Plaintiffs' request for additional interrogatories should be denied.

---

subsumed within the question about the government funding received and, unlike Defendants' cases, this decision is devoid of any analysis of the overruled objection.

JOINT STATEMENT REGARDING DISCOVERY DISPUTE                     Case No. 3:20-cv-00076-SI

Dated: April 14, 2025

**POMERANTZ LLP**[5]

  /s/ Brian P. O'Connell
Omar Jafri (admitted *pro hac vice*)
Patrick Dahlstrom (admitted *pro hac vice*)
Brian O'Connell (SBN 314318)
Genc Arifi (admitted *pro hac vice*)
Diego Martinez-Krippner (admitted *pro hac vice*)
Jianan Jiang (admitted *pro hac vice*)
Ten South La Salle Street, Suite 3505
Chicago, Illinois 60603
Tel: (312) 377-1181
ojafri@pomlaw.com
pdahlstrom@pomlaw.com
boconnell@pomlaw.com
garifi@pomlaw.com
dmartinezk@pomlaw.com
ajiang@pomlaw.com

Jeremy A. Lieberman (admitted *pro hac vice*)
J. Alexander Hood II (admitted *pro hac vice*)
600 Third Avenue, 20th Floor
New York, NY  10016
(212) 661-1100
jalieberman@pomlaw.com
ahood@pomlaw.com

*-and-*

**ABRAHAM, FRUCHTER & TWERSKY, LLP**

  /s/ Jeffrey S. Abraham
Jeffrey S. Abraham (admitted *pro hac vice*)
Michael Jason Klein (admitted *pro hac vice*)
450 Seventh Avenue, 38th Floor
New York, NY 10123
Tel: (212) 279-5050
JAbraham@aftlaw.com
mklein@aftlaw.com

**ROPES & GRAY LLP**

  /s/ Amy Jane Longo
Amy Jane Longo
Mark S. Gaioni
10250 Constellation Boulevard
Los Angeles, CA 90067
Tel: (310) 975-3300
amy.longo@ropesgray.com
mark.gaioni@ropesgray.com

Anne Johnson Palmer
Three Embarcadero Center
San Francisco, CA 94111-4006
Tel: (415) 315-6300
anne.johnsonpalmer@ropesgray.com

Peter L. Welsh (admitted *pro hac vice*)
C. Thomas Brown (admitted *pro hac vice*)
Prudential Tower
800 Boylston Street
Boston, MA 02199
Tel: (617) 951-7000
peter.welsh@ropesgray.com
thomas.brown@ropesgray.com

Charles D. Zagnoli (admitted *pro hac vice*)
191 North Wacker Drive, 32nd Floor
Chicago, IL  60606
Tel: (312) 845-1200
charles.zagnoli@ropesgray.com

***Attorneys for Defendant Forescout Technologies, Inc.***

**WILSON SONSINI GOODRICH & ROSATI, Professional Corporation**

  /s/ Rebecca L. Epstein
Ignacio E. Salceda
Diane M. Walters
Rebecca L. Epstein
650 Page Mill Road

---

[5] Orly Guy and Eitan Lavie, who are Of Counsel to Pomerantz LLP and admitted to practice in Israel, also provide advice to Meitav Mutual Funds Ltd. in connection with this matter.

JOINT STATEMENT REGARDING DISCOVERY DISPUTE                    Case No. 3:20-cv-00076-SI

| | |
|---|---|
| Patrice L. Bishop | Palo Alto, CA 94304 |
| 9440 Santa Monica Blvd., Suite 301 | Tel: (650) 493-9300 |
| Beverly Hills, CA 90210 | isalceda@wsgr.com |
| (310) 279-5125 | dwalters@wsgr.com |
| pbishop@aftlaw.com | bepstein@wsgr.com |

*Attorneys for the Class Representatives and the Class*    *Attorneys for Defendants Michael DeCesare and Christopher Harms*

## CERTIFICATE OF SERVICE

I certify that, on the date stamped above, I caused this document to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of filing by email to counsel of record for all parties.

*/s/ Brian P. O'Connell*
Brian P. O'Connell

## SIGNATURE ATTESTATION

Pursuant to Civil Local Rule 5-1(i)(3), the filer attests that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content, and have authorized the filing.

Dated: April 14, 2025                    */s/ Brian P. O'Connell*
                                         Brian P. O'Connell