# Exhibit B

**POMERANTZ LLP**
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
Email: jpafiti@pomlaw.com

**POMERANTZ LLP**
Omar Jafri (admitted *pro hac vice*)
Patrick Dahlstrom (admitted *pro hac vice*)
Brian P. O'Connell (SBN 314318)
Genc Arifi (admitted *pro hac vice*)
Ten South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
Email: ojafri@pomlaw.com
        pdahlstrom@pomlaw.com
        boconnell@pomlaw.com
        garifi@pomlaw.com

*Co-Lead Counsel for Lead Plaintiffs*
*and the Proposed Class*

[*Additional Counsel on Signature Page*]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| CHRISTOPHER L. SAYCE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>FORESCOUT TECHNOLOGIES, INC., *et al.*,<br><br>Defendants. | Case No: 3:20-CV-00076-SI<br><br>**PLAINTIFF MEITAV MUTUAL FUNDS LTD.'S (F/K/A MEITAV TACHLIT MUTUAL FUNDS LTD.) FOURTH SET OF INTERROGATORIES TO EACH DEFENDANT**<br><br>HON. SUSAN ILLSTON |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Co-Lead Plaintiff Meitav Mutual Funds Ltd. (f/k/a Meitav Tachlit Mutual Funds Ltd.) ("Meitav") requests that Defendants Forescout Technologies, Inc., Michael DeCesare and Christopher Harms answer the following interrogatories (the "Interrogatories") under oath, separately, and fully in writing, within thirty (30) days after service of these requests.

These Interrogatories incorporate by reference all definitions and rules of construction set forth in Rule 34 of the Federal Rules of Civil Procedure and supplement them with the following definitions and instructions, which apply to each Interrogatory set forth herein.

**DEFINITIONS**

1.      "Forescout" or the "Company" means Forescout Technologies, Inc., all of its present and former officers, directors, committees, employees, partners, corporate parents, predecessors, successors, subsidiaries, affiliates, divisions, branch offices, agents, representatives, and all other persons acting, or purporting to act, on behalf of any of the foregoing.

2.      "Action" refers to the above-captioned matter.

3.      "Advent" refers to Advent International, Inc., all of its present and former officers, directors, committees, employees, partners, corporate parents, predecessors, successors, subsidiaries, affiliates, divisions, branch offices, agents, representatives, and all other persons acting, or purporting to act, on behalf of any of the foregoing.

4.      "Communication," "Communications." and "Communicate(d)" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise), or the attempt to transmit information, whether written, oral, electronic, or by any other means.

5.      "Complaint" refers to the Second Consolidated Amended Complaint for Violations of the Federal Securities Laws filed in this Action on May 10, 2021.

6.      "Concerning" means relating to, referring to, describing, evidencing or constituting.

7.      "Customer Engagement Process" means the sales qualification process introduced by Force Management, LLC, and which Forescout aspired to implement in some form during the Relevant Period.

PLAINTIFF MEITAV MUTUAL FUNDS LTD.'S (F/K/A MEITAV TACHLIT MUTUAL FUNDS LTD.)
FOURTH SET OF INTERROGATORIES TO EACH DEFENDANT
Case No. 3:20-cv-00076-SI

1

8.    "Defendants" refers to Forescout Technologies, Inc., Michael DeCesare and Christopher Harms.

9.    "Document(s)" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate Document within the meaning of this term.

10.    "Force Management" refers to Force Management, LLC, all of its present and former officers, directors, committees, employees, partners, corporate parents, predecessors, successors, subsidiaries, affiliates, divisions, branch offices, agents, representatives, and all other persons acting, or purporting to act, on behalf of any of the foregoing.

11.    "Identify" means that Person's (as defined below) name, address, telephone number, e-mail address, employer, and job title or position. "Identify," when used in any context other than as defined, shall mean a description of the subject to be identified and a specification of the Documents or Communications in which the subject is or was recorded, described, or referred and all other information necessary to fully identify the subject.

12.    "Person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

13.    "Tech Win" or "Technology Win" refers to the term repeatedly used by Michael DeCesare and Christopher Harms during the May 9, 2019 earnings conference call, and is intended to mean what a reasonable investor would interpret or understand from Defendants' representations.

14.    "You" or "Your" means the party responding to the Interrogatory.

15.    For the avoidance of doubt, all undefined terms herein shall have the same meaning as ascribed in the Complaint.

## INSTRUCTIONS

1.    Please answer the following Interrogatories separately and fully.

2.    If there is an objection to any Interrogatory, in whole or in part, state the legal and factual bases for any such objection(s), and answer that part of the Interrogatory to which there is no objection.

PLAINTIFF MEITAV MUTUAL FUNDS LTD.'S (F/K/A MEITAV TACHLIT MUTUAL FUNDS LTD.)
FOURTH SET OF INTERROGATORIES TO EACH DEFENDANT
Case No. 3:20-cv-00076-SI

2

3.    No part of an Interrogatory shall be left unanswered merely because an objection is made to another part of the Interrogatory.

4.    If for any reason, any Interrogatory or part thereof cannot be answered in full after exercising due diligence to secure the information to do so, answer to the extent possible and state the reason for any inability to provide a complete answer.

5.    Please include in Your answer information which, while not within Your own knowledge, is nonetheless within the custody and control of or reasonably available to You, or any other source from which it may be reasonably secured.

6.    If an answer to an Interrogatory is "none," "unknown," or "not applicable," such statement shall be written in the answer.

7.    Whenever an Interrogatory may be answered by referring to a Document, please provide the information required by Rule 33(d) of the Federal Rules of Civil Procedure.

8.    Whenever a date, amount, computation, or figure is requested, the exact date, amount, computation, or figure, and the basis for such figure, is to be given unless the figure is unknown. If the figure is unknown, the approximate or best estimate should be given, and the answer should state that the date, amount, computation, or figure provided is an approximation.

9.    The Interrogatories are continuing in nature. If, after responding to these Interrogatories, You or a Person on Your behalf obtain(s) or become(s) aware of additional information responsive to the requests, You are required to serve a supplemental response containing all such subsequently acquired information as soon as reasonably possible.

10.    If any Interrogatory is deemed objectionable on the grounds of privilege, work product, or any other privilege or immunity from disclosure, answer the Interrogatory with such non-privileged information as may be available, and identify the nature of the privilege (including work product) which is being claimed and, if, the privilege is governed by state law, indicate the state's privilege rule being invoked. Additionally, You shall set forth the following information for each withheld Document: (i) the type of Document (*e.g.* letter or memorandum); (ii) the general subject matter of the Document; (iii) the date of the Document; (iv) the author(s) or sender(s) of the

PLAINTIFF MEITAV MUTUAL FUNDS LTD.'S (F/K/A MEITAV TACHLIT MUTUAL FUNDS LTD.)
FOURTH SET OF INTERROGATORIES TO EACH DEFENDANT
Case No. 3:20-cv-00076-SI

3

Document; (v) the addressee(s) or recipient(s) of the Document; (vi) where not apparent, the relationship of the author, addressees, and recipients to each other; and (vii) the factual and legal basis for the assertion of privilege.

11.    If, in responding to the Interrogatory, You claim any ambiguity in interpreting a request of a definition or instruction applicable thereto, such claim shall not be utilized by You as a basis for refusing to respond. Instead, without waiver of Plaintiff's right to seek a full and complete answer to the Interrogatory, You shall set forth as part of Your response to such Interrogatory the language deemed to be ambiguous and the interpretation chosen to be used in responding to the Interrogatory.

12.    If an answer to an Interrogatory is based on information and belief, specify and identify the source of information and the grounds for the belief.

13.    "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Interrogatories all responses that might otherwise be construed to be outside its scope.

14.    The use of the singular form of any word includes the plural and vice versa, and the masculine, feminine or neuter form of any words includes each of the other gender.

15.    The use of any tense of any verb shall also include within its meaning all other tenses of that verb.

### RELEVANT TIME PERIOD

Unless otherwise indicated, the time period ("Relevant Period") covered by these Interrogatories is January 1, 2019, to December 31, 2020, and shall include all Documents and information produced or created during that Relevant Period, and shall also include all information that relates in whole or in part to such period, or to events or circumstances which occurred during such period, even though dated, prepared, generated or received prior or subsequent to the Relevant Period. However, if information prepared prior to January 1, 2019, or after December 31, 2020, is necessary for a correct or complete understanding of any information responsive to these Interrogatories, such information should be included in the response. If the date of any information

PLAINTIFF MEITAV MUTUAL FUNDS LTD.'S (F/K/A MEITAV TACHLIT MUTUAL FUNDS LTD.)
FOURTH SET OF INTERROGATORIES TO EACH DEFENDANT
Case No. 3:20-cv-00076-SI

4

is unknown or cannot be determined, the information should still be provided in any response if otherwise responsive to an Interrogatory.

### INTERROGATORIES

**Interrogatory No. 12**:

If You still contend that potential deals with the U.S. Marine Corps, Apple, Inc., Deere & Company, First Horizon National Corporation, Rowan Companies, United Airlines Holdings, Inc., or Indiana University Health, Inc. were Tech Wins on or before the May 9, 2019 earnings call, describe all evidence supporting that contention in detail.

**Interrogatory No. 13**:

If You still contend that the rate at which Forescout closed deals on or before August 7, 2019, was "very strong" and "very healthy," describe all evidence supporting that contention in detail. *See* Complaint ¶110.

**Interrogatory No. 14:**

If You still contend that the sales pipeline was "absolutely taking shape very effectively" on or before August 7, 2019, describe all evidence supporting that contention in detail. *See* Complaint ¶110.

**Interrogatory No. 15**:

If You still contend that, on or before August 12, 2019, Defendants "had great visibility into the rest of the year and still the confidence we have about how deals were taking shape", describe all evidence supporting that contention in detail. *See* Complaint ¶115.

**Interrogatory No. 16**:

If You still contend that Forescout's sales pipeline "continued to grow" in the Third Quarter of 2019, describe all evidence supporting that contention in detail. *See* Complaint ¶117.

**Interrogatory No. 17**:

If You still contend that Forescout's financial performance deteriorated in late 2019 and early 2020 due to "extended approval cycles" and macroeconomic conditions in Europe, the Middle East

PLAINTIFF MEITAV MUTUAL FUNDS LTD.'S (F/K/A MEITAV TACHLIT MUTUAL FUNDS LTD.)
FOURTH SET OF INTERROGATORIES TO EACH DEFENDANT
Case No. 3:20-cv-00076-SI

5

and Africa, describe all evidence supporting that contention in detail. *See, e.g.*, Complaint ¶117.

**Interrogatory No. 18**:

If You still contend that the Customer Engagement Process was implemented consistently across the Company, describe all evidence supporting that contention in detail.

**Interrogatory No. 19**:

If You still contend that Advent reneged on the deal to acquire Forescout in May 2020 exclusively or primarily because of the COVID-19 pandemic, describe all evidence supporting that contention in detail.

**Dated:** January 29, 2025

By: */s/ Brian P. O'Connell*

**POMERANTZ LLP**
Omar Jafri (admitted *pro hac vice*)
Patrick Dahlstrom (admitted *pro hac vice*)
Brian P. O'Connell (SBN 314318)
Genc Arifi (admitted *pro hac vice*)
Ten South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
Email: ojafri@pomlaw.com
     pdahlstrom@pomlaw.com
     boconnell@pomlaw.com
     garifi@pomlaw.com

Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
Email: jpafiti@pomlaw.com

Jeremy A. Lieberman (admitted *pro hac vice*)
J. Alexander Hood II (admitted *pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email: jalieberman@pomlaw.com
     ahood@pomlaw.com

*Co-Lead Counsel for Co-Lead Plaintiffs*

PLAINTIFF MEITAV MUTUAL FUNDS LTD.'S (F/K/A MEITAV TACHLIT MUTUAL FUNDS LTD.)
FOURTH SET OF INTERROGATORIES TO EACH DEFENDANT
Case No. 3:20-cv-00076-SI

*and the Proposed Class*

*-and-*

**ABRAHAM, FRUCHTER
  & TWERSKY, LLP**
Jeffrey S. Abraham (admitted *pro hac vice*)
Michael Jason Klein (admitted *pro hac vice*)
450 Seventh Avenue, 38th Floor
New York, NY 10123
Telephone: (212) 279-5050
Facsimile: (212) 279-3655
Email: jabraham@aftlaw.com
        mklein@aftlaw.com

Patrice L. Bishop (SBN 182256)
9440 Santa Monica Blvd., Suite 301
Beverly Hills, CA 90210
Telephone: (310) 279-5125
Email: pbishop@aftlaw.com

*Co-Lead Counsel for Co-Lead Plaintiffs
and the Proposed Class*

## CERTIFICATE OF SERVICE

I hereby certify that, pursuant to Federal Rule of Civil Procedure 5, on January 29, 2025, I served a copy of the foregoing to counsel of record for Defendants via hand delivery at the following addresses:

**Ropes & Gray LLP**
Amy Jane Longo
Mark S. Gaioni
10250 Constellation Boulevard
Los Angeles, CA 90067

And

**Ropes & Gray LLP**
Peter L. Welsh
C. Thomas Brown
Prudential Tower
800 Boylston Street
Boston, MA 02199

PLAINTIFF MEITAV MUTUAL FUNDS LTD.'S (F/K/A MEITAV TACHLIT MUTUAL FUNDS LTD.)
FOURTH SET OF INTERROGATORIES TO EACH DEFENDANT
Case No. 3:20-cv-00076-SI

7

And

**WILSON SONSINI GOODRICH &
ROSATI, Professional Corporation**
Ignacio E. Salceda
Diane M. Walters
Rebecca L. Epstein
650 Page Mill Road
Palo Alto, CA 94304

Executed on January 29, 2025, in Chicago, Illinois.

*/s/ Brian P. O'Connell*
Brian P. O'Connell

PLAINTIFF MEITAV MUTUAL FUNDS LTD.'S (F/K/A MEITAV TACHLIT MUTUAL FUNDS LTD.)
FOURTH SET OF INTERROGATORIES TO EACH DEFENDANT
Case No. 3:20-cv-00076-SI

8