# Exhibit C

**ROPES & GRAY LLP**
Amy Jane Longo (CSB #198304)
10250 Constellation Boulevard
Los Angeles, CA 90067
Tel: (310) 975-3300
Fax: (310) 975-3400
Amy.Longo@ropesgray.com

*Attorneys for Defendant*
*Forescout Technologies, Inc.*

*[Additional Counsel on Signature Page]*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| CHRISTOPHER L. SAYCE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>FORESCOUT TECHNOLOGIES, INC., MICHAEL DECESARE, and CHRISTOPHER HARMS,<br><br>Defendants. | CASE NO.: 3:20-cv-00076-SI<br><br>CLASS ACTION<br><br>**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF MEITAV MUTUAL FUNDS LTD.'S (F/K/A MEITAV TACHLIT MUTUAL FUNDS LTD.) THIRD SET OF INTERROGATORIES TO EACH DEFENDANT**<br><br>HON. SUSAN ILLSTON |

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF MEITAV MUTUAL FUNDS LTD.'S (F/K/A MEITAV TACHLIT MUTUAL FUNDS LTD.) THIRD SET OF INTERROGATORIES TO EACH DEFENDANT
Case No. 3:20-cv-00076-SI

CONFIDENTIAL

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendants Forescout Technologies, Inc. ("Forescout" or the "Company"), Michael DeCesare, and Christopher Harms (together with Mr. DeCesare, the "Individual Defendants," and collectively with Forescout, the "Defendants") by and through their attorneys hereby respond and object to Plaintiff Meitav Mutual Funds Ltd.'s (f/k/a Meitav Tachlit Mutual Funds Ltd.) Third Set of Interrogatories to Each Defendant, served on January 21, 2025 (the "Interrogatories," and each individually numbered interrogatory, an "Interrogatory"), by Co-Lead Plaintiff Meitav Mutual Funds Ltd. (f/k/a Meitav Tachlit Mutual Funds Ltd.) (the "Plaintiff"), including the Definitions, Instructions, Relevant Time Period, and Interrogatory contained therein, (the "Responses and Objections").

Defendants reserve the right to supplement these Responses and Objections with subsequently discovered information.

## GENERAL OBJECTIONS

Defendants make the following general objections ("General Objections") to the Interrogatory and incorporate them into Defendants' response to the Interrogatory (the "Response"). While certain of the General Objections are reiterated for emphasis in the individual Response below, the failure to restate a General Objection specifically in response to an Interrogatory should not be construed as a waiver of any such General Objection either generally or with respect to such Interrogatory.

1. Defendants object to the Interrogatories, and to each Instruction, Definition, Relevant Time Period, and Interrogatory contained therein, to the extent they seek to impose requirements or obligations on Defendants in addition to, beyond the scope of, or different from those imposed by the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, or other applicable laws or rules (collectively, the "Rules"). Defendants will comply with the obligations imposed by those Rules and applicable law.

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF MEITAV MUTUAL FUNDS LTD.'S (F/K/A MEITAV TACHLIT MUTUAL FUNDS LTD.) THIRD SET OF INTERROGATORIES TO EACH DEFENDANT
Case No. 3:20-cv-00076-SI

2

CONFIDENTIAL

2.      Defendants object to the Interrogatories, and to each Instruction, Definition, Relevant Time Period, and Interrogatory contained therein, to the extent they seek information or materials protected by the attorney-client privilege, the work-product doctrine, the joint defense or common interest privilege, or any other privilege or immunity.  Defendants will not agree to produce information or materials protected by the attorney-client privilege, the work-product doctrine, the joint defense or common interest privilege, or any other privilege or immunity.  In the event Defendants do disclose any privileged or otherwise protected information or materials, they will have done so inadvertently and without any intention to waive the privilege or immunity.

3.      Defendants object to the Interrogatories, and to each Instruction, Definition, Relevant Time Period, and Interrogatory contained therein, to the extent they assume disputed facts or legal conclusions, may be construed as an admission that any fact or circumstances alleged or suggested by Plaintiffs occurred or existed, or purport to characterize Defendants' positions, contentions, claims, defenses, or arguments in this case.  By responding to the Interrogatories, Defendants do not admit the correctness of, adopt, or acquiesce in any factual or legal conclusion, contention, assertion, or characterization contained in the Interrogatories (including in the Definitions and Instructions thereto).  Defendants' use of any term defined in the Interrogatories does not admit the accuracy of any such term's definition.

4.      Defendants object to the Interrogatories, and to each Instruction, Definition, Relevant Time Period, and Interrogatory contained therein, to the extent they seek discovery of information that is neither relevant to the surviving claims in this action nor proportional to the needs of the case.  Defendants also object to the Interrogatories, and to each Instruction, Definition, Relevant Time Period, and Interrogatory contained therein, as exceeding the scope of discovery permitted by Rule 26(b)(1) of the Federal Rules of Civil Procedure to the extent that the burden or expense imposed by any Interrogatory outweighs the likely benefit.

5.      Defendants will not knowingly or intentionally divulge any information that these

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF MEITAV MUTUAL FUNDS LTD.'S (F/K/A MEITAV TACHLIT MUTUAL FUNDS LTD.) THIRD SET OF INTERROGATORIES TO EACH DEFENDANT
Case No. 3:20-cv-00076-SI
3

CONFIDENTIAL

Responses expressly indicate Defendants will withhold under an objection. Should Defendants divulge any such information, they will have done so inadvertently and without any intent to waive the relevant objection(s).

6. Defendants object to the Interrogatories, and to each Instruction, Definition, Relevant Time Period, and Interrogatory contained therein, to the extent they seek to impose a duty on Defendants to seek out information that is not in their possession, custody, or control or that is outside the knowledge of and not reasonably available to Defendants or Forescout's officers, directors, or employees.

7. Defendants object to the Interrogatories, and to each Instruction, Definition, Relevant Time Period, and Interrogatory contained therein, as unduly burdensome to the extent they seek information that is already in the possession, custody, or control of Plaintiffs or that is equally available or accessible to Plaintiffs and can thus be obtained from a more convenient and less burdensome source. Defendants also object to providing responses to the Interrogatories where the information can be derived from documents that have been or will be produced.

8. Defendants object to the Interrogatories, and to each Instruction, Definition, Relevant Time Period, and Interrogatory contained therein, as overly broad and unduly burdensome to the extent they seek to compel Defendants to generate or create information and/or documents that do not already exist.

9. Defendants object to the Interrogatories, and to each Instruction, Definition, Relevant Time Period, and Interrogatory contained therein, to the extent they lack "reasonable particularity" as required by Rule 33 of the Federal Rules of Civil Procedure or are otherwise vague, ambiguous, or unclear as to the precise categories of information sought, thereby preventing Defendants from providing information in a reasonable manner. Defendants will assume an ordinary and reasonable meaning for each vague, ambiguous, or otherwise unclear term.

10. Defendants object to the Interrogatories, and to each Instruction, Definition,

CONFIDENTIAL

Relevant Time Period, and Interrogatory contained therein, to the extent they seek "all" or "any" facts, circumstances, or information that relate to a particular subject, on the grounds that identifying "all" or "any" facts, circumstances, or information would be unduly burdensome, impractical, and oppressive and would seek information not relevant to the subject matter of this litigation, proportional to the needs of the case, or otherwise discoverable under the Rules.

11.    Defendants object to the Interrogatories, and to each Instruction, Definition, Relevant Time Period, and Interrogatory contained therein, to the extent that any specific Interrogatory is cumulative, redundant, or duplicative of any other Interrogatory on the grounds that such an Interrogatory is overbroad and unduly burdensome.

12.    Defendants object to the Interrogatories, and to each Instruction, Definition, Relevant Time Period, and Interrogatory contained therein, to the extent that they require unreasonably costly and/or time-consuming measures to identify and provide responsive information.  Defendants will construe each Interrogatory to require only a reasonable search of the reasonably accessible files of Defendants in which Defendants would reasonably expect to find information responsive to such Interrogatory, and the Defendants object to any Interrogatory as unduly burdensome to the extent that it requires anything else.

13.    Defendants' Responses and Objections do not serve as an admission by Defendants that responsive information exists or is relevant, responsive, non-privileged, or admissible as evidence.  Nothing in Defendants' Responses and Objections should be construed as an admission that any statement or characterization in the Interrogatories is accurate or complete.

14.    Defendants' Responses and Objections are given without prejudice to Defendants' right at trial to testify to other or additional evidence, including any subsequently discovered facts. By objecting and/or responding to the Interrogatories, Defendants do not intend to waive, and rather expressly preserve, all objections to the competence, relevance, materiality, and admissibility of any information provided in response to the Interrogatories.

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF MEITAV MUTUAL FUNDS LTD.'S (F/K/A MEITAV TACHLIT MUTUAL FUNDS LTD.) THIRD SET OF INTERROGATORIES TO EACH DEFENDANT
Case No. 3:20-cv-00076-SI

5

CONFIDENTIAL

15.     Any provision of information in response to the Interrogatories shall be without waiver of any of the objections set forth herein and shall not be construed as an agreement that the Defendants will agree to a similar or analogous approach in response to other requests for similar information.

16.     These Responses and Objections reflect Defendants' present knowledge, information, and belief based on their reasonable investigations to date, and they may be subject to modification based on facts and circumstances that may come to Defendants' attention, further discovery, or subsequent case developments.  Defendants reserve the right to alter, supplement, amend, or otherwise modify their Responses and Objections to the Interrogatories.

## OBJECTIONS TO DEFINITIONS

Without waiving or otherwise limiting the foregoing General Objections, and expressly reserving and incorporating each such objection, Defendants make the following objections to the Interrogatories' Definitions (the "Objections to Definitions").  The Objections to Definitions apply to the Interrogatory and shall have the same force and effect as if set forth in full in response to the Interrogatory.

1.     Defendants object to the definition of "Forescout" or "the Company" as overly broad and unduly burdensome, and as seeking information irrelevant to any parties' surviving claims or defenses, disproportionate to the case's needs, and beyond Defendants' possession, custody, or control, to the extent the definition purports to include "all" of Forescout Technologies, Inc.'s "present and former" officers, directors, committees, Employees, partners, corporate parents, predecessors, successors, subsidiaries, affiliates, divisions, branch offices, agents, representatives, and all other persons acting, as well as all persons purporting to act, on behalf of any of the foregoing.  Defendants shall construe "Forescout" or the "Company" to mean, with respect to the Interrogatory, Forescout Technologies, Inc., including any employees, officers, and directors substantially involved in the subject matter of such Interrogatory.

CONFIDENTIAL

2.    Defendants object to the definition of "Identify" as overly broad, unduly burdensome, vague, ambiguous, and lacking reasonable particularity to the extent the definition purports to require Defendants to provide "a description of the subject to be identified and a specification of the Documents or Communications in which the subject is or was recorded, described, or referred and All other information necessary to fully identify the subject."

3.    Defendants object to the definition of "Meeting" as overly broad, unduly burdensome, vague, and ambiguous and lacking reasonable particularity to the extent the definition purports to include "the contemporaneous presence, whether in person or through Any means of Communication, of Any natural Person(s), whether or not such presence was by chance or prearranged and whether or not the Meeting was formal, informal, or occurred in connection with some other activity." Defendants shall construe "Meeting" in accordance with its ordinary usage in business communications, referring to two or more natural Person(s) coming together at a prearranged date and time to have discussion on one or more topics either in person, telephonically, or by video call.

## OBJECTIONS TO INSTRUCTIONS

Without waiving or otherwise limiting the foregoing General Objections, and expressly reserving and incorporating each such objection, Defendants make the following objections to the Interrogatories' Instructions (the "Objections to Instructions"). The Objections to Instructions apply to the Interrogatory and shall have the same force and effect as if set forth in full in response to the Interrogatory.

1.    Defendants object to Instruction No. 5 as overly broad and unduly burdensome, disproportionate to the case's needs, and seeking information that is equally available or accessible to Plaintiffs and can thus be obtained from a more convenient and less burdensome source, to the extent it purports to require Defendants to "include in [Defendants'] answer information which, while not within [Defendants'] own knowledge, is nonetheless within the custody and control of

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF MEITAV MUTUAL FUNDS LTD.'S (F/K/A MEITAV TACHLIT MUTUAL FUNDS LTD.) THIRD SET OF INTERROGATORIES TO EACH DEFENDANT
Case No. 3:20-cv-00076-SI

7

CONFIDENTIAL

or reasonably available to [Defendants], or Any other source from which it may be reasonably secured."

2.      Defendants object to Instruction No. 8 as overly broad and unduly burdensome, and as calling for the creation of documents or information not already in existence or maintained in the ordinary course to the extent it purports to require Defendants to give "[w]henever a date, amount, computation, or figure is requested, the exact date, amount, computation, or figure, and the basis for such figure . . . unless the figure is unknown" and to give "[i]f the figure is unknown, the approximate or best estimate."  Where Defendants respond to an Interrogatory, they will respond with the information actually within their possession, custody, or control, if any.

3.      Defendants object to Instruction No. 10 as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is inconsistent with the obligations under the parties' April 3, 2024 agreement on privilege logs.

4.      Defendants object to Instruction No. 11 as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Defendants to "set forth as part of [Defendants'] response to [an ambiguous] Interrogatory the language deemed to be ambiguous and the interpretation chosen to be used in responding to the Interrogatory." Defendants shall, where practicable, construe terms according to their ordinary meaning and will not provide the interpretation chosen for ambiguous language.  Where an Interrogatory nonetheless remains vague or ambiguous, Defendants will so state.

5.      Defendants object to Instruction No. 12 as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Defendants to "specify and identify the source of information and the grounds for the belief" if "an answer to an Interrogatory is based on information and belief."

6.      Defendants object to Instruction No. 13 as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Defendants to deviate

CONFIDENTIAL

from ordinary rules of grammar when construing language in the Interrogatories. Defendants shall apply ordinary rules of grammar and construe terms according to their ordinary meaning.

<u>OBJECTIONS TO RELEVANT TIME PERIOD</u>

Without waiving or otherwise limiting the foregoing General Objections, and expressly reserving and incorporating each such objection, Defendants make the following objections to the Interrogatories' Relevant Time Period (the "Objections to Relevant Time Period"). The Objections to Relevant Time Period apply to the Interrogatory and shall have the same force and effect as if set forth in full in response to the Interrogatory.

1. Defendants object to the definition of "Relevant Period," and to each Interrogatory that incorporates that definition, as overly broad and unduly burdensome, and as seeking information irrelevant to any parties' surviving claims or defenses and disproportionate to the case's needs, to the extent the definition purports to include "[a]ll information that relates in whole or in part to such period [January 1, 2019 to December 31, 2020], or to events or circumstances which occurred during such period, even though dated, prepared, generated or received prior to or subsequent to the Relevant Period"; to the extent it purports to require Defendants to provide "information prepared prior to [that time period if] necessary for a correct or complete understanding of Any information responsive to these Interrogatories"; and to the extent it purports to require Defendants to provide information for which the date "is unknown or cannot be determined." For the purpose of these Interrogatories, Defendants will interpret the Relevant Period to be January 1, 2019 to December 31, 2020.

<u>SPECIFIC RESPONSES AND OBJECTIONS TO INTERROGATORIES</u>

<u>INTERROGATORY NO. 6:</u>

Identify All Persons at Forescout who Communicated with the U.S. Marine Corps, Apple Inc., Deere & Company, First Horizon National Corporation, Rowan Companies, United Airlines

CONFIDENTIAL

Holdings, Inc., or Indiana University Health, Inc., Concerning Any actual or potential transactions during the Relevant Time Period.

**RESPONSE TO INTERROGATORY NO. 6:**

Defendants object to this Interrogatory as improperly compound, as it seeks responses regarding "All Persons at Forescout" who communicated with each of seven potential customers regarding "Any actual or potential transactions during the Relevant Time Period." Because the Interrogatory seeks information about at least seven discrete separate subjects, it is functionally, and in actuality, at least seven separate interrogatories.

Defendants further object to this Interrogatory and its seven discrete subparts as vague and ambiguous, insofar as it does not specify whether the temporal limitation "during the Relevant Time Period" applies (i) to communications with the listed customers or (ii) to "actual or potential transactions." Defendants will interpret this Interrogatory and its seven discrete subparts to seek information regarding communications during the Relevant Time Period to the extent that those communications concerned actual or potential transactions.

Defendants further object to this Interrogatory and its seven discrete subparts as overly broad and unduly burdensome to the extent it requires unreasonably costly and/or time-consuming measures to identify and provide responsive information, and to the extent it seeks information that can be derived from documents that have been produced and is therefore already in the possession, custody, or control of Plaintiffs.

Defendants further object to this Interrogatory and its seven discrete subparts as overly broad and unduly burdensome to the extent it purports to require that Defendants identify "All Persons" who communicated with the listed prospective customers, regardless of whether the subject matter of such communications bears any relation to the parties' surviving claims or defenses. To the extent Defendants respond to the seven discrete subparts of this Interrogatory, they will identify, for each prospective customer, Forescout employees who communicated with

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF MEITAV MUTUAL FUNDS LTD.'S (F/K/A MEITAV TACHLIT MUTUAL FUNDS LTD.) THIRD SET OF INTERROGATORIES TO EACH DEFENDANT
Case No. 3:20-cv-00076-SI

10

CONFIDENTIAL

that customer regarding actual or potential transactions that Defendants have identified based on a reasonable search.

Subject to and without waiving their stated objections, and based upon a reasonable search, Defendants respond to each of the seven discrete subparts of this Interrogatory as follows.

- **Response to Interrogatory No. 6.1:** Forescout employees who communicated with the U.S. Marine Corps regarding actual or potential transactions during the Relevant Period include, but are not limited to:
  - **Rhett Jones.**
  - **Matt Hartley.**
  - **Gregory Nardi.**
  - **Wallace Sann.**
  - **Nicole VanLandingham.**
  - **Mike Walsh.**

- **Response to Interrogatory No. 6.2:** Forescout employees who communicated with Apple Inc. regarding actual or potential transactions during the Relevant Period include, but are not limited to:
  - **Wayne Dixon.**
  - **Rob Duncan.**
  - **Karla Griffin.**
  - **Howie Koh.**
  - **Brendan O'Connell.**
  - **Daniel Phelan.**
  - **Cynthia Tunnell.**

- **Response to Interrogatory No. 6.3:** Forescout employees who communicated with Deere & Company regarding actual or potential transactions during the Relevant Period include, but are not limited to:
  - **Wayne Dixon.**
  - **Lyle Kelly.**
  - **John Lourmas.**
  - **Rob Reny.**
  - **Steve Rog.**
  - **Mike Santilli.**

- **Response to Interrogatory No. 6.4:** Forescout employees who communicated with First Horizon National Corporation regarding actual or potential transactions during the Relevant Period include, but are not limited to:
  - **Jeff Hewgley.**
  - **Michael Leichtman.**

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF MEITAV MUTUAL FUNDS LTD.'S (F/K/A MEITAV TACHLIT MUTUAL FUNDS LTD.) THIRD SET OF INTERROGATORIES TO EACH DEFENDANT
Case No. 3:20-cv-00076-SI

11

CONFIDENTIAL

    o **Sean Sullivan.**
    o **Ray Tamasovich.**

▪ **Response to Interrogatory No. 6.5:** Forescout employees who communicated with Rowan Companies regarding actual or potential transactions during the Relevant Period include, but are not limited to:
    o **Alex Draskovich.**
    o **Dario Lobozzo.**
    o **Corbin Louks.**
    o **Tyler Williams.**

▪ **Response to Interrogatory No. 6.6:** Forescout employees who communicated with United Airlines Holdings, Inc. regarding actual or potential transactions during the Relevant Period include, but are not limited to:
    o **Ryan Brichant.**
    o **Michael DeCesare.**
    o **Jeff Hewgley.**
    o **Niels Jensen.**
    o **Christopher Kudulis.**
    o **John Lourmas.**
    o **Steve Rog.**
    o **Mike Santilli.**

▪ **Response to Interrogatory No. 6.7:** Forescout employees who communicated with Indiana University Health, Inc. regarding actual or potential transactions during the Relevant Period include, but are not limited to:
    o **Brooke Coleman.**
    o **Lauren Pfleger.**
    o **Karlin Prissberg.**
    o **Steven Rog.**
    o **Michael Santilli.**

## INTERROGATORY NO. 7:

Identify All Persons at the U.S. Marine Corps, Apple, Inc., Deere & Company, First Horizon National Corporation, Rowan Companies, United Airlines, or Indiana University Health, Inc. who Communicated with Forescout Concerning Any actual or potential Transactions during the Relevant Time Period.

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF MEITAV MUTUAL FUNDS LTD.'S (F/K/A MEITAV TACHLIT MUTUAL FUNDS LTD.) THIRD SET OF INTERROGATORIES TO EACH DEFENDANT
Case No. 3:20-cv-00076-SI

12

CONFIDENTIAL

**RESPONSE TO INTERROGATORY NO. 7:**

Defendants object to this Interrogatory as improperly compound, as it seeks responses regarding "All Persons at" the listed customers who communicated with Forescout regarding "Any actual or potential transactions during the Relevant Time Period." Because the Interrogatory seeks information about at least seven discrete separate subjects, it is functionally, and in actuality, at least seven separate interrogatories.

Defendants further object to this Interrogatory and its seven discrete subparts as vague and ambiguous, insofar as it does not specify whether the temporal limitation "during the Relevant Time Period" applies (i) to communications with the listed customers or (ii) to "actual or potential transactions." Defendants will interpret this Interrogatory and its seven discrete subparts to seek information regarding communications during the Relevant Time Period to the extent that those communications concerned actual or potential transactions.

Defendants further object to this Interrogatory and its seven discrete subparts as overly broad and unduly burdensome to the extent it requires unreasonably costly and/or time-consuming measures to identify and provide responsive information, and to the extent it seeks information that can be derived from documents that have been produced and is therefore already in the possession, custody, or control of Plaintiffs.

Defendants further object to this Interrogatory and its seven discrete subparts as overly broad and unduly burdensome to the extent it purports to require that Defendants identify "All Persons" at the listed customers who communicated with Forescout, regardless of whether the subject matter of such communications bears any relation to the parties' surviving claims or defenses. To the extent Defendants respond to the seven discrete subparts of this Interrogatory, they will identify, for each prospective customer, individuals at that customer who communicated with Forescout employees regarding actual or potential transactions that Defendants have identified based on a reasonable search.

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF MEITAV MUTUAL FUNDS LTD.'S (F/K/A MEITAV TACHLIT MUTUAL FUNDS LTD.) THIRD SET OF INTERROGATORIES TO EACH DEFENDANT
Case No. 3:20-cv-00076-SI

13

CONFIDENTIAL

Subject to and without waiving their stated objections, and based upon a reasonable search, Defendants respond to each of the seven discrete subparts of this Interrogatory as follows.

▪ **Response to Interrogatory No. 7.1:** U.S. Marine Corps personnel who communicated with Forescout regarding actual or potential transactions during the Relevant Period include, but are not limited to:
   o **Kenneth Beutel.**
   o **Jacqueline Clifton.**
   o **David DiEugenio.**
   o **Thurman Dubberly.**
   o **Jeffrey Evans.**
   o **Robert Lamore.**
   o **Ray Leteer.**
   o **David Samson.**
   o **David Tan.**

▪ **Response to Interrogatory No. 7.2:** Apple, Inc. employees who communicated with Forescout regarding actual or potential transactions during the Relevant Period include, but are not limited to:
   o **Asif Asadali.**
   o **Brian Carlin.**
   o **Rich Douros.**
   o **Tasan Engin.**
   o **Chuck Greer.**
   o **JD Lovering.**
   o **Gil O'Campo.**

▪ **Response to Interrogatory No. 7.3:** Deere & Company employees who communicated with Forescout regarding actual or potential transactions during the Relevant Period include, but are not limited to:
   o **Daniel Kamuff.**
   o **James Johnson.**
   o **Mike Poole.**
   o **Brandon Spears.**

▪ **Response to Interrogatory No. 7.4:** First Horizon National Corporation employees who communicated with Forescout regarding actual or potential transactions during the Relevant Period include, but are not limited to:
   o **Steven Jones.**
   o **Bruce Livesay.**
   o **Nigel Pickering.**
   o **Jason Schepman.**

CONFIDENTIAL

- o **Steven Zimmerman.**

  ▪ **Response to Interrogatory No. 7.5:** Rowan Companies employees who communicated with Forescout regarding actual or potential transactions during the Relevant Period include, but are not limited to:
    - o **Olivier Lhomet.**
    - o **Juan Negrete.**
    - o **Fidel Owuor.**

  ▪ **Response to Interrogatory No. 7.6:** United Airlines Holdings, Inc. employees who communicated with Forescout regarding actual or potential transactions during the Relevant Period include, but are not limited to:
    - o **Anees Ahmed.**
    - o **Jim Borden.**
    - o **Deneen DeFiore.**
    - o **Emily Heath.**
    - o **Mahmood Khan.**
    - o **Wasif Khan.**
    - o **Kim Spoa-Harty.**

  ▪ **Response to Interrogatory No. 7.7:** Indiana University Health, Inc. employees who communicated with Forescout regarding actual or potential transactions during the Relevant Period include, but are not limited to:
    - o **Derek Dunn.**
    - o **Paul McAnich.**

## INTERROGATORY NO. 8:

Identify All Transactions in Forescout's Central United States or Europe, Middle East & Africa regions that were qualified as "committed" or "upside" at Any time during the second, third, or fourth quarters of 2019.

## RESPONSE TO INTERROGATORY NO. 8:

Defendants object to this Interrogatory as overly broad and unduly burdensome to the extent it requires unreasonably costly and/or time-consuming measures to identify and provide responsive information, and to the extent it seeks information that can be derived from documents that have been produced and is therefore already in the possession, custody, or control of Plaintiffs. Defendants

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF MEITAV MUTUAL FUNDS LTD.'S
(F/K/A MEITAV TACHLIT MUTUAL FUNDS LTD.) THIRD SET OF INTERROGATORIES TO EACH
DEFENDANT
Case No. 3:20-cv-00076-SI

15

CONFIDENTIAL

further object to this Interrogatory as vague and ambiguous with respect to its use of the term "qualified."

Defendants also object to this Interrogatory as overly broad and unduly burdensome to the extent it seeks information regarding "All Transactions in Forescout's Central United States or Europe, Middle East & Africa regions that were qualified as 'committed; or 'upside' at Any time during the second, third, or fourth quarters of 2019," which encompasses information that is neither relevant to the surviving claims and defenses in this action nor proportional to the needs of the case.

Defendants further object to this Interrogatory on the grounds that it is compound and seeks information about at least two discrete subjects and thus constitutes more than one interrogatory for purposes of the interrogatory limits under Federal Rule of Civil Procedure 33.

Subject to and without waiving their stated objections, to the extent that the information called for in this Interrogatory exists and can be identified based on a reasonable search, Defendants respond to each of the two discrete subparts of this Interrogatory as follows.

- **Response to Interrogatory No. 8.1:**

This information is reflected in reports previously produced to Plaintiffs in this litigation, which provide data regarding potential Transactions, individually and/or in the aggregate at various points in time. These reports include, among other things, information regarding potential Transactions (individually and/or in the aggregate) that are identified in the "Region" column as being located in "Central." Certain of those potential Transactions are designated as "committed" or "upside" in the column labeled "Forecast Category." Given the dynamic nature of the sales pipeline and the sales forecasting process, and given the fact that the reports referenced in this Response constituted data extracts and aggregations of information from a live and constantly updated database at certain snapshots in time, the information contained in these reports, including the list of potential Transactions and the "Forecast Category" assigned to each may not fully or definitively reflect the status of "All" potential Transactions at "Any" point during the period from

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF MEITAV MUTUAL FUNDS LTD.'S (F/K/A MEITAV TACHLIT MUTUAL FUNDS LTD.) THIRD SET OF INTERROGATORIES TO EACH DEFENDANT
Case No. 3:20-cv-00076-SI

16

CONFIDENTIAL

Q2 2019 through Q4 2019.  The reports identified in this Response that are dated in the period from April 1, 2019 through December 31, 2019  include, but are not limited to, the following: FS00234311, FS00234312, FS00234313, FS00234314, FS00234315, FS00234316, FS00234317, FS00234363, FS00234364, FS00234318, FS00234319, FS00234320, FS00234321, FS00234322, FS00234323, FS00234324, FS00234325, FS00234326, FS00234327, FS00234328, FS00234329, FS00234330, FS00234365, FS00234366, FS00234331, FS00234332, FS00234333, FS00234334, FS00234335, FS00234336, FS00234337.

- **Response to Interrogatory No. 8.2:**

This information is reflected in reports previously produced to Plaintiffs in this litigation, which provide data regarding potential Transactions, individually and/or in the aggregate at various points in time.  These reports include, among other things, information regarding potential Transactions (individually and/or in the aggregate) that are identified in the "Region" column as being located in "EMEA."  Certain of those potential Transactions are designated as "committed" or "upside" in the column labeled "Forecast Category."  Given the dynamic nature of the sales pipeline and the sales forecasting process, and given the fact that the reports referenced in this Response constituted data extracts and aggregations of information from a live and constantly updated database at certain snapshots in time, the information contained in these reports, including the list of potential Transactions and the "Forecast Category" assigned to each may not fully or definitively reflect the status of "All" potential Transactions at "Any" point during the period from Q2 2019 through Q4 2019.  The reports identified in this Response that are dated in the period from April 1, 2019 through December 31, 2019  include, but are not limited to, the following: FS00234311, FS00234312, FS00234313, FS00234314, FS00234315, FS00234316, FS00234317, FS00234363, FS00234364, FS00234318, FS00234319, FS00234320, FS00234321, FS00234322, FS00234323, FS00234324, FS00234325, FS00234326, FS00234327, FS00234328, FS00234329,

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF MEITAV MUTUAL FUNDS LTD.'S (F/K/A MEITAV TACHLIT MUTUAL FUNDS LTD.) THIRD SET OF INTERROGATORIES TO EACH DEFENDANT
Case No. 3:20-cv-00076-SI

17

CONFIDENTIAL

FS00234330, FS00234365, FS00234366, FS00234331, FS00234332, FS00234333, FS00234334, FS00234335, FS00234336, FS00234337.

**INTERROGATORY NO. 9:**

Identify all Transactions in the Central and East regions referred to or described as "pre-earnings call commits" in Michael DeCesare's June 30, 2019 email or Plaintiffs' Ex. 61 (FS00027527).

**RESPONSE TO INTERROGATORY NO. 9:**

Defendants object to this Interrogatory as overly broad and unduly burdensome to the extent it requires unreasonably costly and/or time-consuming measures to identify and provide responsive information, and to the extent it seeks information that can be derived from documents that have been produced and is therefore already in the possession, custody, or control of Plaintiffs.  Defendants further object to this interrogatory as vague and lacking foundation, given that it mischaracterizes the content of the referenced document.

Subject to and without waiving their stated objections, and based upon a reasonable search, Defendants respond to this Interrogatory as follows.  The referenced document states as follows:

> First the good news.  We certainly know how to rally when our backs against the wall. We came into the last week with well over 50% of the quarter still to go and finished at 78m.  **We did this on the backs of the East, APJ and Central who all made or beat their pre-earnings call commits**.  More importantly we achieved our internal revenue goal which means wall street will see this as a strong quarter.

> Now the not as good news.  All the other regions shit the bed. EMEA, SecurityMattters, West and SLED all finished on average 50% below their **pre-earnings commit**.  We started the quarter off committing 84m with only a few million of the CDM deal inside.  In the end we needed all of the CDM deal to get us to 78m.  This is not sustainable.

> (FS00027527 - emphasis added)

The bottom of the email includes a screenshot of a spreadsheet comparing "Prelim[inary] Q2 bookings" with various forecasts.  As the document reflects, the reference to "pre-earnings call

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF MEITAV MUTUAL FUNDS LTD.'S (F/K/A MEITAV TACHLIT MUTUAL FUNDS LTD.) THIRD SET OF INTERROGATORIES TO EACH DEFENDANT
Case No. 3:20-cv-00076-SI

18

CONFIDENTIAL

commits" in this document was not to particular individual transactions, but to bookings forecasts committed to by sales leaders for Forescout's various sales regions.

**INTERROGATORY NO. 10:**

Identify All Documents prepared in anticipation of, during, and after any Executive Committee Meeting held during the Relevant Time Period.

**RESPONSE TO INTERROGATORY NO. 10:**

Defendants object to this Interrogatory as overly broad and unduly burdensome to the extent it requires unreasonably costly and/or time-consuming measures to identify and provide responsive information, and to the extent it seeks information that can be derived from documents that have been produced and is therefore already in the possession, custody, or control of Plaintiffs.  Specifically, Defendants' production to date includes 6,535 documents, family inclusive, hitting on the search string "*Exec\* w/2 Comm\**."

Defendants further object to this Interrogatory as overly broad and unduly burdensome to the extent it purports to require that Defendants identify "All Documents" prepared "in anticipation of," "during," or "after" "any Executive Committee Meeting held during the Relevant Time Period," regardless of whether any such materials are relevant to the surviving claims or defenses in this action or proportional to the needs of the case.

Subject to and without waiving their stated objections, and based upon a reasonable search, Defendants state that, in connection with Plaintiffs' recently served Fourth Set of Requests for Production, they are currently undertaking a supplemental review of documents referencing Executive Committee meetings during the Relevant Time Period, and they will supplement their Response to this Interrogatory once responsive, non-privileged materials identified in that review have been produced.

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF MEITAV MUTUAL FUNDS LTD.'S (F/K/A MEITAV TACHLIT MUTUAL FUNDS LTD.) THIRD SET OF INTERROGATORIES TO EACH DEFENDANT
Case No. 3:20-cv-00076-SI

19

CONFIDENTIAL

**INTERROGATORY NO. 11:**

For each Executive Committee Meeting during the Relevant Time Period, Identify All Persons who attended.

**RESPONSE TO INTERROGATORY NO. 11:**

Defendants object to this Interrogatory as overly broad and unduly burdensome to the extent it requires unreasonably costly and/or time-consuming measures to identify and provide responsive information, and to the extent it seeks information that can be derived from documents that have been produced and is therefore already in the possession, custody, or control of Plaintiffs. Defendants further object to this Interrogatory as overly broad and unduly burdensome to the extent it purports to require that Defendants identify "All Persons" in attendance at Executive Committee Meetings.

Subject to and without waiving their stated objections, and based upon a reasonable search, Defendants state that, in connection with Plaintiffs' recently served Fourth Set of Requests for Production, they are currently undertaking a supplemental review of documents referencing Executive Committee meetings during the Relevant Time Period, and they will supplement their Response to this Interrogatory once responsive, non-privileged materials identified in that review have been produced.

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF MEITAV MUTUAL FUNDS LTD.'S (F/K/A MEITAV TACHLIT MUTUAL FUNDS LTD.) THIRD SET OF INTERROGATORIES TO EACH DEFENDANT
Case No. 3:20-cv-00076-SI

20

CONFIDENTIAL

Dated:  February 28, 2025

**ROPES & GRAY LLP**

_/s/ Amy Jane Longo_

Amy Jane Longo
Mark S. Gaioni
10250 Constellation Boulevard
Los Angeles, CA 90067
Tel: (310) 975-3300
amy.longo@ropesgray.com
mark.gaioni@ropesgray.com

Anne Johnson Palmer
Three Embarcadero Center
San Francisco, CA 94111
Tel: (415) 315-6300
anne.johnsonpalmer@ropesgray.com

Peter L. Welsh (admitted _pro hac vice_)
C. Thomas Brown (admitted _pro hac vice_)
Prudential Tower
800 Boylston Street
Boston, MA 02199
Tel: (617) 951-7000
peter.welsh@ropesgray.com
thomas.brown@ropesgray.com

Charles D. Zagnoli (admitted _pro hac vice_)
191 North Wacker Drive, 32nd Floor
Chicago, IL 60606
Tel: (312) 845-1200
charles.zagnoli@ropesgray.com

**_Attorneys for Defendant Forescout Technologies, Inc._**

**WILSON SONSINI GOODRICH & ROSATI, Professional Corporation**

_/s/ Diane M. Walters_

Ignacio E. Salceda
Diane M. Walters
Rebecca L. Epstein
650 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 493-9300
isaceda@wsgr.com
dwalters@wsgr.com
bepstein@wsgr.com

**_Attorneys for Defendants Michael DeCesare and Christopher Harms_**

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF MEITAV MUTUAL FUNDS LTD.'S (F/K/A MEITAV TACHLIT MUTUAL FUNDS LTD.) THIRD SET OF INTERROGATORIES TO EACH DEFENDANT
Case No. 3:20-cv-00076-SI

21

CONFIDENTIAL

## VERIFICATION OF INTERROGATORY RESPONSE

I, Ed Brown, Chief Legal Officer of Forescout Technologies, Inc., affirm that I have reviewed *DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF MEITAV MUTUAL FUNDS LTD.'S (F/K/A MEITAV TACHLIT MUTUAL FUNDS LTD.) THIRD SET OF INTERROGATORIES TO EACH DEFENDANT*, and believe, based on reasonable inquiry and information available to Defendants, that the foregoing responses are true and correct to the best of my knowledge.

Executed on February 28, 2025



DocuSigned by:

Ed Brown
A029640D494441E...

Ed Brown
Chief Legal Officer of Forescout Technologies, Inc.

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF MEITAV MUTUAL FUNDS LTD.'S (F/K/A MEITAV TACHLIT MUTUAL FUNDS LTD.) THIRD SET OF INTERROGATORIES TO EACH DEFENDANT
Case No. 3:20-cv-00076-SI

22

CONFIDENTIAL

**VERIFICATION OF INTERROGATORY RESPONSE**

I, Michael DeCesare, former CEO of Forescout Technologies, Inc., affirm that I have reviewed *DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF MEITAV MUTUAL FUNDS LTD.'S (F/K/A MEITAV TACHLIT MUTUAL FUNDS LTD.) THIRD SET OF INTERROGATORIES TO EACH DEFENDANT*, and believe, based on reasonable inquiry and information available to Defendants, that the foregoing responses are true and correct to the best of my knowledge, *provided however,* that other than the specific reference to me in subpart 6.6 of Interrogatory No. 6, this verification does not include the responses to Interrogatory Nos. 6, 7, and 8, which all provide information or lists of documents from the Company's files,

Executed on _____ March 2, 2025

DocuSigned by:

*Michael DeCesare*
99D6E0B98D124BE...

Michael DeCesare

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF MEITAV MUTUAL FUNDS LTD.'S
(F/K/A MEITAV TACHLIT MUTUAL FUNDS LTD.) THIRD SET OF INTERROGATORIES TO EACH
DEFENDANT
Case No. 3:20-cv-00076-SI

23

CONFIDENTIAL

## VERIFICATION OF INTERROGATORY RESPONSE

I, Christopher Harms, former CFO of Forescout Technologies, Inc., affirm that I have reviewed *DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF MEITAV MUTUAL FUNDS LTD.'S (F/K/A MEITAV TACHLIT MUTUAL FUNDS LTD.) THIRD SET OF INTERROGATORIES TO EACH DEFENDANT*, and believe, based on reasonable inquiry and information available to Defendants, that the foregoing answers, excluding the responses to Interrogatory Nos. 6, 7, and 8 which all provide information or lists of documents from the Company's files, are true and correct to the best of my knowledge.

Executed on  _____February 28, 2025_____

DocuSigned by:

_____
8D6C3FFC8ABE493...
Christopher Harms

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF MEITAV MUTUAL FUNDS LTD.'S (F/K/A MEITAV TACHLIT MUTUAL FUNDS LTD.) THIRD SET OF INTERROGATORIES TO EACH DEFENDANT
Case No. 3:20-cv-00076-SI

24

CONFIDENTIAL

## CERTIFICATE OF SERVICE

I am employed in the City of Boston, in the state of Massachusetts.  I am over the age of 18 years and not a party to this action.  My business address is Ropes & Gray LLP, Prudential Tower, 800 Boylston Street, Boston, MA 02199.

On February 28, 2025, I served the following document(s):

**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF MEITAV MUTUAL FUNDS LTD.'S (F/K/A MEITAV TACHLIT MUTUAL FUNDS LTD.) THIRD SET OF INTERROGATORIES TO EACH DEFENDANT**

☒        **BY E-MAIL:**  I caused the document(s) to be served electronically on the persons at the electronic notification addresses listed below.

| | |
|---|---|
| Jeffrey S. Abraham (*admitted pro hac vice*)<br>ABRAHAM, FRUCHTER & TWERSKY<br>450 Seventh Avenue, 38th Floor<br>New York, NY 10123<br>Telephone: (212) 279-5050<br>*JAbraham@aftlaw.com*<br><br>Attorneys for Co-Lead Plaintiffs | Omar Jafri (*admitted pro hac vice*)<br>POMERANTZ LLP<br>Ten South La Salle Street, Suite 3505<br>Chicago, IL 60603<br>Telephone: (312) 377-1181<br>*ojafri@pomlaw.com*<br><br>Attorneys for Co-Lead Plaintiffs |

I declare under penalty of perjury under the laws of the State of Massachusetts that the foregoing is true and correct.

Executed on February 28, 2025, at Boston, Massachusetts.

*/s/ Alyssa Fixsen*
Alyssa Fixsen

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF MEITAV MUTUAL FUNDS LTD.'S (F/K/A MEITAV TACHLIT MUTUAL FUNDS LTD.) THIRD SET OF INTERROGATORIES TO EACH DEFENDANT
Case No. 3:20-cv-00076-SI

25

CONFIDENTIAL