# Exhibit D

**ROPES & GRAY LLP**
Amy Jane Longo (CSB #198304)
10250 Constellation Boulevard
Los Angeles, CA 90067
Tel: (310) 975-3300
Fax: (310) 975-3400
Amy.Longo@ropesgray.com

*Attorneys for Defendant*
*Forescout Technologies, Inc.*

*[Additional Counsel on Signature Page]*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| CHRISTOPHER L. SAYCE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>FORESCOUT TECHNOLOGIES, INC., MICHAEL DECESARE, and CHRISTOPHER HARMS,<br><br>Defendants. | CASE NO.: 3:20-cv-00076-SI<br><br>CLASS ACTION<br><br>**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF MEITAV MUTUAL FUNDS LTD.'S (F/K/A MEITAV TACHLIT MUTUAL FUNDS LTD.) FOURTH SET OF INTERROGATORIES TO EACH DEFENDANT**<br><br>HON. SUSAN ILLSTON |

CONFIDENTIAL

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendants Forescout Technologies, Inc. ("Forescout" or the "Company"), Michael DeCesare, and Christopher Harms (together with Mr. DeCesare, the "Individual Defendants," and collectively with Forescout, the "Defendants") by and through their attorneys hereby respond and object to Plaintiff Meitav Mutual Funds Ltd.'s (f/k/a Meitav Tachlit Mutual Funds Ltd.) Fourth Set of Interrogatories to Each Defendant, served on January 29, 2025 (the "Interrogatories," and each individually numbered interrogatory, an "Interrogatory"), by Co-Lead Plaintiff Meitav Mutual Funds Ltd. (f/k/a Meitav Tachlit Mutual Funds Ltd.) (the "Plaintiff"), including the Definitions, Instructions, Relevant Time Period, and Interrogatory contained therein, (the "Responses and Objections").

Defendants reserve the right to supplement these Responses and Objections with subsequently discovered information.

**GENERAL OBJECTIONS**

Defendants make the following general objections ("General Objections") to the Interrogatory and incorporate them into Defendants' response to the Interrogatory (the "Response"). While certain of the General Objections are reiterated for emphasis in the individual Response below, the failure to restate a General Objection specifically in response to an Interrogatory should not be construed as a waiver of any such General Objection either generally or with respect to such Interrogatory.

1.    Defendants object to the Interrogatories, and to each Instruction, Definition, Relevant Time Period, and Interrogatory contained therein, to the extent they seek to impose requirements or obligations on Defendants in addition to, beyond the scope of, or different from those imposed by the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, or other applicable laws or rules (collectively, the "Rules"). Defendants will comply with the obligations imposed by those Rules and applicable law.

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF MEITAV MUTUAL FUNDS LTD.'S (F/K/A MEITAV TACHLIT MUTUAL FUNDS LTD.) FOURTH SET OF INTERROGATORIES TO EACH DEFENDANT
Case No. 3:20-cv-00076-SI
2

CONFIDENTIAL

2.      Defendants object to the Interrogatories, and to each Instruction, Definition, Relevant Time Period, and Interrogatory contained therein, to the extent they seek information or materials protected by the attorney-client privilege, the work-product doctrine, the joint defense or common interest privilege, or any other privilege or immunity.  Defendants will not agree to produce information or materials protected by the attorney-client privilege, the work-product doctrine, the joint defense or common interest privilege, or any other privilege or immunity.  In the event Defendants do disclose any privileged or otherwise protected information or materials, they will have done so inadvertently and without any intention to waive the privilege or immunity.

3.      Defendants object to the Interrogatories, and to each Instruction, Definition, Relevant Time Period, and Interrogatory contained therein, to the extent they assume disputed facts or legal conclusions, may be construed as an admission that any fact or circumstances alleged or suggested by Plaintiffs occurred or existed, or purport to characterize Defendants' positions, contentions, claims, defenses, or arguments in this case.  By responding to the Interrogatories, Defendants do not admit the correctness of, adopt, or acquiesce in any factual or legal conclusion, contention, assertion, or characterization contained in the Interrogatories (including in the Definitions and Instructions thereto).  Defendants' use of any term defined in the Interrogatories does not admit the accuracy of any such term's definition.

4.      Defendants object to the Interrogatories, and to each Instruction, Definition, Relevant Time Period, and Interrogatory contained therein, to the extent they seek discovery of information that is neither relevant to the surviving claims in this action nor proportional to the needs of the case.  Defendants also object to the Interrogatories, and to each Instruction, Definition, Relevant Time Period, and Interrogatory contained therein, as exceeding the scope of discovery permitted by Rule 26(b)(1) of the Federal Rules of Civil Procedure to the extent that the burden or expense imposed by any Interrogatory outweighs the likely benefit.

5.      Defendants will not knowingly or intentionally divulge any information that these

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF MEITAV MUTUAL FUNDS LTD.'S (F/K/A MEITAV TACHLIT MUTUAL FUNDS LTD.) FOURTH SET OF INTERROGATORIES TO EACH DEFENDANT
Case No. 3:20-cv-00076-SI
3

CONFIDENTIAL

Responses expressly indicate Defendants will withhold under an objection.  Should Defendants divulge any such information, they will have done so inadvertently and without any intent to waive the relevant objection(s).

6.    Defendants object to the Interrogatories, and to each Instruction, Definition, Relevant Time Period, and Interrogatory contained therein, to the extent they seek to impose a duty on Defendants to seek out information that is not in their possession, custody, or control or that is outside the knowledge of and not reasonably available to Defendants or Forescout's officers, directors, or employees.

7.    Defendants object to the Interrogatories, and to each Instruction, Definition, Relevant Time Period, and Interrogatory contained therein, as unduly burdensome to the extent they seek information that is already in the possession, custody, or control of Plaintiffs or that is equally available or accessible to Plaintiffs and can thus be obtained from a more convenient and less burdensome source.  Defendants also object to providing responses to the Interrogatories where the information can be derived from documents that have been or will be produced.

8.    Defendants object to the Interrogatories, and to each Instruction, Definition, Relevant Time Period, and Interrogatory contained therein, as overly broad and unduly burdensome to the extent they seek to compel Defendants to generate or create information and/or documents that do not already exist.

9.    Defendants object to the Interrogatories, and to each Instruction, Definition, Relevant Time Period, and Interrogatory contained therein, to the extent they lack "reasonable particularity" as required by Rule 33 of the Federal Rules of Civil Procedure or are otherwise vague, ambiguous, or unclear as to the precise categories of information sought, thereby preventing Defendants from providing information in a reasonable manner.  Defendants will assume an ordinary and reasonable meaning for each vague, ambiguous, or otherwise unclear term.

10.    Defendants object to the Interrogatories, and to each Instruction, Definition,

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF MEITAV MUTUAL FUNDS LTD.'S (F/K/A MEITAV TACHLIT MUTUAL FUNDS LTD.) FOURTH SET OF INTERROGATORIES TO EACH DEFENDANT
Case No. 3:20-cv-00076-SI

4

CONFIDENTIAL

Relevant Time Period, and Interrogatory contained therein, to the extent they seek "all" or "any" facts, circumstances, or information that relate to a particular subject, on the grounds that identifying "all" or "any" facts, circumstances, or information would be unduly burdensome, impractical, and oppressive and would seek information not relevant to the subject matter of this litigation, proportional to the needs of the case, or otherwise discoverable under the Rules.

11.    Defendants object to the Interrogatories, and to each Instruction, Definition, Relevant Time Period, and Interrogatory contained therein, to the extent that any specific Interrogatory is cumulative, redundant, or duplicative of any other Interrogatory on the grounds that such an Interrogatory is overbroad and unduly burdensome.

12.    Defendants object to the Interrogatories, and to each Instruction, Definition, Relevant Time Period, and Interrogatory contained therein, to the extent that they require unreasonably costly and/or time-consuming measures to identify and provide responsive information. Defendants will construe each Interrogatory to require only a reasonable search of the reasonably accessible files of Defendants in which Defendants would reasonably expect to find information responsive to such Interrogatory, and the Defendants object to any Interrogatory as unduly burdensome to the extent that it requires anything else.

13.    Defendants' Responses and Objections do not serve as an admission by Defendants that responsive information exists or is relevant, responsive, non-privileged, or admissible as evidence. Nothing in Defendants' Responses and Objections should be construed as an admission that any statement or characterization in the Interrogatories is accurate or complete.

14.    Defendants' Responses and Objections are given without prejudice to Defendants' right at trial to testify to other or additional evidence, including any subsequently discovered facts. By objecting and/or responding to the Interrogatories, Defendants do not intend to waive, and rather expressly preserve, all objections to the competence, relevance, materiality, and admissibility of any information provided in response to the Interrogatories.

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF MEITAV MUTUAL FUNDS LTD.'S (F/K/A MEITAV TACHLIT MUTUAL FUNDS LTD.) FOURTH SET OF INTERROGATORIES TO EACH DEFENDANT
Case No. 3:20-cv-00076-SI
5

CONFIDENTIAL

15.     Any provision of information in response to the Interrogatories shall be without waiver of any of the objections set forth herein and shall not be construed as an agreement that the Defendants will agree to a similar or analogous approach in response to other requests for similar information.

16.     These Responses and Objections reflect Defendants' present knowledge, information, and belief based on their reasonable investigations to date, and they may be subject to modification based on facts and circumstances that may come to Defendants' attention, further discovery, or subsequent case developments.  Defendants reserve the right to alter, supplement, amend, or otherwise modify their Responses and Objections to the Interrogatories.

## OBJECTIONS TO DEFINITIONS

Without waiving or otherwise limiting the foregoing General Objections, and expressly reserving and incorporating each such objection, Defendants make the following objections to the Interrogatories' Definitions (the "Objections to Definitions").  The Objections to Definitions apply to the Interrogatory and shall have the same force and effect as if set forth in full in response to the Interrogatory.

1.     Defendants object to the definition of "Forescout" or "the Company" as overly broad and unduly burdensome, and as seeking information irrelevant to any parties' surviving claims or defenses, disproportionate to the case's needs, and beyond Defendants' possession, custody, or control, to the extent the definition purports to include "all" of Forescout Technologies, Inc.'s "present and former" officers, directors, committees, employees, partners, corporate parents, predecessors, successors, subsidiaries, affiliates, divisions, branch offices, agents, representatives, and all other persons acting, as well as all persons purporting to act, on behalf of any of the foregoing.  Defendants shall construe "Forescout" or the "Company" to mean, with respect to the Interrogatory, Forescout Technologies, Inc., including any employees, officers, and directors substantially involved in the subject matter of such Interrogatory.

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF MEITAV MUTUAL FUNDS LTD.'S (F/K/A MEITAV TACHLIT MUTUAL FUNDS LTD.) FOURTH SET OF INTERROGATORIES TO EACH DEFENDANT
Case No. 3:20-cv-00076-SI

6

CONFIDENTIAL

2. Defendants object to the definition of "Advent" as overly broad and unduly burdensome, and as seeking information irrelevant to any parties' surviving claims or defenses, disproportionate to the case's needs, and beyond Defendants' possession, custody, or control, to the extent the definition purports to include "all" of Advent's "present and former" officers, directors, committees, employees, partners, corporate parents, predecessors, successors, subsidiaries, affiliates, divisions, branch offices, agents, representatives, and all other persons acting, or purporting to act, on behalf of any of the foregoing. Defendants shall construe "Advent" to mean, with respect to the Interrogatory, Advent International, Inc., including any employees, partners, officers, and directors substantially involved in the subject matter of such Interrogatory.

3. Defendants object to the definition of "Customer Engagement Process" as argumentative and a mischaracterization. Defendants shall construe "Customer Engagement Process" to mean the customer engagement process implemented by Forescout in conjunction with Force Management, LLC.

4. Defendants object to the definition of "Force Management" as overly broad and unduly burdensome, and as seeking information irrelevant to any parties' surviving claims or defenses, disproportionate to the case's needs, and beyond Defendants' possession, custody, or control, to the extent the definition purports to include "all" of Force Management's "present and former" officers, directors, committees, employees, partners, corporate parents, predecessors, successors, subsidiaries, affiliates, divisions, branch offices, agents, representatives, as well as all other persons acting, or purporting to act, on behalf of any of the foregoing. Defendants shall construe "Force Management" to mean Force Management, LLC, including any employees, officers, and directors substantially involved in the subject matter of the Interrogatory.

5. Defendants object to the definition of "Identify" as overly broad, unduly burdensome, vague, ambiguous, and lacking reasonable particularity to the extent the definition purports to require Defendants to provide "a description of the subject to be identified and a

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF MEITAV MUTUAL FUNDS LTD.'S (F/K/A MEITAV TACHLIT MUTUAL FUNDS LTD.) FOURTH SET OF INTERROGATORIES TO EACH DEFENDANT
Case No. 3:20-cv-00076-SI

7

CONFIDENTIAL

specification of the Documents or Communications in which the subject is or was recorded, described, or referred and All other information necessary to fully identify the subject."

6.      Defendants object to the definition of "Tech Win" or "Technology Win" as vague, ambiguous, and unclear to the extent the definition purports to include "what a reasonable investor would interpret or understand from Defendants' representations."  Defendants shall construe "Tech Win" or "Technology Win" consistent with Defendants' response to Plaintiffs' Interrogatory No. 2.

## OBJECTIONS TO INSTRUCTIONS

Without waiving or otherwise limiting the foregoing General Objections, and expressly reserving and incorporating each such objection, Defendants make the following objections to the Interrogatories' Instructions (the "Objections to Instructions").  The Objections to Instructions apply to the Interrogatory and shall have the same force and effect as if set forth in full in response to the Interrogatory.

1.      Defendants object to Instruction No. 5 as overly broad and unduly burdensome, disproportionate to the case's needs, and seeking information that is equally available or accessible to Plaintiffs and can thus be obtained from a more convenient and less burdensome source, to the extent it purports to require Defendants to "include in [Defendants'] answer information which, while not within [Defendants'] own knowledge, is nonetheless within the custody and control of or reasonably available to [Defendants], or Any other source from which it may be reasonably secured."

2.      Defendants object to Instruction No. 8 as overly broad and unduly burdensome, and as calling for the creation of documents or information not already in existence or maintained in the ordinary course to the extent it purports to require Defendants to give "[w]henever a date, amount, computation, or figure is requested, the exact date, amount, computation, or figure, and the basis for such figure . . . unless the figure is unknown" and to give "[i]f the figure is unknown,

CONFIDENTIAL

the approximate or best estimate." Where Defendants respond to an Interrogatory, they will respond with the information actually within their possession, custody, or control, if any.

3. Defendants object to Instruction No. 10 as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is inconsistent with the obligations under the parties' April 3, 2024 agreement on privilege logs.

4. Defendants object to Instruction No. 11 as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Defendants to "set forth as part of [Defendants'] response to [an ambiguous] Interrogatory the language deemed to be ambiguous and the interpretation chosen to be used in responding to the Interrogatory." Defendants shall, where practicable, construe terms according to their ordinary meaning and will not provide the interpretation chosen for ambiguous language. Where an Interrogatory nonetheless remains vague or ambiguous, Defendants will so state.

5. Defendants object to Instruction No. 12 as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Defendants to "specify and identify the source of information and the grounds for the belief" if "an answer to an Interrogatory is based on information and belief."

6. Defendants object to Instruction No. 13 as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Defendants to deviate from ordinary rules of grammar when construing language in the Interrogatories. Defendants shall apply ordinary rules of grammar and construe terms according to their ordinary meaning.

## OBJECTIONS TO RELEVANT TIME PERIOD

Without waiving or otherwise limiting the foregoing General Objections, and expressly reserving and incorporating each such objection, Defendants make the following objections to the Interrogatories' Relevant Time Period (the "Objections to Relevant Time Period"). The

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF MEITAV MUTUAL FUNDS LTD.'S (F/K/A MEITAV TACHLIT MUTUAL FUNDS LTD.) FOURTH SET OF INTERROGATORIES TO EACH DEFENDANT
Case No. 3:20-cv-00076-SI

9

CONFIDENTIAL

Objections to Relevant Time Period apply to the Interrogatory and shall have the same force and effect as if set forth in full in response to the Interrogatory.

1.    Defendants object to the definition of "Relevant Period," and to each Interrogatory that incorporates that definition, as overly broad and unduly burdensome, and as seeking information irrelevant to any parties' surviving claims or defenses and disproportionate to the case's needs, to the extent the definition purports to include "[a]ll information that relates in whole or in part to such period [January 1, 2019 to December 31, 2020], or to events or circumstances which occurred during such period, even though dated, prepared, generated or received prior to or subsequent to the Relevant Period"; to the extent it purports to require Defendants to provide "information prepared prior to [that time period if] necessary for a correct or complete understanding of Any information responsive to these Interrogatories"; and to the extent it purports to require Defendants to provide information for which the date "is unknown or cannot be determined." For the purpose of these Interrogatories, Defendants will interpret the Relevant Period to be January 1, 2019 to December 31, 2020.

## SPECIFIC RESPONSES AND OBJECTIONS TO INTERROGATORIES

### INTERROGATORY NO. 12:

If You still contend that potential deals with the U.S. Marine Corps, Apple, Inc., Deere & Company, First Horizon National Corporation, Rowan Companies, United Airlines Holdings, Inc., or Indiana University Health, Inc. were Tech Wins on or before the May 9, 2019 earnings call, describe all evidence supporting that contention in detail.

### RESPONSE TO INTERROGATORY NO. 12:

Defendants object to this Interrogatory as improperly compound, as it seeks responses regarding evidence supporting the contention that seven separate potential customers were Tech Wins as of the May 9, 2019 earnings call. Because the Interrogatory seeks information about at least seven discrete separate subjects, it is functionally, and in actuality, at least seven separate

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF MEITAV MUTUAL FUNDS LTD.'S (F/K/A MEITAV TACHLIT MUTUAL FUNDS LTD.) FOURTH SET OF INTERROGATORIES TO EACH DEFENDANT
Case No. 3:20-cv-00076-SI

10

CONFIDENTIAL

interrogatories. Prior to Plaintiffs' Fourth Set of Interrogatories, Plaintiffs served twenty-four Interrogatories on Defendants, because Interrogatories Nos. 6, 7, and 8 were likewise improperly compound and constituted at least sixteen separate interrogatories – seven for the subparts of Interrogatory No. 6, seven for the subparts of Interrogatory No. 7, and two for the subparts of Interrogatory No. 8. *See* Defendants' Responses to Interrogatories 6, 7, and 8 dated February 28, 2025. Therefore, Interrogatory No. 12 is Plaintiff's twenty-fifth Interrogatory (with the subparts constituting interrogatories Nos. 25-31), and under the Federal Rules of Civil Procedure, Plaintiffs may only serve twenty-five interrogatories on Defendants. Defendants will respond to Interrogatory No. 12.1 (interrogatory No. 25), the first subpart of "Interrogatory No. 12," but will not respond to any further Interrogatories or subparts.

Defendants further object to this Interrogatory and its subparts as overly broad and unduly burdensome to the extent it requires unreasonably costly and/or time-consuming measures to identify and provide responsive information, and to the extent it seeks information that can be derived from documents that have been produced and is therefore already in the possession, custody, or control of Plaintiffs.

Defendants further object to this Interrogatory and its subparts as overly broad and unduly burdensome to the extent it purports to require that Defendants describe "all evidence" supporting the contention that potential deals with seven separate potential customers were Tech Wins as of the May 9, 2019.

Subject to and without waiving their stated objections, and based upon a reasonable search, Defendants respond to this Interrogatory as follows.

- **Response to Interrogatory No. 12.1: U.S. Marine Corps** – Previously produced documents, including, but not limited to: FS00236647 (Excel spreadsheet circulated March 19, 2019, including a note for U.S. Marine Corps deal dated July 20, 2018 stating

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF MEITAV MUTUAL FUNDS LTD.'S (F/K/A MEITAV TACHLIT MUTUAL FUNDS LTD.) FOURTH SET OF INTERROGATORIES TO EACH DEFENDANT
Case No. 3:20-cv-00076-SI

11

CONFIDENTIAL

"technical win: Yes – this is an expansion on existing contract to expand full visibility" (Sheet "FY Forecast," Row 2551, Column Z)).

- **Response to Interrogatories No. 12.2 (Apple, Inc.), No. 12.3 (Deere &Company), No. 12.4 (First Horizon National Corporation), No. 12.5 (Rowan Companies), No. 12.6 (United Airline Holdings, Inc.), and No. 12.7 (Indiana University Health):**

Defendants object to these Interrogatories and will not respond to them because they are in excess of the limit to interrogatories under the Federal Rules of Civil Procedure.

Defendants further object to these Interrogatories as overly broad and unduly burdensome to the extent they require unreasonably costly and/or time-consuming measures to identify and provide responsive information, and to the extent they seek information that can be derived from documents that have been produced and is therefore already in the possession, custody, or control of Plaintiffs.

Defendants further object to these Interrogatories as overly broad and unduly burdensome to the extent they purport to require that Defendants describe "all evidence" supporting the contention that potential deals with six separate potential customers were Tech Wins as of the May 9, 2019. Defendants reserve all rights as to further objections to these Interrogatories and waive none.

**INTERROGATORY NO. 13:**

If You still contend that the rate at which Forescout closed deals on or before August 7, 2019, was "very strong" and "very healthy," describe all evidence supporting that contention in detail. *See* Complaint ¶110.

**RESPONSE TO INTERROGATORY NO. 13:**

Defendants object to this Interrogatory and will not respond to it because it is in excess of the limit to interrogatories under the Federal Rules of Civil Procedure.

CONFIDENTIAL

Defendants further object to this Interrogatory as overly broad and unduly burdensome to the extent it requires unreasonably costly and/or time-consuming measures to identify and provide responsive information, and to the extent it seeks information that can be derived from documents that have been produced and is therefore already in the possession, custody, or control of Plaintiffs.

Defendants further object to this Interrogatory as overly broad and unduly burdensome to the extent it purports to require that Defendants describe "all evidence" supporting the contention that the rate at which Forescout closed deals on or before August 7, 2019 was "very strong" and "very healthy."

Defendants reserve all rights as to further objections to this Interrogatory and waive none.

**INTERROGATORY NO. 14:**

If You still contend that the sales pipeline was "absolutely taking shape very effectively" on or before August 7, 2019, describe all evidence supporting that contention in detail. *See* Complaint ¶110.

**RESPONSE TO INTERROGATORY NO. 14:**

Defendants object to this Interrogatory and will not respond to it because it is in excess of the limit to interrogatories under the Federal Rules of Civil Procedure.

Defendants further object to this Interrogatory as overly broad and unduly burdensome to the extent it requires unreasonably costly and/or time-consuming measures to identify and provide responsive information, and to the extent it seeks information that can be derived from documents that have been produced and is therefore already in the possession, custody, or control of Plaintiffs.

Defendants further object to this Interrogatory as overly broad and unduly burdensome to the extent it purports to require that Defendants describe "all evidence" supporting the contention that the sales pipeline was "absolutely taking shape very effectively" on or before August 7, 2019.

Defendants reserve all rights as to further objections to this Interrogatory and waive none.

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF MEITAV MUTUAL FUNDS LTD.'S (F/K/A MEITAV TACHLIT MUTUAL FUNDS LTD.) FOURTH SET OF INTERROGATORIES TO EACH DEFENDANT
Case No. 3:20-cv-00076-SI
13

CONFIDENTIAL

**INTERROGATORY NO. 15:**

If You still contend that, on or before August 12, 2019, Defendants "had great visibility into the rest of the year and still the confidence we have about how deals were taking shape", describe all evidence supporting that contention in detail. *See* Complaint ¶115.

**RESPONSE TO INTERROGATORY NO. 15:**

Defendants object to this Interrogatory and will not respond to it because it is in excess of the limit to interrogatories under the Federal Rules of Civil Procedure.

Defendants further object to this Interrogatory as overly broad and unduly burdensome to the extent it requires unreasonably costly and/or time-consuming measures to identify and provide responsive information, and to the extent it seeks information that can be derived from documents that have been produced and is therefore already in the possession, custody, or control of Plaintiffs.

Defendants further object to this Interrogatory as overly broad and unduly burdensome to the extent it purports to require that Defendants describe "all evidence" supporting the contention that Defendants "had great visibility into the rest of the year and still the confidence we have about how deals were taking shape" on or before August 12, 2019.

Defendants reserve all rights as to further objections to this Interrogatory and waive none.

**INTERROGATORY NO. 16:**

If You still contend that Forescout's sales pipeline "continued to grow" in the Third Quarter of 2019, describe all evidence supporting that contention in detail. *See* Complaint ¶117.

**RESPONSE TO INTERROGATORY NO. 16:**

Defendants object to this Interrogatory and will not respond to it because it is in excess of the limit to interrogatories under the Federal Rules of Civil Procedure.

Defendants further object to this Interrogatory as overly broad and unduly burdensome to the extent it requires unreasonably costly and/or time-consuming measures to identify and provide

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF MEITAV MUTUAL FUNDS LTD.'S (F/K/A MEITAV TACHLIT MUTUAL FUNDS LTD.) FOURTH SET OF INTERROGATORIES TO EACH DEFENDANT
Case No. 3:20-cv-00076-SI

14

CONFIDENTIAL

responsive information, and to the extent it seeks information that can be derived from documents that have been produced and is therefore already in the possession, custody, or control of Plaintiffs.

Defendants further object to this Interrogatory as overly broad and unduly burdensome to the extent it purports to require that Defendants describe "all evidence" supporting the contention that Forescout's sales pipeline "continued to grow" in the Third Quarter of 2019.

Defendants reserve all rights as to further objections to this Interrogatory and waive none.

**INTERROGATORY NO. 17:**

If You still contend that Forescout's financial performance deteriorated in late 2019 and early 2020 due to "extended approval cycles" and macroeconomic conditions in Europe, the Middle East and Africa, describe all evidence supporting that contention in detail. *See, e.g.*, Complaint ¶117.

**RESPONSE TO INTERROGATORY NO. 17:**

Defendants object to this Interrogatory and will not respond to it because it is in excess of the limit to interrogatories under the Federal Rules of Civil Procedure.

Defendants further object to this Interrogatory as overly broad and unduly burdensome to the extent it requires unreasonably costly and/or time-consuming measures to identify and provide responsive information, and to the extent it seeks information that can be derived from documents that have been produced and is therefore already in the possession, custody, or control of Plaintiffs.

Defendants further object to this Interrogatory as overly broad and unduly burdensome to the extent it purports to require that Defendants describe "all evidence" supporting the contention that Forescout's financial performance deteriorated in late 2019 and early 2020 due to "extended approval cycles" and macroeconomic conditions in Europe, the Middle East and Africa.

Defendants reserve all rights as to further objections to this Interrogatory and waive none.

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF MEITAV MUTUAL FUNDS LTD.'S (F/K/A MEITAV TACHLIT MUTUAL FUNDS LTD.) FOURTH SET OF INTERROGATORIES TO EACH DEFENDANT
Case No. 3:20-cv-00076-SI

15

CONFIDENTIAL

**INTERROGATORY NO. 18:**

If You still contend that the Customer Engagement Process was implemented consistently across the Company, describe all evidence supporting that contention in detail.

**RESPONSE TO INTERROGATORY NO. 18:**

Defendants object to this Interrogatory and will not respond to it because it is in excess of the limit to interrogatories under the Federal Rules of Civil Procedure.

Defendants further object to this Interrogatory as overly broad and unduly burdensome to the extent it requires unreasonably costly and/or time-consuming measures to identify and provide responsive information, and to the extent it seeks information that can be derived from documents that have been produced and is therefore already in the possession, custody, or control of Plaintiffs.

Defendants further object to this Interrogatory as overly broad and unduly burdensome to the extent it purports to require that Defendants describe "all evidence" supporting the contention that Customer Engagement Process was implemented consistently across the Company.

Defendants reserve all rights as to further objections to this Interrogatory and waive none.

**INTERROGATORY NO. 19:**

If You still contend that Advent reneged on the deal to acquire Forescout in May 2020 exclusively or primarily because of the COVID-19 pandemic, describe all evidence supporting that contention in detail.

**RESPONSE TO INTERROGATORY NO. 19:**

Defendants object to this Interrogatory and will not respond to it because it is in excess of the limit to interrogatories under the Federal Rules of Civil Procedure.

Defendants further object to this Interrogatory as overly broad and unduly burdensome to the extent it requires unreasonably costly and/or time-consuming measures to identify and provide responsive information, and to the extent it seeks information that can be derived from documents that have been produced and is therefore already in the possession, custody, or control of Plaintiffs.

CONFIDENTIAL

Defendants further object to this Interrogatory as overly broad and unduly burdensome to the extent it purports to require that Defendants describe "all evidence" supporting the contention that Advent reneged on the deal to acquire Forescout in May 2020 exclusively or primarily because of the COVID-19 pandemic.

Defendants reserve all rights as to further objections to this Interrogatory and waive none.

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF MEITAV MUTUAL FUNDS LTD.'S (F/K/A MEITAV TACHLIT MUTUAL FUNDS LTD.) FOURTH SET OF INTERROGATORIES TO EACH DEFENDANT
Case No. 3:20-cv-00076-SI

17

CONFIDENTIAL

Dated:  February 28, 2025

**ROPES & GRAY LLP**

_____
 */s/ Amy Jane Longo*
Amy Jane Longo
Mark S. Gaioni
10250 Constellation Boulevard
Los Angeles, CA 90067
Tel: (310) 975-3300
amy.longo@ropesgray.com
mark.gaioni@ropesgray.com

Anne Johnson Palmer
Three Embarcadero Center
San Francisco, CA 94111
Tel: (415) 315-6300
anne.johnsonpalmer@ropesgray.com

Peter L. Welsh (admitted *pro hac vice*)
C. Thomas Brown (admitted *pro hac vice*)
Prudential Tower
800 Boylston Street
Boston, MA 02199
Tel: (617) 951-7000
peter.welsh@ropesgray.com
thomas.brown@ropesgray.com

Charles D. Zagnoli (admitted *pro hac vice*)
191 North Wacker Drive, 32nd Floor
Chicago, IL 60606
Tel: (312) 845-1200
charles.zagnoli@ropesgray.com

***Attorneys for Defendant Forescout
Technologies, Inc.***

**WILSON SONSINI GOODRICH &
ROSATI, Professional Corporation**

_____
 */s/ Diane M. Walters*
Ignacio E. Salceda
Diane M. Walters
Rebecca L. Epstein
650 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 493-9300
isaceda@wsgr.com
dwalters@wsgr.com
bepstein@wsgr.com

***Attorneys for Defendants Michael DeCesare
and Christopher Harms***

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF MEITAV MUTUAL FUNDS LTD.'S (F/K/A MEITAV TACHLIT MUTUAL FUNDS LTD.) FOURTH SET OF INTERROGATORIES TO EACH DEFENDANT
Case No. 3:20-cv-00076-SI

18

CONFIDENTIAL

## VERIFICATION OF INTERROGATORY RESPONSE

I, Ed Brown, Chief Legal Officer of Forescout Technologies, Inc., affirm that I have reviewed *DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF MEITAV MUTUAL FUNDS LTD.'S (F/K/A MEITAV TACHLIT MUTUAL FUNDS LTD.) FOURTH SET OF INTERROGATORIES TO EACH DEFENDANT*, and believe, based on reasonable inquiry and information available to Defendants, that the foregoing response to Interrogatory No. 12.1 is true and correct to the best of my knowledge.

Executed on February 28, 2025



DocuSigned by:

Ed Brown
A029640D404441E...

Ed Brown
Chief Legal Officer of Forescout Technologies, Inc.

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF MEITAV MUTUAL FUNDS LTD.'S (F/K/A MEITAV TACHLIT MUTUAL FUNDS LTD.) FOURTH SET OF INTERROGATORIES TO EACH DEFENDANT
Case No. 3:20-cv-00076-SI

19

CONFIDENTIAL

## VERIFICATION OF INTERROGATORY RESPONSE

I, Michael DeCesare, former CEO of Forescout Technologies, Inc., affirm that I have reviewed *DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF MEITAV MUTUAL FUNDS LTD.'S (F/K/A MEITAV TACHLIT MUTUAL FUNDS LTD.) FOURTH SET OF INTERROGATORIES TO EACH DEFENDANT*, and believe, based on reasonable inquiry and information available to Defendants, that the foregoing response to Interrogatory No. 12.1 is true and correct to the best of my knowledge.

Executed on ___March 2, 2025___

DocuSigned by:

*Michael DeCesare*

99D6E0B98D124BE...

Michael DeCesare

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF MEITAV MUTUAL FUNDS LTD.'S (F/K/A MEITAV TACHLIT MUTUAL FUNDS LTD.) FOURTH SET OF INTERROGATORIES TO EACH DEFENDANT
Case No. 3:20-cv-00076-SI

20

CONFIDENTIAL

## <u>VERIFICATION OF INTERROGATORY RESPONSE</u>

I, Christopher Harms, former CFO of Forescout Technologies, Inc., affirm that I have reviewed *DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF MEITAV MUTUAL FUNDS LTD.'S (F/K/A MEITAV TACHLIT MUTUAL FUNDS LTD.) FOURTH SET OF INTERROGATORIES TO EACH DEFENDANT*, and believe, based on reasonable inquiry and information available to Defendants, that the foregoing response to Interrogatory No. 12.1 is  true and correct to the best of my knowledge.


Executed on ____February 28, 2025____

DocuSigned by:

8D6C3FFC8ABE493...

Christopher Harms

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF MEITAV MUTUAL FUNDS LTD.'S (F/K/A MEITAV TACHLIT MUTUAL FUNDS LTD.) FOURTH SET OF INTERROGATORIES TO EACH DEFENDANT
Case No. 3:20-cv-00076-SI

21

CONFIDENTIAL

**CERTIFICATE OF SERVICE**

I am employed in the City of Boston, in the state of Massachusetts. I am over the age of 18 years and not a party to this action. My business address is Ropes & Gray LLP, Prudential Tower, 800 Boylston Street, Boston, MA 02199.

On February 28, 2025, I served the following document(s):

**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF MEITAV MUTUAL FUNDS LTD.'S (F/K/A MEITAV TACHLIT MUTUAL FUNDS LTD.) FOURTH SET OF INTERROGATORIES TO EACH DEFENDANT**

☒    **BY E-MAIL:** I caused the document(s) to be served electronically on the persons at the electronic notification addresses listed below.

| | |
|---|---|
| Jeffrey S. Abraham (*admitted pro hac vice*)<br>ABRAHAM, FRUCHTER & TWERSKY<br>450 Seventh Avenue, 38th Floor<br>New York, NY 10123<br>Telephone: (212) 279-5050<br>*JAbraham@aftlaw.com*<br><br>Attorneys for Co-Lead Plaintiffs | Omar Jafri (*admitted pro hac vice*)<br>POMERANTZ LLP<br>Ten South La Salle Street, Suite 3505<br>Chicago, IL 60603<br>Telephone: (312) 377-1181<br>*ojafri@pomlaw.com*<br><br>Attorneys for Co-Lead Plaintiffs |

I declare under penalty of perjury under the laws of the State of Massachusetts that the foregoing is true and correct.

Executed on February 28, 2025, at Boston, Massachusetts.

*/s/ Alyssa Fixsen*
Alyssa Fixsen

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF MEITAV MUTUAL FUNDS LTD.'S (F/K/A MEITAV TACHLIT MUTUAL FUNDS LTD.) FOURTH SET OF INTERROGATORIES TO EACH DEFENDANT
Case No. 3:20-cv-00076-SI

22

CONFIDENTIAL