# Exhibit E

Amy Jane Longo (CSB #198304)
Anne Johnson Palmer (CSB #302235)
Ryan H. Weinstein (CSB #240405)
ROPES & GRAY LLP
Three Embarcadero Center
San Francisco, CA 94111-4006
Tel: (415) 315-6300
Fax: (415) 315-6350
Amy.Longo@ropesgray.com
Anne.JohnsonPalmer@ropesgray.com
Ryan.Weinstein@ropesgray.com

[Additional counsel on signature page]

Attorneys for Defendant
FORESCOUT TECHNOLOGIES, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| CHRISTOPHER L. SAYCE, *et al.,* | Case No.: 3:20-cv-00076-SI |
| Plaintiffs, | CLASS ACTION |
| v. | **DEFENDANT FORESCOUT TECHNOLOGIES, INC.'S SECOND SET OF INTERROGATORIES TO PLAINTIFFS** |
| FORESCOUT TECHNOLOGIES, INC., *et al.,* | |
| Defendants. | |

PROPOUNDING PARTIES:          DEFENDANT FORESCOUT TECHNOLOGIES, INC.

RESPONDING PARTIES:           PLAINTIFFS GLAZER CAPITAL MANAGEMENT, L.P., GLAZER ENHANCED FUND, L.P., GLAZER ENHANCED OFFSHORE FUND, LTD., GLAZER OFFSHORE FUND, LTD., HIGHMARK LIMITED, IN RESPECT OF ITS SEGREGATED ACCOUNT HIGHMARK MULTI-STRATEGY 2, AND MEITAV TACHLIT MUTUAL FUNDS LTD.

SET NUMBER:                   TWO

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Forescout Technologies, Inc. hereby requests that Plaintiffs Glazer Capital Management, L.P., Glazer Enhanced Fund, L.P., Glazer Enhanced Offshore Fund, Ltd., Glazer Offshore Fund, Ltd., Highmark Limited, in respect of its Segregated Account Highmark Multi-Strategy 2, and Meitav Tachlit Mutual Funds Ltd. answer under oath these interrogatories ("Interrogatories") within 30 days of service.  Plaintiffs shall be obligated to supplement responses to these Interrogatories at such times and to the extent required by Rule 26(e) of the Federal Rules of Civil Procedure.

**DEFINITIONS**

For purposes of these Interrogatories, the following definitions apply:

1.      "ACTION" shall mean any and all proceedings and litigation efforts concerning the above-captioned case.

2.      "CONFIDENTIAL WITNESSES" means those PERSONS identified as Confidential Witnesses ("CWs") in the COMPLAINT.

3.      "COMMUNICATION" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) between or among two or more PERSONS or entities, whether transmitted orally or in writing, and whether transmitted in person, by an electronic device such as telephone or e-mail, or by any other means or medium.  The term shall INCLUDE spoken words, conversations, conferences, discussions, interviews, reports, meetings, negotiations, agreements, understandings, and DOCUMENTS (as defined below).

4.      "COMPLAINT" means the Second Consolidated Amended Complaint for Violations of the Federal Securities Laws [Dkt. 142], filed on May 10, 2021, in the ACTION, as that pleading may be amended or superseded.

5.      "DEFENDANTS" means FORESCOUT, Michael DeCesare, and Christopher Harms.

6.      "DOCUMENT" shall have the broadest meaning permitted under the Federal Rules of Civil Procedure and shall INCLUDE all originals (both sides thereof), copies, non-identical copies (whether different from the original because of underlining, editing marks, notes made on or attached to such copy, or otherwise), and drafts of the following items, whether printed or recorded (through

a sound, video, or other electronic, magnetic, or digital recording system) or reproduced by hand, as well as all materials underlying, supporting, or used in the preparation of the following items: written or otherwise recorded COMMUNICATIONS, letters, calendars, diaries, journals, correspondence, facsimile transmissions, memoranda, records, summaries of personal conversations or interviews, notes, financial or statistical statements or compilations, contracts, agreements, analyses, pictures, films, plans, audio recordings, video recordings, disks, websites, electronically transmitted messages ("email"), text messages, Internet or blog postings or messages, social media postings and messages, mobile computing application messaging, instant messaging conducted through any account of any kind, material of any sort and in any format maintained or available at any time on the internet (whether formerly, currently, or both), voicemail and voicemail messages that are digitized and forwarded to an email account, and any other writings, papers, and tangible things of whatever description. "DOCUMENT" shall also INCLUDE any "Electronically Stored Information" or "ESI," INCLUDING, but not limited to, (a) information generated, received, processed, recorded, or stored in or on a computer, server, or electronic device memory; (b) website data; and (c) output resulting from the use of any software program, operating system, or mobile application. A draft or non-identical copy is a separate DOCUMENT within the meaning of these terms.

7.    "FORESCOUT" means Forescout Technologies, Inc.

8.    "FORESCOUT SECURITIES" refers to the securities at issue in the COMPLAINT.

9.    "IDENTIFY" means:

a.    With respect to a COMMUNICATION, to state the COMMUNICATION's author(s) or speaker(s); the date of the COMMUNICATION; each recipient, hearer, audience member, addressee or copy addressee, or other person involved in or receiving the COMMUNICATION, whether or not the COMMUNICATION was specifically directed to the person; the COMMUNICATION'S format or medium; the COMMUNICATION'S subject matter; the location(s) at which the COMMUNICATION was made; and (for COMMUNICATIONS reflected in DOCUMENTS) the name of the COMMUNICATION'S present custodian;

-2-

b.      With respect to a DOCUMENT, to state the DOCUMENT'S author, the DOCUMENT'S date, each addressee or copy addressee of the DOCUMENT, the DOCUMENT'S subject matter, the DOCUMENT's present location, and the name of the DOCUMENT's present custodian.  In the alternative, the responding party may produce the DOCUMENTS, together with identifying information sufficient to satisfy Rule 33 of the Federal Rules of Civil Procedure;

c.      With respect to a natural PERSON, to state the person's (i) full name; (ii) present or last known address and phone number(s); (iii) and the person's present or last known position, title, and employment or business affiliation; and

d.      With respect to factual or legal issues, to state all facts, acts or events, documents, persons with knowledge, and legal standards that relate to the subject of the Interrogatory, and to describe the way in which they relate to the subject of the Interrogatory.

10.    "INCLUDE" and "INCLUDING" mean "include without limitation" and "including without limitation."

11.    "PERSON" means, without limitation, any natural person, corporation, partnership, limited liability company, proprietorship, joint venture, association, government entity, group, or other form of legal entity.

12.    "PLAINTIFFS" refers collectively to the plaintiffs in the ACTION and "PLAINTIFF" refers to any plaintiff individually in the ACTION.

13.    "RELEVANT TIME PERIOD," unless otherwise stated, means, for purposes of these Interrogatories, February 7, 2019 through May 10, 2021.

14.    "YOU" and "YOUR" means the PLAINTIFFS to whom these Interrogatories are directed.

15.    "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Interrogatory all documents that might otherwise be construed to be outside of its scope.

-3-

16.    Each of the terms "all," "any," and "each" shall be construed as all, any and each as necessary to bring within the scope of the Interrogatory all information that might otherwise be construed to be outside of its scope.

17.    The verb "relate" and its variants encompasses the terms "refer," "reflect," and "concern" and shall be construed to bring within the scope of a Interrogatory any information that comprises, evidences, constitutes, describes, explicitly or implicitly refers to, was reviewed in conjunction with, or was generated as a result of the subject matter of the Interrogatory, INCLUDING all information that reflects, records, memorializes, discusses, evaluates, considers, reviews, reports, or otherwise evidences the existence of the Interrogatory's subject matter.

18.    The use of the singular form of a noun or pronoun includes within its meaning the plural form of the noun or pronoun so used, and vice versa; the use of the masculine form of a pronoun also includes within its meaning the feminine form of the pronoun so used; and vice versa; the sue of any tense of any verb includes also within its meaning all other tenses of the verb so used, whenever such construction results in a broader request for information; and "and" includes" or" and vice verse, whenever such construction results in a broad disclosure of documents or information.

## INSTRUCTIONS

1.    YOU are required to answer each Interrogatory set forth below, regardless of whether the information is possessed by YOU or by any successors, assigns, agents, brokers, accountants, experts, representatives, attorneys, consultants, family members, or other persons acting or purporting to act on YOUR behalf. In preparing answers to these Interrogatories, YOU must inquire of all persons whose knowledge, files, or information lies within YOUR control and who have or may have information responsive to the Interrogatories.

2.    If YOU claim any of the Interrogatories are objectionable, then (a) identify that portion of such Interrogatory claimed to be objectionable, and state the nature and basis of the objection with sufficient particularity and in sufficient detail to permit the Court to adjudicate the validity of the objection; (b) identify any information withheld pursuant to such objection with sufficient particularity and in sufficient detail to permit the Court to determine whether the

-4-

DEFENDANT FORESCOUT'S SECOND SET OF INTERROGATORIES
CASE NO. 3:20-CV-00076-SI

information falls within the scope of such objection; and (c) answer each Interrogatory to the extent you do not claim it to be objectionable.

3.      If, after conducting a reasonable investigation, YOU cannot provide a full answer to any Interrogatory, then (a) state that after conducting a reasonable investigation, YOU cannot provide a full answer; (b) answer to the fullest extent possible; (c) state what information is available and what information cannot be provided; (d) explain why the information is unavailable; (e) describe YOUR efforts to obtain the unavailable information; and (f) state the name and address of any person or entity that YOU believe might have the information.

4.      If YOU withhold any requested information under a claim of privilege or for any other reason, then at the time of responding to these Interrogatories, (a) state with specificity YOUR claim of privilege or other basis for withholding the information, and (b) identify all information by date and subject matter, without disclosing its contents, in a manner sufficient to allow it to be described to the Court for ruling on the privilege or other reason asserted.

5.      These Interrogatories are deemed to be continuing in nature, and YOU shall promptly supply, by way of supplemental answer, any responsive information that may become known to YOU or anyone acting on YOUR behalf after YOUR answers have been prepared and served as required by Federal Rule of Civil Procedure 26(e).

## INTERROGATORIES

### INTERROGATORY NO. 2:

For each CONFIDENTIAL WITNESS that YOU IDENTIFIED in response to DEFENDANTS' Interrogatory No. 1, and with respect to any matter encompassed by the allegations of the COMPLAINT, IDENTIFY: (a) each of your COMMUNICATIONS with such CONFIDENTIAL WITNESS; and (b) any payment of fees, expenses, or other consideration that you provided to such CONFIDENTIAL WITNESS.

### INTERROGATORY NO. 3:

IDENTIFY YOUR first COMMUNICATION with any attorney or law firm regarding the facts underlying, or substance of, the claims at issue in the COMPLAINT by providing: (a) the date

-5-

DEFENDANT FORESCOUT'S SECOND SET OF INTERROGATORIES
CASE NO. 3:20-CV-00076-SI

of that COMMUNICATION; (b) the name of the attorney or law firm; (c) the form of the COMMUNICATION, such as telephone, electronic mail, paper correspondence; and (d) who initiated the COMMUNICATION.

**INTERROGATORY NO. 4:**

IDENTIFY every PERSON or entity (INCLUDING current or former employees, officers, directors, trustees, managers, all of your committees, departments, groups or other bodies, and/or outside advisors, attorneys, accountants, brokers, or investment managers) who, during the RELEVANT TIME PERIOD, in any way participated in, advised on, or approved any (a) decisions to buy FORESCOUT SECURITIES; (b) step taken to evaluate, analyze, review, estimate, or otherwise assess the value of FORESCOUT SECURITIES, INCLUDING, without limitation, any determination, assessment, analysis, or estimation of the market value of each security; (c) step taken to monitor, analyze, evaluate, or conduct surveillance on any risks associated with FORESCOUT SECURITIES; (d) decisions to sell FORESCOUT SECURITIES; and (e) investment and risk management procedures, policies, practices, rules, regulations, guidelines, standards, or agreements related to your investments in FORESCOUT SECURITIES.

**INTERROGATORY NO. 5:**

Identify any credit, valuation, or other models (whether proprietary or otherwise) that YOU used to evaluate or analyze (a) any actual or potential purchase of FORESCOUT SECURITIES; (b) the retention or sale of FORESCOUT SECURITIES; and (c) any other transaction involving FORESCOUT SECURITIES.

**INTERROGATORY NO. 6:**

State every step taken to monitor, analyze, evaluate, or conduct surveillance on any risks associated with FORESCOUT SECURITIES.

**INTERROGATORY NO. 7:**

State every step YOU took to investigate the matters, facts, or allegations set forth in the COMPLAINT.

-6-

DEFENDANT FORESCOUT'S SECOND SET OF INTERROGATORIES
CASE NO. 3:20-CV-00076-SI

**INTERROGATORY NO. 8:**

IDENTIFY every PERSON affiliated with FORESCOUT, INCLUDING any officer, director, employee, partner, affiliate, or agent, who communicated with YOU or YOUR counsel regarding FORESCOUT or FORESCOUT SECURITIES.

**INTERROGATORY NO. 9:**

IDENTIFY the purchasing entity for FORESCOUT SECURITIES and describe (a) when the FORESCOUT SECURITIES were purchased; (b) the entity from whom the purchase was made, INCLUDING whether the transaction involved a purchase from the initial offering or the secondary market; (c) the total face value of FORESCOUT SECURITIES; and (d) your purchase price.

**INTERROGATORY NO. 10:**

State whether YOU currently own FORESCOUT SECURITIES, and if not, state (a) when the FORESCOUT SECURITIES were sold; (b) to whom they were sold; (c) the amount of compensation you received upon sale; (d) your losses, if any, between the time of purchase and the time of sale; and (e) every step you took to reduce or mitigate any losses.

**INTERROGATORY NO. 11:**

IDENTIFY the amount of damages that YOU are claiming in connection with this ACTION, both individually and on a class-wide basis, and explain in detail how YOU calculated this amount, INCLUDING but not limited to compensatory damages, rescission damages, prejudgment interest, and opportunity cost damages, and any further relief.

**INTERROGATORY NO. 12:**

State every step that YOU have taken to become a class representative in the ACTION.

**INTERROGATORY NO. 13:**

State every step that YOU or YOUR counsel have taken to identify any putative class member regarding the ACTION or its subject matter, INCLUDING, without limitation, by IDENTIFYING any COMMUNICATION between or among any PLAINTIFFS and/or any third parties.

-7-

DEFENDANT FORESCOUT'S SECOND SET OF INTERROGATORIES
CASE NO. 3:20-CV-00076-SI

**INTERROGATORY NO. 14:**

IDENTIFY all PERSONS with knowledge concerning the allegations related to the putative class and its members at paragraphs 158 through 166 of the COMPLAINT, INCLUDING but not limited to alleged numerosity, alleged substantial questions of law and fact common to the Putative Class that purportedly predominate over individual questions, the alleged typicality of PLAINTIFFS' claims, alleged consistency of PLAINTIFFS' interests with those of the Putative Class, alleged adequacy of PLAINTIFFS as class representatives, and alleged superiority of a class action over other methods of adjudication, and for each PERSON, INCLUDE each PERSON's relationship with PLAINTIFFS and, where applicable, whether each Person is or was employed by PLAINTIFFS or Counsel of Record and, if they are not, their last known business and/or personal address.

**INTERROGATORY NO. 15:**

IDENTIFY all PERSONS with knowledge concerning YOUR allegation in paragraph 160 of the COMPLAINT that PLAINTIFFS' claims are typical of the claims of those of the class, as all class members were similarly affected by DEFENDANTS' wrongful conduct in violation of federal law complained of herein" and for each PERSON, INCLUDE each PERSON's relationship with PLAINTIFFS and, where applicable, whether each PERSON is or was employed by PLAINTIFFS or Counsel of Record and, if they are not, their last known business and/or personal address.

**INTERROGATORY NO. 16:**

IDENTIFY all PERSONS who provided the information used and all DOCUMENTS reviewed or referenced in answering these Interrogatories.

-8-

DEFENDANT FORESCOUT'S SECOND SET OF INTERROGATORIES
CASE NO. 3:20-CV-00076-SI

Date:  August 10, 2023

ROPES & GRAY LLP

*/s/ Amy Jane Longo*

Amy Jane Longo (CSB #198304)

Amy Jane Longo (CSB #198304)
Anne Johnson Palmer (CSB #302235)
Ryan H. Weinstein (CSB #240405)
ROPES & GRAY LLP
Three Embarcadero Center
San Francisco, CA 94111-4006
Tel: (415) 315-6300
Fax: (415) 315-6350
Amy.Longo@ropesgray.com
Anne.JohnsonPalmer@ropesgray.com
Ryan.Weinstein@ropesgray.com

Peter L. Welsh (admitted *pro hac vice*)
C. Thomas Brown (admitted *pro hac vice*)
ROPES & GRAY LLP
Prudential Tower
800 Boylston Street
Boston, MA 02199-3600
Tel: (617) 951-7000
Fax: (617) 951-7050
Peter.Welsh@ropesgray.com
Thomas.Brown@ropesgray.com

Charles D. Zagnoli (admitted *pro hac vice*)
ROPES & GRAY LLP
191 N. Wacker Dr., 32nd Floor
Chicago, IL 60606
Tel: (312) 845-1200
Fax: (312) 845-5522
Charles.Zagnoli@ropesgray.com

*Attorneys for Defendant*
*Forescout Technologies, Inc.*

-9-

DEFENDANT FORESCOUT'S SECOND SET OF INTERROGATORIES
CASE NO. 3:20-CV-00076-SI

**CERTIFICATE OF SERVICE**

I am employed in the City of New York, in the state of New York. I am over the age of 18 years and not a party to this action. My business address is Ropes & Gray LLP, 1211 Avenue of the Americas, New York, NY 10036.

On August 10, 2023, I served the following document(s):

**SECOND SET OF INTERROGATORIES TO PLAINTIFFS**

☒    **BY E-MAIL:** I caused the document(s) to be served electronically on the persons at the electronic notification addresses listed below.

| | |
|---|---|
| Jeffrey S. Abraham (*admitted pro hac vice*) ABRAHAM, FRUCHTER & TWERSKY 450 Seventh Avenue, 38th Floor New York, NY 10123 Telephone: (212) 279-5050 *JAbraham@aftlaw.com* Attorneys for Co-Lead Plaintiffs | Omar Jafri (*admitted pro hac vice*) POMERANTZ. LLP Ten South La Salle Street, Suite 3505 Chicago. IL 60603 Telephone: (312) 377-1181 *ojafri@pomlaw.com* Attorneys for Co-Lead Plaintiffs |

I declare under penalty of perjury under the laws of the State of New York that the foregoing is true and correct.

Executed on August 10, 2023, in New York, New York.

/s/ Andrew D. Steele
Andrew D. Steele

-10-

DEFENDANT FORESCOUT'S SECOND SET OF INTERROGATORIES
CASE NO. 3:20-CV-00076-SI