**ABRAHAM, FRUCHTER & TWERSKY, LLP**
Patrice L. Bishop (SBN 182256)
9440 Santa Monica Blvd., Suite 301
Beverly Hills, CA 90210
Telephone: (310) 279-5125
pbishop@aftlaw.com

*Class Counsel*

**ROPES & GRAY LLP**
Amy Jane Longo (CSB #198304)
Three Embarcadero Center
San Francisco, CA 94111-4006
Tel: (415) 315-6300
Fax: (415) 315-6350
Amy.Longo@ropesgray.com

*Attorney for Defendant*
*Forescout Technologies, Inc.*

[Additional Counsel on Signature Page]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| CHRISTOPHER L. SAYCE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>FORESCOUT TECHNOLOGIES, INC., *et al.*,<br><br>Defendants. | Case No: 3:20-CV-00076-SI<br><br>CLASS ACTION<br><br>**FURTHER JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:   May 2, 2025<br>Time:  3:00 p.m.<br>Ctrm:  1, 17th Floor; Zoom<br>Judge: Hon. Susan Illston |

Class Representatives/Lead Plaintiffs Glazer Capital Management, L.P., Glazer Enhanced Fund, L.P., Glazer Enhanced Offshore Fund, Ltd., Glazer Offshore Fund, Ltd. Highmark Limited, in respect of its Segregated Account Highmark Multi-Strategy 2 (collectively the "Glazer Funds") and Meitav Mutual Funds Ltd. ("Meitav") (collectively the "Lead Plaintiffs"), and Defendants Forescout Technologies, Inc. ("Forescout" or "the Company"), Michael DeCesare ("DeCesare") and Christopher Harms ("Harms") (collectively the "Defendants," and together with Lead Plaintiffs, the "Parties"), by their undersigned counsel, respectfully submit the following Joint Case Management Statement pursuant to Federal Rule of Civil Procedure 26(f), the Standing Order for All Judges of the Northern District of California updated on November 30, 2023, and Civil Local Rule 16-9.

On March 16, 2023, the United States Court of Appeals for the Ninth Circuit issued an opinion in Case No. 21-16876, affirming in part, reversing in part, and remanding this Action to this Court for further proceedings on the reinstated claims. On May 3, 2023, the Ninth Circuit mandated that its March 16, 2023 judgment took effect as of May 3, 2023.

On June 16, 2023, the Defendants filed an Answer to the Second Amended Complaint (the "SAC"). ECF No. 178.

On June 30, 2023, the Parties submitted their Initial Joint Case Management Statement with a proposed stipulated schedule. ECF No. 180. On July 7, 2023, the Court held an initial case management conference and informed the Parties that the Court would set a schedule for fact and expert discovery after determining whether a class should be certified. ECF No. 188 at 4.

On May 28, 2024, the Court granted Lead Plaintiffs' motion for class certification, certifying the class (the "Class"), appointing Lead Plaintiffs as Class Representatives and appointing Lead Plaintiffs' Counsel as Class Counsel. ECF No. 227.

On August 9, 2024, the Parties submitted a Further Joint Case Management Statement addressing, among other things, the proposed schedule for the remainder of the case. ECF No. 233. On August 16, 2024, the Court held a case management conference and thereafter, on August 21, 2024, entered a Pretrial Preparation Order setting a trial date and various other pretrial deadlines. ECF Nos. 235, 236.

On September 20, 2024, the Court granted Plaintiffs' unopposed motion for an order establishing a program and schedule for notice to the Class. ECF No. 242. On January 13, 2025, Plaintiffs filed proof of compliance with that order. ECF No. 256.

On December 13, 2024, the Parties submitted a Further Joint Case Management Statement updating the Court on the status of discovery. ECF No. 254. On December 20, 2024, the Court held a case management conference and thereafter, on December 23, 2024, entered a Minute Entry setting, *inter alia*, a further case management conference for May 2, 2025. ECF No. 255.

As summarized more fully below, discovery is ongoing.

## I.   JURISDICTION & SERVICE

The SAC asserts claims arising under the Securities Exchange Act of 1934 (the "Exchange Act"), over which this Court has jurisdiction pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. §§ 1331, 1337.

All Defendants have been served. Waivers of service were returned and filed with the Court on January 22, 2020.

## II.   FACTS

The Parties respectfully incorporate by reference the facts as set forth in Defendants' motions to dismiss and Lead Plaintiffs' opposition to Defendants' motions to dismiss, the Ninth Circuit's decision, Lead Plaintiffs' Motion for Class Certification and Defendants' Opposition to the Motion for Class Certification, and the Court's Order on Class Certification. ECF Nos. 145, 153, 196, 202, 227.

## III.   LEGAL ISSUES

The central legal issues on Lead Plaintiffs' Section 10(b) claim include whether Defendants made materially false or misleading statements with the necessary scienter upon which Lead Plaintiffs and other members of the Class relied, and with respect to the Section 20(a) claims include whether Defendants were control persons and acted in good faith with respect to the underlying conduct.

The Ninth Circuit's decision provides that the following claims have been reinstated: "(1) the statements made on May 9, 2019, August 7, 2019, August 12, 2019, October 10, 2019, and November

6, 2019, asserting that (i) the disappointing second quarter performance was due to 'slipped' deals, (ii) the 'slipped' deals were 'tech wins,' (iii) the sales pipeline was large, healthy, and continuing to grow, and (iv) the third quarter revenue miss was due to delays in closing caused by economic conditions in the EMEA area; and (2) the May 11, 2020, press release stating that Forescout 'look[ed] forward to completing [the] pending transaction with Advent.'" *Glazer Capital Mgmt., L.P. v. Forescout Techs., Inc.*, 63 F.4th 747, 781-82 (9th Cir. 2023). The Class Period for the reinstated claims runs from May 10, 2019 through May 15, 2020, both dates inclusive.

Defendants deny each and every allegation of wrongdoing in the SAC, dispute that Lead Plaintiffs have asserted any cognizable claims, and contend that they have no liability in the Action. In particular, Defendants deny, among other things, that they made any actionable misstatements or omissions, acted with scienter, or caused the alleged losses, or that Lead Plaintiffs and the members of the Class have suffered any damages.

### IV.    MOTIONS

The following motions have been filed in this Action:

(a) Motion to Appoint Lead Plaintiff. ECF No. 17. On March 23, 2020, the Court appointed Meitav as Lead Plaintiff, and approved its selection of Pomerantz LLP as Lead Counsel. ECF No. 27.

(b) Administrative Motion to Relate *The Arbitrage Fund, et al. v. Forescout Technologies, Inc., et al.*, Case No. 3:20-cv-03819 (N.D. Cal.) (the "*Arbitrage Fund*" Action). ECF No. 32. On June 17, 2020, the Court found that the *Arbitrage Fund* Action was related and that Action was reassigned to this Court. ECF No. 39.

(c) On July 6, 2020, Defendants moved to dismiss the amended complaint. ECF No. 44.

(d) Meitav filed a Motion to Consolidate and Vacate Notice and Lead Plaintiff Deadline. ECF No. 37. On July 22, 2020, the Court consolidated the *Arbitrage Fund* Action into this Action, reopened the lead plaintiff process, vacated its March 23, 2020 Order appointing Meitav as the Lead Plaintiff (ECF No. 27), and denied as moot the Defendants' pending motion to dismiss without prejudice to re-filing following the completion of the re-opened lead plaintiff selection process. ECF No. 55.

(e) Thereafter, multiple motions seeking appointment of lead plaintiff to control the litigation were filed. ECF Nos. 63-64, 76, 81. On November 19, 2020, the Court appointed Meitav and the Glazer Funds as Co-Lead Plaintiffs, and Pomerantz LLP and Abraham, Fruchter, & Twersky LLP as Co-Lead Counsel. ECF No. 115.

(f) On December 18, 2020, Lead Plaintiffs filed a Consolidated Amended Complaint, ECF No. 116, and on January 29, 2021, Defendants filed motions to dismiss the Consolidated Amended Complaint. ECF Nos. 127, 129. On March 25, 2021, the Court issued an Order Granting in Part and Denying in Part Defendants' Motion to Dismiss the Consolidated Amended Complaint. ECF No. 139. The Court found that Lead Plaintiffs adequately pled loss causation, but failed to plead falsity and scienter.

(g) After the SAC was filed on May 10, 2021, Defendants again moved to dismiss on June 24, 2021. ECF Nos. 143, 145. On August 2, 2021, Lead Plaintiffs filed an opposition. ECF No. 153. On August 24, 2021, Defendants filed their replies. ECF Nos. 155-56. On October 6, 2021, the Court issued an Order Granting Defendants' Motions to Dismiss the SAC and dismissed the SAC with prejudice. ECF No. 158. On October 12, 2021, the Court entered judgment in favor of the Defendants. ECF No. 162.

(h) On November 1, 2021, Lead Plaintiffs filed a Notice of Appeal. ECF No. 167. On March 16, 2023, the SAC's dismissal was affirmed in part, reversed in part, and remanded for further proceedings. *Forescout Techs., Inc.*, 63 F.4th at 781-82.

(i) On March 30, 2023, Defendants filed a Petition for Rehearing or Rehearing *En Banc*, which the Ninth Circuit denied on April 25, 2023.

(j) On October 27, 2023, Lead Plaintiffs filed a motion to certify the Class. ECF Nos. 193, 196. On December 22, 2023, Defendants filed an opposition. ECF No. 202. On March 11, 2024, Plaintiffs filed their reply. ECF No. 214. On March 22, 2024, Defendants filed a sur-reply with leave of Court. ECF No. 217. After hearing oral argument on May 17, 2024, the Court granted Lead Plaintiffs' motion to certify the Class on May 28, 2024. ECF Nos. 224, 227.

(k) On November 10, 2023, the Parties filed a joint statement regarding a discovery dispute that included a dispute over the relevant time period for Defendants' document production, and with the Lead Plaintiffs requesting the Court to order a substantial completion deadline. ECF No. 197. On December 13, 2023, the Parties filed another joint statement regarding a discovery dispute related to the Glazer Funds' document production, with Defendants requesting the Court to order the review and production of certain documents and seeking leave to file a sur-reply in support of their opposition to the motion for class certification. ECF No. 200. On January 12, 2024, the Parties filed a joint supplemental statement regarding the discovery disputes. ECF No. 208. On January 16, 2024, the Court ordered Defendants to produce relevant documents between January 1, 2018 and December 31, 2020, by February 13, 2024. ECF No. 209. The Court also ordered the Glazer Funds to produce relevant documents by February 13, 2024 and granted Defendants' leave to file a sur-reply in opposition to the motion for class certification. ECF No. 209.

(l) On June 26, 2024, the Parties filed a joint statement regarding a dispute over the number of depositions Lead Plaintiffs would be permitted to take in this case. ECF No. 228. On July 11, 2024, the Court granted Lead Plaintiffs leave to take fifteen depositions and ruled that if Lead Plaintiffs "still believe additional depositions are necessary after taking fifteen depositions, they may seek leave from the Court to take more." ECF No. 231.

(m) On August 14, 2024, the Parties filed a joint statement regarding a dispute over Lead Plaintiffs' Second and Third Sets of Requests for Production. ECF No. 234. On September 3, 2024, the Court ordered Defendants to produce responsive documents from five additional custodians; responsive documents to, from, or copying eight additional individuals; and deposition transcripts and marked exhibits from the Delaware Litigation. ECF No. 238.

(n) On September 5, 2024, Lead Plaintiffs filed an unopposed motion for an order establishing a program and schedule for notice to the class, which the Court granted on

September 20, 2024. ECF Nos. 240, 242. On January 13, 2025, Plaintiffs filed proof of compliance with that order. ECF No. 256.

(o) On September 27, 2024, the Parties filed a joint statement regarding a dispute over the number of depositions Lead Plaintiffs would be permitted to take in this case. ECF No. 243. On October 1, 2024, the Court granted Lead Plaintiffs leave to take twenty depositions. ECF No. 244.

(p) On October 15, 2024, Lead Plaintiffs filed an unopposed motion for the issuance of Letters Rogatory regarding a potential witness who resides in the United Kingdom. ECF Nos. 245, 246. On October 28, 2024, the Court granted the motion. ECF No. 247.

(q) On November 20, 2024, Lead Plaintiffs filed an unopposed motion for the issuance of Letters Rogatory regarding two potential witnesses who reside in Australia. ECF Nos. 249, 250. On November 21, 2024, the Court granted the motion. ECF No. 251.

(r) On January 15, 2025, the Parties filed a joint statement regarding a dispute over the adequacy of Defendants' responses to Plaintiffs' Interrogatory No. 5. ECF No. 259. On January 21, 2025, the Court denied Plaintiffs' request to compel a further response to the interrogatory. ECF No. 261.

(s) On April 14, 2025, the Parties filed a joint statement regarding a dispute over Defendants' refusal to answer certain of Plaintiffs' interrogatories. Defendants contend that Plaintiffs exceeded the permissible number of interrogatories, with Plaintiffs taking the position they have served 19 interrogatories to date and Defendants taking the position that Plaintiffs had served certain compound interrogatories with the result that, when those compound requests were counted separately, Plaintiffs had served interrogatories in excess of the allotted 25 under the Federal Rules. ECF No. 264. That dispute remains *sub judice*.

(t) Lead Plaintiffs may file *Daubert* motions to exclude Defendants' expert(s). Defendants anticipate filing *Daubert* motion(s) to exclude Plaintiffs' expert(s) opinions, in whole or in part, and motion(s) for summary judgment and/or to decertify the class on or before the dispositive motion deadline of June 20, 2025. The Parties anticipate that, as warranted,

they may file other pretrial motions, including, but not limited to, motions in *limine* and/or *Daubert* motions, pursuant to the schedule entered by the Court.

## V. AMENDMENT OF PLEADINGS

The Parties do not currently anticipate seeking leave to amend their pleadings.

## VI. EVIDENCE PRESERVATION

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and are aware of their document preservation obligations under these Guidelines.

## VII. DISCLOSURES

The Parties exchanged their initial disclosures on June 23, 2023. Defendants' Amended Initial Disclosures were served on January 21, 2025. Plaintiffs' Third Amended Disclosures were served on March 3, 2025.

## VIII. DISCOVERY

Extensive merits discovery has been completed, including approximately twenty-six depositions. In addition to the merits discovery dispute pending before the Court (*see* ECF No. 264), Plaintiffs are still reviewing productions made by Defendants towards the end of merits discovery and reserve the right to raise discovery disputes with the Court if Plaintiffs believe those productions were incomplete. Defendants believe that any challenge to the completeness of their document productions would be meritless. Further detail of the discovery taken to date may be found in the Parties' Further Joint Case Management Statement filed with the Court on December 13, 2024 (*see* ECF No. 254).

On April 4, 2025, Plaintiffs served one merits expert report and Defendants served three merits expert reports. The Parties anticipate serving rebuttal expert reports and completing expert discovery on or before the May 30, 2025 Expert Discovery Cut-Off set by the Court in ECF No. 263.

## IX. CLASS ACTIONS

On May 28, 2024, the Court granted Lead Plaintiffs' motion for Class Certification, certifying the Class, appointing Lead Plaintiffs as Class Representatives and appointing Lead Plaintiffs' Counsel as Class Counsel. ECF No. 227.

1   On September 5, 2024, Lead Plaintiffs filed an unopposed motion for an order establishing a program and schedule for notice to the Class, which the Court granted on September 20, 2024. ECF Nos. 240, 242. Pursuant to the September 20, 2024 Order, Lead Plaintiffs disseminated individual notice on October 25, 2024, and summary notice on November 11, 2024. Requests for exclusion from the Class had to be postmarked by December 27, 2024.

On January 13, 2025, Plaintiffs filed a declaration of Rochelle J. Teichmiller, on behalf of A.B. Data, Ltd., the Notice Administrator in this Action ("A.B. Data"), regarding class notice dissemination, publication, and requests for exclusion received. ECF No. 256. As that filing details, A.B. Data disseminated 22,678 notices to potential members of the Class or their nominees and caused the Summary Notice to be transmitted over PR Newswire. One timely request for exclusion from the Class was received from an individual who is not a member of the Class. The Parties are unaware of any other requests for exclusion from the Class.

The Parties have reviewed the Procedural Guidance for Class Action Settlements in accordance with the Northern District of California's Standing Order for All Judges on the Contents of Joint Case Management Statements.

## X.   RELATED CASES

On June 17, 2020, the Court found that the *Arbitrage Fund* Action was related. ECF No. 39. On July 22, 2020, the Court consolidated the *Arbitrage Fund* Action into this Action. ECF No. 55.

After a diligent search of the federal and state court dockets, the Parties are not aware of any other related cases or proceedings pending before this Court, any other court, or administrative body.

## XI.   RELIEF

Lead Plaintiffs seek damages sustained by the Class by reason of the acts and transactions alleged in the SAC upon the partial disclosure of the truth or the materialization of the concealed risks. Lead Plaintiffs and the Class also seek pre-judgment and post-judgment interest, reasonable attorneys' fees, expenses, and a reimbursement award for each of the Class Representatives.

Defendants do not believe that Lead Plaintiffs are entitled to any relief and will seek legal fees, costs and other expenses to the extent permitted by applicable law.

## XII. SETTLEMENT AND ADR

On May 29, 2024, the Parties engaged in an all-day mediation session before Robert Meyer, Esq., a JAMS mediator, at the offices of Ropes & Gray in Los Angeles, California. The mediation was unsuccessful.

The Parties continued to discuss the possibility of settlement in the months that followed. Those discussions were unsuccessful.

On January 17, 2025, pursuant to the Court's instructions at the December 20, 2024 Case Management Conference, the Parties jointly submitted a notice to inform the Court that they intend to hold a second mediation before JAMS mediator Robert A. Meyer, Esq. ECF No. 260. At that time, the Parties informed the Court that they were working to schedule that mediation on a mutually agreeable date, to occur between the close of fact discovery and the June 13, 2025 deadline set by the Court. *Id.* The Parties' second mediation session is scheduled for May 9, 2025.

## XIII. OTHER REFERENCES

N/A

## XIV. NARROWING OF ISSUES

The Parties agree that it is premature to discuss the narrowing of issues at this time and request that the Court defer discussion of a narrowing of issues for trial until a later date.

## XV. SCHEDULING

On August 21, 2024, the Court set forth the following schedule in its Pretrial Preparation Order, as modified on February 18, 2025. *See* ECF Nos. 236, 263.

| Event | Date | |
|---|---|---|
| | ECF No. 236 | ECF No. 263 |
| Further Case Management | December 20, 2024 | |
| Non-Expert Discovery Cutoff | February 28, 2025 | March 31, 2025 (for 5 specific depositions) |
| Designation of Experts | March 14, 2025 | April 4, 2025 |
| Designation of Rebuttal Experts | April 11, 2025 | May 2, 2025 |

| Event | Date | |
|---|---|---|
| | ECF No. 236 | ECF No. 263 |
| Expert Discovery Cut-Off | May 16, 2025 | May 30, 2025 |
| Dispositive Motions | June 20, 2025 | |
| Dispositive Motions Opposition | August 8, 2025 | |
| Dispositive Motions Reply | September 12, 2025 | |
| Dispositive Motions Hearing | No later than September 26, 2025, at 10:00am | |
| Pre-Trial Paperwork | October 14, 2025 | |
| Pre-Trial Conference | October 28, 2025, at 1:30pm | |
| Trial Date | November 10, 2025, at 8:30am | |

## XVI. TRIAL

Lead Plaintiffs have requested a jury trial. Per the Court's Pretrial Preparation Order, ECF No. 236, trial is set for November 10, 2025, at 8:30 a.m. and is expected to last for 15 days.

## XVII. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Lead Plaintiffs and all Defendants have each filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. *See* ECF Nos. 14, 20, 87.

## XVIII. PROFESSIONAL CONDUCT

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## XIX. OTHER

N/A

Dated: April 24, 2025

By: */s/   Brian P. O'Connell*
Omar Jafri (admitted *pro hac vice*)
Brian O'Connell (SBN: 314318)
Genc Arifi (*pro hac vice*)
Diego Martinez-Krippner (*pro hac vice*)
Adam Jiang (*pro hac vice*)
**POMERANTZ LLP**
10 S. LaSalle St., Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
ojafri@pomlaw.com
boconnell@pomlaw.com
garifi@pomlaw.com
dmartinezk@pomlaw.com
ajiang@pomlaw.com

Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

Jeremy A. Lieberman
J. Alexander Hood II
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email: jalieberman@pomlaw.com
Email: ahood@pomlaw.com

*-and-*

By: */s/   Jeffrey S. Abraham*
Jeffrey S. Abraham (admitted *pro hac vice*)
Michael J. Klein (admitted *pro hac vice*)
**ABRAHAM, FRUCHTER & TWERSKY, LLP**
450 Seventh Avenue, 38th Floor
New York, NY 10123
Telephone: (212) 279-5050
jabraham@aftlaw.com
mklein@aftlaw.com

Patrice L. Bishop (SBN 182256)
9440 Santa Monica Blvd., Suite 301
Beverly Hills, CA 90210
Telephone: (310) 279-5125
pbishop@aftlaw.com

*Class Counsel*

|   |   |   |
|---|---|---|
| By: | */s/  Amy Jane Longo* |   |

Amy Jane Longo (CSB #198304)
Anne Johnson Palmer
**ROPES & GRAY LLP**
Three Embarcadero Center
San Francisco, CA 94111-4006
Telephone: (415) 315-6300
Amy.Longo@ropesgray.com
Anne.JohnsonPalmer@ropesgray.com

Peter L. Welsh (admitted *pro hac vice*)
C. Thomas Brown (admitted *pro hac vice*)
Prudential Tower
800 Boylston Street
Boston, MA 02199
Tel: (617) 951-7000
Peter.Welsh@ropesgray.com
Thomas.Brown@ropesgray.com

Mark S. Gaioni (CSB #339118)
10250 Constellation Boulevard
Los Angeles, CA 90067
Tel: (310) 975-3274
Mark.Gaioni@ropesgray.com

*Attorneys for Defendant*
*Forescout Technologies, Inc.*

By:     */s/  Diane M. Walters*

Diane M. Walters
Ignacio E. Salceda
Diane M. Walters
Rebecca L. Epstein
**WILSON SONSINI GOODRICH & ROSATI, Professional Corporation**
650 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 493-9300
Email:  isalceda@wsgr.com
Email:  dwalters@wsgr.com
Email:  bepstein@wsgr.com

*Attorneys for Defendants Michael DeCesare and Christopher Harms*

**CERTIFICATE OF SERVICE**

I certify that, on the date stamped above, I caused this document to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of filing by email to counsel of record for all parties.

*/s/ Brian P. O'Connell*
Brian P. O'Connell

**SIGNATURE ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), the filer attests that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content, and have authorized the filing.

Dated: April 24, 2025                                        */s/ Brian P. O'Connell*
                                                                        Brian P. O'Connell