UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER L. SAYCE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> FORESCOUT TECHNOLOGIES, INC., et al., <br><br> Defendants. | Case No. 20-cv-00076-SI <br><br> **ORDER RE: APRIL 14, 2025 DISCOVERY DISPUTE** <br><br> Re: Dkt. No. 264 |

As discovery in this case begins to wind down, the parties have presented to the Court what defendants call "a simple dispute." Dkt. No. 264. The parties disagree as to whether four of plaintiffs' interrogatories—numbers 6, 7, 8, and 12—should count as a single interrogatory apiece or many more than that based on the questions' subparts. The four interrogatories at issue were written as follows:

> <u>Interrogatory No. 6</u>: Identify All Persons at Forescout who Communicated with the U.S. Marine Corps, Apple, Inc., Deere & Company, First Horizon National Corporation, Rowan Companies, United Airlines Holdings, Inc., or Indiana University Health, Inc. Concerning Any actual or potential Transactions during the Relevant Time Period.
>
> <u>Interrogatory No. 7</u>: Identify All Persons at the U.S. Marine Corps, Apple, Inc., Deere & Company, First Horizon National Corporation, Rowan Companies, United Airlines, or Indiana University Health, Inc. who Communicated with Forescout Concerning Any actual or potential Transactions during the Relevant Time Period.
>
> <u>Interrogatory No. 8</u>: Identify All Transactions in Forescout's Central United States or Europe, Middle East & Africa regions that were qualified as "committed" or "upside" at Any time during the second, third, or fourth quarters of 2019.
>
> <u>Interrogatory No. 12</u>: If You still contend that potential deals with the U.S. Marine Corps, Apple, Inc., Deere & Company, First Horizon National Corporation, Rowan Companies, United Airlines Holdings, Inc., or Indiana University Health, Inc. were Tech Wins on or before the May 9, 2019 earnings call, describe all evidence supporting that

contention in detail.

Dkt. No. 264, Exs. A, B.

"[C]ourts generally agree that interrogatory subparts are to be counted as one interrogatory . . . if they are logically or factually subsumed within and necessarily related to the primary question." *Trevino v. ACB Am., Inc.*, 232 F.R.D. 612, 614 (N.D. Cal. 2006) (internal quotation marks and citation omitted). Here, the Court finds that the subparts in these interrogatories are logically subsumed under the primary questions. Accordingly, each interrogatory shall only count once toward plaintiffs' limit under Rule 33 of the Federal Rules of Civil Procedure. Defendants may not refuse to answer plaintiffs' remaining interrogatories on the basis that plaintiffs have exceeded their limit.

**IT IS SO ORDERED**.

Dated: May 2, 2025

_____
SUSAN ILLSTON
United States District Judge

2