1
2
3
4
5
6
7                    UNITED STATES DISTRICT COURT

8                   NORTHERN DISTRICT OF CALIFORNIA

9                     SAN FRANCISCO DIVISION

10

11   CHRISTOPHER L. SAYCE, Individually and          CASE NO.: 20-CV-00076-SI
     on Behalf of All Others Similarly Situated,
12                                                    CLASS ACTION
                              Plaintiff,
13
                    v.
14
     FORESCOUT TECHNOLOGIES, INC., *et.*
15   *al.*

16          Defendants.

17

18

19                         **STIPULATION OF SETTLEMENT**

20          This Stipulation of Settlement (together with all Exhibits thereto, the "Stipulation"), dated

21   July 18, 2025 is entered into by and among Co-Lead Plaintiffs Glazer Capital Management, L.P.,

22   Glazer Enhanced Fund L.P., Glazer Enhanced Offshore Fund, Ltd., Glazer Offshore Fund, Ltd.

23   and Highmark Limited, in respect of its Segregated Account Highmark Multi-Strategy 2 (the

24   "Glazer Funds"), and Meitav Mutual Funds Ltd. ("Meitav" and with the Glazer Funds, "Plaintiffs"

25   or "Co-Lead Plaintiffs") on behalf of themselves and the Class (defined herein), and Defendants

26   Forescout Technologies, Inc., Michael DeCesare, and Christopher Harms (collectively the

27   "Defendants," together with Plaintiffs, the "Parties," and each a "Party"), by and through their

28   undersigned counsel, states all of the terms of the settlement and resolution of this matter by the

Parties and is intended by the Parties to fully, finally, and forever release, resolve, remise, discharge, dismiss, and settle Released Plaintiffs' Claims as against Released Defendants' Parties and Released Defendants' Claims as against Released Plaintiffs' Parties (all as defined below), subject to the approval of the United States District Court for the Northern District of California (the "Court").

WHEREAS, the initial complaint in the above-captioned action (this "Action") was filed on January 2, 2020, (Dkt. No. 1) by plaintiff Christopher L. Sayce against Defendants, alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") for the period of February 7, 2019, through October 9, 2019, inclusive;

WHEREAS, on March 23, 2020, the Court appointed Meitav Lead Plaintiff. Dkt. No. 27;

WHEREAS, on May 22, 2020, Meitav filed an amended complaint against Defendants alleging violations of Sections 10(b) and 20(a) of the Exchange Act for the period of February 7, 2019, through May 15, 2020, inclusive.  Dkt. No. 31;

WHEREAS, on June 10, 2020, *The Arbitrage Fund v. Forescout Tech., Inc.,* Case No. 3:20-cv-03819 (N.D. Cal.) (the "*Arbitrage Fund* action") was filed alleging that Defendants violated Sections 10(b) and 20(a) of the Exchange Act for the period of February 6, 2020, through May 15, 2020, inclusive;

WHEREAS, on July 22, 2020, the Court vacated its order of March 23, 2020, consolidated this Action and the *Arbitrage Fund* action, and ordered that PSLRA notice be republished. Dkt. No. 55;

WHEREAS, on September 28, 2020, multiple motions seeking appointment of lead plaintiff were filed, Dkt. Nos.  63-4, 76, 81, and, on November 19, 2020, the Court appointed Meitav and the Glazer Funds as Co-Lead Plaintiffs, and Pomerantz LLP and Abraham, Fruchter, & Twersky LLP as Co-Lead Counsel.  Dkt. No. 115;

WHEREAS, on December 18, 2020, Co-Lead Plaintiffs filed a Consolidated Amended Complaint (Dkt. No. 116), which Defendants moved to dismiss on January 29, 2021, Dkt. Nos. 127, 129, and on March 25, 2021, the Court issued an Order Granting Defendants' Motion to Dismiss the Consolidated Amended Complaint with leave to amend.  Dkt. No. 139;

WHEREAS, on May 10, 2021, Plaintiffs filed a Second Consolidated Amended Complaint (the "SAC," Dkt. 142), which Defendants moved to dismiss on June 24, 2021, Dkt. Nos. 143, 145, and on October 6, 2021, the Court granted Defendants' Motions to Dismiss the SAC with prejudice.  Dkt. No. 158;

WHEREAS, on October 12, 2021, the Court entered judgment in favor of Defendants. Dkt. No. 162;

WHEREAS, on November 1, 2021, Co-Lead Plaintiffs filed a Notice of Appeal, Dkt. No. 167, and on March 16, 2023, the United States Court of Appeals for the Ninth Circuit issued an opinion in Case No. 21-16876, affirming in part, reversing in part, and remanding this Action to this Court for further proceedings on the reinstated claims.  Dkt. No. 170;

WHEREAS, on June 16, 2023, the Defendants filed an Answer to the SAC.  Dkt. No. 178;

WHEREAS, on October 27, 2023, Co-Lead Plaintiffs filed a motion to certify the Class. Dkt. Nos. 193, 196, and on May 28, 2024, the Court granted Co-Lead Plaintiffs' motion for class certification, certifying the class (the "Class," as defined herein), appointing Co-Lead Plaintiffs as class representatives and appointing Co-Lead Counsel as Co-Class Counsel ("Class Counsel"). Dkt. No. 227;

WHEREAS, on May 29, 2024, the Parties engaged in an all-day, in-person mediation session before Robert Meyer, Esq. ("Meyer"), a JAMS mediator.  The mediation was unsuccessful;

WHEREAS, on September 20, 2024, the Court granted Plaintiffs' unopposed motion for an order establishing a program and schedule for notice to the Class and giving members of the Class a full and fair opportunity to opt out of the Class.  Dkt. No. 242.  To comply with this order, Co-Lead Plaintiffs, through A.B. Data Ltd., disseminated 22,678 notices to potential members of the Class or their nominees, caused notice to be transmitted over *PR Newswire*, and launched a website dedicated to notice to the Class. On January 13, 2025, Plaintiffs filed proof of compliance with that order, Dkt. No. 256, which reported that the deadline to request exclusion from the Class was December 27, 2024 and that A.B. Data Ltd. had only received one request for exclusion, with such request not being considered valid because it was from a shareholder who was already excluded on account of being an officer of Forescout;

WHEREAS, the Parties conducted extensive class, merits, and expert discovery, and raised extensive discovery issues with the Court since discovery opened in June 2023. *See, e.g.*, Dkt. Nos. 197, 200, 208-09, 228, 231, 234, 238, 243-47, 249-51, 259, 261, 264. This discovery included but was not limited to a review of over 150,000 documents, depositions of both Co-Lead Plaintiffs, 27 merits depositions, and 8 expert depositions;

WHEREAS, on May 9, 2025, the Parties engaged in a second in-person mediation session before Mr. Meyer. The second in-person mediation was unsuccessful. However, following additional negotiations, Mr. Meyer presented a mediator's proposal to fully settle all pending claims in this Action;

WHEREAS, the Parties agreed to settle this Action for a cash payment of $45,000,000.00 (Forty-Five Million U.S. Dollars), and documented their agreement in a confidential Term Sheet executed on June 18, 2025 (the "Term Sheet");

WHEREAS, the Term Sheet calls for the Settlement to be more fully documented in a Stipulation of Settlement;

WHEREAS, Plaintiffs believe that the claims asserted in the Action have merit and that the evidence of the underlying events and transactions alleged in the SAC supports their claims, nonetheless Plaintiffs and their counsel recognize and acknowledge the expense and length of continued prosecution of the Action through trial and any subsequent appeals. Plaintiffs and their counsel also have considered the uncertain outcome and risks of litigation, including risk of collecting upon a judgment, and believe it is desirable that the Settlement as set forth in this Stipulation confers substantial benefits upon the Class. Based on their evaluation, Plaintiffs and their counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable, and adequate to the Class, and that it is in the best interests of the Class to settle the claims raised in the Action pursuant to the terms and provisions of this Stipulation; and

WHEREAS, Defendants have expressly denied and continue to expressly deny any and all allegations of wrongdoing, violations of the federal securities laws, and any and all liability whatsoever arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action. Defendants believe that the evidence of the underlying events

supports this denial, but also recognize the expense, risks and uncertainty inherent in any litigation, and especially in complex cases such as this one, and agree to settle the claims against them so as to avoid the burden and expense of further litigation, although Defendants continue to believe the claims asserted against them in the Action are without merit. Defendants therefore have concluded that it is desirable and beneficial to secure releases to the fullest extent permitted by law and fully and finally settle and terminate the Action in the manner and upon the terms and conditions set forth in this Stipulation;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and among the Parties through their undersigned counsel that, subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the Parties from the Settlement set forth herein, the Action and the Released Plaintiffs' Claims and Released Defendants' Claims shall be finally and fully compromised, settled and released, and the Action shall be dismissed fully, finally, and with prejudice and all Released Claims shall be finally and fully released as against the Released Parties, upon and subject to the terms and conditions of this Stipulation, as follows:

**I.    Definitions**

A.    "Action" means the certified Class Action captioned *Sayce v. Forescout Tech., Inc,. et al.*, Case No: 3:20-cv-00076-SI (N.D. Cal.).

B.    "Authorized Claimant" means any Claimant (as defined in ¶ I.F) whose claim for recovery is allowed pursuant to the terms of this Stipulation, the exhibits hereto, and any order of the Court.

C.    "Award to Plaintiffs" means a request for reimbursement to Co-Lead Plaintiffs for their reasonable costs and expenses (including lost wages) directly related to Co-Lead Plaintiffs' representation of the certified Class in the Action.

D.    "Business Days" means any day except Saturday or Sunday or any Court holiday in the Northern District of California or other day on which national banks are authorized by law or executive order to close in the State of California.

E.     "Claim Form" means the Proof of Claim and Release Form to be submitted by Claimants, substantially in the form attached hereto as Exhibit A-2.

F.     "Claimant" means any Class Member (as defined in ¶ I.L) who files a Claim Form in such form and manner, and within such time, as the Court shall prescribe.

G.     "Claims" means any and all manner of claims, debts, demands, controversies, obligations, losses, costs, interest, penalties, fees, expenses, rights, duties, judgments, sums of money, suits, contracts, agreements, promises, damages, actions, causes of action and liabilities, of every nature and description in law or equity (including, but not limited to, any claims for damages, whether compensatory, special, incidental, consequential, punitive, exemplary or otherwise, injunctive relief, declaratory relief, rescission or rescissionary damages, interest, attorneys' fees, expert or consulting fees, costs, or expenses), accrued or unaccrued, known or unknown, arising under federal, state, common, administrative, or foreign law, or any other law, rule, or regulation.

H.     "Claims Administrator" means Strategic Claims Services.

I.     "Class" means the already-certified Class consisting of all Persons or entities who purchased or otherwise acquired Forescout common stock between May 10, 2019, and May 15, 2020, both dates inclusive.  Excluded from the Class are Defendants, current or former officers and directors of Forescout, any entity in which the Defendants have or had a controlling interest; and affiliates, family members, legal representatives, heirs, successors or assigns of any of the above. *See* Dkt. No. 227 at 8 n.2.  There were no previously filed valid requests for exclusions, and for the avoidance of doubt, the Parties agree that the Class Notice provided all Class Members (as defined in ¶ I.L) an opportunity to request exclusion that comported with due process.  The Parties have, however, entered into a separate, confidential agreement on terms described in their confidential Term Sheet which shall govern their respective rights in the event the Court nevertheless permits additional requests for exclusion.

J.     "Class Certification Notice Administration Costs" means all past costs and expenses associated with providing notice of class certification to the Class.  Such costs may include, without limitation: the costs of publishing the Summary Notice of Pendency of Class Action, as well as the costs of printing and mailing the Class Notice.  Such costs do not include legal fees.

K.      "Class Counsel" means collectively Abraham, Fruchter & Twersky LLP and Pomerantz LLP.

L.      "Class Member" means any person or entity who is a member of the Class, and "Class Members" means all Persons or entities who are members of the Class.

M.      "Class Notice" means the Notice of Pendency of Class Action disseminated to Class Members on and after October 28, 2024. *See* Dkt. No. 256-1.

N.      "Class Period" means May 10, 2019 through May 15, 2020, both dates inclusive.

O.      "Effective Date" means the date that is five (5) Business Days after the date on which all of the conditions to the Settlement, set forth in ¶A of Section X, are satisfied.

P.      "Escrow Account" means an interest-bearing account maintained by the Escrow Agent (as defined in ¶ I.Q) for the Settlement Fund (as defined in ¶ I.KK).

Q.      "Escrow Agent" means Huntington National Bank.

R.      "Final" when referring to the Judgment means exhaustion of all possible appeals, meaning (i) if no appeal or request for review is filed, the day after the date of expiration of any time for appeal or review of the Judgment, and (ii) if an appeal or request for review is filed, the day after the date the last-taken appeal or request for review is dismissed, or the Judgment is upheld on appeal or review in all material respects, and is not subject to further review on appeal or by certiorari or otherwise; provided, however, that no order of the Court or modification or reversal on appeal or any other order relating solely to the amount, payment, or allocation of attorneys' fees and expenses or to the Plan of Allocation shall constitute grounds for cancellation or termination of this Settlement or affect its terms, including the release in Section X, or shall affect or delay the date on which the Judgment becomes Final.

S.      "Forescout" means Forescout Technologies, Inc.

T.      "Individual Defendant" means any one of Michael DeCesare or Christopher Harms and "Individual Defendants" means Michael DeCesare and Christopher Harms collectively.

U.      "Judgment" means the proposed final order and judgment to be entered by the Court approving the Settlement and dismissing the Action, materially in the form attached hereto as

Exhibit B or in such other form as may be approved in writing by all of the Parties acting by and through their respective counsel of record in the Action.

V.    "Net Settlement Fund" means the Settlement Fund (as defined herein) after deduction of Court-awarded attorneys' fees and litigation expenses, Award to Plaintiffs, Class Certification Notice Administration Costs, Settlement Administration Costs, taxes, and any other fees or expenses approved by the Court.

W.    "Notice" means the Notice of Proposed Class Action Settlement, substantially in the form attached hereto as Exhibit A-1.

X.    "Person" means any individual, corporation (including all divisions and subsidiaries), fund, limited liability corporation, professional corporation, limited liability partnership, partnership, general or limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity, as well as each of their spouses, heirs, predecessors, successors, representatives, agents, trustees, estates, administrators, executors or assignees.

Y.    "Plan of Allocation" means a plan or formula for allocating the Net Settlement Fund to Authorized Claimants.  Any Plan of Allocation is not part of this Stipulation, and Defendants shall have no responsibility or liability with respect thereto.

Z.    "Postcard Notice" means the postcard form of notice to be sent to the Class Members and which shall contain information directing Class Members to the settlement website for full Notice and other relevant documents, including how to file a Claim Form, substantially in the form attached hereto as Exhibit A-4.

AA.    "Preliminary Approval Order" means the order preliminarily approving the Settlement and directing notice thereof to the Class substantially in the form attached hereto as Exhibit A.

BB.    "Released Claims" means Released Plaintiffs' Claims and Released Defendants' Claims, including Unknown Claims.

CC.    "Released Defendants' Claims" means the release by Defendants, upon the Effective Date, as against Released Plaintiffs' Parties, of all claims and causes of action of every nature and

description, whether known claims or Unknown Claims (as defined herein), whether arising under federal, state, common, or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action against Defendants. Released Defendants' Claims shall not include any claims relating to the enforcement of the Settlement.  The release includes Unknown Claims, as defined herein.

DD.    "Released Defendants' Parties" means (i) each Defendant; (ii) the immediate family members, associates, or affiliates of the Individual Defendants; (iii) direct or indirect parents, subsidiaries, related entities, stockholders, control persons, and affiliates of Forescout (including, without limitation, Advent International Limited Partnership and Crosspoint Capital Partners, and each of their respective parents, subsidiaries, affiliates (including affiliated general partners, managing partners, management companies, investment funds, and investment vehicles), directors, officers, partners, members, principals, employees, and representatives); (iv) any trust of which any Individual Defendant is the settlor or which is for the benefit of any Individual Defendant and/or their immediate family members; (v) for any of the persons or entities listed in parts (i) through (iv), as applicable, their respective past, present, and future general partners, limited partners, principals, shareholders, joint venturers, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, experts, auditors, accountants, financial advisors, insurers, reinsurers, indemnitors, trustees, trustors, agents, attorneys, predecessors, successors, assigns, heirs, executors, administrators, estates, and any controlling person thereof; and (vi) any entity in which a Defendant has a controlling interest; all in their capacities as such.

EE.    "Released Party" means any one of the Released Defendants' Parties or Released Plaintiffs' Parties, and "Released Parties" means the Released Defendants' Parties and Released Plaintiffs' Parties, collectively.

FF.    "Released Plaintiffs' Claims" means all claims, actions, causes of action, demands, losses, rights, duties, obligations, debts, sums of money, suits, contracts, agreements, judgments, matters, issues, promises, damages and liabilities of every nature and description, whether known claims or Unknown Claims (as defined herein), contingent or absolute, mature or not mature, liquidated or unliquidated, accrued or not accrued, concealed or hidden, choate or inchoate,

perfected or unperfected, regardless of legal or equitable theory, and whether direct, derivative, class, or individual in nature, whether arising under federal, state or foreign law, or statutory, common or administrative law, or any other law, rule, or regulation, that Co-Lead Plaintiffs, any other Class Member, or any other Released Plaintiffs' Parties: (i) asserted in the Action; (ii) could have asserted in the Action, or in the future can or might assert in the Action, or in any forum (including, without limitation, any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum, in the United States or elsewhere), that arise out of, are based upon, or relate in any way to any of the allegations, transactions, facts, matters or occurrences, representations, statements or omissions involved, set forth, or referred to in the Action, including any previous complaint in the Action; or (iii) that relate to the purchase, acquisition, disposition, or sale of Forescout's publicly traded securities during the Class Period. Released Plaintiffs' Claims shall not include any claims relating to the enforcement of the Settlement.  The release includes Unknown Claims, as defined herein.

GG.    "Released Plaintiffs' Parties" means (i) Co-Lead Plaintiffs, all Class Members, any other plaintiffs in the Action and their counsel, Class Counsel, liaison counsel or referring counsel, and (ii) each of their respective immediate family members, and their respective partners, general partners, limited partners, principals, shareholders, joint venturers, members, officers, directors, managing directors, supervisors, employees, contractors, consultants, experts, auditors, accountants, financial advisors, insurers, trustees, trustors, agents, attorneys, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof, all in their capacities as such.

HH.    "Settlement" means the settlement contemplated by this Stipulation.

II.    "Settlement Administration Costs" means all costs and expenses associated with providing notice of the Settlement to the Class and otherwise administering or carrying out the terms of the Settlement.  Such costs may include, without limitation: the costs of publishing the Summary Notice (as defined in ¶ I.MM), the costs of printing and mailing the Postcard Notice and/or Notice and Claim Form, as directed by the Court, and the costs of allocating and distributing the Net Settlement Fund (as defined in ¶ I.V), to the Authorized Claimants. Such costs do not include legal fees.

STIPULATION OF SETTLEMENT                                    Case No.: 20-CV-00076-SI

JJ.    "Settlement Amount" means the cash sum of $45,000,000.00 (Forty-Five Million U.S. Dollars).

KK.    "Settlement Fund" means the Settlement Amount to be paid pursuant to this Stipulation and any interest or other income earned thereon.

LL.    "Settlement Hearing" means the hearing at or after which the Court will make a final decision pursuant to Federal Rules of Civil Procedure 23 as to whether the Settlement is fair, reasonable and adequate, and therefore, should receive final approval from the Court.

MM.    "Summary Notice" means the Summary Notice of Proposed Class Action Settlement, substantially in the form attached hereto as Exhibit A-3.

NN.    "Unknown Claims" means and includes any and all claims that Plaintiffs and Class Members (with respect to Released Plaintiffs' Claims) or Defendants (with respect to Released Defendants' Claims) do not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Parties, or might have affected his, her or its decision not to object to this Settlement.  With respect to any and all Released Plaintiffs' Claims, the Parties stipulate and expressly agree that, upon the Effective Date, Plaintiffs  shall  expressly waive, and each of the Class Members shall be deemed to have waived, and by operation of the Judgment shall have waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or any other jurisdiction, or principle of common law that is, or is similar, comparable, or equivalent to California Civil Code ¶1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Plaintiffs, Class Members, and Defendants may hereafter discover facts, legal theories, or authorities in addition to or different from those known or believed to be true with respect to the subject matter of Released Plaintiffs' Claims or Released Defendants' Claims, but they expressly, fully, finally, and forever settle and release, and upon the Effective Date and by operation of the Judgment shall have settled and released, fully, finally, and forever, any and all Released Claims,

known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Parties expressly acknowledge, and each releasing party and Released Party by operation of the Judgment shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and is a material element of the Settlement of which this release is a part.

## II.    Settlement Consideration

A.    In consideration of the full and final release, settlement and discharge of all Released Plaintiffs' Claims, Defendants agree to pay or cause to be paid by their insurers a total of $45,000,000.00 (Forty-Five Million U.S. Dollars) in cash (the "Settlement Amount") to settle the Action.  The Settlement Amount shall be paid into a "Settlement Fund Account," which shall be an interest-bearing Escrow Account established and controlled by Class Counsel for the Settlement, subject to the authority of the Court, within twenty (20) Business Days of the latter of: (1) the Court's entry of an order preliminarily approving the Settlement substantially in the form attached hereto as Exhibit A; or (2) Class Counsel providing to Defendants' counsel an executed Form W-9 and wire transfer and check payment instructions, including the payee name, the physical mailing address (that is not a P.O. Box), and the name and contact information of an individual that can verify the wire transfer instructions.  Interest shall not be payable on the Settlement Amount prior to ten (10) Business Days after the foregoing conditions have been met and the aforementioned twenty (20) Business Days have expired for payment of the Settlement Amount.  The Settlement Amount, together with interest earned thereon, shall constitute the "Settlement Fund."

B.    The Settlement Amount shall be the full and sole monetary contribution made by or on behalf of Defendants in connection with the Settlement, and it specifically covers any claims for costs and attorneys' fees by Co-Lead Plaintiffs or any other member of the Class, on their behalf or on behalf of the Class, as well as any costs or expenses of the class action notice and the claims

administration process.  The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1.  Should the Settlement not be granted final approval by the Court (become "Final"), any sums in the Settlement Fund shall be returned to Defendants with accrued interest, but less any notice and Claims-related expenses.

**III.    The Escrow Account**

A.    The Escrow Account, including any interest earned thereon net of any taxes on the income thereof, shall be used to pay: (i) Class Counsel's attorneys' fees and expenses; (ii) taxes and Tax Expenses (as defined herein); (iii) Class Certification Notice Administration Costs; (iv) Settlement Administration Costs; and (v) the Award to Plaintiffs.  The balance of the Escrow Account shall be the Net Settlement Fund and shall be distributed to the Authorized Claimants as set forth in the Plan of Allocation.  Plaintiffs, Class Members, and Class Counsel shall look solely to the Net Settlement Fund for payment and satisfaction of any and all Released Claims.

B.    All funds and instruments held by the Escrow Agent shall be deemed *in custodia legis* of the Court and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed or returned to the parties who deposited such funds pursuant to the Stipulation and/or further orders of the Court.

C.    The Escrow Agent shall invest the Settlement Fund exclusively in instruments or accounts backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including a U.S. Treasury Fund or a bank account that is either (a) fully insured by the Federal Deposit Insurance Corporation ("FDIC") or (b) secured by instruments backed by the full faith and credit of the United States Government.  The Escrow Agent shall reinvest the proceeds of these instruments or accounts as they mature in similar instruments or accounts at their then-current market rates.

D.    Prior to the Effective Date, the Escrow Agent shall not disburse the Settlement Fund except as provided in this Stipulation, by order of the Court, or with the prior written agreement of Class Counsel and Defendants' counsel.  In the event that this Stipulation is terminated prior to the occurrence of the Effective Date, the Escrow Agent shall refund the remaining balance of the

Settlement Fund, plus accrued interest, to Forescout and Defendants' insurers according to their respective contributions to the Settlement Fund.

E. After the Effective Date, Defendants shall have no interest in the Settlement Fund or in the Net Settlement Fund.

F. The Escrow Agent shall be authorized to execute only such transactions as are consistent with the terms of this Stipulation and the order(s) of the Court.

**IV. The Notice and Administration Account**

A. The Claims Administrator shall establish and administer a "Notice and Administration Account," which shall be established using funds in the Settlement Fund and shall be used only for the payment of necessary and reasonable Class Certification Notice Administration Costs already incurred and Settlement Administration Costs to be incurred to effectuate the Settlement.

B. The Escrow Agent is authorized to transfer up to $250,000 from the Settlement Fund to the Notice and Administration Account for Class Certification Notice Administration Costs and Settlement Administration Costs. No further amounts may be transferred prior to final approval of the Settlement, except by Court order.

C. Plaintiffs, Class Counsel, Defendants, and Defendants' counsel shall not bear any liability for Class Certification Notice Administration Costs and Settlement Administration Costs.

**V. Preliminary Approval Order**

A. The Parties shall submit this Stipulation together with its exhibits to the Court, and Plaintiffs shall apply for entry of a Preliminary Approval Order substantially in the form and content of Exhibit A attached hereto, requesting, *inter alia*, the preliminary approval of the Settlement as set forth in the Stipulation, approval of forms of notice to be mailed or emailed to all potential Class Members who can be identified with reasonable effort (the "Postcard Notice" and the "Notice") and to be published (the "Summary Notice"), substantially in the forms and contents of Exhibits A-1, A-3, and A-4 hereto. The Notice shall include a Proof of Claim and Release Form, substantially in the form of Exhibit A-2 attached hereto (the "Claim Form"), and the general terms of the Settlement set forth in the Stipulation.

B.      The Parties shall request that, after the Postcard Notice has been mailed, the Notice has been emailed, and the Summary Notice published, in accordance with this Stipulation, the Court hold the Settlement Hearing and finally approve the settlement of the Action with respect to the Parties.

**VI.     Final Approval of the Settlement**

A.      Plaintiffs shall move, consistent with the schedule to be set by the Court, for final approval of the Settlement, including entry of the Judgment, as defined herein.  At the Settlement Hearing, the Parties shall jointly request entry of the Judgment.

**VII.    Attorneys' Fees and Expenses**

A.      Class Counsel may submit an application or applications (the "Fee and Expense Application") for distributions from the Settlement Fund for: (a) an award of attorneys' fees; plus (b) reimbursement of actual costs and expenses, including experts and consultants, incurred in connection with prosecuting the Action, plus any interest on such attorneys' fees, costs and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid) as may be awarded by the Court.  Class Counsel reserves the right to make additional applications for expenses incurred, if necessary.

B.      Immediately after the Court enters an order awarding Class Counsel fees and expenses ("Fee Award"), the amounts awarded by the Court shall be released from the Settlement Fund and wired as directed by Class Counsel.  These payments shall be subject to refund or repayment within thirty (30) days by Class Counsel if the Judgment does not become Final, or if the Court or any appellate court enters an order reversing or reducing any award of attorneys' fees or litigation expenses.

C.      The procedure for and allowance or disallowance by the Court of any application for Class Counsel attorneys' fees and expenses are not part of the Settlement set forth in this Stipulation and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation.  Any order or proceedings relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to modify, terminate, or cancel this

Stipulation, or affect or delay the finality of the Judgment approving this Stipulation and the Settlement of the Action.

D.    Except as provided in Section II, Defendants and Released Defendants' Parties shall have no involvement in, responsibility for, or liability with respect to, any payment to Plaintiffs, Class Members, Class Counsel, any other Plaintiffs' counsel, or any other Person who receives payment from the Settlement Fund, or the allocation among any Persons who may assert some claim thereto, of any Fee Award that the Court may make in this litigation, or any obligation of Class Counsel to make appropriate funds or repayments to the Settlement Fund or interest thereon.

E.    Class Counsel may apply to the Court to authorize the payment of an Award to Plaintiffs for the time and expenses expended by Plaintiffs in the litigation of this Action.  Any Award to Plaintiffs shall be payable after the Effective Date, and from the Settlement Fund only.

F.    Defendants and Released Defendants' Parties shall have no involvement in, responsibility for, or liability with respect to, the allocation of a Fee Award (including out-of-pocket costs) or any Award to Plaintiffs that the Court may make in the Action among Co-Lead Plaintiffs, Class Counsel, any other Plaintiffs' counsel, and/or any other Person who may assert some claim thereto.

## VIII.    Administration of Net Settlement Fund

A.    Each Class Member wishing to receive any portion of the Net Settlement Fund shall be required to submit a Claim Form in the form annexed hereto as Exhibit A-2, signed under penalty of perjury by the beneficial owner(s) of the stock or by someone with documented authority to sign for the beneficial owner(s), and supported by such documentation as specified in the instructions accompanying the Claim Form.

B.    All Claim Forms must be received within the time prescribed in the Preliminary Approval Order unless otherwise ordered by the Court.  Any Class Member who fails to submit a properly completed Claim Form within such period as shall be authorized by the Court shall be forever barred from receiving any payments pursuant to this Stipulation or from the Net Settlement Fund, but will in all other respects be subject to the provisions of this Stipulation and the Judgment,

1  including, without limitation, the release of the Released Claims and dismissal of the Action with

2  prejudice.

3       C.    The Claims Administrator shall administer the Settlement subject to such approvals

4  by the Court as circumstances may require.

5       D.    Each Claim Form shall be submitted to the Claims Administrator, who shall

6  determine, in accordance with this Stipulation and the Plan of Allocation to be formulated by Class

7  Counsel for approval by the Court, the extent, if any, to which each Claim shall be allowed, subject

8  to appeal to the Court.

9       E.    The Claims Administrator shall administer and calculate the Claims submitted by

10  Class Members, determine the extent to which Claims shall be allowed, and oversee distribution of

11  the Net Settlement Fund subject to appeal to, and jurisdiction of, the Court.  Neither Class Counsel,

12  its designees or agents, Plaintiffs, Defendants' counsel, nor Defendants shall have any liability

13  arising out of such determination.

14       F.    The administrative determination of the Claims Administrator accepting and

15  rejecting Claims shall be presented to the Court, on notice to the Defendants' counsel, for approval

16  by the Court.

17       G.    Following the Effective Date and upon application to the Court by Class Counsel,

18  the Net Settlement Fund shall be distributed to Authorized Claimants by the Claims Administrator.

19  The Net Settlement Fund shall be distributed to the Authorized Claimants substantially in

20  accordance with the terms of this Stipulation and a Plan of Allocation to be approved by the Court,

21  subject to and in accordance with the paragraphs of this Section.  However, if there is any balance

22  remaining in the Net Settlement Fund after six (6) months from the date of distribution of the Net

23  Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise), the Claims

24  Administrator under the supervision of Co-Lead Counsel shall, if feasible, reallocate such balance

25  among Authorized Claimants in an equitable and economic fashion.

26       H.    It is understood and agreed by the Parties that any proposed Plan of Allocation of the

27  Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's

28  claim set forth herein, is not a part of this Stipulation and is to be considered by the Court separately

STIPULATION OF SETTLEMENT                       Case No.: 20-CV-00076-SI

from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement set forth in this Stipulation, and any order or proceedings relating to the Plan of Allocation shall not operate to terminate or cancel the Stipulation or affect the finality of the Court's Judgment approving this Stipulation and the Settlement set forth herein, or any other orders entered pursuant to this Stipulation, and it is not a condition of this Settlement that any particular Plan of Allocation be approved.

      I.      No portion of the Net Settlement Fund shall be distributed to Authorized Claimants until after the Effective Date.

      J.      Each Class Member who claims to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Claim Form signed under penalty of perjury and supported by such documents as specified in the Claim Form and as are reasonably available to such Class Member.

      K.      Except as otherwise ordered by the Court, all Class Members who fail timely to submit a Claim Form within such period as may be ordered by the Court or otherwise allowed shall be forever barred from receiving any payments pursuant to the Stipulation and the Settlement set forth herein, but shall in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein, including the Released Claims, and the Judgment.

      L.      Neither Defendants nor their counsel shall have any responsibility for, interest in, or liability whatsoever with respect to the investment or distribution of the Settlement Fund; the Plan of Allocation; the determination, administration, or calculation of Claims; the payment or withholding of taxes or Tax Expenses (as defined below); the distribution of the Net Settlement Fund; or any losses incurred in connection with any such matters.

      M.      This is not a "claims made" settlement.  There will be no reversions to Defendants or their insurers.

      N.      Defendants shall have no involvement in the solicitation or review of Claim Forms, or involvement in the administration process, which will be conducted by the Claims Administrator in accordance with this Stipulation.

O.      Any change in the allocation of the Net Settlement Fund ordered by the Court shall not affect the validity or finality of this Settlement.

P.      No Person shall have any Claim against Plaintiffs or Class Counsel, the Claims Administrator, Defendants, or Defendants' counsel based on investments or distributions made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation or further orders of the Court.

**IX.     Tax Treatment**

A.      The Parties, their counsel, the Court, and the Escrow Agent shall treat the Escrow Account as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1 for all periods on and after the date of the Court order preliminarily approving this Stipulation.  The Parties, their counsel, the Court and the Escrow Agent agree to take no action inconsistent with the treatment of the Escrow Account in such manner.  In addition, the Claims Administrator, Escrow Agent, and as necessary, Defendants, shall make the "relation back election" (as defined in Treas. Reg. § 1.468B-1(j)) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of the Claims Administrator to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties and thereafter to cause the appropriate filing to occur.  All provisions of this Stipulation shall be interpreted in a manner that is consistent with the Escrow Account being a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1.

B.      For the purpose of § 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Claims Administrator.  The Claims Administrator shall satisfy the administrative requirements imposed by Treas. Reg. § 1.468B-2 by, *e.g.*, (i) obtaining a taxpayer identification number, (ii) timely and properly satisfying any information reporting or withholding requirements imposed on distributions from the Escrow Account, and (iii) timely and properly filing or causing to be filed on a timely basis, all federal, state, local, and foreign tax returns and other tax related statements necessary or advisable with respect to the Escrow Account (including, without limitation, all income tax returns, all

informational returns, and all returns described in Treas. Reg. § 1.468B-2(1)), and (iv) timely and properly paying any taxes imposed on the Escrow Account. Such returns and statements (as well as the election described in IX.A hereof) shall be consistent with this IX.B and in all events shall reflect that all taxes (including any estimated taxes, interest, or penalties) on the income earned by the Escrow Account shall be paid out of the Escrow Account as provided in IX.C hereof.

C.     All (i) taxes (including any estimated taxes, interest or penalties) arising with respect to the income earned by the Escrow Account and (ii) tax expenses and costs incurred in connection with the operation and implementation of this Section IX (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses or penalties relating to filing (or failing to file) the returns described in this Section IX ("Tax Expenses")) shall be paid out of the Escrow Account. Further, taxes and the Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement and shall be timely paid by the Escrow Agent out of the Escrow Account without prior order from the Court, and the Escrow Agent shall be obligated (notwithstanding anything herein to contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts (as well as any amounts that may be required to be deducted or withheld under Treas. Reg. § 1.468B-2(1)(2)). Neither Defendants, Released Defendants' Parties, nor Defendants' counsel are responsible therefor, nor shall they have any liability with respect thereto. All Parties and their tax attorneys and accountants shall to the extent reasonably necessary carry out the provisions of ¶¶A-C of this Section IX.

D.     Defendants, Released Defendants' Parties, and Defendants' counsel shall have no responsibility to make any filings relating to the Escrow Account and will have no responsibility to pay tax on any income earned by the Escrow Account.

E.     The Escrow Agent shall indemnify and hold each of the Defendants, Released Defendants' Parties, and Defendants' counsel harmless for taxes and Tax Expenses (including, without limitation, taxes payable by reason of any such indemnification) in connection with the Escrow Account.

## X.     Settlement Conditions and Termination

A.     The Effective Date of the Settlement shall not be deemed to have occurred until all

of the following conditions are satisfied:

      1.     Counsel for Plaintiffs and Defendants have executed this Stipulation;

      2.     The Court enters the Preliminary Approval Order, as provided in Section V;

      3.     Defendants shall have timely funded or caused to be funded the Settlement Fund with the Settlement Amount;

      4.     The Court has approved the Settlement as described herein following notice to the Class, and has entered the Judgment, as provided in Section VI;

      5.     The time within which Defendants may exercise their option to terminate this Stipulation in accordance with the terms of any supplemental agreement shall have expired without the exercise of that option; and

      6.     The Judgment has become Final.

B.     Upon the Effective Date, Plaintiffs and all Released Plaintiffs' Parties, on behalf of themselves, and to the fullest extent permitted by law, their heirs, executors, administrators, personal representatives, attorneys, agents, partners, successors and assigns, and any other Person claiming (now or in the future) to have acted through or on behalf of them, shall hereby be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever, released, relinquished, settled, and discharged the Released Plaintiffs' Claims and shall be permanently barred and enjoined from instituting, commencing, or prosecuting any Released Plaintiffs' Claims against any Released Party, directly or indirectly, whether or not such members of the Class execute and deliver a Claim Form to the Claims Administrator.  Upon the Effective Date, Defendants also release and shall be permanently barred and enjoined from instituting, commencing, or prosecuting any of Released Defendants' Claims.

C.     If the conditions specified in ¶A of this Section X are not met, then this Stipulation shall be canceled and terminated, unless Class Counsel and Defendants' counsel mutually agree in writing to proceed with the Settlement.

D.     The Defendants shall, acting collectively and unanimously, have the right to terminate the Settlement and this Stipulation, by providing written notice of their election to do so to all other Parties within thirty (30) days of: (a) the Court's denial of Plaintiffs' motion for

preliminary approval of the Settlement in any material respect without leave to amend and resubmit; (b) the Court's refusal to approve this Stipulation or any material part of it without leave to amend and resubmit; (c) the Court's declining to enter an Order and Final Judgment in any material respect without leave to amend and resubmit; or (d) the date upon which the Order and Final Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court.  For the avoidance of doubt, the Parties stipulate and agree that any change narrowing the scope of the releases in this Stipulation would constitute a material change that gives rise to the affected Party's right to terminate the Settlement.  Any decision with respect to any fee and expense allocation, or with respect to any Plan of Allocation, shall not be considered material to this Stipulation and shall not be grounds for termination.

E.      If either (a) the Effective Date does not occur, (b) this Stipulation is canceled or terminated pursuant to its terms, or (c) this Stipulation does not become final for any reason, then the Settlement Fund and all interest earned on the Settlement Fund while held in escrow (less any taxes, Tax Expenses, and Settlement Administration Costs paid or incurred), plus any amount then remaining in the Notice and Administration Account, including both interest paid and accrued (less expenses and costs which have not yet been paid but which are properly chargeable to the Notice and Administration Account), shall be refunded by the Claims Administrator and/or the Escrow Agent within thirty (30) days of such cancellation or termination to Forescout and Defendants' insurers according to their respective contributions pursuant to payment instructions provided by Defendants' counsel, and the Parties shall retain all rights, claims, defenses, and arguments available to them prior to the execution of this Stipulation.  In the event the Settlement Fund is returned to Forescout and Defendants' insurers, they or their agents shall be responsible for all taxes owed on interest received.

F.      Upon the occurrence of all of the events specified in ¶A of this Section X, the obligation of the Claims Administrator and/or the Escrow Agent to return funds from the Settlement Fund to Defendants pursuant to ¶D of this Section X, shall be absolutely and forever extinguished.

G.      If either (a) the Effective Date does not occur, (b) this Stipulation is canceled or terminated pursuant to its terms, or (c) this Stipulation does not become final for any reason, all of

the Parties to this Stipulation shall be deemed to have reverted to their respective status as of June 17, 2025, and counsel shall meet and confer on an appropriate schedule to propose to the Court, and they shall proceed in all respects as if this Stipulation had not been executed and the related orders had not been entered, preserving in that event all of their respective claims and defenses in the Action.  Notwithstanding the foregoing language, the following provisions of this Stipulation shall survive any termination or cancellation of the Settlement: ¶¶C and F of this Section X; Section XI; and, to the extent applicable, Section XII.

H.    The Parties recognize that, in conjunction with Class certification, members of the Class were already provided notice and opportunity to request exclusion from the Class which comported with due process, and that no member of the Class timely and properly excluded themself from the Class. However, if the Court permits additional requests for exclusion during the preliminary approval process then Defendants may, in their sole discretion, elect in writing to terminate the Settlement and this Stipulation if the opt-out threshold defined in a supplemental agreement between the Parties is exceeded and not cured in accordance with the terms of that supplemental agreement. Unless otherwise directed by the Court, any such supplemental agreement will not be filed with the Court.

**XI.    No Admissions**

A.    The Parties hereto intend the Settlement as described herein to be a final and complete resolution of all disputes between them with respect to the Action, and entry in this Settlement shall not be deemed an admission by any Plaintiff or any Defendant as to the merits of any claim or defense or any allegation made in the Action.

B.    Whether or not the Effective Date occurs or this Stipulation is terminated, neither this Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of this Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission, concession, or evidence of, the validity or infirmity of any Released Claim, the validity or infirmity of any claim or allegation made in the Action, the truth or falsity of any fact alleged by Plaintiffs, the availability or lack of availability of meritorious defenses to the claims raised in the Action, or of any wrongdoing or liability by any Defendant; (b) is or may be deemed

to be or may be used as an admission of, or evidence of, any liability, fault or omission of any Defendant in any civil, criminal or administrative proceeding or action in any court, administrative agency or other tribunal; or (c) is or may be deemed to be or may be used as an admission or evidence that Plaintiffs would have received no more than the Settlement Amount had the Action been prosecuted to conclusion.  Neither this Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of this Stipulation or the Settlement shall be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement, and except that Defendants may file this Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

**XII.    Miscellaneous Provisions**

A.    Within sixty (60) days of the judgment becoming Final and non-appealable in this Action, the Parties are to destroy Protected Material as defined in Section 14 of the Protective Order. Dkt. No. 186.

B.    The Parties hereto: (a) acknowledge that it is their intent to consummate the Settlement contemplated by this Stipulation; (b) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent necessary to effectuate and implement all terms and conditions of this Stipulation; and (c) agree, subject to their fiduciary and other legal obligations, to exercise their best efforts and to act in good faith to accomplish the foregoing terms and conditions of the Stipulation.

C.    All counsel who execute this Stipulation, any of its exhibits, or any related settlement documents on behalf of any party hereto hereby represent and warrant that they have authority to do so on behalf of their respective clients and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

D.    All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.  Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the

terms of the Stipulation shall prevail; provided, however, that should the Court make or require any amendments to the exhibits that are inconsistent or conflict with this Stipulation, such amendments shall amend this Stipulation.

E.      Defendants shall determine the form of notice to be provided for the purpose of satisfying the requirements of the Class Action Fairness Act and will identify those who will receive notice as provided for therein.  Defendants shall be responsible for issuing such notice within the time provided for in 28 U.S.C. §1715(b) and for all expenses and costs related thereto.

F.      This Stipulation may be amended or modified only by a written instrument signed by counsel for all Parties hereto or their successors in interest.

G.      This Stipulation, exhibits attached hereto, and any supplemental agreement entered into by the Parties constitute the entire agreement between Plaintiffs on the one hand, and Defendants on the other hand, and supersede any and all prior agreements, written or oral, between the Parties except for the Stipulated Protective Order entered in this Action, Dkt. No. 186, which remains in full force and effect. No representations, warranties, or inducements have been made concerning this Stipulation or its exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.

H.      This Stipulation may be executed in one or more original, photocopied or facsimile counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.

I.      This Stipulation shall be binding upon, and inure to the benefit of, the successors, assigns, executors, administrators, affiliates (including parent companies), heirs, and legal representatives of the Parties hereto and the Released Parties.  No assignment shall relieve any Party hereto of obligations hereunder.

J.      All terms of this Stipulation and all exhibits hereto and the rights and obligations of the Parties to this Stipulation shall be governed, construed, interpreted and enforced according to the internal laws of the State of California without regard to its conflicts of law rules and in accordance with the laws of the United States.

K.      Except as otherwise provided herein, all agreements made and orders entered into during the course of the Action relating to the confidentiality of information shall survive this Stipulation.

L.      Each Party agrees that such Party will not make any public statements which materially disparage any other Party.

M.      The Settlement contemplated herein is not subject to or contingent upon confirmatory discovery or other discovery.

N.      Whether or not this Stipulation is approved by the Court and whether or not the Settlement embodied in this Stipulation is consummated, the Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed, and proceedings had in connection with this Stipulation confidential.  Notwithstanding the foregoing, the Parties agree that this Stipulation may be filed publicly as part of any motion for preliminary or final approval of the Settlement. Co-Lead Plaintiffs will provide Defendants with drafts of the motions for preliminary and final approval at least five Business Days prior to filing.

O.      The waiver by any Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

P.      All Parties hereby irrevocably submit to the jurisdiction of the Court with respect to implementation and enforcement of the terms of this Stipulation and for any suit, action, proceeding, or dispute arising out of or relating to this Stipulation or the applicability of this Stipulation.

Q.      The Parties to this Stipulation intend the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by the Class Members against the Released Defendants' Parties with respect to the Released Plaintiffs' Claims, and any potential counterclaims or cross-claims any Defendant could have asserted against Released Plaintiffs' Parties with respect to Released Defendants' Claims.  Accordingly, Plaintiffs and Defendants agree not to assert in any forum, or in any statement made to any media representative (whether or not for attribution) that the litigation was brought by Plaintiffs or Class Counsel, or defended by Defendants, or their respective counsel, in bad faith.  The Parties hereto shall assert no claims of any violation of Federal Rule of Civil Procedure 11 relating to the prosecution, defense, or

settlement of the Action.  The Parties agree that the Settlement Amount and the other terms of the Settlement were negotiated at arm's-length and in good faith by the Parties, and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel, and with the assistance of an experienced mediator, Robert Meyer, Esq.

R.      Pending approval of the Court of the Stipulation and its exhibits, all proceedings in this Action shall be stayed and all Class Members shall be barred and enjoined from prosecuting any of the Released Claims against any of the Released Defendants' Parties or Released Plaintiffs' Parties.

S.      This Stipulation is deemed to have been prepared by counsel for all Parties, as a result of arm's length negotiations among the Parties.  It shall not be construed more strictly against one Party than another, it being recognized that this Stipulation is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to its preparation.

T.      Except as otherwise provided herein, each Party shall bear its own fees and costs.

U.      The Whereas clauses are intended to be and are an integral part of this Stipulation.

V.      The headings herein are used for the purpose of convenience and are not intended to have legal effect.

W.      Notices required or permitted by this Stipulation shall be submitted either by overnight mail or, if expressly agreed and receipt acknowledged, by email as follows:

| **To Plaintiffs:** | **To Defendants:** |
|---|---|
| Omar Jafri<br>POMERANTZ LLP<br>10 South LaSalle Street, Suite 3505<br>Chicago, IL 60603<br>ojafri@pomlaw.com | Amy Jane Longo<br>ROPES & GRAY LLP<br>10250 Constellation Boulevard, 21st Floor<br>Los Angeles, California 90067<br>amy.longo@ropesgray.com |
| Jeffrey S. Abraham<br>ABRAHAM, FRUCHTER &<br>  TWERSKY, LLP<br>450 Seventh Avenue, 38th Floor<br>New York, NY 10123<br>jabraham@aftlaw.com | Ignacio E. Salceda<br>WILSON SONSINI GOODRICH &<br>ROSATI, Professional Corporation<br>650 Page Mill Road<br>Palo Alto, CA 94304<br>isalceda@wsgr.com |

**IN WITNESS WHEREOF**, the Parties hereto, intending to be legally bound.

*[Signature blocks on following page]*

STIPULATION OF SETTLEMENT                                                    Case No.: 20-CV-00076-SI

Dated: July 18, 2025

**POMERANTZ LLP**

*Omar Jafri*

Omar Jafri (admitted *pro hac vice*)
Brian P. O'Connell (SBN 314318)
Genc Arifi (admitted *pro hac vice*)
Diego Martinez-Krippner (admitted *pro hac vice*)
Jianan Jiang (admitted *pro hac vice*)
Ten South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Tel: (312) 377-1181
ojafri@pomlaw.com
boconnell@pomlaw.com
garifi@pomlaw.com
dmartinezk@pomlaw.com
ajiang@pomlaw.com

Jeremy A. Lieberman (admitted *pro hac vice*)
J. Alexander Hood II (admitted *pro hac vice*)
600 Third Avenue, 20th Floor
New York, NY 10016
(212) 661-1100
jalieberman@pomlaw.com
ahood@pomlaw.com

-and-

**ABRAHAM, FRUCHTER &**
**TWERSKY, LLP**

Jeffrey S. Abraham (admitted *pro hac vice*)
Michael Jason Klein (admitted *pro hac vice*)
450 Seventh Avenue, 38th Floor
New York, NY 10123
Tel: (212) 279-5050
jabraham@aftlaw.com
mklein@aftlaw.com

Patrice L. Bishop
9440 Santa Monica Blvd., Suite 301
Beverly Hills, CA 90210
(310) 279-5125
pbishop@aftlaw.com

*Attorneys for Co-Lead Plaintiffs and the Class*

**ROPES & GRAY LLP**

Amy Jane Longo
Mark S. Gaioni
10250 Constellation Boulevard
Los Angeles, CA 90067
Tel: (310) 975-3300
amy.longo@ropesgray.com
mark.gaioni@ropesgray.com

Peter L. Welsh (admitted *pro hac vice*)
C. Thomas Brown (admitted *pro hac vice*)
Prudential Tower
800 Boylston Street
Boston, MA 02199
Tel: (617) 951-7000
peter.welsh@ropesgray.com
thomas.brown@ropesgray.com

*Attorneys for Defendant Forescout*
*Technologies, Inc.*

**WILSON SONSINI GOODRICH &**
**ROSATI, Professional Corporation**

Ignacio E. Salceda
Diane M. Walters
Rebecca L. Epstein
650 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 493-9300
isalceda@wsgr.com
dwalters@wsgr.com
bepstein@wsgr.com

*Attorneys for Defendants Michael*
*DeCesare and Christopher Harms*

STIPULATION OF SETTLEMENT

-28-

Case No.: 20-CV-00076-SI