UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CHRISTOPHER L. SAYCE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>FORESCOUT TECHNOLOGIES, INC., *et. al.*<br><br>Defendants. | CASE NO.: 20-CV-00076-SI<br><br><u>CLASS ACTION</u> |

**<u>PRELIMINARY APPROVAL ORDER</u>**

WHEREAS, Co-Lead Plaintiffs Glazer Capital Management, L.P., Glazer Enhanced Fund L.P., Glazer Enhanced Offshore Fund, Ltd., Glazer Offshore Fund, Ltd. and Highmark Limited, in respect of its Segregated Account Highmark Multi-Strategy 2 (the "Glazer Funds"), and Meitav Mutual Funds Ltd. ("Meitav" and with the Glazer Funds, "Plaintiffs" or "Co-Lead Plaintiffs") (on behalf of themselves and each of the Class Members) entered into the Stipulation of Settlement with Defendants Forescout Technologies, Inc. ("Forescout"), Michael DeCesare, and Christopher Harms (collectively the "Defendants," together with Plaintiffs, the "Parties" and each a "Party") dated July 18, 2025 (the "Stipulation") which, together with the exhibits attached thereto, sets forth

the terms and conditions for the proposed settlement and dismissal of the above-captioned class action pending before the Court (the "Action");

WHEREAS, the Stipulation is subject to review under Rule 23(e) of the Federal Rules of Civil Procedure, and;

WHEREAS, the Court having read and considered the Stipulation and the exhibits thereto, and Plaintiffs' motion and supporting papers, and finding that substantial and sufficient grounds exist for entering this Order;

NOW, THEREFORE, IT IS HEREBY ORDERED, this 8th day of August, 2025, that:

1. Capitalized terms not defined herein have the meanings defined in the Stipulation.

2. The Court finds that (a) the Stipulation resulted from good faith, arm's length negotiations, and (b) the Stipulation is sufficiently fair, reasonable, and adequate to the Class Members to warrant providing notice of the Settlement to Class Members and holding a Settlement Hearing (defined below).

3. **With the exception of the $50,000 awards to co-lead plaintiffs,** the Court hereby preliminarily approves the Settlement, subject to further consideration at a hearing ("Settlement Hearing") pursuant to Federal Rule of Civil Procedure 23(e), which is hereby scheduled to be held before the Court on December 5, 2025, at 10:00 a.m. for the following purposes:

    (a) to determine finally whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

    (b) to determine finally whether the Judgment as provided under the Stipulation should be entered, dismissing the Action on the merits and with prejudice, and to determine, among other things, whether the releases set forth in the Stipulation should be ordered, along with a permanent injunction barring efforts to prosecute or attempt to prosecute any related claims extinguished by the release against any of the Released Parties;

    (c) to determine finally whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court;

      (d)    to consider any application of Class Counsel for an award of fees and reimbursement of litigation expenses, or an application for an Award to Plaintiffs;

      (e)    to consider Class Members' objections to the Settlement, if any, provided that they validly submitted an objection in accordance with this Order and the Notice; and

      (f)    to rule upon such other matters as the Court may deem appropriate.

4. The Court reserves the right to adjourn the Settlement Hearing to a later date and to approve the Settlement without modification, or with such modifications as may be agreed to by the Parties, and with or without further notice of any kind. The Court further reserves the right to enter Judgment approving the Settlement and dismissing the Action, on the merits and with prejudice, regardless of whether it has approved the Plan of Allocation or awarded fees or expenses.

5. The Court approves the form, substance, and requirements of (a) the Postcard Notice, (b) the Notice, (c) the Claim Form, and (d) the Summary Notice, all of which are exhibits to the Stipulation.

6. Class Counsel has the authority to enter into the Settlement on behalf of the Class and has the authority to act on behalf of the Class with respect to all acts or consents required by or that may be given pursuant to the Stipulation or such other acts that are reasonably necessary to consummate the Settlement.

7. For settlement purposes only, Strategic Claims Services is appointed and approved as the Claims Administrator to supervise and administer the notice procedure as well as the processing of claims. Up to $250,000 in Settlement Administration Costs may be paid to the Claims Administrator without further order of this Court.

8. By August 22, 2025 (fourteen (14) calendar days from the entry of this Order) (hereinafter the "Notice Date"), Class Counsel, through the Claims Administrator, shall cause the Postcard Notice, substantially in the form annexed to the Stipulation as Exhibit A-4 to be mailed, by first-class mail, postage prepaid, or via electronic mail if addresses are available, to all Class Members who can be identified with reasonable effort by Class Counsel.

9.     The Claims Administrator shall provide the Notice, Claim Form, and Postcard Notice to nominees and custodians, and such nominees and custodians shall, within seven (7) calendar days of receipt of the Notice, either: (i) request copies of the Postcard Notice sufficient to send to all beneficial owners for whom they are a nominee or custodian; or (ii) request an electronic link to the Notice and Claim Form ("Notice and Claim Link"), and within seven (7) calendar days after receipt thereof, email the Notice and Claim Link to such beneficial owners for whom valid email addresses are available; or (iii) provide the Claims Administrator with lists of the names, last known addresses, and email addresses (to the extent known) of such beneficial owners.  If the Claims Administrator receives an email address, it will send a Notice and Claim Link electronically.  Otherwise, it will send a Postcard Notice by first-class mail.  Nominees or custodians who elect to send the Postcard Notice or Notice and Claim Link to their beneficial owners shall send a written certification to the Claims Administrator confirming that the mailing or emailing has been made as directed.  Copies of the Postcard Notice and Notice and Claim Links shall be made available to any nominee or custodian requesting the same for the purpose of distribution to beneficial owners.  The Claims Administrator shall, if requested, reimburse nominees or custodians out of the Settlement Fund solely for their reasonable out-of-pocket expenses, incurred in providing notice to beneficial owners, which expenses would not have been incurred except for the providing of names and addresses up to $0.02 per name (with address and email address) provided to the Claims Administrator; up to $0.02 per Postcard Notice mailed plus postage at the pre-sort rate used by the Claims Administrator;  or up to $0.02 per Notice and Claim Link sent by email, and subject to further order of this Court with respect to any dispute concerning such reimbursement.

10.     Class Counsel, through the Claims Administrator, shall cause the Stipulation and its exhibits, this Order, and a copy of the Notice and Claim Form to be posted on the Settlement website on or before the Notice Date.

11.     Class Counsel, through the Claims Administrator, shall cause the Summary Notice to be published electronically once on a broadly disseminated national wire service by September 5, 2025, within fourteen (14) calendar days after the Notice Date.

12. Class Counsel shall, by November 28, 2025, at least seven (7) calendar days before the Settlement Hearing, serve upon counsel for Defendants and file with the Court proof of dissemination of the Postcard Notice and publication of the Summary Notice.

13. The forms and methods set forth herein of notifying Class Members of the Settlement and its terms and conditions meet the requirements of due process, Federal Rule of Civil Procedure 23, and Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constitute the best notice practicable under the circumstances; and constitute due and sufficient notice to all Persons entitled thereto. No Class Member will be relieved from the terms and conditions of the Settlement, including the releases provided for therein, based upon the contention or proof that such Class Member failed to receive actual or adequate notice.

14. In order to be entitled to participate in recovery from the Net Settlement Fund after the Effective Date, each Class Member shall take the following action and be subject to the following conditions:

(a) On or before December 1, 2025 (100 calendar days from the Notice Date), a properly completed and executed Claim Form must be submitted to the Claims Administrator either (a) electronically through the Settlement website or (b) at the Post Office Box indicated in the Notice. Each Claim Form shall be deemed to have been submitted when: (a) the Claimant receives a confirmation notice from the Claims Administrator for electronic submissions; or (b) legibly postmarked (if properly addressed and mailed by first-class mail) provided such Claim Form is actually received before the filing of a motion for an order of the Court approving distribution of the Net Settlement Fund. Any Claim Form submitted in any other manner shall be deemed to have been submitted when it was actually received by the Claims Administrator at the address designated in the Notice.

(b) The Claim Form submitted by each Class Member must satisfy the following conditions: (i) it must be properly completed, signed, and submitted in a timely

    manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator or Class Counsel; (iii) if the Person executing the Claim Form is acting in a representative capacity, a certification of his, her or its current authority to act on behalf of the Class Member must be provided with the Claim Form; and (iv) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

 (c) Once the Claims Administrator has considered a timely submitted Claim Form, it shall determine whether such claim is valid, deficient, or rejected. For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined. Persons who timely submit a Claim Form that is deficient or otherwise rejected shall be afforded a reasonable time (at least seven (7) calendar days) to cure such deficiency if it shall appear to the Claims Administrator that such deficiency may be cured. If any Claimant whose claim has been rejected in whole or in part wishes to contest such rejection, the Claimant must, within seven (7) calendar days after the date of mailing of the notice of rejection, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's ground for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If an issue concerning a claim cannot be otherwise resolved, Class Counsel shall thereafter present the request for review to the Court.

 (d) As part of the Claim Form, each Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall, upon the Effective Date,

release all Claims as provided in the Stipulation.  No discovery shall be allowed on the merits of the Action or the Settlement in connection with processing of the Claim Form, nor shall any discovery from or of Plaintiffs or Defendants, or of their counsel or the Claims Administrator be allowed on any topic.

15. All Class Members who do not submit valid and timely Claim Forms will be forever barred from receiving any payments from the Net Settlement Fund, but will in all other respects be subject to and bound by the provisions of the Stipulation and the Judgment, if entered.

16. The Court will consider comments about and objections to the Settlement, the Plan of Allocation, or any application for an award of fees or reimbursement of expenses, provided, however, that no Class Member or other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement or, if approved, the Judgment, or any other order relating thereto, unless that Person has served the objection upon the Court by November 14, 2025, at least twenty-one (21) calendar days prior to the Settlement Hearing.  To be valid, any such objection must (i) clearly identify the case name and number "*Sayce v. Forescout Tech., Inc. et al.*, Case No: 3:20-cv-00076-SI (N.D. Cal)"; (ii) state the name, address, and telephone number of the Person or entity objecting; (iii) state the number of shares of Forescout common stock purchased, acquired, and sold during the Class Period, as well as the dates and prices of each such transaction; (iv) be signed by the Person or entity objecting or an authorized representative; (v) be submitted to the Court either by filing them electronically or in person at any location of the United States District Court for the Northern District of California or by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, 450 Golden Gate Avenue, Box 36060, San Francisco, CA 94102-3489. Attendance at the Settlement Hearing is not necessary but Persons wishing to be heard orally in opposition to the approval of the Stipulation, the Plan of Allocation, and/or application for an award of fees or reimbursement of expenses may do so at the Settlement Hearing, provided they have filed a timely objection in accordance with this Order.  Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

17. Any Class Member or other Person who does not object in the manner prescribed above shall be deemed to have waived all such objections and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the Settlement, the Judgment to be entered approving the Settlement, the Plan of Allocation, and/or any application for an award of fees or reimbursement of expenses, unless otherwise ordered by the Court; shall be bound by all the terms and provisions of the Stipulation and by all proceedings, orders, and judgments in the Action; and shall also be foreclosed from appealing any judgment or order entered in this Action.

18. The Court reserves the right to adjourn the Settlement Hearing or to conduct it remotely without any further notice other than entry of an order on the Court's docket, and to approve the Settlement without further notice to the Class.

19. All papers in support of the Settlement, the Plan of Allocation and/or any application for an award of fees or reimbursement of expenses shall be filed and served no later than October 31, 2025, thirty-five (35) calendar days before the Settlement Hearing.

20. Any submissions filed in response to any objections or in further support of the Settlement, the Plan of Allocation and/or any application for an award of fees or reimbursement of expenses shall be filed no later than November 28, 2025, seven (7) calendar days prior to the Settlement Hearing.

21. Defendants, their counsel, and other Released Defendants' Parties shall have no responsibility for, or liability with respect to, the Plan of Allocation or any application for attorneys' fees and interest, or expenses or payments to the Co-Lead Plaintiffs submitted by Class Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

22. Pending final determination of whether the Settlement should be approved, all Plaintiffs and Class Members shall be enjoined from commencing, prosecuting, or attempting to prosecute any Released Plaintiffs' Claims against any Released Defendants' Parties in any court or tribunal or proceeding (including in the Action), unless and until the Stipulation is cancelled and terminated pursuant to the Stipulation.

23. All Settlement Funds held in the Escrow Account shall be deemed and considered to be in the custody of the Court and shall remain subject to the jurisdiction of the Court, until such time as such Settlement Funds shall be distributed or returned pursuant to the Stipulation and Plan of Allocation and/or further order(s) of the Court.

24. Nothing in the Stipulation, including, without limitation, the furnishing of consideration for the Settlement, nor any of the negotiations or proceedings connected with it, shall be deemed to constitute any finding, concession, or admission of the truth of any of the allegations in the Action, any violations of any federal securities laws, or of any liability, negligence, fault, or wrongdoing of any kind by any of Defendants, their counsel, or any of the other Released Defendants' Parties, or give rise to any inference of wrongdoing or admission of liability or wrongdoing in this or any other proceeding. Further, neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, nor this Order shall be construed as, or argued to be, a waiver of any defenses in the Action or be deemed to be evidence of an admission or concession that any Class Members have suffered any damages, harm, or loss. Additionally, neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, nor this Order shall be construed as an admission or concession by Plaintiffs of the validity of any factual or legal defense or of the infirmity of any of the claims or facts alleged in this Action.

25. In the event the Settlement is not consummated in accordance with the terms of the Stipulation, then the Stipulation and this Order (including any amendment(s) thereof, and except as expressly provided in the Stipulation or by order of the Court) shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any action or proceeding by any Person against the Parties or the Released Parties, and each Party shall be restored to his, her or its respective litigation positions as of June 17, 2025, pursuant to the terms of the Stipulation.

26. The Court reserves the right to alter the time or the date or manner of the Settlement Hearing without further notice to the Class Members, provided that the Settlement Hearing shall not be set at a time or date earlier than the time and date set forth above. The Court retains exclusive

jurisdiction over the Action to consider all further matters arising out of, or relating to, the Stipulation, including by way of illustration and not limitation, any dispute over the funding of the Settlement, any dispute concerning any Proof of Claim submitted, and any future requests by one or more of the Parties that the Judgment, the releases and/or the permanent injunction set forth in the Stipulation be enforced.

**IT IS SO ORDERED.**

DATED:  August 8, 2025

THE HONORABLE SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE