**ABRAHAM, FRUCHTER**
**& TWERSKY, LLP**
Patrice L. Bishop (SBN 182256)
9440 Santa Monica Blvd., Suite 301
Beverly Hills, CA 90210
Telephone: (310) 279-5125
Email: pbishop@aftlaw.com
*Class Counsel*

*[Additional Counsel on Signature Page]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CHRISTOPHER L. SAYCE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>FORESCOUT TECHNOLOGIES, INC., *et. al.*<br><br>Defendants. | CASE NO.: 20-CV-00076-SI<br><br><u>CLASS ACTION</u><br><br>**REPLY IN SUPPORT OF PLAINTIFFS' (1) MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION; AND (2) MOTION FOR AN AWARD OF ATTORNEYS' FEES, LITIGATION EXPENSES AND AWARD TO PLAINTIFFS**<br><br>Judge:     Hon. Susan Illston<br>Courtroom:  1 – 17th Floor<br>Date:     December 5, 2025<br>Time:     10:00 am<br>Trial Date:  None set |

REPLY ISO MOTION FOR FINAL APPROVAL AND MOTION FOR ATTORNEYS' FEES, LITIGATION
EXPENSES AND AWARD TO LEAD PLAINTIFFS             Case No.: 20-CV-00076-SI

Pursuant to Federal Rule of Civil Procedure 23(e), Plaintiffs Glazer Capital Management, L.P., Glazer Enhanced Fund L.P., Glazer Enhanced Offshore Fund, Ltd., Glazer Offshore Fund, Ltd., Highmark Limited, in respect of its Segregated Account Highmark Multi-Strategy 2 (together, the "Glazer Funds"), and Meitav Mutual Funds Ltd. ("Meitav" and with the Glazer Funds, "Plaintiffs"), on behalf of themselves and the Class, respectfully submit this reply in support of their (1) Motion for Final Approval of Class Action Settlement and Plan of Allocation (the "Final Approval Motion") and (2) Motion for an Award of Attorneys' Fees, Reimbursement of Litigation Expenses, and Award to Plaintiffs (the "Fee Motion," and with the Final Approval Motion, the "Motions"), both of which were filed on October 31, 2025.  *See* Dkt. Nos. 279-280.[1] This reply is supported by the Supplemental Declaration of Margery Craig Regarding Claims Administration (the "Supp. Claims Decl."), attached hereto as Exhibit 1.

**<u>PRELIMINARY STATEMENT</u>**

The Final Approval Motion should be granted.  The proposed Settlement, which resolves this litigation in exchange for a cash payment of $45,000,000, is the product of hard-fought litigation and extensive arm's-length negotiations.  The Settlement is "fair, reasonable, and adequate[,]" as required by Federal Rule of Civil Procedure 23(e), because that cash payment represents approximately 11% of $409.6 million in maximum recoverable damages, as estimated by Plaintiffs, and thus it represents a very favorable result for the Class in light of the substantial challenges that Plaintiffs would have faced in proving liability and recovering damages had the case progressed to summary judgment and then trial. *See*, *e.g.*, Dkt. Nos. 272 at 13:6-16:2; 275 at 10-13; 279 at 10:20-14:9.

To achieve the Settlement, Class Counsel fiercely litigated this Action for five years, advancing over $2.45 million in expenses and incurring a lodestar of approximately $21 million. Plaintiffs were also involved throughout the litigation and have given generously of their time and

---

[1]     All capitalized terms not otherwise defined herein shall have the same meanings set forth and defined in the Stipulation and Agreement of Settlement dated July 18, 2025 ("Stipulation"). *See* Dkt. No. 272-1.

REPLY ISO MOTION FOR FINAL APPROVAL OF SETTLEMENT AND MOTION FOR ATTORNEYS' FEES, LITIGATION EXPENSES AND AWARD TO LEAD PLAINTIFFS                    Case No.: 20-CV-00076-SI

-1-

oversight for the past five years.  Therefore, Plaintiffs respectfully request this Court also award the requested attorneys' fees, reimbursement of expenses, and Awards to Plaintiffs.

Plaintiffs have also satisfied all elements of the Notice program required by this Court's Preliminary Approval Order, as explained in Section IV of the Final Approval Motion.  *See* Dkt. No. 279 at 19-21:4. The Court-ordered deadline for Class Members to object to the Settlement or Fee and Expense Application was November 14, 2025.  Dkt. No. 170 at ¶25.  No objections have been received, confirming that the Settlement is an excellent result.  Moreover, as of this filing, the Claims Administrator has received 996 Claims on behalf of purported Class Members seeking recovery under the Settlement, as explained below.

## ARGUMENT

### I. THE ABSENCE OF OBJECTIONS STRONGLY SUPPORTS FINAL APPROVAL AND THE PLAN OF ALLOCATION

The absence of objections from Class Members is strong evidence of the fundamental fairness of the Settlement and Plan of Allocation.  *See Ching v. Siemens Indus., Inc*., No. 11-CV-04838-MEJ, 2014 WL 2926210, at *6 (N.D. Cal. June 27, 2014) (lack of objections is a "positive response" and supports that "the settlement is favorable to the class members").  Where, as here, few or no class members object to a settlement, courts infer that the class as a whole approves of the settlement as fair, adequate, and reasonable.  *See*, *e.g.*, *Int'l Bhd. of Elec. Workers Local 697 Pension Fund v. Int'l Game Tech., Inc*., No. 3:09-CV-00419-MMD, 2012 WL 5199742, at *3 (D. Nev. Oct. 19, 2012) (ruling that only one objection to a settlement supports its fairness, reasonableness, and adequacy).

### II. THE ABSENCE OF OBJECTIONS STRONGLY SUPPORTS THE FEE AND EXPENSE APPLICATION AND AWARDS TO PLAINTIFFS

The absence of objections from Class Members also is strong evidence of the fundamental fairness of the Fee and Expense Application and Awards to Plaintiffs.  *See*, *e.g.*, *In re Immune Response Sec. Litig*., 497 F. Supp. 2d 1166, 1177 (S.D. Cal. 2007) (finding that "the lack of objection from any Class Member supports the attorneys' fees award."); *In re Heritage Bond Litig*., No. 02-ML-1475-DT(RCX), 2005 WL 1594389, at *16 (C.D. Cal. June 10, 2005) (observing that

one objector to a settlement in which notice was disseminated to over 6,000 potential class members, "is remarkably small given the wide dissemination of notice [and] [a]ccordingly, the Court concludes that the lack of significant objections to the requested fees justifies an award of one-third of the Settlement Fund."); *Ching*, 2014 WL 2926210, at *8 (finding "the lack of objection from the class after notice further demonstrates the reasonableness and fairness of Class Counsels' fee request").

The Court can infer from the absence of objections, too, that a class approves of the awards to Plaintiffs. *See Jenson v. First Tr. Corp.*, No. CV 05-3124 ABC (CTX), 2008 WL 11338161, at *16 (C.D. Cal. June 9, 2008) (no objections to awards to class representatives support their approval); *Hayes v. MagnaChip Semiconductor Corp.*, No. 14-CV-01160-JST, 2016 WL 6902856, at *9 (N.D. Cal. Nov. 21, 2016) (approving award to plaintiffs, in part, as "[n]o one has objected to the proposed incentive award").

## III.    CLAIM SUBMISSIONS TO DATE

The Notice informed Class Members that, to qualify for a payment from the Net Settlement Fund, a Claim Form with supporting documentation must be submitted to the Claims Administrator by December 1, 2025.  As of November 26, 2025, the Claims Administrator has received approximately 996 Claim forms, which are currently undergoing quality assurance reviews. See Supp. Mailing Decl. at ¶9.

As explained in the Final Approval Motion, Class Counsel will provide further information regarding the number of claims submitted between November 28, 2025, and December 1, 2025, at or before the December 5, 2025 Settlement Hearing date.  Final Approval Motion at 6 n.3.

///

///

///

**CONCLUSION**

For all the reasons stated herein, and in the Motions, Plaintiffs respectfully request the Court to enter the three attached Proposed Orders, effectuating all relief sought by the Motions.

Dated: November 26, 2025

ABRAHAM, FRUCHTER
& TWERSKY, LLP

 /s/ Jeffrey S. Abraham
Jeffrey S. Abraham (admitted *pro hac vice*)
Michael J. Klein (admitted *pro hac vice*)
450 Seventh Avenue, 38th Floor
New York, NY 10123
Telephone: (212) 279-5050
Facsimile: (212) 279-3655
Email: jabraham@aftlaw.com
        mklein@aftlaw.com

Patrice L. Bishop (SBN 182256)
9440 Santa Monica Blvd., Suite 301
Beverly Hills, CA 90210
Telephone: (310) 279-5125
Email: pbishop@aftlaw.com

        -and-

**POMERANTZ LLP**
 /s/ Omar Jafri
Omar Jafri (admitted *pro hac vice*)
Brian O'Connell (SBN 314318)
Genc Arifi (admitted *pro hac vice*)
Diego Martinez-Krippner (admitted *pro hac vice*)
Jianan Jiang (admitted *pro hac vice*)
Ten South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
Email: ojafri@pomlaw.com
        pdahlstrom@pomlaw.com
        boconnell@pomlaw.com
        garifi@pomlaw.com
        dmartinezk@pomlaw.com
        ajiang@pomlaw.com

Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
Email: jpafiti@pomlaw.com

REPLY ISO MOTION FOR FINAL APPROVAL OF SETTLEMENT AND MOTION FOR ATTORNEYS' FEES, LITIGATION EXPENSES AND AWARD TO LEAD PLAINTIFFS                    Case No.: 20-CV-00076-SI

-4-

Jeremy A. Lieberman (admitted *pro hac vice*)
J. Alexander Hood II (admitted *pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email: jalieberman@pomlaw.com
      ahood@pomlaw.com

*Class Counsel*

### ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)

I, Michael J. Klein, am the ECF User whose identification and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that all signatories have concurred in this filing.

Dated: November 26, 2025            */s/ Michael J. Klein*
                                     Michael J. Klein