UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CHRISTOPHER L. SAYCE, Individually and on Behalf of All Others Similarly Situated, | CASE NO.: 20-CV-00076-SI |
| Plaintiff, | CLASS ACTION |
| v. | |
| FORESCOUT TECHNOLOGIES, INC., *et. al.* | |
| Defendants. | |

**[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT**

On the 5th day of December, 2025, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation of Settlement dated July 18, 2025 ("Stipulation") are fair, reasonable, and adequate for the settlement of all claims asserted by the Plaintiffs and the Class in this Action, including the release of the Released Claims against the Released Parties, and should be approved; (2) whether judgment should be entered dismissing this Action with prejudice; (3) whether the Plan of Allocation should be approved as a fair and reasonable method to allocate the Net Settlement Fund among Class Members; (4) whether and in what amount to award attorneys' fees to Class Counsel; (5) whether and in what amount to

reimburse Class Counsel for litigation expenses; and (6) whether and in what amount to award to Plaintiffs.

The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing in the record that the Summary Notice was published; the Postcard Notice directing recipients to the full Notice and Claim Form were mailed; and the Notice, Claim Form, and other settlement documents were posted to the Settlement website, all in accordance with the Preliminary Approval Order, dated August 8, 2025; and

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

1. This Final Approval Order and Judgment ("Order and Final Judgment" or "Judgment") incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth therein.

2. The Court has jurisdiction over the subject matter of the Action.

3. In accordance with the Court's Preliminary Approval Order, the Court hereby finds that the forms and methods of notifying the Class of the Settlement and its terms and conditions met the requirements of due process, Federal Rule of Civil Procedure 23, and Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation, to all Persons entitled to such notice. No Class Member is relieved from the terms and conditions of the Settlement, including the releases provided for in the Stipulation, based upon the contention or proof that such Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged. Thus, it is hereby determined that all Class Members are bound by this Order and Final Judgment.

4. The Settlement is approved as fair, reasonable, and adequate and in the best interests of the Class under Federal Rule of Civil Procedure 23. This Court further finds that the Settlement set forth in the Stipulation is the result of good faith, arm's-length negotiations between experienced

counsel representing the interests of Plaintiffs, Class Members, and Defendants. The Parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

5.     The Action and all claims contained therein, as well as all of the Released Plaintiffs' Claims, are dismissed with prejudice as against Defendants and the Released Defendants' Parties. The Parties are to bear their own costs, except as otherwise provided in the Stipulation.

6.     Plaintiffs and Class Members, on behalf of themselves, their successors, assigns, executors, heirs, administrators, representatives, attorneys, and agents, in their capacities as such, regardless of whether any such Person ever seeks or obtains by any means, including without limitation by submitting a Claim Form, any disbursement from the Settlement Fund, shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Plaintiffs' Claims against the Released Defendants' Parties. Plaintiffs and Class Members shall be deemed to have, and by operation of this Order and Final Judgment shall have, covenanted not to sue the Released Defendants' Parties with respect to any and all Released Plaintiffs' Claims in any forum and in any capacity. Plaintiffs and Class Members shall be and hereby are permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any Released Plaintiffs' Claims, in any capacity, against any of the Defendants' Released Parties. Defendants similarly release and are permanently barred and enjoined from pursuing Released Defendants' Claims against the Released Plaintiffs' Parties. Nothing contained herein shall, however, bar any Plaintiff or Defendant from bringing any action or claim to enforce the terms of the Stipulation or this Order and Final Judgment.

7.     Any Plan of Allocation submitted by Class Counsel or any order entered regarding any attorneys' fee and expense application or awards to Co-Lead Plaintiffs shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment. Separate orders shall be entered regarding approval of a Plan of Allocation and Class Counsel's application for an award of attorneys' fees and expenses to Class Counsel and the Award to Plaintiffs.

[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT                     Case No.: 20-CV-00076-SI

8.      Any appeal or any challenge affecting the approval of (a) the Plan of Allocation submitted by Class Counsel and/or (b) this Court's approval regarding any attorneys' fee and expense applications, including any Award to Plaintiffs, shall in no way disturb or affect the finality of the other provisions of this Order and Final Judgment nor the Effective Date of the Settlement.

9.      The Court finds that the Parties and their counsel have complied with all requirements of Federal Rule of Civil Procedure 11 and the Private Securities Litigation Reform Act of 1995 as to all proceedings herein.

10.      Neither this Order and Final Judgment, nor the Stipulation (nor the Settlement contained therein), nor any of its terms and provisions, nor any of the negotiations, documents or proceedings connected with them:

(a)      is or may be deemed to be, or may be used as an admission, concession, or evidence of, the validity or invalidity of Released Plaintiffs' Claims, the truth or falsity of any fact alleged by Plaintiffs, the sufficiency or deficiency of any defense that has been or could have been asserted in the Action, or of any wrongdoing, liability, negligence or fault of Defendants or the Released Defendants' Parties;

(b)      is or may be deemed to be or may be used as an admission, concession, or evidence of, any fault or misrepresentation or omission with respect to any statement or written document attributed to, approved or made by Defendants or the Released Defendants' Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal;

(c)      is or may be deemed to be or shall be used, offered, or received against Plaintiffs, any Class Member, Defendants, the Released Plaintiffs' Parties or the Released Defendants' Parties, as an admission, concession, or evidence of the validity or invalidity of the Released

[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT                    Case No.: 20-CV-00076-SI

-4-

Claims, the infirmity or strength of any claim raised in the Action, the truth or falsity of any fact alleged by the Plaintiffs or the Class, or the availability or lack of availability of meritorious defenses to the claims raised in the Action;

(d)    is or may be deemed to be or shall be construed as or received in evidence as an admission, concession, or evidence against Plaintiffs, any Class Member, Defendants, the Released Plaintiffs' Parties or the Released Defendants' Parties, that any of the claims in this Action are with or without merit, that a litigation class should or should not have been certified, that damages recoverable in the Action would have been greater or less than the Settlement Fund or that the consideration to be given pursuant to the Stipulation represents an amount equal to, less than or greater than the amount which could have or would have been recovered after trial.

11.    The terms of 15 U.S.C. §78u-4(f)(7), pursuant to which each Defendant shall be discharged from all claims for contribution brought by other Persons or entities, shall apply to this Settlement.  In accordance with 15 U.S.C. §78u-4(f)(7), this Judgment constitutes the final discharge of all obligations to any Class Member of each of the Defendants arising out of the Action or any of the Released Plaintiffs' Claims and shall bar, extinguish, discharge, satisfy, and render unenforceable all future claims for contribution arising out of the Action or any of the Released Plaintiffs' Claims (a) by any Person or entity against any Defendant; and (b) by any Defendant against any Person or entity other than any Person or entity whose liability has been extinguished by the Settlement.  For the avoidance of doubt, nothing in this Order and Final Judgment shall apply to bar or otherwise affect any claim for insurance coverage by any Defendant.

12.    Except as otherwise provided herein or in the Stipulation, all Settlement Funds held by the Escrow Agent shall be deemed to remain *in custodia legis* and shall remain subject to the jurisdiction of the Court until such time as the Settlement Funds are distributed or returned pursuant to the Stipulation or further order of the Court.

13.     Without affecting the finality of this Order and Final Judgment in any way, this Court hereby retains continuing exclusive jurisdiction regarding the administration, interpretation, effectuation, or enforcement of the Stipulation and this Order and Final Judgment and including any application for fees and expenses incurred in connection with administering and distributing the Settlement Fund to the Class Members.

14.     Without further order of the Court, Defendants and Plaintiffs may agree to reasonable extensions of time to carry out any provision(s) of the Stipulation.

15.     If the Settlement is not consummated in accordance with the terms of the Stipulation, then the Stipulation and this Order and Final Judgment shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any action or proceeding by any Person against the Parties or the Released Defendants' Parties or Released Plaintiffs' Parties, and each Party shall be restored to his, her or its respective litigation positions as they existed on June 17, 2025, pursuant to the terms of the Stipulation.

16.     There is no reason to delay the entry of Judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this Judgment in this Action.

17.     The Court's orders entered during this Action related to the confidentiality of information shall survive this Judgment.

**IT IS SO ORDERED.**

DATED:_____        _____

THE HONORABLE SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE

Respectfully Submitted by:

Omar Jafri (admitted *pro hac vice*)
Brian O'Connell (SBN 314318)
Genc Arifi (admitted *pro hac vice*)
Diego Martinez-Krippner (admitted *pro hac vice*)
Jianan Jiang (admitted *pro hac vice*)
POMERANTZ LLP
Ten South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Tel: (312) 377-1181
ojafri@pomlaw.com
boconnell@pomlaw.com
garifi@pomlaw.com
dmartinezk@pomlaw.com
ajiang@pomlaw.com

POMERANTZ LLP
Jeremy A. Lieberman (admitted *pro hac vice*)
J. Alexander Hood II (admitted *pro hac vice*)
600 Third Avenue, 20th Floor
New York, NY 10016
(212) 661-1100
jalieberman@pomlaw.com
ahood@pomlaw.com

Jeffrey S. Abraham (admitted *pro hac vice*)
Michael Jason Klein (admitted *pro hac vice*)
ABRAHAM, FRUCHTER &
    TWERSKY, LLP
450 Seventh Avenue, 38th Floor
New York, NY 10123
Tel: (212) 279-5050
jabraham@aftlaw.com
mklein@aftlaw.com

Patrice L. Bishop (SBN 182256)
ABRAHAM, FRUCHTER &
    TWERSKY, LLP
9440 Santa Monica Blvd., Suite 301
Beverly Hills, CA 90210
(310) 279-5125
pbishop@aftlaw.com

*Class Counsel*