UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CHRISTOPHER L. SAYCE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>FORESCOUT TECHNOLOGIES, INC., *et. al.*<br><br>Defendants. | CASE NO.: 20-CV-00076-SI<br><br>CLASS ACTION<br><br>**~~[PROPOSED]~~ ORDER APPROVING DISTRIBUTION OF CLASS SETTLEMENT FUND** |

Plaintiffs Glazer Capital Management, L.P., Glazer Enhanced Fund L.P., Glazer Enhanced Offshore Fund, Ltd., Glazer Offshore Fund, Ltd., Highmark Limited, in respect of its Segregated Account Highmark Multi-Strategy 2 (together, the "Glazer Funds"), and Meitav Mutual Funds Ltd. ("Meitav" and with the Glazer Funds, "Plaintiffs") move this Court for an order approving the distribution of the Net Settlement Fund pursuant to the Settlement of this Action.

Having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED THAT:

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement (the "Stipulation") (Dkt. No. 272-1), and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2. This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Members of the Settlement Class.

3. The administrative recommendations of the Court-approved Claims Administrator, Strategic Claims Services ("SCS" or the "Claims Administrator"), to accept the Claims deemed acceptable in whole or in part, as listed in Exhibits B-1 and B-2 to the Declaration of Margery Craig Concerning the Results of the Claims Administration Process (the "Craig Declaration"), are adopted.

4. The Claims Administrator's administrative recommendations to reject the Claims that SCS has wholly rejected, as listed in Exhibits D and E to the Craig Declaration, are adopted.

5. The proposed plan for distributing the Net Settlement Fund (the "Distribution Plan") as set forth in the Craig Declaration is APPROVED. Accordingly:

a) Per the Plan of Allocation, each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's recognized claim bears to the total recognized claims of all 4,663 Authorized Claimants and 15 late claims. The balance of the Net Settlement Fund (less amounts to be withheld for potential tax liabilities and related fees and expenses) shall be distributed to Authorized Claimants. No distribution will be made on a claim where the potential distribution amount is less than ten dollars ($10.00) in cash.

b) In order to encourage Authorized Claimants to cash their distribution checks promptly, and to avoid or reduce future expenses relating to unpaid distribution checks, all checks should bear the notation, "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER ISSUE DATE." Similarly, all other checks issued in connection with subsequent distributions shall bear the same notation.

c) If any funds remain in the Net Settlement Fund by reason of uncashed distribution checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, any balance remaining in the Net Settlement Fund after at least six (6) months after the initial distribution of such funds will be used in the following fashion: (a) first, to pay any amounts mistakenly omitted from the initial disbursement; (b) second, to pay any additional settlement administration fees, costs, and expenses, including those of Class Counsel as may be approved by the Court; and (c) finally, to make a second distribution to Claimants who cashed their checks from the initial distribution and who would receive at least $10.00, after payment of the estimated costs, expenses, or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. These redistributions shall be repeated, if economically feasible, until the balance remaining in the Net Settlement Fund is *de minimis* and such remaining balance will then be distributed to a non-sectarian, not-for-profit organization identified by Class Counsel. Any organization proposed by Class Counsel to receive the remaining balance in the Net Settlement Fund is subject to Court approval.

d) Authorized Claimants who do not cash their distribution checks within the time allotted will irrevocably forfeit all recovery from the Settlement unless good cause is shown. The funds allocated to all such stale-dated checks will be available for re-distribution to other Authorized Claimants in subsequent distributions, if such distributions are determined to be economically feasible.

e) All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, are released and discharged from any and all claims arising out of such involvement, and all Class Members and other Claimants, whether or not they are to receive payment from the Net Settlement Fund, are barred from making any further claim against the Net Settlement Fund, Co-Lead Plaintiffs, Class Counsel, the Claims Administrator and its agents/employees, the Escrow Agent, or any other agent retained by Co-Lead Plaintiffs or Class Counsel in connection with the administration or taxation of the Settlement Fund or the Net Settlement Fund, or any other person released under the Settlement, beyond the amounts allocated to them pursuant to the terms of this distribution order, provided that such released persons acted in accordance with the Stipulation, the Judgment, and this distribution order.

6. The Court authorizes the Claims Administrator to discard paper and electronic copies of the Proof of Claim forms and supporting documentation in no less than one (1) year after all funds have been distributed.

**IT IS SO ORDERED.**

DATED: __8/14/26

THE HONORABLE SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE